IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., and UNICORN GLOBAL, INC., | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 20-cv-4806 |
| v. | ) ) Judge Steven C. Seeger ) Magistrate Judge Jeffrey Cole |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) **FILED UNDER SEAL** ) ) |
| Defendants. | ) ) |

## SECOND AMENDED COMPLAINT

Plaintiff Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc., ("Unicorn") bring this action against the Defendants identified in attached Schedule A (collectively, "Defendants") and allege as follows:

### NATURE OF ACTION

1. This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2. Plaintiffs have filed this action to combat e-commerce store operators who trade upon Plaintiffs' reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale and use of unauthorized and unlicensed products, namely the hoverboards shown in Exhibit 1, that infringe Plaintiffs' patented designs ("Infringing Products"). Defendants create e-commerce stores operating under one or more seller aliases identified in Schedule A (collectively, "Defendant Internet Stores") that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of

Infringing Products to unknowing consumers. Defendant Internet Stores share unique identifiers establishing a logical relationship between them and Defendants' operations, which arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating one or more Defendant Internet Stores to conceal both their identities and the full scope and interworking of their operation.

3. Plaintiffs are forced to file this action to combat Defendants' infringement of its patented designs, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiffs have been and continue to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented designs as a result of Defendants' actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action under the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. §§ 1331 and 1338(a)-(b).

5. Venue is proper in this Court under 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores, operating under the Defendant Internet Stores. *See* Schedule A. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one of more Defendant Internet Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiffs' patented designs to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois.

## THE PARTIES

6. Plaintiff Chic is a high-tech company that manufactures and licenses hoverboard products for sale in the United States. Chic is supported by Zhejiang University Ministry of Education Computer Aided Product Innovation Design Engineering Center, the Zhejiang University International Design, and Zhejiang Key Laboratory of Service Robot. Chic is located in the Liangzhu University Science and Technology Park, Yuhang District, Hangzhou, China

7. Chic designs, manufactures, and sells hoverboards, among other technologies, which incorporate Plaintiffs' patented design (collectively, "Plaintiffs' Products"). Chic has been assigned approximately 400 granted patents related to technologies associated with the products at issue here, four of which are the subject of this action and listed in Exhibit 2 ("Patents-in-Suit" or "Plaintiffs' Designs"). Plaintiffs' Designs are used to produce Plaintiffs' Products.

8. Plaintiff Unicorn is a corporation organized and existing under the laws of the State of California, having its principle place of business in the City of Industry, California. Unicorn is the exclusive U.S. distributor of Plaintiffs' Products. Unicorn, through its affiliates and licenses, operates websites which promote and sell genuine Plaintiffs' Products, and which feature proprietary content, images and designs exclusive to Plaintiffs.

9. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more Defendant Internet Stores identified in Schedule A and/or other seller aliases not yet known to Plaintiffs. Upon information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with less efficient intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued under Federal Rule of Civil Procedure 17(b).

3

10. On information and belief, Defendants either individually or jointly, operate one or more Defendant Internet Stores listed in Schedule A. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiffs to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identifies, Plaintiffs will take appropriate steps to amend the Complaint.

## FACTUAL ALLEGATIONS

11. Chic has been issued with several U.S. design patents relating to hoverboard products, including but not limited to, the Patents-in-Suit, U.S. Design Patent Nos. D737,723 ("the 'D723 patent"), D738,256 ("the 'D256 patent"), D785,112 ("the 'D112 patent"), and D784,195 ("the 'D195 patent").

12. The Patents-in-Suit claim and illustrate ornamental features of hoverboards.

13. The 'D723 patent and the 'D256 patent are entitled "Self-Balancing Vehicle," and were issued on September 1, 2015 and September 8, 2015, respectively.

