**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4806 |
| v. | ) ) | Hon. Steven C. Seeger |
|  | ) | Magistrate Judge Jeffrey Cole |
| CHEAPAANZEE, et al., | ) ) | **FILED UNDER SEAL** |
| Defendants. | ) ) | |

**SEALED TEMPORARY RESTRAINING ORDER**

Plaintiffs Hangzhou Chic Intelligent Technology Co. and Unicorn Global filed an *Ex Parte* Motion for Temporary Restraining Order. This Court has reviewed Plaintiffs' filings, including the summons, the Amended Complaint, the Second Amended Complaint, the accompanying declarations of Jinyuan Lei and Jaiwei Ying and their respective attached exhibits, the *Ex Parte* Motion for Temporary Restraining Order ("TRO"), including the request for a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and Motion for Electronic Service of Process Under Federal Rule of Civil Procedure 4(f)(3) ("Motions") against the e-commerce stores operating under seller aliases identified in Schedule A to the Second Amended Complaint (collectively, "Defendant Internet Stores"). In light of the evidence before it, this Court hereby GRANTS Plaintiffs' Motions as stated in this Order.

The Court finds that, without adversarial presentation, it has personal jurisdiction over Defendants because they directly target their business activities toward consumers in the United States, including Illinois.  Specifically, Plaintiffs have provided some basis to conclude that Defendants may have targeted sales to Illinois residents by operating one or more commercial,

interactive e-commerce stores through which Illinois residents can and have purchased products that infringe on U.S. Patent Nos. D737,723 (the "'D723 patent"), D738,256 (the "'D256 patent"), D784,195 (the "'D195 patent"), D785,112 (the "'D112 patent") (collectively, "Patents-in-Suit").

The Court finds that issuing this Order under Federal Rule of Civil Procedure 65(b)(1) is appropriate, because Plaintiffs have presented specific facts in the accompanying declarations and evidence that demonstrate Plaintiffs will suffer immediate and irreparable injury, loss, or damage if the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* TRO, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts. Proceedings against those who deliberately traffic in infringing merchandise are often ineffective if notice is given to the adverse party. Accordingly, this Court orders that:

1.      Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

      a.      offering for sale, selling, and importing any products not authorized by Plaintiffs and that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit.

      b.      aiding, abetting, contributing to, or otherwise assisting anymore in infringing upon the Patents-in-Suit; and

c.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

2.      PayPal, Inc. ("PayPal"), Amazon Pay, Walmart Marketplace payment partner(s), and Payoneer.com (collectively the "Third Party Payment Providers") that provide payment processing services to Defendants shall, within five (5) business days of receipt of this Order:

a.      locate all accounts and funds connected to Defendants or the Defendant Internet Stores, including, but not limited to, any email addresses and financial accounts connected to the information listed in Schedule A and any email addresses provided for Defendants by third parties; and

b.      restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3.      Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other Defendants' assets until further ordered by this Court.

4.      Plaintiffs shall work cooperatively with any third parties and make reasonable efforts to ease the burdens imposed by their request for expedited discovery.  Upon Plaintiffs' request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendant Internet Stores, including, without limitation, any online marketplace platforms, shall, within ten (10) business days after receipt of such notice, provide Plaintiffs expedited discovery, including copies of documents and records in such person's or entity's possession or control relating to:

a.     the aliases, merchant tokens, identities, seller IDs, and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b.     the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, as well as information about Defendants' sales and listing history related to their respective Defendant Internet Stores;

c.     any other online marketplace accounts registered by Defendants; and any financial accounts owned or controlled by Defendants, including their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, the Third Party Payment Providers, or other merchant account providers, payment providers, third party processors, and credit card associations, such as MasterCard and Visa.

5.     Plaintiffs are authorized to issue expedited written discovery upon Defendants under Federal Rules of Civil Procedure 33, 34, and 36. Plaintiffs are authorized to issue any such expedited discovery requests by e-mail. Defendants shall respond to any discovery requests within ten (10) days of being served by e-mail. The expedited discovery may relate to:

a.     the aliases, merchant tokens, identities, seller IDs, and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting

4

in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and,

b.      the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Internet Stores.

6.      Plaintiffs may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process under Federal Rule of Civil Procedure 4(f)(3), and any future motions by sending an email to any email addresses provided for Defendants by third parties (such as online marketplace platforms, web hosts, internet search engines, or financial providers).  The Court directs the Clerk of Court to issue a single original summons in the name of "CHEAPAANZEE and all other Defendants identified in the Second Amended Complaint" that shall apply to all Defendants.  The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7.      Exhibits 1 and 2 of the Complaint; the Amended Complaint and the Second Amended Complaint and Exhibits 1, 2, 3, 4, and 5; Schedule A attached to the Complaint, the Amended Complaint, and the Second Amended Complaint; Plaintiffs' Motion for entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint,

and Expedited Discovery, and accompanying supporting memorandum, declarations of Jiawei

Ying and Jinyuan Lei, and Plaintiffs' Motion for Electronic Service of Process Under Fed. R.

Civ. P. 4(f)(3), and accompanying supporting memorandum, declaration of Arthur Tan-Chi

Yuan, and accompanying exhibits; Plaintiffs' Notification of Affiliates; and Plaintiffs' Notice of

Claims Involving Patents, and this Order shall remain sealed until further ordered by this Court.

       8.       Plaintiffs shall deposit with the Court ninety-four thousand dollars ($94,000) (that

is, $10,000 per Defendant), either cash or surety bond, as security, which amount was

determined adequate for the payment of such damages as any person may be entitled to recover

as a result of a wrongful restraint hereunder, such bond to be deposited with the Court once in-

person civil case hearings resume.

       9.       Any Defendants that are subject to this Order may appear and move to dissolve or

modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure

and Northern District of Illinois Local Rules.  Any third party impacted by this Order may move

for appropriate relief.

       10.     This TRO without notice is entered at 5:00 p.m. on September 22, 2020, and shall

remain in effect for fourteen (14) days.


Date:   September 22, 2020

                                  Steven C. Seeger
                                  United States District Judge