IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| ABC CORPORATION I, ABC CORPORATION II, | |
| Plaintiffs, | Case No. 20-cv-4806 |
| v. | Hon. Steven C. Seeger |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**MOTION TO STAY THE *EX PARTE*
TEMPORARY RESTRAINING ORDER AS TO EBAY**

On October 5, 2020, with no prior notice or any opportunity to be heard, Plaintiffs ABC Corporation I and ABC Corporation II[1] ("Plaintiffs") demanded that eBay Inc. ("eBay"), a third party to the lawsuit, respond within five business days to broad and burdensome discovery requests seeking information about 65 sellers on eBay's Marketplace (the "eBay Sellers"). (*See* Declaration of Paul J. Rogerson ("Rogerson Decl."), Exs. 1–4 (Oct. 5, 2020 Ltr.).) The sellers range from small "mom-and-pop" stores to large retailers and nearly all have brick-and-mortar or other physical locations in the United States. eBay almost certainly will not be the only one who is surprised to learn of Plaintiffs' demands. None of the sellers know about Plaintiffs' lawsuit or their discovery demands to eBay seeking the sellers' sales and financial information because

---

[1] eBay notes that out of an abundance of caution, and an effort to ensure compliance with the applicable sealing orders, eBay has not listed Plaintiffs' true names in the caption of this filing, although the names are listed in a publicly-available document filed by Plaintiffs at Dkt. 40.

Plaintiffs' demands to eBay arise from a sealed temporary restraining order (the "TRO") entered in a case where the operative Complaint, all materials supporting the requested TRO, and the TRO itself remain sealed. Plaintiffs also demanded that eBay tell the sellers nothing about the discovery requests or the lawsuit. Not only are Plaintiffs' demands unreasonable, overbroad, unduly burdensome, and likely to cause harm to eBay, but the procedures employed by Plaintiffs, which appear based on unsubstantiated, blanket allegations and take advantage of this Court's *ex parte* and sealing procedures without justification, raise considerable concerns.

Plaintiffs' strategic decision to move *ex parte* and to file essentially all materials under seal is so problematic that in a concurrent filing, eBay is also moving to dissolve the TRO as applied to eBay. An *ex parte* TRO is an extraordinary remedy that may be issued only if the movant comes forward with "specific facts" that "clearly show" that "immediate and irreparable injury, loss, or damage will result" if the adverse parties are given notice and an opportunity to be heard before the order issues. Fed. R. Civ. P. 65(b)(1)(A). As explained in detail in eBay's concurrent filing, the facts of this case fall well short of that demanding standard.

Plaintiffs almost certainly knew that they would be making discovery and related demands on eBay. And Plaintiffs could have, and should have, learned facts that cast doubt on the need for an *ex parte* TRO as to the eBay Sellers with little research. Rather than conduct a reasonable investigation so that they could proceed in a targeted manner or provide eBay with notice and an opportunity to be heard, Plaintiffs moved *ex parte* under seal, indiscriminately targeting the eBay Marketplace without regard to the fact that the TRO as entered would cause irreparable (and disproportionate) injury to eBay, at least through the impact on the eBay Sellers. Plaintiffs have offered no credible reason why they did not give eBay notice nor have they demonstrated any harm they would have suffered if they had done so. Moreover, as explained in

eBay's concurrent filing, Plaintiffs also failed to make the required showing of a likelihood of success in this design-patent infringement case, and at least the public record certainly contains no merits-based showing sufficient to justify this drastic remedy in a patent case.

Given eBay's concurrent motion to dissolve the TRO as to eBay, eBay respectfully moves to stay any obligations imposed by the TRO on eBay until the motion to dissolve is resolved. In addition to the substantial question about the validity of the TRO that, if resolved in eBay's favor, will obviate the basis for the discovery that Plaintiffs request, a stay of the order is appropriate for two further reasons. First, eBay, as an intended, directly affected target of the order, has the right to be heard on the merits of the TRO *before* the TRO goes into effect. Plaintiffs have not made the showing necessary to deprive eBay of that right. Second, the needs of the case do not justify the extremely-expedited discovery schedule authorized by the TRO. Indeed, Plaintiffs have sought to push that already-rapid schedule even further—in their letter to eBay, Plaintiffs overstate how soon the TRO requires a response, and ask for substantial discovery that they cannot need on an expedited schedule. Had eBay been provided notice, any TRO could have been crafted in a manner that properly limits the impact on third parties, such as eBay, to information that Plaintiffs legitimately need at this stage.

eBay respectfully petitions the court to ensure that eBay's due process concerns be appropriately addressed to ensure that intellectual property rights holders conduct the necessary due diligence and investigation and proceed in a targeted and good faith manner before making extraordinary demands on eBay. Further, eBay seeks the court's intervention in this regard to prevent eBay from being used inappropriately as leverage to coerce legitimate participants in eBay's Marketplace into hurried settlements—especially in putative patent cases where the issues of validity and infringement remain untested.

