# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) |
| Plaintiffs, | ) Case No. 20-cv-4806 ) |
| v. | ) Judge Thomas M. Durkin ) Magistrate Judge Jeffrey Cole |
| CHEAPAANZEE, et al., | ) ) **FILED UNDER SEAL** |
| Defendants. | ) ) |

## **PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiffs Hangzhou Chic Intelligent Technology Co. ("Chic") and Unicorn Global Inc. ("Unicorn") (collectively, "Plaintiffs") Motion of Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiffs' Motion for Entry of a Preliminary Injunction in its entirety against Defendants who operate e-commerce stores under one or more seller aliases identified in the attached Schedule A, Schedule B, and Schedule C (collectively, "Defendant Internet Stores").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois. Venue is also appropriate under 28 U.S.C. § 1391(c). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, provide confirmation emails identifying the consumers' addresses, including Illinois addresses, and have sold products that directly and/or indirectly infringe on Plaintiffs' United States design patents ("Patents-in-Suit") as shown in the chart below to residents of Illinois.

The following table illustrates the figures in the D737,723 patent ("the 'D723 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D737,723 | <br>FIG.1<br>FIG.2<br>FIG.3<br>FIG.4 | September 1, 2015 |

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| | FIG.5<br><br>FIG.6<br><br>FIG.7<br><br>FIG.8 | |

The following table illustrates the figures in the D738,256 ("the 'D256 patent").

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| | FIG.1<br>FIG.2<br>FIG.3<br>FIG.4<br>FIG.5 | |

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| | FIG.6<br><br>FIG.7<br><br>FIG.8 | |

The following table illustrates the figures in the D785,112 ("the 'D112 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D785,112 | FIG.1, FIG.2, FIG.3, FIG.4, FIG.5 | April 25, 2017 |

| Patent Number | Claim | Issue Date |
|---|---|---|
| | <br>FIG.6 | |

The following table illustrates the figures in the D784,195 ("the 'D195 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D784,195 | <br>FIG.1<br><br>FIG.2<br><br>FIG.3 | April 18, 2017 |

| Patent Number | Claim | Issue Date |
|---|---|---|
| |  | |

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiffs' previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiffs have demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiffs will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiffs have proved a *prima facie* case of design patent infringement because (1) Plaintiffs are the lawful assignee of all rights, title

and interest in and to the Patents-in-Suit, (2) Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that directly and/or indirectly infringe the Patents-in-Suit, and (3) an ordinary observed would be deceived into thinking the products sold on Defendant Internet Stores ("Infringing Products") are the same as the products manufactured and sold by Plaintiffs that utilize the Patents-in-Suit ("Plaintiffs' Products"). Furthermore, Defendants' continued and unauthorized use of the Patents-in-Suit irreparably harms Plaintiffs through loss of customer goodwill, reputational harm, and Plaintiffs ability to exploit the Patents-in-Suit. Monetary damages fail to address such damage and, therefore, Plaintiffs have an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiffs and that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit;

    b. aiding, abetting, contributing to, or otherwise assisting anymore in infringing upon the Patents-in-Suit; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

2. PayPal, Inc. ("PayPal"), Amazon Pay, Walmart Marketplace payment partner(s), Payoneer.com, (collectively the "Third Party Payment Providers") that provide payment processing services to Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Defendant Internet Stores or other online marketplace accounts operated by Defendants, including, without limitation, any online marketplace platforms such as eBay, Amazon.com, and Walmart, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers"), shall, within ten (10) business days of receipt of this Order, provide to Plaintiffs expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendant Internet Stores and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Internet Stores; and

    c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions including, without

limitation, PayPal, Amazon Pay, and other merchant account providers, payment providers, third party processors, and credit card association (*i.e.,* MasterCard and VISA).

      3.      Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other Defendants' assets until further ordered by this court. Except that this paragraph shall not apply to any defendant in Schedule B for whom Plaintiffs receive official registration documents filed with any state's Secretary of State (or analogous business registration agency), showing that such defendant is actively registered or based in a U.S. state but outside of the Northern District of Illinois. If Plaintiff had requested that any person restrain the transfer and disposition of any such defendant's assets prior to Plaintiffs' receipt of such documentation, within 10 days of receipt of such documentation Plaintiffs will instruct such person to remove the restraint.

      4.      Upon Plaintiffs' request, those with notice of the injunction, including the Third Party Payment Providers and Third Party Providers as defined in Paragraph 2, shall within five (5) days after receipt of such notice shall:

      a.      disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patents-in-Suit;

      b.      disable and cease displaying any advertisements or listings used by or associated with Defendants in connection with the sale of infringing goods using Patents-in-Suit; and

      c.      take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A, Schedule B, and Schedule C from displaying in search results, including, but not limited to, removing links to the defendant Internet Stores from any search index.

5. Upon Plaintiffs' request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendant Internet Stores, including, without limitation, any online marketplace platforms such as shall, within ten (10) business days after receipt of such notice, provide Plaintiffs expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the aliases, merchant tokens, identities, seller IDs, and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Internet Stores;

    c. any other online marketplace accounts registered by Defendants; and

    d. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, the Third Party Payment Providers, or other merchant account providers, payment providers, third party processors, and credit card associations, such as MasterCard and Visa.

6. Plaintiffs are authorized to issue expedited written discovery under Federal Rules of Civil Procedure 33, 34, and 36 related to:

    a. the aliases, merchant tokens, identities, seller IDs, and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and,

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Internet Stores.

    c. Plaintiffs are authorized to issue any such expedited discovery requests by e-mail. Defendants shall respond to any discovery requests within ten (10) days of being served by e-mail.

  7. Plaintiffs may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process under Federal Rule of Civil Procedure 4(f)(3), and any future motions by sending an email to any email addresses provided for Defendants by the Third Party Providers. The Clerk of the Court is directed to issue a single original summons in the name of "CHEAPAANZEE and all other Defendants identified in the Second Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. The Complaint, Amended Complaint, Second Amended Complaint, Third Amended Complaint, and Exhibits 1, 2, 3, 4, and 5 to the aforementioned documents; Schedule A attached to the Complaint, Amended Complaint, and Second Amended Complaint; Schedule A, Schedule B, and Schedule C attached to the Second Amended Complaint; Plaintiffs' Motion for entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and accompanying supporting memorandum, declarations of Jiawei Ying and Jinyuan Lei, and Plaintiffs' Motion for Electronic Service of Process Under Fed. R. Civ. P. 4(f)(3), and accompanying supporting memorandum, declaration of Arthur Tan-Chi Yuan, and accompanying exhibits; Plaintiffs' Notification of Affiliates; and Plaintiffs' Notice of Claims Involving Patents, and the TRO are unsealed.

9. Plaintiffs shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder, such bond to be deposited with the Court once in-person civil case hearings resume.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to the Plaintiffs or shorter notice as set by this Court.

DATED: November 24, 2020

_Thomas M Durkin_
_____
Thomas M. Durkin
United States District Judge