UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., and UNICORN GLOBAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 1:20-cv-04806 <br><br> Hon. Thomas M. Durkin |

**DECLARATION OF STEPHEN Z. VEGH IN SUPPORT OF MOVING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD-AMENDED COMPLAINT WITH PREJUDICE**

I, Stephen Z. Vegh, declare as follows:

1. I am an attorney duly admitted to practice law in the State of California. I am the owner of the law firm Vegh IP Legal, attorney of record for Dongguan Saibotan Nengyuan Keji Co., Ltd., doing business under Amazon Seller ID "GYROOR US" (hereinafter referred to as "Moving Defendant"). I have recently been admitted *pro hac vice* in this matter before the United States District Court for the Northern District of Illinois, Eastern division. I have personal knowledge of the facts stated herein and if called upon as a witness, I could and would competently testify to the below facts which are personally known to me.

2. On or about December 11, 2020, I spoke with Plaintiffs' counsel Christopher Binns about this matter. I advised him that it was my client's position that Plaintiffs needed to effectuate service of process on Moving Defendant in compliance with the Hague Service Convention. I then asked Mr. Binns to identify specifically what,

{00201534} 1

if any, investigation or other effort Plaintiff or their counsel had taken to determine whether or not the address for my client on its "GYROOR US" Amazon storefront was correct or not. I advised Mr. Binns that address was my client's address in China. Mr. Binns responded that Plaintiffs were authorized by the Court to effectuate service by email and electronic publication. I asked Mr. Binns again what Plaintiffs or their counsel had done to verify in some form whether the address provided on the "GYROOR US" Amazon store was correct, or what if any investigation had been conducted specifically about Moving Defendant's address. Mr. Binns parroted the same response as before. I responded to Mr. Binns that in view of his refusal to answer my question, Moving Defendant would be left with no choice but to file a Motion to Dismiss Plaintiffs' Complaint against Moving Defendant with prejudice for failing to comply with the Hague Service Convention. Mr. Binns then acknowledged my comment and the conversation ended.

3. Attached hereto as Exhibit "A" is a true and correct copy of a December 30, 2020 email from Plaintiffs' counsel Christopher Binns sent to ctd2020@outlook.com advising the recipient "[w]e represent the Plaintiffs in the above-referenced action. Per the attached Preliminary Injunction Order, please find attached the Third Amended Complaint, the Preliminary Injunction Order, and Plaintiffs' expedited discovery requests." The second page of Exhibit A shows what documents Mr. Binns enclosed in the email, namely copies of the Third Amended Complaint and in part Exs. 1-4 thereto, Schedule A to the Third Amended Complaint, the December 23, 2020 Modified Preliminary Injunction Order, as well as Requests for Expedited Discovery. The documents enclosed by Mr. Chen were not translated into Chinese, nor do they include a copy of the Court-ordered "CHEAPAANZEE" Summons required by the December 23, 2020 Modified Preliminary Injunction Order.

4. Attached hereto as Exhibit "B" is a true and correct copy of an email exchange between myself and Mr. Binns on or about December 28. Mr. Binns inquired

whether I would "[accept] services on behalf of [my] clients." I responded, "No Christopher, as we discussed previously, it is my client's position that Plaintiff must comply with the Hague Service Convention."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based upon my personal knowledge. Executed this 15th day of January, 2021, in Redondo Beach, California.


                                                By: /s/Stephen Z. Vegh
                                                       Stephen Z. Vegh

# EXHIBIT A

# EXHIBIT A

发件人: Christopher Binns <cbinns@loeb.com>
发送时间: 2020年12月29日 10:13
收件人: ctd2020@outlook.com <ctd2020@outlook.com>
主题: Hangzhou Chic et al v. P'ships (GYROOR US), 20-cv-4806

To Whom It May Concern:

We represent the Plaintiffs in the above-referenced action. Per the attached Preliminary Injunction Order, please find attached the Third Amended Complaint, the Preliminary Injunction Order, and Plaintiffs' expedited discovery requests.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Christopher Binns

**Christopher Binns**
*Attorney At Law*


LOEB & LOEB LLP

345 Park Avenue | New York, NY 10154
Direct Dial: 212.407.4213 | Fax: 646.349.1805 | E-mail: cbinns@loeb.com
Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong | www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

----- End forwarded message -----
Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

```
------------------------------
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files
or previous e-mail messages attached to it may contain confidential
information that is legally privileged. If you are not the intended
recipient, or a person responsible for delivering it to the intended
recipient, you are hereby notified that any disclosure, copying,
distribution or use of any of the information contained in or attached to
this transmission is STRICTLY PROHIBITED. If you have received this
transmission in error, please immediately notify the sender. Please destroy
the original transmission and its attachments without reading or saving in
any manner. Thank you, Loeb & Loeb LLP.
------------------------------
```



- 01 - FUS - Third Amended Complaint.pdf (1.3 MB)
- 14 - FUS - Exhibit 2.pdf (879 KB)
- 18 - Exhibit 3.pdf (1.3 MB)
- 19 - Exhibit 4.pdf (964 KB)
- 20cv4806 dkt 147.pdf (1.3 MB)
- FUS - Schedule A.pdf (24 KB)
- Exhibit 1 Part 7 FILED UNDER SEAL.pdf (1.6 MB)
- Expedited Discovery Requests (Defendant-Sch A).pdf (210 KB)

# EXHIBIT B

# EXHIBIT B

Understood. Thank you for letting me know.

**From:** Stephen Vegh <svegh@veghlaw.com>
**Sent:** Monday, December 28, 2020 3:00 PM
**To:** Christopher Binns <cbinns@loeb.com>
**Subject:** Re: Hangzhou Chic v. P'ships, Dkt. No. 20-CV-4806

No Christoper, as we discussed previously, it is my client's position that Plaintiff must comply with the Hague Service Convention.

Quoting Christopher Binns <cbinns@loeb.com>:

> Hello Stephen:
>
> Please advise whether you are accepting service on behalf of your clients.
>
> Thank you,
> Cb
>
> **From:** Christopher Binns
> **Sent:** Friday, December 11, 2020 1:48 PM
> **To:** 'Stephen Vegh' <svegh@veghlaw.com>
> **Cc:** Adam Kelly <akelly@loeb.com>
> **Subject:** RE: Hangzhou Chic v. P'ships, Dkt. No. 20-CV-4806
>
> Will do.