IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 20-cv-4806 |
| v. ) ) | Judge Thomas M. Durkin |
| ) | Magistrate Judge Jeffrey Cole |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, ) ) ) ) | |
| Defendants. ) ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS GYROOR US, TOMOLOO DX, TOMOLOO TC, AND TOMOLOO FLAGSHIP'S MOTION TO <u>DISMISS THE THIRD AMENDED COMPLAINT WITH PREJUDICE</u>**


**LOEB & LOEB LLP**
Adam Kelly
Doug Masters
Arthur Yuan
Neil Nandi
321 North Clark Street
Chicago, IL 60654
(312) 464-3100

Christopher G. Binns
(admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
(212) 407-4000

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

I.    THE COURT PROPERLY EXERCISED ITS DISCRETION IN ORDERING ELECTRONIC SERVICE AND PLAINTIFFS COMPLIED WITH THAT ORDER ................................................................................................................... 3

    A.    Electronic Service Is Permitted Under Rule 4 ........................................................ 3

    B.    Moving Defendants Failed To Establish That Electronic Service is Improper in This Case .................................................................................................... 5

        1.    Attempting Service Under the Hague Convention is Not Mandatory Under These Circumstances ................................................................. 5

        2.    Electronic Service was Proper, Even If Defendants' Physical Addresses Were Purportedly Available ........................................................ 6

        3.    Even If the Hague Convention Applies, The Purported Available Addresses for Moving Defendants Were Unreliable .................................. 8

        4.    The Hague Convention Does Not Prohibit Electronic Service .................... 9

        5.    Electronic Service Satisfies Due Process Requirements ........................... 11

    C.    Alternatively, Plaintiffs Should Be Permitted to Serve Moving Defendants by Serving Their U.S. Counsel .............................................................. 12

CONCLUSION ................................................................................................................... 13

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Advanced Access Content System Licensing Administrator, LLC v. Shen*,
2018 U.S. Dist. LEXIS 169603 (S.D.N.Y. Sep. 30, 2018) ...................................................... 8

*Agha v. Jacobs*,
2008 U.S. Dist. LEXIS 109326 (N.D. Cal. May 13, 2008) .................................................... 10

*Brown v. China Integrated Energy, Inc.*,
285 F.R.D. 560 (C.D. Cal. 2012) ............................................................................................ 12

*CFTC v. Caniff*,
2020 U.S. Dist. LEXIS 33416 (N.D. Ill. Feb. 27, 2020) ......................................................... 5

*Compass Bank v. Katz*,
287 F.R.D. 392 (S.D. Tex. 2012) ........................................................................................... 10

*Elobied v. Baylock*,
299 F.R.D. 105 (E.D. Pa. 2014) ............................................................................................. 10

*Gianni Versace, S.P.A. v. Yong Peng, et al.*,
No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ............................................................................ 4, 5

*Huawei Techs. USA, Inc. v. Oliveira*,
No. 4:19-cv-229-ALMKPJ, 2019 U.S. Dist. LEXIS 120533, 2019 WL 3253674 (E.D. Tex. July 19, 2019) ...................................................................................................................... 12

*Keck v. Alibaba.com, Inc.*,
2018 U.S. Dist. LEXIS 128396, 2018 WL 3632160 (N.D. Cal. July 31, 2018) ..................... 9

*Luxottica Group S.p.A. v. Partnerships, et al.*,
391 F. Supp. 3d 816 (N.D. Ill. 2019) ................................................................................ 7, 10

*Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*,
2008 U.S. Dist. LEXIS 97241 (N.D. Ill. Dec. 1, 2008) ......................................................... 10

*Monco v. Zoltek Corp.*,
2018 U.S. Dist. LEXIS 111967 (N.D. Ill. Apr. 24, 2018) ....................................................... 5

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ................................................................................................................. 3

*Nanya Tech. Corp. v. Fujitsu, Ltd.*,
2007 U.S. Dist. LEXIS 5754 (D. Guam Jan. 25, 2007) ........................................................ 10

