## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 20 C 3131 |
| v. | ) | |
| | ) | |
| BRANDCAR STORE, ET AL., | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendants. | ) | |

### ORDER

In this case brought under the Lanham Act, Plaintiff Volkswagen Group of America, Inc. ("Plaintiff") alleges that China-based AliExpress online marketplace operators CARLitek CARLitek VIP Store, Enjoynight Autoparts Store, racbox worklight store, SAHANAK Factory Direct Store, and YaLa VIP Store (the "Moving Defendants"), among other defendants, offered for sale, sold and shipped products using counterfeit versions of Plaintiff's trademarks. The Moving Defendants seek dismissal for improper service of process, R. 48. For the reasons that follow, that motion is denied.

### Statement

A motion to dismiss based on invalid service of process is brought pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff bears the burden of proving effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Rule 4(h)(2) allows service of process on a corporation outside the United States as prescribed by Rule 4(f). Of relevance here, Rule 4(f)(1) provides that service may be

accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention," and Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders."

The Moving Defendants argue that service by email instead of under Rule 4(f)(1) according to the Hague Convention was improper. The primary method for service under the Hague Convention is via a receiving country's "central authority." And the Moving Defendants make much of the fact that Plaintiff made no attempt to serve them in this way.

But on June 1, 2020, this Court ordered electronic service of process under Rule 4(f)(3), pursuant to which Plaintiff was to (and did) electronically publish a link to the amended complaint and other relevant documents on a website, and send an email to the Moving Defendants that included a link to the same website. R. 25. This was enough.

As this Court has held in other cases, a plaintiff need not comply with or attempt service under the Hague Convention before seeking an order for alternative service under Rule 4(f)(3). *See Monco v. Zoltek Corp.*, 2018 WL 3190817, at *4 (N.D. Ill. Apr. 24, 2018); *see also Strabala v. Zhang*, 318 F.R.D. 81, 115 (N.D. Ill. 2016). Plenty of other courts in this District and otherwise agree. *See Flava Works, Inc. v. Does 1-26*, 2013 WL 1751468, *7 (N.D. Ill. Apr. 19, 2013) ("in the absence of a directive from the [Seventh Circuit], the court finds that Rule 4(f) does not indicate a preference for any method of service"); *see also Gianni Versace, S.P.A v. Yong Peng,*

*et al.*, No. 18 C 5385, R. 70 (N.D. Ill. Feb. 27, 2019) (plaintiff need not attempt service via the Chinese Ministry of Justice before effectuating service by email under Rule 4(f)(3)); *Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 16 (D.D.C. 2016) (plaintiff "not required to first demonstrate a minimum threshold effort to serve Defendants via . . . the Hague Convention"); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2015) ("court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)").

Indeed, "the task of determining when the particularities and necessities of a given case require alternate service . . . under Rule 4(f)(3)" is committed "to the sound discretion of the district court." *Rio Props., Inc.*, 284 F.3d at 1016. This Court exercised that discretion in granting Plaintiff's motion, and continues to believe it was appropriate to do so due to the nature of Defendants' e-commerce businesses and unknown physical addresses; the need for speed in obtaining injunctive relief; and the likely delay in serving the Moving Defendants through the Chinese Central Authority during the COVID-19 pandemic.

And despite their arguments to the contrary, nor does this Court find email service of the China-based Moving Defendants to be improper. Indeed, this Court has allowed precisely such service in the past. *See Strabala v. Zhang*, 318 F.R.D. 81 (N.D. Ill. 2016). Other courts in this District have also. *See Gianni Versace, S.P.A v. Yong Peng, et al.*, No. 18 C 5385, R. 70 at 2 ("Moreover, email service of [a China-based] online business defendant is warranted when the defendant has no readily discoverable physical address, conducts business over the Internet, and uses email

regularly in contacting customers.") (citing *Rio Props., Inc.*, 284 F.3d at 1017–18); *see also MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co. Ltd.*, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008); *Spin Master Ltd. et al. v. The P'ships. and Uninc. Assocs. Identified on Schedule "A"*, No. 20 C 628, R. 45 (N.D. Ill. Mar. 5, 2020).

Finally, service via email comports with constitutional notions of due process, as it was reasonably calculated under all the circumstances to apprise the Moving Defendants of this action, and did in fact do so. And while the Court can find no prejudice to the Moving Defendants in allowing service via email, as explained, the potential prejudice to Plaintiff in requiring service through the Hague Convention may be immense. Accordingly, the motion to dismiss, R. 48, is denied.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: September 14, 2020