IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4806 |
| v. | ) ) ) | Judge Thomas M. Durkin Magistrate Judge Jeffrey Cole |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF JING CUI
IN OPPOSITION TO MOVING DEFENDANTS MOTION TO DISMISS**

I, Jing Cui, declare as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on review of business records or documents prepared for declaration or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the vice president of Unicorn Global Inc.

3. As Unicorn Global is a licensee of US patents of Hangzhou Chic Intelligent Co., Ltd., ("Chic") I am familiar with manufacturers of hoverboard parts, designers of hoverboards, and businesses supporting the hoverboard products in Shenzhen, Guangdong Province of China.

4. After Judge Durkin granted the preliminary injunction before Thanksgiving 2020, on or about end of November, I was approached by an intermediary who was assisting Tomoloo defendants on behalf of Mr. Guoqiang Cao, who is a shareholder thereof, to broker a resolution of the pending case. Tomoloo Defendants were aware of the current action and would like to discuss a friendly approach to resolve the present dispute.

5. After discussions, shortly after the first contact by the intermediary, the parties reached a tentative agreement, including specific financial terms.

6. On or about early December, after receiving a copy of the draft settlement agreement, Tomoloo Defendants requested a Chinese version of the settlement agreement and represented that Tomoloo was not represented by a US counsel. The Chinese version of the settlement agreement was sent to Tomoloo later in December.

7. Despite the discussions, Tomoloo continued to sell infringing products by creating new stores or new ASINs on Amazon.com or on its tomoloo.com or tomolooscooter.com website.

8. On or about late December, the intermediary no longer responds to my inquiries about the status of the settlement agreement.

9. It was my impression that Tomoloo defendants no longer wished to resolve the dispute via an out of court settlement based on the development.

10. On or about early February, it was my understanding that Tomoloo defendants and Gyroor defendants are represented by the same law firm.

11. It is also my understanding that as co-defendants in this action, Tomoloo and Gyroor Defendants, both as being manufacturers and distributors of their products to consumers in the United States, may have a common approach to their defenses in this action.

12. I perform, supervise, and/or direct investigations to the sales activities of infringing products by Tomoloo and Gyroor Defendants. As of late February, Tomoloo and Gyroor Defendants continued to sell infringing hoverboards without regards to the preliminary injunction issued by this Court, as if they were engaging in concerted efforts to continue to infringe Chic's patents.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing are true and correct.

Date:   March 3, 2021

Shenzhen, Guangdong, China    Jing Cui

*Vice President of Unicorn Global Inc.*