UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO.; and UNICORN GLOBAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | No. 20 C 4806<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs allege that Defendants violate Plaintiffs' patents by selling certain hoverboard products. Two of the defendants—Dongguan Saibotan Nengyuan Keji Co., Ltd. (d/b/a GYROOR US) and Dongguan Dongxin Baozhuang Zhipin Co., Ltd. (d/b/a Tomoloo DX)—have moved to dismiss for insufficient service of process. R. 165; R. 177. Those motions are denied.

This is one of many cases filed in this District alleging counterfeit product sales in the United States, on internet market places like eBay and Amazon, by defendants located outside the United States. Plaintiffs in these cases often join tens or hundreds of defendants in a single case, but it is rare for any of the defendants to appear. Almost all the claims are resolved by settlement or default judgment.

Because the defendants are located outside the United States and are allegedly somewhat fly-by-night operations intent on evading U.S. laws, plaintiffs generally

seek temporary restraining orders through ex parte proceedings. Plaintiffs contend, and district courts usually agree, that it is necessary to restrain the defendants' assets without notice in order to prevent them from removing their assets from the United States or otherwise hiding them. Those orders also usually permit service by email based on the plaintiff's allegation that true physical addresses for the defendants are not readily ascertainable or verifiable.

On September 22, 2020, the Court entered a temporary restraining order in this case permitting service by "electronic publication and e-mail," R. 42 at 5 (¶ 6), followed by a preliminary injunction entered on November 24, 2020, R. 113. On November 25, Plaintiffs published copies of the preliminary injunction order and the third amended complaint on a website dedicated to this case, hosted by Plaintiffs' counsel. *See* R. 185-2 at 1 (¶ 3). Using third-party discovery permitted by the injunction orders, Plaintiffs' counsel obtained email addresses for the defendants who bring these motions—Gyroor and Tomoloo—and sent them emails attaching the complaint, the orders, and discovery requests, on December 28 and December 23, respectively. *See* R. 185-2 at 2 (¶¶ 5-6). Gyroor and Tomoloo appeared in this case on January 7 and 15, 2021. R. 152; R. 157.

Gyroor and Tomoloo argue that Plaintiffs should have served them with process in accordance with the Hague Convention at their physical addresses in China that are available on their Amazon webpages. Plaintiffs argue that any addresses available for Gyroor and Tomoloo are not reliable, and in any case, the

2

Federal Rules of Civil Procedure do not require Plaintiffs to attempt service according to the Hague Convention before asking the Court to order service by email.

The Court agrees with Plaintiffs that Hague Convention service is optional under Federal Rule of Civil Procedure 4. In accordance with most other courts, this Court has previously held that while Hague Convention service is certainly satisfactory, Rule 4(f)(3) also allows service "by other means not prohibited by international agreement, as the court orders." *See Monco v. Zoltek Corp.*, 2018 WL 3190817, at *4 (N.D. Ill. Apr. 24, 2018); *Strabala v. Zhang*, 318 F.R.D. 81, 115 (N.D. Ill. 2016); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002). Thus, the Federal Rules of Civil Procedure did not require Plaintiffs to attempt Hague Convention service prior to seeking alternative service pursuant to Rule 4(f)(3).

The real question on this motion is whether the allegations Plaintiffs made in their motion for email service were sufficient for the Court to find that email service was appropriate in this case. Plaintiffs supported their motion for email service with a declaration from one of their attorneys asserting that:

> E-commerce stores operating in foreign jurisdictions that offer for sale or sell infringing products typically: (1) provide incomplete and/or false names and physical address information to conceal their locations and to avoid liability for their unlawful conduct; and (2) primarily rely on electronic communications to communicate with third party service providers and customers.
> Generally, when . . . e-commerce stores that offer for sale or sell infringing products list[] a physical address, it is likely illegitimate. E-mail is a reliable mechanism for providing notice to e-commerce stores.

