UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hangzhou Chic Intelligent Technology Co. Ltd., and Unicorn Global, Inc., <br><br> *Plaintiffs*, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule "A" <br><br> *Defendants*. | Case No.: 1:20-cv-04806 |

### DEFENDANT GYROOR US'S MOTION TO DISMISS AND SEVER PURSUANT TO RULE 20 AND RULE 21 AND DISSOLVE PRELIMINARY INJUNCTION

Pursuant to Court's Standing Order, Parties have conferred prior to the filing of this Motion and agreed to the following proposed briefing schedule: Response due May 20, 2021; Reply due June 7, 2021.

**NOW COMES** Defendant GYROOR US ("Moving Defendant"), by and through its attorneys, respectfully moves for an Order (a) pursuant to Rule 20(a) and 21 of the Federal Rule of Civil Procedure Rule, severing and dismissing the action as to all defendants or just Moving Defendant on the ground that Plaintiffs Hangzhou Chic Intelligent Technology Co. Ltd. and Unicorn Global, Inc. ("Plaintiffs") improperly joined Moving Defendant in this action, (b) dissolving the preliminary injunction entered against Moving Defendant, and (c) granting such other and further relief as may be just and proper.

### INTRODUCTION

It is not enough for Plaintiff to "simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements." *Estee Lauder Cosmetics Ltd. v. P'ships, et al.*, 334 F.R.D. 182, 187 (N.D. Ill. 2020). Trademark infringement cases involving large numbers of

e-commerce stores are common in this district. However, what is uncommon is how the defendant "pool" is so cumbersomely purported to be interrelated and joinable.

For the following reasons, Moving Defendant respectfully requests that this Court dismiss this case in its entirety under Rule 20 and 21, or alternatively sever all defendants or just Moving Defendant.

## BACKGROUND

On August 17, 2020, Plaintiffs initiated this present action by filling their Complaint against individuals and entities on Schedule A, which owned and operated ecommerce accounts. *See* Compl., Dkt. No. 1.

On November 19, 2020, Plaintiffs filed their Third Amended Complaint against approximately 36 individuals and entities on Schedule A, B and C. *See* Third Amend. Compl., Dkt. No. 101.

Plaintiffs allege that ***all defendants*** listed on Schedule A, B and C committed Design Patent Infringement for the following four different design patents, Patent No. D737,723, Patent No. D738,256, Patent No. D785,112, and Patent No. D784,195.

## ARGUMENTS

"[A] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Plaintiffs have prepared separate, allegedly-infringing evidence for each defendant. *See* Exhibit 1 to Third Amend. Compl., Dkt. No. 101-1. Plaintiffs' exhibits reveal that there is insufficient similarity between the defendants, and certainly not as to all of the defendants. Therefore, ***all*** defendants are clearly being sued together as a way for Plaintiffs to save itself time and money. However, this approach is impermissible under Federal Rules. Plaintiffs' claims against all defendants should be dismissed, or at least severed.

1. **Plaintiffs Improperly Joined Moving Defendant**

Though liberally permitted, joinder is appropriate only if: (i) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and (ii) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (emphasis added); *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53 (7th Cir. 1982). Thus, misjoinder occurs when a plaintiff fails to satisfy either of these two requirements. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

The allegations in the Complaint purporting to establish joinder cannot plausibly result in this coincidence. It is apparent that Plaintiff has done nothing more than trying to evade the requirements of Rule 20. *See, Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, No. 20-cv- 00845 (N.D. Ill. Jun. 22, 2020) (J. Lee) ("Plaintiff must allege specific facts indicating ties between each defendant, including shared, or substantially shared, identifiers that do not encompass a significant portion of either all e-commerce counterfeiters generally or all [plaintiff] counterfeiters specifically.").

Even presuming Plaintiffs' claims may involve a common question of law or fact, Plaintiff cannot meet at least the first part of Rule 20(a)(2) that requires "transactional relatedness" of its claims for relief. This court follows the prevailing rule that a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed some intellectual property right. *See, e.g., Slep-Tone Entm't Corp. v. Roberto*, No. 12-CV-5750, 2013 WL 5748896, at *3 (N.D. Ill. Oct. 22, 2013); *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) ("One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20."); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark does not mean that Plaintiff's claims against them arise out of the same transaction or occurrence."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that defendants in patent-infringement case who sold different products and were competitors of one another were improperly joined).

