UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hangzhou Chic Intelligent Technology Co. Ltd., and Unicorn Global, Inc., <br><br> *Plaintiffs*, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule "A" <br><br> *Defendants*. | Case No.: 1:20-cv-04806 |

**DEFENDANT GYROOR US'S MOTION TO DISMISS PURSUANT TO**
**FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**NOW COMES** Defendant GYROOR US ("Moving Defendant"), by and through its attorneys, respectfully moves for an Order[1] pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure Rule, on the ground that Plaintiffs Hangzhou Chic Intelligent Technology Co. Ltd. and Unicorn Global, Inc. ("Plaintiffs") (a) have failed to sufficiently plead plausible claims on its face (b) even the Court accepts all fact alleged in Third Amended Complaint ("TAC") as true, Plaintiffs have failed to plead that Moving Defendant has infringed their four design patents or Plaintiffs are entitled to relief.

Pursuant to Court's Standing Order, Parties have conferred prior to the filing of this Motion and agreed to the following proposed briefing schedule: Response due May 20, 2021; Reply due June 7, 2021.

**BACKGROUND**

On August 17, 2020, Plaintiffs initiated this present action by filling their Complaint against individuals and entities on Schedule A, which owned and operated ecommerce accounts. *See* Compl.,

---

[1] Moving Defendant hereby incorporates its concurrently filed Motion to Dismiss and Sever Under Rule 20 and Rule 21. Dkt. No. 211.

Dkt. No. 1. On November 19, 2020, Plaintiffs filed their TAC against approximately 36 individuals and entities on Schedule A, B and C. *See* TAC, Dkt. No. 101.

Plaintiffs allege that ***all defendants*** listed on Schedule A, B and C committed Design Patent Infringement for the following four different design patents, Patent No. D737,723, Patent No. D738,256, Patent No. D785,112, and Patent No. D784,195. Plaintiffs' claims against Moving Defendant are based on Moving Defendant's Amazon listing of a certain product, which is attached as Exhibit 1-Part 7 and referenced in the TAC, Dkt. No. 101-1.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016). A complaint must contain enough information via "a short and plain statement of the claim" to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss should be granted if a complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Artrip v. Ball Corp*., 735 Fed. Appx. 708, 709, 2018 U.S. App. LEXIS 13915, *1, 13, 2018 WL 2329742; Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). To meet the plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Merely pleading facts that are consistent with liability or stating legal conclusions is not sufficient. *Id*.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 678. While the Court accepts all "well-pled" facts alleged in the complaint as true, it is not bound to accept the Plaintiff's legal conclusions. *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v.*

2

*Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557). Without "factual enhancements" sufficient to state a cause of action, the formulaic recitation of generic acts of infringement are insufficient to avoid dismissal. *See Strategic Operations, Inc. v. Joseph*, No. 3-17-cv-01539, 2018 WL 3833411, *3 (S.D. Cal., Aug. 13, 2018) (disregarding as conclusory, allegations that defendants "continue to make, use, sell, and offer for sale" the accused product, where more specific allegations failed to support infringement claim.) A complaint should be dismissed, pursuant to Rule 12(b)(6), when it lacks "a cognizable legal theory." *Bielskis v. Louisville Ladders Inc.*, No. 07 C 1411, 2007 WL 2088583, at *1 (N.D. Ill. July 18, 2007); *see also Roper v. Jo-Ann Stores, Inc.*, 211 Fed. Appx. 950, 951 (Fed. Cir. 2007) (affirming dismissal where patent requirements could not apply to accused product).

