**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4806 |
| v. | ) ) | Judge Thomas M. Durkin |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) ) | |

**MOTION TO AMEND SCHEDULE A**

Plaintiffs Hangzhou Chic Intelligent Technology Co. and Unicorn Global, Inc. seek to amend the list of defendants in Schedule A. In support of this motion, Plaintiffs state as follows:

1. At the May 4, 2021, status conference, the Court observed that this litigation is more complex that most "Partnerships and Unincorporated Associations" litigations. In addition to some defendants having appeared to contest the claims, Plaintiffs believe that the complex web of relationships between defendants is a significant factor leading to these complications.

2. In pursuing this lawsuit, Plaintiffs identified other storefronts that were associated with the defendants named in the schedules of defendants, and Plaintiffs sought asset restraints of those related defendants, under provisions of the Preliminary Injunction order prohibiting defendants from evading the prohibitions of the injunction through use of affiliates and ordering the restraint of assets of those in active concert or participation with named defendants. *See, e.g.*, Dkt. 147, ¶ 1(c) & 3. Plaintiffs also had not previously served certain storefronts that Plaintiffs learned were related to defendants who had been served in this case.

3.     There are now two primary defendants in this case, operating generally under the trade names Tomoloo and Gyroor.  With the exception of the defendants against whom Plaintiffs have moved for default, *see* Dkt. 222, and the defendants with whom Plaintiffs are actively engaged in substantive settlement discussions, *see* Dkt. 221 ¶ IV(a) (as well as two others), all of the remaining Schedule A[1] defendants are believed to be affiliated with Tomoloo and Gyroor.

4.     In addition to the evidence presented in the attached Yuan Declaration, the history of attorney appearances in this and a related litigation shed light on the complex relationships between the defendants.  *See* Declaration of Arthur Tan-Chi Yuan ("Yuan Declaration"). Previously, Tomoloo and Gyroor had been represented by the same counsel, which had filed appearances on behalf of eight different entities with the moniker "Tomoloo."  *See* Dkts. 157–64. On April 27, new counsel appeared for Gyroor US.  *See* Dkts. 209–10.  Gyroor US's previous counsel withdrew their appearances for Gyroor US two days later, while continuing to represent the Tomoloo entities.  *See* Dkts. 214–15.  Gyroor US's counsel also filed an appearance on behalf of Urbanmax, an entity which evidence indicates is related to Gyroor US and whose assets Amazon froze.  *See* Dkt. 225; *see* Yuan Decl. ¶ 13.  Three weeks earlier, Gyroor US's counsel had appeared in a related litigation on behalf of Gyroshoes, Runchenyun, Tomoloo-US, and Hyper Gogo Board. *See* Case. No. 1:20-cv-5905, Dkts. 77 & 79.  Of those defendants, only Runchenyun is a defendant in that other litigation.[2]

5.     At the May 4 status conference, counsel for Tomoloo asked whether all Tomoloo entities had been served.  In essence, and consistent with previous conversations with Tomoloo's

---

[1] Plaintiffs intend to move in the coming weeks to drop defendants from the other schedules and to clarify the status of any defendants listed on those schedules.

[2] Although Runchenyun is also a defendant in the instant litigation, the litigations relate to products with different ASINs.  *Compare* Case No. 1:20-cv-5905, Dkt. 64 (Schedule A, line 5) *and* Case No. 1:20-cv-4806, Dkt. 101 (Schedule A, line 17).

counsel, this was a suggestion that other previously-unserved infringing stores are affiliated with Tomoloo.  Similarly, at the May 4 status conference, Gyroor US's counsel made an unsuccessful oral motion on behalf of Urbanmax to dismiss due to lack of service.

6.     Against that background, the Plaintiffs move to amend Schedule A in order to ensure that any entity against whom relief has been or foreseeably will be sought is listed as a defendant in the schedules of defendants.  That is, Plaintiffs seek to resolve any ambiguity that has arisen due to Plaintiffs' previous reliance on language relating to "affiliates," those in "active concert or participation," and similar terminology from the Preliminary Injunction order.

7.     Upon entry of the amended schedule, Plaintiffs intend to serve counsel who have appeared on behalf of the related entity with the papers in this case.

**WHEREFORE**, on the basis of the Yuan declaration and its exhibits, the Court should enter an order:

1.     Amending Schedule A.


Date:  May 6, 2021                          Respectfully Submitted,

                                            LOEB & LOEB LLP

                                    By:     /s/ Neil Nandi
                                            Adam Kelly
                                            Doug Masters
                                            Arthur Yuan
                                            Neil Nandi
                                            321 North Clark Street, Suite 2300
                                            Chicago, Illinois  60654
                                            Tel.: (312) 464-3100
                                            Fax: (312) 464-3111
                                            Email:  akelly@loeb.com
                                            Email:  dmasters@loeb.com
                                            Email:  ayuan@loeb.com
                                            Email:  nnandi@loeb.com

                                            Marwa Abdelazuz (admitted *pro hac vice*)
                                            345 Park Avenue
                                            New York, New York 10154

Tel.:  (212) 407-4000
Fax:  (212) 407-4990
Email:  mabdelaziz@loeb.com

*Attorneys for Plaintiff*