IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 20-cv-4806 <br><br> Judge Thomas M. Durkin <br><br> Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT GYROOR-US'S MOTION TO DISMISS, SEVER, AND DISSOLVE PRELIMINARY INJUNCTION**

Gyroor-US ("Defendant") appeared in this case more than four months ago and was represented by the same counsel who currently represents eight other defendants ("Tomoloo Defendants."). Since then, Gyroor-US has refused to file an Answer. Instead, it has attempted four different times to dismiss this case, three of which the Court denied. *See* Dkt. Nos. 199, 226, 238. Now only its Motion to Dismiss, Sever, and Dissolve the Preliminary Injunction Under Rules 20 and 21 remains. Dkt. No. 211 ("Motion"). But this Motion fares no better than the others, because: (1) Rule 21 expressly provides no grounds for dismissal; (2) Gyroor-US is properly joined to this case, and any argument to the contrary relies on technicalities detached from the policies of judicial economy and case management of patent infringement actions; and (3) Gyroor-US has failed to provide any legal basis for dissolution of the Preliminary Injunction ("PI").

Accordingly, this Court should deny this Motion.

1

## BACKGROUND

In August 2020 Plaintiffs filed this patent infringement action and soon after moved for an *ex parte* temporary restraining order. Dkt. Nos. 1, 17. The Court entered a restraining order the following September and later extended it. Dkt. Nos. 42, 50 ("TRO"). In November the Court granted Plaintiffs' motion for a preliminary injunction and later modified the PI order. Dkt. Nos. 113, 147. Then, in December Plaintiffs served Gyroor-US with the Third Amended Complaint, Modified Preliminary Injunction order, and Expedited Discovery Requests. Dkt. No. 150.

Although Gyroor-US is correct that "Plaintiffs filed their Third Amended Complaint against approximately 36 individuals and entities" (Def. Mtn. at 2), it leaves out an essential fact at this point in the litigation—which is that only two primary defendants remain in this case: Gyroor-US and the Tomoloo Defendants.[1] When Gyroor-US first appeared in January 2021, it was represented by the same counsel who now (and then) represents the Tomoloo Defendants. Gyroor-US and the Tomoloo Defendants filed nearly identical motions to dismiss based on personal jurisdiction and service of process. Dkt. Nos. 165, 177. And Gyroor-US and Tomoloo filed identical joint-reply briefs to the motions to dismiss. Dkt. Nos. 187–88. This Court denied both motions. Dkt. No. 199.

At the defendants' request, Plaintiffs agreed to allow Gyroor-US and several of the Tomoloo Defendants until April 29 to file Answers. *See* Dkt. No. 232, p. 4. New counsel for Gyroor-US appeared on April 27. *See* Dkt. Nos. 209–10. Two days later, instead of filing an Answer, Gyroor-US filed this Motion and a successive 12(b) motion, the latter of which the Court dismissed orally. *See* Dkt. No. 226. Then Gyroor-US sought leave to refile the successive 12(b)

---

[1] Plaintiffs have either settled or are engaged in settlement discussions with all active defendants, except those affiliated with Gyroor-US and/or the Tomoloo Defendants. *Cf.* Dkt. 227 and 227-1 (discussing status of various defendants, including potential additional defendants related to Gyroor-US and the Tomoloo Defendants).

motion, but the Court denied leave. *See* Dkt. No. 238. Now only the instant Motion remains. In it Gyroor-US asks the Court (again) to dismiss, but this time on the narrow technical grounds of misjoinder—despite having been joined with the Tomoloo Defendants in this case for several months without issue.

## ARGUMENT

This Court should deny Gyroor-US's motion to sever. Discovery, claim construction, and other aspects of pre-trial proceedings will entail substantial if not complete overlap across defendants. Therefore, the economies of keeping the matter consolidated are evident, particularly at this stage of the litigation. The continued joinder of Gyroor-US to the Tomoloo Defendants is also consistent with Rules 20 and 21: Plaintiffs have alleged connections between the defendants, the defendants had been represented by the same counsel for months, the defendants all infringed the same patents, and the nature of the infringement constitutes a common occurrence.

