## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Hangzhou Chic Intelligent Technology Co. Ltd., and Unicorn Global, Inc., <br><br> *Plaintiffs*, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule "A" <br><br> *Defendants*. | Case No.: 1:20-cv-04806 |

## DEFENDANT GYROOR-US'S REPLY TO PLAINTIFFS' RESPONSE TO GYROOR-US' MOTION TO DISMISS AND SEVER UNDER FED. R. CIV. P. 20 AND 21 AND DISSOLVE PRELIMINARY INJUNCTION

Before Defendant Gyroor-US could have raised any substantive defenses,[1] it has already been put in a disadvantaged position unfairly. Gyroor-US' account and asset have been restrained under the preliminary injunction, without an opportunity to defend itself.

Plaintiff gained the advantages by **1)** ignoring the statutory requirements to properly notice the adverse party about the preliminary injunction under Rule 65; **2)** delaying service of process; and **3)** amending Defendants list and mis-joining parties with different substantive arguments.

### Arguments

### I.  There Is a Lack of Common Question of Law or Fact

Plaintiffs claimed that Defendants infringed Plaintiffs' design patent "in the same way." [Dkt. No. 247, p.9, §b]. However, the common question of law or facts is not apparent in this case.

---

[1] Gyroor-US is authorized to manufacture products under the U.S. Design Patent D808,856 and D808,857. All of Gyroor-US' products are designed and manufactured according to the authorized design patents.

1

**First**, through Plaintiffs' own submission, the alleged infringing products have different designs [Dkt. No. 279, pp. 4-7], namely the shape of the fenders that cover the wheels and the design of the standing platform of the hoverboard, which distinguish Plaintiffs' design patents from the prior arts. Based on the different designs, the alleged infringing products should not be group together as "infringing Plaintiffs' design patent in the same way" because the arguments for each product will vary according to its own unique design.

**Second**, Plaintiffs confirm at least two of its design patents bear different features that "the 'D112 patent features a soft edge between the central support platform and the fenders, and the 'D195 patent features a sharper edge." *See* TAC, Dkt. No. 101. There is no common question of law because products allegedly infringing different design patents will have different substantive defenses.

**Lastly**, parties that made zero sales were also mis-joined in this case. Aff. of Liu, ¶3. Ex. A. Plaintiffs' failure to conduct through investigation before filing this type of suite against numerous defendants is exactly what concerned this Court in the *Bose* case. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D.Ill, 2020) ("But with the continued proliferation of Lanham Act cases filed against numerous defendants, the Court is concerned that plaintiffs are not proceeding consistently").

Therefore, the Court should exercise its discretion to either dismiss the Moving Defendant or server the claims.

## II.  The Preliminary Injunction Must Be Dissolved

While to sever and to drop a party pursuant to Rule 21 is discretionary, the preliminary injunction must be dissolved because Defendant Gyroor-US was not properly noticed of the preliminary injunction.

"A court may not issue a preliminary injunction without advance notice to the adverse party." *Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir, 2014) (citing Fed. R. Civ. P. 65(a)(1)).

Here, whether Gyroor-US received notice of the preliminary injunction is factual. While Plaintiffs disagree with the fact that Gyroor-US was not noticed of the preliminary injunction, Plaintiffs did not provide Defendant with any counterevidence.

**First**, according to Xie Rongqing's sworn affidavit, Gyroor-US never receive any notice of the preliminary injunction. Aff. of Xie, ¶ 4, Ex. B.

**Second**, while Plaintiff's counsel claimed Gyroor-US' prior counsel Mr. Stephen Vegh was notified about the preliminary injunction, Mr. Vegh confirmed that he did not receive any notice of the preliminary injunction. Email Comms with Vegh, Ex. 1. In fact, he entered appearance on January 11, 2021, almost seven weeks after the preliminary injunction was granted. *Id*.

**Lastly**, Plaintiff's delay in serving service of process, one months after the preliminary injunction was granted, also unfairly prejudiced the moving Defendant.

Plaintiffs' motion for electronic service was granted on September 22, 2020 [Dkt. No. 41] and Summons was issued on September 29, 2020. However, Plaintiffs did not initiate contact with Gyroor-US until December 29, 2020, exactly 90 days later, barely meets the statutory Time Limit for Service under Rule 4(m). Aff. of Xie, ¶5; Email Comms, Ex. 2.

Plaintiffs' delay in serving Defendant, combined with Plaintiffs' failure to notice Defendant of the preliminary injunction, is completely unjustified and was likely aimed at preventing Defendant from properly defending itself against the preliminary injunction.

Consequently, the preliminary injunction must be dissolved.

## <u>Conclusion</u>

For the ongoing reasons, Moving Defendant respectfully requests that this Honorable Court drop or sever Defendant under Rule 21, and dissolve the preliminary injunction.

Respectfully Submitted:

Date: 06/07/2021        /s/ Tao Liu

Tao Liu
Tao.Liu@glacier.law
He Cheng
Robin.Cheng@glacier.law
Tianyu Ju
Iris.Ju@glacier.law
Glacier Law PLLC
200 East Randolph, Suite 5100
Chicago, IL 60601
Tel: +1 (312) 448-7772
Fax: +1 (312)-801-4587
***Attorney for Defendant***

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.


Date: 06/07/2021                              /s/ Tao Liu
                                              Tao Liu