UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO.; and UNICORN GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | No. 20 C 4806 <br><br> Judge Thomas M. Durkin |

### ORDER

Defendant Gyroor US has moved "to dismiss and sever pursuant to Rule 20 and Rule 21 and dissolve preliminary injunction [sic]." R. 211. Rule 20(a)(2)(A) permits defendants to be "joined in one action . . . if any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." In February 2020, this Court denied a motion to sever in a similar case. *See Bose Corp. v. P'ships & Unincorporated Assocs. Id'd on Schedule "A"*, 334 F.R.D. 511 (N.D. Ill. 2020). The Court finds joinder proper in this case for the reasons stated in *Bose*.

Joinder is even more proper in this case for several reasons largely related to the advanced state of the proceedings. First, Gyroor's motion is the second of four it has filed since it appeared in the case on January 7, 2021. *See* R. 165; R. 217; R. 231. This piecemeal motion practice smacks of intentional delay rather than a sincere

attempt to bring this case to resolution. While there is no express time limit on making a motion under Rules 20 and 21, the Court has the responsibility to manage the case so it proceeds efficiently and the discretion to decide how that should be accomplished. Gyroor's failure to address joinder in its initial motion to dismiss, and its decision to file multiple serial motions, has unnecessarily delayed and complicated this case. That conduct counsels in favor of denying the motion.

Additionally, while Plaintiffs originally joined 94 internet merchants in this case, settlements and default judgments have whittled that number down to approximately 24. *See* R. 248. Furthermore, Plaintiffs contend that these remaining entities are all corporately related to Gyroor or defendant Tomoloo, which Plaintiffs also contend are corporately related to each other. *See* R. 227. Gyroor's arguments against joinder may have had some force months ago when it first entered the case and there were still many defendants in the case related only by their similar conduct. But Plaintiffs now have made plausible allegations and contentions that the remaining defendants are all corporately related.[1] That is a sufficient basis for joinder.

At bottom, Gyroor has not identified any reason to sever the remaining defendants at this late stage of the case. The motion to sever is denied.

Gyroor's motion also purportedly seeks to dissolve the preliminary injunction. Gyroor's opening brief made no argument on this issue. Gyroor's reply addressed the

---

[1] Indeed, Plaintiffs contend that all remaining defendants will be represented by the same counsel. *See* R. 283 at 3.

2

issue, mostly arguing that Gyroor had received insufficient notice. These arguments are rejected because Gyroor waived them by failing to raise them in its opening brief. *See United States CFTC v. Kraft Foods Grp., Inc.*, 153 F. Supp. 3d 996, 1023 (N.D. Ill. 2015) ("Because this argument was raised for the first time in Defendants' reply brief, it is waived.").

In any event, the Court is skeptical of Gyroor's contention that it received insufficient notice because the Court has given permission for electronic service, making notice relatively straightforward, and Gyroor has participated in the case for several months without raising this issue. Gyroor contends that it was prejudiced by late notice because it was not given "an opportunity to defend itself." R. 281 at 1. Gyroor has filed four motions in this case and appeared at four hearings. *See* R. 207; R. 226; R. 233; R. 276. Gyroor has had ample opportunity to "defend itself."

## Conclusion

Therefore, Gyroor's motion to sever, dismiss, and dissolve the preliminary injunction [211] is denied. Plaintiffs' motion to strike [283] is denied as moot.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: June 9, 2021