UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al, <br><br> *Plaintiff*, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendants*. | **CASE NO.** 1:20-cv-04806 <br><br> **Judge:** Honorable Thomas M. Durkin |

**DEFENDANTS URBANMAX AND FENGCHI-US' THIS MOTION
FOR CLARIFICATION OF THE PRELIMINARY INJUNCTION [113 & 147], OR
ALTERNATIVELY TO VACATE THE PRELIMINARY INJUNCTION**

Defendants Urbanmax and Fengshi-US (together "Defendants"), without waiving any Rule 12(b) defenses, by and through their counsel, file this Motion for Clarification of the Preliminary Injunction Orders [Dkt. No. 113 & 147], or alternatively, Motion to Vacate the Preliminary Injunction against them.

To avoid any further delay, Defendants proposed that a response be filed within two-weeks' time after this motion is served on Plaintiff. After meeting and conferring, Plaintiffs and Defendants could not reach an agreement on the briefing schedule. Proposed briefing schedules from each party are summarized in the table below.

| | **Defendants' Proposal** | **Plaintiffs' Proposal** |
|---|---|---|
| **Response to Motion** | July 2 | July 18 |
| **Reply** | July 9 | August 1 |

### Introduction

On November 24, 2020, this Court entered a preliminary injunction order against defendants who operate e-commerce stores identified in Schedule A, Schedule B, and Schedule C [Dkt. No. 113]. On December 23, 2020, this Court modified the preliminary injunction order against defendants who

1

operate e-commerce stores identified in Schedule A, Schedule B, and Schedule C [Dkt. No. 147]. Neither order mentions specifically Urbanmax or Fengshi-US, who were nonparties at the time when the orders were entered.

Urbanmax and Fengshi-US were nonparties until they were added as "Schedule A" defendants on May 24, 2021 [Dkt. No. 253]. However, Urbanmax and Fengshi-US's accounts and assets were restrained on or about February 12, 2021, three months before they were added as Defendants.

Under Fed. R. Civ. P. 65(d)(2)(C), preliminary injunction can be enforced against a third party only upon a court's authorization. Rule 65(d)(2) authorizes <u>courts</u> to enforce injunctions against third parties who are "in active concert or participation with" the parties who are bound by the injunction. In addition, third parties must be served with a notice of the <u>motion to enforce preliminary injunction order on third parties</u> and an opportunity to be heard, so that a court can make a determination on the issue of "active concert and participation" before the injunction can be enforced on the third parties.

Neither Urbanmax nor Fengshi-US received notice of any motion to enforce the preliminary injunction order against them, and this Court never issued any order to restrain Urbanmax or Fengshi-US. Their accounts and assets were wrongfully restrained since February 12, 2021. Unless this Court clarifies the scopes of its prior preliminary injunction orders or vacate the injunction on Defendants, Defendants' accounts and assets will continue to be wrongfully restrained.

Therefore, Defendants respectfully respect that this Court clarify the scopes of its prior orders [Dkt. No. 113 & 147] with respect to third parties accounts and assets, or alternatively, vacate any wrongful injunction against Defendants as a result of Plaintiffs' violation of Fed. R. Civ. P. 65(d).

## Background

On October 24, 2020, Plaintiffs filed a motion for preliminary injunction [Dkt. No. 80], and subsequently withdrew on November 02, 2020 [Dkt. No. 94].

On November 20, 2020, Plaintiffs filed a second motion for preliminary injunction [Dkt. No. 105].

On November 24, 2020, a hearing for preliminary injunction motion was held [Dkt. No. 112], and a preliminary injunction order was entered [Dkt. No. 113].

On or about February 12, 2021, Urbanmax and Fengshi-US' accounts and assets were restrained. Aff. of Zhang Ke, ¶4, attached hereto as Ex. 1; and Aff. of Zhang Chi, ¶4, attached hereto as Ex. 2. Neither Urbanmax nor Fengshi-US received a notice of any motion to enforce the preliminary injunction order on them prior to February 12, 2021.

On May 6, 2021, Plaintiffs filed a motion to amend Schedule A, and added Urbanmax and Fengshi-US as "Schedule A" Defendants [Dkt. No. 227]. The motion was subsequently granted on May 24, 2021 [Dkt. No. 253].

## Legal Standards

"Rule 65(d)(2)(C) authorizes **courts** to enforce injunctions against third parties who have actual notice of the injunction, and who are in active concert or participation with the parties who are bound by the injunction." *Blockowicz v. Williams*, 630 F.3d 563, 566, (7th Cir, 2010) (citing Rule 65(d)(2)(C)).

