UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Hangzhou Chic Intelligent Technology Co. Ltd., and Unicorn Global, Inc.,

        *Plaintiffs*,

v.

The Partnerships and Unincorporated Associations Identified on Schedule "A"

        *Defendants*.

Case No.: 1:20-cv-04806

**Judge:** Honorable Thomas M. Durkin

**DEFENDANT GYROOR-US' ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT, DEFENSES AND COUNTERCLAIMS**

    NOW COME the Defendant Dongguan Saibotan Nengyuan Keji Co., Ltd. (d/b/a Gyroor-US) ("Gyroor-US" or "Defendant"), by and through its attorney, states and alleges as follows:

**ANSWER TO THIRD AMENDED COMPLAINT**

    **I.**    **IN ANSWER TO THE ALLEGATIONS OF NATURE OF ACTION**

1. Defendant admits that Plaintiffs filed this action for design patent infringement under the U.S. law. Defendant denies the infringement allegations of any design patent identified in the Third Amended Complaint [Dkt. No. 101] ("TAC").

2. Defendant admits that it is a e-commerce store. Defendant denies the infringement allegation of any design patent identified in the TAC.

3. Defendant denies the infringement allegations of any design patent identified in the TAC.

    **II.**    **IN ANSWER TO THE JURISDICTION AND VENUE**

4. Defendant admits that the Court has subject matter jurisdiction over the claims.

5. Defendant denies the infringement allegations of any design patent identified in the TAC.

1

### III. IN ANSWER TO THE ALLEGATIONS OF THE PARTIES

6. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.

7. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.

8. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.

9. Defendant admits that it owns and/or operates one of the storefronts identified in Schedule A and that it resides and/or operates in the People's Republic of China. Defendant lacks sufficient knowledge or information to either admit or deny other allegations, and accordingly denies.

10. Defendant admits it does not have substantial contacts within the United States and is a foreign entity operating an Amazon storefront. Defendant denies the infringement allegations of any design patent identified in the TAC. Defendant lacks sufficient knowledge or information to either admit or deny other allegations, and accordingly denies.

11. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.

12. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.

13. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.

### IV. IN ANSWER TO THE FACTUAL ALLEGATIONS

14. Defendant admits the Patents-in-Suit attached to TAC as Exhibit 2 identifies Hangzhou Chic Intelligent Co., Ltd. as the Assignee. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.

15. Admitted as to information in Exhibit 2 of the TAC.

16. Admitted as to information in Exhibit 2 of the TAC.
17. Admitted as to information in Exhibit 2 of the TAC.
18. Admitted as to information in Exhibit 2 of the TAC.
19. Admitted as to information in Exhibit 2 of the TAC.
20. Admitted as to information in Exhibit 2 of the TAC.
21. Admitted as to information in Exhibit 2 of the TAC.
22. Admitted as to information in Exhibit 2 of the TAC.
23. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.
24. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.
25. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.
26. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.
27. Defendant denies the infringement allegations of any design patent identified in the TAC.
28. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.
29. Denied.
30. Defendant denies the infringement allegations of any design patent identified in the TAC.
31. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.
32. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.
33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendant lacks sufficient knowledge or information to either admit or deny the allegations, and accordingly denies.

