IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4806 |
| v. | ) ) ) | Judge Thomas M. Durkin |
| | ) | Magistrate Judge Jeffrey Cole |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF MARWA A. ABDELAZIZ
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FENGCHI AND URBANMAX'S
MOTION TO CLARIFY OR VACATE THE PRELIMINARY INJUNCTION**

I, Marwa Abdelaziz, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of New York. I have been admitted *pro hac vice* to practice before this Court in the instant action.

2. I have personally reviewed all materials provided in the attached Exhibits. If called as a witness, I could and would testify to the statements made herein.

3. On December 4, 2020, attorney Stephen Vegh contacted Plaintiffs' counsel, holding himself out to represent Gyroor. On December 6, 2020, Plaintiffs' counsel sent Mr. Vegh a copy the relevant moving papers and orders relating to the Third Amended Complaint (in which all defendant names were redacted from the schedule except Gyroor-US), the Temporary Restraining Order, and the first Preliminary Injunction Order ("PI Order"), including the Notice of Motion for the PI Order. A true and correct copy of the December 2020 correspondences between Mr. Vegh and Plaintiffs' counsel is enclosed as Exhibit 1.

4. In January 2021, Plaintiffs discovered the storefronts for Fengchi-US and Urbanmax ("Affiliated Defendants"). Plaintiffs believed Affiliated Defendants to be affiliates of Gyroor-US because Urbanmax was selling the same Gyroor-branded products as Gyroor-US, and Fengchi-US was offering to sell products that had Amazon Standard Identification Numbers ("ASIN") associated with Gyroor-branded products. Plaintiffs also recently discovered a Facebook page for an entity called "Urbanmax Gyroor" that advertises Gyroor products and includes the description "Gyroor Sister Brand: Urbanmax." A true and correct copy of these online screenshots are included as Exhibit 2.[1]

5. Plaintiffs requested that Amazon take down Affiliated Defendants' stores and freeze their assets in compliance with the PI Order. Amazon informed Plaintiffs on February 17, 2021, that Affiliated Defendants' accounts had been frozen. A true and correct copy of the correspondences between Plaintiffs' counsel and Amazon is enclosed as Exhibit 3.

6. On February 16, 2021, then-counsel for Gyroor-US Danielle McKinley contacted Plaintiffs' counsel to ask whether certain "storefronts" are involved in the case, including Fengchi-US and Urbanmax. Plaintiffs had not discussed Affiliated Defendants with Gyroor-US's counsel prior to February 16, 2021. On February 22, 2021, Plaintiffs' counsel told Gyroor-US's counsel that Fengchi and Urbanmax's assets were restrained because they were "stores that we believe are related [to Schedule A defendants] and were discovered after filing the complaint." Ms. McKinley followed up two days later, stating, "We would like to discuss potentially stipulating to a modification of the preliminary injunction…" A true and correct copy of these correspondences is enclosed as Exhibit 4.

---

[1] On the screen capture of the "Urbanmax Gyroor" Facebook page, Plaintiffs redacted images and names of individuals who appear to be following the page.

2

7. Again on March 3, 2021, Plaintiffs' counsel and Gyroor-US's then-counsel corresponded regarding the status of several entities believed to be Gyroor-US affiliates, including Fengchi and Urbanmax. Mr. Vegh asked Plaintiffs' counsel to clarify which storefronts were named in Schedule A and which were categorized as "affiliates" for the purpose of streamlining discovery and coordinating future "motions to amend/vacate injunction orders." Plaintiffs provided Mr. Vegh with a complete list of stores affiliated with Gyroor, which included Urbanmax and Fengchi-US. A true and correct copy of this email is enclosed as Exhibit 5.

8. On May 4, 2021, the Glacier Law Firm ("Glacier"), which had replaced Mr. Vegh and Ms. McKinley as Gyroor-US's counsel, appeared on behalf of Urbanmax. On May 10, 2021, the Court ordered Plaintiffs and Urbanmax to meet and confer regarding a potential motion to dismiss and file a joint status report. On May 13, 2021, Plaintiffs sent Urbanmax a proposed joint status report reflecting the contents of the meet and confer, in which Plaintiffs offered to drop Urbanmax as a defendant and remove any restraint on its assets on the condition that it provide an affidavit stating that Urbanmax was not acting in concert or related in any way to Gyroor-US or its affiliates. Urbanmax signed off on the proposed report and agreed to provide the requested affidavit on the evening of May 13, 2021. A true and correct copy of the correspondences between Urbanmax's counsel and Plaintiffs' counsel is enclosed as Exhibit 6.

