# EXHIBIT 5

| | |
|---|---|
| **From:** | Christopher Binns <cbinns@loeb.com> |
| **Sent:** | Wednesday, March 24, 2021 2:35 PM |
| **To:** | 'Stephen Vegh' |
| **Cc:** | dmckinley@rmpartnerslaw.com; Adam Kelly |
| **Subject:** | RE: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists |
| **Attachments:** | Gyroor - Tomoolo List 3-3-2021 (20-cv-4806) (updated).xlsx |

Counsel:

Attached is an updated spreadsheet. As an initial matter, Plaintiffs object to your characterization of a "piecemeal" approach to this litigation, especially where it was your clients that chose to both move to dismiss and to answer in this case. Thus, Plaintiffs cannot agree to pause discovery on all the Gyroor and Tomoloo Defendants when these Defendants have chosen to approach this litigation in two distinct ways.

As you will see in the attached there is no substantive difference from the information you were previously provided on March 3, 2021. Therefore we see no justification for a three-week extension of the discovery deadline, as you were in possession of the complete list of stores that relate to your clients. Regardless of whether your clients were on Schedule A or an affiliate, your clients are required to compile the requested sales figures which you agreed to produce. And as you are aware, without the sales figures, Plaintiffs cannot request a proportional freeze from Amazon (or any other third-party seller platform)—which we understand would be the basis of your potential request for relief from the Court. Nonetheless, we are willing to agree to a one-week extension to the discovery deadline to avoid any unnecessary motion practice.

Lastly, regarding the sufficiency of the arguments on the merits raised in your client's Non-Infringement, Invalidity, and Unenforceability Contentions, Plaintiffs will provide its response under the Local Patent Rules in due time when required.

All the best,
CB

**Christopher Binns**
LOEB & LOEB LLP | ATTORNEY AT LAW
345 PARK AVENUE | NY, NY 10154
(212) 407-4213 | cbinns@loeb.com


**Christopher Binns**
*Attorney At Law*



345 Park Avenue | New York, NY 10154
**Direct Dial:** 212.407.4213 | **Fax:** 646.349.1805 | **E-mail:** cbinns@loeb.com
Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong | www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

**From:** Stephen Vegh <svegh@veghlaw.com>
**Sent:** Tuesday, March 23, 2021 11:03 PM
**To:** Christopher Binns <cbinns@loeb.com>; Adam Kelly <akelly@loeb.com>
**Cc:** dmckinley@rmpartnerslaw.com
**Subject:** Fwd: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists
**Importance:** High

Counsel,

I'm reaching out to you once again to try to resolve the issue raised below that remains unresolved. As we'd discussed on our call a couple weeks ago, judicial economy and litigation efficiency would be promoted if Plaintiffs identified once and for all which of the storefronts accused of selling accused hoverboards are on the party Defendant "list" and which are on the non-Defendant, "frozen" storefront "list". If you provide this information, my client may then be able to (1) evaluate it's settlement position in view of a potential global resolution, rather than piecemeal resolution; (2) provide information at the same time that shows which storefront accounts have been unreasonably restricted in excessive amounts, based on revenues attributable to accused product sales, thereby avoiding piecemeal motions to amend/vacate injunction orders; (3) streamline discovery so that responses are due from Defendants at the same time, rather than staggered. Unfortunately to date your office has not provided the two "lists".

Relatedly, the Tomoloo Answering Defendants believe there is not a likelihood of success on the merits to Plaintiffs' claims against the five Tomoloo Answering Defendants, for the reasons set forth in their Non-Infringement, Invalidity, Unenforceability Contentions. Also, the current deadline for the Tomoloo Answering Defendants to respond to Plaintiffs' discovery is next Monday, March 29. As mentioned above, it would make sense to have discovery due from all defendants at the same time. But in order for that to happen, we'd know to know who all the Defendants are on the Schedules to the Third Amended Complaint, which as mentioned Plaintiffs have not yet provided.

I would prefer to resolve these issues informally, without the need for Court intervention on piecemeal motions to amend/vacate preliminary injunction orders.

Defendants request Plaintiffs to confirm whether they'll turn over the requested "lists", and if so when. Also, will Plaintiffs agree to supend the deadline for Tomoloo Answering Defendants to respond to discovery until the requested information has been provided? In the alternative, Tomoloo Answering Defendants request a three-week extension to respond to Plaintiffs' discovery. Please advise by the close of business March 25, 2021.

