# EXHIBIT 8

**From:** Neil Nandi <nnandi@loeb.com>
**Sent:** Monday, June 7, 2021 11:00 AM
**To:** robin.cheng@glacier.law
**Cc:** Adam Kelly <akelly@loeb.com>; Tao Liu <tao.liu@glacier.law>; Tom. M <ruoting.men@glacier.law>; Iris Ju <iris.ju@glacier.law>
**Subject:** RE: RE: 20-cv-4806 - Meet and Confer re Multiple Defendants

Robin,

We believe three weeks is more appropriate for a response brief, and we are willing to allow two weeks (plus a day for the holiday) for a reply. We therefore propose the following schedule on a motion to vacate: motion filed no later than June 10, response due by July 1, reply due by July 16. For the contemplated preliminary injunction in the alternative: Plaintiffs' motion for PI filed no later than July 1 (Plaintiffs at the same time would also move for a TRO in the alternative), response to motion for PI due on July 26, reply in support of PI due on August 6.

As to your request for correspondence between Plaintiffs' counsel and Gyroor-US's counsel, we respectfully suggest that you request such correspondence from your clients or from your clients' outside counsel, which have the same access to such materials that Plaintiffs have. Plaintiffs will not expend their own resources assembling transition-of-representation materials for you and your clients. To the extent your clients move to vacate without investigating the factual basis for such a motion—and the request for materials implies no such investigation—Plaintiffs will seek appropriate relief.

I will be waiting for your call at 1 PM. I am not sure what topics or "other issues" we plan to address on that call, since it seems that this correspondence has resolved the outstanding issues, but I look forward to speaking and can take any subjects discussed under advisement.

Neil

**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Friday, June 4, 2021 3:14 PM
**To:** Neil Nandi <nnandi@loeb.com>
**Cc:** Adam Kelly <akelly@loeb.com>; Tao Liu <tao.liu@glacier.law>; Tom. M <ruoting.men@glacier.law>; Iris Ju <iris.ju@glacier.law>
**Subject:** Re: RE: 20-cv-4806 - Meet and Confer re Multiple Defendants

**This email originated from outside of Loeb's Network.**

Neil,

Since Plaintiff disagreed with Defendant's (except Defendant Runchenyun) position on the Rule 65 violation/deficiency, Defendants have no other options but to move to the Court to vacate the preliminary injunction.
Please let us know if Plaintiff would agree to the following briefing schedule:

==Plaintiff's response: 2 weeks after Defendants' motion is filed==
==Defendants' reply: 1 week after Plaintiff's response is filed==

I responded to other issues raised in your email in red below.

Regards,

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
----

**From:** Neil Nandi
**Date:** 2021-06-04 15:13
**To:** robin.cheng@glacier.law
**CC:** Adam Kelly; Tao聽Liu; Tom.聽M; Iris聽Ju
**Subject:** RE: RE: 20-cv-4806 - Meet and Confer re Multiple Defendants
Robin,

We did not previously address Rule 65 or state a position on it because your most recent email was the first time you mentioned Rule 65. To the extent you are inviting an exchange of letters regarding the merits of Defendants' proposed motion, we respectfully decline. That is what briefing or a meet-and-confer conference is for. Additionally, your 3 PM deadline for a response was unreasonable. Some form of injunctive relief has been in effect since the fall of last year. No urgency can plausibly exist to address an issue that could have been addressed any time since even before Gyroor-US filed an appearance nearly five months ago. Please be advised that, in the future, Plaintiffs' will not abide by arbitrary, unilaterally-imposed deadlines demanding responses in less than a day.

That noted, we will make Plaintiffs' position unequivocal: ==Plaintiffs do not believe any notice deficiency exists and Plaintiffs will not consent to vacating the PI.== (Thank you for making Plaintiff's position clear) Although your email repeated the same bolded and italicized language several times and claimed the issue does not require complex legal analysis, you never stated ==what the alleged problem with notice was and we are not seeing the issue.== (The ***preliminary injunction was wrongful***. Defendants understand that Plaintiff is taking a different position on this issue. ) Gyroor-US had notice of the proceedings in October 2020 at the time of the TRO. ==We even directly corresponded with counsel for Gyroor weeks before the hearing on the modified preliminary injunction that is currently in effect==. (Please provide us with a copy of the correspondent that you mentioned. Thank you)

As to the three defendants who have not been served, as we stated in our recent motion to amend and have repeated to you on several occasions, they are bound indirectly to the PI because of their affiliation with, or

2

acting in active concert or participation with, Gyroor-US. Those parties' desire to expend resources litigating—including filing an appeal before ever raising a challenge in the District Court—instead of disclaiming the conditions under which they are bound to the PI is telling.

