# EXHIBIT 12

**From:** Marwa Abdelaziz
**Sent:** Thursday, June 17, 2021 6:48 PM
**To:** 'robin.cheng@glacier.law' <robin.cheng@glacier.law>
**Cc:** Neil Nandi <nnandi@loeb.com>; Iris聽Ju <iris.ju@glacier.law>; Tao聽Liu <tao.liu@glacier.law>
**Subject:** RE: RE: Tomoloo Defendants' Responses to Plaintiff's Discovery

Hi Robin,

Thanks for taking the time to meet and confer on several issues yesterday. Please see below for a summary of our discussion, and advise if you have a different understanding of what was discussed.

Rule 26(f) Conference re: Gyroor-US Discovery
1. FRCP 26(f)(3)(A) – Plaintiff and Gyroor-US agree to the following schedule:
   a. Plaintiffs previously served initial disclosures and initial infringement contentions upon Gyroor-US on or around May 13 and May 14 2021
   b. Gyroor-US will file its Answer to the Complaint on June 23, 2021
   c. Gyroor-US will serve initial disclosures and non-infringement contentions on July 7, 2021.
   d. Gyroor-US has 30 days from today (July 16, 2021) to respond to Plaintiffs' First Set of Discovery Requests, which were served upon Gyroor-US on May 14, 2021.
   e. Plaintiffs and Gyroor-US will discuss dates for the 30(b)(6) depositions in the near future
2. FRCP26(f)(3)(B) – In addition to subject matters typically addressed in patent infringement cases, Plaintiffs anticipate that discovery will be taken regarding compliance with the PI order and the relationship of Gyroor to any other allegedly infringing entities. Gyroor-US anticipates discovery will be taken regarding Plaintiffs' infringing evidence and other evidence Plaintiff has about where the accused products were manufactured.
3. FRCP 26(f)(3)(C) – The parties do not anticipate any issues regarding electronically stored information. Gyroor-US contends that any evidence physically located in China can only be discovered through the Hague Convention procedures.
4. FRCP 26(f)(3)(D) – The parties do not anticipate any issues regarding claims of privilege. The parties agree to produce privilege logs to the extent required for privileged communications.
5. FRCP 26(f)(3)(E) – The parties do not currently believe any changes to the limitations on discovery are necessary.

Briefing Schedule for Tomoloo's Rule 65 Motion to Vacate the PI
Counsel was unable to reach an agreement on the briefing schedule and will raise this issue with the court. Plaintiffs proposed 30 days to respond to Defendants' motion. Defendants proposed 2 weeks. Plaintiffs offered 25 days as a compromise, and Defendants offered 15 days in response. Defendants will tell the Court that Defendants propose 14 days and Plaintiffs propose 30.

Discussion re: Discovery Responses for Tomoloo Flagship, DX, and TC
Plaintiffs and Defendants resumed discussions that were started with Tomoloo's prior counsel, Stephen Vegh. The remaining issues discussed were as follow:
1. ROG 1: Counsel for Defendants will confer with their clients regarding the scope of this request and advise Plaintiffs no later than Friday, June 18 on whether they intend to provide the requested information.
2. ROGs 4 and 9: Counsel for Defendants will confer with their clients regarding the extraterritorial scope of the request and will advise Plaintiffs no later than Friday, June 18.
3. RFP 2, 3, 5, 6: Defendants no longer object to these requests as proposed in the June 2, 2021 meet and confer summary sent to Defendants' prior counsel Stephen Vegh.

4. RFP 8: Counsel for Defendants will confer with their client on potential confidentiality and privilege objections, but any further objections that Defendants make will be supported by a legally sound basis for making such objection. Counsel will advise Plaintiffs by Friday, June 18.
5. RFP 11-13: The parties do not disagree on the scope of these requests, but Defendants maintain that they will not produce any documents that they deem to be solely relevant to utility patents. Plaintiffs agree, and are only requesting documents that may be relevant to the design patents at issue in this case.

Thank you,
Marwa