**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4806 |
| v. | ) ) | Judge Thomas M. Durkin |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) ) | |

**MOTION FOR
AN ORDER TO SHOW CAUSE**

Under Federal Rule of Civil Procedure 37 and Local Rule 37.1 Plaintiffs Hangzhou Chic Intelligent Technology Co. and Unicorn Global, Inc. move this Court to enter an Order for Defendants Gyroor-US, Gyroor, Urbanmax, Fengchi-US, hgsm Storefront, Gaodeshang-US, Jiangyou-US, and Gyroshoes ("Gyroor Defendants")[1] to Show Cause as to why they should not be held in contempt of court under 18 U.S.C. § 401(3) for violation of the Preliminary Injunction order entered on December 23, 2020 ("PI").

Counsel for the Gyroor Defendants have requested 21 days to respond to this motion. Plaintiffs believe that any responsive briefing should wait until issuance of any Order to Show

---

[1] Gyroor-US (Dkt. 209), Urbanmax (Dkt. 225), Fengchi-US (Dkt. 296), Gaodeshang (Dkt. 254), and Gyroor (Dkt. 266) have appeared in this matter through counsel. Plaintiffs interpret Local Rule 37.1(a) as requiring personal service of an order to show cause on defendants who have not yet appeared. Therefore, Plaintiffs intend to wait until the issuance of an order to show cause, if any, before serving the non-appearing defendants, unless otherwise ordered by the Court. That is to say, unless otherwise ordered by the Court, Plaintiffs do not intend to serve these motion papers on non-appearing defendants.

Cause, as the opposition brief should effectively be the brief showing cause as to why the Gyroor Defendants should not be held in contempt under 18 U.S.C. § 401(3). If the Court believes briefing on this motion itself would be appropriate, Plaintiffs request no more than 7 days for the Gyroor Defendants' opposition brief, due to ongoing infringement and irreparable harm.

1.      The PI order prohibits all Defendants, their affiliates, confederates, and those acting in active concert or participation with them from selling hoverboards that the Court determined were infringing on Plaintiffs' design patents. *See* Dkt. 147, ¶ 1(a). The PI is explicit that defendants may not "effect[] assignments or transfers" or "form[] new entities or associations" to circumvent these prohibitions. *Id.*, ¶ 1(c).

2.      Since the PI was entered, at least eighteen new stores have opened that exclusively sell the Gyroor Defendants' enjoined products, rely on the Gyroor Defendants' Amazon Standard Identification Numbers (ASIN), and even link back to the "Gyroor Store." These stores typically close down a week after opening, so as to evade any enforcement action.

3.      Despite being on notice regarding these stores since March 2021, and despite having been alerted to the continued flow of new stores multiple times, new stores continue to emerge. The available evidence indicates that these stores are indeed affiliated with the Gyroor Defendants and sell enjoined products using Gyroor ASINs.

4.      Further, Gyroor Defendants have directly sold or offered to sell products, including from gyroorboard.com and the Gyroor-US Amazon storefront.

5.      Finally, the PI prohibits the Defendants and those acting in concert and participation with them from "from transferring or disposing of money or other Defendants' assets until further ordered by this court." *Id.*, ¶ 3.

6. Yet, since entry of the PI, the Gyroor Defendants have collectively disposed of over $175,000 in assets from their restrained Amazon accounts.

**WHEREFORE**, on the basis of the declarations of Jing Cui, Arthur Yuan, and Neil Nandi and accompanying exhibits, and Plaintiffs' memorandum of law in support of this Motion, the Court should enter an order:

1. Requiring the Non-Compliant Defendants to Show Cause as to why they should not be held in contempt of Court for violations of the PI order. Such an order should require each of the Gyroor Defendants to provide proof of:

   (a) Their connections to each of the temporary Amazon storefronts identified in the Declaration of Arthur Yuan;

   (b) Their connections to the "Gyroor Store" on Amazon;

   (c) Their connections to the gyroorboard.com website;

   (d) Their connections to one another;

   (e) The amounts in their Amazon accounts in October 2020, January 2021, March 2021, and at the present; and

   (f) A record of all sales of and profits from Infringing Products (as defined in the PI) from October 2020 to the present.

2. If the Court ultimately determines that the Gyroor Defendants are in contempt of Court, the Court should impose one or more of the following sanctions on Gyroor Defendants:

   (a) Pay to Plaintiffs the full amount transferred from Amazon accounts since entry of the PI.

   (b) Pay to Plaintiffs the full amount of profits from infringing sales since this Court entered the Temporary Restraining Order.

   (c) Pay to Plaintiffs their cost and fees in filing this Motion and otherwise policing Gyroor Defendants' conduct.

   (d) Pay to Plaintiffs a going-forward penalty of $1,000 for each day of non-compliance following entry of any contempt order.

Date:   July 13, 2021

Respectfully Submitted,

LOEB & LOEB LLP

By:     /s/ Adam Kelly
Adam Kelly
Doug Masters
Arthur Yuan
Neil Nandi
321 North Clark Street, Suite 2300
Chicago, Illinois  60654
Tel.: (312) 464-3100
Fax: (312) 464-3111
Email:  akelly@loeb.com
Email:  dmasters@loeb.com
Email:  ayuan@loeb.com
Email:  nnandi@loeb.com

Marwa Abdelazuz (admitted *pro hac vice*)
345 Park Avenue
New York, New York 10154
Tel.:  (212) 407-4000
Fax:  (212) 407-4990
Email:  mabdelaziz@loeb.com

*Attorneys for Plaintiffs*