# EXHIBIT 2

| | |
|---|---|
| **From:** | Neil Nandi |
| **Sent:** | Thursday, April 15, 2021 10:11 AM |
| **To:** | Stephen Vegh |
| **Cc:** | Adam Kelly |
| **Subject:** | RE: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists |

Stephen,

We are available: any time on Tuesday, Wednesday before 10 AM CDT, and any time on Thursday.

We would like to discuss the following, as well as anything else that you would like to discuss:

- The non-compliance of your clients with the PI order. On that point, it seems that since my last email to you, yaohuisheng-us closed and baiboyuan-us replaced it as a "just launched" store that exists solely to sell infringing products on behalf of Gyroor: https://www.amazon.com/sp?_encoding=UTF8&asin=B0779826VN&isAmazonFulfilled=0&ref_=olp_merch_name_1&seller=A3OBV1BHJSJBH1.

- You raised to the Court on Monday that you may seek modification of the PI order. We would like to understand those concerns and see what we can do to address them. I believe you had initial conversations with Chris Binns about that, but it seems from the below that his most recent email to you went unanswered. We would like to pick up that thread.

- Discovery issues, including those raised below.

Best,

Neil


**From:** Stephen Vegh <svegh@veghlaw.com>
**Sent:** Wednesday, April 14, 2021 3:28 PM
**To:** Neil Nandi <nnandi@loeb.com>
**Subject:** Re: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists

**This email originated from outside of Loeb's Network.**

Neil, unfortunately my schedule is booked this whole week. However, starting next Tuesday I am available. What day(s)/time(s) work best for you?

Quoting Neil Nandi <nnandi@loeb.com>:


Danielle and Stephen,

1

I am following up on my email below. Since your correspondence with Chris, it seems that new storefronts have emerged in violation of the PI order. Specifically:

- The Gyroor Store is live and selling on Amazon: https://www.amazon.com/stores/Gyroor/page/F7856CFC-6A58-4C64-8580-51FFCB019EA1?ref_=ast_bln.

- Further, it seems that the Gyroor Store is actively sponsoring advertisements for infringing hoverboards (see attached PDF).

- yaohuisheng-us is a "just launched" Amazon storefront that seems to exist solely to sell infringing Gyroor hoverboards.

- Your clients' direct to consumer, non-Amazon storefronts continue to sell infringing hoverboards:

    o https://www.tomolooscooter.com/

    o https://gyroorboard.com

- Your client appears to continue to supply hoverboards to these new merchants.

    o https://nerocycle.com

    o https://okidas.com

Please advise at your earliest convenience when you can discuss.

Neil

**Neil Nandi**
*Attorney At Law*



321 North Clark Street, Suite 2300 | Chicago, IL 60654
**Direct Dial:** 312.464.3109 | **Fax:** 312.275.8505 | **E-mail:** nnandi@loeb.com
Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong | www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

**From:** Neil Nandi
**Sent:** Sunday, April 11, 2021 4:59 PM
**To:** 'Danielle McKinley' <dmckinley@rmpartnerslaw.com>; Stephen Vegh <svegh@veghlaw.com>
**Cc:** Adam Kelly <akelly@loeb.com>
**Subject:** RE: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists

Danielle and Stephen,

As I mentioned, I will be taking over from Chris as Plaintiffs' point of contact with Tomoloo and Gyroor. Do you have time this week to discuss the below and the discovery requests Plaintiffs had served with the complaint, now that the motion to dismiss has been resolved?

3

Best,

Neil

**From:** Christopher Binns <cbinns@loeb.com>
**Sent:** Wednesday, March 24, 2021 1:35 PM
**To:** 'Stephen Vegh' <svegh@veghlaw.com>
**Cc:** dmckinley@rmpartnerslaw.com; Adam Kelly <akelly@loeb.com>
**Subject:** RE: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists

Counsel:

Attached is an updated spreadsheet. As an initial matter, Plaintiffs object to your characterization of a "piecemeal" approach to this litigation, especially where it was your clients that chose to both move to dismiss and to answer in this case. Thus, Plaintiffs cannot agree to pause discovery on all the Gyroor and Tomoloo Defendants when these Defendants have chosen to approach this litigation in two distinct ways.

As you will see in the attached there is no substantive difference from the information you were previously provided on March 3, 2021. Therefore we see no justification for a three-week extension of the discovery deadline, as you were in possession of the complete list of stores that relate to your clients. Regardless of whether your clients were on Schedule A or an affiliate, your clients are required to compile the requested sales figures which you agreed to produce. And as you are aware, without the sales figures, Plaintiffs cannot request a proportional freeze from Amazon (or any other third-party seller platform)—which we understand would be the basis of your potential request for relief from the Court. Nonetheless, we are willing to agree to a one-week extension to the discovery deadline to avoid any unnecessary motion practice.

