# EXHIBIT 3

**From:** Neil Nandi
**Sent:** Monday, April 26, 2021 5:25 PM
**To:** Stephen Vegh
**Cc:** Adam Kelly
**Subject:** RE: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists
**Attachments:** Amazon - runjinjia (Apr. 26, 2021).pdf

Stephen,

Thank you for your email. Your statement of your clients' factual position is very different from how Adam and I understood it on Thursday. We want to make sure we understand your clients' position, and perhaps email is the best way to do so. Can you please clarify the following:

1. On the call on Thursday, you identified sales amounts for three stores. For example, for "Cybertron," you identified approximately $630,000 in sales and approximately $1.2 million in restrained assets. We understood that you were stating sales figures for accused products. If your position is that the sales amount is not for accused products, what does your client contend the ~$630,000 amount represents?

2. The position in your email below seems to be that the storefronts we have identified and that are linked to the Gyroor Amazon page are not actually selling accused products. As we observed, these stores disappear after a week and a new store is launched, which makes it immaterial that a specific storefront has closed and is thus no longer selling accused products. For example, the newest store is clearly selling the accused products you identified in your email and is only selling Gyroor products (see attached pdf). Is your client's position that these are not accused products? Or that the stores are not affiliated with your client?

3. Our understanding of your proposed modification to the PI order is to change "three (3)" in paragraph 3.b.ii to "one (1)." Is that the only proposed modification? If so, what is your rationale for a different proportionality calculation than the one the Court previously adopted? If our understanding of your proposal is incorrect, what is the language of your proposed modification(s)?

Thank you,

Neil

**From:** Stephen Vegh <svegh@veghlaw.com>
**Sent:** Monday, April 26, 2021 1:29 PM
**To:** Neil Nandi <nnandi@loeb.com>
**Cc:** Adam Kelly <akelly@loeb.com>
**Subject:** Re: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists

**This email originated from outside of Loeb's Network.**

Neil,

Unfortunately your self-serving statements in many instances misrepresent our conversation last Thursday. I don't think it is helpful to go through all of them point-by point, for now. For the record, the Tomoloo and Gyroor

Defendants are aware Plaintiffs contend certain storefronts have some "affiliation" with them. During our call we specifically discussed three storefronts, which I informed you had not sold **any** of the accused products identified in Mr. Binns letter of March 3, 2021, according to my clients. You also falsely state I "confirmed … that the amounts frozen for your clients' and their affiliates' stores are within [a 3:1 ratio of asset freeze to accused product sales]." Obviously, a 3:1 ratio would be a mathematical impossibility for those storefronts that have not sold any accused products.

As you know, from Defendants' Initial Non-Infringement, Invalidity, and Unenforceability Contentions, there are significant factual and legal issues that cast doubt on your clients' claims of infringement in this case. Notwithstanding, my clients have confirmed the following with respect to the online links you recently identified as allegedly selling one or more of the accused products (based on the ASINs Plaintiffs provided, our clients understand the category of accused products to include the Gyroor T581, G2, G5; and the Tomoloo Q2C, Q3C, K1):

(1.) https://www.amazon.com/sp?_encoding=UTF8&asin=B0779826VN&isAmazonFulfilled=0&ref_=olp_merch_name_1&seller=A3OBV1BHJSJBH1;

Defendant understands this storefront either never did or no longer sells or offers to sell any accused products;

(2.) https://www.amazon.com/stores/Gyroor/page/F7856CFC-6A58-4C64-8580-51FFCB019EA1?ref_=ast_bln[3_];

Defendant understands this "Gyroor" storefront is an Amazon-generated webpage that automatically lists all products under the "Gyroor" brand. Therefore, our client cannot control which, if any, independent third-party sellers decide
to sell Gyroor products through this trade channel.

(3.) https://www.tomolooscooter.com/;

Defendant understands no accused products are currently being offered for sale or sold through this website.

(4.) https://gyroorboard.com

Defendant understands no accused products are currnelty being offered for sale or sold through this website.

(5.) https://nerocycle.com;

Defendant understands this site is an independent third-party seller over whom it has no control.

(6.) https://okidas.com;

Defendant understands this site is an independent third-party seller over whom it has no control.

To summarize, other than through independent third-party sellers over whom they have no control, Defendants understand no accused products are currently being sold through the channels identified by Plaintiffs. Furthermore, my clients are not aware of other channels through which the identified accused products are currently being sold. I assume the foregoing should resolve your stated issues, let me know if you have further questions.

