**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ABC Corporation I et al,

*Plaintiff*,

v.

THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

*Defendants*.

**CASE NO.** 1:20-cv-04806

**Judge:** Honorable Thomas M. Durkin

**DEFENDANT GYROOR-US'S MOTION FOR SUMMARY JUDGEMENT FOR DECLARATORY RELIEF OF NONINFRINGEMENT**

## Table of Contents

**INTRODUCTION** .......... **1**

**PROCEDURAL HISTORY** .......... **2**

**FACTUAL BACKGROUND** .......... **2**

**LEGAL STANDARD** .......... **3**

**ARGUMENTS** .......... **3**

**I. D'857 PATENT IS PRESUMED VALID, ESPECIALLY AGAINST THE PATENTS-IN-SUIT** .......... **3**

**II. NONINFRINGEMENT ANALYSIS** .......... **4**

**A. The Court should construe the claim of the D'857 and Patents-in-Suit based on the drawings** .......... **4**

**B. Ordinary Observer Test** .......... **5**

**C. Side-by-Side Comparison** .......... **6**

1. Top View Comparison .......... 7
2. Bottom View Comparison .......... 8
3. Side View Comparison .......... 9
4. Front/Back View Comparison .......... 10
5. Perspective View Comparison .......... 11

**CONCLUSION** .......... **12**

Defendant Gyroor-US ("Defendant") brings this motion for summary judgment on its affirmative defense and counterclaim for declaratory relief of noninfringement. After a lengthy discussion, the Parties were unable to reach an agreement regarding the briefing schedule. *See* Email Commc'n, attached hereto as Exhibit 1. Defendants propose the briefing schedule as follows,

| **Response to Motion** | August 2 |
|---|---|
| **Reply** | August 9 |

**Introduction**

Summary judgment is appropriate in this case because there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law.

Both Plaintiffs and Defendant are in the business of selling hoverboards. Plaintiffs allege that four of Plaintiffs' U.S. Design Patents – D737,723 ("D'723 patent"), D738,256 ("D'256 patent"), D785,112 ("D'112 patent"), D784,195 ("D'195 patent") ("Patents-in-Suit") [Am. Compl., Dkt. No. 101, ¶7; Dkt. No. 101-13] have been infringed by Defendant's product ASIN No. B08HW9TTBG ("Accused Product") [Dkt. No. 101-14, p.2].

Defendant does not dispute the fact that Defendant sold the Accused Product. Defendant also does not dispute that Plaintiffs are the owner of the Patents-in-suit. The only remaining dispute is whether an ordinary observer, taking into account of the prior arts, would consider that the Accused Product and the Patents-in-Suit are substantially the same.

***First***, no ordinary observer would find that the Accused Product and the Patents-in-Suit are substantially the same because the design of the Accused Product is plainly dissimilar from the claimed design of the Patents-in-Suit.

***Second*****,** a motion for summary judgment is particularly appropriate in this case because not only is the Accused Product plainly dissimilar from the Patents-in-Suit, but also the Accused Product is based on a valid U.S. Design Patent – D808,857 ("D'857 patent," attached here to as Exhibit 2), which Defendant is authorized to use. Aff. of Xie, ¶5, attached hereto as Exhibit 3. An ordinary observer would consider that the designs of the Accused Product and the D'857 patent are substantially the same.

***Third***, the ordinary observer will be drawn to those aspects of the claimed designs of the Patents-in-Suit that differ from the D'857 patent. The different aspects would make the distinctions between the Patents-in-Suit and accused designs readily apparent to an ordinary observer.

Therefore, the Court should find that the Accused Product does not infringe the Patents-in-Suit.

**Procedural History**

On October 24, 2020, Plaintiffs filed a motion for preliminary injunction [Dkt. No. 80], and subsequently withdrew on November 02, 2020. [Dkt. No. 94].

On November 20, 2020, Plaintiffs filed a second motion for preliminary injunction. [Dkt. No. 105].

On November 24, 2020, a hearing for preliminary injunction motion was held [Dkt. No. 112], and a preliminary injunction order was entered. [Dkt. No. 113].

Service of process was not effectuated until December 29, 2020. [Dkt. No. 218-4].

