# Exhibit 1

**RE: RE: 20-cv-4806 - Motion for Order to Show Cause**

---

**Neil Nandi**

To robin.cheng@glacier.law, Tao聽Liu, Tom.聽M, Iris聽Ju, Adam Kelly, Arthur Yuan, Ma...    2021-07-13 19:16 Hide Detail

From: Neil Nandi <nnandi@loeb.com>

To: robin.cheng@glacier.law<robin.cheng@glacier.law>, Tao聽Liu<tao.liu@glacier.law>,

Tom.聽M<ruoting.men@glacier.law>, Iris聽Ju<iris.ju@glacier.law>

Cc: Adam Kelly <akelly@loeb.com>, Arthur Yuan <ayuan@loeb.com>,

Marwa Abdelaziz<mabdelaziz@loeb.com>

Time: Tuesday, July 13, 2021 (Tue) 19:16

Size: 173 KB

---

Robin,

Plaintiffs observe that, in five separate emails, Plaintiffs have raised the fact that Counsel has not identified which defendants will be moving and on which counts. This is now the sixth such email.

Plaintiffs are indifferent as to when the motion for summary judgment is filed. Plaintiffs do, however, take issue with Counsel making baseless accusations. Far from delaying, we have proposed that Plaintiffs file a separate briefing statement after the motion for summary judgment is filed. In light of Counsel's rhetoric and continued refusal to identify even the moving defendants, this post-filing submission seems to be the most likely course.

If, however, Counsel is willing to discuss the evidentiary considerations (in addition to moving parties and counts at issue) necessary to formulate a discovery and briefing schedule, Marwa and I are available at 12:30 CDT tomorrow.

Neil

**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Tuesday, July 13, 2021 3:05 PM
**To:** Neil Nandi <nnandi@loeb.com>; Tao聽Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>; Iris聽Ju <iris.ju@glacier.law>
**Cc:** Adam Kelly <akelly@loeb.com>; Arthur Yuan <ayuan@loeb.com>; Marwa Abdelaziz <mabdelaziz@loeb.com>
**Subject:** Re: RE: 20-cv-4806 - Motion for Order to Show Cause

---

Counsel,

It is obviously that Plaintiffs are trying to delay Defendants' filing of a motion for summary judgement. In good faith, I am available before 6:00 PM CT today, or from 11:00 AM to 1:00 PM CT tomorrow for a meet and confer session.

Regards,

---

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
----

**From:** Neil Nandi
**Date:** 2021-07-13 12:37
**To:** robin.cheng@glacier.law; Tao?Liu; Tom.聽M; Iris Ju
**CC:** Adam Kelly; Arthur Yuan; Marwa Abdelaziz
**Subject:** RE: RE: 20-cv-4806 - Motion for Order to Show Cause

Robin,

Plaintiffs observe the following:

 Despite Plaintiffs raising the issue in four separate emails in the chain below, Counsel still has not even stated which defendants will be filing motions for summary judgment and as to which counts.
 Counsel is now claiming that it offered to meet and confer to discuss the summary judgment briefing, but the language which Counsel quoted for this proposition relates only to the motion for an order to show cause.  In fact, even quoting the full sentence rather than an excerpt would reveal that to be true.
 Counsel has changed its proposed briefing on the motion for summary judgment from 21 days, to 7 days, to 14 days.
 Plaintiffs never requested to see defendants' motion papers before agreeing to a briefing schedule.  Instead, we noted that extensive discovery may be required because Counsel has proposed to file a motion for summary judgment before practically any discovery has been taken.  Without knowing the evidence—both fact and expert—involved, it would be impossible to know how long would be required for such discovery.  As such, Plaintiffs stated: "If Counsel declines to share the necessary information regarding the proposed motion, Plaintiffs will plan to file a separate statement after the motion has been filed to explain as such and to suggest what they believe to be an appropriate schedule."

If Counsel were willing to meet and confer in good faith, Plaintiffs would willingly engage in such a conference.  In light of the conduct above, it seems the most appropriate solution is to file this email chain with the Court to demonstrate why it was impossible to reach an agreed briefing schedule.

Best,

Neil

**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Tuesday, July 13, 2021 12:09 AM
**To:** Neil Nandi <nnandi@loeb.com>; Tao?Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>; Iris Ju <iris.ju@glacier.law>
**Cc:** Adam Kelly <akelly@loeb.com>; Arthur Yuan <ayuan@loeb.com>; Marwa Abdelaziz <mabdelaziz@loeb.com>
**Subject:** Re: RE: 20-cv-4806 - Motion for Order to Show Cause

Counsel,

1. Defendants proposed a meet and confer session on Friday, July 9, 2021, specifically stating that "I am available at 3:00 PM CT for a meet and confer session to discuss the briefing schedule."

2. On the same day, Plaintiffs' counsel replied "so I do not know what there would be to discuss in a meet and confer."

3. Defendants has been clear that "Defendants will move for non-infringement under Rule 56(a)," which means there is no infringement as to the Patents-in-Suit, and a motion for summary judgement is proper under Rule 56(a).

