UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al, *Plaintiff*, v. THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendant*. | **CASE NO.** 1:20-cv-04806 **Judge:** Honorable Thomas M. Durkin |

**DEFENDANT JIANGYOU-US**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendant Jiangyou-US, through counsel, file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). The Parties agreed on the briefing schedule as follows: Plaintiffs' response is due on September 3, 2021, and Defendant's Reply is due on September 17, 2021.

The design patent infringement against Defendant Jiangyou-US must be dismissed pursuant to Rule 12(b)(2) because this Court lacks personal jurisdiction over Defendant.

**Background**

On November 20, 2020, Plaintiffs filed a motion for preliminary injunction. [Dkt. No. 105].

On November 24, 2020, a preliminary injunction hearing was held. [Dkt. No. 112].

On November 24, 2020, a preliminary injunction order was entered. [Dkt. No. 113].

On December 24, 2020, a modified preliminary injunction order was entered. [Dkt. No. 147].

Service of process was not effectuated on Defendant until June 25, 2021. [Dkt. No. 310].

| **Timeline** | |
|---|---|
| Date: | Event: |
| 07/10/2020 | Initial Filing |
| 11/20/2020 | Motion for Preliminary Injunction Filed [Dkt. No. 105] |
| 11/24/2020 | Hearing for Preliminary Injunction held on November 24, 2020 |
| 11/24/2020 | Preliminary Injunction Order entered [Dkt. No. 113] |
| 12/23/2020 | Modified Preliminary Injunction Order entered [Dkt. No. 147] |
| *06/25/2021* | *Email Service of Process* [Dkt. No. 310] |

1

On November 19, 2021, Plaintiffs filed their Third Amended Complaint ("TAC") against different online entities, which operated stores within Amazon and other third party platform. *See* Schedule A, B, and C to the TAC, Dkt. No. 101-14, 101-15, 101-16. One of the defendants, Jiangyou-US moves this court to dismiss the complaint for lack of personal jurisdiction.

As alleged by the Plaintiff, each of the defendants on Schedule A, B, and C to the Third Amended Complaint has targeted sales from Illinois residents by operating online stores that offer to sell infringing products and has sold such products to Illinois. *See* TAC. ¶5, Dkt. No. 101.

However, Defendant Jiangyou-US has no connection to Illinois whatsoever. *See* Aff'd. of Wang Yi Qiang, ¶¶5-15. Defendant Jiangyou-US is a small business operated by a resident of People's Republic of China. *Id*. Regarding the alleged infringing product in this present case, no transaction was ever made to Illinois. *Id.* at ¶16. The uncontroverted evidence here is that there are no relevant contacts whatsoever, let alone "minimum contacts" with Illinois. *Id.*

## Legal Standards

Once the defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 388 F. 3d 773, 782 (7th Cir. 2003). To determine whether Bose has met its burden, the Court may consider affidavits from both parties. *United Airlines, Inc. v. Zaman*, No. 14 C 9214, 2015 U.S. Dist. LEXIS 56982, at *3 (N.D. Ill. Apr. 30, 2015) (citing *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012)). While courts must resolve factual disputes in the plaintiff's favor at this early stage, unrefuted facts in the defendant's affidavits must be taken as true. *Id*. (citations omitted).

## Arguments

Defendant Jiangyou-US does not have minimum contacts with Illinois and as such personal jurisdiction cannot be constitutionally exercised in Illinois over this Chinese defendant. Therefore, the Complaint against Defendant Jiangyou-US should be dismissed.

A. <u>**Personal Jurisdiction cannot be constitutionally exercised over Defendant Jiangyou-US.**</u>

Plaintiff filed a complaint against multiple defendants, based on alleged individual conduct that is unique as to each defendant. Most of the defendants are online stores operated by different Chinese entities. Because the Seventh Circuit has found no operative difference between the two constitutional limits, this Court may limit its analysis to whether exercising jurisdiction over Defendant comports with the Due Process Clause. *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *8 (citing *Hemi*, 622 F.3d at 756-57). Therefore, this Court may exercise personal jurisdiction over Defendants only if it is proper under Illinois's personal jurisdiction statute and comports with the requirements of the Due Process Clause. *Id.* (citations omitted).

The Seventh Circuit has described the familiar personal jurisdiction standard as follows:

> [T]he defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Those contacts may not be fortuitous. Instead, the defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. Crucial to the minimum contacts analysis is a showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities here.

