UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al,<br><br>                     *Plaintiff*,<br>    v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                     *Defendant*. | **CASE NO.** 1:20-cv-04806<br><br>**Judge:** Honorable Thomas M. Durkin |

**DEFENDANT FENGCHI-US'S**
**MOTION TO DISMISSPURSUANT TO RULE 12(b)(6)**

Defendant Fengchi-US, through counsel, file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Parties agreed on the briefing schedule as follows: Plaintiffs' response is due on September 3, 2021, and Defendant's Reply is due on September 17, 2021.

**Introduction**

Plaintiffs alleged design patent infringement against Defendant because Fengchi-US is related to or affiliated with Gyroor-US, despite the fact that the two sellers were selling two different products with substantially dissimilar designs.

Plaintiffs' unsubstantiated infringement allegation against Defendant must be dismissed because **I)** Plaintiffs failed to meet the pleading standards under Rule 12(b)(6); and **II)** the noninfringement is obvious in this case.

**Procedural Background**

On November 20, 2020, Plaintiffs filed a motion for preliminary injunction. [Dkt. No. 105].

On November 24, 2020, a preliminary injunction hearing was held. [Dkt. No. 112].

On November 24, 2020, a preliminary injunction order was entered. [Dkt. No. 113].

On December 24, 2020, a modified preliminary injunction order was entered. [Dkt. No. 147].

Service of process was not effectuated on Defendant until June 25, 2021. [Dkt. No. 310].

| Timeline | |
|---|---|
| Date: | Event: |
| 07/10/2020 | Initial Filing |
| 11/20/2020 | Motion for Preliminary Injunction Filed [Dkt. No. 105] |
| 11/24/2020 | Hearing for Preliminary Injunction held on November 24, 2020 |
| 11/24/2020 | Preliminary Injunction Order entered [Dkt. No. 113] |
| 12/23/2020 | Modified Preliminary Injunction Order entered [Dkt. No. 147] |
| *06/25/2021* | *Email Service of Process* [Dkt. No. 310] |

## Factual Background

Plaintiffs made no specific allegations against Defendant aside from alleging "Fengchi-US store is related to or affiliated with Gyroor US." [Dkt. No. 227-1, ¶17].

Evidence provided by Plaintiffs identifies the alleged infringing products "*Gyroor Hoverboard Offroad All Terrain Flash Wheel Self Balancing G5 Hoverboards with Bluetooth Speaker, UL 2272 Certified Best Gift ...*" [Dkt. No. 227-1, p. 42 of 92]. The product has a unique ASIN number B08NT551P4 ("Accused Product") [Dkt. No. 227-3, p. 4 of 4].

## Arguments

### I. Plaintiffs' Unsubstantiated Allegation Against Defendant Must Be Dismissed Because Plaintiffs failed to meet the pleading standards

A Rule 12(b)(6) motion challenges the sufficiency of a complaint. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016). A complaint must contain enough information via "a short and plain statement of the claim" to give the Defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss should be granted if a complaint does ***not*** contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 709 (Fed. Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To meet the plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id*. Merely pleading facts that are consistent with liability or stating legal conclusions is not sufficient. *Id*.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 678. While the Court accepts all "well-pled" facts alleged in the complaint as true, it is not bound to accept the Plaintiff's legal conclusions. *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557). Without "factual enhancements" sufficient to state a cause of action, the formulaic recitation of generic acts of infringement are insufficient to avoid dismissal. *See Strategic Operations, Inc. v. Joseph*, No. 3-17-cv-01539, 2018 WL 3833411, at *3 (S.D. Cal., Aug. 13, 2018) (disregarding conclusory allegations that Defendant "continue to make, use, sell and offer for sale" the accused product, where more specific allegations failed to support infringement claim.) A complaint should be dismissed, pursuant to Rule 12(b)(6), when it lacks "a cognizable legal theory." *Bielskis v. Louisville Ladders Inc.*, No. 07 C 1411, 2007 WL 2088583, at *1 (N.D. Ill. July 18, 2007); *see also Roper v. Jo-Ann Stores, Inc.*, 211 Fed. Appx. 950, 951 (Fed. Cir. 2007) (affirming dismissal where patent requirements could not apply to accused product).

