**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>*Defendants*. | **CASE NO.** 1:20-cv-04806<br><br>**Judge:** Honorable Thomas M. Durkin |

**DEFENDANTS URBANMAX, HGSM, AND GYROSHOES' ANSWER**
**TO COMPLAINT, AFFIRMTIVE DEFENSES AND COUNTERCLAIMS**

**NOW COME** Defendants Urbanmax, HGSM, and Gyroshoes, by and through its attorney,

submit their Answers to the Third Amended Complaint filed by the Plaintiffs and states as follows:

**ANSWER TO COMPALINT**

**I.    IN ANSWER TO THE ALLEGATIONS OF NATURE OF ACTION**

1.  This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 1

    et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

    **Answer:** Admitted that Plaintiffs filed this action for patent infringement under the United States

    patent laws.  Defendants otherwise denies any infringement of any valid and enforceable claim of

    any patent identified in the Third Amended Complaint.

2.  Plaintiffs have filed this action to combat e-commerce store operators who trade upon Plaintiffs'

    reputation and goodwill by making, using, offering for sale, selling and/or importing into the United

    States for subsequent sale and use of unauthorized and unlicensed products, namely the self-

    balancing transport devices known as hoverboards shown in Exhibit 1, that infringe Plaintiffs'

    patented designs ("Infringing Products"). Defendants create e-commerce stores operating under one

    or more seller aliases or fictitious names identified in Schedule A, Schedule B, and Schedule C that

are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products to unknowing consumers. Defendant Internet Stores share unique identifiers establishing a logical relationship between them and Defendants' operation, which arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating one or more Defendant Internet Stores to conceal both their identities and the full scope and interworking of their operation.

**Answer:** Defendants deny the allegations of this paragraph in their entirety for lack of knowledge as to the activities of other defendants, and specifically denies that it engaged in any conduct constituting infringement of any valid and enforceable claim of any patent identified in the Third Amended Complaint.

3. Plaintiffs are forced to file this action to combat Defendants' infringement of their patented designs, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiffs have been and continue to be irreparably damaged from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing their patented designs as a result of Defendants' actions and seeks injunctive and monetary relief.

**Answer:** Defendants deny the allegations of this paragraph in their entirety, and specifically denies that it engaged in any conduct constituting infringement of any valid and enforceable claim of any patent identified in the Third Amended Complaint.

## II.    IN ANSWER TO THE ALLEGATIONS OF JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action under the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. §§ 1331 and 1338(a)-(b).

**Answer:** Admitted that the Court has subject matter jurisdiction over the claims asserted in Plaintiffs' Third Amended Complaint.

5. Venue is proper in this Court under 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each of the Defendants directly targets business activities

2

toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores, operating under the Defendants Internet Stores. *See* Schedule A, Schedule B, and Schedule C. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one of more Defendants Internet Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiffs' patented designs and features to residents of Illinois. Each of the Defendants are committing tortious acts in Illinois, engaging in interstate commerce, and have wrongfully caused Plaintiffs substantial injury in Illinois.

**Answer:** Defendants deny the allegations of this paragraph in their entirety, and specifically denies any infringement of any valid and enforceable claim of any patent identified in the Third Amended Complaint and denies that it has conducted any acts in this forum that subject them to specific or general jurisdiction as alleged.

### III.    IN ANSWER TO THE ALLEGATIONS OF THE PARTIES

6.  Plaintiff Chic is a high-tech company that manufactures and licenses hoverboard products for sale in the United States. Chic is supported by Zhejiang University Ministry of Education Computer Aided Product Innovation Design Engineering Center, the Zhejiang University International Design, and Zhejiang Key Laboratory of Service Robot. Chic is located in the Liangzhu University Science and Technology Park, Yuhang District, Hangzhou, China.

**Answer:** Defendants are without sufficient knowledge or information to admit or deny the truth of such allegations, and accordingly denies.

7.  Chic designs and sells hoverboards, among other technologies, which incorporate the Patents-in-Suit (collectively, "Plaintiffs' Products"). Chic is the assignee of approximately 400 granted patents related to technologies associated with the products at issue here, four of which are the subject of this action.

