UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al, <br><br> *Plaintiff*, <br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendants*. | CASE NO. 1:20-cv-04806 <br><br> **Judge:** Honorable Thomas M. Durkin |

### DEFENDANT GYROOR-US' OPPOSITION TO PLAINTIFFS' MOTION TO HOLD SUMMARY JUDGEMENT BRIEFING

Defendant Gyroor-US, by and through counsel, file this Response in Opposition to Plaintiffs' motion to dismiss and strike responsive pleadings of Defendant [Dkt. No, 332].

### Background

On July 14, 2021, Plaintiffs filed a motion to dismiss Defendant's counterclaims under Rule 12(b)(6) and to strike Defendant's affirmative defenses under Rule 12(f) for failing to satisfy pleading standards under Rule 8. Plaintiffs also moved to strike Defendant's answer under Local Rule 10.1.

### Arguments

I. Plaintiffs' Motion to Dismiss under Rule 12(b)(6)

Rule 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim on which relief may be granted. "Only when the plaintiff pleads itself out of court — that is, admits all the ingredients of an impenetrable defense — may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir, 2004) (citing *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002)).

Complaints need not contain any information about defenses and may not be dismissed for that omission. *Id*. (citing *Gomez v. Toledo*, 446 U.S. 635 (1980); *United States v. Northern Trust Co.*, 372 F.3d

1

886 (7th Cir. June 22, 2004); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003)). "Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses." *Id*.

### A. Count I - Declaratory Judgment of Noninfringement

The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir, 2019) (citing 28 U.S.C. § 2201(a)). Defendant's Counterclaim Count I of Declaratory Judgement of Noninfringement is directly related to its rights as a patent licensee.

*First*, Defendant has provided sufficient facts to support its counterclaim. Defendant obtained rights to a valid U.S. Design Patent D808,857 ("D'857 patent") and the accused product is based on the D'857 patent. Since the D'857 patent is valid, the accused product does not infringe on Plaintiffs' patents.

Plaintiffs' arguments are rather disorganized. It seems like Plaintiffs suggest that the D'857 patent infringes on Plaintiffs' patents-in-suit. This argument is rather flawed because it is against the presumed validity of the D'857 patent.

*Second*, Defendant has also provided sufficient legal arguments to support its counterclaim. Because the accused product has a unique design from Plaintiffs' patent, namely the shape and size of the fenders that cover the wheels and the curved lines on the boards surface, and "ordinary observer" will either find the Accused Product substantially similar to the D'857 patent, or will be drawn to those aspects of the claimed designs of the Patents-in-Suit that differ from the D'857 patent, and those different aspects would make the distinctions between the Patents-in-Suit and accused designs readily apparent to an ordinary observer.

Therefore, Defendant's counterclaim for declaratory judgement is well supported. Plaintiffs' motion to dismiss under Rule 12(b)(6) must be denied.

B.  **Count II - Declaratory Judgment of Patent Invalidity**

Defendant voluntarily dismisses its Count II- Patent Invalidity Claim against Plaintiffs.

C.  **Count III - Violation of Anti-Trust Law**

"Exclusionary patent-related practices that violate the antitrust laws are valid claims." *Xechem, Inc*, 372 F. 3d at 901 (citing *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172 (1965); *United States v. Singer Mfg. Co.,* 374 U.S. 174 (1963); *Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261 (7th Cir. 1984)).

Under the *Noer-Pennington* doctrine, a party's assertion of its patent rights does not support liability unless the assertion is made in bad faith and objectively baseless such that "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Inv'rs, Inc. v. Col. Pictures Indus*., 508 U.S. 49, 60 (1993); *see Glass Equip. Dev., Inc. v. Besten, Inc.,* 174 F.3d 1337, 1343–44 (Fed. Cir. 1999).

Plaintiffs' patents-in-suit are unenforceable against D'857 patent because the Patent Examiner at USPTO has already examined the D'857 against Plaintiffs' patents-in-suit and affirmed the validity of the D'857 patent.

Here, by incorporating facts alleged in Count I – noninfringement, Defendant has made a colorable showing that Plaintiffs' patents-in-suit are unenforceable for inequitable conduct and that Plaintiffs assertions were objectively baseless because "no reasonable litigant could realistically expect success on the merits."

Defendants plausibly pled bad faith by alleging that Plaintiffs: made infringement assertions against Defendant's competing products — despite knowing that their patents were unenforceable.

Consequently, the *NoerPennington* doctrine does not require dismissal. Therefore, Defendant's counterclaim for Violation of Anti-Tr is well supported. Plaintiffs' motion to dismiss under Rule 12(b)(6) must be denied.

**II. Plaintiffs' Motion to Strike under Rule 12(f), Rule 8 and Local Rule 10.1.**

Under Ruel 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "The liberal standard for amending under Rule 15(a)(2) is especially important where the law is uncertain." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir, 2015).

To the extent that the Cout finds Defendant's Answer and Affirmative Defenses is insufficient, pursuant to Rule 15(a)(2), Defendant respectfully requests the Court's permission to file an Amended Answer and Affirmative Defense. Defendant's first proposed amended answer and affirmative defense is attached hereto as Exhibit 1.

## Conclusion

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's motion to dismiss against its Counterclaim I, III, and IV; and allow Defendant to amend its Answer and Affirmative Defenses.

Date: 08/16/2021

/s/ Tianyu Ju
Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 16, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 08/16/2021                              /s/ Tianyu Ju