**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al, *Plaintiff*, v. THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendants*. | **CASE NO.** 1:20-cv-04806 <br><br> **Judge:** Honorable Thomas M. Durkin |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR AN ORDER TO SHOW CAUSE**

Without waiving their Rule 12(b) defenses, Defendants Gyroor-US, Fengchi-US, Urbanmax, Gaodeshang-US, Jiangyou-US, Gyroshoes, Gyroor, and HGSM, through counsel, submit their responses to Plaintiffs' motion for an order to show cause [Dkt. No. 326].

## Introduction

Only Gyroor-US was a named Defendant when the Preliminary Injunction Orders were entered. Fengchi-US, Urbanmax, Gaodeshang-US, Jiangyou-US, Gyroshoes, Gyroor, and HGSM ("the Seven Defendants") were nonparties when the Preliminary Injunction Orders were entered.

Despite the fact that all accused products sold by the eight (8) defendants are based on valid U.S. Design Patents — US D808,856 Patent, US D808,857 Patent, US D891,297 Patent, Plaintiffs seek an order to show cause against all eight (8) defendants for their violation of the preliminary injunction orders.

An order to show cause is unwarranted in this action because **I.** the Seven Defendants cannot violate the preliminary injunction orders because they were not bound by preliminary injunction orders; and **II.** Gyroor-US complied with the preliminary injunction orders.

## Background

On November 20, 2020, Plaintiffs filed a motion for preliminary injunction. [Dkt. No. 105].

On November 24, 2020, a preliminary injunction hearing was held. [Dkt. No. 112].

On November 24, 2020, a preliminary injunction order was entered. [Dkt. No. 113].

On December 24, 2020, a modified preliminary injunction order was entered. [Dkt. No. 147].

Gyroor-US never received notice of the preliminary injunction. [Dkt. No. 354-1, ¶8].

Service of process was not effectuated on Defendant until January 29, 2021. [Dkt. No. 354-1, ¶6-7].

The Seven Defendants were nonparties to this action until they were added as defendants on May 24, 2021. [Dkt. No. 253].

| Timeline | |
|---|---|
| **Date:** | **Event:** |
| 07/10/2020 | Initial Filing |

| | |
|---|---|
| 11/20/2020 | Motion for Preliminary Injunction Filed [Dkt. No. 105] |
| 11/24/2020 | Hearing for Preliminary Injunction held on November 24, 2020 |
| 11/24/2020 | Preliminary Injunction Order entered [Dkt. No. 113] |
| 12/23/2020 | Modified Preliminary Injunction Order entered [Dkt. No. 147] |
| 12/29/2020 | ***Initial Email Service of Process on Gryoor-US*** (without Summons) *See* Ex. 3 |
| 01/29/2021 | ***Second Email Service of Process on Gryoor-US*** (with Summons) *See* Ex. 4 |
| 05/24/2021 | Seven Defendants were added to Schedule "A" [Dkt. No. 253] |
| 06/25/2021 | ***Email Service of Process on Seven Defendants*** [Dkt. No. 310] |

## Arguments

An order to show cause is unwarranted because **I.** the Seven Defendants cannot violate the preliminary injunction orders because they were not bound by preliminary injunction orders; and **II.** Gyroor-US complied with the preliminary injunction orders.

### I. The Seven Defendants Cannot Violate the Preliminary Injunction Orders Because They Were Not Bound by the Preliminary Injunction Orders

"Rule 65(d) requires that the injunction itself contain enough information to render its scope clear." *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 676 (7th Cir. 2019) (citing *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 527 (7th Cir. 1988)).

Rule 65(d)(1) requires that "every order granting an injunction ... must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."

"Rule 65(d)(2)(C) authorizes courts to enforce injunctions against third parties who have actual notice of the injunction, and who are in active concert or participation with the parties who are bound by the injunction." *Blockowicz v. Williams*, 630 F.3d 563, 566, (7th Cir, 2010) (citing Rule 65(d)(2)(C)).

"Supreme Court law as interpreted by the Seventh Circuit forbids pre-determining the question of whether an injunction binds a third party under Rule 65(d)(2) without first serving the third party and giving it an opportunity to be heard." *Pow! Entm't, LLC v. Individuals, Corps., Limited Liability Companies, Partnerships, and Unincorporated Ass'ns Identified on Schedule A,* 2020 U.S. Dist. LEXIS 154861, at*5-6 (N.D. Ill. Aug. 26, 2020)*;* (citing *Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Com'n.,* 511

2

F.3d 762, 766-67 (7th Cir. 2007); *United States v. Kirschenbaum*, 156 F.3d 784, 794-96 (7th Cir. 1998) (both applying *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110-11, (1969))).

