# Exhibit 2

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 2 of 17 PageID #:8394
Case: 1:20-cv-04806 Document #: 348 Filed in ILND on 08/23/2021 Page 1 of 16

1

```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

ABC Corporation I, et al.,     )
                               )   Docket No. 20 C 4806
              Plaintiffs,      )
                               )   Chicago, Illinois
     vs.                       )   July 23, 2021
                               )   9:04 a.m.
THE PARTNERSHIPS AND           )
UNINCORPORATED ASSOCIATIONS    )
IDENTIFIED ON SCHEDULE "A,"    )
et al.,                        )
                               )
              Defendants.      )

        TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Status
              BEFORE THE HONORABLE THOMAS M. DURKIN


APPEARANCES:

For the Plaintiffs:   MR. NEIL G. NANDI
                      MR. ADAM G. KELLY
                      MR. ARTHUR YUAN
                      Loeb & Loeb LLP
                      321 North Clark Street, Suite 2300,
                      Chicago, Illinois  60654


For the Gyroor-US     MR. ROBIN H. CHENG
Defendants:           Glacier Law PLLC
                      200 Park Avenue, Suite 1703,
                      New York, New York  10166
```

ELIA E. CARRIÓN
Official Court Reporter
United States District Court
219 South Dearborn Street, Room 1432,
Chicago, Illinois 60604
(312) 408-7782
Elia_Carrion@ilnd.uscourts.gov

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 3 of 17 PageID #:8395
Case 1:20-cv-04806 Document: 348-2 Filed in NLND on 06/29/2021 Page 2 of 15

2

(Proceedings had telephonically:)

THE CLERK: The next case is 20 CV 4806, ABC Corporation versus The Partnerships and Unincorporated Associations on Schedule "A."

Could I please have the attorneys speaking on behalf of the plaintiff state their name.

MR. NANDI: Yes. This is Neil Nandi from the law firm Loeb & Loeb speaking on behalf of the plaintiff. I'm joined by my colleagues Adam Kelly and Arthur Yuan.

THE CLERK: All right. And on behalf of the defendants, could I please have attorneys state their names one at a time.

MR. CHENG: Good morning. He Cheng from Glacier Law representing multiple defendants in this case.

THE COURT: All right. I asked for the status today because using nonlegal terms, what the heck is going on? I've never seen so much motion practice in a case, other than, you know, AT&T versus MCI.

What is going on? I'll ask first the plaintiffs. I'm shocked at the number of motions filed in -- in a design patent case at this stage of the proceedings and appeals taken and contempt motions, rule to show cause motions. I'm just stunned.

And I wanted first to know what's going on and what the amount of money is at issue in this case, if determinable,

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 4 of 17 PageID #:8396
Case: 1:20-cv-04806 Document #: 348-2 Filed in NLND on 08/29/2021 Page 5 of 16

3

1 and why you're not trying to settle it.

2 If not possible, I'm going to go through the status
3 report one by one and either resolve issues or set briefing
4 schedules.

5 Start first with the plaintiff, and please state your
6 name, anyone, when they say anything. Go ahead.

7 MR. NANDI: Yes, Your Honor, this is Neil Nandi.

8 We are -- I believe the businesspersons from the end
9 client on both sides might have had some type of settlement
10 discussions. We believe there is over a million dollars at
11 stake in the litigation, though, we have received very little
12 in terms of discovery responses, so we really can't commit to
13 an amount at issue at this point.

14 But we absolutely agree, and -- and agree with the
15 Court's sentiments that the motion practice has been
16 substantial and are open to any type of remedies that could --
17 that could resolve that issue. Particularly since we now have
18 several motions for summary judgment filed even before
19 briefing schedule -- or even before a discovery order has been
20 entered.

21 THE COURT: Yeah. Well, you say that you believe
22 some of the principals have talked. That should be something
23 you should know. Have they talked or have they not? At least
24 one side's your client.

