IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 20-cv-4806 <br><br> Judge Thomas M. Durkin <br> Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS DEFENDANT GYROOR-US'S COUNTERCLAIMS**

Gyroor-US's response brief fails to address most of the arguments Plaintiffs raised in their motion and provides scant authority for those arguments it does address. If Gyroor-US had no intention of defending its plainly defective pleading, then it should have sought leave to amend, thus obviating the need for Plaintiffs to expend resources on this motion and the need for the Court to decide it. Instead, Gyroor-US has chosen to provoke more motion practice while in the alternative asking the Court for another chance at filing a viable pleading. The Court should grant this motion without leave to re-file a responsive pleading and put an end to these tactics.

I. **GYROOR-US FAILED TO ADDRESS THE MAIN ARGUMENTS REQUIRING DISMISSAL OF ITS COUNTERCLAIMS**

Plaintiffs moved to dismiss all four of Gyroor-US's counterclaims, Counts I-IV. In response, Gyroor-US withdraws Count II and fails to even address Count IV (which was mislabeled as "Count X"). The Court should thus dismiss both of those counterclaims. *See*

*Belsky v. Field Imps., Inc.*, No. 13 C 1758, 2013 WL 5819232, 2013 U.S. Dist. LEXIS 154775, *13 (N.D. Ill. Oct. 29, 2013) (holding that failure to respond to an argument "forfeit[s] the point"), *citing cases including Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) (where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived").

Although Gyroor-US does brief Counts I and III, it avoids addressing the critical arguments requiring dismissal of those counts. Therefore, the Court should dismiss Counts I and III as well.

      **a. Count I for Non-Infringement Must Be Dismissed Because It Lacks Any Basis Under U.S. Patent Law**

Despite Gyroor-US's opposition, Count I for a Declaratory Judgment of Non-Infringement must be dismissed for two reasons. First, Gyroor-US seems to be asserting that it cannot infringe the Patents-in-Suit because its product is allegedly based on a different, third-party patent. Dkt. 309, ¶¶ 7, 10. But controlling law precludes this defense. *See* Dkt. 333, p. 5; *see also Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent."). Second, to the extent Gyroor-US pleads any other basis for non-infringement, then the pleadings do not satisfy Rule 8. *See* Dkt. 333, pp. 5–6. Specifically, Gyroor-US briefly invokes buzzwords/phrases such as "limitations . . . in the claims" and "judicial estoppel" (Dkt. 309, ¶¶ 11–12), but fails to allege a single fact showing how those concepts apply here, *see* Dkt. 333, pp. 5–6.

Gyroor-US's opposition fails to squarely address either of those issues. Instead, Gyroor-US seems to have dropped any assertions regarding claim limitations and judicial estoppel, and instead has moved all-in on a third-party license defense. *See* Dkt. 369, p. 2 (Gyroor-US argues:

"Defendant obtained rights to a valid U.S. Design Patent D808,857 ('D'857 patent') and the accused product is based on the D'857 patent. Since the D'857 patent is valid, the accused product does not infringe on Plaintiffs' patents."). But Gyroor-US cites no authority in support of its argument, and it fails to address the cases Plaintiffs cited in their motion demonstrating that such a defense does not exist under U.S. patent law.

In lieu of defending its claim or rebutting Plaintiffs' arguments, Gyroor-US creates a strawman. Specifically, it accuses Plaintiffs of "disorganized" arguments and claims that "Plaintiffs suggest that the D'857 patent infringes on Plaintiffs' patents-in-suit. This argument is rather flawed because it is against the presumed validity of the D'857 patent." *Id.* But Plaintiffs have not argued that the 'D857 patent also infringes on Plaintiffs' patents. Instead, Plaintiffs argue that Gyroor-US's products infringe the Patents-in-Suit, regardless of any such license to a third-party patent. This is a widely-accepted tenet of patent law. *See Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987) ("Indeed, the patentee of X and his licensee, when making, using, or selling X, can be subject to suit under other patents."); *Lexion Med., LLC v. Northgate Techs., Inc.*, 618 F. Supp. 2d 896, 901 (N.D. Ill. 2009) (granting summary judgment against defense of non-infringement because "the existence of one's own patent does not constitute a defense to infringement of someone else's patent").

Simply put, Gyroor-US's opposition fails to meaningfully address the arguments for dismissing Count I and thus provides no reason to allow that Count to proceed to discovery. *See Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 883 (N.D. Ill. 2018), *citing Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("A party generally forfeits an argument or issue not raised in response to a motion to dismiss.")

3

### b. Count III for "Violation of Anti-Trust Law" Must Be Dismissed Because It Is Improperly Pleaded and Legally Barred

Plaintiffs identified two deficiencies requiring dismissal of Count III. First, the claim does not satisfy Rule 8. *See* Dkt. 333, pp. 8–9. Second, the conduct alleged does not violate the antitrust laws. *See id.* at 9–10. These deficiencies are two sides of the same coin: Gyroor-US has not pleaded the facts necessary to support an antitrust claim. It even fails to plead the section of the Sherman Act allegedly at issue. *Id.* Assuming Gyroor-US asserts a Section 2 violation, it fails to plead the essential element of market power. *See id.*, pp. 8–9. Additionally, Gyroor-US asserts monopolization by patent enforcement, yet it fails to plead the facts necessary to establish a viable claim under such a theory. Any of these deficiencies warrant dismissal.

