UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al,<br><br>                *Plaintiff*,<br><br>      v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                *Defendants*. | **CASE NO.** 20-cv-)4806<br><br>**Judge:** Honorable Thomas M. Durkin |

**REPLY TO PLAINTIFFS' OPPOSITION TO GYROOR-US'
MOTION TO VACATE THE PRELIMINARY INJUNCTIONS**

    Supported by Professor Rake and Mr. Gandy's declarations of noninfringement [Dkt No. 376 & 377], it is obvious that the Accused Product B08HW9TTBG does not infringe Plaintiffs' Design Patents – D737,723 ("D'723 patent"), D738,256 ("D'256 patent"), D785,112 ("D'112 patent"), D784,195 ("D'195 patent") ("Patents-in-Suit").

    Despite Plaintiffs counsel's request for extra time to secure expert witnesses during the hearing on August 9, 2021, no expert witness' opinions were provided. Indeed, Plaintiffs invented their own erroneous legal standards and failed to make any sensible arguments of design patent infringement under the ordinary observer test.

    Since the noninfringement is obvious, Plaintiffs failed to show any likelihood of winning. Consequently, the preliminary injunctions should be vacated.

    Furthermore, by Plaintiffs' own admission, Plaintiffs failed to serve process or notice Gyroor-US ***before*** the Preliminary Injunctions Orders were entered. [Opp'n., p. 8, Dkt. No. 372]. In addition, none of the Amazon email, Plaintiffs' website constitutes sufficient notice if Defendant was not noticed. Gyroor-US did not retain counsel until after it received notice from Plaintiffs. Procedurally, Plaintiff applied and obtained *ex parte* preliminary injunctions, which must be vacated.

I. **The Noninfringement Is Obvious and Plaintiffs Failed to Show Likelihood of Winning**
   A. **The Third-Party Patents are relevant to this case.**

Plaintiffs' alleges that "the D'857 Patent is wholly irrelevant to the infringement question here, because infringement of a design patent requires ***comparing an asserted patent claim to an accused design – not to some third-party patent***…" This is erroneous and inconsistent with the leading cases.

Prior arts, including third-party patents are highly relevant in determining alleged infringement. Patent owner must prove that the similarities between the patented design and the infringing product are attributable to "the novelty which distinguishes the patented device from the prior art." *Egyptian Goddess v. Swisa Inc.*, 543 F.3d, 665, 671 (Fed. Cir. 2008) (*quoting Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed. Cir. 1984)). The Federal Circuit has never questioned the importance of considering the patented design and the accused design **in the context of the prior art**. *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1344 (Fed. Cir. 2020). Indeed, the Federal Circuit stated unequivocally that

> "[T]he ordinary observer is deemed to view the differences between the patented design and the accused product ***in the context of the prior art***. When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art. And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer." *Id*. at 676.

   B. **An ordinary observer would consider that the Accused Product substantially dissimilar to the Patents-in-Suit, even without taking D'857 patent into consideration**

*First*, the noninfringement of Patents-in-Suit is obvious in the present case. Under the *Figure-Ground theory*, which explains how the eye differentiates an object from its surroundings, "some shapes or contours take a prominent role (figure) while others recede into the background (ground)." *See* Decl. of Rake, Dkt. No. 376, ¶49.

Here, Professor Rake has provided detailed analysis to prove that an ordinary observer would consider the Accused Product substantially similar to D'857 Patent, but substantially dissimilar to the Patents-in-Suit. *See* Decl. of Rake, Dkt. No. 376, ¶15-76.

2

***Second,*** even if D'857 patent is taken out of consideration, the Accused Product does not infringe Patents-in-Suit, because an ordinary observer, in the context of a prior - the D'906 patent, would find Accused Product substantially dissimilar from the Patents-in-Suit.

As noted by Mr. Gandy, one of the prior art D'906 patent, filed prior to all four Patent-in-Suit, should be considered as a prior art to the Patent-in-Suit for the purpose of infringement analysis. *See* Decl. of Gandy, Dkt. No. 377, ¶ 21. The side-by-side visual comparison of the claimed design of Patent-in-Suit (including the hourglass peripheral shape of the hoverboard), the prior art D'906 patent, and the design of accused product, supports Mr. Gandy's conclusion that the Patent-in-Suit is closer to the prior art D'906 patent. *See* Decl. of Gandy, Dkt. No. ¶¶ 21, 26, 32, 37, 42.

Therefore, the design of Accused Product is substantially different from the claims design of Patent-in-Suit that an "ordinary observer," familiar with the prior art, would *not* be deceived into purchasing one, supposing it to be the other. *Id.*, and ¶ 43.

Consequently, the design of the Accused Product does not infringe the Patents-in-suit.

## II. The *Ex Parte* Preliminary Injunctions Must Be Vacated

Plaintiffs argued that "the notice provided here—through Amazon in October, through the website in November, and through email communications and discussions with Mr. Vegh in December" are sufficient. [Opp'n., p. 9, Dkt. No. 372].

But none of the alleged three notices was sufficient to satisfy notice requirement under Rule 65(a)

### A. Plaintiffs' email correspondence with Amazon in October 2020 cannot be a notice of Plaintiff's motion for preliminary injunction filed in November 2020.

