HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD. and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4806 |
| v. | ) ) ) | Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey Cole |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, ET AL., | ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF JING CUI IN SUPPORT OF A DECLARATION OF RICHARD F. BERO

I, Jing Cui, declare as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or based on review of business records or documents prepared for declaration or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the vice president of Unicorn Global, Inc. ("Unicorn").

3. As Unicorn Global is a licensee of U.S. patents of Hangzhou Chic Intelligent Co., Ltd. ("Chic"), I am familiar with manufacturers of hoverboard parts, designers of hoverboards, and businesses supporting the hoverboard products in the city of Shenzhen in Guangdong Province of China.

4. Jinyuan Lei, the manager of Unicorn, previously offered declarations dated August 14, 2020 and October 23, 2020 in support of a Declaration of Richard F. Bero.

5. Mr. Lei previously provided sales information for the Patented Hoverboards from

January 1, 2019 through December 11, 2019 and from January 1, 2020 through September 30, 2020. Since September 30, 2020, average monthly sales of the Patented Hoverboards have been approximately 50% less than they were in the comparable months in 2019 and 2020.

6. We believe reasons that the sales Patented Hoverboard decrease may include sales from Amazon stores such as Gyroor, Gyroor US, Jiangyou-US, Gyroshoes, Fengchi-US, HGSM, Gaodeshang-US, Urbanmax and their affiliated stores; and independent websites Gyroorboard.com, Gyroor.com, collectively ("the Gyroor Defendants") that continue1 to sell infringing products during the pendency of the preliminary injunction.

7. Unicorn considers the Gyroor Defendants to be direct competitors in the U.S. hoverboard market.

8. We also believe the decreased Patented Hoverboard sales since September 2020 may be due in part to the unexpectedly high 2020 sales through September 2020, as described in Jinyuan Lei's declaration dated October 23, 2020, which would have been a difficult sales pace to maintain based on Unicorn's experience in and understanding of the U.S. hoverboard market. In other words, it is possible that the U.S. hoverboard market may have become oversaturated and demand for hoverboards may have decreased because so many hoverboards were sold in 2020 through September.

9. We further believe that supply chain issues with products imported from China and the significant increases in shipping costs for products imported from China may also be contributing to the decrease in hoverboard sales since September 2020.

10. Since September 30, 2020, the average sales price per Patented Hoverboard has stayed approximately the same.

11. During the pendency of this matter, Plaintiffs have reached settlement agreements with a

number of former defendants for the D737,723, D738,256, D784,195 and D785,112 patents. These settlement agreements reflect business arrangements between the parties and may include consent agreements not to sell, lump-sum payments for past sales, new purchasing agreements, new manufacturing agreements or ongoing royalty payments for new sales.

I declare under penalty of perjury of the law of the United States of America that the foregoing is true and correct.

Executed on the 20th of August, 2021, in Shenzhen, Guangdong, China.

_____
Jing Cui

*Vice President of Unicorn Global Inc*