IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I, ABC CORPORATION II, <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 20-cv-4806 <br><br> Judge Thomas M. Durkin <br> Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS
GAODESHANG-US, GYROOR, AND FENGCHI-US'S MOTIONS TO
DISMISS THE THIRD AMENDED COMPLAINT**

The Court should collectively deny Gaodeshang-US, Gyroor, and Fengchi-US's ("Defendants") Motions to Dismiss (Dkt. 364, 365, 366) for two reasons: (1) Plaintiffs' allegations against Defendants satisfy the pleading standard for design patent infringement claims under Rule 8; and (2) Defendants cannot establish all the elements of their non-infringement defense without relying on extrinsic evidence that should not be considered on a motion to dismiss.[1]

First, Defendants each state the same incorrect factual premise: that Plaintiffs make no allegations against them aside from the accusation that they are each "related to or affiliated with Gyroor US." Dkts. 364, 365, 366 at 2. Defendants cite to Plaintiffs' Motion to Amend/Correct the List of Defendants in Schedule A ("Motion to Amend") (Dkt. 227) to support this premise. *Id.*

---

[1] Plaintiffs submit this consolidated opposition to Gaodeshang-US, Gyroor, and Fengchi-US's Motions to Dismiss because the three motions are virtually identical except that Fengchi-US cites to a different third-party patent for its non-infringement defense. In fact, most of the defendants in this case have referred to several different third-party patents in support of their claims of non-infringement—many times improperly introducing these new patents for the first time in their Reply briefs. *See, e.g.*, Dkt. 354 at 5; Dkt. 309 at 8-10; and Dkt. 378 at 3.

But Defendants seem to misunderstand the relationship between the Motion to Amend and the operative Third Amended Complaint ("Complaint") (Dkt. 101). The Complaint expressly states that Plaintiffs "bring this action against the Defendants identified in attached Schedule A." Dkt. 101 at 1. The original Schedule A (Dkt. 101-14) did not list Defendants Gaodeshang-US, Gyroor, and Fengchi-US either because their Amazon storefronts had not been launched yet, or because Plaintiffs believed each entity to be alter egos of a defendant already named in Schedule A: Gyroor-US. To prevent defendants from evading liability by hiding behind related, non-defendant entities, Plaintiffs moved to add them as defendants to Schedule A.[2] Dkt. 227. The Court granted Plaintiffs' motion. Dkt. 253. As a consequence of adding Gaodeshang-US, Gyroor, and Fengchi-US to Schedule A, the full scope of allegations contained in the Complaint now apply to each of them—and those allegations are more than sufficient to satisfy the pleading standard for patent infringement under Rule 8.

Second, Defendants each raise the affirmative defense of non-infringement, claiming that their products are based on valid third-party design patents and therefore cannot infringe the Patents-in-Suit. Setting aside that this defense is not recognized under design patent law,[3] Defendants rely on facts and exhibits beyond the pleadings that the Court should not consider on a motion to dismiss. While "affirmative defenses frequently 'turn on facts not before the court at [the pleading] stage,' dismissal is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Nothing in Plaintiffs' Complaint alleges facts in support of

---

[2] Despite Gyroor-US's claim that it has no affiliation with Defendants, it oddly opposed Plaintiffs' Motion to Amend (Dkt. 241), even though the addition of unrelated entities would presumably have no effect on Gyroor-US's own position in the case.

[3] Plaintiffs have previously advised the Court why this defense is not recognized under design patent law on numerous occasions. *See, e.g.*, Dkt. 333 at 4-5; Dkt. 372 at 10-11; and Dkt. 375 at 2-3.

Defendants' non-infringement defenses, chiefly because the Complaint alleges no facts directed to any third-party patents whatsoever.

Accordingly, because the allegations against Defendants satisfy the federal pleading standard and do not plead the necessary elements for Defendants' affirmative defenses, this Court should deny Defendants' motions to dismiss.

## ARGUMENT

**I. PLAINTIFFS' COMPLAINT PROPERLY PLEADS EACH ELEMENT OF A PATENT INFRINGEMENT CLAIM AGAINST DEFENDANTS**

"[A] patentee need only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Specifically, to avoid dismissal under Rule 12(b)(6), a plaintiff must only "allege[] ownership of the asserted patent, name[] each individual defendant, cite[] the patent that is allegedly infringed, describe[] the means by which the defendants allegedly infringe, and point[] to the specific sections of the patent law invoked." *Id.*; *see Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (applying these five pleading requirements to a design patent infringement claim); *see also Jackson v. Ill. Bell Tel. Co.*, No. 01 C 8001, 2002 U.S. Dist. LEXIS 13186, at *7 (N.D. Ill. July 3, 2002) (denying motion to dismiss where Plaintiff successfully pled the five *Phonometric* elements).

