IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I, ABC CORPORATION II, <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 1:20-cv-04806 <br><br> Honorable Thomas M. Durkin |

**ANSWER TO COUNTERCLAIM BY DEFENDANTS
URBANMAX, HGSM, AND GYROSHOES**

Plaintiffs/Counterclaim Defendants Hangzhou Chic Intelligent Technology Co. and Unicorn Global, Inc. ("Plaintiffs"), by and through its attorneys, Loeb & Loeb LLP, Answer Defendants/Counterclaimants Urbanmax, HGSM, and Gyroshoes's ("Defendants") Counterclaim as follows:

**JURISDICTION AND VENUE**

1. These are Counterclaims brought by Defendant[s]/Counterclaimant[s] [] ("Defendants"), against Plaintiffs/Counterclaim Defendants Hangzhou Chic Intelligent Technology Co., Ltd., and Unicorn Global, Inc. (collectively "Plaintiffs") for declaratory judgment that U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit") are not infringed, either directly or indirectly by inducement, by Defendants' use,

1

manufacture, sale, and offer for sale of products and technology as identified in the Third Amended Complaint.

**ANSWER:** Admitted that Defendants have attempted to bring a counterclaim against Plaintiffs for declaratory judgment of non-infringement. Plaintiffs otherwise deny any allegation in which Defendants claim to have not infringed Plaintiffs' patents.

2. This Court has jurisdiction over these Counterclaims under the federal question jurisdiction of this Court, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367(a), the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, the patent laws, 35 U.S.C. § 1, et seq., and under Rule 13 of the Federal Rules of Civil Procedure.

**ANSWER:** Admitted that the Court has federal question jurisdiction over Defendants' counterclaims under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367(a). Denied as to the remaining allegations.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1400(b), in that this case is an action for patent infringement arising under the patent laws of the United States and pursuant to 28 U.S.C. § 1391(b) and (c), as Plaintiffs/Counter[claim] [D]efendants have a principal place of business and thereby reside in this judicial district, a substantial portion of the events giving rise to these Counterclaims occurred in this judicial district, and Plaintiffs are subject to personal jurisdiction of this Court having commenced its action in this Court.

**ANSWER:** Admitted that venue in this district is proper under 28 U.S.C. § 1400(b). Denied that Plaintiffs have a principal place of business in this district and thereby reside in this district.

## THE PARTIES

4. Defendant[s]/Counterclaimant[s] are three Chinese companies with their principal place of business in China.

**ANSWER:** Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations and therefore deny the same.

5. Defendants have internet storefronts that they use to sell hoverboards.

**ANSWER:** Admitted.

6. Upon information and belief, Plaintiff/CounterDefendant Hangzhou Chic Intelligent Technology Co., Ltd. ("Hangzhou") is a Chinese company located in the Liangzhou University Science and Technology Park, Yuhang District, Hangzhou, China.

**ANSWER:** Admitted.

7. Upon information and belief, Plaintiff/Counter-Defendant Union Global, Inc. [] ("Unicorn") is a corporation organized and existing under the laws of the State of California, having its principal place of business in the Ontario, California.

**ANSWER:** Admitted.

## COUNT I
### Declaratory Judgment of Noninfringement

8. Defendants' Accused Product has not infringed, and is not infringing, directly or indirectly by inducement, any valid and enforceable claim contained in U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit").

**ANSWER:** Denied.

9. As shown in table below, Defendants' product is based on the unique design of U.S. Design Patent D808,857, of which Defendants obtained a license.



**ANSWER:** Denied.

10. Defendants further incorporate[] its Motion for Summary Judgement of Noninfringement [Dkt. No. 110] in support of its noninfringement defense.

**ANSWER:** This paragraph contains an inappropriate adoption by reference under Rule 10(c). Furthermore, Dkt. 110 is not a Motion for Summary Judgment. Therefore, if an answer is required to this allegation, Plaintiffs deny it.

11. Since *Egyptian Goddess, Inc. v. Swisa, Inc.*, the sole test for determining whether a design patent has been infringed is the "ordinary observer" test. Under the "ordinary observer" test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing . . . purchase [of] one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008).

**ANSWER:** Admitted.

12. The "ordinary observer" test requires the fact finder to "compare similarities in overall designs, not similarities of ornamental features in isolation." *Ethicon Endo-Surgery, Inc.*

4

*v. Covidien*, Inc., 796 F.3d 1312, 1335 (Fed. Cir. 2015). While the test is not an "element-by-element" comparison, the fact finder must "consider the ornamental features and analyze how they impact the overall design." *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343, (Fed. Cir. 2020), *see also Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

**ANSWER**: Admitted that "ordinary observer" test requires the fact finder to "compare similarities in overall designs, not similarities of ornamental features in isolation", among other things, as quoted from *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015), and that the test is not an "element-by-element" comparison, as the fact finder must "consider the ornamental features and analyze how they impact the overall design", among other things, as quoted from *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343, (Fed. Cir. 2020). Plaintiffs deny the remaining allegations.

13. The most important considerations impacting the overall visual impression to the ordinary observer are the design of the two standing pads, the design of the wheels, and the size, shape, and the curve of the fenders that cover the wheels.

**ANSWER:** Denied.

14. It is obvious that the D808,857 has a unique design from the Patents-in-Suit.

**ANSWER:** Denied.

15. In this case, an ordinary observer will either **a)** find the Accused Product substantially similar to the D'857 patent, which does not infringe the Patents-in-Suit; or **b)** will be drawn to those aspects of the claimed designs of the Patents-in-Suit that differ from the D'857 patent; and those different aspects would make the distinctions between the Patents-in-Suit and Accused Products readily apparent to an ordinary observer.

**ANSWER:** Denied.

16.     In light of the D'857 patent, the Accused Product and the Patents-in-Suit are plainly dissimilar.

**ANSWER:**  Denied.

Dated: September 3, 2021

Respectfully submitted,

By: /s/ *Adam Kelly*
Adam Kelly
Douglas Masters
Arthur Yuan
Neil Nandi
321 North Clark Street, Suite 2300
Chicago, Illinois  60654
Tel.: 312-464-3100
Fax: 312-464-3111
Email: akelly@loeb.com
Email: dmasters@loeb.com
Email: ayuan@loeb.com
Email: nnandi@loeb.com

Marwa Abdelaziz (admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4388
Fax: (212) 407-4990
Email: mabdelaziz@loeb.com

*Attorneys for Plaintiffs*