IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I, ABC CORPORATION II, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 20-cv-4806 ) ) Judge Thomas M. Durkin |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) Magistrate Judge Jeffrey Cole ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT JIANGYOU-US'S
MOTION TO DISMISS**

Although Jiangyou-US is one of eight related entities in this case that have worked in concert to infringe Plaintiffs' patents by selling Gyroor-branded products, only Jiangyou-US contests personal jurisdiction. And its basis for doing so is unpersuasive. Jiangyou-US operates an e-commerce store that offers products for sale to customers in Illinois, offers to ship the products to customers in Illinois, and did sell products to customers in Illinois. Yet, the only evidence Jiangyou-US offers in support of its motion is a largely irrelevant, wholly conclusory declaration that lacks any corroborating support. (*See* Dkt. 363 & 363-1). In response, Plaintiffs are presenting further evidence proving that residents of this District can purchase a Jiangyou-US infringing product for shipment to this District. Accordingly, because Plaintiffs have established a *prima facie* case of personal jurisdiction, this Court should deny Jiangyou-US's motion.

**RELEVANT FACTS**

Plaintiff's Third Amended Complaint sets forth allegations establishing a *prima facie* case for personal jurisdiction in this District. The defendants in this case are Chinese e-commerce stores

that sell hoverboards that infringe Plaintiffs' Patents-in-Suit. *See* Dkt. 101, ¶¶ 9, 27. Jiangyou-US is an Amazon storefront selling Gyroor-branded products, in connection with defendant Gyroor-US. *See* Dkt. 227-1, ¶ 6. As such, Jiangyou-US is one of a network of interrelated foreign companies that knowingly and intentionally sell infringing products and that use the anonymity provided by the internet to evade liability for patent infringement. *See* Dkt. 101, ¶ 13. Jiangyou-US "directly targets business activities towards consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores." *Id.*, ¶ 5; *see also id.*, ¶ 29 (defendants have "targeted sales to Illinois residents by setting up and operating e-commerce stores").

In response, Jiangyou-US has submitted a brief and conclusory declaration that is supported by absolutely no corroborating documents. *See* Dkt. 363-1. Oddly, the declaration is submitted by Jiangyou-US's claimed "legal representative." *Id.*, ¶ 1. But the declaration is based solely on "I" statements, *i.e.*, the declarant's statements are limited to his own individual actions—not the actions of the company as a whole. Regardless, the declaration offers few relevant facts. The declarant never denies that he or Jiangyou-US targeted sales to Illinois residents or made products available for purchase to Illinois residents. The declarant does curtly state: "I never sold any allegedly infringing product to anyone in Illinois." *Id.*, ¶ 16. But the declarant never defines "infringing product," thereby obscuring whether the declarant is truly claiming that Jiangyou-US never sold any hoverboard product to an Illinois customer for which Plaintiffs could arguably claim damages.

By contrast, Plaintiffs submit a declaration supported by corroborating documentation establishing that Jiangyou-US has been selling infringing products on Amazon since at least October 25, 2020. *See* Ex. 1 (Declaration of Arthur Yuan), ¶ 3. Relevant to this District, Jiangyou-US has offered these infringing products to Illinois residents. *Id.* And Jiangyou-US continues to

offer infringing products to Illinois customers. For example, on August 4, the Jiangyou-US Amazon page expressly indicated that the product would ship to the Chicago-based zip code 60605. *Id.*, ¶¶ 4–5. Likewise, on August 15, Jiangyou-US's Amazon page continued to offer infringing products for sale, with availability to ship to 60654. *Id.*, ¶¶ 6–8. In fact, one of Plaintiffs' attorneys successfully purchased such a product for shipment to this District. *Id.*, ¶ 8.

