**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al,<br><br>                    *Plaintiff*,<br><br>        v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>                    *Defendant*. | **CASE NO.** 1:20-cv-04806<br><br>**Judge:** Honorable Thomas M. Durkin |

**DEFENDANT JIANGYOU-US' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

## Table of Contents

DEFENDANT JIANGYOU-US' OPPOSITION TO ........................................................................ I

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 2

PROCEDURAL BACKGROUND ............................................................................................... 2

ARGUMENTS ....................................................................................................................... 3

I.   A PRELIMINARY INJUNCTION AGAINST JIANGYOU-US BASED ON THE ALLEGED INFRINGEMENT BY "ACCUSED PRODUCT A" MUST BE DENIED BECAUSE THE COURT LACKS PERSONAL JURISDICTION ................................................................................................. 3

II.   A PRELIMINARY INJUNCTION BASED ON PLAINTIFFS' EXPERT WITNESS MR. HATCH'S ALLEGATION OF INFRINGEMENT BY THE "ACCUSED PRODUCT C" MUST ALSO BE DENIED ... 4

    A.  Legal Standards ............................................................................................... 4

    B.  A Preliminary Injunction is unwarranted because Plaintiffs failed to prove irreparable harm and Plaintiffs failed to make a strong showing of likelihood of success on the merit ................................................................................................................ 5

    C.  Plaintiffs also failed to show a likelihood of success on the merit ................................. 6

    D.  Under the Gestalt Principles, the ornamental features of the Accused Product listed above would be perceived as more dramatic and obvious, which would significantly impact the overall visual impression of the ordinary observer .................................... 12

    E.  Plaintiffs should not be allowed to amend their pleading by adding new allegations freely .......................................................................................................... 12

CONCLUSION ................................................................................................................... 12

Defendant Jiangyou-US ("Jiangyou-US" or "Defendant"), without waiving any Rule 12(b) defenses, respectfully submits this Opposition to Plaintiffs' motion for entry of a preliminary injunction. [Dkt. 384].

**Introduction**

In the Amended Schedule "A" [Dkt. No. 227 & 227-3], Plaintiffs allege that ASIN - B07PHFP8GB (Gyroor "Product A") sold by Defendant has infringed Plaintiffs' design patents.

Now, Plaintiffs want to add new allegations, without amending the Complaint or the Defendant Schedule "A," and claim that another product – identified by Plaintiffs' expert witness Mr. Hatch as Gyroor "Product C," [Dkt. No. 385, pp. 19-20, Dkt. No. 385, pp. 19-20] has infringed Plaintiffs' design patents.

**I.** A Preliminary Injunction against Jiangyou-US based on the alleged infringement by "Product A" must be denied because the Court lacks personal jurisdiction over Jiangyou-US.

**II.** Without waiving any Rule 12(b) defenses, a Preliminary Injunction based on Plaintiffs' expert witness Mr. Hatch's allegation of infringement by "Product C" must also be denied because **A)**. The "Product C" has been on the market since April 10, 2018. Plaintiffs' delay in seeking a remedy until now undercuts the sense of urgency and mitigates against the issuance of a preliminary injunction; **B)** Plaintiffs also failed to show a likelihood of winning on the merit; **C)** no infringement allegation against "Product C" was raised in Plaintiffs' pleadings. Plaintiffs should not be allowed to amend their pleadings by adding new allegations freely. Defendant cannot properly address the allegations, including raising any Rule 12(b) defenses, unless specific facts and claims are incorporated in Plaintiffs' pleadings.

|  |  |
|---|---|
| **Accused Product A**<br>ASIN - B07PHFP8GB [Dkt. No. 227 & 227-3] | **New Allegation – Accused Product C**<br>[Decl. of Hatch, Dkt. No. 388, 19-20] |

**Factual Background**

Evidence provided by Plaintiffs identifies the alleged infringing products ("Accused Product A") as "*Gyroor T581 Hoverboard 6.5" Off Road All Terrain Hoverboards Bluetooth Speaker & LED Lights Two-Wheel Self Balancing Hoverboard with Kart Se...*" [Dkt. No. 227-1, p. 81 of 92]. The product has a unique ASIN number B07PHFP8GB. [Dkt. No. 227-3, p. 3 of 4]. The Accused Product A is also identified as "Gryoor A" by Plaintiffs. [Dkt. No. 385, p. 20; Dkt. No. 388, p. 19].

