**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al, <br><br> *Plaintiff*, <br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendants*. | **CASE NO.** 1:20-cv-04806 <br><br> **Judge: Honorable Thomas M. Durkin** |

**DEFENDANT JIANGYOU-US' REPLY TO PLAINTIFFS'**
**OPPOSITION TO RULE 12b(2) MOTION TO DISMISSPURSUANT**

**I.** Defendant JIANGYOU-US has never sold the infringing product to Illinois. Aside from relying on their erroneous interpretation of the Seventh Circuit decisions on "specific personal jurisdictions," Plaintiffs failed to make a prima facia showing that this Court has personal jurisdiction over JIANGYOU-US. **II.** An unrelated product purchased by Plaintiffs' attorney for the "exclusive purpose of establishing jurisdiction" is insufficient to establish personal jurisdiction. **III.** Plaintiffs' allegation that "JIANGYOU-US is related to or affiliated with defendant Gyroor-US" by Plaintiffs' counsel Author Yuan is also unsupported by evidence.

<u>Arguments</u>

I. **Plaintiffs' erroneous understanding of the Seventh Circuit decisions must be rejected.**

Plaintiffs allege that the Patents-in-Suit were infringed by the Accused Product - ASIN No. B07PHFP8GB. [Dkt. No. 227-3, p. 3 of 4]. However, Plaintiffs failed to provide any evidence that JIANGYOU-US sold the Accused Product in Illinois.

Because Wang's declaration that JIANGYOU-US never sold the Accused Product in Illinois is undisputed [Decl. of Wang, Dkt. No. 363-1, ¶16], Plaintiffs failed to make a prima facia showing of personal jurisdiction over JIANGYOU-US.

1

### A. Maintenance of an interactive website does not establish sufficient minimum contacts to support the exercise of personal jurisdiction

The Seventh Circuit and this district court have repeatedly held that "maintenance of an interactive website, unaccompanied by evidence of any sales or other activity targeting Illinois, does not establish that [defendant] has sufficient minimum contacts with Illinois to support the exercise of personal jurisdiction." *Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *4 (N.D. Ill. Mar. 4, 2021) (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website ... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.")); *see also MSM Design & Eng'g LLC v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, No. 20-CV-00121, 2021 WL 3187706, at *2 (N.D. Ill. July 28, 2021) ("the mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum.").

Here, JIANGYOU-US has never sold the Accused Product to Illinois. [Decl. of Wang, Dkt. No. 363-1, ¶16]. Its Amazon store is accessible from Illinois as well as everywhere else in the world. There is no evidence that JIANGYOU-US targets the state of Illinois. "It was not enough to establish personal jurisdiction when some "Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit product." *Rubik*, 2021 WL 825668, at*4.

Therefore, the mere possibility that JIANGYOU-US' product could be ordered online and shipped to Illinois is not sufficient to establish minimum contacts for personal jurisdiction purpose.

### B. Plaintiffs misunderstood the *Curry case* and *Hemi case*[1]

***First***, Plaintiffs claim the authorities cited by JIANGYOU-US are inapplicable because "most of the cited Seventh Circuit authorities [by JIANGYOU-US] does not relate to claims arising from acts over e-commerce platforms." [Opp'n, Dkt. No. 412, p. 5].

---

[1] *Curry v. Rev. Labs., LLC*, 949 F.3d 385 (7th Cir. 2020) & *Illinois v. Hemi Group*, 622 F.3d 754 (7th Cir. 2010).

This interpretation is incorrect because "the Seventh Circuit has declined to formulate a special jurisdictional test for internet-based cases." *Rubik's*, 2021 WL 825668, at *2; *see Curry v. Rev. Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020).

**Second**, both *Curry* and *Hemi* support JIANGYOU-US' position. The *Curry* court held that a defendant should not be "haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Curry*, 949 F.3d at 400.

The *Hemi* court explicitly held that "Hemi is subject to personal jurisdiction in Illinois, not merely because it operated several 'interactive' websites" but because it had sufficient minimum contacts with the state (sold 300 packs of cigarettes)." *Hemi*, 622 F.3d at 760.

**Third**, Plaintiffs failed to distinguish the facts in *Curry* and *Hemi* from the present case. In *Curry*, the defendant conceded that it had made sales to 767 customers through multiple interactive websites. *Curry*, 949 F.3d at 399. Similarly, in *Hemi*, the defendant sold 300 packs of cigarettes to an Illinois resident, which established minimum contact with the forum. *Hemi*, 622 F.3d at 755.

Here, JIANGYOU-US did not sell any Accused Product to Illinois, which is unchallenged by Plaintiffs. Plaintiffs failed to meet their burden to establish personal jurisdiction over JIANGYOU-US.

## II. Plaintiffs' attempt to establish personal jurisdiction through buying an unrelated product does not establish specific personal jurisdiction

Plaintiffs' attorney also tried to establish personal jurisdiction over JIANGYOU-US through buying an unrelated product after JIANGYOU-US was added as a defendant.

