UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al,<br><br>                          *Plaintiff*,<br>    v.<br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                          *Defendants*. | **CASE NO.** 1:20-cv-04806<br><br>**Judge: Honorable Thomas M. Durkin** |

**DEFENDANT GAODESHANG-US, FENGCHI-US AND GYROOR'S REPLY TO PLAINTIFFS' OPPOSITION TO RULE 12b(6) MOTION TO DISMISSPURSUANT**

**I.** Plaintiffs' complaint lacks specific factual analysis. **II.** Plaintiffs errored in arguing that the D'586 patent and D'297 patent are irrelevant facts. **III.** The noninfringement is obvious in this case.

## Arguments

**I.   Plaintiffs' complaint lacks specific factual analysis**

Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than <u>*labels and conclusions*</u>, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

Here, Plaintiffs provide no "factual enhancement" in the Amended Complaint [Dkt. No. 101] or Plaintiffs' Expert Declaration [Dkt. No. 106]. There is no infringement analysis conducted against the Accused Products [B08R23QQT8 & B08NT551P4] sold by the Defendants.

Consequently, Plaintiffs' labels and conclusions of infringement does not suffice the pleading standards required under *Iqbal* and *Twombly*.

## II. Plaintiffs errored in arguing that the D'586 patent and D'297 patent are irrelevant facts

### A. The Court has authority to consider the D'586 patent and D'297 patent

"In deciding a Rule 12(b)(6) motion … a court may also consider <u>public documents and reports of administrative bodies that are proper subjects for judicial notice</u>. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986); *520 South Michigan Ave. Associates, Ltd. v. Shannon*, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008); *Radaszewski ex rel Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir. 2004); *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

It is undisputed that the D'586 patent and D'297 patent issued by the USPTO are public records from an administrative body that is "generally known within the trial Court's territorial jurisdiction and can be accurately and readily determined." Fed. R. Evid. 201(b). Therefore, it is proper for this Court to consider the D'586 patent and D'297 patent in deciding the Rule 12(b)(6) motion.

### B. The D'586 patent and D'297 patent are relevant to the noninfringement analysis

"Fact of separate patentability is relevant, and is entitled to due weight." *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1191, 37 U.S.P.Q.2d 1685 (Fed. Cir. 1996), *see Thomas Indus., Inc. v. Gast Mfg., Inc.,* 2005 WL 1400391, at *14 (W.D. Wis. June 14, 2005), aff'd, 182 F. App'x 989 (Fed. Cir. 2006); *Gutterglove, Inc. v. Am. Die & Rollforming, Inc.*, 2018 WL 2356756, at *7 (E.D. Cal. May 24, 2018).

Therefore, although separate patentability does not eliminate the possibility of infringement, it is entitled to weight and are relevant to the noninfringement analysis.

## III. The noninfringement is obvious

### A. Claims for the D'586 patent and D'297 patent are represented by the illustrations

"The Supreme Court has recognized, a design is better represented by an illustration 'than it could be by any description and a description would probably not be intelligible without the illustration.'"

2

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (quoting *Dobson v. Dornan*, 118 U.S. 10, 14 (1886)); *accord* Manual of Patent Examining Procedure §1503.01 (9th ed. 2019).

"Given the recognized difficulties entailed in trying to describe a design in words, the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Id*.

Unlike *Liqui-Box Corp. v. Scholle IPN Corp.*, where the court declined to "construe" claims of a utility patent, claims for the design patent D'586 patent and D'297 patent are better represented by the illustrations, shown in Defendants' Rule 12(b)(6) motions. [Dkt. No. 364, 365, 366].

**B. The noninfringement is obvious in the present case**

The ornamental features of the Accused Products are substantially dissimilar from the Patents-in-Suit, which significantly impact the overall visual impression of the ordinary observer.

Here, the size, shape of the lights, size and shape of the wheel covers, and the patterns of the foot pads would significantly impact the ordinary observer's visual perception of the overall designs.

Furthermore, many of the overall concepts of the design were in the prior art, and the accused product had noticeably different designs on the various components of the hoverboards.

As a result, an ordinary observer would not believe the accused design to be the same as the patented design.

## Conclusion

For the reasons discussed above, Defendant GAODESHANG-US, FENGCHI-US AND GYROOR respectfully request that this Court dismiss Plaintiffs' complaint against them.

Date: 09/17/2021

/s/ Tianyu Ju
Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 17, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

| | |
|---|---|
| Date: 09/17/2021 | /s/ Tianyu Ju |
| | Tianyu Ju, Esq. |
| | GLACIER LAW PLLC |
| | 200 E. Randolph Dr., Ste. 5100 |
| | Chicago, IL 60601 |
| | ***Attorney for Defendant*** |