**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HANGZHOU CHIC INTELLIGENT
TECHNOLOGY CO.; and UNICORN
GLOBAL, INC.,

                Plaintiffs,

      v.

GYROOR-US,

                Defendant.

No. 20 C 4806

Judge Thomas M. Durkin

**ORDER**

Plaintiffs move to dismiss or strike Defendant Gyroor-US's affirmative defenses and counterclaims. R. 332. The motion to dismiss the counterclaims is granted, while the motion to strike the affirmative defenses is denied in part and granted in part.

## I.    Counterclaim I

Defendant's first counterclaim alleges noninfringement because Defendant's products are based on a patent for which Defendant has a license. *See* R. 309 at 8-10 (¶¶ 6-17). The problem with this claim is that the "existence of one's own patent does not constitute a defense to infringement of someone else's patent." *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) (quoting *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991)); *see also Lexion Med., LLC v. Northgate Techs., Inc.*, 618 F. Supp. 2d 896, 901

(N.D. Ill. 2009), *aff'd*, 641 F.3d 1352 (Fed. Cir. 2011). Defendants cites no authority supporting its counterclaim. Thus, Counterclaim I is dismissed.[1]

Defendant also filed a summary judgment motion based on this argument. R. 334. That motion is denied for the same reason that the counterclaim is dismissed.

## II.     Counterclaims II & X[2]

Defendant has withdrawn Counterclaim II for patent invalidity. Defendant also failed to respond to Plaintiffs' argument that Counterclaim X for malicious prosecution should be dismissed. Furthermore, Defendant's answer included no allegation that could support a malicious prosecution claim. Therefore, Counterclaims II and X are dismissed.

## III.    Counterclaim III

Defendant's third counterclaim is for violation of the Sherman Antitrust Act. Defendant argues that "Plaintiffs' patents-in-suit are unenforceable for inequitable conduct," because "no reasonable litigant could realistically expect success on the merits." R. 369 at 3. Defendant appears to base this argument on the contention that Defendant is licensed under a different patent.

As discussed, rights in one patent are irrelevant to determining whether another patent has been infringed. *See Bio-Tech.*, 80 F.3d at 1559. Defendant's

---

[1] This does not preclude Defendant from arguing that Plaintiffs' patents are invalid in a more conventional manner that does not rely on Defendant's licenses.

[2] Counterclaim X is actually Defendant's fourth counterclaim, but the Court will refer to is as captioned.

allegations and arguments otherwise fail to address the elements of a Sherman Act claim. Therefore, it is dismissed.

## IV. Affirmative Defenses

Plaintiffs also ask the Court to strike Defendant's twelve affirmative defenses. Federal Rule of Civil Procedure 12(f) provides that the Court "*may* strike an insufficient defense." (emphasis added). This Court has found that the *Twombly/Iqbal* plausibility standard does not apply to affirmative defenses. *See Silberman v. Stewart*, 2021 WL 1057719, at *1 (N.D. Ill. Mar. 18, 2021); *see also RBG Plastic, LLC v. Webstaurant Store*, 2020 WL 7027601, at *4 (N.D. Ill. Nov. 30, 2020) ("[A] close comparison of Civil Rule 8's textual treatment of claims versus affirmative defenses dictates that affirmative defenses are subject to a *lower* pleading standard than claims."). And motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Unlike a counterclaim carrying potential liability for the plaintiff, affirmative defenses are generally only relevant to pretrial proceedings with respect to the scope of discovery or summary judgment. A motion to limit the scope of discovery must be brought pursuant to Federal Rule of Civil Procedure 26 and a motion for summary judgment must be brought pursuant to Federal Rule of Civil Procedure 56. The Court finds it more efficient to wait until one of those motions is before it to address affirmative defenses one through six.

By contrast, affirmative defenses seven through twelve are based on Plaintiffs'
alleged "fail[ure] to comply with the duty of candor required by the [U.S. Patent and
Trademark Office]." R. 309 at 5 (¶7). Plaintiffs argue that the Court should hold these
defenses to the heightened pleading standard applicable to fraud claims required by
Federal Rule of Civil Procedure 9(b). But regardless of whether Rule 9(b) applies, an
allegation that Plaintiffs made misrepresentations to the PTO must at least be
plausible. If not, the Court will not permit it to be part of the case. Defendant makes
no allegations or arguments to support what are otherwise conclusory allegations of
misrepresentations. Thus, affirmative defenses seven through twelve are stricken.

## Conclusion

Therefore, Plaintiffs' motion to dismiss and strike [332] is granted in part and
denied in part. The motion is granted in that Defendant's counterclaims are
dismissed, and affirmative defenses seven through twelve are stricken. The motion is
denied in that affirmative defenses one through six remain. Additionally, Defendant's
motion for summary judgment [334] is denied.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: October 6, 2021

4