UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HANGZHOU CHIC INTELLIGENT
TECHNOLOGY CO.; and UNICORN
GLOBAL, INC.,

    Plaintiffs,

  v.

GYROOR-US; GYROOR; URBANMAX;
FENGCHI-US; HGSM STOREFRONT;
GAODESHANG-US; JIANGYOU-US; and
GYROSHOES,

    Defendants.

No. 20 C 4806

Judge Thomas M. Durkin

ORDER

Plaintiffs have filed a motion for an order to show cause why the eight Gyroor-associated defendants should not be held in contempt for violation of the preliminary injunction order. R. 326. Plaintiffs first allege that the Gyroor defendants have evaded the preliminary injunction by contining to sell the enjoined products through a continuing succession of "pop-up" Gyroor-associated Amazon storefronts that are not expressly listed in the preliminary injunction. Plaintiffs also allege that the Gyroor defendants have removed money from their Amazon accounts that were frozen by the preliminary injunction order.

I.    Product Sales

    A.    Defendants Other Than Gyroor-US

Seven of the Gyroor defendants (all but Gyroor-US) do not dispute that they are associated with the new Amazon storefronts Plaintiffs have identified. They

argue, however, that they should not be held in contempt because: (1) they did not receive proper notice of the preliminary injunction order; and (2) the products they sell are "different" from those subject to the preliminary injunction because they have been assigned different Amazon Standard Identification Numbers ("ASINs") or are based on different patents.

The Court has already rejected the first argument about insufficient notice several times in this case. *See* R. 284; R. 359; R. 399; *see also* R. 199. That argument cannot serve to excuse the alleged conduct at issue here.

The second argument about different ASINs also fails because Plaintiffs have submitted a declaration explaining how the products with different ASINs are connected to the products covered by the preliminary injunction. *See* R. 328 ("Yuan Declaration"). The preliminary injunction was entered in part on the basis of an expert declaration stating that Defendants' products likely infringe Plaintiffs' patents. That expert declaration addressed products with certain ASINs. Plaintiffs have shown through the analysis in the Yuan Declaration that the products at issue on this motion are the same products addressed by the expert declaration supporting the preliminary injunction. Defendants have failed to rebut the analysis in the Yuan Declaration.

Defendants' argument about the products at issue being based on different patents goes to the merits of the case. In another order issued today, *see* R. 443, the Court dismissed Gyroor-US's affirmative defense of noninfringement based on a patent for which Gyroor-US is a licensee and denied Gyroor-US's motion for summary

2

judgment based on the same argument. But even if Defendants are able to eventually demonstrate that they do not infringe Plaintiffs' patents or that Plaintiffs' patents are invalid, these are merits questions that will be answered later in the proceedings. Until then, if Defendants concede that the products at issue fall into the description of the preliminary injunction order, which it seems that they do since they have not submitted any argument or evidence to the contrary, then Defendants must not sell those products while the injunction is in place.

Therefore, because the seven Gyroor defendants do not dispute that they are affiliated with the store fronts addressed by Plaintiffs' motion, and because they have failed to show that the products are different from those covered by the preliminary injunction, the seven Gyroor defendants are held in contempt for violating of the preliminary injunction.

### B. Gyroor-US

Unlike the seven other defendants, Gyroor-US argues through a declaration submitted by its owner that it "has no control over the [Amazon storefronts Plaintiffs have identified], and it is not affiliated, in active concert of [sic] participation with the sellers identified by Plaintiffs." *See* R. 370-1. This declaration, however, does not dispute that Gyroor-US is affiliated with the seven other defendants who themselves do not dispute that they are affiliated with the Amazon store fronts at issue on this motion. The Court infers from this omission alone that Gyroor-US is affiliated with the new Amazon store fronts.

Moreover, Gyroor-US's owner's declaration is conclusory and not supported by any additional evidence. Gyroor-US should be in possession of evidence that can support its owner's statements. Gyroor-US should have records of product sales and its affiliated e-commerce storefronts that could help determine whether Gyroor-US is responsible for the sales that have occurred during the period of the preliminary injunction.

The evidence submitted by Plaintiffs demonstrates by a preponderance standard that Gyroor-US is responsible for the continued infringing sales. When confronted by this evidence, instead of marshaling relevant opposing evidence that should be within its control, Gyroor-US simply filed a conclusory declaration by its owner. The Court presumes that this failure is either because Gyroor-US does not take this case seriously, or because the evidence would show that Gyroor-US is responsible for the infringing sales as Plaintiffs allege. Either way, Gyroor-US's conduct is contemptuous for violating the preliminary injunction.

## II. Account Funds

The seven defendants other than Gyroor-US did not respond to the evidence Plaintiffs submitted showing decreases in their Amazon account balances. Gyroor-US responded with a declaration from its owner stating that the funds "were deducted by Amazon.com to pay warehouse storage costs and refund for returned profits." R. 370 at 5.

In both cases—the seven defendants' failure to respond and Gyroor-US's conclusory response—Defendants have failed to submit evidence explaining the

4

decreases in their Amazon account balances. The Court assumes that Amazon issues statements to its account holders explaining any deductions. Defendants should submit these statements in a filing for the Court to examine.

## Conclusion

Therefore, Plaintiffs' motion for an order to show cause [326] is granted. Gyroor-US and the seven other defendants are ordered to submit by October 21, 2021 an accounting of all infringing product sales that have occurred since entry of the preliminary injunction on November 24, 2020. At a minimum, the Court expects the accounting to show the sales identified in Plaintiffs' motion. Upon review of the accounting, the Court will order Gyroor-US and the seven other defendants to escrow all revenues from these sales with the Clerk of Court. Failure to submit this accounting will result in a sanction of $1,000 per day for which the eight defendants will be jointly and severally liable.

Gyroor-US and the seven other defendants are also ordered to submit to the Court by October 21, 2021 statements of their Amazon accounts showing the reasons for the deductions Plaintiffs have identified. Failure to submit these statements will result in an order that the eight defendants pay Plaintiffs the $179,378.08 that has been deducted from the accounts, an amount for which the eight defendants will be jointly and severally liable.

Lastly, Defendants must pay Plaintiffs reasonable attorney's fees and costs associated with this motion.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 6, 2021