UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

ABC Corporation I, et al.

                                                Plaintiff,

v.                                                   Case No.: 1:20−cv−04806

                                                     Honorable Thomas M. Durkin

The Partnership and Unincorporated Associations
Identified on Schedule "A", et al.

                                               Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, October 6, 2021:

      MINUTE entry before the Honorable Thomas M. Durkin: Defendants Urbanmax and Fengchi−US filed a motion for clarification of the preliminary injunction order on June 18, 2021 [297]. They contended that they had not received notice of the preliminary injunction and so were denied the opportunity to present evidence in opposition. The Court denied the motion for clarification, but ordered Plaintiffs to file a "new" preliminary injunction motion in order to provide Urbanmax and Fengchi−US the opportunity to respond with evidence [359]. Plaintiffs filed their new motion on August 24, 2021 [384]. Urbanmax and Fengchi−US, along with defendants HGSM and Gyroshoes, filed responses on September 3, 2021 [413] [414]. Plaintiffs filed a reply on September 24, 2021 [428]. The arguments of the Urbanmax and Fengchi defendants mirror those made by defendant Gyroor−US on a similar motion to dissolve the preliminary injunction that the Court denied on August 24, 2021 [380]. They cite other patents as prior art that would serve to enable an "ordinary observer" to distinguish Defendants' products from Plaintiffs' products. Like Gyroor−US, the Urbanmax and Fengchi defendants submitted expert reports supporting their arguments. Indeed, the reports are by the same two experts retained by Gyroor−US: Lance Rake and Jim Gandy. As with the motion by Gyroor−US, the Court finds that "resolving this expert dispute will likely require a trial." R. [399] at 3. Defendants' evidence is not so compelling that it serves to overcome the Court's finding that Plaintiffs have demonstrated a likelihood of success on the merits. This is especially true when weighed against Plaintiffs' showing of irreparable harm, which Defendants do not challenge. Plaintiffs "continue to demonstrate irreparable harm for the same reasons that supported the original preliminary injunction: the loss of customer goodwill, reputational harm, and plaintiffs' ability to exploit the patents−in−suit." Id. at 3−4. Therefore, Plaintiffs' renewed motion for a preliminary injunction [384] is granted. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.