### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I, ) <br> ABC CORPORATION II, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PARTNERSHIPS AND ) <br> UNINCORPORATED ASSOCIATIONS ) <br> IDENTIFIED ON SCHEDULE A, ) <br> et al., ) <br> ) <br> Defendants. ) | Case No. 20-cv-4806 <br><br> Judge Thomas M. Durkin <br> Magistrate Judge Jeffrey Cole |

### PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiffs Hangzhou Chic Intelligent Technology Co. ("Chic") and Unicorn Global Inc. ("Unicorn") (collectively, "Plaintiffs") Motion of Entry of a Preliminary Injunction, and this Court having heard the arguments, weighed the evidence, and provided each party a full and fair opportunity to be heard hereby GRANTS Plaintiffs' Motion for Entry of a Preliminary Injunction in its entirety against Gyroor (including the stores gyroorboard.com, and gyroor.com), Jiangyou-US,[1] Gyroshoes, Fengchi-US, HGSM, Gaodeshang-US, and Urbanmax ("Gyroor Defendants")[2], each of which operate e-commerce stores under one or more seller aliases identified in the attached amended Exhibit A (Dkt. 447).

---

[1] This order will be modified accordingly if the Court should grant Jiangyou-US's pending motion to dismiss for personal jurisdiction, R. 363. The Court notes that Jiangyou-US, Amazon Merchant ID A2WDDE8MIQH0TE is already enjoined by the preliminary injunction entered November 24, 2020, R. 113, R. 101-14 ("Schedule A"), albeit with reference to a different Amazon Standard Identification Number.

[2] Although one Gyroor Defendant—Gyroor-US—did not participate in these most recent preliminary injunction proceedings, Gyroor-US is currently bound by the preliminary injunction entered on November 24, 2020, and amended on December 23, 2020. *See* Dkts. 113, 147.

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Gyroor Defendants since the Gyroor Defendants directly target their business activities toward consumers in the United States, including Illinois. Venue is also appropriate under 28 U.S.C. § 1391(c). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, provide confirmation emails identifying the consumers' addresses, including Illinois addresses, and have sold products that directly and/or indirectly infringe on Plaintiffs' United States design patents ("Patents-in-Suit") as shown in the chart below to residents of Illinois.

The following table illustrates the figures in the D737,723 patent ("the 'D723 patent").

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| | <br>FIG.1<br>FIG.2<br>FIG.3 | |

2

| Patent Number | Claim | Issue Date |
|---|---|---|
| D737,723 | <br>FIG.4<br><br>FIG.5<br><br>FIG.6<br><br>FIG.7 | September 1, 2015 |

3

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| | <br>FIG.8 | |

The following table illustrates the figures in the D738,256 ("the 'D256 patent").

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| | <br>FIG.1<br><br>FIG.2<br><br>FIG.3 | |

4

| Patent Number | Claim | Issue Date |
|---|---|---|
| D738,256 | <br>FIG.4<br>FIG.5<br>FIG.6<br>FIG.7 | September 8, 2015 |

| Patent Number | Claim | Issue Date |
|---|---|---|
| D738,256 | <br>FIG.8 | September 8, 2015 |

The following table illustrates the figures in the D785,112 ("the 'D112 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D785,112 | <br>FIG.1<br>FIG.2<br>FIG.3 | April 25, 2017 |

| Patent Number | Claim | Issue Date |
|---|---|---|
| |  FIG.4 / FIG.5 / FIG.6 | |

The following table illustrates the figures in the D784,195 ("the 'D195 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D784,195 | FIG.1 | April 18, 2017 |

| Patent Number | Claim | Issue Date |
|---|---|---|
|  FIG.2 / FIG.3 / FIG.4 / FIG.5 / FIG.6 | | |

THIS COURT FURTHER FINDS that issuing this Preliminary Injunction is warranted under Federal of Civil Procedure 65. Argument and evidence submitted in support of this Motion (Dkts. 384–388) and in support of Plaintiffs' previously granted Motion for Entry of a Preliminary Injunction (Dkts. 105–07) establish that Plaintiffs have demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiffs have suffered and will to suffer irreparable harm if the injunction is not granted. Specifically, Plaintiffs have proved a *prima facie* case of design patent infringement because (1) Plaintiffs are the lawful assignee of all rights, title and interest in and to the Patents-in-Suit, (2) Gyroor Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that directly and/or indirectly infringe the Patents-in-Suit, and (3) an ordinary observer would be deceived into thinking the products sold by the Gyroor Defendants are the same as the products manufactured and sold by Plaintiffs that utilize the Patents-in-Suit ("Plaintiffs' Products"). Furthermore, the Gyroor Defendants' continued and unauthorized use of the Patents-in-Suit irreparably harms Plaintiffs through loss of customer goodwill, reputational harm, and Plaintiffs' ability to exploit the Patents-in-Suit. Monetary damages fail to address such damage and, therefore, Plaintiffs have no adequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. The Gyroor Defendants and their officers, agents, servants, employees, attorneys, and all persons who are in active concert or participation[3] with any of them who receive actual notice of this Order, be preliminarily enjoined and restrained from:

