IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I and ABC CORPORATION II., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE PARTNERSHIPS AND )<br>UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED ON SCHEDULE A, )<br>)<br>Defendants. )<br>)<br>) | Case No. 20-cv-4806<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' SUPPLEMENTAL BRIEF
REGARDING PERSONAL JURISDICTION**

*Matlin v. Spin Master Corp.*, 921 F.3d 701 (7th Cir. 2019) does not control because: (1) *Matlin* does not address Fed. R. Civ. P. 4(k)(2), which governs personal jurisdiction over a foreign defendant like Jiangyou-US; (2) *Matlin* did not address federal causes of action based on "offers to sell," which is an act of patent infringement alleged here; and (3) Federal Circuit authority permits considering the jurisdictional contacts of the moving defendant's alter egos.

**I.   Rule 4(k)(2) Governs Personal Jurisdiction Here**

The parties initially briefed the wrong applicable law.  Jiangyou-US's opening brief never cited Federal Circuit authority.  Dkt. 363.  As such, although Plaintiffs cited some Federal Circuit authority, we focused primarily on cases interpreting the Illinois Long Arm Statute.  Dkt. 412.  But those briefs may point the Court in the wrong direction, because Federal Circuit law applies to personal jurisdiction in patent infringement cases.  *See Coolsavings.com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp. 2d 1000, 1002 (N.D. Ill. 1999)*, citing 3D Sys., Inc. v. Aarotech*

*Labs., Inc.*, 160 F.3d 1373, 1377–78 (Fed. Cir. 1998).[1] The parties also did not address Rule 4(k)(2), which is the essential rule controlling whether this Court may exercise personal jurisdiction over a foreign defendant. *See Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1310–12 (Fed. Cir. 2019) (asserting personal jurisdiction over foreign defendants under Rule 4(k)(2) in a patent action).

The Federal Circuit has interpreted Rule 4(k)(2) as a "federal long-arm statute," extending personal jurisdiction when the contacts with the forum state would not otherwise warrant it. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009). Rule 4(k)(2) personal jurisdiction is proper where "(1) the plaintiff's claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction comports with due process." *Id.* at 1293–94. For the third element, courts consider the defendant's contacts with the entire United States in aggregate, not any one state. *See Genetic Veterinary*, 933 F.3d at 1309.

Here, the asserted § 271 patent infringement claims plainly satisfy the first element. *See Synthes*, 563 F.3d at 1294. As to the second element, Jiangyou-US has identified no state where it can be sued. *See* Dkt. 412, pp. 7–8; *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012) ("[I]f the defendant contends that he cannot be sued in the forum state and refuses to

---

[1] As Plaintiffs stated, although state court and regional circuit cases guide interpretation of the state long-arm statute, the Federal Circuit governs the overall question of personal jurisdiction. *See PetEdge, Inc. v. Fortress Secure Sols., LLC*, 144 F. Supp. 3d 249, 252–53 (D. Mass. 2015), citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010) and *Graphic Controls Corp. v. Utah Med. Prods.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998). The Illinois Long Arm Statute extends jurisdiction to the maximum reach allowed by the federal and state constitutions, and no court has identified material differences between the Illinois and federal constitutions on this issue. *Matlin*, 921 F.3d at 705. Therefore, the inquiry here is what scope of jurisdiction does the federal constitution permit, which is controlled by the Federal Circuit.

identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2).")". To the contrary, Jiangyou-US purportedly resides in China. Dkt. 363-1, ¶ 4–5. As to the third element, this Court has access to Jiangyou-US's sales in the U.S. of the T581 Hoverboard, which is one of the Accused Products here. *See* Dkt. 466, p. 2. Plus, as an Amazon.com seller, Jiangyou-US has expressly targeted U.S. consumers. *See* 20-cv-7082, Dkt. 50, pp. 5–6 (amicus brief discussing process for registering an Amazon store). Accordingly, given that Jiangyou-US has sufficient contacts with the U.S., personal jurisdiction under Rule 4(k)(2) is appropriate here.

