IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABC CORPORATION I and<br>ABC CORPORATION II,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 20-cv-4806<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' STATEMENT REGARDING
DEFENDANTS' STATEMENTS OF SALES**

    Plaintiffs submit this brief statement to provide context to Defendants' sales and accounting statements and briefing. (*See* Dkt. 466–67 & 473–74.)

Timeframe of Contemptuous Conduct

    There is no merit to Defendants' contention that they can only be in contempt for violations of the preliminary injunction that occurred after they were named in the case. Instead, the law requires that entities with notice be held in contempt for violating a preliminary injunction, even if never named as a party. All Defendants had actual notice of the preliminary injunction no later than February 16, 2021 (and likely months earlier, when Gyroor-US became aware). February 16 was when counsel who had already appeared in this litigation on behalf of Gyroor-US emailed Plaintiffs to ask for Plaintiffs' position regarding, *inter alia*, the seven other Gyroor entities who are now defendants. (Dkt. 317-4, pp. 11–12.).

Defendants' position on non-parties would effectively strike Federal Rule of Civil Procedure 65(d)(2)(C), which expressly applies injunctions to those with notice who act in concert or participation with defendants. Notably, "parties" are addressed in a separate provision of Rule 65(d)(2). Case law also makes clear that non-parties can be held in contempt. (Dkt. 383, pp. 4–5.). Defendants cite *Blockowicz v. Williams*, 630 F.3d 563 (7th Cir. 2010). But this does not support Defendants' position. There, the court implicitly recognized that non-parties can be held in contempt by observing: "Xcentric concedes that it received actual notice of the injunction. . . . Thus, the only issue on appeal is whether the district court erred in concluding that third parties Xcentric and Magedson did not aid or abet the defendants in violating the injunction." *Id.* at 567. The only reason the non-parties were not held in contempt is because their acts all occurred before the injunction was even issued. *Id.* at 568.

Some consequences of Defendants' position are on display here. Plaintiffs proposed to add the remaining Gyroor Defendants to the case on May 6. (Dkt. 227.) Gyroor-US orally opposed that motion and filed a response brief, which did not actually oppose the motion but which did contribute to delaying the amendment. (Dkt. 240.) Adopting Defendants' position regarding when a remedy exists for violations of an injunction would allow Defendants, like those here, to use unnecessary briefing to shield certain conduct from the Court's authority.

██████████████████████

Continuing Conduct

In the past three weeks, Plaintiffs have twice emailed Defense Counsel regarding continued violations of the injunction. (See Ex. 1.)[1] It does not seem that sales resulting from these violations were included in the sales reports Defendants filed.

| | |
|---|---|
| Date: November 4, 2021 | Respectfully Submitted,<br><br>LOEB & LOEB LLP<br><br>By: /s/ Neil G. Nandi<br>     Adam Kelly<br>     Arthur Yuan<br>     Neil Nandi<br>     321 North Clark Street, Suite 2300<br>     Chicago, Illinois 60654<br>     Tel.: (312) 464-3100<br>     Fax: (312) 464-3111<br>     Email: akelly@loeb.com<br>     Email: ayuan@loeb.com<br>     Email: nnandi@loeb.com<br><br>     Marwa Abdelaziz (admitted pro hac vice)<br>     345 Park Avenue<br>     New York, New York 10154<br>     Tel.: (212) 407-4000<br>     Fax: (212) 407-4990<br>     Email: mabdelaziz@loeb.com<br><br>     *Attorneys for Plaintiffs* |

---

[1] Exhibit 1 contains the correspondence between Plaintiffs and Defendants on this issue, as well as PDFs of the Excel attachments to Plaintiffs' October 29 email.