**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:20-cv-04806 |
| v. | ) | |
| | ) | Honorable Thomas M. Durkin |
| THE PARTNERSHIPS AND | ) | Magistrate Judge Jeffrey Cole |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ANSWER TO COUNTERCLAIM BY DEFENDANT FENGCHI-US

Plaintiffs/Counterclaim Defendants Hangzhou Chic Intelligent Technology Co. and Unicorn Global, Inc. ("Plaintiffs"), by and through its attorneys, Loeb & Loeb LLP, answer Defendant Fengchi-US's ("Defendant") Counterclaim as follows:

## JURISDICTION AND VENUE

1. These are Counterclaims brought by Defendant/Counterclaimant Defendant ("Defendant"), against Plaintiffs/Counter[claim] [D]efendants Hangzhou Chic Intelligent Technology Co., Ltd., and Unicorn Global, Inc. (collectively "Plaintiffs") for declaratory judgment that U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit") are not infringed, either directly or indirectly by inducement, by Defendant's use,

1

manufacture, sale, and offer for sale of products and technology as identified in the Third Amended Complaint.

**ANSWER:** Admitted that Defendant has attempted to bring a counterclaim against Plaintiffs for declaratory judgment of non-infringement. Plaintiffs otherwise deny any allegation in which Defendant claims to have not infringed the Patents-in-Suit.

2. This Court has jurisdiction over these Counterclaims under the federal question jurisdiction of this Court, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367(a), the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, the patent laws, 35 U.S.C. § 1, et seq., and under Rule 13 of the Federal Rules of Civil Procedure.

**ANSWER:** Admitted that the Court has federal question jurisdiction over Defendant's counterclaims under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367(a). Denied as to the remaining allegations.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1400(b), in that this case is an action for patent infringement arising under the patent laws of the United States and pursuant to 28 U.S.C. § 1391(b) and (c), as Plaintiffs/Counter[claim] [D]efendants have a principal place of business and thereby reside in this judicial district, a substantial portion of the events giving rise to these Counterclaims occurred in this judicial district, and Plaintiffs are subject to personal jurisdiction of this Court having commenced its action in this Court.

**ANSWER:** Admitted that venue in this district is proper under 28 U.S.C. § 1400(b). Denied that Plaintiffs have a principal place of business in this district and thereby reside in this district.

2

**THE PARTIES**

4.      Defendant/Counterclaimant is [a] Chinese company with its principal place of business in China.

**ANSWER:**  Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations and therefore deny the same.

5.      Defendant has an internet storefront that it uses to sell hoverboards.

**ANSWER:**  Admitted.

6.      Upon information and belief, Plaintiff/Counter[claim] [D]efendant Hangzhou Chic Intelligent Technology Co., Ltd. ("Hangzhou") is a Chinese company located in the Liangzhou University Science and Technology Park, Yuhang District, Hangzhou, China.

**ANSWER:**  Admitted.

**COUNT I**
**Declaratory Judgment of Noninfringement[1]**

7.      Defendants' Accused Product (ASIN No. B08NT551P4, "Gyroor D", identified in Dkt. No. 227-3, p. 4 of 4) has not infringed, and is not infringing, directly or indirectly by inducement, any valid and enforceable claim contained in U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit").

**ANSWER:**  Denied.

8.      Plaintiffs allege that the Patents-in-Suit [Dkt. No. 101, ¶ 14; Dkt No. 101-13] have been infringed by the Accused Product.   However, Plaintiffs made no allegations against Defendant or the Gyroor Product B in the Third Amended Complaint. [Dkt. No. 101].  Plaintiffs

---

[1] The numbering of Defendant's Counterclaims is incorrect, proceeding from 6 directly to 32, thereby omitting paragraphs 7 to 31.  Plaintiffs will adopt the correct numerical order, referring to paragraphs 32-62 as paragraphs 7 to 36.

made no specific allegations aside from stating that "Fengchi-US store is related to or affiliated with Gyroor-US" [Dkt. No. 227-1, ¶ 17], which is unsupported by any evidence.

