**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II,<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:20-cv-04806<br><br>   Honorable Thomas M. Durkin<br>   Magistrate Judge Jeffrey Cole |

<u>**ANSWER TO COUNTERCLAIM BY DEFENDANT GAODESHANG-US**</u>

Plaintiffs/Counterclaim Defendants Hangzhou Chic Intelligent Technology Co. and Unicorn Global, Inc. ("Plaintiffs"), by and through its attorneys, Loeb & Loeb LLP, answer Defendant Gaodeshang-US's ("Defendant") Counterclaim as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     These are Counterclaims brought by Defendant/Counterclaimant Defendant ("Defendant"), against Plaintiffs/Counter[claim] [D]efendants Hangzhou Chic Intelligent Technology Co., Ltd., and Unicorn Global, Inc. (collectively "Plaintiffs") for declaratory judgment that U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit") are not infringed, either directly or indirectly by inducement, by Defendant's use,

manufacture, sale, and offer for sale of products and technology as identified in the Third Amended Complaint.

**ANSWER:** Admitted that Defendant has attempted to bring a counterclaim against Plaintiffs for declaratory judgment of non-infringement. Plaintiffs otherwise deny any allegation in which Defendant claims to have not infringed the Patents-in-Suit.

2.      This Court has jurisdiction over these Counterclaims under the federal question jurisdiction of this Court, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367(a), the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, the patent laws, 35 U.S.C. § 1, et seq., and under Rule 13 of the Federal Rules of Civil Procedure.

**ANSWER:** Admitted that the Court has federal question jurisdiction over Defendant's counterclaims under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367(a). Denied as to the remaining allegations.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1400(b), in that this case is an action for patent infringement arising under the patent laws of the United States and pursuant to 28 U.S.C. § 1391(b) and (c), as Plaintiffs/Counter[claim] [D]efendants have a principal place of business and thereby reside in this judicial district, a substantial portion of the events giving rise to these Counterclaims occurred in this judicial district, and Plaintiffs are subject to personal jurisdiction of this Court having commenced its action in this Court.

**ANSWER:** Admitted that venue in this district is proper under 28 U.S.C. § 1400(b). Denied that Plaintiffs have a principal place of business in this district and thereby reside in this district.

**THE PARTIES**

4.      Defendant/Counterclaimant is [a] Chinese company with its principal place of business in China.

**ANSWER:**  Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations and therefore deny the same.

5.      Defendant has an internet storefront that it uses to sell hoverboards.

**ANSWER:**  Admitted.

6.      Upon information and belief, Plaintiff/Counter[claim] [D]efendant Hangzhou Chic Intelligent Technology Co., Ltd. ("Hangzhou") is a Chinese company located in the Liangzhou University Science and Technology Park, Yuhang District, Hangzhou, China.

**ANSWER:**  Admitted.

**COUNT I**
**Declaratory Judgment of Noninfringement[1]**

7.      Defendants' Accused Product (ASIN No. B08R23QQT8, "Gyroor Product B", identified in Dkt. No. 227-3, p.4 of 4) has not infringed, and is not infringing, directly or indirectly by inducement, any valid and enforceable claim contained in U.S. Patent Nos. D737,723, D738,256, D785,112, and D784,195 (collectively "the Patents-in-Suit").

**ANSWER:**  Denied.

8.      Plaintiffs allege that the Patents-in-Suit [Dkt. No. 101, ¶ 14; Dkt No. 101-13] have been infringed by the Accused Product.   However, Plaintiffs made no allegations against Defendant or the Gyroor Product B in the Third Amended Complaint. [Dkt. No. 101].  Plaintiffs

---

[1] The numbering of Defendant's Counterclaims is incorrect, proceeding from 6  to 30, thereby omitting paragraphs 7 to 29.  Plaintiffs will adopt the correct numerical order, referring to paragraphs 30-61 as paragraphs 7 to 38.

made no specific allegations aside from stating that "Gaodeshang-US store is related to or affiliated with Gyroor-US" [Dkt. No. 227-1, ¶ 19], which is unsupported by any evidence.

