IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABC CORPORATION I, | ) | |
| ABC CORPORATION II, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 20 C 4806 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Despite Local Rule 37 conferences, the parties in this patent case have come to an impasse in connection with certain information sought in discovery by the plaintiffs. Unable to completely resolve their disputes, the plaintiffs have thus moved to compel responses to those discovery requests that remain unresolved. [*See Dkt.* ## 435, 436, 448]. The defendant, GYROOR-US's objections to the six disputed requests [Dkt. # 448] are that they are "are nothing more than a fishing expedition" to gather evidence "to support plaintiffs' unsubstantiated allegations of 'indirect infringement.'" [Dkt. # 448 at 1]. This, of course, is another way of saying that the materials sought are not relevant. The federal discovery rules have an expansive reach in order to assist in the preparation for trial and settlement of litigated disputes. *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir.2009). But they are not without limits, and relevancy is perhaps the most important of those limits. *See Herbert v. Lando,* 441 U.S. 153 (1979); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978); *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002); *LKQ Corp. v. Gen. Motors Co.*, 2021 WL 4127326, at

*1 (N.D. Ill. 2021); Rule 26(b)(1), Federal Rules of Civil Procedure. In ruling on disputed discovery motions, district courts have very broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016). With these general principles in mind, we turn to the parties' dispute.

> The disputed requests in this case are set forth below:
>
> • Interrogatory No. 9: Identify all financial accounts associated with Defendant's stores, both foreign and domestic, including but not limited to PayPal accounts.
>
> • Request For Production No. 2: All communications between You and any Third-Party Providers, including without limitation, any e-mails, instant messages, letters, and other communications or documents in either hard copy or electronic form, related to the Accused Products or Plaintiff's Products.
>
> • Request For Production No. 3: All communications between You and any Third-Party Payment Providers, including without limitation, any e-mails, instant messages, letters, and other communications or documents in either hard copy or electronic form, related to the Accused Products or Plaintiff's Products.
>
> • Request For Production No. 6: Any account opening or account initiation documents used for opening accounts with Third-Party Payment Providers.
>
> • Request For Production No. 8: All documents relating to any bank or other financial account in which proceeds of sales of Accused Products have been or are transferred or maintained.
>
> • Request For Production No. 10: All documents or communications relating to Your intellectual property rights in any country, including without limitation, utility patents, utility patent applications, design patents, design patent applications, utility models, utility model applications, trade secrets, trademarks, or copyrights.

Interrogatory No. 9 appears overbroad in that it seeks all financial accounts, not only those which may have some association with the Accused Products. The present suit does not give the plaintiffs the unfettered right to identify *all* of the defendants' financial accounts, foreign and domestic, without any showing or supported claim that the sought after records are relevant. The request as drafted is overbroad.

As to Request No. 2, the relevance seems obvious. It seeks, quite understandably, any communications related to the Accused Products. However, the relevancy does not appear so striking and the defendant need not produce materials related to its own product, if any.

As to Request No. 3, the defendant is to provide the materials sought. It is difficult to imagine anything more relevant to this case than communications "related to the Accused Products or Plaintiffs' Products."

As to Request No. 6, the defendant need not at this time, and without further explanation and elaboration from the plaintiffs, provide the requested information.

As to Request No. 8, the defendant shall comply with that request. Again, it is difficult to imagine documents more relevant than those sought in Request No. 8.

As to Request No. 10, it is denied.

Finally, plaintiffs have requested an award of fees in connection with its Motion to Compel. [Dkt. #436 at 10]. At bottom, the request relies on *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786 (7th Cir. 1994), and a smattering of district court cases. I have used *Rickels* in any number of decisions, but I have not awarded fees in all of them and I do not read *Rickels* as dispensing with discretion and mandatorily requiring fee-shifting in all cases involving motions to compel. *See, e.g., H Guys, LLC v. Halal Guys Franchise, Inc.*, 2020 WL 3578026, at *6 (N.D. Ill. 2020). At this juncture I do not think an award of attorneys' fees is appropriate, and the plaintiffs' request for attorneys' fees is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/12/22