IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I, )<br>ABC CORPORATION II )<br> )<br>      Plaintiffs, )<br> )<br>  v. )<br> )<br>THE PARTNERSHIPS AND )<br>UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED ON SCHEDULE A, )<br> )<br>      Defendants. )<br> )<br> ) | Case No. 20-cv-4806<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey Cole |

## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

On October 6, 2021, the Court entered an order ("October 6 Order" or "Order") (Dkt. 444) holding Defendants in contempt for violating the preliminary injunction dated November 24, 2020 and modified December 23, 2020 ("Preliminary Injunction") (Dkts. 113, 147). As part of the Order, the Court ordered the Defendants to "pay Plaintiffs reasonable attorney's fees and costs associated with this motion." (Dkt. 444, p. 5.) Now, nearly four months later, despite Plaintiffs' extensive efforts to obtain Defendants' compliance with the Order, Defendants have paid nothing. Plaintiffs thus move this Court to enter an award of $119,209.59 for Plaintiffs' reasonable attorney's fees and costs associated with Plaintiffs' motion for an order to show cause ("Initial Motion") and this motion.[1]

---

[1] The October 6 Order also required Defendants to provide a statement accounting for their sales in violation of the preliminary injunction, so that the Court may "order Gyroor-US and the seven other defendants to escrow all revenues from these sales with the Clerk of Court." After initially submitting incomplete information (*see* Dkts. 466, 467 & 469), Defendants provided the additional accounting on November 2, 2021 (Dkts. 473). The Court has not yet ordered the Defendants to escrow those sales revenues with the Clerk of the Court.

## BRIEFING SCHEDULE

Given the parties' lengthy discussions regarding this motion following the Court's October 6 Order, Plaintiffs proposed that Defendants respond to this motion in seven days. Defendants requested twenty-one days. Plaintiffs request at least seven days for a reply brief, if a reply is necessary.

## STATEMENT REGARDING FEES

When calculating an award for the attorney's fees and costs incurred in preparing and prosecuting a contempt motion, district courts multiply the hours reasonably expended by a reasonable hourly rate. *See In re Aimster Copyright Litig.*, No. 01 c 8933, 2003 WL 2002764, 2003 U.S. Dist. LEXIS 6270, at \*4 (N.D. Ill. Apr. 14, 2003). Plaintiffs bear the burden of substantiating the reasonable rate and hours expended, but they need not submit the actual copies of billing statements. *See id.*, at \*9, *citing Connoly v. J.T. Ventures*, 851 F.2d 930, 935–36 (7th Cir. 1988) (counsel's itemized account and testimony of plaintiffs' lawyer sufficient evidence on which to base award of attorney's fees); *Pepsico, Inc. v. Ortiz Mexi-Prods., Inc.*, No. 97 C 7082, 2000 U.S. Dist. LEXIS 1657, 2000 WL 198843 (N.D. Ill. Feb. 14, 2000) (declaration of plaintiffs' attorney alone sufficient evidence on which to base award of attorney's fees); *Svehla v. American Nat'l Can Co.*, No. 95 C 393, 1999 U.S. Dist. LEXIS 4378, 1999 WL 169407 (N.D. Ill. Mar. 22, 1999) (original billing records unnecessary to award attorney's fees).

Instead of requiring detailed billing statements, courts in this District have awarded fees for contempt motions based on biographies of the timekeepers and attorney declarations that "adequately explain that the work was performed during that time and that all of the fees and costs have been or will be billed to Plaintiffs." *Aimster*, 2003 U.S. Dist. LEXIS 6270, at \*10. Complying with that precedent, Plaintiffs submit the declaration of Adam Kelly ("Kelly Decl."),

a partner at Loeb & Loeb LLP and the lead counsel for Plaintiffs. The Kelly Declaration demonstrates that Plaintiffs incurred attorney's fees totaling $111,837.50 performing five categories of tasks associated with the Initial Motion, which are described in further detail below. Kelly Decl. ¶ 14. Loeb & Loeb LLP billed and charged these hours and fees to Plaintiffs or, regarding the hours billed preparing the current motion, will bill and charge Plaintiffs. *Id.*, ¶ 15. [2] The fees incurred and hours worked were reasonable and appropriate, and are the same standard rates which Loeb & Loeb LLP charges for other similar matters. *Id.*, ¶¶ 11, 18; *cf. People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 ("The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate.").

In addition to attorney's fees, Plaintiffs incurred costs acquiring samples of the infringing products and consulting with a design patent expert to confirm that each of the identified infringing products were in fact a "reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit" under the Court's Preliminary Injunction. Kelly Decl., ¶¶ 17, 18. The product samples cost $959.09 and expert Paul Hatch's time amounted to $6,413. Kelly Decl., ¶¶ 17, 18.

Accordingly, the total of Plaintiffs' reasonable attorney's fees and costs associated with the Initial Motion and the current motion is **$119,209.59**.

---

[2] Loeb & Loeb LLP utilizes block billing for timekeepers, in which several matter tasks are recorded in a single time entry. Kelly Decl., ¶ 13. When reviewing the time entries associated with the Initial Motion, Plaintiffs took care to ensure that the fee application only included time associated with the Initial Motion. *Id.* Therefore, although a single time entry may have included tasks related to the Initial Motion and tasks unrelated to the Initial Motion, Plaintiffs do not seek reimbursement for the full amount of time recorded in that entry—rather, Plaintiffs only sought payment for the apportioned amount of time related to the Initial Motion. *Id.* Such practices are appropriate in this District. *See Baier v. Rohr-Mont Motors, Inc.*, 175 F. Supp. 3d 1000, 1024 (N.D. Ill. 2016) ("[T]he Court declines to reduce Plaintiff's fee award based upon block billing.").

