UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO.; and UNICORN GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | No. 20 C 4806 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Defendant "Gyroor" alleges that Plaintiffs have attempted to monopolize the hoverboard market in violation of the Sherman Act. *See* R. 486 (Count II). Plaintiffs have moved to dismiss for failure to state a claim. R. 489.

The fundamental problem with Gyroor's antitrust claim is that Gyroor has failed to identify any conduct by Plaintiffs that allegedly constitutes an attempt to monopolize the market, other than Plaintiffs' prosecution and litigation of patents protecting their products. Gyroor alleges that Plaintiffs engaged in "inequitable conduct in the prosecution of their Patent." R. 486 ¶ 99. But Gyroor does not describe the "inequitable conduct."

Gyroor also alleges that Plaintiffs have engaged in "sham litigation" tactics. *See* R. 486 ¶¶ 2, 91, 95, 97, 100-04. Again, Gyroor offers no details as to why Plaintiffs' lawsuits should be found to be "shams." And as Gyroor itself alleges, many of

Plaintiffs' lawsuits to defend its patents have been successful, whether on the merits or by settlement. This is an indication that Plaintiffs' litigation conduct is reasonable. *See In re Humira (Adalimumab) Antitrust Litig.*, 465 F. Supp. 3d 811, 833 (N.D. Ill. 2020) (settlement of a patent prosecution lawsuit that "provides substantial value" is evidence that the "lawsuit is objectively reasonable," such that the patent holder cannot be "accused of initiating that lawsuit as a sham").

Lastly, Gyroor alleges that Plaintiffs have created a "patent thicket" aimed at preventing entry into the hoverboard market. By alleging a "patent thicket," Gyroor means that Plaintiffs have pursued "whole tracts of questionable patents as part of a bad-faith, intentional effort to prop up the market for an existing, expiring patented product." *In re Humira*, 465 F. Supp. 3d at 828. But again, Gyroor offers no details as to why any of Plaintiffs' patents are improper or justified by anything other than legitimate business concerns. And as with Plaintiffs' lawsuits, their success at the Patent Office demonstrates that Plaintiffs conduct was reasonable. *See id.* at 831. In sum, Gyroor has not alleged Plaintiffs engaged in any anticompetitive conduct, so Gyroor has failed to state a claim for violation of the Sherman Act.

Furthermore, because Gyroor's claims of anticompetitive conduct are based on lawful "petitioning" of the government, whether in court or the Patent Office, Plaintiffs' conduct is also likely immune from the antitrust laws according to the *Noerr-Pennington* doctrine. *See Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 56 (1993) ("Those who petition government for redress are generally immune from antitrust liability."); *TCS John Huxley Am., Inc. v. Sci.*

*Games Corp.*, 2021 WL 4264403, at *3 (N.D. Ill. Sept. 20, 2021) ("A patent infringement suit is not necessarily an antitrust injury. In fact, the *Noerr-Pennington* doctrine provides immunity from antitrust claims to patent holders." (citing *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1067-68 (Fed. Cir. 1998))); *In re Humira*, 465 F. Supp. 3d at 829 (N.D. Ill. 2020) ("[The defendant's] conduct is protected by *Noerr-Pennington* (and not subject to antitrust scrutiny) unless its petitions—its patent applications, patent dance exchanges, and the lawsuits that followed—were objectively baseless." (citing *U.S. Futures Exch., L.L.C. v. Bd. of Trade of the City of Chicago, Inc.*, 953 F.3d 955, 958 (7th Cir. 2020))). Only knowing and willful fraud in prosecution of patents can destroy such immunity. *See Nobelpharma,* 141 F.3d at 1068 (citing *Walker Process Equip., Inc. v. Food Machinery & Chem. Corp.,* 382 U.S. 172, 177 (1965)). Gyroor fails to make any such allegations.

## Conclusion

Therefore, Plaintiffs' motion to dismiss Count II of Gyroor counterclaims [489] is granted. Plaintiffs' earlier filed motion to dismiss [481] is denied as moot in light of Gyroor's amended counterclaims [486], which are at issue on this motion.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 6, 2022