UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HANGZHOU CHIC INTELLIGENT
TECHNOLOGY CO.; and UNICORN
GLOBAL, INC.,

        Plaintiffs,

    v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

No. 20 C 4806

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Plaintiffs allege that Defendants sell counterfeit versions of Plaintiffs' product. Defendant "Jiangyou-US" has moved to dismiss for lack of personal jurisdiction.

Plaintiffs allege that Jiangyou-US made one sale to an Illinois resident. Realizing that this may be insufficient to establish personal jurisdiction,[1] Plaintiffs also rely on Federal Rule of Civil Procedure 4(k)(2) which provides personal jurisdiction over a defendant that is not amenable to jurisdiction in any state, but has sufficient contacts with the United States as a whole. to support personal jurisdiction.[2] Plaintiffs argue alternatively that the product sales of other defendants in the case are attributable to Jiangyou-US on a theory of agency or alter ego.

---

[1] *See Magenav, Inc. v. Sevensellers, Inc.*, 2022 WL 715423, at *2 (N.D. Ill. Mar. 10, 2022) (citing cases).

[2] "For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not

For a court to have personal jurisdiction over a defendant, the defendant must either be generally present in the jurisdiction or have sufficient contacts with the jurisdiction specific to the harm alleged. While the factors relevant to establishing general and specific jurisdiction are different, both require a clear understanding of the corporate entity's identity and its corporate relationships or affiliations. This is because the conduct of agents or alter egos can be imputed to a corporate entity. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021) ("[T]he attribution of an agent's conduct to a principal [can] establish specific personal jurisdiction." (citing *Nandjou v. Marriott Int'l, Inc.*, 985 F.3d 135, 150 (1st Cir. 2021) ("[F]or purposes of personal jurisdiction, the actions of an agent may be attributed to the principal."); *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015) ("For purposes of specific personal jurisdiction, the contacts of a third-party may be imputed to the defendant under either an agency or alter ego theory."); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1073 (9th Cir. 2001) (same with respect to agency))).

Despite the age of this case and ongoing discovery, the corporate identities of the remaining defendants and the relationships among them are not clear to the Court.[3] The "defendants" continue to be identified primarily by eBay and Amazon storefront names. But just like the physical address of a real storefront is not generally a legal entity, internet storefronts aren't either. Storefronts, whether real

---

subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."

[3] The Court understands the remaining defendants to be: Fengchi-US; Gyroor US; GaodeshangUS; Gyroor; Gyroshoes; HGSM; Jiangyou-US; and urbanmax.

2

or virtual, are not the business itself, but are tools that the business, whether a person or corporate entity, uses to sell its goods.

Despite the fact that "storefronts" are generally not legal entities, courts sometimes permit plaintiffs to initiate a case by naming the internet storefronts as defendants. That is because in cases like this alleging sales of counterfeit goods over the internet by sellers allegedly located outside the United States, the storefront names are often the only information the plaintiffs have about the sellers. Customarily, courts freeze the assets associated with the storefront according to eBay's or Amazon's records, which causes the storefronts' owners to appear and frequently reach settlements with the plaintiffs. That is what happened in this case for the majority of the original 94 internet storefronts that Plaintiffs identified in their initial complaint. Under those circumstances, the Court never needs to know the true identities of the owners of the storefronts.

Here, however, the remaining defendants are vigorously litigating the case. This includes participating in discovery and motion practice, including this motion to dismiss for lack of personal jurisdiction by defendant "Jiangyou-US." Jiangyou-US's motion has raised a number of questions relevant to the specific jurisdiction analysis, the answers to which require information about the legal owner of the storefront Jiangyou-US and what relationship that owner has to other people or entities who might have engaged in relevant conduct. For instance, Jiangyou-US could be so closely related to other people or entities such that their contacts with Illinois can be imputed to Jiangyou-US. Or, to the extent Jiangyou-US does not have sufficient

contacts with Illinois, it may have sufficient contacts with another state such that Rule 4(k)(2) requires Jiangyou-US to be sued there.

Notably, the affidavit Jiangyou-US filed in support of its motion is from a person who states that they are "the legal representative of Shenzhen jiangyou jinchukou youxiangongsi (Co. Ltd)." *See* R. 363-1. This raises several more questions. For instance, what relationship does "Shenzhen jiangyou jinchukou youxiangongsi (Co. Ltd)" have to "Jiangyou-US"? What is the legal status of "Shenzhen jiangyou jinchukou youxiangongsi (Co. Ltd)"? Is it a corporation or a partnership or a trade name? Is the "legal representative" an officer, shareholder, partner, or sole proprietor? Ultimately, the Court must know the relationships among the remaining defendants, in order to address the instant motion to dismiss in particular, and to fairly manage and adjudicate this case generally.[4]

It appears that a straightforward solution to this problem may be compliance with Local Rule 3.2, which has yet to occur in this case. That Rule requires any corporate entity that is a party to a case to "file a statement identifying all its affiliates or, if it has no affiliates, a statement to that effect." For purposes of the Rule, "'affiliate' is defined to include any entity or individual owning 5% or more of a party. Any entity or individual who owns 5% or more of any such affiliate shall also be included within the definition of 'affiliate.'" And a first step to identifying a party's affiliates would be identifying the corporate status of the party itself, including not

---

[4] Some of the other storefront defendants have also identified their corporate owners in answers and counterclaims, but the names alone do not answer all the questions the Court has.

just the name of the entity, but the type of entity it is, i.e., a corporation, whether public or private; a partnership or a sole proprietorship, and if so, the partners or individual owners. Once each party has properly identified itself, it must also identify its affiliates as defined by Local Rule 3.2. If the defendant storefronts are not corporately related or affiliates as defined by Rule 3.2, they should describe any way in which they are related, even if only contractually.

It may be that the defendant storefronts are owned by individuals or sole proprietorships. Local Rule 3.2 does not apply to individuals or sole proprietorships. Nevertheless, the Court expects the defendants remaining in this case to provide a statement of their business structure according to the terms of Local Rule 3.2, regardless of whether they are corporate entities or individuals. As discussed, the case cannot proceed fairly without that information.

Lastly, because it has challenged personal jurisdiction, Jiangyou-US's statement must also address whether there is any state in the United States with which it has sufficient minimum contacts to support jurisdiction, in accordance with Federal Rule 4(k)(2). If Jiangyou-US cannot or will not provide such certification, then the Court will likely exercise jurisdiction over "Jiangyou-US," or whatever entity turns out to be the actual owner of the Jiangyou-US storefront, assuming the other requirements of Rule 4(k)(2) are met. *See Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 960 (N.D. Ill. 2015) ("[I]f the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2).").

5

## Conclusion

Therefore, each defendant must file the statement described by this order by April 27, 2022. The motion to dismiss for lack of personal jurisdiction [363] is continued until the Court can consider these statements.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 6, 2022