UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO.; and UNICORN GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | No. 20 C 4806 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

On October 6, 2021, the Court granted Plaintiffs' motion for an order to show cause, finding that the remaining defendants—Gyroor and those allegedly affiliated with it—had sold products in violation of the preliminary injunction. *See* R. 444. The Court also ordered the Gyroor Defendants to pay Plaintiff reasonable attorney's fees and costs. *See id.* Over the following four months, the parties communicated about the appropriate amount but could not reach agreement. *See* R. 504-4. Plaintiffs have filed this motion seeking $119,209.59 in fees and costs. *See* R. 503. Plaintiffs' motion is granted in that they are awarded a total of $89,051.60 in fees and costs.

**Legal Standard**

Due to its "superior understanding of the litigation," the Court has considerable "discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court must "'provide a reasonably specific

explanation for all aspects of a fee determination,'" but its explanation "need not be lengthy." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 651 (7th Cir. 2011) (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010)); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) (district courts may engage in "rough justice" in apportioning fees). "The party seeking an award of fees" has the burden to "submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The Court may reduce the hours calculation "[w]here the documentation of hours is inadequate." *Id.*

## Analysis

Defendants object to Plaintiffs' fee and cost request with the following arguments: (1) the number of hours expended is unreasonable; (2) some work should have been performed by non-lawyers at lower rates; (3) the hourly rates are unreasonable; (4) Plaintiffs' expenses for samples of the infringing products and expert consultation are not reasonable; and (5) Plaintiffs are not entitled to recover fees for filing this motion for fees.

### I. Number of Hours

During the four months between the Court's order granting the motion to show cause and the filing of this motion, the parties communicated about the appropriate amount of fees and costs. Plaintiffs made an initial demand, and then modified that demand in response to Defendants' objections at least three times.

Defendants argue that Plaintiffs' modification of their demand constitutes "reasonable ground to believe that Plaintiffs' documentation of hours is inconsistent and inaccurate." R. 509 at 4. But the only modification with which Defendants take

2

issue specifically is the *decrease* in the number of hours for which Plaintiffs' seek compensation. This is not an indication that Plaintiffs' record of hours worked is inaccurate. Rather, the change in Plaintiffs' demand indicates a willingness to compromise, which should be part of any good faith negotiation.

The only specific inaccuracy Defendants found in Plaintiffs' submission is Plaintiffs' mistaken inclusion in the records submitted in support of this motion of a bill for "draft declaration in support of the motion to default," which is unrelated to the motion to show cause. Defendants argue that this mistake is sufficient to undermine Plaintiffs' entire fee request. But Defendants also concede that Plaintiffs admitted this billing line item was included in error, and its removal is part of the reason the number of hours for which Plaintiffs seek compensation on this motion is less than previously demanded. Again, this good faith correction is not reason to believe Plaintiffs' current demand is unreasonable.

Defendants third objection has more merit. Defendants point out that many of Plaintiffs' billing entries do not mention the motion to show cause or "Gyroor" or any defendant in particular. The majority of Plaintiffs' entries include such a notation, which raises the possibility that the more ambiguous entries are not related to this motion. Plaintiffs contend that they are able to identify the relevant entries by the dates and their general knowledge of their attorneys' activities during the time period preceding the filing of the motion to show cause. But Plaintiffs also concede that their block billing method necessarily entails billing for work that applies to this case as a whole, and not necessarily specifically to the show cause motion.

3

Under these circumstances, the Court finds it unreasonable to award fees for billing entries that do not specifically mention the show cause motion or "Gyroor." For this reason, the Court counted the entries that are sufficiently specific in an effort to determine the compensable hours:

| Attorney/ Paralegal & Rate | Kelly $865/hour | Yuan $650/hour | Nandi $695/hour | Abdelaziz $610/hour | Wickersham $350/hour | Alam $350/hour | TOTAL |
|---|---|---|---|---|---|---|---|
| Corrected Hours | 6.9 | 104.1 | 25 | 19.3 | 4.2 | 1 | 160.5 |
| Corrected Hours x Rate | $5,968.50 | $67,665.00 | $17,375.00 | $11,773.00 | $1,470.00 | $350 | $104,601.50 |
| Requested Hours | 19 | 75.1 | 18.1 | 20.3 | 4.2 | 3.3 | 140 |
| Requested Fees | $16,435.00 | $48,815.00 | $12,579.50 | $12,383.00 | $1,470.00 | $1,155.00 | $92,837.50 |

Surprisingly, the total corrected fees based on the corrected hours, i.e., the total based on billing entries that specifically mention the show cause motion or "Gyroor," are $104,601.50, which is greater than the total amount of fees for which Plaintiffs seek compensation, $92,837.50.[1] Additionally, Plaintiffs seek far more compensation for attorney Kelly than the bills support, while they seek far less for attorneys Yuan and Nandi.

As it is Plaintiffs' burden to demonstrate that the hours they billed are reasonable and appropriate, the Court will cap the number of hours to be awarded, for each attorney or paralegal (subject to Defendants' further objections addressed

---

[1] Plaintiffs also seek fees for bringing this fee petition, but the Court addresses that issue separately below.

