**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al, | |
| *Plaintiff*, | **CASE NO.** 1:20-cv-04806 |
| v. | **Judge:** Honorable Thomas M. Durkin |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge:** Jeffrey Cole |
| *Defendant*. | |

**THIRD-PARTY RESPONDENT YANJIN-US' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE PRELIMINARY INJUNCTION AND TO SANCTION PLAINTIFFS**

Third-Party Respondent Yanjin-us' (d.b.a. "Shenzhen Yanjingmaoyi Ltd. Co.," Dkt.456, p.14, Exhibit A, #12) ("Respondent" or "Yanjin-us"), by and through counsel, submits this memorandum of law in support of its Motion to Vacate the Preliminary Injunction and Motion to Sanction Plaintiffs.

**Introduction**

Plaintiffs' enforcement action against infringement of their hoverboard design patents has turned into an attack on the "Gyroor-Brand." Aside from allegations against Gyroor-branded hoverboards, Plaintiffs' attack has spread to non-hoverboard items. Here, Respondent Yanjin-us is another victim of Plaintiffs' false accusations, wrongful enforcement, and Plaintiffs' wanton disregard of their statutory obligations under the Federal Rules of Civil Procedure.

Yanjin-us never sold any accused hoverboards. In fact, Yanjin-us never sold hoverboards at all. Just because Yanjin-us sold Gyroor-branded Electric Roller Skate, also known as "hover shoes," Plaintiffs sought for a preliminary injunction against Yanjin-US based on nothing more than an empty assertion that Yanjin-us "appear[s] to be acting in active concert and participation with the named defendants." [Dkt. 456, p. 14, n.5].

1

Plaintiffs knew, or on reasonable investigation should have known that Yanjin-us never sold any accused products. Plaintiffs produced no evidence to support its allegations. Knowing that their false accusations lack merits, Plaintiffs did not make any factual or legal arguments against the Yanjin-us prior to submitting a proposed preliminary injunction order to this Court. By injecting their false accusations against Yanjin-us in their proposed preliminary injunction order, and by intentionally delaying notifying Yanjin-us regarding the injunctions sought against it, Plaintiffs effectively obtained an ex parte preliminary injunction against Yanjin-us.

When Plaintiffs wrongful injunction was challenged by Yanjin-us, Plaintiffs failed to produce any relevant evidence. After acknowledging that Yanjin-us was wrongfully restrained, Plaintiffs still refused to report to this Court for an order to release Yanjin-us from the injunctions. This cannot be explained other than a bad-faith attack on Yanjin-us and against merchants that sell Gyroor-branded products.

Even worse, Plaintiffs misled Yanjin-us' prior counsel Mr. Stockman, claiming "[Plaintiffs have] asserted no claims against [Yanjin-US], we never requested that your client's assets be restrained…," leaving the false impression that this Court, *sua sponte*, imposed an ex parte preliminary injunction against Yanjin-us via the November 13, 2021 preliminary injunction order, although the preliminary injunction order was proposed and submitted by Plaintiffs.

Plaintiffs repeated violation of defendants/respondents' procedure due process and Plaintiffs' willful and intentional misrepresentation of material facts should not be tolerated. Respondent Yanjin-us respectfully requests this Court vacate the preliminary injunction against it, award damage and attorneys' fee, and sanction Plaintiffs for their bad-faith conducts.

### Procedural Background

On August 24, 2021, Plaintiffs filed a motion for entry of a preliminary injunction against seven defendants on [Dkt. 384].

On October 6, 2021, this Court granted Plaintiffs' motion [Dkt. 447].

On October 12, 2021, a proposed preliminary injunction order was submitted by Plaintiffs to this Court. *See* Email, <u>Exhibit 1</u>. Aside from the seven defendants named in Plaintiffs' motion, additional entities were included in the attached "Exhibit A," including Yanjin-us. *Id*.

On October 13, 2021, the proposed preliminary injunction order was adopted by this Court, including "Exhibit A." [Dkt. 456].

On January 13, 2022, more than 90 days after the Court issued the preliminary injunction order, Plaintiffs notified Yanjin-us about the preliminary injunction against Yanjin-us. *See* Emal, <u>Exhibit 2</u>.

On February 7, 2022, Yanjin-us, through prior counsel Travis Stockman, contacted Plaintiffs.

On April 4, 2022, after a lengthy investigation, Plaintiffs determined that Yanjin-us was wrongfully restrained and "should not have its assets restrained." *See* Emal, p.1, <u>Exhibit 3</u>.

On April 18, 2022, Yanjin-us requested to have its account released based on a formal agreement. *See* Emal, pp.1-2, <u>Exhibit 4</u>.

On April 25, 2022, Plaintiffs refuse to release Yanjin-us, denying their involvement in seeking and enforcing the preliminary injunctions against Yanjin-us, reasoning "[Plaintiffs have] asserted no claims against [Yanjin-US], we never requested that your client's assets be restrained." Ex.4. p.3.

## Factual Background

Yanjin-us has never sold hoverboards of any kind. *See* Emal, p.11, <u>Exhibit 5</u>.

Yanjin-us has sold Electric Roller Skate (shown below), also known as "hover shoes." *Id*.



**Gyroor-branded Electric Roller Skate (hover shoes) sold by Yanjin-US**

### Arguments

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995).

**A. Yanjin-US' should not be subject to the October 13, 2022 preliminary injunction**

1. <u>The preliminary injunction against Yanjin-us violates Rule 65(d)(2)</u>

As a third-party, Yanjin-us was restrained based on no evidence, but Plaintiffs' unsubstantiated assertion that Yanjin-us "appear[s] to be acting in active concert and participation with the named defendants." [Dkt. 456, p.14, n.5; p.9, ¶1; pp.9-10, n.3].

