UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO.; and UNICORN GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | No. 20 C 4806 <br><br> Judge Thomas M. Durkin |

ORDER

Defendants have filed a motion to recuse. That motion is denied for the following reasons.

The motion argues that the Court has frequently ruled against Defendants on the merits. But "adverse rulings are not themselves evidence of bias." *Ramirez v. Sween*, 2022 WL 1439397, at *2 (7th Cir. May 6, 2022) (citing *Litkey v. United States*, 510 U.S. 540, 555-56 (1994)). Furthermore, the majority of the motion is dedicated to arguments about the propriety of service of process and injunctions entered in this case, arguments which Defendants have raised numerous times previously. The Court has ordered briefing and issued written orders and opinions addressing each of these objections. *See* R. 199; R. 284; R. 359; R. 399; R. 444. Perhaps the Court's ruling have been incorrect. But Defendants will have an opportunity to rectify any errors on summary judgment or appeal. Recusal is not the proper mechanism.

One of the old arguments Defendants raise again is that the Court "has enjoined entities that undisputedly have no connection to the alleged hoverboards design patent infringement." The only new aspect of this argument is the specific "respondent" Yanjin-us, which only appeared in this case 18 days ago, and only just filed an objection to the injunction today. Concurrently with this order, the Court has ordered Plaintiffs to respond to Yanjin's motion to vacate the preliminary injunction. The Court will address that motion when it is fully briefed. Defendants cite no other party enjoined allegedly without due process that the Court has not previously addressed.

Defendants also contend that "[b]ased on Plaintiffs initial ex parte request for a preliminary injunction, this Court could reasonably have formed a preconceived bias that all foreign defendants and respondents in this case were counterfeiters and patent infringers, which prevented this Court from making fair and impartial judgment." Of course Plaintiffs, not the Court, made these allegations. The Court's analysis of the allegations is memorialized in the Court's orders, which as discussed, are not a basis for recusal.

Defendants argue further that the Court's "judicial remarks demonstrate a preconceived bias against foreign defendants." The Court rejects this characterization. Plaintiffs have alleged that defendants in this case are located outside the United States and so can more easily hide assets from enforcement of the Court's orders. That is the only reason the Court has ever referenced the defendants as being "foreign." This is a fact of the case, not evidence of bias.

Defendants also argue that "advice given to Plaintiffs also proves this Court's bias in favor of Plaintiffs." But contrary to Defendants' characterization, the Court has never given "advice" to Plaintiffs. The statements Defendants cite are procedural orders given in the course of case management. If Defendants perceived those instructions to be improper, they should have challenged them when they were given. Indeed, Defendants even now have not articulated anything improper about the orders.

Lastly, Defendants argue that the Court improperly considered an ex parte affidavit in granting a motion for attorney's fees. Submission of the affidavit was proper because the Court asked Plaintiffs' counsel to reveal how much money Plaintiffs have paid them. But the Court agrees that a redacted copy of this affidavit should be available. The Court will enter this affidavit on the docket in conjunction with this order, redacting the amount of fees.

For all these reasons, Defendants' motion to recuse [538] is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: May 17, 2022

3