UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al, <br><br> *Plaintiff*, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendant*. | CASE NO. 1:20-cv-04806 <br><br> **Judge:** Honorable Thomas M. Durkin <br><br> **Magistrate Judge:** Jeffrey Cole |

**DEFENDANT GYROOR'S MOTION FOR CLARIFICATION OF
THE PRELIMINARY INJUNCTION ORDER [DKT 456]**

Defendant Gyroor, by and through counsel, moves this Court for a clarification of its Preliminary Injunction Order [Dkt, 456], in view of the Court's recent orders [Dkt. 558, 559].

1. **Clarification regarding "G-11 model" hoverboard**

Defendant Gyroor owns the "Gyroor Brand." The Gryoor brand encompasses a variety of hoverboards, electric scooters, electric bikes, and other accessory products. Examples are provided below.



| **Gyroor Brand Products** |||
|---|---|---|
| Gyroor e-scooter | Gyroor e-bike | Gyroor hoverboards |

Shown above, most Gyroor-brand products are irrelevant to this action and do not infringe Plaintiffs' design patents. Unless specific allegations are made against a particular Gyroor-brand product, the product should not be presumably infringing.

"An injunction 'must not be broader than the legal justification for its entry.'" *Common Cause Ind. v. Lawson*, 978 F.3d 1036, 1041 (7th Cir. 2020) (quoting *Henderson v. Box*, 947 F.3d 482, 487 (7th Cir. 2020)). This Court also recognizes that the scope of the preliminary injunction is limited to Plaintiffs' motion paper. [Dkt. 558, p. 2] ("review shows that Yanjin-US was included in the chart in the proposed order even though it was *not* mentioned in the motion papers. Thus, Yanjin-US should not have been referenced in the preliminary injunction order entered on October 13, 2021, R. 456.").

Here, Plaintiffs made no allegations against Gyroor-brand products — "G 11 model" hoverboard. The "G 11 model" hoverboard should not be presumably infringing. The injunction should be limited to the products in Plaintiffs' motion paper [Dkt. 384, 385].

*First*, Plaintiffs only alleged infringement against four types of Gyroor-brand products in their motion paper – "Gyroor A," "Gyroor B," "Gyroor C," and "Gyroor D." [Dkt. 384, §**I.A.2**., pp. 26-27]. The injunction should be limited to the four accused products.

***Second***, the "G 11 model" has a distinct design from the other four accused products ("Gyroor A (T581 model)," "Gyroor B (G 2 Model)," "Gyroor C (T580 model)," and "Gyroor D (G 5 model)"). G 11 model is especially distinguishable because of its LED lit standing pedals and wheel covers. Comparisons are provided below.



| Gyroor A (T581 model) | Gyroor B (G 2 Model) | Gyroor C (T580 model) |



| Gyroor D (G 5 model) | Gyroor G 11 model |

***Third***, ASIN for "G 11 model" hoverboard (B08RYMXRWM) was included in the chart "Exhibit B" of the proposed order [Dkt. 456, p. 15], even though the "G-11 model" hoverboard was not mentioned in plaintiffs' motion papers.

Therefore, Defendant respectfully requests for a clarification as to whether the "G-11 model" hoverboard (B08RYMXRWM) was referenced in the preliminary injunction order due to an error.

2. **Clarification regarding third-parties in "Exhibit A" of the Preliminary Injunction Order**

Many third-party merchants were referenced in the "Exhibit A" of the Preliminary Injunction Order. [Dkt. 486, p. 14]. After reviewing supporting exhibit to the "Store and Website" [Dkt. 383, pp.

3

2-3], the Court recognizes that "Yanjin-US should not have been referenced in the preliminary injunction order entered on October 13, 2021, R. 456" because "it was not mentioned in the motion paper." [Dkt. 558, p.2].

This Court further recognizes that "Plaintiffs included Yanjin-US in the proposed order by mistake." [Dkt. 559, p. 2]. "[B]ecause the Court was unaware of Yanjin-US's existence prior to Plaintiffs listing it in the proposed order…it is impossible for the Court to enjoin an entity without knowledge that the entity exists." *Id*. at p.3.

Here, even taking into account the supporting exhibit to the "Store and Website," [Dkt. 383], there are 14 third-party merchants on the Exhibit A (No. 1-11, 13-14, 17) that were not mentioned in Plaintiffs' motion paper.

Because motion paper [Dkt. 384] was fully briefed, the Court must have reviewed all relevant pleadings, and evidence including the supporting exhibit before granting the extraordinary injunctive relief.

Therefore, Defendant respectfully requests for a clarification as to whether the 14 third-party merchants were referenced in the preliminary injunction order due to an error.

| | |
|---|---|
| Date: 06/19/2022 | /s/ Tianyu Ju |
| | Tianyu Ju |
| | GLACIER LAW PLLC |
| | 200 Park Avenue, Ste 1703 |
| | New York, NY 10166 |
| | ***Attorney for Respondent*** |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 19, 2022, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 06/19/2021 /s/ Tianyu Ju
Tianyu Ju