UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO.; and UNICORN GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | No. 20 C 4806 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs allege that Defendants sell counterfeit versions of Plaintiffs' product over the internet. Defendant "Jiangyou-US" has moved to dismiss for lack of personal jurisdiction. That motion is granted.

**Legal Standard**

Once the defendant "moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "The precise nature of the plaintiff's burden depends upon whether an evidentiary hearing has been held." *Id.* If no evidentiary hearing is held, "the plaintiff bears only the burden of making a prima facie case for personal jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392-93 (7th Cir. 2020). "When affidavits regarding the issue of personal

jurisdiction are submitted, the district court may weigh the affidavits." *Id.* "However, in evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.*

## Analysis

Plaintiffs provide evidence that Jiangyou-US made one sale of the allegedly infringing product in Illinois through an Amazon electronic storefront. But "[o]ne sale in Illinois simply does not show that Defendants targeted Illinois customers." *Magenav, Inc. v. Sevensellers, Inc.*, 2022 WL 715423, at *2 (N.D. Ill. Mar. 10, 2022). True, a "single act" can support jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985) ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction."); *see also In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 589 (5th Cir. 2014) ("[E]ven a single contact may be sufficient to create jurisdiction when the cause of action arises out of that . . . contact, provided that the principle of 'fair play and substantial justice' is not thereby offended."). For instance, in *McGee v. International Life Insurance Company*, the Supreme Court held that a single insurance contract established personal jurisdiction. *See* 355 U.S. 220, 222 (1957). But the contract required ongoing obligations that connected the defendant with the forum state. *Id.* at 223 ("The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died. It cannot be denied that California

2

has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims.").

By contrast, however, the Federal Circuit held that a defendant's single sale of a product in response to an "unsolicited mail-order request," along with a few telephone conversations with the customer, did not establish a substantial connection with the forum. *See Katz v. Ladd Unif. Co.*, 1992 WL 162545 (Fed. Cir. July 15, 1992). More recently, the Ninth Circuit held that a single eBay sale was insufficient to establish personal jurisdiction over the seller in the forum where the customer resided. *See Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) ("This was a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there."). And at least two courts in this district have found that a single sale to an Illinois customer through a website was insufficient to establish personal jurisdiction over the out-of-state seller. *See Seven Oaks Millwork Inc. v. Royal Foam US, LLC*, 2019 WL 6827641, at *4 (N.D. Ill. Dec. 13, 2019); *Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d 711, 716 (N.D. Ill. 2011).

Certainly, operating a website accessible in Illinois makes it likely that sales to Illinois customers will occur. But this is an inescapable fact of operating a generally accessible website. And the Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or

3

operates a website that is accessible in the forum state." *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."). Plaintiffs have not alleged that Jiangyou-US has any other contact with Illinois beyond the one sale. Without more, the Court cannot say that Defendants "targeted" Illinois and should have anticipated the possibility of being sued here.

Alternatively, Plaintiffs argue that exercising personal jurisdiction is proper because Jiangyou-US is the alter ego of the other defendants in the case who have made multiple sales in Illinois, such that those sales should be imputed to Jiangyou-US. Plaintiffs' alter ego argument is based on allegations that Jiangyou-US is "affiliated" or "associated" with the other defendants. *See* R. 471 at 4. Specifically, Plaintiffs allege that Defendant Gyroor "owns the trademark 'Jiangyou' in China," and "the principals of the named defendant 'Gyroor' even own the company 'Jiangyou' in China." *Id.* But unity of ownership alone is insufficient to demonstrate that one entity is the alter ego of another. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) (holding that "constitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are

4

substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary"); *id.* ("[J]urisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary."). "The activities of a subsidiary may suffice to assert jurisdiction over the parent if there is some basis for piercing the corporate veil, such as the parent's unusual degree of control over the subsidiary, but this does not apply in the case of an ordinary parent-subsidiary relationship that observes corporate formalities." *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th Cir. 2013). Plaintiffs have not alleged that Defendants ignored "corporate formalities" or that Jiangyou-US is inadequately capitalized. *See Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610-11 (7th Cir. 2009). Plaintiffs' allegations of "affiliation" and "association," without more, are insufficient for the Court to exercise personal jurisdiction over Jiangyou-US on an alter ego theory.[1]

Lastly, Plaintiffs argue that the Court should exercise personal jurisdiction over Jiangyou-US pursuant to Federal Rule of Civil Procedure 4(k)(2). The Rule provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with

---

[1] At the Court's direction, Defendants submitted statements regarding their corporate characteristics. *See* R. 518. Jiangyou-US states that no affiliate owns more than 5% of its equity and that it has no contractual relationship with any of the other defendants. *See* R. 522. This statement appears to contradict Plaintiffs' allegations of affiliation or association. If Plaintiffs had made a prima facie case of an alter ego relationship, the Court would require further evidence in order to resolve this dispute by way of an evidentiary hearing.

the United States Constitution and laws." Plaintiffs argue that jurisdiction in Illinois over Jiangyou-US is proper because "Jiangyou-US has identified no state where it can be sued." R. 471 at 2. But in response to the Court's order for a statement regarding its corporate status, Jiangyou-US conceded that it "has sufficient minimum [contacts] with the State of California to support jurisdiction."[2] R. 522. Thus, Rule 4(k)(2) is not a basis for jurisdiction over Jiangyou-US in Illinois.

## Conclusion

Therefore, Jiangyou-US's motion to dismiss for lack of personal jurisdiction [363] is granted.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 21, 2022

---

[2] Jiangyou-US's statement used the word "contracts" instead of "contacts." *See* R. 522. The Court finds that Jiangyou-US intended to use the word "contacts," as that is the relevant standard for personal jurisdiction, and that Jiangyou-US has conceded that it is amendable to suit in California.