UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al,<br><br>                    *Plaintiff,*<br>        v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                    *Defendant*. | **CASE NO.** 1:20-cv-04806<br><br>**Judge:** Honorable Thomas M. Durkin<br><br>**Magistrate Judge:** Jeffrey Cole |

**DEFENDANT GYROOR'S MOTION FOR CLARIFICATION OF
THE PRELIMINARY INJUNCTION ORDER [DKT 456]**

Defendant Gyroor, by and through counsel, moves this Court for a clarification of its orders [Dkt. 562]. While "Defendants do not have standing to challenge any such error," under Rule 60(a), this Court has inherent power to correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *See* Fed. R. Civ. P. 60(a).

1. **Legal Standard**

The Commentary to Rule of Professional R. 3.3 elaborates that in *ex parte* proceedings, "[T]he judge has an affirmative responsibility to accord the absent party just consideration." *See* Ill. Sup. Ct. R. Art. VIII, R. 3.3, Comment [14].

Courts have an "obligation to correct substantial miscarriages of justice." *United States v. Frady*, 456 U.S. 152, 179 (1982). Specifically, "the Court has an obligation to ensure it does not overlook factual matters in considering issues brought before it, and an obligation to be fair to the litigants on both sides of the case, and, if necessary, 'to correct clear error and to prevent manifest injustice.'" *Romero v. United States*, 2003 U.S. Dist. LEXIS 4384, at *5 (S.D.N.Y. Mar. 21, 2003) (citing *Eisemann v. Greene,* 204 F.3d 393, 395, n.2 (2d Cir. 2000), *Doe v. New York City Dept. of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

1

Furthermore, "[t]he Court has an obligation to examine carefully its jurisdiction and to correct jurisdictional defects on its own motion where the parties have not raised the issue." *Lawrence Crawford Ass'n for Exceptional Citizens, Inc. v. Conversource, Inc.*, No. 4:04-cv-4130-DGW, 2008 U.S. Dist. LEXIS 47991, at *5 (S.D. Ill. June 23, 2008).

2. **Arguments**

Here, ***first***, the burden is on Plaintiffs to prove that a preliminary injunction is justified against each entity that was included on the Exhibit A. Without a clear showing of evidence, how could such an injunction be justified? The burden of proof should not be shifted to the accused entities.

***Second***, this Court recognizes that at least one entity was improperly included in the exhibit to the preliminary injunction order due to Plaintiffs' mistake and its oversight. [Dkt, 562]. This Court further recognizes that other similarly situated entities could also have been improperly included in the injunction order. *Id*.

A preliminary injunction against the foreign entities without supporting evidence or sufficient notice is inequitable. Unlike domestic entities, foreign entities have limited access to legal representation in the United States. The third-party foreign entities that were subject to the exhibit of the preliminary injunction, likely due to Plaintiffs' mistakes and this Court's oversight, constitutes an extraordinary circumstance that calls for equitable action from this Court.

Modification to exclude the unnamed third-parties from the preliminary injunction would allow this Court to prevent any substantial miscarriage of justice.

***Third***, jurisdiction was assumed over the foreign entities regardless of whether they had any contact with this judicial district.

Therefore, Defendant respectfully requests for a clarification whether this Court would consider, on its own motion, modify and exclude the third-party entities that were not mentioned in Plaintiffs' motion for entry of a preliminary injunction.

| | |
|---|---|
| Date: 06/24/2022 | /s/ Tianyu Ju |
| | Tianyu Ju |
| | GLACIER LAW PLLC |
| | 200 Park Avenue, Ste 1703 |
| | New York, NY 10166 |
| | ***Attorney for Respondent*** |

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this June 24, 2022, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

| | |
|---|---|
| Date: 06/24/2021 | /s/ Tianyu Ju |
| | Tianyu Ju |