**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al,<br><br>                               *Plaintiffs*,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                               *Defendants*. | **CASE NO.** 1:20-cv-04806<br><br>**Judge:** Honorable Thomas M. Durkin<br><br>**Magistrate Judge:** Jeffrey Cole |

## DEFENDANT GYROOR-US' MOTION TO INCREASE BOND

Defendant Dongguan Saibotant Energy Tech Co., Ltd. (d.b.a."Gyroor-US"), by and through counsel, respectfully submits this Motion to Increase Bond.

### Introduction

Gyroor-US' account and assets have been restrained for over 18 months since the preliminary injunction order was entered. [Dkt. 113]. Gyroor-US is entitled to a bond sufficient to compensation for harm caused by the injunction and to make it whole if it prevails on the merit.

The current bond in the amount of $250,000 is insufficient to cover the cost and damage that Gyroor-US has sustained due to the preliminary injunction. In the last 18 months, Gyroor-US has a lost net profit in the amount of **$628,295.60**. Furthermore, prejudgment interest based on the restrained assert is approximately **$38,171.50**. Therefore, less the current bond deposited by Plaintiffs in the amount of $250,000, Gyroor-US respectfully requests that this Court increase bond by **$416,467.10**.

### Procedural History

On November 17, 2020, Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc., ("Unicorn") (collectively, "Plaintiffs") filed their Third Amended

Complaint against the numerous Defendants, including Gyroor-US. [Dkt. 101-14]. Plaintiffs alleged that Defendants infringed Plaintiffs' design patents.

On November 20, 2020, Plaintiffs applied for a preliminary injunction, which was granted and entered on November 24, 2020. [Dkt. 113]. Since the preliminary injunction order was entered, Gyroor-US' assets at Amazon.com have been restrained.

To date, Plaintiffs has deposited bond in the amount of $250,000.00.

## **Legal Standard**

Under Federal Rule of Civil Procedure 65(c), a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to *pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained*." Fed. R. Civ. P. 65(c). "The purpose of requiring security prior to issuance of an injunction or a temporary restraining order is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 911 (N.D. Ill. 2015).

"A bond is a condition to preliminary injunctive relief… if the injunction is reversed, compensation for harm caused by the injunction cannot exceed the amount of the bond." *Mead Johnson & Co. v. Abbott Labs.*, 209 F.3d 1032, 1033 (7th Cir. 2000) (citing *Coyne-Delany Co. v. Cap. Dev. Bd. of State of Ill.*, 717 F.2d 385, 393-94 (7th Cir. 1983)); *see also qad. inc. v. ALN Assocs., Inc.*, 781 F. Supp. 561, 562 (N.D. Ill. 1992) ("It is black letter law that the amount of a preliminary injunction bond normally sets the ceiling for damages obtainable by a party that is later found to have been wrongfully enjoined.").

"A party may move the court to increase the amount of security so long as the restraint or injunction is in effect." *Monster Energy Co.*, 136 F. Supp. 3d at 911. (citing 13 Moore's Federal

Practice—Civil § 65.50; *Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1141 (7th Cir.1994); *Laboratory Corp. of America Holdings v. Kearns*, 84 F. Supp. 3d 447, 2015 WL 413788, at *16 (M.D.N.C. 2015)). Even where an appropriate figure is unclear, "district courts should err on the high side." *Mead Johnson & Co. v. Abbot Labs.*, 201 F.3d 883, 888 (7th Cir. 2000). "[A]n error in the other direction produces irreparable injury, because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond" *Id.* (citing *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 770 n.14 (1983)).

## Arguments

### A.  Gyroor-US' lost profit in the last 18 months has exceeded $628,295.60

"As a general principle, when seeking the recovery of lost profits, a claimant must establish these lost profits with 'reasonable certainty.'" *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 632 (7th Cir.2007) (citation omitted).

Since November 2020, Gyroor-US' account has been restrained for more than 18 months. Gyroor-US's loss in the last 18 months could be calculated based on its prior business record. Gryoor-US' revenue in the four months before its account being restrained is provided in Table 1.

| Table 1. Gyroor-US's Lost Net Profit in 18 months Before the Preliminary Injunction Was Entered ||
|---|---|
| **Month** | **Revenue** |
| Jul 2020 | $313,186.87 |
| Aug 2020 | $489,868.89 |
| Sep 2020 | $498,378.99 |
| Oct 2020 | $1,025,573.97 |
| Average monthly revenue before injunction | $581,752.18 |
| Calculated Total Lost Revenue in 18 months | $10,471,539.24 |
| **Calculated Lost Net Profit in 18 months** | **$628,295.60** |

Gyroor-US's average monthly revenue prior to the injunction is $581,752.18. *See* Decl. of Xie, ¶8, attached as Exhibit 1. Shown in Table 1, based on Gyroor-US' average monthly revenue prior to the injunction, its total lost sales revenue in the 18 months amounts to $10,471,539.24. With a net profit margin of between 6% to 8% [Exhibit 1, ¶ 10], it is reasonably to conclude that if Gyroor-US had been conducting its normal course of business in the last 18 months, Gyroor-US could have gained a new profit in the amount of $628,295.60.

**B. Prejudgment interest based on the restrained assert has exceeded $38,171.50**

"The basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately." *American Nat'l Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 935 (7th Cir. 2003). Prejudgment interest is designed to "ensure that an injured party is fully compensated for its loss," *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995).

Prejudgment interest is measured from "the time the claim accrues until judgment is entered." *West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987). In calculating prejudgment interest, courts "should use the 'prime rate'—that is the rate that banks charge for short-term unsecured loans to creditworthy customers." *Matter of Oil Spill by Amoco Cadiz*, 954 F.2d 1279, 1331 (7th Cir. 1992). In addition, "compound prejudgment interest is the norm in federal litigation." *Id*.

Gyroos-US' restrained asset is more than $1,000,000.00. Ex. 1, ¶3. The current prime rate of this motion is filed is 4.75%. *See* Prime Rate - Federal Funds Rates, attached as Exhibit 2.

While the prime rate and the exact restrained amount varies from months to month, at a conservative estimate, the prejudgment interest based on $1,000,000.00 incurred in the last 18 months at an interest rate of 2.5% per year compounded monthly is approximately $38,171.50. *See* Table 2, Calculation of the Request Increased Bond Amount.

| Table 2. Calculation of the Request Increased Bond Amount ||
|---|---|
| *Lost Net Profit* | $628,295.60 |
| *Prejudgment Interest (Approx.)* | $38,171.50 |
| *Current Bond* | $250,000.00 |
| **Request Increased Bond Amount** (= Lost Net Profit + Prejudgment Interest - Current Bond) | **$416,467.10** |

Therefore, should Plaintiffs elect to maintain any aspect of the preliminary injunction against Gyroor-US, Plaintiff should post additional bond in the amount of $416,467.10 to provide Gyroor-US a fair opportunity to recoup the damage inflicted by Plaintiffs' injunction.

## Conclusion

For the foregoing reasons, Gyroor-US respectfully requests this Court order Plaintiffs to post additional bonds in the amount of $416,467.10.

Respectfully Submitted:

Date: 07/14/2022

/s/ Tianyu Ju
Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendants***

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this July 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

| | |
|---|---|
| Date: July 14, 2022 | /s/ Tianyu Ju <br> Tianyu Ju, Esq. <br> GLACIER LAW PLLC <br> 200 E. Randolph Dr., Ste. 5100 <br> Chicago, IL 60601 <br> ***Attorney for Defendants*** |