UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al,<br><br>*Plaintiff,*<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>*Defendant.* | **CASE NO.** 1:20-cv-04806<br><br>**Judge:** Honorable Thomas M. Durkin<br><br>**Magistrate Judge:** Jeffrey Cole |

**RESPONDENT YANJIN-US' REPLY TO PLAINTIFFS'**
**RESPONSE REGARDING RULE 65 (c) DAMAGES AND ATTORNEY'S FEES**

Third-Party Respondent Yanjin-us' (d.b.a. "Shenzhen Yanjingmaoyi Ltd. Co.," Respondent" or "Yanjin-us"), respectfully submits this reply to Plaintiffs' Response regarding damage and attorney's fees to Yanjin-us. [Dkt. 577].

Yanjin-us is seeking costs and damages pursuant to Rule 65(c) because it had been wrongfully enjoined for over six months.

Plaintiffs' assertion that "Yanjin-US is affiliated <u>*with the products*</u> of Shenzhen Chetaidou Technology Co., Ltd." does not justified the wrongful injunction against Yanjin-us. [Dkt. 577, p. 4]. Without evidence, Plaintiffs' continuous false allegations that "[Yanjin-us] may indeed be liable for infringement of Plaintiffs' intellectual property rights" has no merit and only proves Plaintiffs' bad faith. *Id*.

**Arguments**

**A. Although Plaintiffs acknowledged that the injunction against Yanjin-us was wrongful, Plaintiffs made false statements and refused to seek proper remedy to release Yanjin-us**

Plaintiffs recognized that Amazon restrained Yanjin-us' assets "pursuant to the October 2021 Preliminary Injunction Order." [Dkt. 577, p.2, Dkt. 536-3]. Consequently, without an order from this Court, Amazon would not release Yanjin-us from the restrain upon Plaintiffs' unilateral request.

1

Yanjin-us' request for a settlement agreement is a reasonable step towards seeking a proper relief from this Court. [Dkt. 536-4, p. 3]. Plaintiffs' refusal "to move forward with a release [of Yanjin-us]" [Dkt. 536-4, p. 4], and denial of their involvement only constitute a lack of effort to mitigate damage.

1. <u>Plaintiffs initiated the wrongfully restraint against Yanjin-us</u>

While Plaintiffs acknowledged that "it is our position that [Yanjin-us] storefront *should not* have its assets restrained." [Dkt. 536-3], Plaintiffs were silent as to how Yanjin-us became restrained.

It is undisputed that Plaintiffs requested Amazon to execute the October 2021 Preliminary Injunction Order once it was granted, because the order was not issued directly to Amazon but to Plaintiffs.

2. <u>Plaintiffs should have informed the Court and sought an order to release Yanjin-us</u>

Plaintiffs' counsel has an obligation to inform the Court and to correct any prior false statement. *See Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.,* 2017 WL 11489945, at *2 (N.D. Ill. May 11, 2017) (citing ABA Model Rule 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.").

3. <u>Plaintiffs' denial of involvement and false statement to Yanjin-us constitute bad faith</u>

***First***, since Plaintiffs requested Amazon to execute the preliminary injunction order, Plaintiffs should have known that an order from this Court is necessary to release Yanjin-us from the wrongful injunction. Without an order from this Court, Plaintiffs' unilateral request to Amazon was not only insufficient, but also an intentional delay in releasing the restrained assets.

***Second***, even if Plaintiffs were unaware that an order from this Court is necessary to release Yanjin-us, Plaintiffs should not have made false statements and denied their wrongdoings.

On April 18, 2022, Yanjin-us requested "an agreement on a release," a proper and reasonable request towards an enforceable resolution. [Dkt. 536-4, p.34].

On April 25, 2022, Plaintiffs "declined to move forward with a release [of Yanjin-us]" and falsely claimed that they "never requested that [Yanjin-us'] assets be restrained." [Dkt. 536-4, p. 4].

2

Established on records, Yanjin-us was first included in Plaintiffs' proposed preliminary injunction order to this Court. [Dkt. 536-1, Dkt. 456, p. 14, Exhibit A]. After the proposed preliminary injunction order was adopted, Plaintiffs requested Amazon to execute the preliminary injunction order, and sought injunction against all entities included in Exhibit A to the preliminary injunction order.

The very facts that Plaintiffs' included Yanjin-us in Exhibit A and sought injunction against it contradicts Plaintiffs' statements that "our client has asserted no claims against your identified client, we never requested that your client's assets be restrained." [Dkt. 536-4].

Consequently, after acknowledging that Yanjin-us was wrongfully enjoined, Plaintiffs' failure to inform the Court and to correct their prior false statements; Plaintiffs' refusal to move forward to release Yanjin-us; and Plaintiffs' further misrepresentation that they asserted no claims against Yanjin-us and never requested restraint against Yanjin-us can only be understood as Plaintiffs' intentional and willful bad-faith conducts in enforcing their patent rights against non-infringers.

