IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>THE PARTNERSHIPS AND<br>UNICORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>        *Defendants*. | Case No. 1:20-cv-4806<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

**PLAINTIFFS HANGZHOU CHIC INTELLIGENT CO., LTD. AND
UNICORN GLOBAL, INC.'S OPPOSITION TO DEFENDANT DONGGUAN
SAIBOTANT ENERGY TECH CO., LTD.'S MOTION TO INCREASE THE BOND**

Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. and Unicorn Global, Inc. (collectively, "Plaintiffs"), by and through counsel, respectfully submit this response in opposition to the motion of Defendant Dongguan Saibotant Energy Tech Co., Ltd. (d.b.a. "Gyroor-US") ("Gyroor-US" or "Defendant") to increase the bond (the "Motion" or "Def. Mot.") [ECF No. 576].

**INTRODUCTION**

This is yet another example of Defendant's "piecemeal motion practice" that seeks to relitigate matters that have already been fully addressed by this Court. (*See*, *e.g.*, ECF No. 284 at 1-2). Defendant's "serial motion" (ECF No. 284 at 2) target this time is the Court's decision requiring Plaintiffs to post a $250,000 bond in August 2021 (ECF No. 360) in connection with the preliminary injunction issued against Defendant and others following Plaintiffs' prima facie showing of patent infringement. (ECF Nos. 105, 113). Undeterred by the fact that there have been no changes requiring a reevaluation of the bond amount either since it was set in August 2021

(ECF No. 360) or when the Court summarily denied an increase just a few weeks later (ECF No. 380), Defendant now requests revisiting this issue yet again by conjuring a series of calculations untethered to any actual sales that are misleadingly labeled "lost net profits." (Def. Mot. at 3). But such speculative musings do not satisfy Defendant's burden of showing that an increase is warranted or otherwise provide a basis for increasing a bond that the Court twice found sufficient to protect Defendant's interests in the event that that the injunction is lifted. Accordingly, the current bond amount remains sufficient under Federal Rule of Civil Procedure 65(c) and the Court should deny the Motion.

## ARGUMENT

### I. DEFENDANT'S SELF-SERVING AND SPECULATIVE CLAIMS OF "LOST PROFITS" DO NOT SUPPORT INCREASING THE BOND.

Defendant bases its request for over a $400,000 increase in the bond amount on the single, conclusory Declaration of Xie Rongqing ("Rongqing Declaration" or "Rongqing Decl."), the owner of Defendant.[1] (Def. Mot. at 4; Rongqing Decl. ¶¶ 8-10). The Rongqing Declaration calculates a total of over $600,000 in "lost net profits" using Defendant's self-reported revenue in the months prior to the issuance of the preliminary injunction without any reference to tax documents or financial statements beyond a publicly available prime rate survey. (Def. Mot. at 3; Rongqing Decl. ¶ 8). It is axiomatic, however, that speculative or self-serving calculations of supposed losses attributable to a preliminary injunction, such as those presented in the Rongqing

---

[1] Further to the continuing efforts to obfuscate its ownership structure, Defendant Dongguan Saibotant Energy Tech Co., Ltd. (d.b.a. "Gyroor-US") (*see* Mot. at 1) submitted the supporting Declaration of Xie Rongqing, the owner of Dongguan Saibotan Nengyuan Keji (Energy Tech) Co. Ltd. (Rongqing Decl. ¶ 2). The Rongqing Declaration alleges that Dongguan Saibotan Nengyuan Keji (Energy Tech) Co. Ltd. owns and operates the "Gyroor-US" Amazon storefront. (Rongqing Decl. ¶ 2.) Thus, for purposes of responding to the Motion, Plaintiffs assume that Dongguan Saibotan Nengyuan Keji (Energy Tech) Co. Ltd. is one in the same as Dongguan Saibotant Energy Tech Co., Ltd (d.b.a. "Gyroor-US"), and that reference to the former was made in error.

