**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al,<br><br>     *Plaintiffs*,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>     *Defendants*. | CASE NO. 1:20-cv-04806<br><br>Judge: Honorable Thomas M. Durkin<br><br>Magistrate Judge: Jeffrey Cole |

**DEFENDANT GYROOR-US' MOTION TO INCREASE BOND**

  Defendant Gyroor-US, by and through counsel, respectfully submits this Reply to Plaintiffs' Opposition to Defendant's Motion to Increase Bond [Dkt.583].

  ***First***, Gyroor-US's request to increase bond is based on its calculation with reasonable certainty. Although Plaintiffs have Gyroor-US' sales record, Plaintiffs provided no counter evidence. Plaintiffs' argument to distinguish Gyroor-US' "lost net profit" from "difference in profits" is also meaningless. Since the preliminary injunction was entered, Gyroor-US' business account has been restrained, and it has not been unable to resume its business.

  ***Second***, this Court has found that the third-party Yanjin-US was wrongfully restrained by the preliminary injunction. As a matter of law, Yanjin-US is entitled to compensation for harm caused by the injunction. Natually, Plaintiffs should replenish the amount of damage to be awarded to Yanjin-US.

  ***Third***, the Seventh Circuit's precedents requires that the amount of bond be set high enough to cover any losses that an enjoined defendant may suffer because of an erroneously issued preliminary injunction. And district courts should err on the high side.

  Plaintiffs have caused irreparable harm to Gyroor-US. Without an increase of bond, Gyroor-US cannot be fully compensated if the injunction is reversed.

1

**Arguments**

"Where appropriate, courts may increase the bond amount while the preliminary injunction is in effect." *Scholle Corp. v. Rapak LLC*, No. 13 C 3976, 2014 WL 3687734, at *2 (N.D. Ill. July 24, 2014) (citing *Contra Mead Johnson & Co. v. Abbott Laboratories*, 201 F.3d 1032, 1034 (7th Cir. 2000)).

"A defendant cannot recover more than the bond amount for losses suffered due to an erroneously issued preliminary injunction." *Id*. (citing *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, 646 F.3d 424, 428 (7th Cir. 2011)). "Accordingly, courts should take care to set the bond amount <u>high enough to cover any losses</u> that an enjoined defendant may suffer because of an erroneously issued preliminary injunction." *Id*. (citing *Mead Johnson & Co. v. Abbott Laboratories*, 201 F.3d 883, 888 (7th Cir. 2000), *amended* 209 F.3d 1032 (7th Cir. 2000)).

A. **The change of circumstances warrants an increase of bond**

This Court has determined that Yanjin-us was included in the preliminary injunction by error. [Dkt. 558]. As a matter of law, Yanjin-us is entitled to damage caused by the wrongful injunction. Even though Plaintiffs asserted that Yanjin-US "may indeed be liable for infringement of Plaintiffs' intellectual property rights," [Dkt. 577, p. 4], this assertion is nothing more than a frivolous statement.

Plaintiffs has provided no infringing evidence against Yanjin-US and chose not to bring any claims against Yanjin-us as a defendant in this case. Compensation to Yanjin-us will reduce the amount of bond posted by Plaintiffs, which means there will be less amount of bond available to other Defendants and third parties. A motion to increase the amount of bond if not only reasonable but necessary to ensure that damages to the parties are sufficiently covered.

B. **Gyroor-US's calculation of lost profit provides reasonable certainty**

The law applicable to recovery of lost profit does not require the exact amount of lost profit, but an amount with "reasonable certainty." [Dkt. 576, p. 3]. Gyroor-US' calculation is based on prior sales revenue which is the only records available to calculate the amount of lost profit.

2

Plaintiffs alleged that Gyroor-US' calculation is "using Defendant's self-reported revenue" and "self-serving and speculative." [Dkt. 583, p.2]. But through discovery, Plaintiffs were provided Gyroor-US' full sales records, revenue, and profit. Plaintiffs are also in constant communication with Amazon.com, and have access to the relevant records and information. Without providing counterevidence or their own calculations, Plaintiffs' allegation of "self-serving" has no factual ground.

Furthermore, Plaintiffs' attempt to distinguish between "lost net profit" and "difference in profits" is meaningless. [Dkt. 583, p. 3]. There is no doubt that the injunction has restrained Gyroor-US from engaging in regular business, to the extent that Gyroor-US filed bankruptcy in China. Gyroor-US' lost net profits is the same as difference in profits since Gyroor-US has no other business operations.

### C. The Court should set the bond high enough to cover Gyroor-US' losses

If the preliminary injunction is reversed, Gyroor-US cannot recover more than the amount of the bond posted by Plaintiffs. Gyroor-US has no pending counterclaims[1] against Plaintiffs and recovery from the bond is the only way Gyroor-US can be compensated for harm caused by the injunction.

### Conclusion

For the foregoing reasons, Gyroor-US respectfully requests this Court order Plaintiffs to post additional bonds in the amount of $416,467.10.

Respectfully Submitted:

Date: 09/02/2022

/s/ Tianyu Ju
Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
**Attorney for Defendants**

---

[1] Gyroor-US' counterclaim of noninfringement was stricken. [Dkt. 443]. While this order is appealable, Gyroor-US currently has no pending counterclaims against Plaintiffs.

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: September 2, 2022  /s/ Tianyu Ju
Tianyu Ju, Esq.