# United States Court of Appeals for the Federal Circuit

---

**ABC CORPORATION I, ABC CORPORATION II,**
*Plaintiffs-Appellees*

v.

**THE PARTNERSHIP AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", TOMOLOO OFFICIAL, TOMOLOO INE, TOMOLOO FRANCHISE, TOMOLOO-US, TOMOLOO FLAGSHIP, TOMOLOO TC, TOMOLOO DX, TOMOLOO INT, URBANMAX, GYROOR, FENGCHI-US, GYROOR US,**
*Defendants*

**GAODESHANGUS,**
*Defendant-Appellant*

---

2021-2150

---

Appeal from the United States District Court for the Northern District of Illinois in No. 1:20-cv-04806, Judge Thomas M. Durkin.

-------------------------------------------------

**ABC CORPORATION I, ABC CORPORATION II,**
*Plaintiffs-Appellees*

**EBAY, INC.,**
*Plaintiff*

v.

**THE PARTNERSHIP AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", TOMOLOO OFFICIAL, TOMOLOO INE, TOMOLOO FRANCHISE, TOMOLOO-US, TOMOLOO FLAGSHIP, TOMOLOO TC, TOMOLOO DX, TOMOLOO INT, GAODESHANGUS, GYROOR, CARTSTACK, DIDEN WU, HUSNAL-COLLECTIONS, MHESTORE2009, WHOLESALESHOP666, CARRIE_YUX-5, 2013TANKSTRONG001, MIJIASTORE, PAUTA60, SKATEBOARDSTORE2012, SMG-STORE, STRONGJENNIE, CHO POWER SPORTS, SYLUS, XGN, SHAMOLUOTUO, XUEWEIWEIFUZHUANGDIAN, EVERCROSS, XIE SHI, JIANGYOU-US, RUNCHENYUN, TOMOLOO, SHOPCHEAPUNIVERSAL, TOMOLOO-NX, AOXTECH, BETTER TOMOLOO, LISON ET, GYROSHOES, HGSM STOREFRONT, HGSM,**
*Defendants*

**GYROOR US, URBANMAX, FENGCHI-US,**
*Defendants-Appellants*

_____

2021-2277, 2021-2355
_____

Appeals from the United States District Court for the Northern District of Illinois in No. 1:20-cv-04806, Judge Thomas M. Durkin.
_____

Decided: October 28, 2022
_____

Case: 1:20-cv-04806 Document #: 590 Filed: 12/28/22 Page 3 of 18 PageID #:14194
Case: 22-1071   Document: 57   Page: 3   Filed: 10/28/2022

ABC CORPORATION I v.                                              3
PARTNERSHIP AND UNINCORPORATED ASSOCIATIONS

   MARK BERKOWITZ, Tarter Krinsky & Drogin LLP, New York, NY, argued for plaintiffs-appellees.  Also represented by RICHARD LOMUSCIO. Also represented by Adam G. Kelly, Douglas N. Masters, Neil G. Nandi, Arthur Tan-Chi Yuan, Loeb & Loeb LLP, Chicago, IL (withdrawn).

   HE CHENG, Glacier Law LLP, New York, NY, argued for defendants-appellants.  Also represented by TIANYU JU, TAO LIU.

_____

   Before DYK, TARANTO, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge*.

   We address three appeals—filed by GaodeshangUS; by Fengchi-US and Urbanmax together; and by Gyroor-US—from orders entered by the district court in a case brought in 2020 by ABC Corporation I and ABC Corporation II (collectively, ABC), in which ABC asserted four design patents against several business entities selling hoverboards online.  ABC identified the defendants through a Schedule A, which changed over time, attached to the original and amended complaints.  On November 24, 2020, the district court entered a preliminary injunction against the then-named defendants, which included Gyroor-US, though it had not yet been served with process and was not given advance notice under Federal Rule of Civil Procedure 65(a) of the request for a preliminary injunction.  Six months later, on May 24, 2021, the district court granted ABC's motion to amend Schedule A to add GaodeshangUS, Fengchi-US, and Urbanmax, among others, thereby slating them to be defendants directly bound by the 2020 Preliminary Injunction, though these entities had not yet been served with process and did not receive Rule 65(a) notice.  Because the required Rule 65(a) notice had not been given, we vacate the 2020 Preliminary Injunction as of its issuance, and, perhaps redundantly, we also vacate the May 24

