IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>    *Defendants*. | Case No. 1:20-cv-4806<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND
<u>PRELIMINARY INJUNCTION</u>**

**TARTER KRINSKY & DROGIN LLP**
Richard J.L. Lomuscio
Mark Berkowitz
Chandler E. Sturm (admitted *pro hac vice*)
1350 Broadway
New York, NY 10018
(212) 216-8000

**PALMERSHEIM & MATHEW LLP**
Robert J. Palmersheim
Anand C. Mathew
Timothy G. Parilla
401 N. Franklin Street, Suite 4S
Chicago, IL 60654
(312) 319-1791

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I. GYROOR, URBANMAX, FENGCHI-US, HGSM, GAODESHANG-US, AND GYROSHOES ARE DEFENDANTS IN THIS CASE. ............................................................ 2

II. THE FEDERAL CIRCUIT DECISIONS DO NOT PRECLUDE ENTRY OF THE NEW PI. ..................................................................................................... 3

III. GYROOR A, GYROOR C, AND GYROOR E PRODUCTS ARE PROPERLY INCLUDED AS ACCUSED PRODUCTS IN THE NEW PI. ............................ 4

IV. THE HATCH DECLARATION IS PROPER. ......................................................................... 5

V. DEFENDANTS FAIL TO REBUT PLAINTIFFS' SHOWINGS OF PATENT INFRINGEMENT AND IRREPARABLE HARM. ................................................ 7

CONCLUSION ................................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ABC Corporation I v. Partnership and Unincorporated Associations*,
    No. 21-2150 (Fed. Cir. Oct. 28, 2022) ..........................................................................................1

*ABC Corporation I v. Partnership and Unincorporated Associations*,
    No. 22-1071 (Fed. Cir. Oct. 28, 2022) ..........................................................................................1

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
    942 F.3d 1119 (Fed. Cir. 2019) ....................................................................................................7

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008) ......................................................................................................7

*Talbert v. City of Chicago*,
    236 F.R.D. 415 (N.D. Ill. 2006) ...................................................................................................5

**PRELIMINARY STATEMENT**

While Defendants Gyroor, Gyroor-US, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes (collectively, "Defendants")[1] expend some 130 pages of briefing opposing the New PI (*see* Dkt. 592–598),[2] they fail to refute either Plaintiffs' likelihood of success on the merits or the existence of irreparable harm. Defendants instead cobble together a list of supposed grievances—ranging from the specious argument that Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes are no longer parties to this action to wholesale misrepresentations of the Federal Circuit's recent decisions[3]—largely mimicking the serial motions they have made throughout this litigation. Each of Defendants' assertions fail under their own weight.

- Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes remain defendants—the Federal Circuit explicitly stated that its decision extended only to the application of the Prior PI to these parties. (*See* Federal Circuit Decision I at 18.)

- The Federal Circuit decisions do not preclude Plaintiffs' pursuit of a New PI—the Prior PIs were vacated on technical grounds that are readily curable.

- The Accused Products properly include the Gyroor A, Gyroor C, and Gyroor E products—the Federal Circuit and this Court's decisions relating to the Prior PIs have no effect on the Accused Products subject to the New PI.

---

[1] Unless otherwise indicated, all defined terms in this reply have the same meaning as set forth in Plaintiffs' opening memorandum (the "Memorandum" or "Plntfs. Mem."). (Dkt. 593.)

[2] In an effort to further confuse the issues before the Court, Defendants chose to submit two separate sets of largely-identical opposition papers—one on behalf of Gyroor-US (Dkt. 609; "Opp'n I"), and a second on behalf of Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes (Dkt. 611; "Opp'n II", and collectively with Opp'n I, the "Oppositions"), who Defendants argue are no longer parties to this case (*see* Opp'n II at 1, 6, 13). Given the overlap of issues, Plaintiffs submit a single reply in response to the Oppositions.

[3] *See ABC Corporation I v. Partnership and Unincorporated Associations*, No. 21-2150 (Fed. Cir. Oct. 28, 2022) ("Federal Circuit Decision I"); *ABC Corporation I v. Partnership and Unincorporated Associations*, No. 22-1071 (Fed. Cir. Oct. 28, 2022) (the "Federal Circuit Decision II").