14. The following table illustrates the figures in the 'D723 patent.

| Patent Number | Claim | Issue Date |
|---|---|---|
| D737,723 | FIG.1 | September 1, 2015 |

4

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| |  FIG.2 / FIG.3 / FIG.4 / FIG.5 | |

| Patent Number | Claim | Issue Date |
|---|---|---|
| D737,723 | <br>FIG.6<br><br>FIG.7<br><br>FIG.8 | September 1, 2015 |

15.     The following table illustrates the figures in the 'D256 patent.

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| | <br>FIG.1<br>FIG.2<br>FIG.3<br>FIG.4<br>FIG.5 | |

7

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| |  FIG.6 FIG.7 FIG.8 | |

16. Both the 'D195 patent and the 'D112 patent are entitled "Human-Machine Interaction Vehicle," and were issued on April 18, 2017 and April 25, 2017, respectively.

17. The following table illustrates the figures in the 'D112 patent.

8

| Patent Number | Claim | Issue Date |
|---|---|---|
| D785,112 |  | April 25, 2017 |

| Patent Number | Claim | Issue Date |
|---|---|---|
| | FIG.6 | |

18. The following table illustrates the figures in the 'D195 patent.

| Patent Number | Claim | Issue Date |
|---|---|---|
| D784,195 | FIG.1 / FIG.2 / FIG.3 | April 18, 2017 |

10

| Patent Number | Claim | Issue Date |
|---|---|---|
| |  | |

19. Jiawei Ying is the named inventor of the Patents-in-Suit, and he has assigned all rights, title, and interest to the patents to Chic.

20. Chic has licensed enforcement rights for the Patents-in-Suit to Unicorn.

21. Plaintiffs utilize the Patents-in-Suit when designing, manufacturing, and selling Plaintiffs' Products. The Patents-in-Suit have revolutionized ornamental design for hoverboards that have a central support platform.

22. The Patents-in-Suit have streamline shapes that are appealing to United States customers. Specifically, the 'D723 patent and the 'D256 patent have defined the fundamental ornamental configurations of the hoverboard product class. The 'D112 patent features a soft edge between the central support platform and the fenders, and the 'D195 patent features a sharper edge.

23. The Patents-in-Suit are stylish and modern, and are visually pleasing to the consumers in the United States. Plaintiffs' Designs have become enormously popular to consumers of all ages, resulting in the sale of thousands of units in the United States.

24. Plaintiffs have identified numerous e-commerce stores, including Defendant Internet Stores, that offer for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. E-commerce sales, including through stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* Excerpts from Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report at Exhibit 3.

25. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to use untraceably identifiers, such as false names and addresses, when registering with e-commerce platforms. *See* "Combating Trafficking in Counterfeit and Pirated Goods," prepared by the U.S. Dep't of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) at Exhibit 4.

26. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores.

27. Upon information and belief, Defendants have sold and are selling Infringing Products on their e-commerce website, offered and are offering shipping to the United States, including Illinois, and have accepted and are accepting payment in U.S. dollars.

28. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendant Internet Stores often include content and images that make it difficult for consumers to distinguish such stores from an authorized retailer. In addition, Defendant Internet Stores appear sophisticated and accept payment in U.S. dollars via credit cards, Paypal, and/or Amazon Pay, for example.

29. Plaintiffs have not licensed the Patents-in-Suit to the Defendants and none of the Defendants are authorized retailers of genuine Plaintiffs' Products.

30. On information and belief, Defendants have engaged in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading and/or incomplete information to e-commerce platforms.

31. On information and belief, Defendants have anonymously registered and maintained seller aliases to prevent one from learning their true identities and the scope of their e-commerce operation.

32. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing products. Such registration patterns are one of the many tactics used by Defendants to conceal their identities and the interworking of their operations, as well as to avoid being shut down.

33. Despite operating under multiple fictitious aliases, the Defendant Internet Stores often share unique identifiers, such as templates with common design elements with no contact information or other identifying information, keywords, advertising tactics, similarities in prices and quantities, same incorrect grammar and misspellings, and/or use of the same text and imagines.