**I.      eBay Should Not be Required to Comply with the Obligations Imposed by the TRO Until it has had an Opportunity to be Heard on the Merits of the TRO.**

eBay has a fundamental right to be notified and given an opportunity to be heard on the merits *before* an injunction issues that will be wielded against eBay in these circumstances. "For more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (quotation marks omitted). For this reason, a person (and certainly a person who is not a party to the case) generally cannot be bound by an injunction if "he has not had his day in court *with respect to the validity of the injunction.*" *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29, 37 (1st Cir. 1980) (emphasis in original).

The Federal Rules authorize a court to deprive eBay of this fundamental right only in rare, "extremely limited" circumstances. *American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). Federal Rule of Civil Procedure 65 provides that a court may issue an *ex parte* temporary restraining order if, and only if, the movant comes forward with "specific facts" that "clearly show" that "immediate and irreparable injury, loss, or damage will result" unless the injunction is issued without notice. Fed. R. Civ. P. 65(b)(1)(A). Traditionally, courts have found that these demanding requirements are satisfied only in rare cases: "where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" or in the "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *American Can*, 742 F.2d at 322. "The stringent restrictions imposed by . . . Rule 65[] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before

4

reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974).

The Plaintiffs have not made the necessary showing in this case. Indeed, as far as the portions of the record to which eBay has access reveal, Plaintiffs have not presented *any* evidence that providing advance notice of the TRO to eBay would have resulted in an immediate and irreparable injury to Plaintiffs. Instead, Plaintiffs appear to have limited their argument to the contention that providing advance notice of the TRO to *the Defendants* would have resulted in an immediate and irreparable injury. But Plaintiffs did not ask for a TRO that affects only the Defendants—on the contrary, Plaintiffs asked for a TRO that they assert imposes legal obligations on a large number of third parties, including eBay, and potentially exposes eBay to contempt proceedings if it does not comply. (Rogerson Decl. Exs. 1–4 (Oct. 5, 2020 Ltr.).) At the very least, the TRO requires certain third parties to provide burdensome discovery within approximately two weeks of Plaintiffs' demand. (Rogerson Decl. Ex. 2 at 3–4.) The TRO also imposes certain other obligations on another set of third parties, among them the obligation to effectively freeze Defendants' accounts on Plaintiffs' demand, without clarifying the parties who are bound by these obligations, leaving uncertain eBay's legal obligations under the TRO and thereby exposing eBay to risk of additional legal proceedings. (Rogerson Decl. Ex. 2 at 2–3.) As the TRO seeks to impose obligations on eBay, not merely on the Defendants, the Plaintiffs have not made a showing that justifies depriving eBay of its fundamental right to be heard on the merits of this order *before* it goes into effect.

Further, at least as it pertains to the instant design patent infringement allegations, it is far from clear that Plaintiffs had any realistic prospect of making such a showing. eBay is a major corporation with a publicly-available address inside the United States whose identity is known to

Plaintiffs. And there is no basis to believe that providing advance notice of the TRO to eBay would have "render[ed] fruitless the further prosecution of the action." *American Can*, 742 F.2d at 322. At *most*, the circumstances of this case could have justified a limited *ex parte* order requiring eBay to refrain from notifying Defendants of this action while the substance and scope of the TRO was under consideration, during which period eBay would have had the opportunity to be heard on the merits. Instead, as things stand now, eBay stands potentially exposed to contempt proceedings in a handful of business days if it does not comply with burdensome discovery demands said to be authorized by a court order whose validity eBay has never had the opportunity to contest, although the record discloses no showing, much less a "clear" showing, that eBay could not have been given the opportunity.

Notably, in similar circumstances, a TRO against an alleged online intellectual property infringer was vacated because it had been obtained on the basis of an incorrect representations. *See Weifang Tengyi Jewelry Trading Co., Ltd. v. Intuii LLC*, No. 18-cv-4651, Dkt. 44 (N.D. Ill. Aug. 17, 2018) (vacating TRO as to alleged trademark infringer that was "obtained under incorrect pretenses," among them plaintiff's representation that defendant was a foreign internet business, when in fact defendant was based in California). The basis for the TRO in this case appears similarly flawed. Further, freezing all funds maintained by an accused infringer represents a disproportionate burden that eBay should not be forced to impose on its Marketplace users, at least while its motion directed to the TRO is pending. See, *E-Link Tech. Co., Ltd. v. Shenzen Uni-Sun Elec. Co., Ltd.*, No. 20-cv-00247, Dkt. 36 at 6 (N.D. Ill. May 14, 2020) ("restraining all funds received by the Amazon accounts, in light of the relatively small proportion due to the allegedly infringing sales, is disproportionately onerous").