*Nat'l Ass'n of Home Builders v. Defendants of Wildlife*,
  551 U.S. 644 (2007)..................................................................................................9

*Nuance Communs. Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010).............................................................................4, 5

*Rio Props., Inc. v. Rio Intern. Interlink*,
  284 F.3d 1007 (9th Cir. 2002) .......................................................................3, 4, 5, 6

*Spin Master Ltd., et al. v. California Pineapple Toy Store, et al.*,
  No. 20-cv-00628 (N.D. Ill. Mar. 5, 2020)..................................................................7

*Strabala v. Zhang*,
  318 F.R.D. 81 (N.D. Ill. 2016) (Durkin, J) ....................................................... passim

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
  312 F.R.D..............................................................................................................9, 11

*Unicorn Global, Inc. et al. v. E-link Technology Co., Ltd. et al.*,
  No. 20-cv-4127 (JJT) (N.D. Ill.) ...............................................................................11

*Victaulic Co. v. Allied Rubber & Gasket Co.*,
  2020 U.S. Dist. LEXIS 82150 (S.D. Cal. May 8, 2020).........................................6, 9

*Volkswagen Group of America, Inc. v. 5starautoparts2015, et al.*,
  No. 19-cv-7978 (N.D. Ill. March 31, 2020)................................................................5

*Volkswagen Group of America, Inc. v. Brandcar Store, et al.*,
  No. 20-cv-3131 (N.D. Ill Sept. 14, 2020) (Durkin, J.)............................................3, 4

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988)...................................................................................................5

*Water Splash, Inc. v. Menon*,
  137 S. Ct. 1504 (2017)...............................................................................................5

*Zhang v. Baidu.com Inc.*,
  293 F.R.D. 508 (S.D.N.Y. 2013) .............................................................................12

**Other Authorities**

Federal Rule of Civil Procedure 4(f) ...............................................................................3, 4

Federal Rule of Civil Procedure 4(f)(1).....................................................................3, 4, 5, 9

Federal Rule of Civil Procedure 4(f)(3).................................................................... passim

Federal Rule of Civil Procedure 4(h)(2) ..............................................................................3

Plaintiffs Hangzhou Chic Intelligent Technology Co. ("Chic") and Unicorn Global, Inc. ("Unicorn") (collectively, "Plaintiffs") submit this Memorandum of Law in opposition to Defendants Tomoloo DX, Tomoloo TC, Tomoloo Flagship (collectively, "Tomoloo Defendants"), and Defendant Gyroor US' ("Gyroor") (Gyroor and Tomoloo Defendants collectively referred to as "Moving Defendants") Motion to Dismiss the Third Amended Complaint with Prejudice.

## INTRODUCTION

The Motion presents two questions for the Court: (1) whether the Court properly exercised its discretion in permitting electronic service under Rule 4(f)(3); and, (2) if so, whether Plaintiffs properly complied with the Court's order. The answers are both affirmative under this Court's recent precedent in *Volkswagen Group of America, Inc. v. Brandcar Store, et al.*, No. 20-cv-3131, (N.D. Ill Sept. 14, 2020) (Durkin, J.)[1] and *Strabala v. Zhang*, 318 F.R.D. 81, 114-118 (N.D. Ill. 2016) (Durkin, J). Following *Volkswagen* and *Strabala*, the Court properly permitted service by email and publication under the current circumstances, and Plaintiffs properly served Moving Defendants after receiving the requisite information from third-parties under the Court's order.