3

Case: 1:20-cv-04806 Document #: 199 Filed: 04/01/21 Page 4 of 9 PageID #:5931

R. 24 at 1 (¶¶ 2-3). The motion was filed on August 18, 2020 and the Court granted it on September 22, 2020, R. 41.

Defendants Gyroor and Tomoloo argue that Plaintiffs' general contentions about the availability and reliability of addresses for e-commerce stores are unsound and insufficient to support an order that they in particular be served by email. They point out that their addresses are available on their Amazon seller profile pages, a fact that the Court has been able to verify by visiting the Amazon website. They also contend that these are the same addresses listed on the Chinese search engine Baidu.com. Gyroor and Tomoloo apparently mean to argue that these addresses are reliable and should have been used to serve them because the same addresses are listed on Amazon and Baidu.com. And service of process at a physical address in China must be made in accordance with the Hague Convention because China has objected to service of process by postal mail. *See Luxottica Grp. S.p.A. v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019).

As an initial matter, it is not clear that Gyroor and Tomoloo provided addresses on their Amazon websites at the time Plaintiffs filed their motion for email service. Plaintiffs filed their motion on August 18, 2020, but Amazon only instituted the requirement that sellers provide a physical address on the U.S. version of its website on September 1, 2020. *See* AMAZON SERVICES SELLER FORUMS, "Advance notice: Business name and address to be displayed on the seller profile page starting

4

September 1, 2020," July 2020;[1] CNBC WEBSITE, "Amazon sellers in the U.S. will have to list their names and addresses," July 8, 2020;[2] CNET WEBSITE, "Amazon sellers will need to list their business name, address on their profiles," July 8, 2020.[3] Perhaps Gyroor and Tomoloo provided their addresses prior to Amazon's requirement. But they do not make that contention in their motion. This undermines their argument that their addresses were discoverable by Plaintiffs at the relevant time.

But even if their addresses were available, Gyroor and Tomoloo do not challenge the other allegations that justified email service in this case. Plaintiffs plausibly alleged that Gyroor and Tomoloo sell counterfeit products online and are located outside the United States. Gyroor and Tomoloo may be able to point to physical addresses provided on Amazon, but this does not change the fact that there is an epidemic of counterfeit products being sold from outside the United States on the internet, and that the characteristics of Gyroor's and Tomoloo's websites and selling activities allegedly match those of thousands of other websites offering counterfeit products. These allegations demonstrate exigent circumstances justifying an injunction of Gyroor's and Tomoloo's websites and freezing of their associated assets. Time is of the essence with an injunction in place, so the Court authorized

---

[1] Available at https://sellercentral.amazon.com/forums/t/advance-notice-business-name-and-address-to-be-displayed-on-the-seller-profile-page-starting-september-1-2020/658140.

[2] Available at https://www.cnbc.com/2020/07/08/amazon-sellers-in-the-us-will-have-to-list-their-names-and-addresses.html.

[3] Available at https://www.cnet.com/news/amazon-sellers-will-need-to-list-their-business-name-address-on-their-profiles/.

email service in order to provide Gyroor and Tomoloo (and the other defendants in the case) with notice as quickly as possible. The injunction should not linger while the parties and the Court wait for Hague Convention process when an instantaneous, reliable, and traceable means of providing notice is available in the form of email.

In addition to arguing that Plaintiffs' allegations did not justify email service, Gyroor and Tomoloo argue that email service violates the Hague Convention and so is not permissible under the terms of Rule 4(f)(3) because it is "prohibited by international agreement." But Gyroor and Tomoloo concede that the Hague Convention does not mention email service. *See Commodity Futures Trading Comm'n v. Caniff*, 2020 WL 956302, at *6 (N.D. Ill. Feb. 27, 2020) ("The Convention does not affirmatively authorize, nor does it prohibit, service by email."). Nevertheless, the Supreme Court has held that the Hague Convention prohibits at least one form of service without explicitly mentioning that form of service. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 703-04 (1988) (holding that the Hague Convention implicitly prohibits "notification *au parquet*"); *see also Luxottica*, 391 F. Supp. 3d at 825 ("Concluding that '[t]here is no question but that the Conference wanted to eliminate notification au parquet,' the [Supreme Court] pointed to Articles 15 and 16, which do not mention that or any other method of service." (quoting *Schlunk*, 486 U.S. at 703)). But the Supreme Court has also explained that alternative means of service unmentioned by the Hague Convention are *not* prohibited if "the receiving state has not objected to [that alternative form of service]." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (citing *Brockmeyer v.*