3

Despite that Plaintiffs have already identified each defendant's separate, alleged infringing acts. *See* Exhibit 1 to Third Amend. Compl., Dkt. No. 101-1. In the third amended complaint, Plaintiffs allege conclusorily that defendants were "shar[ing] unique identifiers", "being authorized to one other", and "working in active concert." Third Amend. Compl. ¶¶ 36, 37, 39. Notably, Plaintiffs do not allege (nor could it allege in good faith) that all defendants are interrelated with each other. *Id*. at ¶37. Put another way, there is no claim that all defendants are interrelated with each other for selling alleged infringing products. The only core facts that defendants have been alleged to share in common are that they allegedly infringed one or more design patents owned by Plaintiffs, and that the storefronts or listings are alike. The fact is all Amazon storefronts and/or listings are alike if an Amazon seller goes with the default setting of its storefront and/or listing. However, Plaintiff's allegations are rather conclusive since the fact is that Moving Defendant is the only defendant owned by Dongguan Saibotan Nengyuan Keji Co. Ltd among other defendants. All in all, there is no evidentiary overlap in proving what one defendant did and what another did.

Based on the foregoing, it is clear that Plaintiffs have failed to satisfy its burden of establishing the prerequisites for permissive joinder under Rule 20(a)(2). The Court should therefore sever and dismiss this action as to Moving Defendant.

    **2. <u>Discretionary Severance or Dismissal of Moving Defendants Is Warranted</u>**

Where parties are misjoined, such as here, the Court has broad discretion to drop them from the case. *DirecTV, Inc. v. Perez*, No. 03-CV-3504 2003 WL 22682344 (N.D. Ill. Nov. 12, 2003); See, *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir.2000) ("[i]t is within the district court's broad discretion whether to sever a claim under Rule 21."); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir.1991) ("Fed. R. Civ. P. 21 allows a court to sever claims that are logically distinct…"). If dismissal will not cause harm to either party, then it is an appropriate alternative to severance. *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) ("Both the Third and Seventh Circuits have interpreted Rule 21 to permit dismissals of parties only if they do not cause gratuitous harm to the

parties, for the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is just."); *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, at *4 (N.D. Ill. Mar. 30, 2010) (dismissing parties where "each of these individual claims require individual fact finding and discovery").

Dismissal of Plaintiffs' claims against Moving Defendant will not result in any harm or prejudice to Plaintiffs' claims against other defendants for relief in this matter. Courts have found harm against the plaintiff only in instances where a plaintiff would be time-barred from refiling a complaint at the time of dismissal, or where the case has proceeded past the initial pleading stages. See, *Martinez*; *C.f., Elmore*, 227 F.3d at 1011 (refusing to dismiss improperly joined defendants because plaintiff would be time-barred from refiling a new complaint). The parties have generally not yet initiated discovery in this action and the Lanham Act does not contain a statute of limitations. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, fn. 15 (2014).

Moreover, neither the defendants on Schedule A, B, C nor this Court derive any benefit from the joinder foisted upon them in this case. The only party to benefit is Plaintiffs, whose motive for abusing the joinder rules is clear – keeping its litigation costs artificially low at the expense of the judicial system by paying a single filing fee for claims against multiple defendants rather than a separate filing fee for each defendant. The only economy that litigating these cases as a single action would achieve is an economy to plaintiffs—the economy of not having to pay a separate filing fee for each action brought.

However, the desire to avoid paying statutorily mandated filing fees affords no basis for joinder. Plaintiffs affirmatively provided evidence for each defendant with different products allegedly infringing different design patents. Not all defendants whom plaintiffs seek to sue are destined to be joined together in a single action, especially where, as here, Plaintiffs cannot satisfy the prerequisites for permissive joinder under Rule 20. But even if Plaintiffs could satisfy those prerequisites, there is ample reason for the Court to order severance as a matter of discretion. It is self-evident that the Court should not exercise its

discretion in a manner that would encourage more such steamroller litigation. There is important work that the federal judicial system that needs to do, and which our society needs it to do.

Further, where the Court has determined that defendants have been misjoined, it is an accepted practice to dismiss the action against all defendants. See, *CP Productions*, Inc. v. Does 1- 33, 2011 WL 737761, n. 2 (N.D. Ill. Feb. 24, 2011) ("[i]t would constitute a real stretch of the normal meaning of language for [plaintiff] to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate asserted claims into a single lawsuit."); *Future Blue, Inc. v. Does 1- 300,* No. 10-cv-6256 Dkt. 65 (N.D. Ill. Jun. 08, 2011). In light of the demonstrably-questionable collecting of ***all defendants*** in the present case, including Moving Defendant, should be either dismissed or severed.

## CONCLUSION

For the ongoing reasons, Moving Defendant respectfully requests that this Honorable Court dismiss this case under Rule 20 and Rule 21, or alternatively sever Moving Defendant, dissolve the preliminary injunction, and other grant such other and further relief as may be just and proper.

Respectfully Submitted:

Date: 4/28/2021

/s/ Tianyu Ju
Tianyu Ju, Esq.
Glacier Law PLLC
200 East Randolph, Suite 5100
Chicago, IL 60601
Iris.ju@glacier.law
Tel: +1 (312) 448-7772
Fax: +1 (312)-801-4587

***Attorney for Defendant***

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this April 29, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

| | |
|---|---|
| Date: 4/29/2021 | /s/ Tianyu Ju |
| | Tianyu Ju, Esq. |