## ARGUMENTS

1. <u>Plaintiffs Have Failed to Sufficiently Plead Plausible Claims On Its Face</u>

Dismissal is appropriate where "details about the subject-matter of the case [fail] to present a story that holds together.'" *Grecia v. Walgreen Co.*, No. 18 C 1848, 2018 WL 7858007, at *2–3 (N.D. Ill. Dec. 14, 2018), *aff'd*, 785 F. App'x 876 (Fed. Cir. 2019) (dismissing complaint where its inherent inconsistencies render claim implausible on its face)(quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

Here, Plaintiffs alleges that Four Counts of Design Patent Infringement against all defendants while Plaintiffs concurrently contend that "the 'D723 patent and the 'D256 patent have defined the fundamental ornamental configurations of the hoverboard product class. The 'D112 patent features a soft edge between the central support platform and the fenders, and the 'D195 patent features a sharper edge." *See* TAC, ¶ 25, Dkt. No. 101.

Plaintiffs' four design patent bear different designs as shown on Figure 1 of each design patent. *See* TAC, Dkt. No. 101.

3



More specifically, as mentioned above, Plaintiffs confirm at least two of its design patents bear different features that "the 'D112 patent features a soft edge between the central support platform and the fenders, and the 'D195 patent features a sharper edge." *Id*. Indeed, alleged infringing product does not incorporate two different edges in one product, nor it can.

Plaintiffs' general and conclusive allegations are insufficient to allow a court to draw the reasonable inference that a defendant is liable for the misconduct of four different design patents. Therefore, Plaintiffs' TAC fails to plead claims on its face.

In particular, even if the Court accepts all facts alleged in TAC as true, Plaintiffs fail to plead claims that relief can be granted. Instead, based on the comparison chart below, Moving Defendant do not infringe Plaintiffs' design patents, and therefore Plaintiff are not entitled to any relief.

2. Even The Court Accepts All Facts Alleged In TAC As True, Plaintiffs Fail To Plead That Moving Defendant Has Infringed All Four Design Patent And Plaintiffs Are Entitled To Relief

Since *Egyptian Goddess, Inc. v. Swisa, Inc*., the sole test for determining whether a design patent has been infringed is the "ordinary observer" test. Under the "ordinary observer" test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing . . .purchase [of] one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 670 (Fed. Cir. 2008).

The alleged infringing evidence "Moving Defendant's Amazon listing" attached to TAC as Exhibit 1-Part 7 in support of Plaintiffs' position as to Moving Defendant's alleged infringement merely provides images in aspects of product functions, not a comparison of product designs. Moreover, the "Customer images" in the alleged infringing evidence are so vague that no observer could have compared the similarities between the Plaintiffs' design patent and Moving Defendant's allege infringing product.



When comparing Moving Defendant's alleged infringing product listing and Plaintiffs' design patents, an ordinary observer likely gives more attention to FIG. 5 of the cover and wheel design. As shown in the chart below, it is rather clear that the degree of fender coverage of wheels and wheel

5

designs of Plaintiffs' design patents and degree of fender coverage of wheels and wheel design of Moving Defendant's alleged infringing product are different.



Even if Plaintiffs are to provide Moving Defendant's alleged infringing product for the purpose to compare similarities, as shown below. Plaintiffs' claims fail in that the designs are not similar between Plaintiffs' design patents and Moving Defendant's alleged infringing product, including but not

limited to the different designs on the central support platform, the middle portion of the product, the fender, and etc.



## **CONCLUSION**

For the ongoing reasons, Plaintiffs make no plausible allegations that Moving Defendant infringed their Design Patents. Therefore, Moving Defendant respectfully requests that this Honorable Court dismiss this case pursuant to Rule 12(b)(6) for failure to state a claim, and other grant such other and further relief as may be just and proper.

Respectfully Submitted:

Date: 4/29/2021

/s/ Tianyu Ju
Tianyu Ju, Esq.
Glacier Law PLLC
200 East Randolph, Suite 5100
Chicago, IL 60601
Iris.ju@glacier.law
Tel: +1 (312) 448-7772
Fax: +1 (312)-801-4587

***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this April 29, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 4/29/2021  /s/ Tianyu Ju
Tianyu Ju, Esq.