The Court should also deny the motion to dismiss because Rule 21 and controlling precedent expressly prevent dismissal for misjoinder. Finally, the Court should deny the motion to dissolve the PI because Gyroor-US has waived the argument by failing to provide any legal basis to support dissolution, which is an inappropriate remedy for a motion to sever.

### I. Defendant's Motion to Sever Is Premature At This Stage of the Case

Gyroor-US brings this Motion before any party has had a chance to conduct substantial fact investigation and discovery. This is significant because discovery will allow Plaintiffs and the Court to gain a clearer understanding of the exact relationship between Gyroor-US and the Tomoloo Defendants. The Local Patent Rules ("LPR") emphasize the importance of promoting efficiency and "eliminate[ing] the need for the litigants and judges to address separately in each case procedural issues that tend to recur in the vast majority of cases." LPR at Preamble. "[P]atent

litigation differs from most other civil litigation" due to its factual complexity and the need for the Court to construe disputed patent claims. *Id.* As such, the LPR provide a discovery framework meant to "flesh out the basis for each party's contentions" early on in the case in order to narrow the focus of the contested issues. *Id.* It would be wasteful and unnecessary for the parties and the Court to engage with separate, uncoordinated discovery proceedings and schedules, including separate hearings for claim construction, which is a time-consuming threshold proceeding for any patent case. It is these substantial efficiencies—not Plaintiffs' alleged desire to avoid filing fees (Def. Mtn. at 4)—that justify presently proceeding as a single case.

While Rule 21 provides that "the court may at any time, on just terms, add or drop a party," courts have recognized that consideration of joinder and severance issues is more appropriate *after* pretrial proceedings have been completed, when the similarities and differences between claims are more developed and the court and the parties are in a better position to assess whether the goals of judicial economy and fairness would be better met by separate trials. This approach is in keeping with "[t]he general philosophy of the joinder provisions of the federal rules [] to allow virtually unlimited joinder at the pleading stage but to give the district court discretion to shape the trial to the necessities of the particular case." Wright, Miller & Kane, Federal Practice and Procedure, § 1660.

This Court has accordingly denied as premature motions for severance filed in the early stages of litigation. *See First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 258 (N.D. Ill. 2011) ("The overwhelming majority of courts have denied as premature motions to sever prior to discovery."); *Allstate Ins. Co. v. Wal-Mart Stores, Inc.,* No. 00 CV 0307, 2000 WL 960736, 2000 U.S. Dist. LEXIS 9648, at *6–7 (N.D. Ill. July 6, 2000) ("Judicial economy strongly favors coordinated discovery for all 15 claims. Further, many of the claims may be resolved short of trial,

either on summary judgment or by settlement. . . . It would not be until trial of the case that severance need be resolved. Prior to that time, judicial economy clearly favors continuing these cases in a single proceeding."); *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 34 (N.D. Ill. 1980) (denying motion to sever without prejudice where "consolidation for pretrial proceedings already has been found to be the proper course and severing Sears would deter the efficient and orderly pursuit of this litigation . . . [and] any prejudice that could result from improper joinder can be prevented since improperly joined parties can be dropped or added at a later stage of the litigation"); *Goodman v. H. Hentz & Co.*, 265 F. Supp. 440, 443 (N.D. Ill. 1967) ("The purpose of [Rule 20 is] . . . to avoid multiple lawsuits involving similar or identical issues, except where a showing of oppression, prejudice or delay is made. . . . After discovery and pre-trial, if a single trial appears prejudicial to the defendants . . . the court will in its discretion under Rule 20(b) and 21 order separate trials. But the court will not order a severance before the parties are at issue, absent a showing of prejudice, merely on the theory that [R]ule 20 sets out technical requirements as a condition precedent to allowing joinder of parties.")

Importantly, Gyroor-US has identified no compelling reason for severing Plaintiffs' claims at this early stage of this litigation. Although Gyroor-US asserts that none of the defendants derive any benefit from the joinder, it simultaneously fails to identify any burden or prejudice that would result from keeping the defendants joined in this case. The policy goals of judicial economy and fairness would be best met by allowing Plaintiffs' claims against all Defendants to go forward and deferring any issues of joinder and severance until pretrial proceedings are completed. Accordingly, the Court should deny the Motion as premature.