"Supreme Court law as interpreted by the Seventh Circuit forbids pre-determining the question of whether an injunction binds a third party under Rule 65(d)(2) without first serving the third party and giving it an opportunity to be heard. *Pow! Entm't, LLC v. Individuals, Corps., Limited Liability Companies, Partnerships, and Unincorporated Ass'ns Identified on Schedule A,* 2020 U.S. Dist. LEXIS 154861, at*5-6 (N.D. Ill. Aug. 26, 2020*)*; (*citing Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Com'n.,* 511 F.3d 762, 766-67 (7th Cir. 2007); *United States v. Kirschenbaum*, 156 F.3d 784, 794-96 (7th Cir. 1998) (both applying *Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 110-11, 89 S. Ct. 1562, 23 L. Ed. 2d 129 (1969))).

"Whether a particular person or firm is among the parties' officers, agents, servants, employees, and attorneys; or other persons in active concert or participation with them (Fed. R. Civ. P. 65(d)(2)(B) and (C)) is a decision that *may be made only after the person in question is given notice and an*

*opportunity to be heard*." See *Lake Shore Asset Mgmt. v. CFTC*, 511 F.3d 762, 766-67 (7th Cir, 2007); see also *Nat'l Spiritual Assembly of the Bahá'ís of the United States Under the Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of the Bahá'ís of the United States, Inc.*, 628 F.3d 837, 853 (7th Cir, 2010) (a court establishes jurisdiction over a nonparty and offers the nonparty this opportunity to be heard before a nonparty may properly be held in contempt for violating an injunction); *BMW of N. Am., LLC v. Issa*, 2020 WL 1325278, 2020 U.S. Dist. LEXIS 49004, at*11-12 (D.Utah Mar. 20, 2020) (Rule 65(d)(2) "limits . . . the extent to which an injunction may be enforced against nonparties," … and enacts the policy "of not having order(s) or injunction(s) so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law.") (quoting *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 180 (1973)).

**Arguments**

I. **This Court did not intend to restrain Urbanmax or Fengshi-US' accounts and assets without further hearings at the time when the preliminary injunction orders were entered.**

Neither Urbanmax nor Fengshi-US' was named in the Court's preliminary injunction orders [Dkt. No. 113 & 147]. Therefore, Plaintiffs' later enforcement of the Courts' order against unnamed third parties, without proper authorization form this Court, is wrongful and violates Rule 65(d)(2)(C).

Due to Plaintiffs' wrongful enforcement of this Court's preliminary injunction orders, Urbanmax and Fengshi-US respectfully seek clarification from this Court as to whether this Court intended to restrain any unnamed third parties' accounts and assets without any further notice or hearing, at the time when the orders were entered.

II. **Alternatively, the preliminary injunction against Urbanmax or Fengshi-US must be vacated because no notice or hearing was given to Urbanmax or Fengshi-US.**

Enforcing the preliminary injunction orders against Urbanmax and Fengshi-US's accounts and assets requires that a notice and an opportunity to be heard be given, pursuant to *Lake Shore Asset Mgmt v. CFTC*, 511 F.3d 762 (7th Cir, 2007).

4

Here, Urbanmax and Fengshi-US have never been served with a notice or given an opportunity to be heard with respect to the enforcement of the preliminary injunction. Aff. of Zhang Ke, ¶5, Ex. 1; and Aff. of Zhang Chi, ¶5, Ex. 2. As shown in the case docket, no hearing was scheduled before Plaintiffs enforced the orders. Therefore, the enforcement of the preliminary injunction against Urbanmax and Fengshi-US violates Rule 65(d)(2)(C) and must be vacated.

Furthermore, Urbanmax and Fengshi-US were added as Schedule A Defendants on May 24, 2021. Rule 65(a) governs preliminary injunction ordered on parties. Here, the notice requirement under Rule 65(a)(1) is not satisfied. Therefore, the preliminary injunction against Defendants Urbanmax and Fengshi-US also violates Rule65 (a)(1) and must be vacated.

## Conclusion

Without proper advanced notice of the preliminary injunction motion or enforcement motion, Defendants were not given an opportunity to present any evidence. Therefore, Defendants respectfully request the Court clarify the scopes vacate the Preliminary Injunction ordered against Defendants.

Date: 06/18/2021

/s/ Tao Liu
Tao Liu, Esq.
**Glacier Law PLLC**
200 Park Ave, Ste 1703
NEW YORK, NY 10166
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 18, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 06/18/2021                                   /s/ Tao Liu