39. Denied.

40. Denied.

    V.    **IN ANSWER TO THE ALLEGATIONS OF COUNT I DESIGN PATENT INFRINGEMENT – PATENT NO. D737,723**

41. Defendant realleges and adopts for reference herein their answers to Paragraphs 1-40 of the TAC.

42. Denied.

43. Denied.

44. Denied.

    VI.    **IN ANSWER TO THE ALLEGATIONS OF COUNT II DESIGN PATENT INFRINGEMENT – PATENT NO. D738,256**

45. Defendant realleges and adopts for reference herein their answers to Paragraphs 1-44 of the TAC.

46. Denied.

47. Denied.

48. Denied.

    VII.    **IN ANSWER TO THE ALLEGATIONS OF COUNT I DESIGN PATENT INFRINGEMENT – PATENT NO. D784,195**

49. Defendant realleges and adopts for reference herein their answers to Paragraphs 1-48 of the TAC.

50. Denied.

51. Denied.

52. Denied.

    **VIII.** **IN ANSWER TO THE ALLEGATIONS OF COUNT II DESIGN PATENT INFRINGEMENT – PATENT NO. D738,256**

53. Defendant realleges and adopts for reference herein their answers to Paragraphs 1-52 of the TAC.

54. Denied.

55. Denied.

56. Denied.

## AFFIRMATIVE DEFENSES

    **I.** **FIRST AFFIRMATIVE DEFENSE**

1. One or more claims of the TAC fail to state a claim upon which relief may be granted.

    **II.** **SECOND AFFIRMATIVE DEFENSE**

2. One or more of the claims of the TAC are barred by the doctrines of waiver, acquiescence, estoppel, ratification, laches, and/or unclean hands.

    **III.** **THIRD AFFIRMATIVE DEFENSE**

3. Plaintiffs have not sustained damages.

    **IV.** **FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs have failed to mitigate damages, if any, relating to one or more claims of the TAC.

    **V.** **FIFTH AFFIRMATIVE DEFENSE**

5. Defendant has not infringed, and is not infringing, directly or indirectly by inducement, any valid and enforceable claim contained in U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195.

    **VI.** **SIXTH AFFIRMATIVE DEFENSE**

6. One or more of the Patents-in-Suit are invalid and/or unenforceable for failing to meet the requirements of 35 U.S.C. §§101, 102, 103, and/or 112 (pars. 1 and 2).

    **VII.** **SEVENTH AFFIRMATIVE DEFENSE**

7. One or more of the Patents-in-Suit are invalid, void, and/or unenforceable as the inventor and/or his attorneys failed to comply with the duty of candor required by the USPTO during their prosecution.

### VIII. EIGHTH AFFIRMATIVE DEFENSE

8. By reason of the proceeding in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the Patents-in-Suit, as shown by the respective patent file histories and the contents thereof, prosecution history or judicial estoppel applies to one or more claims of the Patents-in-Suit, hereby precluding a finding of infringement under the Doctrine of Equivalents.

### IX. NINTH AFFIRMATIVE DEFENSE

9. Defendant is engaged in activities in good faith and with innocent intent, thereby precluding Plaintiff, even if it prevails, from recovering treble damages, attorney's fees, and/or costs under 35 U.S.C. 284 and 35 U.S.C. 285.

### X. TENTH AFFIRMATIVE DEFENSE

10. The relief sought by Plaintiffs is barred in whole or in part by the terms of 35 U.S.C. sections 286 and 287.

### XI. ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' claims against Defendant are barred by *res judicata* and/or collateral estoppel.

### XII. TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiffs' claims against Defendant are barred by patent misuse.

//

//

//

//

//

//

//

//

## COUNTERCLAIMS

### JURISDICTION AND VENUE

1. The Counterclaims are brought by Defendant/Counterclaimant Dongguan Saibotan Nengyuan Keji Co., Ltd. (d/b/a Gyroor-US) ("Gyroor-US," "Defendant" or "Counterclaimant"), against Plaintiffs / Counterdefendants Hangzhou Chic Intelligent Technology Co., Ltd., and Unicorn Global, Inc. ("Plaintiffs" or "Counterdefendants") for declaratory judgment that U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit") are invalid, unenforceable and not infringed, either directly or indirectly by inducement, by Defendant's use, manufacture, sale, and offer for sale of products and technology as identified in the TAC.

2. This Court has jurisdiction over the Counterclaims under the federal question jurisdiction, 28 U.S.C. §1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367(a), the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, the patent laws, 35 U.S.C. § 1, et seq., and under Rule 13 of the Federal Rules of Civil Procedure.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1400(b), in that this case is an action for patent infringement arising under the patent laws of the United States and pursuant to 28 U.S.C. § 1391(b) and (c), as Plaintiffs/Counter defendants have a principal place of business and thereby reside in this judicial district, a substantial portion of the events giving rise to these Counterclaims occurred in this judicial district, and Plaintiffs are subject to personal jurisdiction of this Court having commenced its action in this Court.

### THE PARTIES

4. Defendant/Counterclaimant Dongguan Saibotan Nengyuan Keji Co., Ltd. (d/b/a Gyroor-US) is a Chinese company, incorporated in China, with its principal place of business in Dongguan, China.