9. Urbanmax did not send the aforementioned affidavit on May 13, 2021. Rather, on May 25, 2021, Urbanmax filed an affidavit with the Court that was materially different from what the parties had agreed to on May 13, 2021. Plaintiffs' counsel emailed Urbanmax's counsel, informing them that the affidavit they submitted did not address: 1) being "related or affiliated" to Gyroor-US in any way; 2) "acting in concert or participation with Gyroor-US"; and 3) interactions

or affiliations with entities that are related or affiliated with Gyroor-US. A true and correct copy of this email is enclosed as Exhibit 7.

10. Plaintiffs requested that Urbanmax resubmit their affidavit to address the deficiencies identified. Urbanmax responded that it was "not interested in resubmitting an affidavit at this point. Urbanmax will appeal the preliminary injunction order and seek damage accordingly." To the top of this response, Urbanmax's counsel appended the phrase "subject to FRE 408." Effectively, Urbanmax elected to remain as a defendant rather than accept voluntary dismissal and unfreezing of its assets. Exhibit 7.

11. On June 3, 2021, Glacier informed Plaintiffs' counsel that it was representing Fengchi-US and requested a meet and confer on a motion to vacate the PI Order. Plaintiffs responded that they "are willing to offer Fengchi-US the same deal we offered Urbanmax and Gaodeshang." Fengchi-US did not accept Plaintiffs' deal. A true and correct copy of this correspondence is enclosed as Exhibit 8.

12. On May 24, 2021, Glacier informed Plaintiffs' counsel that "Defendant Runchenyun intends to file a motion to vacate preliminary injunction." Runchenyun has since been voluntarily dismissed from this case. A true and correct copy of this email is enclosed as Exhibit 9.

13. On May 25, Glacier informed Plaintiffs' counsel that "Defendant **Gyroor** intends to file a motion to dismiss and;/or vacate preliminary injunction." A true and correct copy of this email is enclosed as Exhibit 10.

14. On June 3, 2021, Glacier stated that "Preliminary injunction was improper in this case against multiple Defendants." Glacier stated that these multiple defendants planned to move to vacate the PI Order, without specifying which defendants he was referring to. After Plaintiffs'

4

counsel asked Glacier to clarify which defendants were planning to move to vacate, Glacier explained that it was referring to "all five defendants currently represented by us, **Gyroor**, **Runchenyun**, **Urbanmax**, **Gaodeshang** and **Fengchi-US**." Glacier proposed a briefing schedule that afforded Plaintiffs two weeks to respond. Plaintiffs countered that a three week response period would be more appropriate, given their belief that the motion was being filed on behalf of five differently situated defendants. Exhibit 8.

15. On June 14, 2021, Glacier informed Plaintiffs' counsel that "Eight Defendants (Tomoloo Flagship, Tomoloo TC, Tomoloo DX, Tomoloo INT, Tomoloo Official, TOMOLOO INE, TOMOLOO Franchise, TOMOLOO-US) will file a motion to vacate preliminary injunction based on lack of notice under Rule 65(a)." Glacier asked Plaintiffs if they would agree to file a response in two weeks. Plaintiffs responded that 30 days for a response brief would be more appropriate, given that, at the time, Glacier had represented that a total of thirteen defendants would be filing the motion to vacate. A true and correct copy of this email is enclosed as Exhibit 11.

16. On June 16, 2021, Plaintiffs' counsel and Defense counsel met and conferred on a number of topics, among them being the briefing schedule for a motion to vacate the PI Order. Glacier again represented that the eight Tomoloo Defendants would be included in the motion to vacate, therefore Plaintiffs insisted on a 30 day response time. The parties could not agree to a briefing schedule as Glacier would not agree to more than 15 days and Plaintiffs' counsel would not agree to less than 25 days. This meet and confer was memorialized in an email sent to Defense counsel on June 17, 2021. A true and correct copy of this email is enclosed as Exhibit 12. At no time prior to filing did Glacier represent to Plaintiffs that only Fengchi-US and Urbanmax would be moving to vacate the PI Order.

I declare under penalty of perjury that the foregoing is true and correct.


Date:   July 2, 2021              /s/ *Marwa Abdelaziz*
        New York, NY              Marwa Abdelaziz

                                  *Attorney for Plaintiffs*