Thank you,

Stephen Vegh


----- Forwarded message from Stephen Vegh <svegh@veghlaw.com> -----
  Date: Thu, 04 Mar 2021 17:43:49 -0500
  From: Stephen Vegh <svegh@veghlaw.com>
Subject: Re: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists
   To: Christopher Binns <cbinns@loeb.com>
   Cc: Danielle McKinley <dmckinley@rmpartnerslaw.com>, Adam Kelly <akelly@loeb.com>

Chris,

Which on your current list are Shedule "A" storefronts (Plaintiff has or may identify as party defendants in this matter) and which are what you've characterized as non-party "affiliate" storefronts (whose Amazon accounts Plaintiff has froze or may freeze shortly)?  It's my understanding Runchengyun, Jiangyou-US, and Tomoloo-NX are Schedule A storefronts based on I believe Plaintiff's prior representations.  I ask this because as a follow-up to our call the other day wherein we discussed how it may make sense to have a set response time for all party-defendants along with having any injunction modifications done at the same time rather than piecemeal.

Thanks for clarifying.

Stephen Vegh

Quoting Christopher Binns <cbinns@loeb.com>:

I'm using Mimecast to share large files with you. Please see the attached instructions.

Counsel,

Attached is a complete list of stores affiliated with Gyroor and Tomoloo as of March 3, 2021.  As we discussed, if we find any additional stores, we will approach you prior to approaching Amazon.  However, as you are aware, any additional requests to Amazon can be avoided if your client abides by the preliminary injunction order.

Also attached are copies of the infringing products for all stores except the ones listed below, which will be forthcoming in either a screen shot or a declaration from our client describing the infringing product that the client previously observed but which may no longer be available.

Gyroor:

| Store Name | Amazon ID |
|---|---|
| zhonghongxin-us | A25PYSLZ5XW50W |
| honghaiya-us | AIFII05V4L3I3 |
| shanchun-us | A2NUD2WSEZ9ZT |
| rongjiamaoyi-us | A2DA8CSKTCC66B |
| Urbanmax | A2YJ4WYCO1L51J |

Tomoloo:

| Store Name | Amazon ID |
|---|---|
| Smavt | A15KLREW50H5QW |

All the best,

4

CB



Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

----- End forwarded message -----



Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

5

| Gyroor Amazon | | | Gyroor eBay | |
|---|---|---|---|---|
| **Seller Name** | **Schedule A/Affiliate** | **Amazon Merchant ID** | carrie_yux-5** | Schedule A |
| Runchenyun | Schedule A | AW9IVF0R92969 | mijia_store** | Schedule A |
| Gyroshoes | Affiliate | A2ARNHQ8SVCIBQ | pauta60** | Schedule A |
| JIANGYOU-US** | Schedule A | A2WDDE8MIQH0TE | skateboardstore2012** | Schedule A |
| Gyroor** | Affiliate | AHGEGWXX7DCPQ | smg-store** | Schedule A |
| Fengchi-US** | Affiliate | A11ZZ2BGHTDJWC | strongjennie** | Schedule A |
| GYROOR US** | Schedule A | A57BIIPQ5F3FT | therealbeerguy** | Schedule A |
| GaodeshangUS** | Affiliate | AYN6OZNVZ6M1Q | 2013tankstrong001** | Schedule A |
| hgsm** | Affiliate | A18SI7S9NCFNDA | | |
| Lison ET** | Affiliate | A2NLQKWD7CGXGK | | |
| zhonghongxin-us | Affiliate | A25PYSLZ5XW50W | | |
| honghaiya-us | Affiliate | AIFII05V4L3I3 | | |
| shanchun-us | Affiliate | A2NUD2WSEZ9ZT | | |
| rongjiamaoyi-us | Affiliate | A2DA8CSKTCC66B | | |
| Urbanmax** | Affiliate | A2YJ4WYCO1L51J | | |

**** Indicates that the Accounts are frozen**

| Tomoloo Amazon | | |
|---|---|---|
| Seller Name | Schedule A/Affiliate | Amazon Merchant ID |
| TOMOLOO** | Schedule A | AID3SH3YPRL1E |
| TOMOLOO Franchise | Schedule A | A345B08PGN8LUO |
| TOMOLOO INE** | Schedule A | A2A3MNSAIX1437 |
| TOMOLOO-US | Schedule A | A2FO3ELK9A4COF |
| Tomoloo Flagship | Schedule A | A1ZP3NP8NRL3DB |
| Tomoloo TC | Schedule A | A1DXERU83AK4IX |
| Tomoloo DX | Schedule A | A23EA08Y88EE4M |
| Tomoloo INT | Schedule A | A35351AV5611LB |
| TOMOLOO-AOX (Aoxtech)** | Affiliate | AXGAWQK8OGS24 |
| TOMOLOO Offical | Schedule A | A22EGLUS9AQ3WA |
| TOMOLOO-NX** | Schedule A | AK2XZM4Y8NUHN |
| Better TOMOLOO** | Schedule A | A2UBVN107UWO9C |
| MANDOYOU | Affiliate | A1EWFJP84JPI5D |
| Smavt** | Affiliate | A15KLREW50H5QW |

| Tomoloo eBay | |
|---|---|
| digitalplus2018 | Schedule B |
| liquidationdepotla | Schedule B |

**\*\* Indicates that the Accounts are frozen**