As to Runchenyun, it is no longer a party in Case No. 20-cv-4806. It is, however, still bound by a PI in Case No. 20-cv-5905, which Runchenyun has unsuccessfully attempted to vacate. In addition to the issues noted above, Plaintiffs therefore do not understand how Runchenyun's proposed motion would have any practical effect even if granted. (The dismissal is noted, Defendant Runchenyun is excluded from the motion to vacate PI in this case)

In spite of the above, if Defendants still insist on filing a motion to vacate on the basis of lack of notice, the clearest solution is Plaintiffs' opposing while also cross-moving in the alternative for a new TRO and PI, with immediate effect. (Please let us know if you have a proposed briefing schedule ) Presumably doing so would moot whatever notice concerns Defendants raise, regardless of how unfounded such concerns are. Of course, if Defendants seek to meet and confer on such a motion for a new TRO or PI under Rule 65, that meet and confer would have to occur at the same time as a meet and confer on a motion to vacate.

On that note, Defendants still have not responded to our request for times for a meet and confer. In the interim, my availability on Monday is now 10 AM to 1:30 PM CDT, (I will give you a call at 1:00 PM CT on Monday to discuss other issues) though I also have some time Tuesday afternoon and various windows on Wednesday. Please propose several options for early next week, as I am not able to hold times indefinitely.

Best,

Neil


**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Thursday, June 3, 2021 8:14 PM
**To:** Neil Nandi <nnandi@loeb.com>
**Cc:** Adam Kelly <akelly@loeb.com>; Tao聽Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>; Iris 聽Ju <iris.ju@glacier.law>
**Subject:** Re: RE: 20-cv-4806 - Meet and Confer re Multiple Defendants


Neil,

Under Rule 65, "the court may issue a preliminary injunction **_only on notice to the adverse party_**."
Non of the five Defendants received notice, which is a clear Rule 65 violation.
Because of this Rule 65 violation, Defendants will move to vacate the preliminary injunction.

Your entire email did not touch the Rule 65 violation, which is the legal issue Defendants try to meet and confer with Plaintiff here.
If Plaintiff agrees that *none of the five Defendants received notice as requested under Rule 65*, we would like to know whether Plaintiff would consent to a joint motion to vacate the preliminary injunction for all five Defendants.
If Plaintiff disagree with the fact that *none of the five Defendants received notice as requested under Rule 65*, please make Plaintiff's position clear in your response.

The issue that Defendants try to meet and confer with Plaintiff, "*none of the five Defendants received notice as requested under Rule 65,*" is straightforward and does not require complex legal analysis.

Your avoidance of stating Plaintiff's position unequivocally on this issue only prevents the parties from moving forward with this litigation.

While whether Defendants would accept Plaintiff's offer of a conditional dismissal can certainly be discussed, it is not relevant to this meet and confer request.

Please provide us with Plaintiff's position on the issue "**none of the five Defendants received notice as requested under Rule 65**" by 3:00 PM CT tomorrow 06/04/2021.

If there is any condition that truly prevents you from ascertaining whether Plaintiff properly notified any of the five Defendants as requested under Rule 65, please let us know.

Regards,

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
----

**From:** Neil Nandi
**Date:** 2021-06-03 19:38
**To:** robin.cheng@glacier.law
**CC:** Adam Kelly; Tao聽Liu; Tom.聽M; Iris聽Ju
**Subject:** RE: RE: 20-cv-4806 - Meet and Confer re Multiple Defendants

Robin,

We observe that you are emailing on two separate email chains, seemingly about the same subject matter, though that is somewhat unclear. Regardless of why two email chains exist, it only serves to confuse issues we are discussing. This email responds to both email chains.

To begin, to accuse us of bad faith for refusal to schedule a meet and confer is plainly false  Please recall that you proposed a single hour for this entire week to meet, and you proposed it less than 36 hours beforehand. Objectively, Plaintiffs' inability to accommodate a single one-hour window in the course of an entire work week, on short notice, is not a refusal to schedule a meeting. I did not agree to meet at 2 PM today, but I offered you a five-hour window two business days later. But you refused on the assertion that some urgency exists. Plus, Counsel's behavior belies that narrative. If there was such an urgency that Counsel could not wait two business days for a meet and confer conference, then Counsel would have (i) responded sooner to my May 28 email, in which I offered to schedule the meet and confer, (ii) proposed a time that was sooner than six days after that May 28 email, and (iii) avoided waiting months after any asset restraint to raise these issues. Simply put, to accuse Plaintiffs of bad faith because of Counsel's various delays is disingenuous, let alone unhelpful to moving this case forward.