Lastly, regarding the sufficiency of the arguments on the merits raised in your client's Non-Infringement, Invalidity, and Unenforceability Contentions, Plaintiffs will provide its response under the Local Patent Rules in due time when required.

All the best,

CB

**Christopher Binns**

LOEB & LOEB LLP | ATTORNEY AT LAW

345 PARK AVENUE | NY, NY 10154

(212) 407-4213 |cbinns@loeb.com

**From:** Stephen Vegh <svegh@veghlaw.com>
**Sent:** Tuesday, March 23, 2021 11:03 PM
**To:** Christopher Binns <cbinns@loeb.com>; Adam Kelly <akelly@loeb.com>
**Cc:**dmckinley@rmpartnerslaw.com
**Subject:** Fwd: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists
**Importance:** High

Counsel,

I'm reaching out to you once again to try to resolve the issue raised below that remains unresolved. As we'd discussed on our call a couple weeks ago, judicial economy and litigation efficiency would be promoted if Plaintiffs identified once and for all which of the storefronts accused of selling accused hoverboards are on the party Defendant "list" and which are on the non-Defendant, "frozen" storefront "list". If you provide this information, my client may then be able to (1) evaluate it's settlement position in view of a potential global resolution, rather than piecemeal resolution; (2) provide information at the same time that shows which storefront accounts have been unreasonably restricted in excessive amounts, based on revenues attributable to accused product sales, thereby avoiding piecemeal motions to amend/vacate injunction orders; (3) streamline discovery so that responses are due from Defendants at the same time, rather than staggered. Unfortunately to date your office has not provided the two "lists".

Relatedly, the Tomoloo Answering Defendants believe there is not a likelihood of success on the merits to Plaintiffs'
claims against the five Tomoloo Answering Defendants, for the reasons set forth in their Non-Infringement, Invalidity, Unenforceability Contentions. Also, the current deadline for the Tomoloo Answering Defendants to respond to Plaintiffs' discovery is next Monday, March 29. As mentioned above, it would make sense to have discovery due from all defendants at the same time. But in order for that to happen, we'd know to know who all the Defendants are on the Schedules to the Third Amended Complaint, which as mentioned Plaintiffs have not yet provided.

I would prefer to resolve these issues informally, without the need for Court intervention on piecemeal motions to amend/vacate preliminary injunction orders.

Defendants request Plaintiffs to confirm whether they'll turn over the requested "lists", and if so when. Also, will Plaintiffs agree to supend the deadline for Tomoloo Answering Defendants to respond to discovery until the requested information has been provided? In the alternative, Tomoloo Answering Defendants request a three-week extension to respond to Plaintiffs' discovery. Please advise by the close of business March 25, 2021.

Thank you,

Stephen Vegh


----- Forwarded message from Stephen Vegh <svegh@veghlaw.com> -----
   Date: Thu, 04 Mar 2021 17:43:49 -0500
   From: Stephen Vegh <svegh@veghlaw.com>
Subject: Re: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists
     To: Christopher Binns <cbinns@loeb.com>
     Cc: Danielle McKinley <dmckinley@rmpartnerslaw.com>, Adam Kelly <akelly@loeb.com>

Chris,

Which on your current list are Shedule "A" storefronts (Plaintiff has or may identify as party defendants in this matter) and which are what you've characterized as non-party "affiliate" storefronts (whose Amazon accounts Plaintiff has froze or may freeze shortly)? It's my understanding Runchengyun, Jiangyou-US, and Tomoloo-NX are Schedule A storefronts based on I believe Plaintiff's prior representations. I ask this because as a follow-up to our call the other day wherein we discussed how it may make sense to have a set response time for all party-defendants along with having any injunction modifications done at the same time rather than piecemeal.

Thanks for clarifying.

Stephen Vegh

Quoting Christopher Binns <cbinns@loeb.com>:

I'm using Mimecast to share large files with you. Please see the attached instructions.

---

Counsel,

Attached is a complete list of stores affiliated with Gyroor and Tomoloo as of March 3, 2021. As we discussed, if we find any additional stores, we will approach you prior to approaching Amazon. However, as you are aware, any additional requests to Amazon can be avoided if your client abides by the preliminary injunction order.

Also attached are copies of the infringing products for all stores except the ones listed below, which will be forthcoming in either a screen shot or a declaration from our client describing the infringing product that the client previously observed but which may no longer be available.

Gyroor:

| Store Name | Amazon ID |
|---|---|
| zhonghongxin-us | A25PYSLZ5XW50W |
| honghaiya-us | AIFII05V4L3I3 |
| shanchun-us | A2NUD2WSEZ9ZT |
| rongjiamaoyi-us | A2DA8CSKTCC66B |
| Urbanmax | A2YJ4WYCO1L51J |

Tomoloo:

| Store Name | Amazon ID |
|---|---|
| Smavt | A15KLREW50H5QW |

All the best,

CB

8



Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

----- End forwarded message -----



Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

VEGH IP LEGAL

Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com