Finally, in view of your clients' unwillingness to modify the current injunction for any of the storefronts, my clients are apparently left with no choice but to move the Court to do so.

Regards,

Stephen Vegh


Quoting Neil Nandi <nnandi@loeb.com>:

Stephen,

Thank you for your time yesterday during the meet and confer teleconference.

Per your request, please see the attached certificates of service filed in this matter.

Under the PI order defendants are barred from "effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing" the prohibitions of the PI. Based on our call yesterday, we understood that you had not asked your clients whether the stores we have identified over the past two months were affiliated with your clients. The available facts strongly suggest that they are: the stores are named for your clients and sell your clients' products, primarily those whose sale is prohibited by the PI. And by your clients' discovery responses, the amounts in your clients' accounts have been reduced since the asset freezes were implemented, indicating that your clients are still somehow utilizing the frozen funds, presumably to advertise the infringing products.

We have been attempting to resolve this continuing infringement without court intervention for approximately two months, as shown by the emails below. But if we do not have resolution on this issue by 2 PM CDT on Monday, April 26, we will seek relief from the Court.

Regarding your requested modification of the PI order, eBay previously raised that proportionality issue and in response the Court implemented a 3:1 asset freeze at the December 23 hearing. You confirmed on the call yesterday that the amounts frozen for your clients' and their affiliates' stores are within that ratio. We are not amenable to altering that ratio to be 1:1, given the Court's careful consideration of the 3:1 ratio, the Court's

determination that such a ratio was proportional, and the evidence (including continued infringement noted above) of willful misconduct. We do not believe that compliance with the PI currently in effect should turn on an agreement to modify the PI.

Regarding settlement, we reiterate our request for you to produce the sales data associated with your clients and a list of stores interested in reaching a settlement. That list is important for us because it is unclear which stores' data you are seeking. For example, yesterday you referred to "Cybertron" several times, but that is not an entity on whose behalf you filed an appearance. After you provide us that information, we can provide you with the information Amazon provided for those stores. Regardless, we will not agree to allow continued violations of the PI order as a pre-condition to settlement discussions. Our client will not allow that.

Best,

Neil

**From:** Stephen Vegh <svegh@veghlaw.com>
**Sent:** Friday, April 16, 2021 1:23 PM
**To:** Neil Nandi <nnandi@loeb.com>
**Cc:** Adam Kelly <akelly@loeb.com>
**Subject:** Fwd: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists

my apologies, I meant the 22nd...

----- Forwarded message from Stephen Vegh <svegh@veghlaw.com> -----
Date: Fri, 16 Apr 2021 14:21:43 -0400
From: Stephen Vegh <svegh@veghlaw.com>
Subject: Re: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists
To: Neil Nandi <nnandi@loeb.com>
Cc: Adam Kelly <akelly@loeb.com>

Neil, I've calendered for next Thursday the 15th at 10:30a P/12:30p C. Please initiate call or circulate dial-in. Thanks, Steve

Quoting Neil Nandi <nnandi@loeb.com>:

Stephen,

We are available: any time on Tuesday, Wednesday before 10 AM CDT, and any time on Thursday.

We would like to discuss the following, as well as anything else that you would like to discuss:

- The non-compliance of your clients with the PI order. On that point, it seems that since my last email to you, yaohuisheng-us closed and baiboyuan-us replaced it as a "just launched" store that exists solely to sell infringing products on behalf of Gyroor: https://www.amazon.com/sp?_encoding=UTF8&asin=B0779826VN&isAmazonFulfilled=0&ref_=olp_merch_name_1&seller=A3OBV1BHJSJBH1.

- You raised to the Court on Monday that you may seek modification of the PI order. We would like to understand those concerns and see what we can do to address them. I believe you had initial conversations with Chris Binns about that, but it seems from the below that his most recent email to you went unanswered. We would like to pick up that thread.

- Discovery issues, including those raised below.

Best,

Neil

**From:** Stephen Vegh <svegh@veghlaw.com>
**Sent:** Wednesday, April 14, 2021 3:28 PM
**To:** Neil Nandi <nnandi@loeb.com>
**Subject:** Re: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists

Neil, unfortunately my schedule is booked this whole week. However, starting next Tuesday I am available. What day(s)/time(s) work best for you?