Plaintiff never received any notice of the preliminary injunction motion. [Dkt. No. 281-2, ¶4].

**Factual Background**

The alleged infringing evidence provided by Plaintiffs identifies an Amazon listing titled "Gyroor T581 Hoverboard 6.5" off Road All Terrain Hoverboards with Bluetooth Speaker & LED Lights Two-Whell Self Balancing Hoverboard with Kart Seat Attachment UL 2272 Certified for Kids & Adults (Blue)." [Dkt. No. 101-7, p.11].



| Amazon Listing<br>Dkt. No. 101-7, pp. 11-24 | **Accused Product**<br>ASIN No. B08HW9TTBG | Kart Seat |
|---|---|---|

The Accused Product is identified as ASIN No. B08HW9TTBG. [Dkt. No. 101-7, p. 16].

The "Kart Seat" is not part of the Accused Product.

The noninfringement analysis will focus solely on the Accused Product ASIN No. B08HW9TTBG.

## Legal Standard

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a).

## Arguments

There is no genuine dispute as to any material fact in this case. Defendant accepts the alleged infringing evidence Plaintiffs provided on November 19, 2020, and admits that Defendant sold the Accused Products as shown in the alleged infringing evidence [Dkt. No. 101-7, pp. 11-24].

The noninfringement in this case is obvious. **I.** The Accused Product is based on a valid U.S. Design Patent – the D'857 patent, which does not infringe the Patents-in-Suit. **II.** The claims construction is clear, the Court should construe the claim of the D'857 and Patents-in-Suit based on the drawings. **III**. Applying the ordinary observer test, an ordinary observer will either find the Accused Product substantially similar to the D'857 patent, or will be drawn to those aspects of the claimed designs of the Patents-in-Suit that differ from the D'857 patent, and those different aspects would make the distinctions between the Patents-in-Suit and accused designs readily apparent to an ordinary observer.

### I. D'857 Patent is presumed valid, especially against the Patents-in-Suit

A patent gives its owner the right to exclude others from making, using, offering to sell, selling, or importing the patented invention.

"A patent shall be presumed valid." 35 U.S.C. § 282. This presumption applies to design patents. *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020) ("Design patents are presumed valid."). A valid patent cannot infringe another patent.

It is especially true in this case because the D'857 patent was examined against the Patents-in-Suit. As shown below, all four Patents-in-Suit were cited as references by the patent examiner in the D'857 patent.

Logically, the D'857 was only issued after the patent examiner made a finding that the D'857 patent embodies a "new, original and ornamental design." *See* 35 U.S. Code § 171(a).

Therefore, the D'857 patent and the Patents-in-Suit are ***not*** substantially similar.

(12) **United States Design Patent** (10) **Patent No.:** **US D808,857 S**
**Zhang et al.** (45) **Date of Patent:** ** **Jan. 30, 2018**

(54) **HOVERBOARD**

(71) Applicant: **Shenzhen Chitado Technology CO., LTD.**, Shenzhen, Guangdong (CN)

(72) Inventors: **Dianxuan Zhang**, Guangdong (CN); **Dengjin Zhou**, Guangdong (CN)

(73) Assignee: **Shenzhen Chitado technology CO., LTD.** (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/590,451**