4. Plaintiffs' request of Defendants' motion before agreeing to a briefing schedule is unreasonable.

5. If Plaintiffs do no think 14 days is reasonable, please propose a turn-around-time.

Regards

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.

----

**From:** Neil Nandi
**Date:** 2021-07-12 17:40
**To:** robin.cheng@glacier.law; Tao?Liu; Tom.聽M; Iris Ju
**CC:** Adam Kelly; Arthur Yuan; Marwa Abdelaziz
**Subject:** RE: RE: 20-cv-4806 - Motion for Order to Show Cause

Robin,

It seems that Counsel has again changed the proposed timeline, and for a third time has refused to even state what defendants will be filing or as to what counts they will be filing.  If Counsel seeks to engage in a meet and confer in good faith on the motion for summary judgment, including the scope of discovery that may be necessary prior to completion of briefing, Plaintiffs are certainly willing to do so.  We observe that Counsel has not proposed to meet and confer on these issues, and has not shared information (including the most basic information such as the defendants and counts at issue) that would facilitate such discussions.

Neil

**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Monday, July 12, 2021 4:25 PM
**To:** Neil Nandi <nnandi@loeb.com>; Tao?Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>; Iris Ju <iris.ju@glacier.law>
**Cc:** Adam Kelly <akelly@loeb.com>; Arthur Yuan <ayuan@loeb.com>; Marwa Abdelaziz <mabdelaziz@loeb.com>
**Subject:** Re: RE: 20-cv-4806 - Motion for Order to Show Cause

Neil,

Thank you! Well noted.
Defendants propose a 14-day turn-around-time and will include that in our motion.

Regards,

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
----

**From:** Neil Nandi
**Date:** 2021-07-12 15:25
**To:** robin.cheng@glacier.law; Tao?Liu; Tom.聽M; Iris Ju
**CC:** Adam Kelly; Arthur Yuan; Marwa Abdelaziz
**Subject:** RE: RE: 20-cv-4806 - Motion for Order to Show Cause

Robin,

Perhaps I am misunderstanding, but it seems that Counsel is now proposing seven days to brief a motion for summary judgment, when Counsel continues to refuse to state even which defendants will be filing the motion and as to what counts. Seven days would be unreasonable for any motion for summary judgment. Plaintiffs cannot propose a briefing schedule on a pre-discovery motion for summary judgment without understanding the facts and evidence involved because, again, it would be unsurprising if extensive discovery were needed.

Neil

**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Monday, July 12, 2021 12:35 PM
**To:** Neil Nandi <nnandi@loeb.com>; Tao?Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>; Iris Ju <iris.ju@glacier.law>
**Cc:** Adam Kelly <akelly@loeb.com>; Arthur Yuan <ayuan@loeb.com>; Marwa Abdelaziz <mabdelaziz@loeb.com>
**Subject:** Re: RE: 20-cv-4806 - Motion for Order to Show Cause

Neil,

Defendants will move for non-infringement under Rule 56(a).
Will Plaintiffs agree to file response in 7 days after Plaintiffs receive the motion?

Regards,

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law

Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
----

---

**From:** Neil Nandi
**Date:** 2021-07-12 13:25
**To:** robin.cheng@glacier.law; Tao?Liu; Tom.聽M; Iris Ju
**CC:** Adam Kelly; Arthur Yuan; Marwa Abdelaziz
**Subject:** RE: RE: 20-cv-4806 - Motion for Order to Show Cause

Robin,

As previously noted, we understand the briefing for an order to show cause to be in the Court's hands. That is to say, if the Court believes cause must be shown, we understand that it would enter an order requiring Defendants to do so. Regardless, we believe 21 days is excessive for ongoing non-compliance with a Court order, part of which was brought to counsel's attention two months ago. We will include defendant's proposed 21 days and note that Plaintiffs do not believe any more than 7 days would be appropriate, to the extent that the Court intends to set briefing on the motion itself, i.e. before entering an order to show cause.

As to the motion for summary judgment, we cannot reasonably discuss briefing schedules if we don't even know what defendants are moving on what counts, let alone what the bases would be and to what extent the defendants would be introducing factual evidence and expert analysis. For example, it would be unsurprising if extensive discovery were required under Rule 56(d)(2). If Counsel declines to share the necessary information regarding the proposed motion, Plaintiffs will plan to file a separate statement after the motion has been filed to explain as such and to suggest what they believe to be an appropriate schedule.

Best,

Neil

**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Monday, July 12, 2021 7:50 AM
**To:** Neil Nandi <nnandi@loeb.com>; Tao?Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>; Iris Ju <iris.ju@glacier.law>
**Cc:** Adam Kelly <akelly@loeb.com>; Arthur Yuan <ayuan@loeb.com>; Marwa Abdelaziz <mabdelaziz@loeb.com>
**Subject:** Re: RE: 20-cv-4806 - Motion for Order to Show Cause

Neil,

Defendants require 21 days to file a response.
Plaintiffs can have 21 days to file a response to Defendants' motion for summary judgement.