*Hemi*, 622 F.3d at 757. General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction isproper where the defendant has "purposefully availed" herself of the benefits and protections of conducting activities in the forum state, *see Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs, of Houston Metroplex, P.A.* 623 F.3d 440, 444 (7th Cir. 2010) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.8. (emphasis added). As recently clarified by the Supreme Court, "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115, 1121 (2014) (emphasis added).

When deciding whether a defendant is subject to specific personal jurisdiction in Illinois, the Seventh Circuit applies the "express aiming" test, which asks "whether the defendant intentionally aimed its conduct at the forum state, rather than on the possibly incidental and constitutionally irrelevant effects of that conduct on the plaintiff." *Mobile*, 623 F.3d at 444-45, 445 n.1 (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). Defendants' contacts must also satisfy at least three requirements to be relevant: (1) the contacts are created by Defendants themselves; (2) the contacts are targeted at the forum state (as opposed to persons who reside there); and (3) the contacts bear on the substantive legal dispute. *See United*, 2015 U.S. Dist. LEXIS 56982 at *10 (citing *Walden*,___ U.S. ___, 134 S. Ct. at 1122-23; *Advanced Tactical*, 751 F.3d at 801-03; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009); *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1277-78 (7th Cir. 1997)).

The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Hemi*, 622 F.3d at 760) (holding that the defendant was not subject to personal jurisdiction in Illinois). Beyond simply operating an interactive website—even a "highly interactive" website— that is accessible from the forum state, a defendant must in some way *target* the forum state's market before she may be haled into court in that state without offending the Constitution. *Id*. at 558-59 (citations omitted).

1. **Defendant Jiangyou-US Lacks the Minimum Necessary Contacts with Illinois to Support Specific Jurisdiction.**

Under *Walden*, *Advanced Tactical*, and *be2*, Defendant has insufficient contacts to be subject to this Court's jurisdiction. Further, while the outcome in *Hemi* is distinguishable from the case at bar, its reasoning is helpful here. In *Hemi*, the Seventh Circuit held that the defendant was subject to personal jurisdiction in Illinois specifically because its website expressly stated that it would not ship to New

4

York residents, which indicated (albeit, indirectly) its willingness to ship to Illinois residents. *See Hemi*, 622 F.3d at 758; *cf. United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27 (holding that it lacked personal jurisdiction over the defendant after distinguishing Hemi on the same grounds). Further, the defendant in *Hemi* had actually shipped the products to Illinois residents. See *Hemi*, 622 F.3d at 758; *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27. The *Hemi* court clarified that it was the defendant's reaching out to residents of Illinois through its website and shipping history, rather than the plaintiff's inducement to ship, that created the minimum contacts. 622 F.3d at 758. No such facts are present here.

Likewise instructional is *Original Creations, Inc. v. Ready America, Inc.*, where this Court distinguished *Hemi* on the basis that the web site in question did not exclude any particular state, thus removing the implication that it expressly targeted the other states. *Original Creations,* 836 F. Supp. 2d. 711 (N.D. Ill. 2011). Further, it found that an Internet web site was not sufficient alone to support personal jurisdiction where the only sale to Illinois was to the plaintiff, as here. Ultimately, this Court found personal jurisdiction, but based on a stream-of-commerce theory because the defendant sold through distributors located in Illinois. *Id*. at 716. Other courts are in accord. *See, e.g., Sennheiser Elec. Corp. v. Evstigneeva*, supra at *7-8 (ordering the plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction where the only forum sale was to the plaintiff); *Boppy Co. v. Luvee Products Corp.*, 72 U.S.P.Q. 2d. 1577 (D. Colo. 2004) (single sale to the plaintiff's attorney was not a sufficient forum contact to support personal jurisdiction); *Edberg v. Neogen Corp*., 17 F.Supp. 2d 104 (D. Conn. 1998) ("Only those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral, acts of the plaintiff, should be considered for due process purposes. To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, regardless of how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state.") As the Supreme Court recently restated in Walden, "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State,

not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, __ U.S. __, 134 S. Ct. at 1123 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Defendant did nothing to target the forum. Any contact with Illinois, if present at all, was *de minimis* and manufactured by Plaintiff. Specific jurisdiction is lacking because the Plaintiff is the only link between them and Illinois, *id*. at 1122, and only one sale would not be enough where he has not specifically targeted the forum. *Advanced Tactical*, 751 F.3d at 801-02.