Here, aside from the conclusory claims that "Fengchi-US store is related to or affiliated with Gyroor US," [Dkt. No. 227-1, ¶17], Plaintiffs failed to provide any specific facts to support its design patent infringement claim against Defendant Fengchi-US.

Furthermore, the Accused Product sold by Defendant is a different product. The Accused Product has a substantial different design and a unique ASIN number. Therefore, Plaintiffs' infringement allegations against Gyroor-US does not apply to Fengchi-US simply because they are "related or affiliated." Lastly, as shown below, the Accused Product sold by Defendant is based on a valid U.S. Design Patent – the D891,297 Patent ("D'297 Patent," attached hereto as Exhibit 1), which does not infringe Plaintiffs' Patents.

Consequently, Plaintiffs failed to meet the pleading standards under Rule 12(b)(6).

## II. The Noninfringement Is Obvious Because the Accused Product Is Based on a Valid U.S. Design Patent – the D'297 Patent.

Plaintiffs allege that four of Plaintiffs' U.S. Design Patents – D737,723 ("D'723 patent"), D738,256 ("D'256 patent"), D785,112 ("D'112 patent"), D784,195 ("D'195 patent") ("Patents-in-Suit") [Am. Compl., Dkt. No. 101, ¶7; Dkt. No. 101-13] have been infringed by Defendant's product ASIN No. B08NT551P4 ("Accused Product") [Dkt. No. 227-3, p. 4 of 4].

Defendant accepts that Plaintiffs are the owner of the Patents-in-suit. However, the Accused Product does not infringe the Patents-in-Suit.

The noninfringement in this case is obvious because the Accused Product is based on a valid U.S. Design Patent – the D'297 patent, which does not infringe the Patents-in-Suit.

### A. D'297 Patent is presumed valid

A patent gives its owner the right to exclude others from making, using, offering to sell, selling, or importing the patented invention.

"A patent shall be presumed valid." 35 U.S.C. § 282. This presumption applies to design patents. *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020) ("Design patents are presumed valid."). A valid patent cannot infringe another patent.

### B. The Accused Product is identical to the D'297 patent

//
//
//
//
//
//

4

1. <u>Top View Comparison</u>





The most prominent ornamental features from the Top View are the shape and design of the two standing pads. Both D'723 and D'256 Patents feature straight divergent lines. Neither D'195 nor D'112 Patents features any design on standing pads (broken lines).

The Accused Product, like the D'297 Patent, has unique three parallel lines and other intricate patterns on the standing pads, which are plainly dissimilar from the designs of the Patents-in-Suit.

5

2. <u>Bottom View Comparison</u>





The most prominent ornamental features from the Bottom View are the size, numbers, shape, and arrangement of the vent holes. Only D'112 features a pair of 12 small closely arranged vent holes.

The size, numbers, shape, and arrangement of the vent holes featured in the Accused Product match the ornamental design of D'297 Patent, which is plainly dissimilar from the D'112 Patent.

Furthermore, the vertical ridges in the center of the Accused Product are ornamental features that are unique to the Accused Product and D'297 Patent.

6

3. Front/Back View Comparison





The most prominent ornamental features from the Front/Back View are the size, curve and shape of the fenders that cover the wheels. The Accused Product has its own unique design of the fenders.

The fender in the Accused Product, like in the D'297 patent, does not cover the side of wheels, which is plainly dissimilar from the designs of the Patents-in-Suit. Furthermore, the fenders also feature sharp edges which are distinctive from the smooth round edge featured in the Patents-in-Suit.

7

4. Perspective View Comparison





The perspective view comparison shows the overall visual distinctions between the Patents-in-Suit and the Accused Product.

Each element of the ornamental feature, viewed together, only enhances the dissimilarity between the Accused Product and the Patent-in-Suite. The combination of the substantially dissimilar standing

8

pads, and the fenders creates an overall visual impression that no ordinary observer would consider that the Accused Product and the Patents-in-Suit are of the same design.

Therefore, the Accused Product is identical to the D'297 patent, and designs of the Accused Product and the Patents-in-Suit are ***not*** substantially similar.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court dismiss complains against Defendant Fengchi-US.

Date: 08/13/2021

/s/ Tianyu Ju
Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 13, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 08/13/2021 /s/ Tianyu Ju
Tianyu Ju, Esq.