**Answer:** Defendants are without sufficient knowledge or information to admit or deny the truth of such allegations, and accordingly denies

8.  Plaintiff Unicorn is a corporation organized under the laws of the State of California, having its principal place of business in Ontario, California. Unicorn is the exclusive U.S. distributor of Plaintiffs' Products. Unicorn, through its affiliates and licenses, operates websites which promote and sell genuine Plaintiffs' Products, and which feature proprietary content, images and designs exclusive to Plaintiffs.

**Answer:** Defendants are without sufficient knowledge or information to admit or deny the truth of such allegations, and accordingly denies.

9.  Defendants are individuals and business entities of unknown makeup who own and/or operate one or more Defendants Internet Stores identified in Schedule A, Schedule B, and Schedule C and/or other seller aliases not yet known to Plaintiffs. Upon information and belief, Defendants reside and/or operate in the People's Republic of China or act as an entity from a foreign jurisdiction with less efficient intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued under Federal Rule of Civil Procedure 17(b).

**Answer:** Defendants admit that it owns and/or operates one of the storefronts identified in Schedule A and that it resides and/or operates in the People's Republic of China. Defendants are without sufficient knowledge or information to admit or deny the truth of the remaining allegations, and accordingly denies.

10. Upon information and belief, Schedule A Defendants do not have substantial contacts within the United States and are foreign entities operating Defendants Internet Stores and selling Infringing Products.

**Answer:** Defendants admit that it does not substantial contacts within the United States and is a foreign entity operating an Amazon storefront. Defendants deny the remaining allegations of this paragraph.

11. Upon information and belief, some evidence suggests that Schedule B Defendants may have some contacts within the United States, but Plaintiffs are unable to confirm their actual location based on the publicly available information on third party e-commerce platforms and based on state Secretary of State (or similar state agency) records. Some indicia nonetheless suggests that Schedule B Defendants may be foreign entities operating Defendants Internet Stores and selling Infringing Products.

**Answer:** Defendants are without sufficient knowledge or information to admit or deny the truth of such allegations, and accordingly denies.

12. Upon Information and belief, Schedule C Defendants have contacts in both the U.S. and in foreign jurisdictions, but have submitted to jurisdiction and venue within the Northern District of Illinois and will comply with any injunctive orders from this Court.

**Answer**: Defendants are without sufficient knowledge or information to admit or deny the truth of such allegations, and accordingly denies.

13. On information and belief, Defendants either individually or jointly, operate one or more Defendants Internet Stores listed in Schedule A, Schedule B, and Schedule C. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiffs to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiffs will take appropriate steps to amend the Complaint.

**Answer:** Defendants admit that it owns and/or operates an Amazon storefront identified in amended Schedule A. Defendants deny the remaining allegations in this paragraph.

IV. **IN ANSWER TO THE ALLEGATIONS OF FACTUAL ALLEGATIONS**

14. Chic has been issued with several U.S. design patents relating to hoverboard products, including but not limited to, U.S. Design Patent Nos. D737,723 ("the 'D723 patent"), D738,256 ("the 'D256 patent"), D785,112 ("the 'D112 patent"), and D784,195 ("the 'D195 patent") (collectively, the "Patents-in-Suit"). *See* Exhibit 2.

    **Answer:** Defendants admit the Patents-in-Suit attached to Third Amended Complaint as Exhibit 2 identifies Hangzhou Chic Intelligent Co., Ltd. as the Assignee. Defendants are without sufficient knowledge or information to admit or deny the remaining and accordingly denies.

15. The Patents-in-Suit claim and illustrate ornamental features of hoverboards.

    **Answer:** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

16. The 'D723 patent and the 'D256 patent are entitled "Self-Balancing Vehicle," and were issued on September 1, 2015 and September 8, 2015, respectively.

    **Answer:** Admitted as this information is shown in the Exhibit 2 to the Third Amended Complaint.

17. Admitted as this table is shown in the Exhibit 2 to the Third Amended Complaint.

18. Admitted as this table is shown in the Exhibit 2 to the Third Amended Complaint.

19. Both the 'D195 patent and the 'D112 patent are entitled "Human-Machine Interaction Vehicle," and were issued on April 18, 2017 and April 25, 2017, respectively.