"Whether a particular person or firm is among the parties' officers, agents, servants, employees, and attorneys; or other persons in active concert or participation with them (Fed. R. Civ. P. 65(d)(2)(B) and (C)) is a decision that may be made only after the person in question is given notice and an opportunity to be heard." *See Lake Shore Asset Mgmt. v. CFTC*, 511 F.3d 762, 766-67 (7th Cir, 2007); *see also Nat'l Spiritual Assembly of the Bahá'ís of the United States Under the Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of the Bahá'ís of the United States, Inc.*, 628 F.3d 837, 853 (7th Cir, 2010) (a court establishes jurisdiction over a nonparty and offers the nonparty this opportunity to be heard before a nonparty may properly be held in contempt for violating an injunction).

***First***, it is undisputed that the preliminary injunctions bind "Defendants who operate e-commerce stores under one or more seller aliases identified in the attached Schedule A, Schedule B, and Schedule C." [Preliminary Injunction Orders, Dkt. No. 113, p. 1; Dkt No. 147, p. 1].

Because the Seven Defendants were nonparties when the preliminary injunctions were entered. they are not bound by the preliminary injunction orders.

***Second***, although Plaintiffs allege that the Seven Defendants "acting in active concert or participation with Gyroor-US," [Dkt. No. p. 3], Plaintiffs failed to serve or to notice the Seven Defendants.

Because the Seventh Circuit forbids pre-determining the question of whether an injunction binds a third party under Rule 65(d)(2), the Seven Defendants are not bound by the preliminary injunction until such a determination is made against the Seven Defendants.

***Third***, neither the Preliminary Injunction Orders nor Schedule "A" targets the "Gyroor" brand. The Preliminary Injunction Orders applies to specific "products not authorized by Plaintiffs and that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit" [Preliminary Injunction Orders, Dkt. No. 113, p. 9; Dkt No. 147, p. 9].

Gyroor-US' accused products is identified as ASIN# B07PHFP8GB [Dkt. No. 227-2, p. 3 of 4]. Defendants that sell different products are not bound by the Preliminary Injunction Orders. For example, Fengchi-US sells a different product with ASIN# B08NT551P4, which is based on U.S. Design Patent — D891,297 Patent. The ASIN# B08NT551P4 does not "include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit." *See* Fengchi-US' Motion to Dismiss Dkt. No. 366].

Therefore, Defendants like Fengchi-US are not bound by the Preliminary Injunction Orders.

Because the Seven Defendants were not bound by the Preliminary Injunction orders, an order to show cause is unwarranted.

## II. Gyroor-US Complied with the Preliminary Injunction Orders and Plaintiffs' Allegations Are Inaccurate

Gyroor-US has complied with the Court's Preliminary Injunction Orders. It has ceased offering for sale, selling, and importing any products not authorized by Plaintiffs and that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit. *See* Aff. of Xie, ¶3-4, attached hereto as Ex. 1. It has never aided, abetted, contributed to, or otherwise assisted anyone in infringing upon the Patents-in-Suit. *Id*.

Gyroor-US addresses Plaintiffs' allegations in their motion for an order to show cause as follows:

***First***, Plaintiffs allege that "if a store is selling the same products, but is not affiliated with or working in concert with the brand owner associated with the ASIN, Amazon would not approve the creation of a new ASIN." [Dkt. No. 327, p. 4]. This is inaccurate.

Brand owner's approval is not required to sell and Gyroor-US did not approve any tag-along merchants. Aff. of Xie, Ex. 1, ¶ 5-6.

***Second***, Plaintiffs allege that "pop-up Gyroor Stores selling enjoined products." [Dkt. No. 327, p. 5]. Same as above, Gyroor-US did not approve the tag-along merchants. Gyroor-US has no control over the tag-along sellers, and it is not affiliated, in active concert of participation with the sellers identified by Plaintiffs. Aff. of Xie, Ex. 1, ¶ 7.

***Third***, Plaintiffs allege "direct infringement" by www.gyroorboard.com. [Dkt. No. 327, p. 6]. Gyroor-US does not own or operate this website. Aff. of Xie, Ex. 1, ¶ 8.

***Forth***, Plaintiffs allege Gyroor-US has transferred $144,319.51 [Dkt. No. 327, p. 6]. Gyroor-US never transferred any restrained assets. Aff. of Xie, Ex. 1, ¶ 9. The assets were deducted by Amazon.com to pay warehouse storage costs and refund for returned products. *Id*. ¶ 10. Gyroor-US has not control over deductions by Amazon.com. *Id*. ¶ 11.

Therefore, Gyroor-US did not violate the Court's preliminary injunction order.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for order to show cause.

Date: 08/17/2021

/s/ Tianyu Ju
Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 17, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 08/17/2021                                    /s/ Tianyu Ju