25 MR. NANDI: Yes. Yes, Your Honor. Our side -- our

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 5 of 17 PageID #:8397
Case: 1:20-cv-04806 Document #: 348-2 Filed in NLND on 06/25/2021 Page 4 of 16

4

1 client has talked to at least some of the defendants. Given
2 the nature of the defendants, the relationships between them,
3 I can't say definitively which defendants exactly, and as to
4 other defendants in this case, we have been settling and have
5 settled as to other defendants that have appeared in this
6 litigation. Right now it is the Gyroor defendants that are
7 the only ones outstanding, and our client had started engaging
8 in settlement discussions with some of them.
9       THE COURT: All right. So a principal from the
10 plaintiff has -- is speaking to a principal from the Gyroor?
11       MR. NANDI: Defendants.
12       THE COURT: Pardon me?
13       MR. NANDI: Sorry, Your Honor; I did not mean to
14 interrupt you.
15       Our principal from the plaintiff has spoken to a
16 principal from a representative of the Tomoloo entities.
17       THE COURT: Of who?
18       MR. NANDI: The Tomoloo entities, Your Honor.
19       THE COURT: All right. How about Gyroor? I'm
20 confused on the relationship. But is Gyroor and Tomoloo the
21 same company?
22       MR. NANDI: Our understanding is no, that they are
23 not from the same company. Again, I have to commit to that
24 position, but no, as to the extent they are independent, there
25 have been no discussions with the Gyroor principals.

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 6 of 17 PageID #:8398
Case: 1:20-cv-04806 Document #: 348-2 Filed in NLND on 06/29/2021 Page 5 of 16

5

1  THE COURT: All right. Let's hear from defense
2  counsel. Do you represent Gyroor?
3  MR. CHENG: Yes, Your Honor.
4  THE COURT: Do you represent Tomoloo?
5  MR. CHENG: Not anymore. We believe Tomoloo has
6  reached an agreement with the principal of -- our last
7  conversation with Tomoloo defendants yesterday is that an
8  agreement has been reached already. So I think the settlement
9  is -- has been reached.
10  THE COURT: All right. And is -- who's your client?
11  Who -- who is Gyroor? Are they -- hang on, let me finish --
12  give me a name, spell it please, and then tell me where he or
13  she or they are located.
14  MR. CHENG: So, Your Honor, we currently representing
15  eight defendants, and I will give you name of each defendants.
16  So the first one is Gyroor, spelled as G-Y-R-O-O-R, dash,
17  U.S.; and this defendant is located in Dongguan China,
18  Guangdong Province, China.
19  THE COURT: All right. And what's the name of the
20  person you actually deal with at that company?
21  MR. CHENG: I have to look on my list, 'cause every
22  defendants has a different representative. I can submit to
23  you a list after the hearing, or if you want me to find the
24  name of the person, I have to look at my list.
25  THE COURT: No, that's unnecessary. Here's where I'm

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 7 of 17 PageID #:8398
Case 1:20-cv-04806 Document 348-2 Filed in NYLD on 06/29/2021 Page 6 of 10

6

1  going on this: If there is a person behind this company, I
2  want to know if that person --
3         MR. CHENG: Of course.
4         THE COURT: -- behind this company, which, of course,
5  there is, is willing to talk to the person who is the
6  businessperson at the plaintiffs.
7         The attorneys' fees on this case, unless you're
8  working *pro bono*, probably are going to outstrip any potential
9  recovery by either side very shortly.
10         And --
11         MR. CHENG: Well --
12         THE COURT: Go ahead.
13         MR. CHENG: Your Honor, we think there are over
14  $2 million dollars being restrained put together by the
15  clients we are currently representing so -- and they're not
16  infringements. It's very clear. They have their own patent.
17  They have their design according to their own patent. And
18  defendants have made it clear and plaintiff has not giving any
19  merit discussion to the fact that defendants' products are
20  actually manufactured according to their own patent, and
21  there's no -- there's no infringements in this case.
22         THE COURT: All right. Well, I'm not going to force
23  a settlement discussion. I just want to know if it's
24  possible. 99 percent of all these cases settle. This is that
25  1 percent, and it's exploded into numerous motions, which took

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 8 of 17 PageID #:8400
Case: 1:20-cv-04806 Document: 348-2 Filed in FLNC on 06/29/2021 Page 7 of 10