In response, Gyroor-US neither clarifies the Sherman Act section at issue, nor disputes its fatal failure to plead market power. Instead, Gyroor-US asserts a kitchen sink of reasons why allegedly bad faith exists, such that the *Noerr-Pennington* doctrine would not be an insurmountable hurdle to Count III. *See* Dkt. 369, p. 3. First, Gyroor-US postulates in conclusory fashion that Plaintiffs could not reasonably expect to succeed on the merits of their infringement claims. *Id.* Not only are such allegations absent from the counterclaims, but they are impossible to reconcile with the Court having already found that Plaintiffs are likely to prevail on the merits of their infringement claims. *See* Dkt. 113 at 8. Second, Gyroor-US reiterates its baseless third-party license defense. Dkt. 369, pg. 2. Third, Gyroor-US makes a reference to "inequitable conduct," but fails to explain what such conduct was or where it pleaded any such conduct. *See* Dkt. 369, p. 3; *contra. Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326–27 (Fed. Cir. 2009) (holding that heightened Rule 9(b) standard applies to inequitable conduct claims). These responses neither address Plaintiffs' arguments nor establish what allegations in Count III could somehow satisfy Rule 8.

The cases on which Gyroor-US relies do not help its cause. In *Xechem*, the claimant pleaded the elements of an antitrust violation, which Gyroor-US fails to do here. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("The complaint alleges that paclitaxel lacks good substitutes and that Bristol-Myers extended its market power through underhanded means, injuring both consumers and rival producers."). Likewise, in *Singer*, the "complaint alleged that Singer combined and conspired with two competitors, Gegauf of Switzerland and Vigorelli of Italy, to restrain and monopolize and that Singer unilaterally attempted to monopolize interstate and foreign trade in the importation, sale and distribution of household zigzag sewing machines." *United States v. Singer Mfg. Co.*, 374 U.S. 174, 175 (1963). Finally, in *Brunswick*, the Court actually affirmed dismissal of antitrust claims. *Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261, 272 (7th Cir. 1984). Notably, the Court stated that a Section 2 claim based on patent fraud could only be viable if certain conditions were met, including that "[t]he patent must dominate a real market" and that "[t]he invention sought to be patented must not be patentable." *Id.* at 265. The court continued:

> If the invention is patentable, it does not matter from an antitrust standpoint what skullduggery the defendant may have used to get the patent issued or transferred to him. The power over price that patent rights confer is lawful, and is no greater than it otherwise would be just because the person exercising the rights is not the one entitled by law to do so.

*Id.* But Gyroor-US has not pleaded any such lack of patentability here. In fact, its invocation of the 'D857 patent suggests that Gyroor-US agrees that other hoverboard designs are patentable.

*Twombly* emphasized the need to ensure that only properly pleaded antitrust claims proceed to discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Here, Gyroor-US's antitrust claim falls short of even the most lax pleading standard. Its defense of that claim ignores Plaintiffs' bases for dismissal, addresses a straw man, and relies on case law that actually supports Plaintiffs' motion. The Court should therefore dismiss Count III.

## II. THE COURT SHOULD STRIKE THE ANSWER AND AFFIRMATIVE DEFENSES

Gyroor-US's affirmative defenses are "nothing but bare bones conclusory allegations" that implicate the exact type of "fundamental pleading errors" that this District has expressly deemed "unacceptable." *See* Dkt. 333, pp. 10–11. Instead of defending these challenges, Gyroor-US seeks leave to amend. *See* Dkt. 369, p. 4. But permitting leave to amend would just encourage Gyroor-US's practice of increasing more legal fees and hoarding the Court's resources. The Court should therefore grant Plaintiffs' seemingly uncontested motion to strike.

Lastly, Gyroor-US's Answer also plainly violates Local Rule 10.1. *See* Dkt. 333, pp. 13–14. Again, Gyroor-US does not even attempt to defend its Answer. So why Gyroor-US required Plaintiffs to go through motion practice and attack an obviously indefensible pleading is unclear. Regardless, the Answer should be stricken.

## CONCLUSION

The Court should dismiss all of Gyroor-US's counterclaims (Count I–IV) because Gyroor-US has failed to address Plaintiffs' central arguments supporting dismissal. As to Counts II and IV, Gyroor-US seemingly has stopped pursuing them. As to Counts I and III, Gyroor-US's effort to defend them is so cursory and unavailing as to be equivalent to abandonment.

The Court should also grant Plaintiffs' motion to strike, to which Gyroor-US has offered no opposition.

Dated: August 23, 2021          Respectfully submitted,

                                                         Loeb & Loeb LLP

                                                         By: <u>/s/ Adam G. Kelly</u>
                                                               Adam G. Kelly
                                                               Doug Masters
                                                               Arthur Yuan
                                                               Neil Nandi
                                                               321 North Clark Street, Suite 2300
                                                               Chicago, IL 60654
                                                               Telephone: 312.464.3100
                                                               Facsimile: 312.464.3111

                                                               Email: akelly@loeb.com
                                                               Email: dmasters@loeb.com
                                                               Email: ayuan@loeb.com
                                                               Email: nnandi@loeb.com

                                                               Marwa Abdelaziz (admitted *pro hac vice*)
                                                               LOEB & LOEB LLP
                                                               345 Park Avenue
                                                               New York, New York 10154
                                                               Tel.: (212) 407-4000
                                                               Email: mabdelaziz@loeb.com

                                                               *Attorneys for Plaintiffs*