On November 20, 2020, Plaintiffs filed motion for preliminary injunction. [Dkt. No. 105]. Logically, a motion for preliminary injunction filed in November 2020 cannot be noticed in October 2020 unless the notice provided sufficient information of the later occurred event. Here, the last email from Amazon's outside counsel confirmed asset frozen was dated October 20, 2020 [Decl. of Yuan, Dkt. No. 372-1, pp. 5-9], which does not prove Gyroor-US was sufficiently noticed.

Moreover, the email correspondences between Amazon and Plaintiffs' counsel Mr. Binns in October only concerned the temporary restraining order, nothing in these email correspondences mentioned preliminary injunction. [*Id.*].

In addition, in Arthur Yuan's October 16, 2020 email, Plaintiffs specifically "asked [Amazon] to comply with the seal order and **_refrain from notifying the Defendants in Schedule A_** about our correspondence, the lawsuit, and the discovery requests." *Id*. Whereas now, Plaintiffs argued that Amazon should have provided notice [of preliminary injunction] to Gyroor-US, such expectation is contradictory with Plaintiffs own position.

Therefore, Plaintiffs' email communication with Amazon in October does not constitute notice.

**B. The website launched on November 25, 2020 is not a notice of Plaintiff's preliminary injunction motion**

Plaintiffs further avers that a website launched by Plaintiffs' counsel on November 25, 2020, including the Third Amended Complaint, the preliminary injunction order, and contact information of Plaintiffs' counsel constitute a notice to Defendant. This argument is obfuscating because the website with a preliminary injunction order cannot serve as notice of the preliminary injunction motion; and Plaintiffs provided no evidence that the link of this website was ever provided to Gyroor-US.

Even if the link of the website was provided to Gyroor-US, a website containing the Third Amended Complaint, the preliminary injunction order, and contact information Plaintiffs' counsel is a sufficient notice of a preliminary injunction motion because one cannot notice something that has already occurred. At best, the website may be considered as a notice of preliminary injunction order.

Therefore, Plaintiffs' website does not constitute notice under Rule 65(a).

**C. Email communications and discussions with Mr. Vegh in December, 2020 is not notice of Plaintiff's motion for preliminary injunction.**

4

Plaintiffs avers that "Plaintiffs sent Mr. Vegh various case filings, including the complaint and the PI moving papers and order." [Opp'n., Dkt. No. 372, p. 3]. Plaintiffs further avers that "Mr. Xie's declaration is inaccurate." *Id*. p. 7.

***First***, "no case filings, including the complaint and the PI moving papers and order," was sent to Mr. Vegh prior to the entry of preliminary injunction order [Dkt. No. 113]. Since it is undisputed that the earliest communication with Mr. Vegh occurred on December 4, 2020, email communications and discussions with Mr. Vegh does not constitute notice under Rule 65(a).

***Second***, even if Vegh's was acting on behalf of Gyroor-US prior to Vegh being formally retained on or about January 11, 2020, it does not negate Xie's declaration. It is undisputed that the service of process was not perfected on Gyroor-US until January 29, 2021. [Dkt. No. 353-4]. It is also undisputed that Gyroor-US did not receive any direct email communication from Plaintiffs prior to December 29, 2020. [Dkt. No. 281-4]. Therefore, Plaintiffs' attack on Xie Rongqing was unfounded.

***Third***, Plaintiffs also argues that Gyroor-US could have attended the modified preliminary injunction hearing. [Opp'n., Dkt. No. 372, p. 9].

Again, Gyroor-US could not have attended the modified preliminary injunction hearing because no notice of the modified preliminary injunction was given, likely due to the fact that only eBay was involved in the modified preliminary injunction [Dkt. No. 130].

In conclusion, Gyroor-US never received sufficient notice of the preliminary injunction motion as required under Rule 65(a).

**D. It is undisputed that the preliminary injunction orders against Gyroor-US was entered prior to service of process was effectuated**

This present case was initiated on August 17, 2020, Plaintiffs could have served Defendant electronically as early as on October 20, 2020 but failed to do so.

Withholding service of process on Gyroor-US for months and only attempted to serve process after the preliminary injunctions was entered, Plaintiffs gamed the Federal Rules in order to obtain the *ex parte* injunctions.

Without proper service of process, it is unreasonable to expect Defendant to retain counsel and to respond to motions filed without Defendant's knowledge. Therefore, the preliminary injunctions against Defendant must be dissolved because the Court lacked personal jurisdiction over Defendant when the preliminary injunctions were entered.

## Conclusion

For the reasons discussed above, Gyroor-US respectfully requests that the Court dissolve the Preliminary Injunctions against Defendant.

| | |
|---|---|
| Date: 08/23/2021 | /s/ Tianyu Ju |
| | Tianyu Ju, Esq. |
| | GLACIER LAW PLLC |
| | 200 E. Randolph Dr., Ste. 5100 |
| | Chicago, IL 60601 |
| | ***Attorney for Defendant*** |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 23, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

| | |
|---|---|
| Date: 08/23/2021 | /s/ Tianyu Ju<br>Tianyu Ju, Esq.<br>GLACIER LAW PLLC<br>200 E. Randolph Dr., Ste. 5100<br>Chicago, IL 60601<br>***Attorney for Defendant*** |