In this action, the Complaint, coupled with the amended Schedule A, alleges each of the *Phonometric* elements and even goes beyond the baseline pleading standard by providing specific facts regarding the alleged infringement. Plaintiffs plead:

- "This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289." Dkt. 101 ¶ 1.

- "Chic has been issued with several U.S. design patents relating to hoverboard products, including but not limited to, U.S. Design Patent Nos. D737,723 ("the 'D723 patent"), D738,256 ("the 'D256 patent"), D785,112 ("the 'D112 patent"), and D784,195 ("the 'D195 patent") (collectively, the "Patents-in-Suit")." Dkt. 101 ¶ 14. "Chic has licensed to Unicorn the right to sell, offer to sell, and distribute products featuring the Patents-in-Suit, including Plaintiffs' Products." *Id.* ¶ 23.

- "Upon information and belief, Defendants have sold and are selling Infringing Products on their e-commerce website, offered and are offering shipping to the United States, including Illinois, and have accepted and are accepting payment in U.S. dollars." Dkt. 101 ¶ 30.

- "Defendants are individuals and business entities of unknown makeup who own and/or operate one or more Defendant Internet Stores identified in Schedule A, Schedule B, and Schedule C and/or other seller aliases not yet known to Plaintiffs." Dkt. 101 ¶ 9. Plaintiffs later added Defendants Gaodeshang-US, Gyroor, and Fengchi-US to Schedule A. Dkt. 227-4.
    - "GaodeshangUS is a Chinese based store and was offering to sell Gyroor branded infringing products whose ASIN is associated with Gyroor branded products." Dkt. 227-1 ¶ 19.
    - "Gyroor is a Chinese based store with Gyroor logo next to its name on the Amazon information page. In addition, the infringing product sold by Gyroor shares the same ASIN as Gyroor US." Dkt. 227-1 ¶ 15.

4

- o "Fengchi-US is a Chinese based store and was offering to sell Gyroor branded infringing products whose ASIN is associated with Gyroor branded products." Dkt. 227-1 ¶ 17.
- "On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products in the same transaction, occurrence, or series of transactions or occurrences." Dkt. 101 ¶ 39.

As such, Plaintiffs have expressly alleged ownership of the Patents-in-Suit, named the Defendants in the amended Schedule A, cited the patents which were infringed, described the ways in which Defendants infringed those patents, and invoked specific sections of the patent law. This is all that Rule 8 requires. Despite citing various cases for the motion to dismiss standard, none of Defendants' cases stand for the proposition that allegations like Plaintiffs somehow fall short of that standard.

Defendants base their entire dismissal arguments on a review of Plaintiffs' Motion to Amend in isolation, with no reference to the Complaint itself. *See generally* Dkt. 364, 365, 366. They each erroneously state that Plaintiffs fail to provide any specific facts to support their cause of action "aside from the conclusory claims that '[Defendant] is related to or affiliated with Gyroor US.'" *Id.* at 3. But Defendants cite *only* to the Motion to Amend in support of this statement. *Id*. Plaintiffs' allegations in the Motion to Amend regarding Defendants' affiliation with Gyroor-US do not form the sole basis for the infringement claims against Defendants.[4] In fact, even if Defendants were totally unrelated to Gyroor-US—which Plaintiffs do not believe to be the case—

---

[4] These allegations do, however, further support the Complaint's allegation that "Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import . . . Infringing Products." Dkt. 101 ¶ 39.

5

Plaintiffs' allegations that Gaodeshang-US, Gyroor, and Fengchi-US sell and offer to sell infringing Gyroor-branded products is sufficient to satisfy the pleading requirements. Dkt. 101 ¶¶ 9, 30; Dkt. 227-1 ¶¶ 15, 17, 19. Similarly, Defendants' statements that they sell different products using unique ASIN numbers are inapposite because their relationship to Gyroor-US (and Gyroor-US's ASIN) is merely one piece of evidence among several other factual allegations in support of Plaintiffs' claims. Dkt. 364, 365, 366 at 3. Based on the foregoing, Plaintiffs properly plead each element required for patent infringement under Rule 8.