## ARGUMENT

Although Federal Circuit law applies to personal jurisdiction in patent cases, the Court must ultimately evaluate personal jurisdiction under the Illinois long-arm statute. *See uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Interpreting Illinois and federal constitutional law, the Seventh Circuit has held that specific personal jurisdiction exists when three conditions are satisfied:

> First, the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020) (alterations adopted, quotation omitted). A plaintiff "bears only the burden of making a prima facie case for personal jurisdiction." *Id.* at 393. In evaluating whether the plaintiff met this standard, the Court must resolve all factual disputes in the plaintiff's favor. *See id.*

Here, the facts demonstrate that Jiangyou-US worked seamlessly with the other Gyroor Defendants to offer infringing products for sale to residents of this District. This offering for sale—which itself is an act of patent infringement under 35 U.S.C. § 271(a)—was targeted to this District and is sufficient to establish minimum contacts. The effect of the patent infringement was

thus felt in this District. Finally, substantial justice requires keeping Jiangyou-US in this matter, where it can be held accountable for its infringement along with the rest of the Gyroor Defendants.

### I. Jiangyou-US Purposefully Availed Itself of the Illinois Forum

The purposeful availment element ensures that the defendant's contacts with the forum are not "random, fortuitous, or attenuated." *Curry*, 949 F.3d at 798. Instead, the defendant must have "purposefully directed" its activities to the forum by, for example, "caus[ing] its product to be distributed in the forum state." *Id.* Evidence of purposeful available establishes that the defendant had minimum contacts with the forum. *See Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010).

#### a. Seventh Circuit Precedent Establishes the Existence of Personal Jurisdiction Over E-Commerce Sites Selling to Illinois Residents

Minimum contacts sufficient to establish specific jurisdiction exist where defendants operate "commercial websites through which customers could purchase [goods], calculate their shipping charges using their zip codes, and create accounts." *Hemi*, 622 F.3d at 757–58. For example, the Seventh Circuit recently examined the online sale of a sports nutritional supplement. *See Curry*, 949 F.3d at 385. The defendant, which had no physical presence in Illinois, marketed and sold its products to Illinois residents over the internet, including through third-party marketplaces like eBay and Amazon. *Id.* at 390. The court concluded that the defendant specifically targeted Illinois residents by requiring customers to provide a shipping address, with Illinois among the options. Once a customer from Illinois purchased the products, the defendant sent an email that confirmed both the order and the Illinois shipping address. *Id.* at 399. Thus, the defendant's "own actions in establishing these commercial contacts with Illinois fairly can be described as purposeful." *Id.* Moreover, the court noted that "[t]here is no per se requirement that the defendant especially target the forum in its business activity; it is sufficient that the defendant

4

reasonably could foresee that its product would be sold in the forum." *Id.*, citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984).

Here, Jiangyou-US operates in substantially the same manner. It sells products on a third-party marketplace (*i.e.*, Amazon), expressly stating the product's availability to be shipped to zip codes in this District. *See* Ex. 1, ¶¶ 4–5. It too provides order confirmations that include the address of the customer. *Id.*, ¶ 8. Under *Curry*, the Court therefore has personal jurisdiction over Jiangyou-US. *See also Hemi*, 622 F.3d at 758 (finding personal jurisdiction based on products offered online to Illinois residents, because "[i]t is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois").

### b. The Contrary Authority on which Jiangyou-US Relies is Inapplicable

The Seventh Circuit cases on which Jiangyou-US relies do not support its motion to dismiss. First, most of the cited Seventh Circuit authorities do not relate to claims arising from acts over e-commerce platforms. *See Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012) (intentional misrepresentation related to real estate contract); *be2 LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011) (trademark infringement suit against free online dating website); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003) (breach of contract); *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440 (7th Cir. 2010) (anti-cybersquatting claim); GCIU-Employer Ret. Fund v. Goldfarb Corp., 565 F.3d 1018 (7th Cir. 2009) (ERISA); *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272 (7th Cir. 1997) (breach of contract relating to goods purchases in early 1990s); *see also United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1054 (N.D. Ill. 2015) (trademark infringement related to logo on flight booking cite, in which the court noted: "Also unlike the retailer in *Hemi Group*, Defendant does not ship any tangible products to residents in Illinois; rather, the company facilitates electronic

ticket purchases."). As such—and unlike here, *Hemi*, and *Curry*—the defendants in those cases did not clearly offer products for sale to the Illinois forum or offer to ship products here.

To be sure, the one cited Seventh Circuit case with some connection to e-commerce turned on the fact that the contacts with the forum state (Indiana, not Illinois) seemingly had nothing to do with the trademark infringement activity that was the subject of the litigation. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) ("Advanced Tactical provides no evidence that those sales had any connection with this litigation"). But here, unlike *Advanced Tactical*, Jiangyou-US specifically offered the infringing products for sale to Illinois residents for shipment to Illinois. Ex. 1, ¶ 3.