Plaintiffs allege that four of Plaintiffs' U.S. Design Patents – D737,723 ("D'723 patent"), D738, 256 ("D'256 patent"), D785,112 ("D'112 patent"), D784,195 ("D'195 patent") ("Patents-in-Suit") [Dkt. No. 101, ¶14; Dkt No. 101-13] have been infringed by the Accused Product A. However, Plaintiffs made no allegations against Defendant or the Accused Product A in the Third Amended Complaint. [Dkt. No. 101]. Plaintiffs made no specific allegations aside from stating that "Jiangyou-US store is related to or affiliated with Gyroor-US" [Dkt. No. 227-1, ¶6], which is unsupported by any evidence.

Plaintiffs' expert witness Mr. Hatch also alleged that "Gyroor C" ("Accused Product C") infringed Plaintiffs' Patents-in-Suit. [Dkt. 385, pp. 19-20]. No allegation against Accused Product C was raised in Plaintiffs' Complaint [Dkt. No. 1], First Amended Complaint [Dkt. No. 16], Second Amended Complaint [Dkt. No. 37], Third Amended Complaint [Dkt. No. 101] or Plaintiffs' Amended Schedule "A" [Dkt. No. 227 & 227-3].

The "Product C" has been on the market since April 10 2018. "Date First Available" and comments from verified purchasers in 2018 are attached hereto as Exhibit 1 and Exhibit 2.

**Procedural Background**

On November 20, 2020, Plaintiffs filed a motion for preliminary injunction. [Dkt. No. 105].

On November 24, 2020, a preliminary injunction hearing was held. [Dkt. No. 112].

On November 24, 2020, a preliminary injunction order was entered. [Dkt. No. 113].

On December 24, 2020, a modified preliminary injunction order was entered. [Dkt. No. 147].

On February 11, 2021, Jiangyou-US' financial account and assets were restrained.

Service of process was not effectuated on Defendant until June 25, 2021. [Dkt. No. 310].

2

| Timeline | |
|---|---|
| Date: | Event: |
| 07/10/2020 | Initial Filing |
| 11/20/2020 | Motion for Preliminary Injunction Filed [Dkt. No. 105] |
| 11/24/2020 | Hearing for Preliminary Injunction held on November 24, 2020 |
| 11/24/2020 | Preliminary Injunction Order entered [Dkt. No. 113] |
| 12/23/2020 | Modified Preliminary Injunction Order entered [Dkt. No. 147] (to eBay) |
| 02/11/2021 | Jiangyou-US' account and assets were restrained |
| 06/25/2021 | Email Service of Process [Dkt. No. 310] |
| 08/13/2021 | Jiangyou-US filed a motion to dismiss pursuant to Rule 12b(6) for lack of personal jurisdiction |

## **Arguments**

### I. A Preliminary Injunction against Jiangyou-US based on the alleged infringement by "Accused Product A" must be denied because the Court lacks personal jurisdiction

A court cannot issue an injunction without establishing personal jurisdiction over a defendant. *Savis, Inc. v. Cardenas*, 2018 WL 5279311, at *4 (N.D. Ill. Oct. 24, 2018) (citing, *inter alia*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (Personal jurisdiction… 'is an essential element of the jurisdiction of a district…court,' without which the court is 'powerless to proceed to an adjudication.')).