This is insufficient to establish personal jurisdiction.

**First**, "a single incident **<u>conjured up by the plaintiffs' attorney</u>** for the exclusive purpose of establishing personal jurisdiction over the defendants" is insufficient to establish specific jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) (citing *Russell v. SNFA*, 2013 IL 113909, ¶ 68, 987 N.E.2d 778, 793) ("specific jurisdiction should not be exercised based on a single sale in a forum, even when a manufacturer or producer "knows or reasonably should know that its

3

products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states."")); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 888 (2011) (Breyer, J., concurring in the judgment, joined by Alito, J., "none of our precedents finds that a single isolated sale, even if accompanied by the kind of sales effort indicated here, is sufficient. Rather, this Court's previous holdings suggest the contrary."). [Opp'n, Dkt. No. 412, pp. 2-3].

Here, Plaintiff's attorney made the purchase on August 15, 2021 [Dkt. No. 412-1, p. 35 of 40], only two days after JIANGYOU-US filed its Motion to Dismiss for lack of personal jurisdiction on August 13, 2021. It is obvious that this is a single incident "conjured up by Plaintiffs' counsel for the exclusive purpose of establishing personal jurisdiction over the defendants." Therefore, this "miniscule number" of transactions does not establish personal jurisdiction. *See be2 LLC v. Ivanov,* 642 F.3d 555, 559 (7th Cir. 2011).

***Second***, "specific jurisdiction must rest on *the litigation-specific conduct* of the defendant in the proposed forum state." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014), as corrected (May 12, 2014)

After being added as a defendant, JIANGYOU-US has ceased selling the Accused Product - ASIN No. B07PHFP8GB. The purchase made by Plaintiffs' attorney is of an Unrelated Product with ASIN No. B07C3C861F [Dkt. No. 412-1, p. 27 of 40]. The Unrelated Product B07C3C861F is not a new product. It has been on the market since April 10, 2018. [Dkt. No. 420-1, p.4].

The infringement allegation against JIANGYOU-US is based on the Accused Product - B07PHFP8GB. [Dkt. No. 227-3, p. 3 of 4]. The purchase of the Unrelated Product B07C3C861F is beyond the scope of the "litigation-specific conduct" for the purpose of specific personal jurisdiction analysis because the Unrelated Product B07C3C861F is not mentioned in Plaintiffs' Complaint, amended Complaints, Defendant Schedule A, or Amended Schedule A [Dkt. No. 227-3]. *See Kraft Chem. Co. v. Salicylates & Chemicals Priv. Ltd.*, 149 F. Supp. 3d 897, 903 (N.D. Ill. 2015).

JIANGYOU-US reserves its Rule 12(b) defenses should Plaintiffs choose to raise any claims against the Unrelated Product B07C3C861F or choose to add it in Schedule A.

Consequently, the purchase of this unrelated product should not affect the specific personal jurisdiction analysis.

Therefore, this single purchase of an unrelated product, conjured up by the plaintiffs' attorney, does not establish specific personal jurisdiction.

### III. Plaintiffs' allegation that JIANGYOU-US is connected with Gyroor-US must be rejected

Plaintiffs alleges that JIANGYOU-US is connected with Gyroor-US and therefore personal jurisdiction over JIANGYOU-US exists. [Opp'n, Dkt. No. 412, pp.2 & 7]. Without further support, Plaintiffs' counsel Author Yuan made empty allegation that "Jiangyou-US store is related to or affiliated with Gyroor-US" is unsupported by any evidence. [Dkt. No. 227-1, ¶6].

Here, JIANGYOU-US and Gyroor-US are two different entities formed in different cities. Stated on record, JIANGYOU-US is owned by Shenzhen Jiangyou jinchukou youxiangongsi (Shenzhen Jiangyou Imporitng/Exporting Co. Ltd) [Dkt. No. 363-1], and Gyroor-US is owned by Dongguan Saibotan Nengyuan Keji Co. Ltd. ("Dongguan Saibotan Energy Tech Co. Ltd.). Furthermore, Xie declares that "Gyroor-US is not affiliated, in active concert of participation with the sellers identified by Plaintiffs." [Decl. of Xie, Dkt. No. ¶7].

Author Yuan's allegation was unsupported by any evidence. The mere fact that JIANGYOU-US and Gyroor-US are represented by the same attorneys does not prove any "close relationship" alleged by Plaintiffs. [Opp'n, Dkt. No. 412, p. 8].

Therefore, Plaintiffs' empty allegation must be rejected.

### Conclusion

For the reasons discussed above, Defendant JIANGYOU-US respectfully requests that this Court dismiss Plaintiffs' complaint against it.

Date: 09/17/2021 /s/ Tianyu Ju

Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 17, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.


Date: 09/17/2021                                    /s/ Tianyu Ju
                                                    Tianyu Ju, Esq.
                                                    GLACIER LAW PLLC
                                                    200 E. Randolph Dr., Ste. 5100
                                                    Chicago, IL 60601
                                                    ***Attorney for Defendant***