---

[3] Plaintiffs have identified a number of Gyroor-associated Amazon storefronts that become active for short periods of time before shutting down temporarily, seemingly for the purposes of evading

    a.  offering for sale, selling, and importing any products not authorized by Plaintiffs and that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit on any online website, social media pages, social media links, or online stores;

    b.  aiding, abetting, contributing to, or otherwise assisting anyone, in infringing upon the Patents-in-Suit (this provision prohibits, *inter alia*, creating new or reactivating Amazon Standard Identification Numbers (ASIN) on Amazon.com directed to products that infringe the Patents-in-Suit or that are reproductions of, copies of, or colorably similar to the Patents-in-Suit); and

    c.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

  2.  The Gyroor Defendants shall be restrained and enjoined from transferring or disposing of any money or other assets until further ordered by this court, provided that the amount of assets restrained or enjoined shall not exceed three times the amount of that Gyroor Defendant's sales—from September 1, 2015 to the present—of two-wheeled hoverboards and their accessories. Third Party Payment Providers and Third Party Providers shall prevent any such transfers or dispositions of assets within their custody or control.

  3.  Upon Plaintiffs' request, those providing services to the Gyroor Defendants and/or Exhibit A Storefronts[4] shall within five (5) days after receipt of such request:

---

intellectual property enforcement. *See* Dkt. 328. This Order applies to such "pop-up" storefronts, due to their acting in active concert of participation with the Gyroor Defendants. *See* Dkt. 444 (order holding Gyroor Defendants in contempt based, in part, on such a finding). As such, those acting in active concert or participation with the Gyroor Defendants includes but is not limited to the entities listed in Exhibit A to this Order ("Exhibit A Storefronts").

[4] Certain entities—including but not limited to PayPal, Inc. ("PayPal"), Amazon Pay, eBay, Google Pay, and AliExpress.com—provide payment processing services. These are the "Third

      a.      disable and cease providing services being used by the Gyroor Defendants and/or Exhibit A Storefronts, currently or in the future, to engage in the sale of goods that infringe the Patents-in-Suit;

      b.      disable and cease displaying any advertisements or listings used by or associated with the Gyroor Defendants and/or Exhibit A Storefronts in connection with the sale of infringing goods using the Patents-in-Suit;

      c.      take all steps necessary to prevent links to the Exhibit A Storefronts from displaying in search results, including, but not limited to, removing links to such storefronts from any search index;

      d.      as for Amazon.com, disabling, ceasing, and removing all of the ASINs that are identified on Exhibit B;

      e.      as for Amazon.com, after confirming with an Amazon.com representative, disabling, ceasing, and removing all ASINs that are related or affiliated with or a variant of those identified on Exhibit B; and

      f.      as for Amazon.com, taking all steps necessary to prevent any new product identifier (including ASINs) of infringing hoverboard products from being offered for sale by the Gyroor Defendants and/or Exhibit A storefronts and from displaying in search results, including, but not limited to, on the pages of such storefronts and from any search index.

---

Party Payment Providers." Other entities providing any type of services to or in connection with the Gyroor Defendants and/or Exhibit A Storefronts shall be referred to as "Third Party Providers." These include but are not limited to any online marketplace platforms (such as eBay, Amazon.com, and Walmart), web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third-party processors and other payment processing service providers, and Internet search engines such as Google, Bing, Facebook.com, and Yahoo. For the avoidance of doubt, Amazon.com is a Third Party Provider and this Paragraph 3 therefore applies to Amazon.com.

4. For Gyroor.com and Gyroorboard.com, within three (3) days of this Order:

a. disabling, ceasing, and removing all of the infringing products that are identified on Exhibit C;

b. taking all steps necessary to prevent any new infringing hoverboard products from being offered for sale or sold on Gyroor.com and Gyroorboard.com; and

c. disabling and ceasing displaying any advertisements or listings used by or associated with the infringing products identified on Exhibit C.

5. Upon Plaintiffs' request, the Third Party Payment Providers and Third Party Providers shall within thirty (30) days of such request, provide to Plaintiffs copies of all documents and records in such entity's possession or control relating to:

a. the aliases, merchant tokens, identities, seller IDs, and locations of each of the Exhibit A Storefronts, their agents, servants, employees, confederates, attorneys, and any persons suspected to be acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of each of the Exhibit A Storefronts' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Exhibit A Storefronts' financial accounts;

c. a full accounting of each of the Exhibit A Storefronts' sales and listing histories;

d. any financial accounts owned or controlled by any of the Gyroor Defendants and/or Exhibit A Storefronts, their agents, servants, employees, confederates, attorneys, and any persons suspected to be acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors

12

or other financial institutions including, without limitation, PayPal, Amazon Pay, Google Pay, eBay and other merchant account providers, payment providers, third party processors, and credit card association (*e.g.,* MasterCard, VISA);

      e.    any other online marketplace accounts registered by any of the Gyroor Defendants and/or Exhibit A Storefronts;

      f.    any inventory information or "fulfilled by Amazon" arrangements, associated with any of the Gyroor Defendants and/or Exhibit A Storefronts; and

      g.    any product identifier (*e.g.*, ASIN) associated with any products sold or offered for sale by any of the Exhibit A Storefronts.