## II. The *Matlin* Cause of Action Materially Differs from the Cause of Action Here

In addition to not addressing Rule 4(k)(2), *Matlin* did not address a cause of action based on offering an infringing product for sale, which Plaintiffs have sufficiently pleaded in their complaint. *See* 35 U.S.C. § 271; Dkt. 101, ¶¶ 42, 46, 50, 54. *Matlin* was a dispute regarding the payment of royalties. *See* 921 F.3d at 707 ("The defendants' alleged objectionable conduct in this case—failing to pay Matlin and Waring royalties on the products—has little to do with Illinois."). Thus, the cause of action only arose "upon [the] sale of the products." *Id.* at 703.

Here, by contrast, by offering the infringing products for sale in Illinois (an undisputed fact), Jiangyou-US violated federal patent law in Illinois regardless of whether Plaintiffs or any other consumer ever purchased an infringing product. *See PetEdge, Inc. v. Fortress Secure Sols., LLC*, 144 F. Supp. 3d 249, 257 (D. Mass. 2015) ("Federal Circuit law remains unclear whether an alleged infringer even needs to sell a product in the forum to confer jurisdiction; mere offers for sale may be sufficient"). In *PetEdge*—in which the plaintiff's employees had purchased the products on which the plaintiff based personal jurisdiction—the court distinguished "manipulative purchase" cases by noting that defendants who sell on Amazon "place their products into the national stream of commerce through online retailers." 144 F. Supp. 3d at 256. And the defendant in that case did not refuse to fulfill orders from Massachusetts residents or

3

"otherwise attempt to avoid doing business in the state." *Id.* at 257. The same is true here: Jiangyou-US availed itself of a website that directed offers to Illinois residents, and Plaintiffs' purchase proves that Jiangyou-US did not refuse to do business with Illinois residents.

### III. Jiangyou-US's Contacts Materially Differ from Those of the *Matlin* Defendant

Jiangyou-US is clearly an alter ego of the other Gyroor Defendants. *See* Dkt. 444, p. 3 (holding Defendants in contempt and noting that Defendants' evidence "does not dispute that Gyroor-US is affiliated with the seven other defendants"). The *Matlin* statement which the Court quoted is part of the discussion of "traditional notions of fair play and substantial justice." 921 F.3d at 707. The Federal Circuit's analysis includes a similar prong: "whether [the] assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). The alter egos' Illinois contacts render jurisdiction reasonable and fair here. *See id.* at 1232–33; Dkt. 412, pp. 7–8.

Plaintiffs now submit even more evidence demonstrating that Jiangyou-US is nothing more than an alter ego of the Gyroor Defendants. *See* Declaration of Arthur Yuan ("Yuan Decl."). Notably, the named defendant "Gyroor" owns the trademark "Jiangyou" in China. Yuan Decl., ¶ 13. And the principals of the named defendant "Gyroor" even own the company named "Jiangyou" in China. *Id.*, ¶¶ 17–18.[2] The totality of evidence proves that Jiangyou-US is so closely associated with the other defendants in this matter as to render it virtually the same. Because personal jurisdiction over those defendants is undisputed, exercising personal jurisdiction over Jiangyou-US based on its alter egos' contacts is appropriate.

---

[2] Jiangyou-US's discovery responses have been sparse, preventing Plaintiffs from corroborating or refuting its jurisdictional declaration or discovering more about the intertwined relationships.

## CONCLUSION

*Matlin* is distinguishable because it did not address the law and facts that control here. Instead, Rule 4(k)(2) and Federal Circuit authority controls. Plaintiffs have established more than a *prima facie* showing for why personal jurisdiction is proper over China-based Amazon seller Jiangyou-US. That noted, the contemptuous conduct to date raises concerns that dismissing Jiangyou-US will provide another outlet for the remaining defendants to engage in unchecked infringement and asset transfer. Therefore, Plaintiffs request that, if the Court dismisses Jiangyou-US from this action, it expressly notes that the remaining defendants may be held in contempt for Jiangyou-US's conduct in violation of the preliminary injunction, as Jiangyou-US would be acting in active concert or participation with them.

Date: October 29, 2021

Respectfully Submitted,

LOEB & LOEB LLP

By: /s/ Neil G. Nandi
Adam Kelly
Arthur Yuan
Neil Nandi
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Tel.: (312) 464-3100
Fax: (312) 464-3111
Email: akelly@loeb.com
Email: ayuan@loeb.com
Email: nnandi@loeb.com

Marwa Abdelaziz (admitted pro hac vice)
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
Fax: (212) 407-4990
Email: mabdelaziz@loeb.com

*Attorneys for Plaintiffs*