**ANSWER:** Denied.

9. The "hypothetical ordinary observer who is conversant with the prior art" standard obviously applies here. A person with "little or no experience" with hoverboards clearly does not satisfy the ordinary observer test in the present case. Therefore, in light of the many similar prior art designs, the hypothetical ordinary observer in this case should be a purchaser who is familiar with hoverboards and the prior art designs

**ANSWER:** Although the ordinary observer test applies, Plaintiffs reject Defendant's interpretation regarding the application and meaning of the test. Therefore, Plaintiffs deny the allegations in this paragraph.

10. In the most recent landmark case *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir 2020), the Feder[al] Circuit prescribe[d] that:

> [T]he ordinary observer is deemed to view the differences between the patented design and the accused product ***in the context of the prior art***. When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art. And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer." *Id*. (quoting *Egyptian Goddess*, 543 F.3d at 676).

**ANSWER:** Admitted that this allegation discloses a partial quote with Defendant's emphasis selected from *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir 2020). Plaintiffs deny the remaining allegations of the paragraph.

11. The Patents-in-Suit and the U.S. Design Patent D739,906 Patent (hereinafter, "D'906") are very close in their overall hourglass shape, the differences between the Gyroor Product B and the Patents-in-Suit are important to the ordinary observer. In light of the prior art

D'906 Patent, an ordinary observer will not find the Gyroor Product B and the Patents-in-Suit have substantially similar overall "hourglass" shape.

**ANSWER:** Denied.

12.     Under 35 U.S.C. §102(a)(2), prior art includes "a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention."

| Patents | Application Filing Date | Effective Filing Date |
|---|---|---|
| **Prior Art - D'906 Patent** | **03/12/2013** | **03/12/2013** |
| Patent-in-Suit (D'723 Patent) | 12/15/2014 | 12/15/2014 |
| Patent-in-Suit (D'256 Patent) | 12/15/2014 | 12/15/2014 |
| Patent-in-Suit (D'195 Patent) | 02/29/2016 | 02/29/2016 |
| Patent-in-Suit (D'112 Patent) | 02/29/2016 | 02/29/2016 |

**ANSWER:** Admitted that this allegation discloses selected language from 35 U.S.C. §102(a)(2). Admitted as to the Application Filing Dates for each patent. Plaintiffs deny the remaining allegations of the paragraph.

13.     Here, the application of the D'906 Patent was effectively filed before the effective filing date of the Patents-in-Suit. Therefore, D'906 Patent is prior art to all Patents-in-Suit.

**ANSWER:** Denied.

14.     This "hourglass" peripheral shape was first disclosed and claimed in the prior art — the D'906 Patent. As shown below in Table 1, the Patents-in-Suit all have an hourglass shape with smooth curves similar to the D'906 patent. [Dkt. No. 376, Decl. of Rake, ¶¶53-56, 92, 98; Dkt. No. 377, Decl. ofGandy, ¶¶47, 53, 59, 64]. In contrast, the Gyroor Product B has a more "angular body shape withsharp edges." *Id*.

**ANSWER:** Denied.

15. The "revolutionary design" was already claimed in the prior art D'906 Patent. Plaintiffs did not invent the hourglass shape of hoverboards. Therefore, in light of the D'906 Patent, an ordinary observer will find the Gyroor Product B has a substantially different overall shape from the Patents-in-Suit.



| Table 1 — Comparison of Overall Hourglass Shape | |
|---|---|
| Patents-in-Suit D'723 Patent | |
| Patents-in-Suit D'256 Patent | |
| Patents-in-Suit D'195 Patent | |
| Patents-in-Suit D'112 Patent | |
| **Prior Art D'906 Patent** | |



| Gyroor Product D | |
| Substantially Similar Patent D'297 Patent | |

| Table. 2 — Comparison of Overall Shape – Front View | |
|---|---|
| Patents-in-Suit D'723 Patent | |
| Patents-in-Suit D'256 Patent | |
| Patents-in-Suit D'195 Patent | |
| Patents-in-Suit D'112 Patent | |
| **Prior Art** <u>**Prior Art**</u> **D'906 Patent** | |



| Gyroor Product D | |
| --- | --- |
| Substantially Similar Patent D'297 Patent | |