**ANSWER:** Denied.

9.     The "hypothetical ordinary observer who is conversant with the prior art" standard obviously applies here. A person with "little or no experience" with hoverboards clearly does not satisfy the ordinary observer test in the present case. Therefore, in light of the many similar prior art designs, the hypothetical ordinary observer in this case should be a purchaser who is familiar with hoverboards and the prior art designs

**ANSWER:**     Although the ordinary observer test applies, Plaintiffs reject Defendant's interpretation regarding the application and meaning of the test.   Therefore, Plaintiffs deny the allegations in this paragraph.

10.     In the most recent landmark case *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir 2020), the Feder[al] Circuit prescribe[d] that:

> [T]he ordinary observer is deemed to view the differences between the patented design and the accused product ***in the context of the prior art***. When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art. And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer." *Id*. (quoting *Egyptian Goddess*, 543 F.3d at 676).

**ANSWER**:   Admitted that this allegation discloses a partial quote with Defendant's emphasis selected from *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir 2020). Plaintiffs deny the remaining allegations of the paragraph.

11.     The Patents-in-Suit and the U.S. Design Patent D739,906 Patent (hereinafter, "D'906") are very close in their overall hourglass shape, the differences between the Gyroor Product B and the Patents-in-Suit are important to the ordinary observer. In light of the prior art

D'906 Patent, an ordinary observer will not find the Gyroor Product B and the Patents-in-Suit have substantially similar overall "hourglass" shape.

**ANSWER:** Denied.

12. Under 35 U.S.C. §102(a)(2), prior art includes "a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention."

| Patents | Application Filing Date | Effective Filing Date |
|---|---|---|
| **Prior Art - D'906 Patent** | **03/12/2013** | **03/12/2013** |
| Patent-in-Suit (D'723 Patent) | 12/15/2014 | 12/15/2014 |
| Patent-in-Suit (D'256 Patent) | 12/15/2014 | 12/15/2014 |
| Patent-in-Suit (D'195 Patent) | 02/29/2016 | 02/29/2016 |
| Patent-in-Suit (D'112 Patent) | 02/29/2016 | 02/29/2016 |

**ANSWER:** Admitted that this allegation discloses selected language from 35 U.S.C. §102(a)(2). Admitted as to the Application Filing Dates for each patent. Plaintiffs deny the remaining allegations of the paragraph.

13. Here, the application of the D'906 Patent was effectively filed before the effective filing date of the Patents-in-Suit. Therefore, D'906 Patent is prior art to all Patents-in-Suit.

**ANSWER:** Denied.

14. This "hourglass" peripheral shape was first disclosed and claimed in the prior art — the D'906 Patent. As shown below in Table 1, the Patents-in-Suit all have an hourglass shape with smooth curves similar to the D'906 patent. [Dkt. No. 376, Decl. of Rake, ¶¶53-56, 92, 98; Dkt. No. 377, Decl. ofGandy, ¶¶47, 53, 59, 64]. In contrast, the Gyroor Product B has a more "angular body shape withsharp edges." *Id*.

**ANSWER:** Denied.

15.     The "revolutionary design" was already claimed in the prior art D'906 Patent. Plaintiffs did not invent the hourglass shape of hoverboards. Therefore, in light of the D'906 Patent, an ordinary observer will find the Gyroor Product B has a substantially different overall shape from the Patents-in-Suit.



| Table 1 — Comparison of Overall Hourglass Shape | |
|---|---|
| Patents-in-Suit D'723 Patent | |
| Patents-in-Suit D'256 Patent | |
| Patents-in-Suit D'195 Patent | |
| Patents-in-Suit D'112 Patent | |
| **Prior Art D'906 Patent** | |



| Gyroor Product B | |
| Substantially Similar PatentD'856 Patent | |

| Table. 2 — Comparison of Overall Shape – Front View | |
| --- | --- |
| Patents-in-SuitD'723 Patent | |
| Patents-in-SuitD'256 Patent | |
| Patents-in-SuitD'195 Patent | |
| Patents-in-SuitD'112 Patent | |
| **Prior Art D'906 Patent** | |





| Gyroor Product B | |
|---|---|
| Substantially Similar PatentD'856 Patent | |

**ANSWER:** Denied.

16.     Table 2 compares the front view of the prior art D'906 Patent, the Patents-in-Suit and the Gyroor Product B. Both the prior art D'906 Patent and the Patents-in-Suit have "a slightly raised convex contour, while the corresponding center portion of the top surface of the design of Gyroor "B" hoverboard is substantially flat and slightly recessed down below the opposing outer foot surfaces."[Dkt. No. 377, Decl. of Gandy, ¶¶ 42, 47, 53, 64].