### I. Timekeeper Biographies

Plaintiffs seek fees associated with seven timekeepers: Partner Adam Kelly, Senior Counsel Arthur Yuan, Associates Neil Nandi, Marwa Abdelaziz, and Jonathan Thielbar, and Paralegals Alec Wickersham and Shantanu Alam.[3]  Kelly Decl., ¶ 11.  Biographies of the five attorney timekeepers are included as Exhibit F to the Kelly Declaration.  *Id.*, ¶ 10 and Ex. F.

### II. Tasks Performed

Preparing and prosecuting the Initial Motion required Plaintiffs to undertake several time-consuming tasks over several months—all of which began shortly after the Court entered the Preliminary Injunction.  Kelly Decl., ¶ 5.

First, Defendants' conduct required Plaintiffs to expend substantial time monitoring Defendants' compliance (or lack thereof) with the Preliminary Injunction, including by searching Amazon.com for continued infringing sales, and performing time-consuming screen captures evidencing such sales and offers to sell.  *Id*.  This monitoring task also required corresponding with representatives from Amazon.com in an attempt to assess Defendants' compliance (or lack thereof) with the Preliminary Injunction, such as Defendants' transferring assets from accounts frozen in violation of the Court's order.  *Id.*

Second, Plaintiffs drafted and prepared the Initial Motion, including a fourteen page supporting Memorandum of Law, Declarations, and Exhibits.  *Id.*, ¶ 6.  The Initial Motion contained two attorney declarations, one client declaration, and fifty-eight aggregated exhibits (Dkts. 327–330).  *Id.*

---

[3] "[T]he Seventh Circuit has long permitted the separate billing and allocation of paralegal time." *Aimster*, 2003 U.S. Dist. LEXIS 6270, at *11, *citing Missouri v. Jenkins*, 491 U.S. 274, 284 n.7 (1989).

Third, Plaintiffs reviewed and analyzed Defendants' opposition, and drafted and prepared a reply in support of the Initial Motion, which involved another attorney declaration and twenty-one exhibits. (Dkts. 382–83.) Kelly Decl., ¶ 7.

Fourth, Plaintiffs bring the current motion for fees only after months of unsuccessful attempts to obtain Defendants' compliance with the Order awarding fees. *Id.*, ¶ 8. Namely, Plaintiffs sent letters to Defendants' counsel itemizing their fees and demanding payment on October 29 and November 15.[4] *Id.,* Exs. A, B. Defendants did not initially respond to those letters. *Id.*, ¶ 8. Indeed, Defendants only responded when Plaintiffs followed up by email on November 29, threatening to move for contempt if Plaintiffs did not receive payment the following week. *Id.*, Ex. C. Plaintiffs met and conferred with Defendants' counsel on December 6. *Id.*, ¶ 8. Even though courts do not require billing records to substantiate a fee award, in the spirit of good faith and transparency and at Defendants' request, Plaintiffs provided Defendants with redacted copies of their billing records relating to the Initial Motion. *Id.* and Ex. E. But, as the email correspondence shows, Defendants' response was delay and obfuscation by raising accusations and supposed issues *in seriatim* in response to Plaintiffs' ongoing efforts to. As just one example, Plaintiffs' provided detailed accounts of billing activities associated with the Initial Motion over and above the District Court's requirements to justify attorney's fees, but Defendants responded with additional delay tactics. *Id.*, Exs. C, D.

---

[4] Plaintiffs initially sought less in fees than they seek now. This is because Plaintiffs have had to incur additional fees in the subsequent months related to obtaining payment as provided in the fourth and fifth tasks noted in this motion. Additionally, Plaintiffs are now seeking payment for paralegal fees actually incurred, which Plaintiffs had originally chosen not to request.

Fifth, because Defendants refused to commit to paying any portion of Plaintiffs' fees after months of discussions and submission of corroborating information, Plaintiffs incurred additional fees preparing the current motion, the supporting declaration, and exhibits. Kelly Decl., ¶ 9.

\*\*\*

**WHEREFORE**, Plaintiffs move the Court to enter an award of $119,209.59 in favor of Plaintiffs to be paid by Defendants within five (5) business days of the Court's order. Plaintiffs further request that, if Defendants fail to comply with that deadline, then the Defendants be ordered to pay a sanction of $5,000 per day for each day thereafter until the payment is made.

Date: February 3, 2022

Respectfully Submitted,

**LOEB & LOEB LLP**

By: /s/ *Marwa Abdelaziz*
Adam Kelly
Doug Masters
Arthur Yuan
Neil Nandi
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Tel.: (312) 464-3100
Fax: (312) 464-3111
Email: akelly@loeb.com
Email: dmasters@loeb.com
Email: ayuan@loeb.com
Email: nnandi@loeb.com

Marwa Abdelaziz (admitted *pro hac vice*)
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
Fax: (212) 407-4990
Email: mabdelaziz@loeb.com

*Attorneys for Plaintiffs*