4

below), at the lesser number of hours supported by either the billing records or Plaintiffs' request. For example, for attorney Kelly's work, the maximum number of hours to be compensated is the 6.9 hours supported by the billing records. But for attorney Yuan's work, the maximum number of hours to be compensated is the 75.1 hours Plaintiffs seek, rather than the higher 104.1 hours supported by the records. Even though the records support the greater amount of 104.1 hours, the Court cannot ignore Plaintiffs' representation that 75.1 is the appropriate amount. Following this principal for each of Plaintiffs' six attorneys and paralegals yields the following maximum number of compensable hours and fees:

| Attorney/ Paralegal | Kelly $865/hour | Yuan $650/hour | Nandi $695/hour | Abdelaziz $610/hour | Wickersham $350/hour | Alam $350/hour | TOTAL |
|---|---|---|---|---|---|---|---|
| Compensable Hours | 6.9 | 75.1 | 18.1 | 19.3 | 4.1 | 1 | 124.6 |
| Compensable Amounts | $5,968.50 | $48,815.00 | $12,579.50 | $11,773.00 | $1,470.00 | $350 | **$80,956.00** |

## II. Non-Lawyer Work

Defendants object further that Plaintiffs should not be awarded fees for the time attorney Yuan spent capturing screen shots of their internet storefronts. Defendants argue that this is work that could be accomplished by a paralegal at a lower hourly rate.

Plaintiffs argue that that billing entries for "screen captures do not reflect merely clicking 'print to PDF,'" but "reflect Mr. Yuan's substantial work trying to track down various Gyroor-affiliated stores and alter egos, analyzing which product

5

offered were covered by the preliminary injunction, and obtaining evidence of that non-compliance to us in Plaintiffs' motion." R. 512 at 3-4.

As with the lack of specificity in Plaintiffs' billing entries just discussed, Yuan's description of his work as merely "screen captures" leaves Plaintiffs vulnerable to Defendants' argument. However, the Court's knowledge of the case and Yuan's work is more extensive that the billing entries alone. Yuan submitted affidavits on the motion to show cause that demonstrate the extent of the work he did to prepare the motion, and which confirm the description of his work that Plaintiffs provide here. Because of the affidavits he submitted on the motion to show cause, the Court is aware that Yuan spent significant time examining and analyzing Defendants' internet stores and products in a substantive manner. Based on these affidavits and the sworn representations of Plaintiffs' counsel on this motion for fees, the Court will accept that Yuan's billing notation of "screen captures" reflected work that required the skill of an attorney. The Court will not reduce the compensable hours for Yuan's work on this basis.

### III. Hourly Rates

Defendants object that Plaintiffs have not satisfied their burden to establish that their hourly rates are reasonable, because they support the reasonableness of the rates with only a "self-serving affidavit." *See* R. 509 (citing *Spegon v. Cath. Bishop of Chicago*, 175 F.3d 544, 556 (7th Cir. 1999)). Defendants' citation to Seventh Circuit authority for this argument is accurate as far as it goes. But the Seventh Circuit found an attorney affidavit insufficient when the attorney never actually billed

6

clients for the rates sought. Contrary to Defendants' argument, the Seventh Circuit has held that an attorney's affidavit attesting to their hourly rates is sufficient to establish the reasonableness of those rates when the attorney actually billed their client at those rates. *See Spegon*, 175 F.3d at 556 ("since Rossiello has no fee-paying clients, he has no 'actual' billing rate that can be presumed to be his market rate").

Here, Plaintiffs' counsel attests that they billed the hours they seek and has submitted billing invoices for those hours. The Court ordered unredacted copies of Plaintiffs' counsel's invoices for in camera review and confirmed that counsel billed at the rates stated in counsel's affidavit. Along with the unredacted invoices, counsel filed an additional affidavit stating that Plaintiffs have actually paid fees well in excess of the fee amounts sought on this motion.

Defendants could have rebutted the reasonableness with evidence that the rates are excessive. But Defendants have offered no such evidence. Therefore, the Court finds the rates are reasonable.

**IV. Expenses**

In addition to their fee request, Plaintiffs' seek reimbursement for the $959.09 they spent to buy Defendants' products to examine them, and for the $6,413.00 paid to "a design patent expert to confirm that each of the identified infringing products were in fact a reproduction [of Plaintiff's products covered by the preliminary injunction]," R. 503 at 3. While both of these expenses are relevant to the subject matter of the motion to show cause, the Court finds that Plaintiffs would have incurred these expenses during the course of the case even if they never had reason

7

to file the motion to show cause. Plaintiffs will ultimately have to prove the facts the Court found on a preliminary basis in entering the injunction. Examination of Defendants' products and consultation with an expert will be necessary to make that proof for the same reasons Plaintiffs determined they were necessary to file the motion to show cause. Because these expenses are relevant to the case as a whole, and not particular to the motion to show cause, the Court will not award them here.

## V.     Fees on Fees

Plaintiffs also seek fees for the preparation of this fee petition. "The relevant inquiry with respect to this determination is whether the hours claimed to have been expended on the fee request bear a rational relation to the number of hours spent litigating the merits." *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894 (7th Cir. 2001). One guidepost in this regard is that a "ratio of fifteen minutes worked on the fee petition for every hour worked on the merits [is] excessive." *Spegon*, 175 F.3d at 554.

Here, Plaintiffs seek $19,000 for filing this motion for fees. Notably, the amount had not been billed to Plaintiffs at the time they filed this motion for fees. It was an estimate by Plaintiffs' counsel. Without concrete evidence of the time counsel spent on this motion for fees, the Court will award ten percent of the costs of the motion to show cause, or $8,095.60, which would amount to about twelve and a half hours of work at a rate of $650 per hour. This is in line with other awards for work on fee petitions. *See Batt*, 241 F.3d 894-95 (citing awards of 2 hours and 1.6 hours); *see also Barnes v. Aryzta, LLC*, 2019 WL 277716, at *6 (N.D. Ill. Jan. 22, 2019) (14.4 hours).

8

## Conclusion

Therefore, Plaintiffs are awarded a total of $89,051.60 in fees and costs.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 26, 2022