"Supreme Court law as interpreted by the Seventh Circuit forbids pre-determining the question of whether an injunction binds a third party under Rule 65(d)(2) without first serving the third party and giving it an opportunity to be heard." *Pow! Entm't, LLC v. Individuals, Corps., Limited Liability Companies, Partnerships, and Unincorporated Ass'ns Identified on Schedule A*, 2020 U.S. Dist. LEXIS 154861, at*5-6 (N.D. Ill. Aug. 26, 2020) (citing *Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Com'n.*, 511 F.3d 762, 766-67 (7th Cir. 2007); *United States v. Kirschenbaum*, 156 F.3d 784, 794-96 (7th Cir. 1998) (both applying *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110-11 (1969))).

***First***, no actual notice was given to Yanjin-us. Yanjin-us was not given an opportunity to defend itself prior to being bound by the preliminary injunction. Show in Exhibit 2, a notice was sent to Yanjin-us three months after it was bound by the preliminary injunction.

***Second***, Plaintiffs produced no evidence to support their accusations that Yanjin-us is "acting in active concert and participation with the named defendants." In fact, Plaintiffs conceded that Yanjin-us never sold any accused products and was wrongfully restrained. Ex.3, p.1.

Since Plaintiffs failed to provide any evidence, and failed to properly notify Respondent as required under the Federal Rules, this ex parte preliminary injunction against Yanjin-us must be vacated.

2. <u>Plaintiffs did not demonstrate a likelihood of success on the merits</u>

A likelihood of success on the merits is a prerequisite for obtaining a preliminary injunction. *Ayoubi v. Wexford Health Sources, Inc.*, 819 F. App'x 439, 441 (7th Cir. 2020) (citing *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)).

Here, because Yanjin-us never sold any accused products, Plaintiffs have no likelihood of success on the merits. Therefore, a preliminary injunction against Yanjin-us is unwarranted.

**B. Plaintiffs should be sanctioned for its bad-faith litigation conducts**

A federal court has inherent authority to sanction a litigant for bad faith conduct. The inherent authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). Sanctions such as shifting attorneys' fees and default judgment may be imposed under the court's inherent authority. *Id*. at 44-45; *Diettrich v. Northwest Airlines, Inc.*, 168 F.3d 961, 964 (7th Cir. 1999).

1. <u>Plaintiffs should be sanctioned for their bad-faith false representation of material facts</u>

"Making a nontrivial false statement to the Court is an abuse of the judicial process, and the Court has inherent authority to sanction such conduct." *Palmer v. Dollar Tree*, 2012 U.S. Dist. LEXIS 145383, 2012 WL 4795720, at *4 (N.D. Ill. Oct. 9, 2012) (citing *Montano v. City of Chi*., 535 F.3d 558, 563 (7th Cir. 2008); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003); *McRoyal v. Commonwealth Edison Co.,* 263 Fed. Appx. 500, 502 (7th Cir. 2008).

Here, although on record, Yanjin-us first appeared in Exhibit A to the Court's October 13, 2021 Preliminary Injunction Order, the list of Exhibit A was proposed and submitted by Plaintiffs to this Court.

Plaintiffs' denial of their own involvement in seeking and enforcing the preliminary injunction against Yanjin-us is not only false, but also misleading, which caused confusions, leaving the impression that this Court, *sua sponte*, imposed an ex parte preliminary injunction against Yanjin-us. Ex.4. p.3.

Furthermore, after Plaintiffs acknowledged that Yanjin-us was wrongfully restrained, [Ex.3, p.1], Plaintiffs' prior statements made to this Court, through their proposed preliminary injunction order, that Yanjin-us "appear to be acting in active concert and participation with the named defendants" was false. Plaintiffs have an obligation to promptly correct the false statements with the Court.

Plaintiffs' refusal to notify this Court and to release Yanjin-us from the wrongful injunction cannot be explained other than a bad-faith enforcement action against Yanjin-us and the Gyroor-brand.

2.   Plaintiffs' bad-faith enforcement of their patent against Yanjin-us warrants sanctions

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "The filing and maintaining of an infringement suit which the *patentee knows, or on reasonable investigation should know, is baseless,* constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285 and awarding costs and attorney fees, and expenses to the accused infringer." *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 810, 14 U.S.P.Q.2d 1965 (Fed. Cir. 1990); *Shelco, Inc. v. Dow Chem. Co.*, 466 F.2d 613, 618 (7th Cir. 1972) ("bad faith in asserting the validity and infringement of a patent is ample justification for holding that a patent case is an exceptional one within the intendment of 35 U.S.C. § 285").

Here, the Electric Roller Skate sold by Yanjin-US are plainly and objectively different from the accused hoverboards. Plaintiffs knew or should have known that their design patent enforcement action against Yanjin-us' Electric Roller Skate is without merits.

Plaintiffs' baseless design patent infringement allegations, bad-faith denial of their involvement, and refusal to release Yanjin-us from the preliminary injunction all constitute grounds for an exceptional case under 35 U.S.C. § 285.

Because of the wrongful injunction, Yanjin-us has sustained substantial damage. Consequently, Yanjin-us should be awarded damage, reasonable attorneys' fee and expenses.

## <u>Conclusion</u>

For the foregoing reasons, Respondent respectfully request the Court vacate the preliminary injunction against it, and award Yanjin-us damage to due to the wrongful injunction, as well as reasonable attorneys' fee and expenses.


Date: 05/16/2022                                  /s/ Tianyu Ju
                                                  Tianyu Ju
                                                  GLACIER LAW PLLC
                                                  200 Park Avenue, Ste 1703
                                                  New York, NY 10166
                                                  ***Attorney for Respondent***

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this May 16, 2022, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 05/16/2021        /s/ Tianyu Ju

                                             Tianyu Ju