**B. Plaintiffs failed to justify the wrongful injunction against Yanjin-us**

1. <u>Without "a clear showing," Plaintiffs' failed to support its argument that all Gyroor-brand products are infringing products</u>

To support their position that "Defendants and Yanjin-us are related," Plaintiffs' only argument is that "Yanjin-us sells Gyroor-branded products," and "Yanjin-us is affiliated with the products of Gyroor." [Dkt. 577, p. 4]. Plaintiffs further argue that because Yanjin-us sells Gyroor-brand products, "it is therefore neither unexpected nor unreasonable that Yanjin-US *would have initially been included* in the PI Order even if it were ultimately later determined that it did not sell the specific infringing Gyroor-branded products at issue in this action." *Id*.

This "injunction until proven innocent" approach constitutes an abuse and bad faith enforcement of Plaintiffs' patent rights. Without any factual support or legal analysis, Plaintiffs essentially suggest that all Gyroor-brand products are infringing products, which is not only unsupported by facts, but has been proven false.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995).

Plaintiffs made no showing that all "Gyroor-brand" products are infringing products.

Plaintiffs made no showing that Gyroor-brand Electric Roller Skate are infringing products.



Table 1. Comparison of Patents-in-suit and Gyroor-brand Electric Roller Skate sold by Yanjin-US

No facts support Plaintiffs' argument that "Yanjin-US would have initially been included in the PI Order." To the contrary, based on Table 1. Comparison of Patents-in-suit and Gyroor-brand Electric Roller Skate sold by Yanjin-US, an ordinary observer would not find the Gyroor-brand Electric Roller Skate infringes on the Patents-in-suit.

Plaintiffs' total ignorance of their burden of proof only shows Plaintiffs' intentional bad-faith actions in enforcing their patent rights against non-infringers.

2. <u>Plaintiffs' displacement of the term "affiliated"</u>

Plaintiffs also seem to suggest that Yangjin-us is bound by the preliminary injunction order under Rule 65(d)(2) because "Yanjin-US is *affiliated with the products* of [Gyroor]." [Dkt. 577, p.4].

Yanjin-us is affiliated with the Gyroor-brand Electric Roller Skate because Yanjin-us sells it. The affiliation with a Gyroor-brand product does not support Plaintiffs' argument that Yanjin-US is affiliated with Defendants for the purpose of Rule 65(d)(2), because the Gyroor-brand Electric Roller Skate does not infringe the Patents-in-suit.

Plaintiffs made no showing that Yanjin-us was "in active concert or participation with" a named defendant to further the alleged infringement by offering for sale, selling, and importing accused products. Plaintiffs also misquoted "that Yanjin-US is a distributor on Amazon of Gyroor products" [Dkt. 577, p.4; Dkt. 577-1, ¶4]. Therefore, Plaintiffs' displacement of the term "affiliated" only proves Plaintiffs' lack of factual support and lack of legal analysis.

**C. Yanjin-us' antitrust claim against Plaintiffs in the District Court in California does not preclude it from being compensated for the wrongful injunction in this case**

"[A] prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case." *Coyne-Delany Co. v. Cap. Dev. Bd. of State of Ill.*, 717 F.2d 385, 391 (7th Cir. 1983). "Not only is it implied by the text of Rule 65(c) but it makes the law more predictable and discourages the seeking of preliminary injunctions on flimsy (though not necessarily frivolous) grounds." *Id*. at 392.

5

District courts may not deny costs and damages on an injunction bond on the grounds that the plaintiff brought the suit in good faith. *Id*. In deciding whether to award injunction damages, district courts are guided by the "implicit presumption" in Federal Rule of Civil Procedure ("Rule") 65(c) of awarding them. *Id*. Additionally, the court should consider, among other factors, the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit. *Id*.; *see also Triumph v. Ward*, 2011 WL 6754044, at *2 (N.D. Ill. Dec. 22, 2011).

Here, Plaintiffs failed justify the wrongful injunction against Yanjin-us. Plaintiffs also failed to provide a reason why Yanjin-us is not entitled to the cost and damage. Based on a strong showing of Plaintiffs' bad faith enforcement of their patent rights and lack of effort to mitigate Yanjin-us' damage, award of cost and damage is appropriate pursuant to Rule 65(c).

Yanjin-us antitrust claim is a separate cause of action. Whether or not Yanjin-us is entitled to the additional cause of action will decided by the District Court for the Central District of California. However, Yanjin-us' antitrust claim does not preclude it from being compensated for the wrongful injunction incurred in this case.

## Conclusion

For the foregoing reasons, Respondent respectfully request the Court award Yanjin-us cost and damage pursuant to Rule 65(c) due to the wrongful injunction and reasonable attorneys' fee.

Once Yanjin-us' entitlement to the costs and damages under Rule 65(c) is determined, Yanjin-us will provide detailed accounting regarding the amount of damages incurred.

Date: 07/31/2022

/s/ Tianyu Ju
Tianyu Ju
GLACIER LAW PLLC
200 Park Avenue, Ste 1703
New York, NY 10166
**Attorney for Respondent**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this July 31, 2022, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

| | |
|---|---|
| Date: 07/31/2021 | /s/ Tianyu Ju |
| | Tianyu Ju |