2

Declaration, do not support increasing existing bonds. *See, e.g., H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, No. 11-cv-00747, 2011 WL 5404066, at *4 (E.D. Wis. Nov. 7, 2011) (declining to increase the bond in the requested amount where "the only basis for these [loss] calculations is a list of its customers' orders for the AW goods amounting to a total wholesale value of 972,815 and estimates from one of its own employees"); *Chambers v. Briggs & Stratton Corp.*, 863 F. Supp. 900, 907-8 (E.D. Wis. 1994) (denying requested bond increase because of "the speculative nature of the damages which would flow from a wrongfully issued injunction in this case"). In fact, in a case relied upon by Defendant (Def. Mot. at 2), the Court refused to increase a bond because defendants "presented nothing more than self-serving affidavits with no supporting evidence to justify such an increase." *Monster Energy Co. v. Wensheng*, 136 F. Supp 3d 897, 911 (N.D. Ill. 2015). Defendant simply fails to meet its burden and cannot justify any increase. *See H-D Michigan, LLC*, 2011 WL 5404066, at *4.

Moreover, and in addition to this clear evidentiary failure, Defendant's request to increase the bond by referencing "lost net profits" (Def. Mot. at 3) ignores that a bond is only meant to secure against the *difference in profits* attributable to the injunction, not the *total* expected profits absent an injunction. *See A.J. Canfield Co. v. Vess Beverages, Inc.*, 796 F.2d. 903, 909-10 (7th Cir. 1986) (holding $60,000 bond was adequate even though restrained party estimated $625,000 in expected profits absent the injunction). Defendant's two-column table, purportedly showing monthly and average revenue for the four months of business preceding the preliminary injunction and then multiplying the average revenue figure by 18 to approximate its total lost revenue during the pendency of this litigation (Def. Mot. at 3; Rongqing Decl. ¶¶ 8-10), is simply the wrong metric for calculating the proper bond amount. *See A.J. Canfield Co.*, 796 F.2d. at 909-10. The existing

3

$250,000 bond adequately accounts for any potential harm attributable to the injunction and the Motion should therefore be denied. *See id.*

## II. NO DEVELOPMENTS WARRANT REEVALUATION OF THE BOND AMOUNT.

While the Motion presents ethereal and misleading calculations discussed above (Def. Mot. at 3-5; Rongqing Decl. ¶¶ 8-10), Defendant identifies no developments requiring such a sudden and drastic increase in the bond amount. *See H-D Michigan, LLC*, 2011 WL 5404066, at *4 (holding that movant bears the burden of proving that a bond increase is necessary). All of the information relied on by Defendant for its presentation of "lost net profits" is from prior to the preliminary injunction and comprises primarily putative net sales information from 2020. (Def. Mot. at 3-4; Rongqing Decl. ¶¶ 8-10). In fact, the only new piece of information in the Motion is that Defendant declared and filed for bankruptcy in China in March 2022. (Rongqing Decl. ¶ 7). This fact, however, has no relationship to the calculations underlying the request for an increase almost doubling the bond nor any bearing on the sufficiency of the $250,000 that has been in place for almost a year. (Def. Mot. at 3-4). The Court has thoroughly and repeatedly considered the potential for harm stemming from the entry of the preliminary injunction and the Motion presents no sufficient reason for doing so again. (ECF Nos. 43, 360, 380). Accordingly, the Court should deny the Motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendant's motion to increase the bond amount.

Dated: August 12, 2022                                                  Respectfully submitted,

| | |
|---|---|
| PALMERSHEIM & MATHEW LLP | TARTER KRINSKY & DROGIN LLP |
| | By: */s/ Richard J.L. Lomuscio* |
| Robert J. Palmersheim | Richard J.L. Lomuscio |
| Anand C. Mathew | Mark Berkowitz |
| Timothy G. Parilla | 1350 Broadway |
| 401 N. Franklin Street, Suite 4S | New York, NY 10018 |
| Chicago, IL 60654 | Tel.: (212) 216-8000 |
| Tel.: (312) 319-1791 | Fax: (212) 216-8001 |
| E-mail: acm@thepmlawfirm.com | E-mail: rlomuscio@tarterkrinsky.com |
| E-mail: rjp@thepmlawfirm.com | E-mail: mberkowitz@tarterkrinsky.com |
| E-mail: tgp@thepmlawfirm.com | |
| | *Attorneys for Plaintiffs* |