Order insofar as it added defendants to the 2020 Preliminary Injunction.[1]

I

On August 17, 2020, ABC brought the present design-patent infringement action in the Northern District of Illinois, and it filed an amended complaint the next day. ABC identified the defendants by their "merchant names" listed in an attached Schedule A, and it described them as "Defendant Internet Stores" that were selling goods on Internet websites, including amazon.com. ABC accused those defendants of infringing U.S. Design Patents D737,723; D738,256; D784,195; and D785,112, which claim particular designs of powered, two-wheeled, handle-less, stand-on vehicles known as "hoverboards."

Appellant Gyroor-US was one of the originally named defendants, but it was not served with the complaint until December 29, 2020, or with the required summons until January 29, 2021. Of relevance to the issues that we address in this opinion, on November 19, 2020, ABC filed its third amended complaint, under seal (as with key previous

---

[1] In October 2021, the district court entered another preliminary injunction naming, as defendants, three of the appellants before us in the present trio of appeals (all but Gyroor-US), plus four other entities: Gyroor, Gyroshoes, Fengshi-US, and HGSM. The 2021 Preliminary Injunction is the subject of Appeal No. 22-1071, filed by those entities and decided by us today in a separate opinion (which identifies the companies given the ABC names in the caption). *ABC Corp. I v. P'ship & Unincorporated Ass'ns*, -- F.4th -- (Fed. Cir. 2022). We initially consolidated Nos. 21-2277 and 21-2355 with No. 22-1071 for briefing, but we have revoked that consolidation and newly consolidated Nos. 21-2277 and 21-2355 with No. 21-2150 for purposes of this opinion.

filings), with the updated Schedule A naming Gyroor-US and also Jiangyou-US—an appellant in Appeal No. 22-1071 but not here—but not naming any other appellant here or in No. 22-1071. (Jiangyou-US, we note, was not served with process until June 25, 2021.)

On November 20, 2020, the day after it filed its third amended complaint, ABC filed a motion for a preliminary injunction. Four days later, on November 24, 2020, the court entered the 2020 Preliminary Injunction, covering the "defendants" then identified in Schedule A, plus "their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them." 21-2150 J.A. 9; *cf.* Federal Rule of Civil Procedure 65(d)(2) ("Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in [(A) or (B)]."). It is undisputed before us that Gyroor-US was not given notice that a motion for a preliminary injunction had been filed or was under consideration before the 2020 Preliminary Injunction was entered, and it was not served with process within thirty days of the entry of the preliminary injunction. Indeed, lack of pre-entry notice to most then-named defendants is reflected in the fact that the 2020 Preliminary Injunction itself unsealed the series of complaints and amended complaints and various motions and exhibits filed in the case until then, along with a previously entered temporary restraining order. J.A. 14.[2]

---

[2] On December 23, 2020, the district court entered a modification of the November 24, 2020 preliminary injunction. As noted above, service on Gyroor-US was not completed until January 29, 2021, more than thirty days after December 23, 2020. The parties have not suggested, and

On May 6, 2021, ABC filed a motion reflecting its concern about infringing activity by entities that were not named in Schedule A, and hence were not directly subject to the 2020 Preliminary Injunction, but that it had reason to think were affiliates of or in active concert with those already named in Schedule A. Specifically, ABC moved to amend Schedule A to add various entities to it, including GaodeshangUS, Fengchi-US, and Urbanmax, to become defendants.[3] On May 24, 2021, the district court granted ABC's motion to amend Schedule A (May 24 Order). The newly added defendants were not served with process until June 25, 2021, more than thirty days after the entry of the May 24 Order. Of relevance here, the record before us does not reflect that GaodeshangUS (a non-party) was served with notice of the filing or pendency of a motion to extend the 2020 Preliminary Injunction to it by amending Schedule A.