- The Hatch Declaration proper supports the New PI and should not be excluded—the submission does not deviate from Mr. Hatch's prior opinions and is justified in view of the intervening Federal Circuit decisions after the close of expert discovery.

Defendants' extended diatribe as to these irrelevant issues cannot obscure, however, their continued infringement of two Patents-in-Issue by three Accused Products. Plaintiffs' *prima facie* case of design patent infringement is left largely unaddressed in the Oppositions with Defendants offering a flawed non-infringement analysis and little more than unsupported self-serving factual statements that fall well-short of rebutting the harms identified in the New PI. In fact, Defendants do not once even mention, let alone contest, the conclusions of Plaintiffs' expert on irreparable harm. This paucity is telling and only demonstrates that Defendants have no viable response to the infringement and irreparable harm detailed in the Memorandum. Accordingly, equitable relief is appropriate and this Court should grant a New PI enjoining the Defendants from the sale of the Accused Products and restraining the transfer of assets associated with such sales, thereby ensuring no continuing or further harm is done to Plaintiffs during the pendency of this litigation.

## ARGUMENT

The Oppositions contain numerous factual and legal inaccuracies that are intended to muddy the only issue before the Court on this motion—Plaintiffs' entitlement to injunctive relief based on Defendants' continued infringement of the Patents-in-Issue. Not only are Defendants' musings regarding the proper parties to this action and misstatements regarding the Federal Circuit decisions inaccurate, but they also do not rebut Plaintiffs' *prima facie* showing of infringement. Accordingly, the New PI should be granted.

**I.  GYROOR, URBANMAX, FENGCHI-US, HGSM, GAODESHANG-US, AND GYROSHOES ARE DEFENDANTS IN THIS CASE.**

Defendants split the Oppositions on the faulty premise that defendants Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes are no longer parties. (Opp'n II at 1, 6, 13).

2

Defendants' assertion, however, is belied by the same Federal Circuit decision it relies upon. The Federal Circuit explicitly stated that its decision to vacate the order granting Plaintiffs' motion to amend Schedule A extended only so far as that order subjected defendants Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes to the Prior PI:

> For the foregoing reasons, we vacate for lack of Rule 65(a) notice the preliminary injunction entered by the district court on November 24, 2020, ***and the order entered by the district court on May 24, 2021, that granted ABC's motion to amend Schedule A insofar as that order extended the 2020 Preliminary Injunction to new defendants.***

(Federal Circuit Decision I at 18 (emphasis added).) Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes therefore remain Defendants.

## II.     THE FEDERAL CIRCUIT DECISIONS DO NOT PRECLUDE ENTRY OF THE NEW PI.

Nothing in the Federal Circuit's decisions precludes Plaintiffs from renewing their requests for injunctive relief. Defendants argue that the New PI should be denied as "the Federal Circuit clearly pointed out that Plaintiffs failed to show the likelihood of success on the merits and the deficiencies of expert report." (Opp'n I at 12; Opp'n II at 16.) Such a statement, however, is another clear mischaracterization of the Federal Circuit's reasoning for vacating the Prior PIs. The Federal Circuit merely took issue with the detail provided by the Court to establish a likelihood of success on the merits. (*See, e.g.*, Federal Circuit Decision II at 13 (reasoning that the district court failed to provide a sufficient explanation of "how the court's finding of likelihood of success on the merits is consistent with the existence of the D'906 patent"), 15 ("the district court failed to apply the ordinary observer test on a product-by-product basis"), 18 ("even if the district court were to find a likelihood of success as to infringement, the language of the injunction is overbroad").) Such technical deficiencies are readily curable. In light of the roadmap provided by the Federal Circuit, the New PI includes a patent-by-patent and product-by-product analysis that

3

clearly takes into account all relevant prior art and demonstrates that Plaintiffs' two design patents are clearly infringed by the three Accused Products manufactured and/or sold by Defendants.