Case: 1:20-cv-04806 Document #: 37 Filed: 09/10/20 Page 14 of 19 PageID #:1797

34. Infringing Products sold by the Defendant Internet Stores bear similar irregularities and indicia of being unauthorized to one another, suggesting that Defendants are interrelated and that the Infringing Products come from and were manufactured by a common source.

35. On information and belief, Defendants maintain off-shore accounts and regularly move funds from their financial accounts to off-shore bank accounts outside this Court's jurisdiction to avoid payment of any monetary judgment awarded to Plaintiffs.

36. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

37. Defendants, without any authorization or license from Plaintiffs, have jointly and severally, knowingly and willfully made, used, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe Plaintiffs' Designs, irreparably harming Plaintiffs.

## COUNT I
### Design Patent Infringement – Patent No. D737,723
**(35 U.S.C. § 271)**

38. Plaintiffs re-allege and incorporate by reference the allegations provided in the preceding paragraphs.

39. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that directly and/or indirectly infringe Plaintiffs' Designs.

40. Defendants have infringed Plaintiffs' Designs through the alleged acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused

14

Plaintiffs to suffer irreparable harm resulting from the loss of control its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

41. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiffs are entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

## COUNT II
### Design Patent Infringement – Patent No. D738,256
### (35 U.S.C. § 271)

1. Plaintiffs re-allege and incorporate by reference the allegations provided in the preceding paragraphs.

2. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that directly and/or indirectly infringe Plaintiffs' Designs.

3. Defendants have infringed Plaintiffs' Designs through the alleged acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of control its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

4. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiffs are entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

## COUNT III
### Design Patent Infringement – Patent No. D785,112
### (35 U.S.C. § 271)

5. Plaintiffs re-allege and incorporate by reference the allegations provided in the preceding paragraphs.

6. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that directly and/or indirectly infringe Plaintiffs' Designs.

7. Defendants have infringed Plaintiffs' Designs through the alleged acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of control its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

8. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiffs are entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

**COUNT IV**
**Design Patent Infringement – Patent No. D784,195**
**(35 U.S.C. § 271)**

9. Plaintiffs re-allege and incorporate by reference the allegations provided in the preceding paragraphs.

10. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that directly and/or indirectly infringe Plaintiffs' Designs.

11. Defendants have infringed Plaintiffs' Designs through the alleged acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of control its lawful patent rights to

exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

12. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiffs are entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek relief as follows:

13. That Defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with defendants, or on their behalf, be enjoined, in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently, from:

    a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiffs and that include any reproduction, copy or colorable imitation of the design claimed in the Plaintiffs' Designs;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Plaintiffs' Designs; and,

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other devise for the purpose of circumventing or otherwise avoiding the prohibitions set forth in above.

14. Entry of an Order that, upon Plaintiffs' request, those with notice of the injunction, including, without limitation, any only marketplace platforms such as eBay, Amazon, and Walmart

(collectively, "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants associated with the sale of goods that infringe Plaintiffs' Designs;

15. That Defendants deliver for destruction all Infringing Products that infringe on Plaintiffs' Designs.

16. That Plaintiffs be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiffs for infringement of the Plaintiffs' Designs, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of Plaintiffs' Designs;

17. That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of Plaintiffs' Designs, three times Plaintiffs' damages therefrom and three times Defendants' profits therefrom, after an accounting under 35 U.S.C. § 284;

18. That Plaintiffs be awarded its reasonable attorneys' fees and costs; and

19. Award any and all other relief that this Court deems just and proper.

Date: September 10, 2020

Respectfully Submitted,

LOEB & LOEB LLP

By:   /s/ *Adam Kelly*
Adam Kelly
Doug Masters
Arthur Yuan
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Tel.: 312-464-3100
Fax: 312-464-3111
Email: akelly@loeb.com
Email: dmasters@loeb.com
Email: ayaun@loeb.com

Christopher Binns (admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154

Tel.: (212) 407-4000
Fax: (212) 407-4990
Email: cbinns@loeb.com

*Attorneys for Plaintiffs*