As eBay explains in its concurrently-filed motion to dissolve the TRO, this Rule 65 issue alone requires the dissolution of the TRO as to eBay. However, at the very least, the Court should stay eBay's obligations under the TRO until the resolution of eBay's motion to dissolve the TRO.

## II. The Extremely-Expedited Discovery Authorized by the TRO and Demanded by Plaintiffs Imposes Burdens on eBay Not Justified by the Needs of the Case.

Separately, the Court should issue a protective order pursuant to Rule 26 staying the discovery obligations imposed by the TRO until eBay's motion to dissolve the TRO is resolved. Rule 26 authorizes a court to issue a protective order forbidding or limiting discovery for "good cause" in order to protect a person from "undue burden or expense." Fed. R. Civ. P. 26(c)(1). District courts within the Seventh Circuit typically evaluate the propriety of a request for expedited discovery based "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (citation omitted). "In applying the 'reasonableness' standard, factors a Court may consider include '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* And, even in cases where expedited discovery is permitted, it is "frequently limited to allowing plaintiffs to identify Doe defendants." *Profil Institut Fur Stoffwechselforschung GmbH v. Profil Inst. for Clinical Research*, No. 16-cv-2762, 2016 WL 7325466, at *2 (S.D. Cal. Dec. 16, 2016).

Here, Plaintiffs have demanded that eBay produce a substantial volume of discovery—all documents in its possession concerning dozens of separate parties—on an extraordinarily-expedited schedule, within five business days of receiving the demand. (Rogerson Decl. Exs. 1,

7

4.) This request is an "undue burden or expense" that is not reasonable in light of all the circumstances, for at least two reasons.

*First*, the super-expedited schedule is not justified by the needs of the case. Indeed, Plaintiffs' demand that eBay respond within five days is not even justified by the TRO, which provides more time to respond. (Rogerson Decl. Ex. 2 at 3.) But even the schedule imposed by the TRO is faster than the case requires. For the reasons explained in eBay's concurrently-filed motion to dissolve the TRO, there is little risk that further delay will cause irreparable injury to Plaintiffs. The Court can and should stay the discovery at least until eBay's motion to dissolve the TRO is resolved.

*Second*, the burden from the super-expedited schedule is compounded by the fact that, contrary to the Court's instruction that Plaintiffs should not impose needless discovery burdens on third parties, Plaintiffs have demanded that eBay produce a substantial volume of documents that Plaintiffs cannot possibly need on a super-expedited schedule. (Rogerson Decl. Ex. 2 at 3; Ex. 4 at 3–4.) For example, in addition to the untargeted demand that eBay produce all documents relating to each one of dozens of separate parties, Plaintiffs have demanded that eBay produce complaints and reviews concerning these parties' products, all communications eBay has ever had with these parties, and all documents relating to the intellectual property rights of the parties. (Rogerson Decl. Ex. 4 at 3–4.) Plaintiffs do not need any of these documents in the next few days. *See Profil*, 2016 WL 7325466, at *2 (noting that expedited discovery is often confined to the information necessary to identify defendants.)

For these reasons, pursuant to Rule 26(c), the Court should stay eBay's discovery obligations under the TRO until the resolution of its motion to dissolve the TRO.

8

## III. Conclusion.

There is a substantial question about the validity of the TRO. There is no reason eBay could not have been given prior notice. And Plaintiffs have made burdensome discovery demands that go well beyond the needs of the case. The Court should grant eBay's motion to stay its obligations pursuant to the TRO until eBay has had the opportunity to be heard on the merits of the TRO.

Dated: October 16, 2020

Respectfully submitted,

*/s/ Richard A. Cederoth*

Richard A. Cederoth
Paul J. Rogerson (*pro hac vice pending*)
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
rcederoth@sidley.com
progerson@sidley.com

*Counsel for eBay Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system this 16th of October, 2020, and that a Notice of Electronic Filing was served on all counsel of record by the CM/ECF system.

Dated: October 16, 2020

   /s/   Richard A. Cederoth
Richard A. Cederoth
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
rcederoth@sidley.com

*Counsel for eBay Inc.*