As to the first question, in moving to permit service by electronic means, Plaintiffs explained to the Court that Defendants are foreign entities that operate internet-based stores that sell infringing products, and that Defendants do so in an abusive manner which abuses the transparency afforded by the United States judicial system. *See* Third Am. Compl. ¶¶ 13, 38-40. Plaintiffs also presented evidence to show that when Defendants are made aware of an action relating to the infringing products, Defendants move assets and change hosting platforms, engaging in what Plaintiffs have described as a virtual game of Whack-o-Mole. *See id.* Indeed, Plaintiffs later submitted evidence to this Court that Moving Defendants actually engaged in the

---

[1] A copy of this decision is attached to the Declaration of Christopher Binns, dated March 3, 2021 ("Binns Declaration"), which is attached to this memorandum of law as Exhibit B.

exact type of nefarious activity alleged in the Third Amended Complaint. *See* Dkt. No. 107, and Exhibit A (Declaration of Arthur T. Yuan) (explaining that after issuance of the TRO, stores believe to be associated with the Moving Defendants switched from one e-commerce platform to another).[2] Thus, Plaintiffs presented sufficient evidence to the Court that electronic service was required, in part, to prevent Plaintiffs from suffering irreparable harm through Moving Defendants' evasive tactics. The Court agreed and properly permitted service by publication and by email. *See* Dkt. Nos. 42, 113, 147; *see also Volkswagen*, 20-cv-3131, at 4.

As to the second question, shortly after entry of the Preliminary Injunction Order, dated November 24, 2020, Plaintiffs published the PI and the Third Amended Complaint on a dedicated website.[3] *See* Binns Decl. ¶ 3. Following a hearing on December 23, 2020, the Court issued a modified Preliminary Injunction Order that was uploaded to the dedicated webpage on the same day. *Id.* ¶ 4. After receiving email addresses from third-party e-commerce platforms, Plaintiffs thereafter served on Moving Defendants by email the Summons, Third Amended Complaint, and PI. *See* Dkt. Nos. 149, 150, 168. Accordingly, Plaintiffs complied with the Court's directives by both publishing the required documents on a dedicated webpage—which remains active—and by emailing these same documents to the email addresses provided to Plaintiffs. *Volkswagen*, 20-cv-3131, at 2.

The Parties do not dispute that electronic service is permitted under Rule 4. Rather, Moving Defendants argue that service must be effectuated through the Hague Convention. But that argument is simply an attempt to use the Hague Convention as a shield for their respective

---

[2] Plaintiffs are in the process of attempting to resolve its dispute with six stores listed in the Yuan Declaration who are or were selling infringing products on eBay.com: carrie_yux-5, mijia_store, pauta60, smg-store, strongjennie, and 2013tankstrong001. Counsel for these defendants confirmed that Gyroor was the supplier of the infringing products. Binns Decl. ¶ 6.
[3] https://www.loeb.com/en/general/20-cv-4806.

infringing activities. Indeed, Moving Defendants do not—because they cannot—argue that they are somehow prejudiced by electronic service. By comparison, Plaintiffs would be prejudiced absent electronic service, because service under the Hague Convention will alert Moving Defendants to the lawsuit, caused untold months of needless delay, and allow them to effectively evade this enforcement action by moving products and assets. *See* Third Am. Compl. ¶¶ 13, 38-40. As explained below, Moving Defendants are well aware of this lawsuit and have disregarded this Court's orders by continuing to open infringing stores in violation of the PI. *See* Exhibit C, Declaration of Jing Cui ("Cui Declaration"). Moreover, this Court has twice rejected the same arguments raised by Moving Defendants, and should do the same here. *See Volkswagen*¸ 20-cv-3131, at 4; *Strabala v. Zhang*, 318 F.R.D. at 114-118.

Accordingly, this Court should deny Moving Defendants' motion to dismiss.

## ARGUMENT

**I.    THE COURT PROPERLY EXERCISED ITS DISCRETION IN ORDERING ELECTRONIC SERVICE AND PLAINTIFFS COMPLIED WITH THAT ORDER**

### A.    Electronic Service Is Permitted Under Rule 4

Rule 4(h)(2) allows service of process on a foreign corporation as prescribed by Rule 4(f). Fed. R. Civ. P. 4(h)(2). Rule 4(f)(1) allows for service "by any internationally agreed means of service[,]" including procedures "authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," and Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (4)(f)(3).