6

*May*, 383 F.3d 798, 803-04 (9th Cir. 2004)); *Commodity Futures*, 2020 WL 956302, at *5-6 ("apply[ing] the [*Water Splash*] analysis to service by email").[4]

Gyroor and Tomoloo argue that China would "object" to email service and so it is not permissible according to *Water Splash*. They cite China's objection to postal service "in the territory of the People's Republic of China" under the Hague Convention. *See* HAGUE CONFERENCE WEBSITE, "Declarations of the People's Republic of China" (1992).[5] But many courts have rejected the analogy of postal service to email service. Those courts observe that the instantaneous and traceable nature of email cures the concerns with postal service. *See Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015); *Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*, 334 F.R.D. 465, 471 (D. Mass. 2020); *The Neck Hammock, Inc v. Danezen.com*, 2020 WL 6364598, at *4 (D. Utah Oct. 29, 2020). For this reason, "the majority [of courts] have concluded that a country's objection to [postal service under the Hague Convention] does not equate to an objection to email service." *The Neck Hammock*, 2020 WL 6364598, at *4; *see also Zanghi v. Ritella*, 2020 WL 589409, at *5 (S.D.N.Y. Feb. 5, 2020) (citing cases); *Jackson Lab'y v. Nanjing Univ.*, 2018 WL 615667, at *4 (D. Me. Jan. 29, 2018) (citing cases); *Rubie's Costume Co., Inc. v. Yiwu*

---

[4] There is also a second element to this analysis that is not relevant here. The Supreme Court explained that the alternative form of service must be "authorized under otherwise-applicable law." *See Water Splash*, 137 S. Ct. at 1513. By this the Supreme Court meant that the alternative form of service must comply with the law of the lawsuit's forum. *See id.* (remanding in part for consideration of "whether Texas law"—the law of the forum—"authorizes the methods of service [at issue]"). Gyroor and Tomoloo do not argue that Illinois law prohibits email service.

[5] Available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn.

*Hua Hao Toys Co.*, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019); *Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd.*, 2021 WL 915662, at *3 (E.D. Pa. Mar. 10, 2021).[6] Furthermore, unlike postal service, email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the Hague Convention. For these reasons, the Court finds it is inappropriate to interpret China's objections to postal service under the Hague Convention as encompassing service by email.

Gyroor and Tomoloo also argue that Chinese law prohibits service by email. But the Chinese law provisions the parties cite permit email service under certain circumstances. *See, e.g.*, R. 24 at 6 (Article 87) ("Subject to the consent of the person on which a procedural document is to be served, the document may be served by way of . . . electronic mail[.]"). Most notably, Chinese law permits its courts to order service by email on a party outside of China, in part because email permits the person to be served to "acknowledge" receipt. *See id.* at 8 (p. 47, Article 267) ("A people's court may serve procedural documents on a party without a domicile within the People's Republic of China in the following ways: . . . Service by . . . e-mail and any other means through which the receipt of the document may be acknowledged."). If China permits its courts to order service of Chinese process by email on defendants outside China, it cannot credibly object to U.S. courts ordering the same on defendants

---

[6] However, some courts have found that China's objection to postal service implicitly incorporates an objection to email service. *See, e.g.*, *Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*, 334 F.R.D. 465, 471 (D. Mass. 2020); *Gang Li v. Dolar Shop Rest. Grp., LLC*, 2019 WL 4393637, at *3 (E.D.N.Y. Sept. 13, 2019). This Court finds the majority position more persuasive.

8

located in China. Thus, the Court finds that China has not "objected" to email service, and the Court's order of email service pursuant to Rule 4(f)(3) was appropriate.

## Conclusion

Therefore, the motions to dismiss [165] [177] are denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 1, 2021