## II. The Defendants Are Properly Joined In This Action

If the Court deems Gyroor-US's motion ripe for resolution, the Court should deny the motion to sever on the merits. Joinder of defendants is permitted where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Supreme Court and the Seventh Circuit have applied Rule 20(a) liberally in order to facilitate joinder of claims. *See Wilson v. Peslak*, No. 04 C 2345, 2005 WL 1227316, 2005 U.S. Dist. LEXIS 10365, at *5 (N.D. Ill. May 12, 2005) ("[T]he Supreme Court has held that 'joinder of claims, parties and remedies is strongly encouraged.' . . . The Seventh Circuit has noted that the purpose of a liberal Rule 20(a) joinder requirement 'is to enable economies in litigation.'"). Here, joinder is appropriate—and severance inappropriate—because common legal questions apply to all defendants. Further, joinder promotes judicial economy and prevents duplicative and unnecessary expenditure of resources.

### a. Plaintiffs Satisfy The Common Transaction Or Occurrence Requirement

Gyroor-US contends that the "same transaction or occurrence" requirement of Rule 20 has not been satisfied, because "Plaintiffs do not allege . . . that all defendants are interrelated with each other." Def. Mtn. at 4.[2] But Paragraph 37 of the Third Amended Complaint alleged facts to the contrary. Plaintiffs properly alleged that "Infringing products sold by the Defendant Internet Stores bear similar irregularities and indicia of being unauthorized to one another, *suggesting that*

---

[2] Despite this claim, Gyroor-US proceeds to state: "However, Plaintiff's allegations are rather conclusive since the fact is that Moving Defendant is the only defendant owned by Dongguan Saibotan Nengyuan Keji Co. Ltd **among other defendants**." Def. Mtn. at 4 (emphasis added). It is unclear if the bolded language is a typo or if Gyroor-US is admitting that it is owned by defendants from which it seeks severance. Regardless, the precise boundaries of the relationships between defendants remain gray, and common ownership is not the *sine qua non* of relatedness.

6

*some Defendants are interrelated and that the Infringing Products come from and were manufactured by a common source*." (emphasis added). Dkt. 101, ¶ 37. Although the Motion cited to Paragraph 37, it failed to address the above emphasized allegations.

Even assuming, *arguendo*, that Plaintiffs had not properly alleged any direct relationship or transaction between Gyroor-US and the Tomoloo Defendants, this Court has nevertheless held that "nothing in Rule 20 suggests that joinder requires a direct transaction between every defendant." *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 515 (N.D. Ill. 2020). Rather, this Court has acknowledged that "the *transactional link* between parties may be more attenuated." *Id*. (emphasis in original). Particularly in this age of widespread e-commerce intellectual property violations, where sellers can easily reach billions of people all while remaining anonymous, parties may engage in cooperative endeavors simply by taking part in the same unlawful activity, thus satisfying the "same occurrence" requirement of Rule 20. *See id*. at 516 ("Rule 20's inclusion of the term 'occurrence' should allow plaintiffs to join in a single case the defendants who participate in such unlawful occurrences, despite the lack of a 'transactional link.'")

The *Bose* case correctly points out that circumstances facilitating mass foreign counterfeiting—"the anonymity and mass reach afforded by the internet and the cover afforded by international borders"—have permitted defendants to violate intellectual property rights with impunity by simply opening up new storefronts under different aliases and on different web platforms. *Id*. at 516–517. The *Bose* facts are exactly analogous to the case at hand, where Plaintiffs have properly alleged in their Complaint that "Defendants have anonymously registered and maintained seller aliases to prevent one from learning their true identities and the scope of their e-commerce operation" and that "Defendants regularly register or acquire new seller aliases

7

for the purpose of offering for sale and selling Infringing products." Dkt 101, ¶¶ 34–35. Indeed, since the commencement of this case, Plaintiffs have documented several new online stores believed to be affiliated with Gyroor-US and the Tomoloo Defendants. *Cf.* Dkt. 277-1 (identifying links between Gyroor-US and Tomoloo defendants and other stores). Consequently, as in *Bose*, "[j]oinder is appropriate in such circumstances," where "filing individual causes of action against each counterfeiter ignores the form of harm [plaintiff] faces." 334 F.R.D. at 517.