5. Upon information and belief, both Plaintiff/Counterdefendant Hangzhou Chic Intelligent Technology Co., Ltd., and Unicorn Global, Inc. are Chinese companies, incorporated in China, with its principal place of business in Hangzhou, China.

## COUNT I - DECLARATORY JUDGMENT OF NONINFRIGEMENT

6. Defendant realleges and readopts each and every allegation set forth in Paragraphs 1 through 5 of these Counterclaims, inclusive, and incorporate them by reference as if fully set forth herein.

7. As shown in table below, Defendant's product is based on the unique design of U.S. Design Patent D808,857, of which Defendant obtained a license. *See* Ex. 1.



8. Since *Egyptian Goddess, Inc. v. Swisa, Inc.*, the sole test for determining whether a design patent has been infringed is the "ordinary observer" test. Under the "ordinary observer" test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing . . . purchase [of] one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008).

9. The "ordinary observer" test requires the fact finder to "compare similarities in overall designs, not similarities of ornamental features in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien*, Inc., 796 F.3d 1312, 1335 (Fed. Cir. 2015). While the test is not an "element-by-element" comparison, the fact finder must "consider the ornamental features and analyze how they impact the overall design." *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343, (Fed. Cir. 2020), *see also Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010)

10. It is obvious that Defendant's Licensed Patent D808,857 has a unique design from the Patents-in-Suit, namely the shape and size of the fenders that cover the wheels and the curved lines on the boards surface. In view of the ornamental features and ornamental aspects of functional features of the alleged infringing Gyroor-US' products, an ordinary observer, taking into account the prior art, would not consider that the Gyroor-US' products are of the same design shown in D737,723. No reasonable factfinder could find the ordinary observer test met here because the ordinary observer would be drawn to those aspects of the claimed design that differ from the prior art and could not conclude that the alleged Gyroor-US products appropriated those aspects.

11. In view of limitations contained in the claims of the Patents-in-Suit, those claims are not and cannot be infringed by the use, manufacturing, sale, and offer for sale of certain hover boards by Defendant, either directly or indirectly by inducement, as alleged in the TAC.

12. Upon information and belief, in view of the prosecution history or judicial estoppel which applies to the claims of the Patents-in-Suit, those claims are not infringed by and are not and cannot be infringed by the use, manufacturing, sale, and offer for sale of certain hover boards by Defendant, either directly or indirectly by inducement, as alleged in the TAC.

13. Defendant is entitled to a declaratory judgment that Defendant has not and is not infringing or inducing the infringement of the Patents-in-Suit, either directly or indirectly.

14. As a direct and proximate result of the aforementioned acts of Plaintiffs, Defendant has been damaged through Plaintiffs' assertion of infringement of a patent which is not infringed, in an amount which cannot presently be ascertained.

15. Upon information and belief, the actions of Plaintiffs in causing the aforementioned damages were made willfully, wantonly and maliciously against Defendant.

16. Defendant is informed and believes, and therefore avers, that unless restrained by an Order from this Court, Plaintiffs will continue the aforementioned acts, to Defendant's irreparable injury, for which Defendant has no adequate remedy at law.

17. This is an exceptional case under 35 U.S.C. § 285, entitling Defendant to recover reasonable attorneys' fees and other relief.

**COUNT II - DECLARATORY JUDGMENT OF PATENT INVALIDITY**

18. Defendant realleges and readopts each and every allegation, set forth in Paragraphs 1 through 17 of these Counterclaims, inclusive, and incorporate them by reference as if fully set forth herein.

19. The Patents-in-Suit are substantially similar to U.S. Design Patent D739,906. *See* Ex. 2.

20. Defendant is entitled to a declaratory judgment that the claims of the Patents-in-Suit are invalid and/or unenforceable under 35 U.S.C. §§101 *et seq.*, for failing to meet the requirements of at least 35 U.S.C. §§101, 102, 103, and/or 112.

21. As a direct and proximate result of the aforementioned acts of Plaintiffs, Defendant has been damaged through Plaintiffs' assertion of infringement of a patent which is not infringed, in an amount which cannot presently be ascertained.