Next, because Defendants are making an issue out of a matter as simple as scheduling a meet and confer, you should appreciate Plaintiffs' understanding of the facts, regardless of how unusual this exercise may be:

1. On Thursday, May 27, at 5:34 PM (all times CDT), you emailed me to say that Defendant Runchenyun intends to move for damages and to request a meet and confer.
    a. On Friday, May 28, at 10:09 AM, I responded and requested times when you would be available for a meet and confer. I suggested pairing the meet and confer with the Gyroor 26(f) conference. At 10:07 AM, I had emailed you regarding the Gyroor-US 26(f) conference and requested that you propose times "next week" (week of June 1) when you are available. I also requested one business days' notice of the rule under which Runchenyun intends to move, which was particularly relevant because Plaintiffs' had already moved to dismiss Runchenyun after your request to vacate earlier that week.
    b. At 2:41 AM on Wednesday June 2—over 100 hours and nearly two full business days after I requested that you propose times for a meet and confer—you replied and suggested a single time all week: 2 PM CDT the next day. And you failed to state under what rule Runchenyun intended to move.
    c. At 4:09 PM on Wednesday June 2—less than 14 hours after you sent your email—I wrote back to reiterate that we cannot have a meaningful meet and confer meeting absent one business days' notice as to the rule under which Runchenyun intends to move. In that email, I never agreed to the proposed 2 PM time. That we had not yet agreed upon a time to confer was the clear inference of my statement.
    d. At 10:33 AM this morning, June 3, you wrote saying "That works for us" and stating that you would see if Iris could join to discuss 20-cv-5905. You still had not identified under what rule Runchenyun intends to move.
    e. I was confused by your email because there was no discussion of timing. I therefore replied an hour and a half later to say that there may be a miscommunication regarding scheduling, and asking you for times on Monday when you are available. I also stated that we could move the Gyroor 26(f) conference to a different day, because of the Court's temporary stay, which was announced for the first time this morning.
2. An hour and a half later, at 1:35 PM, you sent an email in a brand new chain. Your email was two sentences, which stated in the text and in the subject line that you were writing on behalf of "multiple Defendants." You also announced that "Defendants" (unnamed) "will" discuss a "motion to vacate preliminary injunction this afternoon at 2:00 PM CT."
    a. This was the first time you had suggested that the meet and confer regarding Runchenyun would cover any party except for Runchenyun and Gyroor-US.
    b. For the past week, the purpose of the meet and confer would be scheduling conferences and a "motion for damages," not motions to vacate.
3. 20 minutes after that email, I replied to state that I had never agreed to a 2PM meet and confer and that I did not know to which defendants you were referring. I requested that you advise us (again) on what basis you were seeking relief and on behalf of what party before any meet and confer.
    a. 8 minutes later, you wrote back to say "We will not delay this meet and confer until Monday." You claimed that you made it "very clear weeks ago" that Runchenyun's account was improperly restrained. You refused (again) to provide a basis on which you were seeking relief because "[n]othing requires" Defendant to do so. You also accused us of "bad faith" for "refus[ing] to schedule a meet and confer."
    b. 8 minutes after that—at 2:12 PM CDT—for the first time, you stated that you were seeking to meet and confer on behalf of Gyroor-US, Runchenyun, Urbanmax, Gaodeshang, and Fengchi-US. You requested a meet and confer today to discuss.

5

   i.   Gyroor-US filed its appearance in this case nearly five months ago. Gyroor-US currently has a motion to vacate pending. This is the first time you requested a meet and confer to discuss a duplicative motion.

   ii.   Runchenyun has been dismissed from this litigation. Runchenyun is a defendant in another case asserting the same patents. This week, Runchenyun lost its motion to vacate the preliminary injunction in that case. That preliminary injunction includes asset restrains and prohibitions on selling infringing products. Runchenyun remains bound by the preliminary injunction in that case, regardless of Runchenyun's status in this case.

   iii.   We offered to voluntarily dismiss Urbanmax if Urbanmax agreed to provide an affidavit showing that it is not properly bound by the preliminary injunction. Urbanmax, however, refused to swear that it was not acting in concert or participation with Gyroor-US or related entities, among other deficiencies. If Urbanmax provides an affidavit addressing the deficiencies we previously identified, we will request that Urbanmax's assets be unfrozen and we will voluntarily dismiss Urbanmax. Today was the first time that Urbanmax had requested a meet and confer on a motion to vacate.