Quoting Neil Nandi <nnandi@loeb.com>:

Danielle and Stephen,

I am following up on my email below. Since your correspondence with Chris, it seems that new storefronts have emerged in violation of the PI order. Specifically:

- The Gyroor Store is live and selling on Amazon: https://www.amazon.com/stores/Gyroor/page/F7856CFC-6A58-4C64-8580-51FFCB019EA1?ref_=ast_bln.
- Further, it seems that the Gyroor Store is actively sponsoring advertisements for infringing hoverboards (see attached PDF).
- yaohuisheng-us is a "just launched" Amazon storefront that seems to exist solely to sell infringing Gyroor hoverboards.
- Your clients' direct to consumer, non-Amazon storefronts continue to sell infringing hoverboards:

- https://www.tomolooscooter.com/
  - https://gyroorboard.com

- Your client appears to continue to supply hoverboards to these new merchants.
  - https://nerocycle.com
  - https://okidas.com

Please advise at your earliest convenience when you can discuss.

Neil

**Neil Nandi**
*Attorney At Law*

321 North Clark Street, Suite 2300 | Chicago, IL 60654
**Direct Dial:**312.464.3109 | **Fax:**312.275.8505 | **E-mail:**nnandi@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC | San Francisco |Beijing** | **Hong Kong** |
**www.loeb.com**

---

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

---

**From:** Neil Nandi
**Sent:** Sunday, April 11, 2021 4:59 PM
**To:** 'Danielle McKinley' <dmckinley@rmpartnerslaw.com>; Stephen Vegh <svegh@veghlaw.com>
**Cc:** Adam Kelly <akelly@loeb.com>
**Subject:** RE: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists

Danielle and Stephen,

As I mentioned, I will be taking over from Chris as Plaintiffs' point of contact with Tomoloo and Gyroor. Do you have time this week to discuss the below and the discovery requests Plaintiffs had served with the complaint, now that the motion to dismiss has been resolved?

Best,

Neil

**From:** Christopher Binns <cbinns@loeb.com>
**Sent:** Wednesday, March 24, 2021 1:35 PM
**To:** 'Stephen Vegh' <svegh@veghlaw.com>
**Cc:**dmckinley@rmpartnerslaw.com; Adam Kelly <akelly@loeb.com>
**Subject:** RE: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists

Counsel:

Attached is an updated spreadsheet. As an initial matter, Plaintiffs object to your characterization of a "piecemeal" approach to this litigation, especially where it was your clients that chose to both move to dismiss and to answer in this case. Thus, Plaintiffs cannot agree to pause discovery on all the Gyroor and Tomoloo Defendants when these Defendants have chosen to approach this litigation in two distinct ways.

As you will see in the attached there is no substantive difference from the information you were previously provided on March 3, 2021. Therefore we see no justification for a three-week extension of the discovery deadline, as you were in possession of the complete list of stores that relate to your clients. Regardless of whether your clients were on Schedule A or an affiliate, your clients are required to compile the requested sales figures which you agreed to produce. And as you are aware, without the sales figures, Plaintiffs cannot request a proportional freeze from Amazon (or any other third-party seller platform)—which we understand would be the basis of your potential request for relief from the Court. Nonetheless, we are willing to agree to a one-week extension to the discovery deadline to avoid any unnecessary motion practice.

Lastly, regarding the sufficiency of the arguments on the merits raised in your client's Non-Infringement, Invalidity, and Unenforceability Contentions, Plaintiffs will provide its response under the Local Patent Rules in due time when required.

All the best,

CB

**Christopher Binns**

LOEB & LOEB LLP | ATTORNEY AT LAW

345 PARK AVENUE | NY, NY 10154

(212) 407-4213 |cbinns@loeb.com

**From:** Stephen Vegh <svegh@veghlaw.com>
**Sent:** Tuesday, March 23, 2021 11:03 PM
**To:** Christopher Binns <cbinns@loeb.com>; Adam Kelly <akelly@loeb.com>
**Cc:**dmckinley@rmpartnerslaw.com
**Subject:** Fwd: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists
**Importance:** High

Counsel,

I'm reaching out to you once again to try to resolve the issue raised below that remains unresolved.  As we'd discussed on our call a couple weeks ago, judicial economy and litigation efficiency would be promoted if Plaintiffs identified once and for all which of the storefronts accused of selling accused hoverboards are on the party Defendant "list" and which are on the non-Defendant, "frozen" storefront "list".  If you provide this information, my client may then be able to (1) evaluate it's settlement position in view of a potential global resolution, rather than piecemeal resolution; (2) provide information at the same time

that shows which storefront accounts have been unreasonably restricted in excessive amounts, based on revenues attributable to accused product sales, thereby avoiding piecemeal motions to amend/vacate injunction orders; (3) streamline discovery so that responses are due from Defendants at the same time, rather than staggered. Unfortunately to date your office has not provided the two "lists".