(22) Filed: **Jan. 10, 2017**

(51) **LOC (11) Cl.** .............................................. **12-14**

(52) **U.S. Cl.**
USPC ........................................................... **D12/1**

(58) **Field of Classification Search**
USPC ...... D12/1, 5; D21/419, 421, 423, 426, 662, D21/760, 765, 766, 769, 771, 776, 803
CPC .... B62K 3/007; B62K 17/00; B62K 2202/00; B62K 11/007; B62D 51/001; B62D 51/02; B62D 61/00; B62D 37/00; A63C 17/0033; A63C 17/01; A63C 17/016; A63C 2203/40; A63C 17/12; A63C 17/08; B60N 2/002; B60G 17/019
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D737,723 S * 9/2015 Ying .............................. D12/1
D738,256 S * 9/2015 Ying .............................. D12/1
D778,782 S * 2/2017 Chen .............................. D12/1
D780,626 S * 3/2017 Li .............................. D12/1
D784,195 S * 4/2017 Ying .............................. D12/1
D784,198 S * 4/2017 Zhu .............................. D12/1
D785,112 S * 4/2017 Ying .......................... D21/760
D785,113 S * 4/2017 Ying .......................... D21/760
D785,736 S * 5/2017 Ying .......................... D21/760
D786,130 S * 5/2017 Huang .............................. D12/1
D786,994 S * 5/2017 Chen .......................... D21/760
D786,995 S * 5/2017 Ying .......................... D21/760
9,688,340 B1 * 6/2017 Kroymann ............ B62K 13/04
2013/0238231 A1 * 9/2013 Chen ................... B62K 11/007 701/124
2016/0129963 A1 * 5/2016 Ying ................... B62D 51/001 180/6.5
2016/0325803 A1 * 11/2016 Waxman ................. B62M 7/12
2017/0144718 A1 * 5/2017 Tinaphong .......... B62K 11/007
2017/0240240 A1 * 8/2017 Kroymann ............ B62K 13/04

* cited by examiner

*Primary Examiner* — T. Chase Nelson
*Assistant Examiner* — Ania Aman

(57) **CLAIM**

The ornamental design for a hoverboard, as shown and described.

**DESCRIPTION**

FIG. **1** is a front view of the hoverboard showing our new design;
FIG. **2** is a back view thereof;
FIG. **3** is a top view thereof;
FIG. **4** is a bottom view thereof;
FIG. **5** is a left side view thereof;
FIG. **6** is a right side view thereof;
FIG. **7** is a perspective view thereof; and,
FIG. **8** is another perspective view thereof.

**1 Claim, 8 Drawing Sheets**

Consequently, the Accused Product designed and manufactured based on the D'857 Patent does not infringe the Patents-in-Suit.

## II. Noninfringement Analysis

### A. The Court should construe the claim of the D'857 and Patents-in-Suit based on the drawings

"The Supreme Court has recognized, a design is better represented by an illustration 'than it could be by any description and a description would probably not be intelligible without the illustration.'" *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (quoting *Dobson v. Dornan*, 118 U.S. 10, 14 (1886)); *accord Manual of Patent Examining Procedure* ("MPEP") §1503.01 (9th ed. 2019). "Given the recognized difficulties entailed in trying to describe a design in words, the preferable course

ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Id*.

Broken lines in the patent figures form no part of the claimed design. *See* MPEP §1503.02. (broken lines are used to illustrate "structure that is not part of the claimed design.").

### B. Ordinary Observer Test

Since *Egyptian Goddess, Inc. v. Swisa, Inc.*, the sole test for determining whether a design patent has been infringed is the "ordinary observer" test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). Under the "ordinary observer" test, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *See Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 701 (Fed. Cir. 2014) (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)).

***First***, the "ordinary observer" test focus on whether "the accused design could not reasonably be viewed as so similar to the claimed design that a purchaser familiar with the prior art would be deceived by the similarity between the claimed and accused designs", "'inducing him to purchase one supposing it to be the other.'" *Id*. at 701 (quoting *Egyptian Goddess, Inc.* 543 F.3d at 683).

***Second***, "the ordinary observer is considered to be familiar with prior art designs, and '[w]hen the differences between the claimed and accused designs are viewed in light of the prior art, the attention of the hypothetical ordinary observer may be drawn to those aspects of the claimed design that differ from the prior art." *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Access., Inc.*, 942 F.3d 1119, 1129, (Fed. Cir. 2019) (citing *Egyptian Goddess*, 543 F.3d at 681). "If the claimed design is close to the prior art designs, small differences between the accused design and the claimed design assume more importance to the eye of the hypothetical ordinary observer." *Id.*; *see also Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1344, (Fed. Cir. 2020).

***Lastly***, the "ordinary observer" test requires the fact finder to "compare similarities in *overall designs*, not similarities of ornamental features in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien*, Inc., 796 F.3d 1312, 1335 (Fed. Cir. 2015). While the test is not an "element-by-element" comparison, the fact finder must "consider the ornamental features and analyze how they impact the overall design." *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343, (Fed. Cir. 2020), *see also Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

**C. Side-by-Side Comparison**

Defendant has provided noninfringement evidence, including side-by-side comparisons of the Accused Product, the D'857 patent, and the Patents-in-Suit. [Aff. of Xie, pp 2-6, Ex. 3]. The comparison and analysis from multiple angles are fully incorporated in this motion.