Regards,

---

**Robin Cheng | Attorney**
**Glacier Law PLLC**

200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential,
proprietary, or privileged information. If you are not the intended recipient, you are notified that any
use, review, dissemination, copying or action taken based on this message or its attachments, if any,
prohibited. If you are not the intended recipient, please immediately notify the sender by replying this
email and destroy or delete all copies of the original message and any attachment. Thank you.
----

**From:** Neil Nandi
**Date:** 2021-07-09 18:44
**To:** robin.cheng@glacier.law; Tao聽Liu; Tom.聽M; Iris聽Ju
**CC:** Adam Kelly; Arthur Yuan; Marwa Abdelaziz
**Subject:** RE: 20-cv-4806 - Motion for Order to Show Cause
Robin,

We observe that Counsel had also previously advised us that they would be investigating or verifying
allegations of non-compliance (see attached).  We never received a response in two months, and similar non-
compliance has continued as to more than a dozen additional short-term storefronts.  Additionally,
Gyroorboard.com and Gyroor-US's Amazon storefronts have been offering to sell and selling infringing
products, and Plaintiffs have been able to make purchases of Gyroor-branded products.  We had previously
raised some of these issues, they were corrected, and now they have returned.  Finally, as noted, your clients
have already substantially reduced the amounts in their Amazon accounts.

If your clients seek to propose a briefing schedule, please propose one.  We have already agreed to include
such a proposal in the motion, so I do not know what there would be to discuss in a meet and confer.

As to the motion for summary judgment, please advise on which claims which defendants will be moving.
That affects the appropriate time for briefing.  As you know, nearly no discovery has occurred in this matter.
Therefore, denial under Rule 56(d)(1) may be appropriate.

Best,

Neil

**From:** robin.cheng@glacier.law <robin.cheng@glacier.law>
**Sent:** Friday, July 9, 2021 11:58 AM
**To:** Neil Nandi <nnandi@loeb.com>; Tao聽Liu <tao.liu@glacier.law>; Tom.聽M <ruoting.men@glacier.law>;
Iris聽Ju <iris.ju@glacier.law>
**Cc:** Adam Kelly <akelly@loeb.com>; Arthur Yuan <ayuan@loeb.com>; Marwa Abdelaziz
<mabdelaziz@loeb.com>
**Subject:** Re: 20-cv-4806 - Motion for Order to Show Cause

Counsel,

Please provide us with specific details regarding the alleged noncompliance, so we can investigate the
situation further.

I am available at 3:00 PM CT for a meet and confer session to discuss the briefing schedule.

Defendants intend to file a motion for summary judgement on July 12, 2021.
Please let us know if Plaintiffs would like to propose a briefing schedule.

Regards,

_____

**Robin Cheng | Attorney**
**Glacier Law PLLC**
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Privilege and Confidentiality Notice*
This email is intended for the sole use of the intended recipient(s) and may contain confidential, proprietary, or privileged information. If you are not the intended recipient, you are notified that any use, review, dissemination, copying or action taken based on this message or its attachments, if any, prohibited. If you are not the intended recipient, please immediately notify the sender by replying this email and destroy or delete all copies of the original message and any attachment. Thank you.
----

---

**From:** Neil Nandi
**Date:** 2021-07-08 22:01
**To:** robin.cheng@glacier.law; Tao?Liu; Tom.聽M; Iris Ju
**CC:** Adam Kelly; Arthur Yuan; Marwa Abdelaziz
**Subject:** 20-cv-4806 - Motion for Order to Show Cause
Counsel:

Tomorrow, Plaintiffs intend to file a motion for an order to show cause, relating to the Gyroor Defendants' (Gyroor-US, Gyroor, Urbanmax, Fengchi-US, hgsm Storefront, Gaodeshang-US, Jiangyou-US, and Gyroshoes) noncompliance with the preliminary injunction. We had previously raised issues with storefronts emerging for a week solely to sell infringing, Gyroor-branded products, before closing and being replaced the following week by a similar storefront. We have now identified more than a dozen instances of this occurring and continuing to occur. Additionally, we have identified direct sales or offers for sales by Gyroor-US and other Gyroor-branded stores. Finally, we have received evidence that Gyroor Defendants, including Gyroor-US, have already depleted over $100,000 in assets from Amazon accounts. Plaintiffs have raised issues with Gyroor-US's non-compliance with the PI to Gyroor-US's counsel on multiple occasions, yet the non-compliance has continued and expanded. Plaintiffs therefore believe a meet and confer would be futile.

Plaintiffs believe that a briefing schedule is unnecessary given the nature of the motion, i.e., an opposition brief would effectively be the same as a response to the Court entering an order to show cause. If the Gyroor Defendants seek to propose a briefing schedule, however, please advise by 12 PM CDT and we will include it in the brief.

Best,

Neil

**Neil Nandi**
*Attorney At Law*

321 North Clark Street, Suite 2300 | Chicago, IL 60654
**Direct Dial:**312.464.3109 | **Fax:**312.275.8505 | **E-mail:**nnandi@loeb.com

**Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco |Beijing | Hong Kong | www.loeb.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.