Recently, this district held that "maintenance of an interactive website, unaccompanied by evidence of any sales or other activity targeting Illinois, does not establish that [defendant] has sufficient minimum contacts with Illinois to support the exercise of personal jurisdiction." *Rubik's Brand, Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 20-cv-05338, (DK No. 73). Merely operating an online store where a resident has internet access in any forum can access is insufficient to find that Defendant "knowing" did business with residents of this state. *MSM Design & Eng'g LLC v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 2021 U.S. Dist. LEXIS 140732, *8 (July 28, 2021). To allow the Plaintiff to hale Defendant Jiangyou-US into court without even a minimum number of contacts offends Constitutional principles. This Court should dismiss the complaint as to Defendant Jiangyou-US for lack of personal jurisdiction.

Defendant Jiangyou-US is not subject to personal jurisdiction in Illinois. First, it is undisputed that Defendant Jiangyou-US does not have continuous and systematic general business contacts in Illinois, so this Court should focus on the specific-jurisdiction inquiry. Second, Defendant Jiangyou-US's conduct was not directly – much less "expressly aimed" – at Illinois. *See, e.g., Sennheiser Elec. Corp. v. Evstigneeva*, No. CV 11-07884 GAF (FFMx), 2012 U.S. Dist. LEXIS 79328, at *7 (C.D. Cal. June 7, 2012) ("[T]here is no evidence in this case suggesting that Defendant's eBay page, despite being interactive, targets or is in any way directed toward California."); *Imageline, Inc. v. Hendricks*, No. CV 09-01870 DSF (AGRx), 2009 U.S. Dist. LEXIS 71125, at *12 (C.D. Cal. Aug. 12, 2009) ("The Defendants' sales to California residents [via eBay] were not specifically directed contacts, but instead

occurred only because the purchasers of Defendants' goods happened to reside in California. There was no 'individualized targeting' of California.")

There is no evidence that Defendant Jiangyou-US ever shipped or sold the alleged infringing product to Illinois. At most Defendant Jiangyou-US operated online store within Amazon that was accessible from Illinois, as well as everywhere else. Under well-established principles, Defendant Jiangyou-US is not subject to personal jurisdiction in this Court. One of the two Plaintiffs, Hangzhou Chic Intelligent Technology Co., Ltd is a Chinese company located in Hangzhou, China. *See* TAC. ¶6, Dkt. No. 101.The other Plaintiff Unicorn Global, Inc. is also not an Illinois resident. Indeed, Plaintiff Unicorn Global, Inc. incorporated in California, having its principal place of business in Ontario, California. *Id*. at ¶8.

### 2. **Jurisdiction Cannot Be Exercised Over Defendant Jiangyou-US Consistent with Traditional Notions of Fair Play and Substantial Justice.**

Finally, even if this Court finds a bare minimum of contacts with Illinois, jurisdiction over Defendant is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Hemi*, 622 F.3d at 759 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In making this determination, the Court should consider: [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies. *Id*. (alteration in original). The factors are considered under a sliding scale: the weaker the defendant's contacts with the forum state, the less likely it is that exercising jurisdiction over that defendant is appropriate. *Id*. at 759-60.

Here, the connection to Illinois is minimal. The burden on the Defendant Jiangyou-US is significant, as it has no contact with Illinois or the United States but instead is a citizen and resident of China. Illinois' interest in this case is likewise weak. The allegations at most address *di minimis* causing

virtually no appreciable actual injury to the Plaintiffs. The Plaintiffs are not citizens or residents of Illinois. Rather, Plaintiffs are a Chinese company and a California corporation. *See* TAC. ¶6, 8, Dkt. No. 101. As a result, if there is any country or state with jurisdiction to adjudicate the Plaintiff's claim, it should be either China or California. Illinois courts cannot provide any particular efficiencies in resolving this matter either. So, even if this Court finds that the absolute bare minimum contacts might exist, it should still dismiss because the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court dismiss complaint against Defendant Jiangyou.

Date: 08/13/2021

/s/ Tianyu Ju
Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this August 13, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 08/13/2021                          /s/ Tianyu Ju
                                                                        Tianyu Ju, Esq.