    **Answer:** Admitted as this information is shown in the Exhibit 2 to the Third Amended Complaint.

20. Admitted as this table is shown in the Exhibit 2 to the Third Amended Complaint.

21. Admitted as this table is shown in the Exhibit 2 to the Third Amended Complaint.

22. Jiawei Ying is the main named inventor of the Patents-in-Suit, and he has assigned all rights, title, and interest to the patents to Chic.

**Answer:** As shown in the Exhibit 2 to the Third Amended Complaint, Defendants admit the four Patents-in-Suit identify Jiawei Ying as the Inventor. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of the paragraph and accordingly denies.

23. Chic has licensed to Unicorn the right to sell, offer to sell, and distribute products featuring the Patents-in-Suit, including Plaintiffs' Products.

    **Answer:** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

24. Plaintiffs utilize the Patents-in-Suit when designing, manufacturing, and selling Plaintiffs' Products. The Patents-in-Suit have revolutionized ornamental design for hoverboards that have a central support platform.

    **Answer:** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

25. The Patents-in-Suit have streamline shapes that are appealing to United States customers. Specifically, the 'D723 patent and the 'D256 patent have defined the fundamental ornamental configurations of the hoverboard product class. The 'D112 patent features a soft edge between the central support platform and the fenders, and the 'D195 patent features a sharper edge.

    **Answer:** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

26. Plaintiffs' Products are stylish and modern, and are visually pleasing to the consumers, and have become enormously popular to consumers of all ages, resulting in the sale of thousands of units in the United States.

    **Answer:** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

27. Plaintiffs have identified numerous e-commerce stores, including Defendants Internet Stores, that offer for sale and/or selling Infringing Products to consumers in this Judicial District and throughout

the United States. E-commerce sales, including through stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* Excerpts from Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report at Exhibit 3.

**<u>Answer:</u>** Defendants deny that it offered for sale and/or sold products to consumers in this Judicial District and throughout the United States that infringed any valid and enforceable claim of any patent identified in the Third Amended Complaint. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of the paragraph, and accordingly denies.

28. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to use untraceably identifiers, such as false names and addresses, when registering with e-commerce platforms. *See* "Combating Trafficking in Counterfeit and Pirated Goods," prepared by the U.S. Dep't of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) at Exhibit 4.

**<u>Answer:</u>** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

29. Defendants have targeted sales to Illinois residents by setting up and operating e- commerce stores that target United States consumers using one or more Defendants Internet Stores.

**<u>Answer:</u>** Denied.

30. Upon information and belief, Defendants have sold and are selling Infringing Products on their e-commerce website, offered and are offering shipping to the United States, including Illinois, and are accepting payment in U.S. dollars.

**<u>Answer:</u>** Defendants deny that it has sold and is selling products to consumers on an e-commerce website that infringe any valid and enforceable claim of any patent identified in the Third Amended Complaint, or that it offered and is offering shipping of products to the United States, including Illinois, that infringe any valid and enforceable claim of any patent identified in the Third Amended

Complaint, or that it accepted and is accepting payment in U.S. dollars for products that infringe any valid and enforceable claim of any patent identified in the Third Amended Complaint. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of the paragraph, and accordingly denies.

31. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating the Defendants Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendants Internet Stores often include content and images that make it difficult for consumers to distinguish such stores from an authorized retailer. In addition, Defendants Internet Stores appear sophisticated and accept payment in U.S. dollars via credit cards, Paypal, and/or Amazon Pay, for example.

   **Answer:** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

32. Plaintiffs have not licensed the Patents-in-Suit to the Defendants and none of the Defendants are authorized retailers of genuine Plaintiffs' Products.

   **Answer:** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

33. On information and belief, Defendants have engaged in fraudulent conduct when registering the Defendants Internet Stores by providing false, misleading and/or incomplete information to e-commerce platforms.

   **Answer:** Defendants deny the allegations that it engaged in fraudulent conduct of any kind when registering its internet storefront. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of the paragraph, and accordingly denies.

34. On information and belief, Defendants have anonymously registered and maintained seller aliases to prevent one from learning their true identities and the scope of their e- commerce operation.