7

1  close to four pages -- no, it's six pages to explain the
2  various pending motions. Those that are fully briefed, those
3  that need briefing schedules, those that are on appeal, the
4  interlocutory appeals, the transfer of an appeal from the
5  Seventh Circuit to the Fed Circuit.
6      And I just want to know, as a simple matter of
7  judicial economy, whether or not there is any person on the
8  business side of these two cases, two parties, that believes
9  that attempting to reach a financial settlement is more
10 expeditious and less costly than engaging in the kind of
11 litigation that's been going on here.
12     Is there someone -- is there someone on your end, on
13 the defense side, who would be willing to have such a
14 discussion? If not, that's fine.
15     MR. CHENG: Of course.
16     THE COURT: That's why we have courts. Is there such
17 a person?
18     MR. CHENG: There are people from defendants' side
19 that we can arrange meetings with plaintiff's side. I think
20 we all have each other's contact information, and I think
21 discussions between the two parties are possible.
22     THE COURT: All right. Now, on the plaintiff's side,
23 Mr. Nandi, is there such a person on your side who would be
24 willing to have such a discussion? I can't force
25 representative parties to talk to each other, that's why --

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 9 of 17 PageID #:8401
Case: 1:20-cv-04806 Document #: 348-2 Filed in NLND on 06/29/2021 Page 8 of 16

8

1  and it may be that they're not willing to engage in a direct
2  businessperson-to-businessperson discussion. And that's fine.
3  But is there a -- is there an interest in the
4  businesspeople, or person, on the plaintiff's side having such
5  a discussion with the defendants?
6  MR. NANDI: Yes, Your Honor. There is -- there is a
7  specific named individual. Her -- her westernized name is
8  Anna, and she has been engaging. She's been the one that's
9  been leading the discussions with other defendants that have
10  settled in this case.
11  THE COURT: And if I'm -- and am I correct that there
12  have been no such discussions with the Gyroor defendants?
13  MR. NANDI: That is correct, Your Honor. One -- one
14  hesitation on our client's part has been, as we noted in one
15  of our motions, it seems that the Gyroor defendants have been
16  engaged in substantial continuing violations of the PI, which
17  has created obstacles to settlement.
18  THE COURT: Of course. And if there's actually a
19  willful violation of the preliminary injunction, that's
20  contempt. That's something punished by contempt.
21  But I'm not there yet. I haven't decided that. You
22  filed a motion. I don't have briefs on the other side. What
23  I'd like to do is put a standstill on everything on this case
24  for either 7 or 14 days to allow the principals of the
25  plaintiff and defendants to talk.

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/20/21 Page 10 of 17 PageID #:8402
Case 1:20-cv-04806 Document 348-2 Filed in ILND on 07/25/2024 Page 9 of 16

9

1     If they think that a settlement is not going to
2  happen, we're going to come back in 7 or 14 days, whatever you
3  advise me is appropriate time, and we're going to set the
4  various briefing schedules and give you rulings to the extent
5  that things are fully briefed on this case.
6     I'm not going to waste -- waste is the wrong word.
7  I'm not going to take a minute of time to resolve these
8  motions until I know you've exercised good faith efforts to
9  try and exhaust possibilities of settlement.
10    It's just too many motions for this type of
11 litigation, if there is -- if there is a way to settle.  If
12 there's not, my job is to resolve these motions, and I will do
13 it as expeditiously as I can.  But I want to make sure you've
14 exhausted these opportunities given the fact that the playbook
15 in most of these cases, as I said 99 percent of them, is
16 resolution by settlement.  Or defaults.  There won't be a
17 default here.  Although some parties haven't answered yet, but
18 I'll give -- what do you want 7 or 14 days, Mr. Nandi?
19    MR. NANDI:  We would prefer 14 days, 14 days for the
20 settlement discussions.
21    THE COURT:  That's fine.  How about on the defense
22 side?
23    MR. CHENG:  Yes, Your Honor.  14 days works for us.
24 We just want to bring up the issue that the same case was
25 filed -- the same claim was filed in another case.  So we