## II. DEFENDANTS' NON-INFRINGEMENT DEFENSES MUST BE DENIED BECAUSE THEY RELY ON FACTS IRRELEVANT TO THE COMPLAINT

Defendants argue that "non-infringement is obvious" because each of their Accused Products is based on a third-party design patent (*i.e*, the 'D856 patent for Gaodeshang-US and Gyroor, and the 'D297 patent for Fengchi-US). They base this affirmative defense on two separate assertions: 1) that the allegedly-licensed third-party patents are valid and thus cannot infringe the Patents-in-Suit; and 2) that Defendants' products are based on the third-party patents. Dkt. 364, 365, 366 at 4-11.

But the Seventh Circuit has repeatedly held that dismissal based on an affirmative defense "is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Hyson USA, Inc.*, 821 F.3d at 939, *quoting Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (emphasis in original); *see also Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014) ("[A] motion to dismiss . . . should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'"). This applies particularly when the affirmative defense "turn[s] on facts not before the court at [the pleading] stage," as is the case here. *Hyson USA, Inc.*, 821 F.3d at 939. Furthermore, because patent non-infringement is a fact-

6

intensive defense involving claim construction, "the Federal Circuit has cautioned against construing claim language to resolve, at the pleading stage, what are effectively non-infringement arguments." *Pressure Specialist, Inc. v. Next Gen Mfg.,* No. 17-CV-6582, 2018 U.S. Dist. LEXIS 10987, *9-10 (N.D. Ill. Jan. 24, 2018) ("[I]t is unsuitable to engage in such an inquiry at the pleading stage, because claim construction can be illuminated by the consideration of extrinsic evidence—evidence that is often not before the court at that stage.").

Plaintiffs could not have pled facts sufficient to establish Defendants' non-infringement defenses because the defense relies almost entirely on extrinsic evidence. Specifically, Plaintiffs' Complaint makes no mention of the 'D856 and 'D297 patents—or any third-party patent—nor are these patents referenced by the Patents-in-Suit. This Court has held that it will not take judicial notice of a patent or patent application on a motion to dismiss if it is not "central to the complaint." *Liqui-Box Corp. v. Scholle IPN Corp.*, 449 F. Supp. 3d 790, 800 (N.D. Ill. 2020). Here, Defendants' third-party patents may be central to their defenses of non-infringement, but they are wholly irrelevant to the Complaint. *See also Gas Tech. Inst. v. Amirali G. Rehmat*, No. 05 C 2712, 2006 U.S. Dist. LEXIS 91420, at *50 (N.D. Ill. Dec. 15, 2006) (refusing to take judicial notice of information that was "irrelevant" to determining whether plaintiffs had adequately alleged a cause of action).

In *Liqui-Box Corp*, the Court noted that even if it were to consider Defendant's extrinsic evidence of its patent, it "would require the court to compare the claims of [Defendant's patent] with those of the [Patents-in-Suit] to decide whether [the accused product] plausibly infringes a claim describing [Plaintiff's product] . . . . [which is] *not an appropriate exercise at this [motion to dismiss] stage.*" *Liqui-Box Corp.*, 449 F. Supp. 3d at 800 (emphasis added). Similarly here, even if the Court decided to consider the contents of the extrinsic 'D856 and 'D297 third-party

7

patents at this stage of litigation, the Court would have to construe the claims to reach a decision on the merits, which the Federal Circuit has strongly cautioned against. *Pressure Specialist, Inc.*, 2018 U.S. Dist. LEXIS 10987 at *9. Accordingly, Defendants' non-infringement defenses present no grounds for dismissal of Plaintiffs' claims.

## CONCLUSION

Because Plaintiffs properly pleaded the elements of design patent infringement as to each Defendant, and because Defendants' affirmative defenses cannot be established based on the contents of the pleadings, the Court should deny Defendants' Motions to Dismiss.

Date: September 3, 2021

Respectfully Submitted,

LOEB & LOEB LLP

By:   /s/ *Adam Kelly*
Adam Kelly
Doug Masters
Arthur Yuan
Neil Nandi
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Tel.: (312) 464-3100
Fax: (312) 464-3111
Email: akelly@loeb.com
Email: dmasters@loeb.com
Email: ayuan@loeb.com
Email: nnandi@loeb.com

Marwa Abdelaziz (admitted *pro hac vice*)
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
Fax: (212) 407-4833
Email: mabdelaziz@loeb.com