Further, Jiangyou-US relies on out-of-circuit cases and a limited number of in-District cases finding no personal jurisdiction over foreign e-commerce vendors. But the bulk of authority in this District holds that personal jurisdiction is proper in this situation. For example, a published decision in a trademark infringement case against Chinese defendants selling on e-commerce sites emphasized the fact that the plaintiff's claims were based, in part, on the *offer* to sell infringing products. *See Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 906 (N.D. Ill. 2015) (finding that it was not necessary for the plaintiff to prove that defendant ever made a sale in Illinois for the court to have personal jurisdiction, as the "claims against defendants are based on defendants' offers to sell counterfeit Monster Energy products through their interactive Internet store, which allows online orders to be placed and shipped to Illinois addresses."). Similarly, here, Plaintiffs' claims are based, in part, on Jiangyou-US's offers to sell infringing products in this District. *See* Dkt. 101, ¶¶ 42, 46, 50, 54. Therefore, specific jurisdiction exists over Jiangyou-US.

*Monster* is hardly an outlier in this District's recent e-commerce jurisprudence. *See, e.g., CAMELBAK Prods., LLC, v. The P'ships and Unincorporated Ass'ns Identified on Schedule "A"*,

6

Case No. 20-cv-01544, Dkt. 88, p. 2 (N.D. Ill. Nov. 16, 2020) (finding personal jurisdiction where the plaintiff presented "screenshot evidence" that "each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's trademarks."); *Mori Lee, LLC v. The P'Ships and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-07555, Dkt. 60 (N.D. Ill. May 14, 2020) (citing *Curry* and stating: "Mori Lee has offered evidence tending to show that weddirect.co, though not physically located in Illinois or even in the [United] States, operated an interactive website through which it offered products for sale to consumers, including consumers located in Illinois, who would then select an address where the products should be shipped, including Illinois as one of the options. This is enough to amount to weddirect.co having purposefully availed itself of doing business in Illinois."); *Conair Corp. v. Chen*, Case No. 16-cv-9693, Dkt. 69, p. 2 (N.D. Ill. Mar. 22, 2017) (finding personal jurisdiction based on an investigator's purchase of infringing products with shipment ordered to Illinois, because the "attempted purchase by the fictitious consumer is evidence of [the defendant's] intent to solicit Illinois consumers and purposefully avail itself of the privilege of conducting business in Illinois and attempting to sell its products to Illinois consumers").

Accordingly, under Seventh Circuit precedent, as applied in many cases in this District, Jiangyou-US's actions directed to Illinois demonstrate that it purposefully availed itself of this District, thereby subjecting itself to personal jurisdiction before this Court.

### c. The Contacts of the Other Gyroor Defendants Should Be Attributed to Jiangyou-US for the Purposes of Personal Jurisdiction

Unlike cases granting motions to dismiss based on lack of personal jurisdiction, Jiangyou-US has not come forward with any other forum in which it should be haled into federal court.

*Compare Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d 711, 713 (N.D. Ill. 2011) (California-based, Delaware-incorporated defendant). Further, Jiangyou-US is not some standalone party who would have to independently litigate these claims in isolation. Instead, Plaintiffs have introduced substantial evidence establishing that Jiangyou-US is closely related to—if not indistinguishable from—the rest of the parties still actively defending this suit, the so-called Gyroor Defendants. *See* Dkt. 227-1, ¶ 6; Dkt. 328, ¶¶ 21, 31, 39. In fact, Jiangyou-US appeared in this matter through the same attorney appearance forms as other Gyroor Defendants which do not contest personal jurisdiction. *See* Dkt. 340, 342. The close relationship between Jiangyou-US and the other Gyroor Defendants—over which personal jurisdiction is indisputably proper—provides an independent basis to assert personal jurisdiction over Jiangyou-US. *See Nuance Commc'ns., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1232–33 (Fed. Cir. 2010); *cf. Sys. Div., Inc. v. Teknek Elecs., Ltd.*, 253 F. App'x. 31, 37 (Fed. Cir. 2007) ("The exercise of jurisdiction over an alter ego is compatible with due process because a corporation and its alter ego are the same entity—thus, the jurisdictional contacts of one are the jurisdictional contacts of the other for purposes of the *International Shoe* due process analysis.") (unpub.). At minimum, these relationships set this case apart from those where the moving defendant would otherwise be proceeding in isolation in a forum foreign to the defendant.