The Seventh Circuit and this district court have repeatedly held that "maintenance of an interactive website, unaccompanied by evidence of any sales or other activity targeting Illinois, does not establish that [defendant] has sufficient minimum contacts with Illinois to support the exercise of personal jurisdiction." *Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *4 (N.D. Ill. Mar. 4, 2021) (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website ... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.")); *see also MSM Design & Eng'g LLC v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, No. 20-CV-00121, 2021 WL 3187706, at *2 (N.D. Ill. July 28, 2021) ("the mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum.").

3

Here, Defendant Jiangyou-US has never sold the "Accused Product A" to Illinois. [*Aff'd. of Wang Yi Qiang*, ¶16, Dkt. No. 363-1]. Jiangyou-US' interactive Amazon store is accessible from Illinois as well as everywhere else in the world. Jiangyou-US does not target the state of Illinois. "It was not enough to establish personal jurisdiction when some "Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit product." *Rubik*, 2021 WL 825668, at*4. The mere possibility that Jiangyou-US' product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum.

Therefore, this Court lacks personal jurisdiction over Defendant. Consequently, Plaintiffs' request for a preliminary injunction must be denied.

## II. A Preliminary Injunction based on Plaintiffs' expert witness Mr. Hatch's allegation of infringement by the "Accused Product C" must also be denied

### A. Legal Standards

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–312 (1982); *see Apple, Inc. v. Samsung Elecs. Co*., 678 F.3d 1314, 1323 (Fed. Cir. 2012); *PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006).

"[The] case law and logic both require that a movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, *i.e.,* likelihood of success on the merits and irreparable harm." *PHG Techs*., 469 F.3d at 136

"The court has noted that a preliminary injunction is 'not to be routinely granted.'" *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1554 (Fed. Cir. 1995) (quoting *Intel Corp. v. ULSI Sys. Technology, Inc*., 995 F.2d 1566, 1568 (Fed.Cir.1993)). "To establish a likelihood of success on

4

the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability. *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Sciele Pharma, Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012)).

"A preliminary injunction should not issue if the accused infringer '***raises a substantial question concerning either infringement or validity***.'" *Id*. (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

Furthermore, in each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (quoting *Amoco Production Co.*, 480 U.S., at 542).

**B.** **A Preliminary Injunction is unwarranted because Plaintiffs failed to prove irreparable harm and Plaintiffs failed to make a strong showing of likelihood of success on the merit**

"Delay in seeking a remedy is an important factor bearing on the need for a preliminary injunction." *High Tech Med*, 49 F.3d at 1557 (Fed. Cir. 1995). Delay on the part of the patentee "undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief." *See Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2d Cir. 1995).

"Delayed for ***a substantial period of time*** before seeking a preliminary injunction [which] at least suggests that the *status quo* does not irreparably damage [the patentee]." *Nutrition 21 v. U.S.*, 930 F.2d 867, 872 (Fed. Cir. 1991); *see High Tech Med*, 49 F.3d at 1557 (Patent Case; "17 months is a substantial period of delay that militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir.1985) (trademark case; nine-month delay undercuts claim of irreparable harm); *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 903 (7th Cir. 2001) (holding, in a trademark case, that "[d]elay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered").

## Product details

Color: **pink**

> **Is Discontinued By Manufacturer :** No
>
> **Item Weight :** 26.5 Pounds
>
> **Batteries :** 20 Lithium ion batteries required.
>
> **Date First Available :** April 10, 2018
>
> **Manufacturer :** Gyroor
>
> **ASIN :** B07C3C861F

Shown above, the Accused Product C has been on the market since April 10, 2018. [Ex.1, p. 4]. Plaintiffs have competed against the Accused Product C in the hoverboard market for well over three years, undoubtfully a substantial period of time.

Plaintiffs' delay in seeking a remedy mitigates against the issuance of a preliminary injunction because there is no apparent urgency to the request for injunctive relief.

**C. Plaintiffs also failed to show a likelihood of success on the merit**

Supported by former USPTO design patent examiner Mr. Gandy's and Professor Rake's declarations [attached hereto as Exhibit 3 and Exhibit 4], the noninfringement is clear and obvious in this case.