      6.    Plaintiffs have already deposited with the Court two hundred fifty thousand dollars ($250,000) (Dkt. 360) as security in conjunction with a preliminary injunction in this matter that remains operative (Dkts. 113, 147).

DATED: October 13, 2021

                                                                 */s/ Thomas M. Durkin*

                                                                 Thomas M. Durkin
                                                                 United States District Judge

Exhibit A[5]

| No. | Amazon Merchant Name | Amazon Merchant ID |
|---|---|---|
| 1 | xiangxiang-us | A35GA6R9D0UV0D |
| 2 | yaohuisheng-us | A17P73Q4CL7ADK |
| 3 | shanchun-us | A2NUD2WSEZ9ZT |
| 4 | baiboyuan-us | A3OBV1BHJSJBH1 |
| 5 | guangzhourunzhoumaoyiyouxiangongsi | AMPT122SDFWCA |
| 6 | kangjuxin-us | A3FGA3GPJLAIIE |
| 7 | zhonghongxin-us | A25PYSLZ5XW50W |
| 8 | honghaiya-us | AIFII05V4L3I3 |
| 9 | junwei-us | A19J9XVUEEK8QR |
| 10 | yuwei-us | A4MTNVPTGXZZH |
| 11 | yutongcheng-us | A1JCDB3MNAG9AX |
| 12 | yanjin-us | A17JZOCRNF1QD9 |
| 13 | minghuangsheng-us | A1042U6O0WK9FR |
| 14 | guirong-us | A3C03X9QJLWAJO |
| 15 | guanjiacheng-us | A1BKW1NUP4TNYD |
| 16 | zhipeng-us | A14K5GI4JEB6O5 |
| 17 | rongjiamaoyi | A2DA8CSKTCC66B |
| 18 | JIANGYOU-US | A2WDDE8MIQH0TE |
| 19 | GYROOR US | A57BIIPQ5F3FT |
| 20 | Urbanmax | A2YJ4WYC01L51J |
| 21 | Gyroor, also operating standalone websites as Gyroor.com and gyroorboard.com. | AHGEGWXX7DCPQ |
| 22 | Gyroshoes | A2ARNHQ8SVCIBQ |
| 23 | Fengchi-US | A11ZZ2BGHTDJWC |
| 24 | HGSM | A18SI7S9NCFNDA |
| 25 | Gaodeshang-US | AYN60ZNVZ6M1Q |

---

[5] This is a list of identified Amazon storefronts that sell the Accused Products under the Gyroor brand. This includes those directly identified with the named defendants in this litigation and pop-up stores that appear to be acting in active concert and participation with the named defendants.

Exhibit B[6]

|  | ASINs |
|---|---|
| 1 | B07PHFP8GB |
| 2 | B07C3C861F |
| 3 | B07GFK49QR |
| 4 | B07GFKZLD3 |
| 5 | B07PG8VYBK |
| 6 | B08B4R7RTP |
| 7 | B08R23QQT8 |
| 8 | B0779826VN |
| 9 | B07S4KXRQR |
| 10 | B08RYMXRWM |
| 11 | B08NT551P4 |
| 12 | B08NSYZMHY |
| 13 | B08VXGN6TR |
| 14 | B08JFT7228 |
| 15 | B08NDZ5HMV |
| 16 | B08NSHNKTN |
| 17 | B08B3CDSJ8 |
| 18 | B08G87H165 |
| 19 | B08B3LBGFH |
| 20 | B08B38H3QG |
| 21 | B07TWZZY9C |
| 22 | B08CS7VD1F |
| 23 | B08CS6WQR8 |
| 24 | B083DVR9BK |
| 25 | B08K3GKV4N |

---

[6] This is a list of ASINs that are of have been associated with Accused Products offered for sale by the storefronts in Exhibit A.

Exhibit C

| Product | Current URI |
|---|---|
| Gyroorboard.com infringing hoverboard products | |
| Gyroor T580 series and variants | https://gyroorboard.com/collections/gyroor-t580-hoverboard |
| Gyroor T581 series and variants | https://gyroorboard.com/collections/t581-off-road-all-terrain-hoverboard |
| Gyroor G5 series and variants | https://gyroorboard.com/collections/gyroor-g5-hoverboard |
| Gyroor G11 series and variants | https://gyroorboard.com/collections/gyroor-g11-hoverboard |
| Gyroor.com infringing hoverboard products | |
| Gyroor 6.5 inch hoverboards | https://gyroor.com/collections/6-5inch-hoverboard |