**ANSWER:** Denied.

16.     Table 2 compares the front view of the prior art D'906 Patent, the Patents-in-Suit and the Gyroor Product B. Both the prior art D'906 Patent and the Patents-in-Suit have "a slightly raised convex contour, while the corresponding center portion of the top surface of the design of Gyroor "B" hoverboard is substantially flat and slightly recessed down below the opposing outer foot surfaces."[Dkt. No. 377, Decl. of Gandy, ¶¶ 91, 97, 107].

**ANSWER:** Denied.

17.     Under the "ordinary observer" test, a court must consider the ["]ornamental features [of each element] and analyze how they impact the overall design." *Lanard*, 958 F.3d at 1343-44 (citing *Richardson v.Stanley Works, Inc*., 597 F.3d 1288, at 1295 (Fed. Cir. 2010)).

**ANSWER:** Admitted that this allegation discloses a quote selected from *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir 2020).  Plaintiffs deny the remainder of this allegation.

18.     "While the 'ordinary observer' test is not an element-by-element comparison," it also does not ignore the reality that designs can, and often do, have both functional and ornamental aspects. *Id*. (citing *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006)). Analyzing the ornamental features is necessary to determine how the ornamental

8

differences in each element would impact the ordinary observer's perception of the overall designs. *Id*.

**ANSWER:** Admitted that the first sentence of this allegation discloses a quote selected from *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir 2020). Denied as to the remaining allegations.

19. None of the Patents-in-Suit claims any ornamental features of the Gyroor Product D.

**ANSWER:** Denied.

20. ***First***, the overall peripheral shape of the Gyroor Product D is substantially dissimilar to the Patents- in-Suit, which significantly impacts an ordinary observer's visual perception of the over designs of the Gyroor Product D. [Dkt. No. 377, Decl. of Gandy, ¶¶96, 102, 106, 112; Dkt. No. 377, Decl. of Rake, ¶¶148-150, 156, 160, 166, 168].

**ANSWER:** Denied.

21. ***Second***, the ornamental features of each element in the Gyroor Product D are based on the claimed design of the D'297 Patent. An ordinary observer would consider the Gyroor Product D to be substantially similar to the D'297 Patent. [Dkt. No. 376, Decl. of Rake, ¶189].

**ANSWER:** Denied.

22. In contrast, no ordinary observer would consider Gyroor Product D is substantially similar to the Patents-in-Suit because none of the Patent-in-Suit claimed any ornamental features of the Gyroor Product D.

**ANSWER:** Denied.

23.     The shape and design of the foot pads of the Gyroor Product D are plainly different from the Patents-in-Suit. [Dkt. No. 377, Decl. of Gandy, ¶¶93, 99; Dkt. No. 376, Decl. of Rake, ¶¶146, 152, 158, 164].

**ANSWER:** Denied.

24.     Here, D'723 and D'256 Patents both claim the design of straight divergent lines on the food pads.  D'195 nor D'112 made disclosure of certain design but did not claim any designs.

**ANSWER:** Denied.

25.     The D'297 Patent claimed unique three parallel lines and other intricate patterns on the standing pads,which are plainly dissimilar from the designs of the Patents-in-Suit. The Gyroor Product D has identical foot pad design as D'297 Patent.



| | | |
|---|---|---|
| Patent-in-Suit D'723 Patent | Patent-in-Suit D'256 Patent | Patent-in-Suit D'195 Patent |
| Patent-in-Suit D'112 Patent | Substantially Similar Patent D'297 Patent | Gyroor Product D |

**ANSWER:** Denied.

26.     The wheel covers of the Gyroor Product D are plainly different from the Patents-in-Suit.

**ANSWER:** Denied.

27.     The Patents-in-Suit all have semi-circular wheel covers and extend over and cover the entire wheel. None of the Patent-in-Suit claimed the wheel covers design of the Gyroor Product D.