**ANSWER:** Denied.

17.     Under the "ordinary observer" test, a court must consider the ["]ornamental features [of each element] and analyze how they impact the overall design." *Lanard*, 958 F.3d at 1343-44 (citing *Richardson v.Stanley Works, Inc*., 597 F.3d 1288, at 1295 (Fed. Cir. 2010)).

**ANSWER:** Admitted that this allegation discloses a quote selected from *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir 2020).  Plaintiffs deny the remainder of this allegation.

18.     "While the 'ordinary observer' test is not an element-by-element comparison," it also does not ignorethe reality that designs can, and often do, have both functional and ornamental aspects. *Id*. (citing *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006)).  Analyzing the ornamental features is necessary to determine how the ornamental

8

differences in each element would impact the ordinary observer's perception of the overall designs. *Id*.

**ANSWER:** Admitted that the first sentence of this allegation discloses a quote selected from *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir 2020). Denied as to the remaining allegations.

19.     The ornamental features of each element in the Gyroor Product B are based on the claimed design of the U.S. D808,856 Patent.

**ANSWER:** Denied.

20.     An ordinary observer would consider the Gyroor Product B to be substantially similar to the D'856 Patent. [Dkt. No. 376, Decl. of Rake, ¶188]. In contrast, no ordinary observer would consider Gyroor Product B is substantially similar to the Patents-in-Suit because none of the Patent-in-Suit claimed anyornamental features of the Gyroor Product B.

**ANSWER:** Denied.

21.     *First*, none of the Patents-in-Suit claimed foot pad design of the Gyroor Product B. The shape and design of the foot pads of the Gyroor Product B are plainly different from the Patents-in-Suit. [Dkt. No. 377, Decl. of Gandy, ¶¶71, 77; Dkt. No. 376, Decl. of Rake, ¶¶117,125].

**ANSWER:** Denied.

22.     Here, D'723 and D'256 Patents both claim the design of straight divergent lines on the foot pads. NeitherD'195 nor D'112 claims any designs of the foot pads.

**ANSWER:** Denied.

23.     The D'856 Patent claimed unique patterns on the foot pads, which are plainly dissimilar from the designsof the Patents-in-Suit. The Gyroor Product B has identical foot pad design as D'856 Patent.



**ANSWER:** Denied.

24.      *Second*, none of the Patents-in-Suit claimed the wheel covers design of the Gyroor Product B. The wheel covers of the Gyroor Product B are plainly different from the Patents-in-Suit.

**ANSWER:** Denied.

25.      The Patents-in-Suit all have semi-circular wheel covers and extend over and cover the entire wheel. None of the Patent-in-Suit claimed the wheel covers design of the Gyroor Product B.

**ANSWER:** Denied.

26.      The shape of the wheel covers in the Patents-in-Suit and the prior art D'906 patent are both semi- circular, "while the wheel covers on the design of Gyroor Product 'B' hoverboard have opposing diagonally straight side edges a substantially flat top edge which curves outwardly. [Dkt. No. 377, Decl.of Gandy, ¶¶48, 60, 65]. Therefore, "even to the most casual observer, the differences are significant." [Dkt. No. 376, Decl. of Rake, ¶¶122, 129, 135, 141].



| | | |
|---|---|---|
| Patent-in-Suit D'723 Patent | Patent-in-Suit D'256 Patent | Patent-in-Suit D'195 Patent |
| Patents-in-Suit D'112 Patent | Substantially Similar Patent D'856 Patent | Gyroor Product B |

**ANSWER:** Denied.

27.    ***Third***, none of the Patents-in-Suit claimed the light design of the Gyroor Product B. The position, shape, andsize of the lights of the Gyroor Product B are also plainly different from the Patents-in-Suit. None of the Patent-in-Suit claimed the light design of the Gyroor Product B.