Immediately after the May 24 Order was entered, on the same day, two attorneys who were already representing Gyroor-US entered appearances for GaodeshangUS—in the two docket entries following the entry for the May 24 Order. The same day, in the next docket entry, GaodeshangUS filed a notice of appeal, which launched Appeal No. 21-2150.

On June 18, 2021, Fengchi-US and Urbanmax moved to clarify or to vacate the 2020 Preliminary Injunction. The district court, on August 9, 2021, ordered the 2020 Preliminary Injunction to remain in place, thus denying the motion. In so ruling, the court mentioned the challenge to the

---

we do not see, that the modification changes the analysis of any issue before us. We therefore disregard that modification.

[3] The May 24 Order also added other entities to Schedule A, including Gyroor, Gyroshoes, Fengshi-US, and HGSM, who are appellants in No. 22-1071.

2020 Preliminary Injunction for lack of required notice but did not rule on it, instead directing ABC to seek a new preliminary injunction in light of the notice challenge. Fengchi-US and Urbanmax filed a notice of appeal on September 2, 2021, which launched Appeal No. 21-2355.

The same day the district court issued its order on the motion filed by Fenchi-US and Urbanmax, August 9, 2021, Gyroor-US moved to dissolve the 2020 Preliminary Injunction. Gyroor-US raised, among other arguments, a challenge to the adequacy of notice before that injunction was issued (having at least once before raised the issue too late in briefing on another motion). The district court denied the motion on August 24, 2021, having already directed ABC to seek a new preliminary injunction in response to the notice-inadequacy contention of Fengshi-US and Urbanmax. Gyroor-US filed a notice of appeal on August 28, 2021, which launched Appeal No. 21-2277.

Though not directly at issue at this time, we note two developments in the record before us that post-date the foregoing orders and appeals. On October 6, 2021, the district court held GaodeshangUS, Fengchi-US, Urbanmax, and Gyroor-US (along with the additional appellants in No. 22-1071) in contempt of the 2020 Preliminary Injunction. The court stated that GaodeshangUS, Fengchi-US, and Urbanmax "do not dispute that they are affiliated with the store fronts addressed by [ABC's contempt] motion" and that "they have failed to show that the[ir] products are different from those covered by the [2020 Preliminary Injunction]." 21-2150 J.A. 5883. Relatedly, the same day, the district court, again noting that the "facts relating to notice are contested," granted ABC's motion for a new preliminary injunction (filed at the district court's direction), and the court entered the 2021 Preliminary Injunction one week later, on October 13, 2021.

## II

We must address our jurisdiction to hear the three appeals decided in this opinion and, if we have jurisdiction, appellants' assertions that notice defects invalidate the challenged orders. The appeals concern orders that subject appellants to the 2020 Preliminary Injunction *as defendants* (as "parties," Rule 65(d)(2)(A)). The orders do not apply the injunction to appellants as persons found, in or before such orders, to be "in active concert or participation" with parties. Rule 65(d)(2)(C). No such finding was made, so we do not have before us a situation where a non-party is being subjected to an injunction based simply on adequate notice of the injunction proceeding and injunction.

Regarding the situation before us, we note that ABC has not argued that the 2020 Preliminary Injunction bound appellants as defendants before they were properly served to become defendants in the case. We proceed on the premise that they were not so bound. We do not decide for ourselves, but we note that the premise is at least consistent with the recognition that "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946); *see Omni Capital International, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1556 (2017) ("[A]bsent consent, a basis for service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction." (citing *Omni*, 484 U.S. at 104)); *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2013) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."); *Sikhs for Justice v. Badal*,

736 F.3d 743 (7th Cir. 2013) (upholding dismissal for lack of personal jurisdiction based on lack of proper service).

## A

Appellants assert that we have jurisdiction under 28 U.S.C. § 1292(c)(1), which, as relevant here, says that "the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from an interlocutory order or decree described in subsection (a) . . . in any case over which the court would have jurisdiction of an appeal under section 1295 of this title." The present district court case arises under the patent laws and therefore is within our appellate jurisdiction under 28 U.S.C. § 1295(a)(1). Subsection (a) of § 1292 covers "interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1).