**III. GYROOR A, GYROOR C, AND GYROOR E PRODUCTS ARE PROPERLY INCLUDED AS ACCUSED PRODUCTS IN THE NEW PI.**

Defendants contend that Gyroor C and Gyroor E are no longer accused products in this case as they were only identified in regard to Plaintiffs' Prior PIs—and not in the amended complaint, as was Gyroor A—which have since been vacated by the Federal Circuit. (*See* Opp'n I at 6; Opp'n II at 7.) Defendants further reason that because their motion for clarification (Dkt. 560) of the Prior PI was denied as moot, the "'Accused Product Gyroor E' should not be considered as accused product in this case. [Dkt. 603]." (Opp'n I at 2; Opp'n II at 2.) The Federal Circuit's decisions vacating the Prior PIs and this Court's denial of Defendants' motion for clarification as moot have no bearing on the issues presently before the Court and do not make Gyroor C and Gyroor E products irrelevant in this case. Plaintiffs' New PI clearly identifies the products as infringing the Patents-in-Suit.

In any event, the inclusion of Accused Products Gyroor C and Gyroor E in the New PI should come as no surprise to Defendants. Plaintiffs' expert reports submitted to Defendants throughout this proceeding have included infringement analyses relating to each of Gyroor A, Gyroor C, and Gyroor E, and Defendants' expert reports submitted with the Oppositions even respond to the same. (*See* Declaration of Jim Gandy, Dkt. 609-5, 611-5.) Moreover, Gyroor C and Gyroor E products embody substantially the same design as the product identified as Gyroor A. (Hatch Decl. ¶ 64 ("Each of the Accused Products creates the visual impression to the hypothetical ordinary observer of an integrated hourglass body with a relatively flat surface across the top of the main body, pronounced 'footing' areas, and open-arched fenders over the top of the wheel area.").) The features that arguably distinguish Gyroor C and Gyroor E products from the Gyroor

A products are limited to different LED light features of the footpads and wheels that are wholly irrelevant to the infringement analysis.

### IV. THE HATCH DECLARATION IS PROPER.

The Hatch Declaration is proper and should not be excluded—it was promptly submitted in direct response to the alleged technical insufficiencies identified by the Federal Circuit after the close of expert discovery. *See Talbert v. City of Chicago*, 236 F.R.D. 415, 422-425 (N.D. Ill. 2006) (holding the plaintiff's untimely supplemental expert report may be filed where submission was made when "the plaintiff was made aware that … the initial report was incomplete" and such submission did not surprise or prejudice defendant). In all events, the Hatch Declaration is substantially justified and harmless. As even recognized by Defendants, the Hatch Declaration is not materially different and the conclusions do not depart from earlier reports. (Opp'n I at 19; Opp'n II at 23.)[4]

It is indisputable that the Hatch Declaration is narrowly tailored to elaborate and elucidate the prior opinions by including a patent-by-patent and product-by-product analysis demonstrating Plaintiffs' two design patents are clearly infringed by the three Accused Products. The conclusions remain the same—in the eyes of the hypothetical ordinary observer familiar with the prior art, the overall visual appearance of the Accused Products is substantially similar to that of the claimed designs of the Patents-in-Suit. (Hatch Decl. ¶¶ 74, 82, 90 (infringement analysis of the D'723 Patent against the Accused Products), 78, 86, 94 (infringement analysis of the D'256 Patent against the Accused Products).) In addition, Defendants' assertion that "Plaintiffs' untimely service prejudiced Defendants because the summary-judgment briefing has to be reset" is a non-starter

---

[4] Defendants concede that "Plaintiffs even did not include any new evidence in their new report, they just revised their arguments to cure the defects and mistakes in their previous report that criticized and reversed by the Federal Circuit Court." (Opp'n I at 19; Opp'n II at 23.)

and conveniently ignores the intervening Federal Circuit decisions. (*See* Opp'n I at 19; Opp'n II at 23.)

Moreover, in an effort to discount his testimony, Defendants makes multiple blatant misrepresentations that are clearly proved false with a basic read of the analysis provided in the Hatch Declaration, including but not limited to:

- Defendants falsely contend that "Mr. Hatch only compared Defendant's product, prior art and the claimed design of the Patents-in-Suit through perspective views and top views without fully comparing them from side views, front/back views and bottom views." (Opp'n I at 20; Opp'n II at 24; *cf.* Hatch Decl. ¶¶ 72, 76, 80, 84, 88, 92 ("Although the below chart only presents selected views, my analysis was undertaken by comparing the actual product to each of the patented designs as a whole. The full comparison to all of the figures of the [Patents-in-Suit] are show in Exhibit 1.").)