Under Rule 4(f)(3), this Court may order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided there is no conflicting international agreement. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Due process requires

that "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) (internal quotations omitted). Rule 4(h)(2) allows service on a foreign corporation "in any manner prescribed for individuals by subdivision (4)(f) except personal delivery."

Here, considering the nature of Defendants' infringing activities, the resulting irreparable harm to Plaintiffs, and the prejudice to the plaintiffs absent electronic service, *see* Third Am. Compl. ¶¶ 13, 38-40, the Court did not abuse its discretion by permitting electronic service. *Nuance Communs. Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) ("Under Rule 4(f)(3), federal courts have discretionary authority to direct service 'by other means not prohibited by international agreements.'"); *Rio Props*, 284 F.3d at 1016 ("[T]he task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is committed "to the sound discretion of the district court."). Moving Defendants have failed to provide any evidence showing that the Court impermissibly ordered electronic service or that they have suffered any prejudice resulting from electronic service. Indeed, Courts in this District have previously rejected Moving Defendants' arguments and permitted service by electronic means. *See Volkswagen* 20-cv-3131, at 2; *see also Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019); and *Strabala*, 318 F.R.D. at 115.

Therefore, electronic service is proper here because (1) it was appropriately ordered by the Court on September 22, 2020 (Dkt No. 42) and November 24, 2020 (Dkt. No. 112) under the circumstances of this case; (2) as explained further below, it is not prohibited by the Hague Convention, and (3) it provided notice in accordance with Due Process requirements.

**B. Moving Defendants Failed To Establish That Electronic Service is Improper in This Case**

**1. Attempting Service Under the Hague Convention is Not Mandatory Under These Circumstances**

The plain language of Rule 4(f) does not require Plaintiffs to attempt service under Rule 4(f)(1) before seeking authorization to use an alternative means of service under Rule 4(f)(3). *See Nuance Communs.*, 626 F.3d at 1238 ("While Appellees argue that service must have been attempted under the Hague Convention before alternative service methods can be employed, this court disagrees."); *CFTC v. Caniff*, 2020 U.S. Dist. LEXIS 33416, at *14 (N.D. Ill. Feb. 27, 2020) (denying motion to dismiss for insufficient service); *Volkswagen Group of America, Inc. v. 5starautoparts2015, et al.*, No. 19-cv-7978 (N.D. Ill. March 31, 2020) (denying motion to dismiss for improper service); *Monco v. Zoltek Corp.*, 2018 U.S. Dist. LEXIS 111967, at * 11 (N.D. Ill. Apr. 24, 2018) (explaining that a plaintiff "is not required to first attempt service through the Hague Convention under Rule 4(f)(1) before asking this Court to allow alternate means"). Courts in this District routinely permit alternative service of process in infringement cases notwithstanding the Hague Convention. *See, e.g.*, *Gianni Versace, S.P.A.*, *supra* ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *see also Strabala*, 318 F.R.D. at 114 (authorizing alternative service via e-mail pursuant to Fed. R. Civ. P. 4(f)(3)) (Durkin, J).

Contrary to the Motion,[4] the Supreme Court in *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017) and *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) does not

---

[4] Tomoloo Defs. Br. at 11; Gyroor Br. at 9.

5

require Hague Convention compliance prior to ordering alternative service under Rule 4. *See Strabala*, 318 F.R.D. at 115 n.36 ("…Volkswagenwerk 'does not hold or even suggest that the Hague Convention must always be complied with before alternative service is ordered,' and that the quoted language from that case is 'dictum.'"). And also contrary to the Motion, alternate service under Rule 4 is neither the "last resort" nor "extraordinary relief," but is one of several options by which an international defendant may be served.[5] *See Rio Props., Inc.*, 284 F.3d at 1014-15 ("[N]o language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means."). In fact, "[C]ourt-directed service under Rule 4(f)(3) is favored as service under" Rule 4. *Id.* at 1015. Accordingly, Plaintiffs were not required to attempt service under the Hague Convention.