*Bose* is more applicable to the present facts than the distinguishable cases upon which Gyroor-US relies. For example, *Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020) involved 79 independent online-retailer defendants, which prompted the Court to *sua sponte* raise the issue of misjoinder prior to service of process due to concerns of "the burden of evaluating enormous evidentiary submissions." 334 F.R.D. at 186. Unlike the *Estee Lauder* case, where the "sheer number of Defendants . . . and the factual disparities among their conduct undermines both the inference that they were acting together *and* that substantially the same evidence applies to all 79 of them," Gyroor-US and the Tomoloo Defendants are the only remaining defendants in this case, and there are few factual distinctions between their alleged conduct. *Id.* at 189. Plus, the positions of Gyroor-US and the Tomoloo Defendants were sufficiently aligned that the same counsel represented all nine parties for more than three months. *Cf. id.* at 189 n.8 (distinguishing a Second Circuit case, in part, because the defendants there were jointly represented).

The other cases which Gyroor-US cites are more noteworthy for their differences to the instant case than their similarities. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 58 (7th Cir. 1982) (affirming severance of a defendant against whom the plaintiff posited a different theory of liability based on a completely dissimilar course of conduct than the primary

8

defendants in the case, such that it would be unfair to require the severed defendant "to expend the time and expense of defending in an action brought to merely ensure payment of any judgment rendered against the two principal defendants"); *Slep-Tone Entm't Corp. v. Roberto*, No. 12-cv-5750, 2013 WL 5748896, 2013 U.S. Dist. LEXIS 151923, at *10 (N.D. Ill. Oct. 22, 2013) (explaining that the plaintiff "essentially admit[ted] that Defendants are virtual strangers to it and each other," which is a far cry from the alleged interconnectedness in the instant case); *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690 (N.D. Ill. 2009) (finding severance of plaintiffs, not defendants, who had opted out of a class action to pursue employment discrimination claims against the same defendant); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 891 (N.D. Ill. 2004) (noting the "unique" procedural posture, such that severance promoted efficiency by allowing the court to transfer the severed matter to a different district where the same parties were further along in litigation related to the same trademarks); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (defendants were "separate companies that independently design, manufacture and sell different products in competition with each other," not seemingly connected companies who utilize joint counsel to defend their at-minimum parallel infringement).

### b.  Plaintiffs Satisfy The Requirement Of Common Issues Of Fact Or Law

Gyroor-US does not expressly dispute that common issues of fact or law exist here. *Cf.* Def. Mtn. at 3 ("Even presuming Plaintiffs' claims may involve a common question of law or fact . . . ."). Regardless, although Rule 20 only requires a single common issue of either law *or* fact for proper joinder, there are several issues of law *and* fact common to all defendants in this case.

As to factual commonalities, Plaintiffs accuse all defendants of infringing their design patents in the same way, thus Plaintiffs will rely on common witnesses and discovery materials for

all defendants. The Court in *Magnavox Co. v. APF Elecs., Inc.* aptly noted these common efficiencies in a patent infringement action:

> There is no indication that any defendant will be prejudiced by pretrial consolidation. On the other hand, pretrial consolidation will prevent duplicative efforts by the Court and counsel. Since the same patent is at issue in each of the actions, it is probable that the same documents and technical drawings will be solicited from plaintiffs. It is also likely that defendants will want to depose the same persons. Thus, efficiency will be promoted by co-ordinating discovery. Common briefing and hearing schedules can be set which will facilitate the supervision of discovery, and eliminate the need to consider like arguments more than once.

496 F. Supp. at 33. Although Gyroor-US incorrectly contends that Plaintiffs "have prepared separate, allegedly-infringing evidence for each defendant," Def. Mtn. at 2, the majority of Plaintiffs' evidentiary submissions are common among the two defendants. Aside from the screenshots of each defendant's infringing e-commerce stores in the Complaint, virtually all of Plaintiffs' factual allegations and exhibits, including those identifying similar patterns of infringement tactics utilized by all defendants, as well as expert testimony comparing the Patents-in-Suit to the accused products, are common to all defendants. *See e.g.,* Dkt. No. 106-1, pp. 27–34.