22. Upon information and belief, the actions of Plaintiffs in causing the aforementioned damages were made willfully, wantonly and maliciously against Defendant.

23. Defendant is informed and believes, and therefore avers, that unless restrained by an Order from this Court, Plaintiffs will continue the aforementioned acts, to Defendant's irreparable injury, for which Defendant has no adequate remedy at law.

24. This is an exceptional case under 35 U.S.C. § 285, entitling Defendant to recover reasonable attorneys' fees and other relief.

## COUNT III - VIOLATION OF ANTI-TRUST LAW
### (Federal Antitrust Acts; Sherman Antitrust Act)

25. Defendant realleges and readopts each and every allegation set forth in Paragraphs 1 through 24 of these Counterclaims, inclusive, and incorporate them by reference as if fully set forth herein.

26. Plaintiffs filed multiple cases alleging patent infringement with concurrently file *ex parte* application for various reliefs including temporary restraining order.

27. More specifically, upon information and belief, Plaintiffs obtained preliminary injunction without even serving or noticing defendants.

28. By filling multiple lawsuits and preliminary injunctions against hundreds of defendants, Plaintiffs engaged in practices that create a monopoly in hoverboard industry.

29. Indeed, where two of the lawsuits were brought against this Defendant including two preliminary injunctions were granted against the same Defendant, Plaintiffs engaged in anticompetitive practices.

30. Upon information and belief, Plaintiffs knew or should have known that multiples defendants' hoverboards were made in accordance with their own patents.

31. Upon information and belief, Plaintiffs engaged in a scheme that restraining defendants' business, pressure small business defendant, settled with defendants and with a license agreement.

32. Upon information and belief, the actions of Plaintiffs in causing the aforementioned damages were made willfully, wantonly and maliciously against Defendant.

33. Defendant is informed and believes, and therefore avers, that unless restrained by an Order from this Court, Plaintiffs will continue the aforementioned acts, to Defendant's irreparable injury, for which Defendant has no adequate remedy at law.

## COUNT X - MALICIOUS PROSECUTION
### (State Law Claim)

34. Defendant realleges and readopts each and every allegation set forth in Paragraphs 1 through 33 of these Counterclaims, inclusive, and incorporate them by reference as if fully set forth herein.

35. "In order to establish a malicious prosecution action, the plaintiff must allege facts showing: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick v. Liataud*, 169 Ill. 2d 504 (1996).

36. Plaintiffs filed multiple cases alleging patent infringement with concurrently file *ex parte* application for various reliefs including temporary restraining order.

37. Upon information and belief, Plaintiffs knew or should have known that multiples defendants' hoverboards were made in accordance with their own design patents.

38. Plaintiffs ignored their duties under the Federal Rule of Civil Procedure, and obtained preliminary injunction through multiple misrepresentation, and omission to properly notice defendants.

39. Upon information and belief, Plaintiffs engaged in a scheme that restraining defendants' business, pressure small business defendant, settled with defendants and with a license agreement.

40. Upon information and belief, the actions of Plaintiffs in causing the aforementioned damages were made willfully, wantonly and maliciously against Defendant.

41. Defendant is informed and believes, and therefore avers, that unless restrained by an Order from this Court, Plaintiffs will continue the aforementioned acts, to Defendant's irreparable injury, for which Defendant has no adequate remedy at law.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant pray that

    a) That Plaintiffs be denied all relief against Defendant;

b) That the Patents-in-Suit be declared invalid and unenforceable;

c) That Defendant be declared not to have infringed the Patents-in-Suit, either directly, contributorily, or indirectly by inducement, literally or under the Doctrine of Equivalents;

d) That Plaintiffs' TAC be dismissed with prejudice and judgment entered in favor of Defendant;

e) That Plaintiff takes nothing by way of this action;

f) That Defendant be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper;

g) Defendants be awarded compensatory, statutory and punitive damages on its counter claims.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on any issue triable of right by jury.

Date: 06/23/2021

/s/ He Cheng
He Cheng, Esq.
200 Park Avenue, Suite1703
New York, NY 10166
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 23, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 06/23/2021　　　　　　　　　　　　/s/ He Cheng
　　　　　　　　　　　　　　　　　　　　He Cheng, Esq.