   iv.   We offered Gaodeshang the same deal as Urbanmax. Instead of swearing under oath that Gaodeshang satisfied no conditions causing it to be bound by the PI in this case, Gaodeshang filed an appeal to the Seventh Circuit which is pending for now. Today was the first time that Gaodeshang requested a meet and confer on a motion to vacate.

   v.   ==Fengchi-US has not been served or appeared. Today was the first time that Fengchi-US requested a meet and confer on a motion to vacate. Regardless, we are willing to offer Fengchi-US the same deal we offered Urbanmax and Gaodeshang.==

        c.   In sum, you demanded a meet and confer with 25 minutes' notice, without even (again) identifying on what issues or about which Defendants we would be meeting and conferring. You then accused us of bad faith for not complying with your demand.

Of course, we are willing to discuss these issues between 10 and 3 Monday (and we can provide times later in the week as well), and we believe a meet and confer would be helpful because of the confusing array of defendants, issues, and postures outlined above. We also believe some of our statements above may moot some of the motions as to some if not all defendants.

Under the N.D. Ill. local rules, we do not believe a party can satisfy its meet and confer obligation by demanding a meet and confer the day-of, at 1:35 PM, without even identifying the issues or defendants for the meet and confer. We also would disagree that a party can satisfy its meet and confer obligation when it refuses to specify under what rule it is moving and for what relief.

Best,

Neil


**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Thursday, June 3, 2021 2:11 PM
**To:** Neil Nandi <nnandi@loeb.com>
**Cc:** Adam Kelly <akelly@loeb.com>; Tao聽Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>; Iris聽Ju <iris.ju@glacier.law>
**Subject:** Re: RE: 20-cv-4806 - Meet and Confer re Multiple Defendants


Neil,

Will you be available any time today?

The meet and confer is for all five defendants currently represented by us, **Gyroor-US**, **Runchenyun**, **Urbanmax**, **GaodeshangUS** and **Fengchi-US**.

As you know, irreparable harm has been done to all five Defendants due to the wrongful Preliminary Injunction.
Any further delay will inevitably harm Defendants and cause further damage.

If you are not available today, please confirm whether or not Plaintiff would consent to a joint motion to vacate the preliminary injunction for all give Defendants.
If you think a meet and confer session is necessary, I suggest you propose a time today so Defendants can move to the Court to vacate the preliminary injunction.

Regards,

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
----

**From:** Neil Nandi
**Date:** 2021-06-03 14:53
**To:** robin.cheng@glacier.law
**CC:** Adam Kelly; Tao聽Liu; Tom.聽M; Iris聽Ju
**Subject:** RE: RE: 20-cv-4806 - Meet and Confer re Multiple Defendants

Robin,

I never agreed to 2 PM today and I am not available at 2 PM today. You have now started a new email chain and changed the subject line to "multiple defendants," so I do not even know about which defendants you would like to meet and confer. I also no longer know what relief you are seeking.

I am available for much of Monday. Today or tomorrow, please propose times on Monday that work for you between 10 AM and 3 PM CDT. When proposing those times, please identify (1) about which defendants we are meeting; and (2) under which rule(s) each defendant plans to move and what relief each defendant seeks. Plaintiffs cannot agree to a unilaterally-scheduled meet and confer regarding unknown subject matters and parties.

Best,

Neil

7

**Neil Nandi**
*Attorney At Law*



321 North Clark Street, Suite 2300 | Chicago, IL 60654
Direct Dial:312.464.3109 | Fax:312.275.8505 | E-mail:nnandi@loeb.com
Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco |Beijing | Hong Kong | www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

**From:**robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Thursday, June 3, 2021 1:34 PM
**To:** Neil Nandi <nnandi@loeb.com>
**Cc:** Adam Kelly <akelly@loeb.com>; Tao聽Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>; Iris聽Ju <iris.ju@glacier.law>
**Subject:** Re: RE: 20-cv-4806 - Meet and Confer re Multiple Defendants

Neil,

Preliminary injunction was improper in this case against multiple Defendants. Defendants will also include discuss regarding their motion to vacate preliminary injunction this afternoon at 2:00 PM CT.

Regards,

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
----

Case: 1:20-cv-04806 Document #: 317-8 Filed: 07/02/21 Page 10 of 10 PageID #:7241

9