Relatedly, the Tomoloo Answering Defendants believe there is not a likelihood of success on the merits to Plaintiffs'
claims against the five Tomoloo Answering Defendants, for the reasons set forth in their Non-Infringement, Invalidity, Unenforceability Contentions. Also, the current deadline for the Tomoloo Answering Defendants to respond to Plaintiffs' discovery is next Monday, March 29. As mentioned above, it would make sense to have discovery due from all defendants at the same time. But in order for that to happen, we'd know to know who all the Defendants are on the Schedules to the Third Amended Complaint, which as mentioned Plaintiffs have not yet provided.

I would prefer to resolve these issues informally, without the need for Court intervention on piecemeal motions to amend/vacate preliminary injunction orders.

Defendants request Plaintiffs to confirm whether they'll turn over the requested "lists", and if so when. Also, will Plaintiffs agree to supend the deadline for Tomoloo Answering Defendants to respond to discovery until the requested information has been provided? In the alternative, Tomoloo Answering Defendants request a three-week extension to respond to Plaintiffs' discovery. Please advise by the close of business March 25, 2021.

Thank you,

Stephen Vegh

----- Forwarded message from Stephen Vegh <svegh@veghlaw.com> -----
Date: Thu, 04 Mar 2021 17:43:49 -0500
From: Stephen Vegh <svegh@veghlaw.com>
Subject: Re: Chic v. P'ships, 20-cv-4806: Tomoloo/Gyroor Lists
To: Christopher Binns <cbinns@loeb.com>
Cc: Danielle McKinley <dmckinley@rmpartnerslaw.com>, Adam Kelly <akelly@loeb.com>

Chris,

Which on your current list are Shedule "A" storefronts (Plaintiff has or may identify as party defendants in this matter) and which are what you've characterized as non-party "affiliate" storefronts (whose Amazon accounts Plaintiff has froze or may freeze shortly)? It's my understanding Runchengyun, Jiangyou-US, and Tomoloo-NX are Schedule A storefronts based on I believe Plaintiff's prior representations. I ask this because as a follow-up to our call the other day wherein we discussed how it may make sense to have a set response time for all party-defendants along with having any injunction modifications done at the same time rather than piecemeal.

Thanks for clarifying.

Stephen Vegh

Quoting Christopher Binns <cbinns@loeb.com>:

I'm using Mimecast to share large files with you. Please see the attached instructions.

Counsel,

Attached is a complete list of stores affiliated with Gyroor and Tomoloo as of March 3, 2021. As we discussed, if we find any additional stores, we will approach you prior to approaching Amazon. However, as you are aware, any additional requests to Amazon can be avoided if your client abides by the preliminary injunction order.

Also attached are copies of the infringing products for all stores except the ones listed below, which will be forthcoming in either a screen shot or a declaration from our client describing the infringing product that the client previously observed but which may no longer be available.

Gyroor:

| Store Name | Amazon ID |
|---|---|
| zhonghongxin-us | A25PYSLZ5XW50W |
| honghaiya-us | AIFII05V4L3I3 |

| | |
|---|---|
| shanchun-us | A2NUD2WSEZ9ZT |
| rongjiamaoyi-us | A2DA8CSKTCC66B |
| Urbanmax | A2YJ4WYCO1L51J |

Tomoloo:

| **Store Name** | **Amazon ID** |
|---|---|
| Smavt | A15KLREW50H5QW |

All the best,

CB



VEGH IP LEGAL

Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

----- End forwarded message -----

Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

VEGH IP LEGAL

Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

----- End forwarded message -----



Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com



Stephen Z. Vegh, Esq.
1240 Rosecrans Ave. #120
Manhattan Beach, CA 90266

Tel: (310)980-7440
www.veghlaw.com
svegh@veghlaw.com

Hello
Select your address

runjinjia-us

Hello, Sign in
Account

Returns
& Orders

0

All Best Sellers Customer Service Prime Today's Deals New Releases Books Fashion Kindle Books Toys & Games Gift Cards

7 results

Sort by: Featured

**Brand**

Gyroor
GYROOR

Price and other details may vary based on size and color

Gyroor Warrior 8.5 inch All Terrain Off Road Hoverboard with Bluetooth Speakers and LED Lights, UL2272...