Here, the ordinary observer is an individual who is familiar with hoverboards and their different designs. The most important considerations impacting the overall visual impression to the ordinary observer are the design of the two standing pads, the design of the wheels, and the size, shape, and the curve of the fenders that cover the wheels.

Here, an ordinary observer will either **a)** find the Accused Product substantially similar to the D'857 patent, which does not infringe the Patents-in-Suit; or **b)** will be drawn to those aspects of the claimed designs of the Patents-in-Suit that differ from the D'857 patent; and those different aspects would make the distinctions between the Patents-in-Suit and Accused Products readily apparent to an ordinary observer.

In light of the D'857 patent, the Accused Product and the Patents-in-Suit are plainly dissimilar.

//

//

//

//

//

1. Top View Comparison







The most prominent ornamental features from the Top View are the curved lines on the two standing pads. Both D'723 and D'256 Patents feature straight divergent lines. Neither D'195 nor D'112 Patents features any design on standing pads (broken lines).

The Accused Product has unique curved lines that match exactly the ornamental design of D'857 Patent, which is plainly dissimilar from the design the Patents-in-Suit.

2. Bottom View Comparison







The most prominent ornamental features from the Bottom View are the size, numbers, shape, and arrangement of the vent holes. Only D'112 features a pair of 12 small closely arranged vent holes.

The size, numbers, shape, and arrangement of the vent holes featured in the Accused Product match the ornamental design of D'857 Patent, which is plainly dissimilar from the D'112 Patent.

Furthermore, the vertical ridges in the center of the Accused Product are ornamental features that are unique to the Accused Product and D'857 Patent.

3. Side View Comparison




None of the Patents-in-Suit features any design of the wheels (broken lines). *See* Aff. of Xie, p.4, Ex. 3. The wheels of the Accused product have a unique pentamerous design. Five irregular hexagons are evenly distributed on the wheel. This unique design match exactly the ornamental design of D'857 Patent, which is plainly dissimilar from the design the Patents-in-Suit.

The designs of the fenders are also distinctive. Each Patents-in-Suit has its own ornamental design. The fenders in D'723, D'195 and D'112 patents cover the top of the wheels fully. The fenders in D'256 patent almost cover the top of the wheels fully.

The Accused Product has a very different design of the fenders. The fenders in the Accused Product only covers the tip of the top wheels. Most of the wheels are not covered by the fender.

4. Front/Back View Comparison







The most prominent ornamental features from the Front/Back View are the size, curve and shape of the fenders that cover the wheels. Each Patents-in-Suit has its own ornamental design.

The Accused Product has its own unique design of the fenders. The size of the fenders is substantially smaller, only covering less than one eighth of the wheels. The fenders also feature sharp edges which are distinctive from the smooth curved surfaces featured in the Patents-in-Suit.

Furthermore, the center of the Accused Product caves in, which match exactly the ornamental design of D'857 Patent. All the Patents-in-Suit protrude in the center.

5. Perspective View Comparison




**Plaintiffs' Patents-in-Suit**

| D'723 Patent | D'256 Patent |
|---|---|
| D'195 Patent | D'112 Patent |



| **The Licensed D'857 Patent** | **The Accused Product** |
|---|---|

The perspective view comparison shows the overall visual distinctions between the Patents-in-Suit and the Accused Product.

Each element of the ornamental feature, viewed together, only enhances the dissimilarity between the Accused Product and the Patent-in-Suite. The combination of the substantially dissimilar standing

pads, the wheels, and the fenders creates an overall visual impression that no ordinary observer would consider that the Accused Product and the Patents-in-Suit are of the same design.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment that Accused Product does not infringe Plaintiffs' Patents-in-Suit, and dismiss Plaintiffs' design patent infringement claims Count I – IV.

Date: 07/19/2021

/s/ Tianyu Ju

Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this July 19, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 07/19/2021 /s/ Tianyu Ju