**Answer:** Defendants deny that it anonymously registered and maintained seller aliases to prevent others from learning their true identities and the scope of their e-commerce operation. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of the paragraph, and accordingly denies.

35. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing products. Such registration patterns are one of the many tactics used by Defendants to conceal their identities and the interworking of their operation, as well as to avoid being shut down.

    **Answer:** Defendants deny that it regularly registered or acquired new seller aliases for the purpose of offering for sale and selling any Infringing products. Defendants further denies it uses such registration patterns as one of many tactics to conceal its identity and the interworking of their operation, as well as to avoid being shut down. Defendants deny that it has sold and is selling products to consumers on an e-commerce website that infringe any valid and enforceable claim of any patent identified in the Third Amended Complaint. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of the paragraph, and accordingly denies.

36. Despite operating under multiple fictitious aliases, the Defendants Internet Stores often share unique identifiers, such as templates with common design elements with no contact information or other identifying information, keywords, advertising tactics, similarities in prices and quantities, same incorrect grammar and misspellings, and/or use of the same text and imagines.

    **Answer:** Denied.

37. Infringing Products sold by the Defendants Internet Stores bear similar irregularities and indicia of being unauthorized to one another, suggesting that Defendants are interrelated and that the Infringing Products come from and were manufactured by a common source.

**Answer:** Denied. In addition, Defendants deny that it has sold and is selling products to consumers on an e-commerce website that infringe any valid and enforceable claim of any patent identified in the Third Amended Complaint.

38. On information and belief, Defendants maintain off-shore accounts and regularly move funds from their financial accounts to off-shore bank accounts outside this Court's jurisdiction to avoid payment of any monetary judgment awarded to Plaintiffs.

**Answer:** Defendants are without sufficient knowledge or information to admit or deny the allegations, and accordingly denies.

39. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

**Answer:** Denied. In addition, Defendants deny that it has made, used, offered for sale, sells, and/or imports into the United States any products that infringe any valid and enforceable claim of any patent identified in the Third Amended Complaint.

40. Defendants, without any authorization or license from Plaintiffs, have jointly and severally, knowingly and willfully made, used, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe the Patents-in-Suit, irreparably harming Plaintiffs.

**Answer:** Denied. In addition, Defendants deny that it has made, used, offered for sale, sells, and/or imports into the United States any products that infringe any valid and enforceable claim of any patent identified in the Third Amended Complaint.

## V. IN ANSWER TO THE ALLEGATIONS OF COUNT I DESIGN PATENT INFRINGEMENT – PATENT NO. D737,723 (35 U.S.C. § 271)

41. Plaintiffs re-allege and incorporate by reference the allegations provided in the preceding paragraphs.

**Answer:** Defendants realleges and adopts for reference herein their answers to Paragraphs 1-40 of the Third Amended Complaint as though fully set forth herein.

42. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that directly and/or indirectly infringe the Patents-in-Suit.

**Answer:** Denied.

43. Defendants have infringed the Patents-in-Suit through the alleged acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of control of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

**Answer:** Denied.

44. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiffs are also entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

**Answer:** Denied.

### VI. IN ANSWER TO THE ALLEGATIONS OF COUNT II DESIGN PATENT INFRINGEMENT – PATENT NO. D738,256 (35 U.S.C. § 271)

45. Plaintiffs re-allege and incorporate by reference the allegations provided in the preceding paragraphs.

**Answer:** Defendants realleges and adopts for reference herein their answers to Paragraphs 1-44 of the Third Amended Complaint as though fully set forth herein.

46. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that directly and/or indirectly infringe the Patents-in-Suit.

**Answer:** Denied.

47. Defendants have infringed the Patents-in-Suit through the alleged acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer

irreparable harm resulting from the loss of control of thier lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

**Answer:** Denied.

48. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiffs are also entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

**Answer:** Denied.

### VII. IN ANSWER TO THE ALLEGATIONS OF COUNT III DESIGN PATENT INFRINGEMENT – PATENT NO. D785,112 (35 U.S.C. § 271)

49. Plaintiffs re-allege and incorporate by reference the allegations provided in the preceding paragraphs.

**Answer:** Defendants realleges and adopts for reference herein their answers to Paragraphs 1-49 of the Third Amended Complaint as though fully set forth herein.

50. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that directly and/or indirectly infringe the Patents-in-Suit.

**Answer:** Denied.

51. Defendants have infringed the Patents-in-Suit through the alleged acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of control of thier lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

**Answer:** Denied.

52. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiffs are also entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

**Answer:** Denied.

VIII. **IN ANSWER TO THE ALLEGATIONS OF COUNT IV DESIGN PATENT INFRINGEMENT – PATENT NO. D784,195 (35 U.S.C. § 271)**

53. Plaintiffs re-allege and incorporate by reference the allegations provided in the preceding paragraphs.

    **Answer:** Defendants realleges and adopts for reference herein their answers to Paragraphs 1-54 of the Third Amended Complaint as though fully set forth herein.

54. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that directly and/or indirectly infringe the Patents-in-Suit.

    **Answer:** Denied.

55. Defendants have infringed the Patents-in-Suit through the alleged acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of control of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

    **Answer:** Denied.

56. Plaintiffs are entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiffs are also entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

    **Answer:** Denied.

## **AFFIRMATIVE DEFENSES**

Defendants affirmatively asserts the following defense:

1. Defendants' Accused Products (ASIN No. B08HW9TTBG and B07WPK7KY3, identified in Dkt. No. 227-3, p. 4 of 4) have not infringed, and are not infringing, directly or indirectly by inducement, any valid and enforceable claim contained in U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit").

2. As shown in table below, Defendants' product is based on the unique design of U.S. Design Patent D808,857, of which Defendants obtained a license.

| Plaintiffs' Patents-in-Suit (one of four D737,723) | Defendants' Licensed Patent D808,857 |
|---|---|



| Plaintiffs' Product | Defendants' Accused Products |
|---|---|



3. Defendants further incorporates its Motion for Summary Judgement of Noninfringement [Dkt. No. 110] in support of its noninfringement defense.

4. Since *Egyptian Goddess, Inc. v. Swisa, Inc.*, the sole test for determining whether a design patent has been infringed is the "ordinary observer" test. Under the "ordinary observer" test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing . . . purchase [of] one

supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 670 (Fed. Cir. 2008).

5.  The "ordinary observer" test requires the fact finder to "compare similarities in overall designs, not similarities of ornamental features in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien*, Inc., 796 F.3d 1312, 1335 (Fed. Cir. 2015). While the test is not an "element-by-element" comparison, the fact finder must "consider the ornamental features and analyze how they impact the overall design." *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343, (Fed. Cir. 2020), *see also Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

6.  The most important considerations impacting the overall visual impression to the ordinary observer are the design of the two standing pads, the design of the wheels, and the size, shape, and the curve of the fenders that cover the wheels.

7.  It is obvious that the D808,857 has a unique design from the Patents-in-Suit.

8.  In this case, an ordinary observer will either **a)** find the Accused Products substantially similar to the D'857 patent, which does not infringe the Patents-in-Suit; or **b)** will be drawn to those aspects of the claimed designs of the Patents-in-Suit that differ from the D'857 patent; and those different aspects would make the distinctions between the Patents-in-Suit and Accused Products readily apparent to an ordinary observer.

9.  In light of the D'857 patent, the Accused Products and the Patents-in-Suit are plainly dissimilar.

//

//

//

//

//

//

//

## COUNTERCLAIMS

### JURISDICTION AND VENUE

1. These are Counterclaims brought by Defendant/Counterclaimant Defendants ("Defendants"), against Plaintiffs/Counterdefendant Hangzhou Chic Intelligent Technology Co., Ltd., and Unicorn Global, Inc. (collectively "Plaintiffs") for declaratory judgment that U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit") are not infringed, either directly or indirectly by inducement, by Defendants' use, manufacture, sale, and offer for sale of products and technology as identified in the Third Amended Complaint.