Case 1:20-cv-04806 Document 378-2 Filed in NLND on 08/29/2021 Page 10 of 16

10

1 actually have a pending motion being 21 -- 20 CV 5905, and one
2 of the sections of issue of noninfringement is currently being
3 decided in the other case, so as that is decided, I think that
4 will also help -- help this Court in deciding some of the
5 pending motions, that's the same issue being litigated in both
6 cases.
7         THE COURT:  Who has that case?  What judge?
8         MR. CHENG:  I think Judge Seeger.
9         THE COURT:  All right.  Well, I'm not sure what
10 Judge Seeger's rulings do to implicate anything here, and I'm
11 not going to stop anything Judge Seeger does.  But I'm
12 confident if you tell him that the parties are engaged in
13 settlement discussions and ask him to hold off on any ruling,
14 if, in fact, the same parties are going to be talking before
15 Judge Seeger -- the same parties are involved before
16 Judge Seeger, he's a very practical judge, and my guess is he
17 will stop doing anything on that case if he believes there are
18 settlement discussions going on that may encompass his case,
19 too.  You can report that to him, if you want, that you're
20 having some settlement discussions or not.
21         These aren't going to linger.  We're going to get a
22 status in 14 days, and you're going to report back either
23 progress has been made or it hasn't.  And believe me,
24 defendants should be careful if, in fact, there is willful
25 violations of the current injunction going on, this is not

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 12 of 17 PageID #:8404
Case: 1:20-cv-04806 Document #: 343-2 Filed: in TXND on 09/29/2021 Page 11 of 16

11

1 free license in those 14 days to continue those violations, if
2 they're occurring. I'm not concluding that they are, but if
3 they are, and later if there's no settlement, and I find that
4 violations have occurred during this standstill period, this
5 is not a free pass to go ahead and violate those.
6 Any sanction for violation of the injunction will be
7 imposed for violations that have occurred up to now and
8 violations that occur over the next 14 days and violations
9 that occur as long as that order is in place. So please make
10 sure your clients are aware of that.
11 Emily, a date in 14 days.
12 THE CLERK: August 6 at 8:45.
13 THE COURT: All right. Does that date work?
14 MR. CHENG: Your Honor --
15 THE COURT: Does that date work for the plaintiff?
16 MR. NANDI: That does, Your Honor. Would the Court
17 like a joint status report filed a day or two before that?
18 THE COURT: I would.
19 And for defendants?
20 MR. CHENG: The day works for defendants.
21 Your Honor, I just want to make sure just 'cause the
22 preliminary injunction is currently not clear, so our
23 understanding is only individuals or defendants who were named
24 in the preliminary injunction are covered by the preliminary
25 injunction. Anyone who is alleged in active concert and

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 13 of 17 PageID #:8405
Case: 1:20-cv-04806 Document #: 343-2 Filed in NLRD on 09/29/2021 Page 12 of 16

12

1  [unintelligible] with defendants are not directly covered by
2  that preliminary injunction, unless a hearing is granted to
3  those individuals.
4      THE COURT: The injunction is what it is. It's
5  written plainly. If you think there's ambiguities in it,
6  contact plaintiffs and tell them where you think there's an
7  ambiguity.
8      But the whole point of allowing this 14-day period to
9  take place to attempt to resolve the case is to not have
10 judicial resources expended by nitpicking through an order to
11 see if a company that's in concert with a named defendant is
12 also subject to that injunction.
13     Talk to the plaintiffs. These -- anyone that is
14 going to violate this injunction does so whether they're named
15 in the injunction, whether they're in concert with the
16 defendants, or whether they think they're not covered by it,
17 they do it at their own risk. But maybe they're not going to
18 be liable for something they do if they're not covered. But
19 perhaps they will.
20     So they ought to -- if they engage in willful
21 violation of an injunction, they do so at great risk and they
22 ought to consult with counsel, you, to see whether or not
23 they're engaging in conduct that might end up being
24 contemptible.
25     All right. Go ahead.

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 14 of 17 PageID #:8406
Case: 1:20-cv-04806 Document #: 343-2 Filed in NLRD on 07/29/2021 Page 15 of 16

13

1 MR. CHENG: Those defendants ask that be
2 accomplishing restraint.
3 THE COURT: I didn't understand you, sir. Sorry.
4 MR. CHENG: So those -- some of those defendants or
5 some of the third parties and later added as defendants, do
6 you ask that they're accomplishing restraint without a hearing
7 to decide whether or not they're actually in concert with the
8 defendants and in active [unintelligible] with defendants. So
9 that's one thing.
10 And the second one is, for defendants, I think that
11 noninfringement is clear if Your Honor, you know, would first
12 decide the defendants' motion for summary judgment. There's
13 no infringement in this case --
14 THE COURT: Let me stop you right there, sir.
15 I'm sorry to interrupt you, but I'm going to stop you right
16 there.
17 The whole point of giving this 14-day standstill is
18 to allow the parties to attempt to settle the case. I'm not
19 going to litigate the summary judgment motion. I'm not going
20 to litigate the scope of the injunction order. These are
21 parties that have counsel, or at least talking to you. Anyone
22 that wants to engage in conduct that brushes against the
23 fringes of an existing order does so at great risk.
24 And these are not unsophisticated parties because
25 they have counsel, you. So act accordingly. The status