**II.     Plaintiffs Were Injured in Illinois as a Result of Jiangyou-US's Actions**

Plaintiffs have alleged that Jiangyou-US sold goods in Illinois that infringe their patent rights. Dkt. 101, ¶ 27. The sale of infringing products necessarily injures the patent-holder. The location of the injury is the location in which the infringing item was sold, meaning that Defendant's sale of the infringing wares to customers in Illinois caused injury to Plaintiffs in Illinois. *See N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994)

("to sell an infringing article to a buyer in Illinois is to commit a tort there."). Thus, Plaintiffs' injuries have been directly caused by Jiangyou-US's actions in Illinois.

### III. The Exercise of Personal Jurisdiction Here Comports with Traditional Notions of Fair Play and Substantial Justice

Jiangyou-US has failed to show how subjecting it to jurisdiction in Illinois violates traditional notions of fair play and substantial justice. In considering these factors, courts should:

> evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (quotations omitted). "[A]s long as the plaintiff has made a threshold showing of minimum contacts, that showing is generally defeated only where the defendant presents a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Curry*, 949 F.3d at 402. Yet, Jiangyou-US has made no such showing here.

Importantly, Jiangyou-US introduces no evidence suggesting that it would be burdensome to litigate here. In fact, its barebones declaration does not even address burden. *Cf.* Dkt. 363-1. As in *Curry*, there is no unfairness in subjecting Jiangyou-US to jurisdiction in Illinois, as it "has structured its marketing so that it can easily serve the state's consumers—and it has done so" by selling goods to Illinois consumers. 949 F.3d at 402. Jiangyou-US holds itself out as conducting business nationwide, and thus the burden of requiring it to defend the lawsuit in Illinois is minimal. *See id.* Providing otherwise would allow Jiangyou-US to "[have] its cake and eat it, too" by allowing it the "benefit of a nationwide business model with none of the exposure." *Id.*

Additionally, the efficiencies of keeping this case in this District are substantial. Jiangyou-US is part of a group of eight related Gyroor Defendants. *See* Dkt. 227-1, ¶ 6. "Closely related

9

claims should if possible be tried together to spare the parties and the American judicial system the diseconomies of multiple proceedings." *Harbor Ins. Co. v. Cont'l Bank Corp.*, 922 F.2d 357, 361 (7th Cir. 1990). Jiangyou-US is part of a cabal of defendants who have flouted the preliminary injunction order in this case, which should have ceased the sales of infringing Gyroor-branded products. *See* Dkt. 328. Releasing Jiangyou-US from this case—despite Jiangyou-US clearly offering to sell infringing goods to residents of this District—only provides the Gyroor Defendants an outlet to attempt to evade the reach of this Court. The only way to efficiently hold Jiangyou-US accountable for its infringement is by keeping it in this suit before this Court.

Thus, notions of fair play and substantial justice strongly counsel in favor of denying Jiangyou-US's motion to dismiss.

## CONCLUSION

Because Plaintiffs have established a *prima facie* showing that personal jurisdiction is proper over Jiangyou-US, the Court should deny the motion to dismiss.

Date: September 3, 2021	Respectfully Submitted,

			LOEB & LOEB LLP

			/s/ Adam Kelly
			Adam Kelly
			Doug Masters
			Arthur Yuan
			Neil Nandi
			321 North Clark Street, Suite 2300
			Chicago, Illinois  60654
			Tel.: 312-464-3100
			Email:  akelly@loeb.com
			Email:  dmasters@loeb.com
			Email:  ayuan@loeb.com
			Email:  nnandi@loeb.com

			Marwa Abdelaziz (admitted *pro hac vice*)
			LOEB & LOEB LLP
			345 Park Avenue
			New York, New York 10154
			Tel.:  (212) 407-4000
			Email:  mabdelaziz@loeb.com