_**First**_, Plaintiffs claim that "Plaintiffs' commercial success is due in part to its revolutionary patented designs that feature an hourglass shape with a central support platform." [Dkt. No. 385, p. 20].

The this "hourglass" peripheral shape was first disclosed and claimed in the prior art — the U.S. Design Patent D739,906 Patent ("D'906 Patent" attached hereto as Exhibit 5). As shown below in Table 1, page 6, the Patents-in-Suit all have an hourglass shape with smooth curves similar to the D'906 patent. [Decl. of Rake, Ex 4, ¶¶53-56, 125; Decl. of Gandy, Ex 3, ¶¶74, 80, 85, 90]. In contrast, the Accused Product C has a more "angular body shape with sharp edges." _Id_.

Therefore, in light of the D'906 Patent, an ordinary observer will find the Accused Product C has a substantially different overall shape from the Patents-in-Suit.

6

| Table 1 — Comparison of Overall - Hourglass Shape | |
|---|---|
| Patents-in-Suit<br>D'723 Patent |  |
| Patents-in-Suit<br>D'256 Patent | |
| Patents-in-Suit<br>D'195 Patent | |
| Patents-in-Suit<br>D'112 Patent | |
| **<u>Prior Aart</u><br>D'906 Patent** | |
| Accused Product C | |
| Substantially Similar Patent<br>D'857 Patent | |



| Table. 2 — Comparison of Overall Shape – Front View | |
|---|---|
| Patents-in-Suit D'723 Patent | |
| Patents-in-Suit D'256 Patent | |
| Patents-in-Suit D'195 Patent | |
| Patents-in-Suit D'112 Patent | |
| **Prior Aart D'906 Patent** | |
| Accused Product C | |
| Substantially Similar Patent D'857 Patent | |

Table 2 compares the front view of the prior art D'906 Patent, the Patents-in-Suit and the Accused Product C. Both the prior art D'906 Patent and the Patents-in-Suit have "a slightly raised convex contour while the corresponding center portion of the Accused Product C is slightly recessed down below." [Decl. of Gandy, Ex 3, ¶¶ 69, 75, 81, 86].

Therefore, in light of the D'906 Patent, an ordinary observer will find the Accused Product C has a substantially different overall shape from the Patents-in-Suit.

***Second***, the ornamental features of each element in the Accused Product C are based on the claimed design of the U.S. D808,857 Patent ("D'857 Patent," attached hereto as Exhibit 6).

An ordinary observer would consider the Accused Product C to be substantially similar to the D'857 Patent. [Decl. of Rake, Ex 4, ¶187]. In contrast, no ordinary observer would consider Accused Product C is substantially similar to the Patents-in-Suit because none of the Patent-in-Suit claimed any ornamental features of the Accused Product C.

1.  <u>None of the Patents-in-Suit claimed foot pad design of the Accused Product C</u>

The shape and design of the foot pads of the Accused Product C are plainly different from the Patents-in-Suit. [Decl. of Gandy, Ex 3, ¶¶71, 77; Decl. of Rake, Ex 4, ¶¶117,125].

Here, D'723 and D'256 Patents both claim the design of straight divergent lines on the foot pads. Neither D'195 nor D'112 claims any designs of the foot pads.

The D'857 Patent claimed unique curved lines on the foot pads, which are plainly dissimilar from the designs of the Patents-in-Suit. The Accused Product C has identical foot pad design as D'857 Patent.



| | | |
|---|---|---|
| Patents-in-Suit<br>D'723 Patent | Patents-in-Suit<br>D'256 Patent | Patents-in-Suit<br>D'195 Patent |

| Patents-in-Suit D'112 Patent | Substantially Similar Patent D'857 Patent | Accused Product C |
|---|---|---|

**2.** <u>None of the Patents-in-Suit claimed the wheel covers design of the Accused Product C</u>

The wheel covers of the Accused Product C are plainly different from the Patents-in-Suit.