**ANSWER:** Denied.

28.     The D'297 Patent claimed the wheel covers design with opposing diagonally straight side edges, anda substantially flat top edge which curves outwardly but does not extend over the entire wheel. [Dkt.No. 377, Decl. of Gandy, ¶¶103, 108; Dkt. No. 376, Decl. of Rake, ¶¶144, 150, 156, 162, 168].

**ANSWER:** Denied.

29.     The wheel covers of the Gyroor Product D have identical wheel covers design as D'297 Patent.



| Patent-in-Suit D'723 Patent | Patent-in-Suit D'256 Patent | Patent-in-Suit D'195 Patent |
|---|---|---|



| Patents-in-SuitD'112 Patent | Substantially Similar PatentD'297 Patent | Gyroor Product D |

**ANSWER:** Denied.

30. The position, shape, and size of the lights of the Gyroor Product D are also plainly different from the Patents-in-Suit. None of the Patent-in-Suit claimed the light design of the Gyroor Product D.

**ANSWER:** Denied.

31. The position, shape, and size of the lights of the Gyroor Product D are also plainly different from the Patents-in-Suit. None of the Patent-in-Suit claimed the light design of the Gyroor Product D.

**ANSWER:** Denied.

32. Highlighted, the Patents-in-Suit all have different size and shape and are positioned differently on the front panel of the hoverboard. [Dkt. No. 376, Decl. of Rake, ¶¶147, 153, 159, 165].

**ANSWER:** Denied.

33. The light design of the Gyroor Product D is identical to the thin narrow strips as claimed in the D'297 Patent.



| | | |
|---|---|---|
| Patents-in-Suit D'723 Patent | | |
| Patents-in-Suit D'256 Patent | | |
| Patents-in-Suit D'195 Patent | | |
| Patents-in-Suit D'112 Patent | | |
| Gyroor Product D | | |
| Substantially Similar PatentD'297 Patent | | |

**ANSWER:** Denied.

34.    "The *Gestalt principles* of visual perception teaches us that the eye is attracted to areas of high contrast." [Dkt. No. 376, Decl. of Rake, ¶25]. Under the *Figure-Ground principles*, "some shapes orcontours take a prominent role (figure) while others recede into the background (ground)." *Id*. at 26.

**ANSWER:**  Denied.

35.    Because certain designs would be perceived as more dramatic and obvious, the size, shape, and character of the lights, size and shape of the wheel covers, and the patterns of the foot pads would significantly impact the ordinary observer's visual perception of the overall designs. [Dkt. No. 376, Decl. of Rake, ¶¶ ¶¶147, 153, 159, 165, 183-186]. As a result, the differences between the Patents-in-Suit and accused design take on greater significance.

**ANSWER:**  Denied.

36.    Consequently, an ordinary observer, taking into account the prior art, would not believe the accuseddesign of Gyroor Product D to be the same as the patented design.

**ANSWER:**  Denied.

Dated: November 12, 2021                Respectfully submitted,

By:  /s/  *Adam Kelly*
Adam Kelly
Douglas Masters
Arthur Yuan
Neil Nandi
321 North Clark Street, Suite 2300
Chicago, Illinois  60654
Tel.: 312-464-3100
Fax: 312-464-3111
Email:  akelly@loeb.com
Email:  dmasters@loeb.com
Email:  ayuan@loeb.com
Email:  nnandi@loeb.com

Marwa Abdelaziz (admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel.:  (212) 407-4388
Fax:  (212) 407-4990
Email:  mabdelaziz@loeb.com

*Attorneys for Plaintiffs*