**ANSWER:** Denied.

28.    Highlighted, the Patents-in-Suit all have different size and shape and are positioned differently on thefront panel of the hoverboard. [Dkt. No. 376, Decl. of Rake, ¶¶ 93, 99, 105, 111].

**ANSWER:** Denied.

29.    The light design of the Gyroor Product B features thin narrow strips that curves up to the fenders, whichis identical to the claimed design in the D'856 Patent.

11



**ANSWER:** Denied.

30.     "The *Gestalt principles* of visual perception teaches us that the eye is attracted to areas of high contrast." [Dkt. No. 376, Decl. of Rake, ¶25]. Under the *Figure-Ground principles*, "some shapes orcontours take a prominent role (figure) while others recede into the background (ground)." *Id*. at 26.

**ANSWER:** Denied.

31.     Certain designs would be perceived as more dramatic and obvious. Here, the size, shape, and character of the lights, size and shape of the wheel covers, and the patterns of the foot pads would significantly impact the ordinary observer's visual perception of the overall designs. [Dkt. No. 376, Decl. of Rake, ¶¶93, 99, 105, 111, 175-178]. As a result, the differences between the Patents-in-Suitand accused design take on greater significance to an ordinary observer.

**ANSWER:** Denied.

32.     Consequently, an ordinary observer, taking into account the prior art, would not believe the accused design to be the same as the patented design.

**ANSWER:** Denied.

33.     Defendants further incorporates its Motion for Summary Judgement of Noninfringement [Dkt. No. 110] in support of its noninfringement defense.

**ANSWER:** This paragraph contains an inappropriate adoption by reference under Rule 10(c). Furthermore, Dkt. 110 is not a motion for summary judgement. Therefore, if an answer is required to this allegation, Plaintiffs deny it.

34.     It is obvious that the D808,856 has a unique design from the Patents-in-Suit.

**ANSWER:** Denied.

35.     In this case, an ordinary observer will either **a)** find the Accused Products substantially similar to the D'856 patent, which does not infringe the Patents-in-Suit; or **b)** will be drawn to those aspects of the claimed designs of the Patents-in-Suit that differ from the D'856 patent; and those different aspects would make the distinctions between the Patents-in-Suit and Accused Products readily apparent to anordinary observer.

**ANSWER:** Denied.

36.     In light of the D'856 patent, the Accused Products and the Patents-in-Suit are plainly dissimilar.

**ANSWER:** Denied.

37.     Plaintiffs brought and continued this suit with the knowledge that Defendant's products do not infringe any claims of the Patents-in-Suit, or without conducting an investigation that was reasonable under the circumstances to determine whether Defendants' products allegedly infringed any claims of the Patents-in-Suit.

**ANSWER:** Denied.

38.     Plaintiffs brought this suit for the improper purpose of excluding Defendant's noninfringing product from the market by unnecessarily delaying and expanding this action by amending and adding products with or without the Court's approval.

**ANSWER:** Denied.


Dated: November 12, 2021                    Respectfully submitted,

                                            By:  /s/  *Adam Kelly*
                                                 Adam Kelly
                                                 Douglas Masters
                                                 Arthur Yuan
                                                 Neil Nandi
                                                 321 North Clark Street, Suite 2300
                                                 Chicago, Illinois  60654
                                                 Tel.: 312-464-3100
                                                 Fax: 312-464-3111
                                                 Email:  akelly@loeb.com
                                                 Email:  dmasters@loeb.com
                                                 Email:  ayuan@loeb.com
                                                 Email:  nnandi@loeb.com

                                                 Marwa Abdelaziz (admitted *pro hac vice*)
                                                 LOEB & LOEB LLP
                                                 345 Park Avenue
                                                 New York, New York 10154

Tel.: (212) 407-4388
Fax: (212) 407-4990
Email: mabdelaziz@loeb.com

*Attorneys for Plaintiffs*