"This court applies its 'own law and not the law of the regional circuit to issues concerning our jurisdiction.'" *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1381 (Fed. Cir. 2013) (quoting *Ultra-Precision Manufacturing Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1356 (Fed. Cir. 2003)); *see Atlas IP, LLC v. Medtronic, Inc.*, 809 F.3d 599, 604–05 (Fed. Cir. 2015). Regarding the adequacy of a notice of appeal under Federal Rule of Appellate Procedure 3, because "Rule 3's dictates are jurisdictional," *Smith v. Barry*, 502 U.S. 244, 248 (1992), whether a notice complies with Rule 3 is governed by Federal Circuit law, *Minnesota Mining & Manufacturing Co. v. Chemque, Inc.*, 303 F.3d 1294, 1308–09 (Fed. Cir. 2002). Regarding the character of the district court's exercise of its own general remedial authority in this case, where no patent-specific issue is present, we apply applicable regional-circuit law, namely, Seventh Circuit law. *See Aevoe*, 727 F.3d at 1381 (explaining that a "modification of a preliminary injunction . . . is not unique to patent law, so this court applies the law of the regional circuit when reviewing and interpreting such a decision").

We address the three appeals being decided here in the sequence in which the orders appealed from were issued.

1

GaodeshangUS filed its notice of appeal on May 24, 2021, giving rise to Appeal No. 21-2150. The notice states that the appeal is "from the preliminary injunction entered in this action on November 24, 2021." GaodeshangUS and ABC agree that "2021" is a typographical error meaning "2020." *See* GaodeshangUS's 21-2150 Opening Br. at I; ABC's 21-2150 Response Br. at 1. But they dispute whether GaodeshangUS's notice of appeal was filed within the thirty days of "entry" of the relevant order allowed by 28 U.S.C. § 2107(a)—which it does if construed to cover the May 24 Order (entered the same day as the notice of appeal was filed). The parties also dispute whether the May 24 Order is an appealable modification of the 2020 Preliminary Injunction. GaodeshangUS's 21-2150 Opening Br. at 8–15; ABC's 21-2150 Response Br. at 14–19. We resolve both disputes in favor of GaodeshangUS.

a

A notice of appeal must, among other things, "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). We "liberally construe the requirements of Rule 3" and the notices of appeal filed pursuant to it. *Smith*, 502 U.S. at 248; *accord Minnesota Mining*, 303 F.3d at 1309. "A mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced." *Sanabria v. United States*, 437 U.S. 54, 67 n.21 (1978).

GaodeshangUS's notice of appeal, we conclude, should be read to refer to the May 24 Order amending Schedule A. It is only under the combination of that order and the 2020 Preliminary Injunction that GaodeshangUS could be a

defendant under the 2020 Preliminary Injunction that the notice expressly identifies. GaodeshangUS filed the notice the same day as the May 24 Order. These facts readily indicate that the notice's designation of the 2020 Preliminary Injunction alone, without the May 24 Order that added GaodeshangUS to it, was "[a] mistake in designating the judgment," which "is not always fatal." *Id.* Seeing no prejudice to ABC, we think this is a case in which the mistake should not be fatal. Because GaodeshangUS's May 24, 2021 notice of appeal, fairly read, refers to the May 24 Order, the notice was timely filed within the thirty days allowed by § 2107(a).