- Defendants assert that Mr. Hatch "[did] not include any comparison between the claimed design of the Patents-in-Suit and the prior art and analyze the difference between them" (Opp'n I at 23; Opp'n II at 27), but Mr. Hatch clearly compares the designs of the Patents-in-Suit and the Accused Products in light of the prior art, including the D'906 Patent (*see* Hatch Decl. ¶¶ 54, 74, 78, 82, 86, 90, 94).[5]

- Defendants argue that Mr. Hatch's deposition testimony is contradictory and applies the wrong "ordinary observer" standard (Opp'n I at 22; Opp'n II at 26)—however, the analysis in the Hatch Declaration clearly takes into account "the appearance of the Accused Products and the claimed designs of each of the Patents-In-Suit ('the Claimed Designs') and from the viewpoint of the ordinary observer who is familiar with the relevant prior art." (Hatch Decl. ¶ 4; *see also, e.g.*, Hatch Decl. ¶ 17 ("Thus, the hypothetical ordinary observer is presumed to have a complete knowledge of all relevant prior art.").)

The submission of the Hatch Declaration is therefore proper and should not be excluded from consideration in the determination of the entry of the New PI.

---

[5] In fact, the declaration of Lance Rake relied upon by Defendants does not take into account the D'906 Patent in the infringement analysis and, instead, relies upon a comparison between the Accused Products and U.S. Patent No. D808,857, a third-party patent on which the Accused Products are allegedly based. As recognized by this Court, such comparison is irrelevant. (*See* ECF No. 449 (the "existence of one's own patent does not constitute a defense to infringement of someone else's patent.").)

## V. DEFENDANTS FAIL TO REBUT PLAINTIFFS' SHOWINGS OF PATENT INFRINGEMENT AND IRREPARABLE HARM.

Defendants' extensive reliance on irrelevant grievances cannot distract from the failure to adequately address the issues presently before this Court—Plaintiffs' *prima facie* case of design patent infringement and the existence of irreparable harm. While purporting to rely on inapplicable snippets from the declarations of two separate experts opining on the alleged non-infringement (*see* Opp'n I and Opp'n II (citing the declarations of Jim Gandy and Lance Rake)), Defendants' non-infringement analysis still fails to apply the ordinary observer test to the design "**as a whole**." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (emphasis added). Rather, Defendants deliberately chose trivial differences in specific views and narrowly focuses on ornamental features considered in isolation to support its conclusion that the Accused Product has a substantially different ornamental appearance than the claimed designs of the Patents-in-Suit. (*See, e.g.*, Opp'n I at 28, 39, 49, Opp'n II at 32–33, 43, 53 (focusing on the "slightly raised convex contour" of the center portion of the Patents-in-Suit and the "slightly recessed" design of the corresponding portion of the Accused Products shown from the front view); Opp'n I at 30, 41, 53, Opp'n II at 34, 45, 57 (focusing on the "pattern of vent holes" and "slight diagonally upwardly protruding arcuate edge" of the bottom view of Patents-in-Suit, and the "slight diagonally downwardly protruding arcuate edges" of the Accused Products).)

Defendants' "piecemeal approach, considering only if design elements independently affect the overall visual impression that the designs are similar, is at odds with [the Federal Circuit's] case law requiring the fact-finder to analyze the design as a whole." *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1131 (Fed. Cir. 2019). Instead, an "ordinary observer is deceived by an infringing design as a result of 'similarities in the overall design, not of similarities in ornamental features considered in isolation.'" *Id*. at

7

1131. While minor differences may exist, those minor differences do not diminish the deceptively similar overall appearance of the Accused Product. (*See* Hatch Decl., ¶ 65 ("While they are not exact duplicates of each other, the Accused Product and each of the Claimed Designs share very similar visual traits in their format, proportions and main visual features, and share the same overall impression to the ordinary observer in light of the prior art.").)