### 2. Electronic Service was Proper, Even If Defendants' Physical Addresses Were Purportedly Available

As established above, Rule 4(f)(3) simply states that service can be effectuated "by any means not prohibited by international agreement." Rule 4(f)(3) does not mention any requirement regarding attempts to identify, verify or serve a defendant at a purported physical address prior to requesting alternative service. Rather, "Rule 4(f)(3) provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *Strabala,* 318 F.R.D. at 100.

Court-directed electronic service under Rule 4(f)(3) is particularly appropriate where, like here, "there is a need for speed that cannot be met by following the Hague Convention method . . . ", because of the injunctive relief sought by Plaintiff. *Strabala*, 318 F.R.D. at 110; *see also Volkswagen*, 20-cv-3131, at 3 (holding that electronic service was proper in part because of "the

---

[5] Tomoloo Defs. Br. at 3; Gyroor Br. at 3.

need for speed in obtaining injunctive relief"). Article 15 of the Hague Convention provides that alternate methods may be used if a Central Authority does not respond within six months. *Strabala*, 318 F.R.D. at 100. Even if a purported address is real and Defendants are available for service at those addresses, it is nearly certain that the Chinese Central Authority will exceed six months in its attempt to effectuate service. *See id.* (request for service via the Chinese Central Authority pending over six months); *see also Victaulic Co. v. Allied Rubber & Gasket Co.*, 2020 U.S. Dist. LEXIS 82150, at *3 (S.D. Cal. May 8, 2020) (" [T]he Ministry of Justice in China noted that service is 'time-consuming and not efficient' and confirmed that it often takes more than two years to complete. Moreover, the current global COVID-19 pandemic has likely complicated service efforts in China and will undoubtedly result in additional service delays in the future.").

Moving Defendants heavily relied on the decision in *Luxottica Group S.p.A. v. Partnerships, et al.,* 391 F. Supp. 3d 816 (N.D. Ill. 2019). But the Court in *Luxottica Group* has subsequently permitted electronic service in similar cases involving Chinese-based e-commerce stores. *See, e.g., Spin Master Ltd., et al. v. California Pineapple Toy Store, et al*., No. 20-cv-00628 (N.D. Ill. Mar. 5, 2020). The *Luxottica Group* decision also does not demonstrate that this Court abused its discretion in granting electronic service, only that the Court in *Luxottica Group* came to a different decision when exercising its discretion under different circumstances. Indeed, this Court's ruling in *Volkswagen*, where it rejected the same arguments raised by Moving Defendants, was decided after *Luxottica Group. Volkswagen,* 20-cv-3131, at 2-4. Without a way to timely notify Defendants of the case, the harm to Plaintiffs and consumers would go unaddressed. As such, service was proper, even if physical addresses for Moving Defendants are purportedly available and presumably reliable.

7

### 3. Even If the Hague Convention Applies, The Purported Available Addresses for Moving Defendants Were Unreliable

The Hague Convention provides that it "shall not apply where the address of the person to be served with the document is not known." Moving Defendants argue that their respective addresses were available and therefore the Hague Convention is applicable here.[6] As an initial matter, service through the Hague Convention would alert Moving Defendants to the lawsuit, significantly delay of these proceedings, and allow irreparable harm to continue upon Plaintiffs. *See* Dkt. No. 147 at 8-9. Nonetheless, the purported addresses provided by Moving Defendants are unreliable and insufficient for purposes of service because such addresses cannot be verified.