Additionally, as to legal commonalities, the issues of claim construction, invalidity, and unenforceability are also common to all defendants in this case. Accordingly, Plaintiffs have satisfied both requirements under Rule 20(a) for proper joinder.

### c. The Policy Objectives Of Rule 20 Do Not Support Severance

Despite Gyroor-US's narrow and technical approach to its joinder analysis, the requirements prescribed by Rule 20(a) are not rigid. They are flexible concepts used by the courts to implement the fundamental purpose of Rule 20, which is primarily to promote judicial economy. *See Papachristos v. Hilton Mgmt., LLC*, No. 14 CV 5501, 2015 WL 1094852, 2015 U.S. Dist.

LEXIS 28708, at *4 (N.D. Ill. Mar. 10, 2015) ("[C]ourts liberally construe Rule 20 in the interest of convenience and judicial economy, 'entertaining the broadest possible scope of action consistent with fairness to the parties; joinder . . . is strongly encouraged.'"), *quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (alteration in *Parachristos*); *see also Bose*, 334 F.R.D. at 513 ("The Court has 'considerable discretion' and 'flexibility' in determining whether the plaintiff has plausibly alleged such a relationship [between joined defendants]."); *Wilson*, 2005 U.S. Dist. LEXIS 10365 at *6 ("[C]ourts generally take a case-by-case approach in ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20.")

Consistent with the policy objectives of Rule 20(a) in facilitating joinder, "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *See* Wright, Miller & Kane, Federal Practice and Procedure, § 1653. On the other hand, severance is proper where no logical relationship exists between the separate causes of action or when the risk of confusion and prejudice would be substantial. *Bose*, 334 F.R.D. at 513 ("[C]ourts are tasked with determining whether it makes sense for the parties and claims to be litigated in the same case"). In fact, many of the cases on which Gyroor-US relies emphasize these policy considerations. *See, e.g.*, *McDowell*, 645 F. Supp. 2d at 695–696 ("The parties do not dispute that each of the Plaintiffs in this case has a different story to tell. . . . should these claims be tried together, before a single jury, the risk of confusion, prejudice, overlapping proof and duplicative testimony would be substantially increased, given the differences between each of the Plaintiffs' situations").

The *Bose* case comes the closest to analogizing and articulating the complex web of infringement activity and tactics employed by anonymous online retailers such as those in the current case. And in *Bose*, this Court rightfully declined to sever the case. Accordingly, the Court should find that Gyroor-US is properly joined under Rule 20(a) and deny this Motion.

### III. Regardless Of Whether And When Severance Is Appropriate, The Court Should Deny Defendant's Motion To Dismiss Because Rule 21 Does Not Permit Dismissal

Rule 21 plainly states: "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, Rule 21 merely provides a mechanism to correct misjoinder or nonjoinder of parties. The Seventh Circuit has admonished district courts for dismissing cases under Rule 21 and has instead articulated a different procedure for severance: "When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately. . . . [The district court's] order dismissing the original suit and directing [Plaintiff] to file new actions violated Rule 21." *Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018) (vacating and remanding district court's Rule 20/21 dismissal).

The cases on which Gyroor-US relies do not change these basic procedural rules. At the onset, severance is such a minor issue in many of Gyroor-US's cases that it is unclear whether the defendant was actually dismissed. For example, *Rice v. Sunrise Express, Inc.* addresses the jurisdictional import of a *nun pro tunc* order without substantially analyzing the underlying severance itself. 209 F.3d 1008, 1016 (7th Cir. 2000). Though *Rice* does observe that severance "create[d] two separate actions." *Id.* at 1014 n.8. And *Aiello v. Kingston* addresses the scope of *in forma pauperis* rulings. 947 F.2d 834, 836 (7th Cir. 1991). Gyroor-US cites an Eighth Circuit case for the proposition that the Seventh Circuit permits Rule 21 dismissal, but the Seventh Circuit

12

case on which the Eighth Circuit was relying expressly states that "dismissal was almost certainly erroneous." *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000), *cited by Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008). Gyroor-US's remaining cases are unpublished district court decisions that mostly predate *Lee* and sometimes do not even address motions to sever. *See Cp Prods., Inc. v. Does 1–300*, No. 10 C 6255, 2011 WL 737761, 2011 U.S. Dist. LEXIS 113013 (N.D. Ill. Feb. 24, 2011) (motion to quash).