3,156

$299.00

Save $30.00 with coupon (some sizes/colors)

FREE Shipping

GYROOR T581 Hoverboard 6.5" Off Road All Terrain Hoverboards with Bluetooth Speaker&LED Lights Two-...

658

$279.00

Save $25.00 with coupon

FREE Shipping

Gyroor T581 Hoverboard 6.5" Off Road All Terrain Hoverboard with Bluetooth Speaker and Two-Wheel Sel...

977

$229.00

Save $20.00 with coupon

FREE Shipping

Gyroor Hoverboard Offroad All Terrain Flash Wheel Self Balancing G5 Hoverboards with Bluetooth Speaker, UL...

227

$249.00

Save $25.00 with coupon (some sizes/colors)

FREE Shipping

Gyroor Hoverboard Off Road All Terrian 6.5" Two-Wheel G11 Flash LED Light Self Balancing Hoverboards with...

340

$199.00



Save $20.00 with coupon (some sizes/colors)

FREE Shipping

Gyroor Swift Hoverboard Self Balancing Hoverboard with Music Speaker LED Lights, 6.5 inch Two-Wheel...

600

$167.00

Save $10.00 with coupon (some sizes/colors)

FREE Shipping

Gyroor G2 Hoverboard 8.5" Off Road All Terrain Hoverboards Bluetooth Speaker&Self Balancing...

4

$399.00

Save $30.00 with coupon

FREE Shipping

## Need help?

Visit the help section or contact us

1,070

Shop now

Sponsored

Back to top

**Get to Know Us**

Careers

Blog

About Amazon

Sustainability

Press Center

Investor Relations

Amazon Devices

Amazon Tours

**Make Money with Us**

Sell products on Amazon

Sell apps on Amazon

Become an Affiliate

Start a package delivery business

Advertise Your Products

Self-Publish with Us

Host an Amazon Hub

› See More Make Money with Us

**Amazon Payment Products**

Amazon Rewards Visa Signature Cards

Amazon.com Store Card

Amazon Secured Card

Amazon Business Card

Amazon Business Line of Credit

Shop with Points

Credit Card Marketplace

Reload Your Balance

Amazon Currency Converter

**Let Us Help You**

Amazon and COVID-19

Your Account

Your Orders

Shipping Rates & Policies

Amazon Prime

Returns & Replacements

Manage Your Content and Devices

Amazon Assistant

Help

English United States

Amazon Music
Stream millions of songs

Amazon Advertising
Find, attract, and engage customers

Amazon Drive
Cloud storage from Amazon

6pm
Score deals on fashion brands

AbeBooks
Books, art & collectibles

ACX
Audiobook Publishing Made Easy

Alexa
Actionable Analytics for the Web

Sell on Amazon
Start a Selling Account

Amazon Business
Everything For Your Business

Amazon Fresh
Groceries & More Right To Your Door

AmazonGlobal
Ship Orders Internationally

Home Services
Experienced Pros Happiness Guarantee

Amazon Ignite
Sell your original Digital Educational Resources

Amazon Web Services
Scalable Cloud Computing Services

Audible
Listen to Books & Original Audio Performances

Book Depository
Books With Free Delivery Worldwide

Box Office Mojo
Find Movie Box Office Data

ComiXology
Thousands of Digital Comics

DPReview
Digital Photography

East Dane
Designer Men's Fashion

Fabric
Sewing, Quilting & Knitting

Goodreads
Book reviews & recommendations

IMDb
Movies, TV & Celebrities

IMDbPro
Get Info Entertainment Professionals Need

Kindle Direct Publishing
Indie Digital & Print Publishing Made Easy

Amazon Photos
Unlimited Photo Storage Free With Prime

Prime Video Direct
Video Distribution Made Easy

Shopbop
Designer Fashion Brands

Amazon Warehouse
Great Deals on Quality Used Products

Whole Foods Market
America's Healthiest Grocery Store

Woot!
Deals and Shenanigans

Zappos
Shoes & Clothing

Ring
Smart Home Security Systems

eero WiFi
Stream 4K Video in Every Room

Blink
Smart Security for Every Home

Neighbors App
Real-Time Crime & Safety Alerts

Amazon Subscription Boxes
Top subscription boxes – right to your door

PillPack
Pharmacy Simplified

Amazon Renewed
Like-new products you can trust

Amazon Second Chance
Pass it on, trade it in, give it a second life

Conditions of Use Privacy Notice Interest-Based Ads © 1996-2021, Amazon.com, Inc. or its affiliates