2. This Court has jurisdiction over these Counterclaims under the federal question jurisdiction of this Court, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367(a), the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, the patent laws, 35 U.S.C. § 1, et seq., and under Rule 13 of the Federal Rules of Civil Procedure.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1400(b), in that this case is an action for patent infringement arising under the patent laws of the United States and pursuant to 28 U.S.C. § 1391(b) and (c), as Plaintiffs/Counter defendants have a principal place of business and thereby reside in this judicial district, a substantial portion of the events giving rise to these Counterclaims occurred in this judicial district, and Plaintiffs are subject to personal jurisdiction of this Court having commenced its action in this Court.

### THE PARTIES

4. Defendant/Counterclaimant are three Chinese companies with their principal place of business in China.

5. Defendants have internet storefronts that they use to sell hoverboards.

6. Upon information and belief, Plaintiff/CounterDefendant Hangzhou Chic Intelligent Technology Co., Ltd. ("Hangzhou") is a Chinese company located in the Liangzhou University Science and Technology Park, Yuhang District, Hangzhou, China.

7. Upon information and belief, Plaintiff/CounterDefendant Unicorn Global, Inc. is ("Unicorn") is a corporation organized and existing under the laws of the State of California, having its principal place of business in the Ontario, California.

## COUNT I
### Declaratory Judgment of Noninfringement

8. Defendants' Accused Products has not infringed, and is not infringing, directly or indirectly by inducement, any valid and enforceable claim contained in U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit").

9. As shown in table below, Defendants' product is based on the unique design of U.S. Design Patent D808,857, of which Defendants obtained a license.

| Plaintiffs' Patents-in-Suit (one of four D737,723) | Defendants' Licensed Patent D808,857 |
| --- | --- |
| Plaintiffs' Product | Defendants' Product |



10. Defendants further incorporates its Motion for Summary Judgement of Noninfringement [Dkt. No. 110] in support of its noninfringement defense.

11. Since *Egyptian Goddess, Inc. v. Swisa, Inc.*, the sole test for determining whether a design patent has been infringed is the "ordinary observer" test. Under the "ordinary observer" test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing . . . purchase [of] one

supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 670 (Fed. Cir. 2008).

12. The "ordinary observer" test requires the fact finder to "compare similarities in overall designs, not similarities of ornamental features in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien*, Inc., 796 F.3d 1312, 1335 (Fed. Cir. 2015). While the test is not an "element-by-element" comparison, the fact finder must "consider the ornamental features and analyze how they impact the overall design." *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343, (Fed. Cir. 2020), *see also Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

13. The most important considerations impacting the overall visual impression to the ordinary observer are the design of the two standing pads, the design of the wheels, and the size, shape, and the curve of the fenders that cover the wheels.

14. It is obvious that the D808,857 has a unique design from the Patents-in-Suit.

15. In this case, an ordinary observer will either **a)** find the Accused Products substantially similar to the D'857 patent, which does not infringe the Patents-in-Suit; or **b)** will be drawn to those aspects of the claimed designs of the Patents-in-Suit that differ from the D'857 patent; and those different aspects would make the distinctions between the Patents-in-Suit and Accused Productss readily apparent to an ordinary observer.

16. In light of the D'857 patent, the Accused Products and the Patents-in-Suit are plainly dissimilar.


## DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that

1. Plaintiffs be denied all relief against Defendants;

2. The Accused Products does not infringe the Patents-in-Suit;

3. Plaintiffs' Third Amended Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

4. Plaintiff takes nothing by way of this action;

5. Defendants be awarded compensatory and punitive damages;

6. Defendants be awarded costs of suit, attorneys' fees and any other relief which the Court

deems proper.

### **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial on any issue triable of right by jury.

Date: 08/14/2021                                  /s/ Tianyu Ju

Tianyu Ju,
Iris.Ju@glacier.law
Glacier Law PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Tao Liu,
Tao.Liu@glacier.law
He Cheng,
Robin.Cheng@glacier.law
Glacier Law PLLC
200 Park Avenue, Suite1703
New York, NY 10166
***Attorney for Defendant***

**<u>CERTIFICATE OF SERVICE</u>**


       I HEREBY CERTIFY that on this August 14, 2021, I electronically filed the foregoing file

with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record

and interested parties through this system, which will deliver a true and correct copy of the foregoing

documents via CM/ECF.



Date: 08/14/2021                    /s/ Tianyu Ju
                                          Tianyu Ju, Esq.