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 15 of 17 PageID #:8407
Case: 1:20-cv-04806 Document #: 343-2 Filed in FLND on 09/29/2021 Page 14 of 16

14

1 report I received that was submitted by the plaintiff -- was
2 that a joint status report or just simply one by the
3 plaintiff?
4     MR. NANDI:  Just by the plaintiffs, Your Honor.
5     THE COURT:  All right.  Well, you can submit it
6 again.  I would prefer to have defendants' input in it, too,
7 when it's submitted, but it doesn't have to.  So work with
8 defense counsel to submit a joint report.  If you can't get
9 agreement or you can't get counsel's cooperation on it, submit
10 your own.  But we will go through each one of these line items
11 in 14 days, unless there's a report back that the parties have
12 either settled or are engaging in fruitful settlement
13 discussions such that a further expenditure of court -- of
14 attorneys' fees and court time is best held off until further
15 settlement discussions take place.
16     But those are the -- that's how we're going to do it.
17 So you've got 14 days.  Don't violate any orders that are
18 existing.  If you're not sure if the order applies to you,
19 don't do it.  Be careful is my only advice to you.  And if
20 you -- if defense counsel wants to talk to plaintiff's counsel
21 about the scope of such an order during this 14 days, feel
22 free to do so.
23     Anything else from plaintiff?
24     MR. NANDI:  No, Your Honor.
25     THE COURT:  Anything else from defendant?

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 16 of 17 PageID #:8408
Case: 1:20-cv-04806 Document #: 343-2 Filed: in NLRD on 09/29/2021 Page 15 of 16

15

1  MR. CHENG: Only one thing, Your Honor. Can we file
2 another motion to vacate preliminary injunction for the
3 Gyroor-U.S. defendants?
4  THE COURT: No. Quite frankly, no. We're done. I
5 put a standstill on everything other than enforcement of
6 orders that are in place. I don't understand why you need to
7 file another motion. It's completely inconsistent with what
8 I've told you. And what you've told me that you have a
9 principal that is willing to talk to a principal from the
10 plaintiff.
11  If you think there are -- I suppose if you think
12 there's some severe financial disadvantages accruing to your
13 client because of the existence of this order, I suppose you
14 can file a motion, but it's not going to be briefed before the
15 14 days is up, so I don't know -- and -- and I don't know,
16 you're going to have to explain to me somehow on what the
17 severe financial disadvantages your client is suffering. He's
18 going out of business because of this injunction, you ought to
19 talk to plaintiff. If he's -- and short of going out of
20 business, other than just losing money, which is something he
21 can get back if it turns out the injunction was entered
22 improperly based on something the plaintiff told me that was
23 not correct, that's money you can get back.
24  But short of something catastrophic, such as the
25 business failing and no longer being able to operate, you

Case: 1:20-cv-04806 Document #: 372-2 Filed: 08/30/21 Page 17 of 17 PageID #:8408
Case: 1:20-cv-04806 Document #: 343-2 Filed in NLND on 09/29/2021 Page 16 of 16

16

1  can't file such a motion.  If you have a true emergency, such
2  as I've just described, go ahead and file your motion.  I'm
3  strongly discouraging it, but I'm not preventing it.
4          Anything else from defendant?
5          MR. CHENG:  No, Your Honor.  Thank you.
6          THE COURT:  Okay.  Thank you, all.
7      (Proceedings concluded at 9:25 a.m.)
8                        CERTIFICATE
9      I certify that the foregoing is a correct transcript from
10  the record of proceedings in the above-entitled matter.
11  */s/ Elia E. Carrión*           *29th day of July, 2021*
12  *Elia E. Carrión                        Date*
    *Official Court Reporter*
13
14
15
16
17
18
19
20
21
22
23
24
25