The Patents-in-Suit all have semi-circular wheel covers and extend over and cover the entire wheel. None of the Patent-in-Suit claimed the wheel covers design of the Accused Product C.

The shape of the wheel covers in the Patnes-in-Suit and the prior art D'906 patent are both semi-circular, "while the wheel covers on the design of Gyroor 'C' hoverboard do not extend down over the wheel" as in '723 and '195 Patent, and "are wider than those of the design" of the '256 and'112 patent. [Decl. of Gandy, Ex 3, ¶¶70, 76, 82, 87].

Therefore, "even to the most casual observer, the differences are significant." [Decl. of Rake, Ex 4, ¶¶122, 129, 135, 141].



| Patents-in-Suit D'723 Patent | Patents-in-Suit D'256 Patent | Patents-in-Suit D'195 Patent |
|---|---|---|
| Patents-in-Suit D'112 Patent | **Prior Aart D'906 Patent** | Accused Product C |

**3.** None of the Patents-in-Suit claimed the light design of the Accused Product C

The position, shape, and size of the lights of the Accused Product C are also plainly different from the Patents-in-Suit. None of the Patent-in-Suit claimed the light design of the Accused Product C.

Highlighted, the Patents-in-Suit all have different size and shape and are positioned differently on the front panel of the hoverboard. [Decl. of Rake, Ex 4, ¶¶ 120, 126, 132, 138].

The light design of the Accused Product C features the thin narrow straight strips lights, which is identical to the claimed design in the D'857 Patent.



**D. Under the Gestalt Principles, the ornamental features of the Accused Product listed above would be perceived as more dramatic and obvious, which would significantly impact the overall visual impression of the ordinary observer**

"The *Gestalt principles* of visual perception teaches us that the eye is attracted to areas of high contrast." [Decl. of Rake, Ex. 4, ¶25]. Under the *Figure-Ground principles*, "some shapes or contours take a prominent role (figure) while others recede into the background (ground)." *Id*. at 26.

Certain designs would be perceived as more dramatic and obvious. Here, the size, shape, and character of the lights, size and shape of the wheel covers, and the patterns of the foot pads would significantly impact the ordinary observer's visual perception of the overall designs. [Decl. of Rake, Ex. 4, ¶¶120, 126, 132, 138, 179-182]. As a result, the differences between the Patents-in-Suit and accused design take on greater significance. Consequently, an ordinary observer, taking into account the prior art, would not believe the accused design to be the same as the patented design.

**E. Plaintiffs should not be allowed to amend their pleading by adding new allegations freely**

No allegation against the Accused Product C was raised in Plaintiffs' Complaint, Amended Complaint, or Amended Defendant Schedule "A."

Plaintiffs amended their complaint three times. [Dkt. No. 16, 37, 101]. In addition, Plaintiffs amended the Schedule "A" one more time on May 6, 2021 [Dkt. No. 227 & 227-3]. Plaintiffs had multiple opportunities to raise the alleged infringement claim against the Accused Product C, but failed to do so.

Instead of requesting "the opposing party's written consent or the court's leave" to amend their Complaint as prescribed under the Federal Rule of Civil Procedure 15(a), Plaintiffs improperly included new allegations that were never raised before.

Plaintiffs should not be allowed to amend their pleading by adding new allegations freely. Consequently, Plaintiffs' request for preliminary injunction must be denied.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiffs' motion for entry of a preliminary injunction.

Respectfully Submitted:

Date: 09/10/2021                           /s/ Tianyu Ju

Tianyu Ju
Iris.Ju@glacier.law
He Cheng
Robin.Cheng@glacier.law
Tao Liu
Tao.Liu@glacier.law
Glacier Law PLLC
200 Park Avenue, Suite1703
New York, NY 10166
www.glacier.law
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 10, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, along with the attached Exhibits, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 09/10/2021                           /s/ Tianyu Ju
                                          Tianyu Ju