b

We also conclude that the May 24 Order is appealable as an order "modifying" the 2020 Preliminary Injunction, within the meaning of 28 U.S.C. § 1292(a)(1), to which § 1292(c)(1) refers. The Seventh Circuit, addressing § 1292(a)(1), has ruled that it "has jurisdiction over modifications of injunctions" while it does "not, however, have jurisdiction over orders interpreting injunctions." *American River Transportation Co. v. Ryan*, 579 F.3d 820, 824 (7th Cir. 2009). "To modify an injunction is to change it." *ACORN v. Illinois State Board of Elections*, 75 F.3d 304, 306 (7th Cir. 1996). If an order "alters the legal relationship between the parties," then it is a modification, not clarification, of the injunction. *American River*, 579 F.3d at 824.

The May 24 Order was a modification of the 2020 Preliminary Injunction. Before the May 24 Order, as relevant here, ABC could enforce the injunction against GaodeshangUS only if ABC proved that GaodeshangUS had notice of the injunction and, upon GaodeshangUS's receipt of "notice and an opportunity to be heard," also proved that GaodeshangUS was in active concert or participation with a defendant directly subject to the injunction (or officers, agents, servants, employees, or attorneys of a

defendant). *Lake Shore Asset Management Ltd. v. Commodity Futures Trading Commission*, 511 F.3d 762, 767 (7th Cir. 2007) (applying Rule 65(d)(2)). The May 24 Order changed this arrangement to make ABC's enforcement easier. The May 24 Order meant that, once GaodeshangUS was properly served, ABC could enforce the injunction's restrictions against GaodeshangUS as a defendant, without showing that GaodeshangUS, in its allegedly violative conduct, was in active concert or participation with another defendant (or such other defendant's officers, agents, servants, employees, or attorneys).

That was a change in the legal relationship between GaodeshangUS and ABC. ABC has not shown that this difference in its obligations was devoid of substance in this case. For example, it has not identified to us any proceeding before (or on) May 24, 2020, or before service of process was complete, in which, after GaodeshangUS had received notice and an opportunity for a hearing, the district court had found GaodeshangUS in active concert or participation with an existing defendant—at all, let alone in a categorical way that would automatically cover all post-May 24 acts of GaodeshangUS that would be barred to a defendant. In these circumstances, we hold that the May 24 Order altered the legal relationship between GaodeshangUS and ABC, making it an appealable modification of the 2020 Preliminary Injunction, giving us jurisdiction in Appeal No. 21-2150.

2

On September 2, 2021, Fengchi-US and Urbanmax appealed from the district court's August 9, 2021 order continuing the 2020 Preliminary Injunction, launching Appeal No. 21-2355. The notice was timely filed within the thirty days of "entry" of the August 9 order allowed by 28 U.S.C. § 2107(a). And the subject of the appeal was an order "continuing" as well as "refusing to dissolve or modify" the 2020 Preliminary Injunction, as discussed above. 28 U.S.C.

§ 1292(c)(1). Under the plain terms of the statute, that order is appealable. No argument against jurisdiction in this appeal has been made, and we see no impediment to our jurisdiction.

In particular, we do not question that a district court may apply general forfeiture principles to continue a preliminary injunction if, in the circumstances, the argument for dissolution or modification is properly deemed lost because it was raised too late. *See*, *e.g.*, *Antisdel v. Chicago Hotel Cabinet Co.*, 89 F. 308, 311 (7th Cir. 1898) (stating that "laches or unexcused delay of a defendant in moving for the dissolution of a preliminary injunction may constitute ground for denying the motion when made"). A different but related limit has been recognized for certain appeals from a continuation. Specifically, the 30-day jurisdictional time limit on appeal, running from "entry" of an injunction, 28 U.S.C. § 2107(a); Federal Rule of Appellate Procedure 4(a)(1), has been recognized sometimes to limit appellate review of a denial of a motion for dissolution or modification to exclude review of a ground for dissolution or modification that the appellant had fully available when the injunction was initially entered and was, because it was a properly served party at that time, obligated to raise by appeal within 30 days from the injunction's entry. *See*, *e.g.*, *Teledyne Technologies Inc. v. Shekar*, 831 F.3d 936, 939 (7th Cir. 2016) (discussing such a situation, whether as a matter of jurisdiction or as a matter of the scope of proper review). Such a limit is in accord with the recognition that "Rule 60(b) is not a substitute for a timely appeal." *McCulloch v. Secretary of Health & Human Services*, 923 F.3d 998, 1001 (Fed. Cir. 2019) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)).