Moreover, Defendants rely upon unsupported self-serving factual statements that fall well-short of rebutting the harms identified in the New PI. (*See* Opp'n I at 61; Opp'n II at 65.) Defendants do not mention, let alone contest, the conclusions of Plaintiffs' expert on irreparable harm. This lack of any substantive argument rebutting the irreparable harm suffered by Plaintiffs resulting from Defendants' infringement—the causal nexus of which is clearly established in reliance upon both Plaintiffs' expert's opinion and applicable case law—is telling and only demonstrates that Defendants have no viable response.

Furthermore, Defendants' argument that Plaintiffs will not suffer irreparable harm is largely contingent upon a false premise wherein Plaintiffs claim damages solely in the form of lost sales which may be calculated and compensated with monetary damages. In actuality, Plaintiffs establish that, absent the New PI, they would suffer eroded control of patent rights, decreased market share, and harm to reputation and goodwill. (*See* Plntfs. Mem. at 28–29.) In fact, Plaintiffs cite to considerable testimony and case law supporting the notion that, in this case, harm to Plaintiffs' reputation and goodwill constitute irreparable harms that cannot be readily calculated or monetarily compensated. (*See* Plntfs. Mem. at 28 (citing *Promatek Indus. Ltd. v. Equitrac Corp.,* 300 F.3d 808, 813 (7th Cir. 2002); *Gateway E. Railway Co. v. Terminal Railroad Assoc. of St. Louis,* 35 F.3d 1134, 1140 (7th Cir. 1994).) Defendants entirely misrepresent Plaintiffs' arguments, and fail to address or engage with the numerous, well-supported arguments Plaintiff makes for

irreparable harm. Instead, Defendants spend considerable space making specious, irrelevant, and unsupported arguments that irreparable harm simply cannot exist if Defendants' infringing products were on the market prior to Plaintiffs' previous preliminary injunction – yet another indication that Defendants have no viable arguments undercutting Plaintiffs' showing of *prima facie* infringement and irreparable harm.

## CONCLUSION

Plaintiffs demonstrate the necessity of a preliminary injunction in this matter and this Court should therefore issue the New PI enjoining Defendants from selling the Accused Products and restraining the transfer of assets associated with such sales.

Dated: December 1, 2022

| PALMERSHEIM & MATHEW LLP | TARTER KRINSKY & DROGIN LLP |
|---|---|
| | By: */s/ Richard J.L. Lomuscio* |
| Robert J. Palmersheim | Richard J.L. Lomuscio |
| Anand C. Mathew | Mark Berkowitz |
| Timothy G. Parilla | Chandler E. Sturm (admitted *pro hac vice*) |
| 401 N. Franklin Street, Suite 4S | 1350 Broadway |
| Chicago, IL 60654 | New York, NY 10018 |
| Tel.: (312) 319-1791 | Tel.: (212) 216-8000 |
| E-mail: acm@thepmlawfirm.com | Fax: (212) 216-8001 |
| E-mail: rjp@thepmlawfirm.com | E-mail: rlomuscio@tarterkrinsky.com |
| E-mail: tgp@thepmlawfirm.com | E-mail: mberkowitz@tarterkrinsky.com |
| | Email: csturm@tarterkrinsky.com |
| | *Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I certify that a true and correct redacted copy of the foregoing document and corresponding declaration and exhibits have been served on all parties to this action via ECF on December 1, 2022.

Dated: December 1, 2022

| PALMERSHEIM & MATHEW LLP | TARTER KRINSKY & DROGIN LLP |
|---|---|
| | By: */s/ Richard J.L. Lomuscio* |
| Robert J. Palmersheim | Richard J.L. Lomuscio |
| Anand C. Mathew | Mark Berkowitz |
| Timothy G. Parilla | Chandler E. Sturm (admitted *pro hac vice*) |
| 401 N. Franklin Street, Suite 4S | 1350 Broadway |
| Chicago, IL 60654 | New York, NY 10018 |
| Tel.: (312) 319-1791 | Tel.: (212) 216-8000 |
| E-mail: acm@thepmlawfirm.com | Fax: (212) 216-8001 |
| E-mail: rjp@thepmlawfirm.com | E-mail: rlomuscio@tarterkrinsky.com |
| E-mail: tgp@thepmlawfirm.com | E-mail: mberkowitz@tarterkrinsky.com |
| | E-mail: csturm@tarterkrinsky.com |

*Attorneys for Plaintiffs*