An investigation of Moving Defendants' e-commerce stores shows that Moving Defendants either provide unreliable return address or provide no return address at all. *See* Exhibit D, Declaration of Arthur T. Yuan, Dated March 3, 2021 ("Yuan Declaration"). Plaintiffs ordered Infringing Products from Defendant Tomoloo Official and no address was provided upon purchase. *Id.* ¶ 3. Plaintiffs attempted to return the purchased hoverboard and engaged in conversations with Tomoloo Official representatives,[7] where Plaintiffs were informed that the item should be returned to "100 John Hay Avenue, Kearny, NJ 07302." *Id.* ¶ 9. An analysis of the above address indicates that no such address exists. *Id.* ¶ 10. Upon inputting the address into Google maps, Plaintiffs were directed to "Campy's Express" located at 60 John Hay Avenue, Kearny, NJ. *Id.* But a cursory review of John Hay Avenue shows that "100 John Hay Avenue" does not exist, as John Hay Avenue is a small dead-end street with no thru way with addresses ranging from 2 to 60 John Hay Avenue. *Id.* Thus, the address provided to consumers is wholly unreliable. Furthermore, when attempting to return purchased Infringing Products from Defendant

---

[6] Tomoloo Defs. Br. at 7; Gyroor Br. at 6-7.
[7] Indicating that email is a reliable source of communication.

8

Gyroor, after initial communications between Plaintiffs and Defendant Gyroor representatives,[8] Defendant Gyroor failed to respond to Plaintiffs and provided no return address. *Id.* ¶¶ 11-17.

Simply put, Moving Defendants' addresses are unknown for the purposes of service under the Hague Convention. And Plaintiffs are not required to first attempt service to an address under the Hague Convention, especially when Plaintiffs reasonably believe service at a particular address would be ineffective. *Advanced Access Content System Licensing Administrator, LLC v. Shen*, 2018 U.S. Dist. LEXIS 169603, at *11 (S.D.N.Y. Sep. 30, 2018).

### 4. The Hague Convention Does Not Prohibit Electronic Service

Moving Defendants argue that because China is a signatory to the Hague Convention, Plaintiffs are required to effectuate service of process through the formal channels established by the Hague Convention, and that e-mail service is not one of them.[9] Courts have agreed that service by e-mail is not prohibited by the Hague Convention, including for China-based defendants. *Strabala,* 318 F.R.D. at 115, *citing Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, at *5 (N.D. Ill. Dec. 1, 2008) ("[t]he Hague Convention does not prohibit service by e-mail or facsimile"); *see also Keck v. Alibaba.com, Inc.*, 2018 U.S. Dist. LEXIS 128396, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) ("[T]here is no international agreement precluding service on China-based defendants by electronics means."); *Victaulic Co. v. Allied Rubber & Gasket Co*., 2020 U.S. Dist. LEXIS 82150, at *7 (S.D. Cal. May 8, 2020) ("China's objection to service by 'postal channels' does not prohibit service by 'electronic means.'"). Further, limiting alternative service methods to only those explicitly authorized by China would necessarily render Rule 4(f)(3) superfluous and redundant of Rule 4(f)(1). *See Nat'l Ass'n of Home*

---

[8] Indicating that email is a reliable source of communication.
[9] Tomoloo Defs. Br. at 4; Gyroor Br. at 4.

*Builders v. Defendants of Wildlife*, 551 U.S. 644, 669 (2007) ("we have cautioned against reading a text in a way that makes part of it redundant").

While China has objected to service by postal channels under Article 10 of the Hague Convention, courts have routinely recognized that such objections do not extend to service by e-mail. *See, e.g., Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. at 331-32 (collecting cases holding that service by e-mail does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10). As the Court in *Sulzer Mixpac AG* observed, limiting an Article 10 objection to service by postal mail recognizes the material differences between service by postal mail and e-mail, namely that "email communications may be more reliable than long-distance postal communications, and the arrival of an email at its destination address may be more readily tracked." 312 F.R.D. at 332. *See also Victaulic Co. v. Allied Rubber & Gasket Co*., 2020 U.S. Dist. LEXIS 82150, at *7 (S.D. Cal. May 8, 2020) ("Although Article 10(a) references 'postal channels,' it does not mention service by email, online messaging system, or other electronic means. Thus, China's objection to service by 'postal channels' does not prohibit service by 'electronic means.'").