Gyroor-US's suggestion that Rule 21 dismissal is appropriate when the plaintiff would be unharmed is both inconsistent with the above law and immaterial, because Gyroor-US seeks dissolution of the PI order to accompany dismissal. Considering the purpose of a PI order, dissolution—particularly for technical reasons unrelated to the merits of the order—would cause Plaintiffs irreparable harm. After all, irreparable harm was central to Plaintiffs' proofs that necessitated this Court's assistance in entering the PI order.

The Court should thus deny Plaintiffs' motion to dismiss under Rule 21.

**IV. Rules 20 and 21 Do Not Support Dissolution Of The Preliminary Injunction**

Gyroor-US has failed to articulate any legal basis to support its request for dissolution of the PI order. In fact, the only times Gyroor-US even mentions dissolution is in the title of its Motion and the demands for relief in the introductory and conclusion paragraphs. The Court should therefore deny the request for dissolution as having been waived, regardless of any effort Gyroor-US may make to elaborate on this argument for the first time in reply. *Cf. Hildebrandt v. Illinois DNR*, 347 F.3d 1014, 1025 n.6 (7th Cir. 2003) (holding that arguments on unbriefed claims are waived); *Rodriguez v. U.S.*, 286 F.3d 972, 977 n.3 (7th Cir. 2002) (same); *Sere v. Bd. of Trs. of the Univ. of Illinois*, 852 F.2d 285, 287 (7th Cir. 1988) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented

by counsel . . . . We consistently and evenhandedly have applied the waiver doctrine when appellants have failed to raise an issue in their opening brief.") (internal quotations and citations omitted).

Because of the waiver, the Court need not reach the merits of Gyroor-US's request for dissolution. If, however, the Court chooses to reach this issue, Gyroor-US has failed to provide any legal basis for dissolution. Such relief is appropriate only when changed circumstances undermine the basis for the injunction. *United States CFTC v. Garofalo*, No. 10 C 2417, 2010 U.S. Dist. LEXIS 145379, at *23 (N.D. Ill. Dec. 21, 2010) ("[T]he standard that the district court must apply when considering a motion to dissolve an injunction is whether the movant has made a showing that changed circumstances warrant the discontinuation of the order"), *citing Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 242 (3d Cir. 2003). The factual circumstances have not changed since this Court first entered the PI order, and Gyroor-US has failed to argue anything to the contrary. Further, even if a motion to sever is granted, the Court should not simply ignore the irreparable harm to Plaintiffs and allow the severed defendant to proceed unencumbered by an injunction. Instead, this Court should docket the preliminary injunction in the new case number to ensure continuity. *See Austin v. Spiller*, No. 18-cv-1152-DRH, 2018 WL 3036129, 2018 U.S. Dist. LEXIS 102417, at *14 (S.D. Ill. June 19, 2018).

## CONCLUSION

Gyroor-US's Motion is merely another attempt to dismiss this case on technical grounds. Contrary to Gyroor-US's assertions, it is properly joined with the other defendants in this case under Rule 20, dismissal is inappropriate relief under Rule 21, and there is no legal basis for dissolution of the PI. For all of these reasons, Defendant's motion should be denied with prejudice.

| | |
|---|---|
| Date: May 20, 2021 | Respectfully Submitted,<br>LOEB & LOEB LLP<br><br>/s/ *Adam Kelly*<br>Adam Kelly<br>Doug Masters<br>Neil Nandi<br>Arthur Yuan<br>321 North Clark Street, Suite 2300<br>Chicago, Illinois 60654<br>Tel.: 312-464-3100<br>Email: akelly@loeb.com<br>Email: dmasters@loeb.com<br>Email: ayuan@loeb.com<br><br>Marwa Abdelaziz (admitted *pro hac vice*)<br>345 Park Avenue<br>New York, New York 10154<br>Tel.: (212) 407-4000<br>Email: mabdelaziz@loeb.com<br><br>*Attorneys for Plaintiffs* |