Such limits do not apply here. In the August 9, 2021 order, the district court did not rule that the notice argument was made too late. Moreover, Fengchi-US and Urbanmax, like GaodeshangUS, had not been served with process at the time of the 2020 Preliminary Injunction or

until more than 30 days later. Nor had they been served within 30 days of entry of the May 24 Order that added them to Schedule A. We have identified no precedent deeming such a person to be obligated to take an appeal before proper service, even if the person could take such an appeal, as GaodeshangUS did from the May 24 Order, based on the nonspeculative prospect that the plaintiff would soon enough complete service of process.

In these circumstances, we see no jurisdictional obstacle to our considering the notice challenge to the 2020 Preliminary Injunction on appeal from an order within the plain terms of § 1292(c)(1). We have jurisdiction to consider the challenge in No. 21-2355.

3

On August 28, 2021, Gyroor-US appealed from the district court's August 24, 2021 denial of its motion to dissolve the 2020 Preliminary Injunction, launching Appeal No. 21-2277. The notice was timely filed within the thirty days of August 24 allowed by 28 U.S.C. § 2107(a). And the subject of the appeal was an order "continuing" as well as "refusing to dissolve or modify" the 2020 Preliminary Injunction, as discussed above. 28 U.S.C. § 1292(c)(1). Under the plain terms of the statute, that order is appealable. No argument against jurisdiction in this appeal has been made, and we see no impediment to our jurisdiction.

In particular, we reach the same jurisdictional conclusion regarding Gyroor-US as the one we have just reached for Fengchi-US and Urbanmax. We recognize that Gyroor-US had been named in ABC's complaints preceding the issuance of the November 24, 2020 Preliminary Injunction, but on the premise under which we proceed as noted at the outset of our analysis, Gyroor-US—besides not having been given notice of the preliminary injunction request—was not brought within the power of the court, by proper service of process, until more than 30 days after the preliminary injunction was issued. We have been shown no precedent

holding that a person in that position is bypassing a required appeal opportunity. And the district court did not so hold in its August 24, 2021 order. We conclude that we have jurisdiction to consider the challenge in No. 21-2277.

B

"[W]e review a grant or denial of a preliminary injunction using the law of the regional circuit." *Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1363 (Fed. Cir. 2016). We review a grant of a preliminary injunction for abuse of discretion. *Camelot Banquet Rooms, Inc. v. U.S. Small Business Administration*, 14 F.4th 624, 628 (7th Cir. 2021); *see Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 845 (Fed. Cir. 2008). "[A] district court abuse[s] its discretion by . . . disregarding the strict procedural requirements of [Rule 65] . . . ." *American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). We apply regional-circuit law to interpretations of notice and other requirements of Rule 65 for a preliminary injunction, where not tied to patent-specific issues. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 894 (Fed. Cir. 1998); *Digital Equipment Corp. v. Emulex Corp.*, 805 F.2d 380, 382 n.3 (Fed. Cir. 1986). Here, the parties rely on Seventh Circuit law, but we would reach the same conclusion were the matter deemed to implicate patent-specific issues.

Appellants challenge the May 24 Order and the 2020 Preliminary Injunction on the ground that the notice requirement of Federal Rule of Civil Procedure 65(a) was not met. Rule 65(a) permits a court to enter a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers No. 70 of Alameda County*, 415 U.S. 423, 432

n.7 (1974); *see also Illinois ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989) ("[N]otice should apprise a defendant of a hearing and provide adequate time to prepare a defense." (citing *SEC v. Capital Growth Co.*, 391 F. Supp. 593, 600 (S.D.N.Y. 1974))). In the context of nonparties being brought under the restrictions of an injunction based on a determination that they are in active concert with parties, the Seventh Circuit has explained that the determination "may be made only after the person in question is given notice and an opportunity to be heard." *Lake Shore*, 511 F.3d at 766–67.