The cases relied on by Moving Defendants[10] are distinguishable because they do not involve e-mail service on China-based defendants, where service is not going to occur within the required six months or the unique circumstances applicable to swarms of China-based e-commerce stores. The decision in *Luxottica Group S.p.A. v. Partnerships, et al.,* 391 F. Supp. 3d 816 (N.D. Ill. 2019) cited cases involving defendants located in Switzerland (*Elobied v. Baylock*, 299 F.R.D. 105 (E.D. Pa. 2014)), Germany (*Agha v. Jacobs,* 2008 U.S. Dist. LEXIS 109326 (N.D. Cal. May 13, 2008)), and Mexico (*Compass Bank v. Katz,* 287 F.R.D. 392 (S.D. Tex. 2012))—all of which

---

[10] Tomoloo Defs. Br. at 13; Gyroor Br. at 10.

involved different circumstances than China-based e-commerce stores here, including excessive delays by the Ministry of Justice of the People's Republic of China.

Besides, China's internal procedures for effectuating service are irrelevant to the question of whether alternative service under Rule 4(f)(3) was proper in this country by this Court. *Nanya Tech. Corp. v. Fujitsu, Ltd.*, 2007 U.S. Dist. LEXIS 5754, at *14 (D. Guam Jan. 25, 2007) (explaining that the Court should not consider the receiving country's laws of service when evaluating whether service under Rule 4(f)(3) was proper). Accordingly, service of process by e-mail was appropriately ordered by this Court under Rule 4(f)(3).

### 5. Electronic Service Satisfies Due Process Requirements

This Court also correctly found that service via e-mail comports with constitutional notions of due process, because it was reasonably calculated, under all of the circumstances, to apprise Moving Defendants of the pendency of this action and afford them an opportunity to present objections. *See Maclean-Fogg Co.*, 2008 U.S. Dist. LEXIS 97241, at *5. Courts have routinely held that communications to e-mail addresses listed on a defendant's website comport with due process: "[w]hile email communications may also go astray or fail to come to the relevant individuals' attention, the Court finds that in this case, service to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Sulzer Mixpac AG*, 312 F.R.D. at 332; and *Volkswagen*, 20-cv-3131, at 4.

Here, Moving Defendants have actual notice of this lawsuit. After receiving email address information from third-party e-commerce platforms, and after the Court entered a modified Preliminary Injunction Order, Plaintiffs effectuated service of process on Tomoloo Defendants on

December 23, 2020 and on Gyroor on December 29, 2020.[11] Dkt. Nos. 149, 150; Binns Decl. ¶¶ 5-6. Plaintiffs later provided corrected service of process by email to Moving Defendants on January 29, 2021. Dkt. No. 168.; Binns Decl. ¶¶ 5-6. In their Motion, Moving Defendants acknowledge that they received the emails containing the pleadings[12] and Defendant Gyroor even acknowledged receipt. *See* Binns Decl. ¶ 5.

Indeed, representatives from Moving Defendants have openly discussed the lawsuit with Plaintiffs and yet have intentionally not complied with the Court's various orders. *See* Cui Decl. ¶ 5-8. That alone further demonstrates the risk of irreparable harm by effectuating service by the Hague Convention and Moving Defendants' intentions of using the Hague Convention as a shield for their infringing activities. Once again, Moving Defendants are engaging in the exact type of concerted activities that Plaintiffs alleged in the Third Amended Complaint. *See* Third Am. Compl. ¶¶ 39-40. Not surprisingly, the Motion fails to explain why service by e-mail somehow unfairly prejudices them or violates due process, even though Moving Defendants concede that they received the pleadings by email. Accordingly, Defendants' objection to alternative service is nothing more than an attempt to create procedural hurdles that allow them to continue their infringing activities outside of this Court's jurisdiction.