We readily conclude that the May 24 Order and the 2020 Preliminary Injunction violated the Rule 65(a) notice requirement. Before the entry of the 2020 Preliminary Injunction, no advance notice or opportunity to oppose was given even to then-named defendant Gyroor-US, let alone to the other appellants before us. Nor was advance notice or opportunity to oppose given to GaodeshangUS of the motion granted in the May 24 Order; and the same is true of the other two appellants (Fengchi-US and Urbanmax) added to the defendant list by that order.

Regarding the 2020 Preliminary Injunction, ABC suggests that advance notice was provided to Gyroor-US when Amazon "froze Gyroor-US's account" on October 20, 2020. ABC's 21-2277 Response Br. at 22. But we have no basis for concluding that Amazon's freezing of Gyroor-US's account apprised Gyroor-US of the pendency of a motion for (or consideration of) a preliminary injunction so as to give Gyroor-US the required opportunity to oppose. *See Granny Goose Foods*, 415 U.S. at 432 n.7; *Hartigan*, 871 F.2d at 1340.

Regarding the May 24 Order, ABC argues that GaodeshangUS received notice through counsel who were representing both GaodeshangUS and Gyroor-US. ABC's 21-2150 Response Br. at 24–25. The attorney at issue, Mr. Cheng, having entered an appearance for Gyroor-US on

April 30, 2021, did receive electronic notice of ABC's May 6 motion to amend Schedule A, well before the May 24 Order, and that notice may well have constituted notice to any party represented by Mr. Cheng at that time. *See Howard v. Local 74, Wood, Wire & Metal Lathers International*, 208 F.2d 930, 934 (7th Cir. 1953) ("Under Rule 5, notice to counsel is notice to all parties represented by him."). But in addition to the facts that GaodeshangUS was not a party at the time, and Mr. Cheng did not enter an appearance for GaodeshangUS until May 24, just after the May 24 Order was entered, the record simply does not establish that Mr. Cheng represented GaodeshangUS before May 24. In these circumstances, notice to Mr. Cheng of ABC's May 6 motion was not the required notice to GaodeshangUS.

Accordingly, we hold that the 2020 Preliminary Injunction and the May 24 Order were entered in violation of Rule 65(a).

C

Having concluded that Rule 65(a) was violated, we conclude that the proper remedy in this case is vacatur of the 2020 Preliminary Injunction from its issuance and, though it might be an unnecessary addition, vacatur of the May 24 Order insofar as it newly subjected those added to Schedule A to the 2020 Preliminary Injunction. We have said: "A preliminary injunction issued without notice, motion, hearing or evidence should be vacated." *Atari Games Corp. v. Nintendo of America, Inc.*, 897 F.2d 1572, 1578 n.7 (Fed. Cir. 1990). And ABC has made no argument that any different remedy should be adopted if we find a Rule 65(a) notice problem. Moreover, in No. 22-1071, we today require vacatur of the 2021 Preliminary Injunction because of substantive defects, and it is evident that the 2020 Preliminary Injunction, which is very similar, suffers from materially the same defects. Our limited vacatur of the May 24 Order does not preclude treating that order as an

amendment of the complaint, as the parties have done in the companion case we decide today.

### III

We find it unnecessary to address other issues raised in the three appeals resolved in this opinion. For the foregoing reasons, we vacate for lack of Rule 65(a) notice the preliminary injunction entered by the district court on November 24, 2020, and the order entered by the district court on May 24, 2021, that granted ABC's motion to amend Schedule A insofar as that order extended the 2020 Preliminary Injunction to new defendants.

Costs awarded to appellants.

**VACATED**