### C. Alternatively, Plaintiffs Should Be Permitted to Serve Moving Defendants by Serving Their U.S. Counsel

Although counsel for Moving Defendants has refused to accept service of process on behalf of Moving Defendants, due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf. *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565-66 (C.D. Cal. 2012) (authorizing service per

---

[11] Plaintiffs also published the pleadings and relevant orders on a dedicated webpage (https://www.loeb.com/en/general/20-cv-4806).
[12] Tomoolo Defs. Br. at 6-7; Gyroor Br. at 7.

12

Rule 4(f)(3) on China-based defendant's American counsel). Such service would avoid the Hague Convention because the documents would be transmitted domestically: "[i]f valid service occurs in the United States, therefore, the Hague Convention is not implicated regardless of the location of the party." *Id*. District courts routinely direct service on an international defendant's U.S. counsel under Rule 4(f)(3), even if the counsel has not been expressly authorized to accept service on the defendant's behalf. *Zhang v. Baidu.com Inc*., 293 F.R.D. 508, 516 (S.D.N.Y. 2013) (holding that China-based defendant could be served via its U.S. counsel, and that because service on counsel occurs domestically, it does not transmission of documents abroad and does not implicate the Hague Convention).

More importantly, courts have found that effecting service of process on counsel "erases any material doubt that [the defendant] will be provided with notice of the suit." *Huawei Techs. USA, Inc. v. Oliveira*, No. 4:19-cv-229-ALMKPJ, 2019 U.S. Dist. LEXIS 120533, 2019 WL 3253674, at *3 (E.D. Tex. July 19, 2019) (quoting *WorldVentures Holdings, LLC v. MaVie*, 2018 U.S. Dist. LEXIS 209348, at *14 (E.D. Tex. Dec. 12, 2018)). By effecting service of process on Moving Defendants' known U.S. counsel, who are already representing Moving Defendants in this matter, Moving Defendants are reasonably certain to be apprised of the pending action.

## CONCLUSION

Because Moving Defendants failed to establish that the Court improperly exercised its discretion on Rule 4(f)(3) and failed to show that Plaintiffs did not adhere to the order, the Court should deny Moving Defendants' Motion to Dismiss the Complaint with Prejudice. Alternatively, if this Court determines that electronic service on Moving Defendants was insufficient, Plaintiffs request this Court to order Moving Defendant's counsel to accept service of process on behalf of Moving Defendants under Rule 4(f)(3).

Date:  March 3, 2021    Respectfully Submitted,

LOEB & LOEB LLP

By:   /s/ *Adam Kelly*
Adam Kelly
Doug Masters
Arthur Yuan
Neil Nandi
321 North Clark Street, Suite 2300
Chicago, Illinois  60654
Tel.: (312) 464-3100
Fax: (312) 464-3111
Email:  akelly@loeb.com
Email:  dmasters@loeb.com
Email:  ayuan@loeb.com
Email:  nnandi@loeb.com

Christopher Binns (admitted *pro hac vice*)
345 Park Avenue
New York, New York 10154
Tel.:  (212) 407-4000
Fax:  (212) 407-4990
Email:  cbinns@loeb.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on the following counsel of record via electronic mail on March 3, 2021.

Stephen Z. Vegh
VEGH IP LEGAL
Admitted Pro Hac Vice
svegh@veghlaw.com
1240 Rosecrans Ave. Ste. 120
Manhattan Beach, CA 90266
310-980-7440

Danielle S. McKinley
RM PARTNERS LAW LLC
dmckinley@rmpartnerslaw.com
305 N. Peoria, Ste. 200
Chicago, IL 60607
312-251-2292
*Counsel for Tomoloo-US, Tomoloo-INE, Tomoloo-Franchise, and Tomoloo-Official*

By: /s/ Christopher Binns

Adam Kelly
Doug Masters
Neil Nandi
Arthur Yuan
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Tel.: 312-464-3100
Email: akelly@loeb.com
Email: dmasters@loeb.com
Email: ayuan@loeb.com

Christopher Binns (admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
Email: cbinns@loeb.com
*Attorneys for Plaintiffs*