```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3    HANGZHOU CHIC INTELLIGENT        )
      TECHNOLOGY CO. and UNICORN       )
 4    GLOBAL, INC.,                    )
                                       )    Docket No. 20 CV 4806
 5                      Plaintiffs,    )
                                       )    Chicago, Illinois
 6         v.                          )    November 10, 2022
                                       )    4:02 p.m.
 7    THE PARTNERSHIPS AND             )
      UNINCORPORATED ASSOCIATIONS      )
 8    IDENTIFIED ON SCHEDULE "A,"      )
                                       )
 9                      Defendants.    )

10
            TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Status Hearing
11               BEFORE THE HONORABLE THOMAS M. DURKIN

12
      APPEARANCES:
13
      For the Plaintiffs:    MR. RICHARD J.L. LOMUSCIO
14                           MR. MARK BERKOWITZ
                             Tarter Krinsky & Drogin
15                           1350 Broadway
                             New York, New York  10018
16
                             MR. ANAND C. MATHEW
17                           Palmersheim & Mathew, LLP
                             401 North Franklin Street, Suite 4S
18                           Chicago, Illinois  60654

19

20

21

22                        ELIA E. CARRIÓN
                         Official Court Reporter
23                     United States District Court
                  219 South Dearborn Street, Room 1432,
24                       Chicago, Illinois 60604
                            (312) 408-7782
25                   Elia_Carrion@ilnd.uscourts.gov
```

1    APPEARANCES (Continued:)

2    For the Defendants:     MR. YU-HAO YAO
                             Glacier Law LLP
3                            9660 Flair Drive, Suite 328
                             El Monte, California  91731
4
                             MS. QUEENA N. ZHANG
5                            Glacier Law LLP
                             506 Second Avenue, Suite 1516
6                            Seattle, Washington  98104

7                            MS. WEI YANG
                             Glacier Law LLP
8                            41 Madison Avenue, Suite 2529
                             New York, New York  10010
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          (Proceedings heard telephonically.)

2               THE COURT:  All right.  Emily, please call the case.

3               THE CLERK:  All right.  This is Case No. 20 CV 4806,

4     ABC Corporation v. The Defendants Identified on Schedule "A."

5               Could I please have the attorney present on behalf of

6     the plaintiff state their name.

7               MR. LOMUSCIO:  Richard Lomuscio, Tarter Krinsky &

8     Drogin, on behalf of plaintiffs, and I have with me my

9     colleague Mark Berkowitz as well.

10              THE COURT:  Okay.

11              MR. MATHEW:  This is Anand Mathew on behalf of the

12    plaintiffs, too.

13              THE CLERK:  And on behalf of defendant, please.

14              MR. YAO:  Good afternoon, Your Honor.  This is

15    Attorney Yu-Hao Yao appearing on behalf of defendants.  I have

16    my colleague --

17              COURT REPORTER:  I'm sorry; you broke up.  You need

18    to repeat that, please.

19              MR. YAO:  Yes.  Good afternoon, Your Honor.  This is

20    Attorney Yu-Hao Yao appearing on behalf of the defendants, and

21    I have my colleagues Queena and Wei on the line as well.

22              THE COURT:  Okay.  We received a motion for a

23    temporary restraining order and preliminary injunction filed

24    by the plaintiff, and then we received an email from defense

25    counsel objecting to certain aspects of it.  We noted that

1    really if you have objections, you ought to put it on the

2    docket, but the critical thing was there is a briefing

3    schedule proposed in the motion, relatively prompt briefing

4    schedule proposed by plaintiffs, defendants object to it and

5    propose a much more leisurely response date back in -- all the

6    way up to January, and a reply.

7            My first question is -- and excuse me one second.  I

8    have a question from a jury on an unrelated case.  Off the

9    record for a moment while I just look at this.

10           (Off the record.)

11           THE COURT:  Okay.  Back on the record.

12           I saw in the docket entries that Judge Cole had set

13   discovery schedules, the parties had reported to him that they

14   had completed discovery, including expert discovery, and that

15   you were not interested in a settlement conference so he sent

16   the case back to me, essentially.  He had suggested dates for

17   the filing of a summary judgment motion, but those were

18   suggestions and were not something I have adopted.

19           Why are we even doing injunctions at this point when

20   if discovery's over, I assumed -- and tell me if I'm wrong --

21   one party or the other is going to file a summary judgment

22   motion?

23           First, from plaintiff.

24           MR. LOMUSCIO:  Sure.  Your Honor, Richard Lomuscio,

25   Tarter Krinsky & Drogin, on behalf of plaintiffs.

1     The reason we're filing a preliminary injunction

2  motion now, Your Honor, is based upon the recent Federal

3  Circuit decision which vacated the existing preliminary

4  injunctions that were in place in this case --

5     THE COURT:  I'm familiar --

6     MR. LOMUSCIO:  -- which happened about a week -- a

7  week and a half ago.

8     THE COURT:  I'm very familiar with the orders.

9     MR. LOMUSCIO:  Yes.  And the -- and we believe that

10  those -- that the Federal Circuit, you know, had -- their

11  analysis provides a roadmap for continuing a new PI in this

12  case while we complete summary judgment motions.  And that is

13  the reason we have made this motion now.

14     THE COURT:  All right.  Well, they certainly did --

15  and I'll hear from defendants in a minute -- they certainly

16  did object to the process that I followed in granting the

17  preliminary injunction motion, and there was a question as to

18  whether the -- there's proper notice and also whether the

19  analysis was proper, and the Court found that it wasn't, and I

20  agree with you, they did at least explain what I should've

21  done.  And that's fine.

22     And certainly, that's the -- that's the rule we'll

23  have to follow on this, but it seems as if we're -- if there's

24  going to be a preliminary injunction hearing, it will be a

25  hearing.  You're going to have witnesses brought in, for both

1 sides, and it's in effect going to be a mini trial.

2 If there is a summary judgment -- intent to file

3 summary judgment by one side or the other, I'm wondering about

4 the utility for doing that when that may end up being

5 dispositive if we have a summary judgment motion.

6 I don't know, does plaintiffs intend to file a

7 summary judgment motion?

8 MR. LOMUSCIO: Not at this time, Your Honor.

9 THE COURT: Okay. And how about on defense side?

10 I'll let you comment on what plaintiffs' counsel has just said

11 on all the subjects he raised.

12 MR. YAO: Thank you, Your Honor. So, Your Honor,

13 this is Attorney Yu-Hao Yao appearing on behalf of defendants

14 and also from Glacier Law LLP.

15 Actually, so, you know, this is the plaintiffs' third

16 bite at the preliminary injunction, which, you know, it's

17 just -- it would be extremely prejudicial to defendants when,

18 you know, as we talked about, the expert discovery has already

19 closed, the fact discovery period has already closed,

20 you know, also defendant is also planning to file a motion for

21 summary judgment, and it would just -- does not make sense to

22 have another PI and TRO when the, you know, summary -- motion

23 for summary judgment would be dispositive and given that,

24 you know, it's the third attempt, which I know the Federal

25 Circuit has laid out a roadmap, but also addresses the

1    deficiency in the previous preliminary injunction orders so

2    that it does not make sense for plaintiffs to continue to file

3    preliminary injunctions when it's already at this stage of the

4    litigation --

5           THE COURT:  Are you still selling --

6           (Indiscernible crosstalk.)

7           THE COURT:  I'm sorry to interrupt.  Are you still

8    selling the allegedly infringing products?

9           MR. YAO:  Well, I mean, I haven't -- I have to

10   confirm that with my client, you know, but I'm pointing to the

11   preliminary injunction -- according to the Federal Circuit

12   order, that one has -- the preliminary injunction was vacated,

13   but we're still confirming it with the -- the process with

14   Amazon and all that stuff, but I would have to confirm that

15   with my client.

16          THE COURT:  I understand.  And you were not selling

17   it for quite some time.  There was a bond posted and,

18   obviously, if you're correct that it was an improper

19   injunction or that plaintiffs can't prevail, you may be

20   entitled to some type of damages relating to lost sales.

21          But if you're not selling it -- if you weren't

22   selling it during the preliminary injunction period, I know

23   there was some question about whether you were or not, because

24   I think there was some contempt issues relating to that, but

25   if you're not selling it now and you intend to file a summary

1    judgment, I need to know whether you intend to keep -- intend
2    to start selling it.  If you are, it doesn't matter how many
3    times the plaintiff has sought summary -- sought preliminary
4    injunction.  I have to follow what the Fed Circuit rule is
5    and, understandably, you know, follow the roadmap they gave as
6    to whether or not an injunction could be properly entered.
7    But it doesn't matter if it's been entered in the past and
8    been vacated.

9           But I don't want to be doing this if your client, at
10   least in the -- for a period of time while summary judgment
11   briefing is going on doesn't intend to sell their product.  If
12   they do and plaintiffs want to try and enjoin that, then
13   they're entitled to do it, but it's going to cost each side, I
14   would think, some amount of resources and certainly amount of
15   time because what's very clear from the -- from what the
16   Fed Circuit said is I need to have an in-person hearing with
17   your experts on each side testifying, and I need to carefully
18   analyze the evidence and use the -- as they said, the roadmap
19   from the Fed Circuit in making a decision whether to grant the
20   preliminary injunction or not.

21          But it's a waste of everyone's time if your client
22   doesn't intend to sell the product while a summary judgment
23   motion gets briefed and decided.  So I think if --
24   understandably, you may not know the answer to that right now,
25   but I think it's something you need to check with your client.

1    If they do want to sell the product, then plaintiffs
2  are entitled to seek preliminary injunction.  If they don't,
3  then we ought to just proceed with the matter of summary
4  judgment briefing.  And it's almost a self-imposed injunction
5  at that point by the defendants.  Your client may not want to
6  do that, and that's fine.  There's no law that requires them
7  at this point to -- that prevents them, rather, from selling
8  their product.

9    So I really don't want to spend much more time on
10  this right now, but I'd like you to consider that and find out
11  what your client's intentions are from the defense side, talk
12  it over with plaintiffs, and I'd like you all to think about
13  what is the utility -- what's the most expeditious way to get
14  a resolution to the case.

15    You can't settle.  You -- Judge Cole asked about that
16  and the parties said no, and that's fine; there's no need to
17  settle.  But if we're going to have a preliminary injunction
18  briefing, and I can assure you after that briefing, we're
19  going to have a hearing, and when I can do that hearing is
20  a -- I'll give it with all due haste after the briefing is
21  completed.

22    And if, in fact, your client isn't going to settle --
23  sell these hoverboards, it's not enough of a -- well, whatever
24  the business interests are on that, then we shouldn't be
25  wasting our time on an injunction hearing because there's no

1  irreparable harm if you're not selling anything.

2  So I'll welcome any comments briefly, but that's what
3  I have to say on this, and I'll probably have you back in on a
4  phone call next week sometime to give me the results of what
5  you've reached any type of resolution or proposed path going
6  forward given what I've said.

7  So I'll hear first from plaintiff, then I'll hear
8  from defendant.

9  MR. LOMUSCIO:  Yeah, thank you, Your Honor.

10  Our -- our -- we'll obviously discuss this with
11  defendants, you know, but our -- our view is that there is,
12  you know, a -- I guess a voluntary injunction in place and
13  we're moving to summary judgment.  We -- we would be amenable
14  to that.  Our issue really is that -- that no sales of the
15  products occur while -- while this issue is pending.

16  THE COURT:  Well, I think at this point it's unlikely
17  you're going to prevent sales until I decide a preliminary
18  injunction motion.  I'm not going to enter -- you know, the
19  TRO and the preliminary have essentially the same standards in
20  the Seventh Circuit, and again, I'm not going to decide that
21  if there's intent by the defendants to sell their product
22  until we've had a hearing.

23  And looks like there's -- from that email that I
24  received, there's going to be some contest as to whether or
25  not your revised expert report from Mr. Hatch is going to be

1   able to be used, and there's a variety of other preliminary
2   issues we would have to decide.

3           I can tell you schedulewise, I have a trial starting
4   in -- two trials in January, one of which will last through
5   April.  So if we don't get this done in December, it's going
6   to take some time to get done.  So keep that in mind on
7   your -- on any briefing schedule you propose for a preliminary
8   injunction, which is just a matter of information telling you
9   what my schedule is.

10          MR. LOMUSCIO:  Thank you, Your Honor.

11          THE COURT:  It doesn't mean I can't hear this on
12  possibly -- the trials will -- the lengthy trial will go four
13  days a week, so I can hear you on consecutive Fridays.  We may
14  not finish an injunction hearing on a Friday, but I can hear
15  you on one Friday and the next Friday and the next Friday.  I
16  wish it weren't that way.  I know it's inconvenient for the
17  parties and the witnesses, but that's the best I can promise
18  you if we bleed into 2023.

19          Okay.  Let's hear from defendant.

20          MR. YAO:  Thank you, Your Honor.  So given to the
21  first point, so I will have to confirm with my client whether,
22  you know, they have resumed [inaudible] and they'll provide --
23  we'll file an update with the Court once I confirm with my
24  client.

25          And second, I looked at the plaintiffs' motion for

1   preliminary injunction and TRO, they attempt to restrain a

2   dismissed party that was -- a party that was already dismissed

3   from this case.  It was Jiangyou-US.  That was already

4   dismissed by this Court back in June, and then plaintiffs

5   decided to bring a motion for PI and TRO again against that

6   dismissed party which, you know, is prejudicial when the party

7   has already been dismissed.  And --

8           THE COURT:  I expect -- on that one -- let me

9   interrupt.  On that one, I would expect you to consult with

10  plaintiffs' counsel and resolve that.  It sounds like it -- if

11  it's a party that's been dismissed for a -- and I'd have to go

12  back and look at the docket and review the reasons for it, but

13  I would discuss that with plaintiffs' counsel and see if

14  that's a mistake or whether that was intentional to seek to

15  enjoin that party, and remind them, because they're new

16  lawyers on this, they were not involved back at that time, I

17  think, of what the litigation was relating to that party.

18          Go ahead.  I interrupted you.

19          MR. YAO:  No problem, Your Honor.  The briefing

20  schedule, you know, as I said, back -- defendants filed a

21  motion for summary judgment or -- as of right now, planning to

22  file in November and the response time is just -- it'll be too

23  short given that defendants will have to respond to this

24  motion for a TRO and PI at the same time it's preparing for a

25  summary judgment, so I think that, you know, as we indicated

1  in the email, that push back the response time until at least
2  January is -- it will just be the best interest for both
3  parties.
4        THE COURT:  Well, best interest for your -- from your
5  party, one party.  Not in the --
6        MR. YAO:  Yeah.
7        THE COURT:  -- best interest of plaintiffs.  It's in
8  the best interest of your client, which is who you're
9  representing.
10        What I don't want to do, hopefully, is have you
11 briefing a preliminary injunction and briefing summary
12 judgment at the same time.  That's an awful lot of attorney
13 hours, expense to your client, and I'm not sure it advances
14 the case in a productive way.  Maybe that's the only way we
15 can do it, but what I'm going to ask you to do is come back
16 for a call next week.
17        Emily, what day can we do it?  I'm just looking at
18 the call sheets.
19        THE CLERK:  We can do Tuesday if you like.  Or
20 Thursday.
21        THE COURT:  Let's do Thursday.  I think that's --
22 what day is that, the 17th?
23        THE CLERK:  Yes.
24        THE COURT:  Let me just look at the schedule that
25 day.  Yeah, let's do Thursday.

1    Are the parties available for a call Thursday
2  morning?
3    MR. LOMUSCIO:  Plaintiffs are, Your Honor.
4    MR. YAO:  What time?
5    THE COURT:  Pardon me?  It will be 9 o'clock.
6    MR. LOMUSCIO:  Plaintiffs are, Your Honor.
7    THE COURT:  Okay.  And defendants?
8    MR. YAO:  That works for defendants as well,
9  Your Honor.
10    THE COURT:  Okay.  I would ask, though, that you meet
11  and confer on the issues I've raised.  I think you ought to
12  look for practical ways to resolve the litigation one way or
13  the other in an as least costly a way as possible for your
14  clients, and then also -- you know, given all the issues I've
15  raised.
16    Hopefully, you can come up with a plan that works,
17  but if we are compelled to do a preliminary injunction
18  hearing, it will be live, it will be in my courtroom, and the
19  briefing will have to be such that it's completed before I
20  hold the hearing and the time is getting short for a hearing
21  possibly this year.  I have other matters and bench trials
22  set, and I've given you my schedule starting in January, so
23  keep that in mind when you decide how we would conduct a
24  hearing.
25    Okay.  Anything else from plaintiff?

1      MR. LOMUSCIO:  Nothing else, Your Honor.  Thank you.

2      THE COURT:  And defendant?

3      MR. YAO:  No, nothing else, Your Honor.  Thank you.

4      THE COURT:  All right.  Thanks for coming on the call

5  so quickly today.  Thank you.

6      MR. LOMUSCIO:  Thank you, Your Honor.

7      MR. YAO:  Thank you, Your Honor.

8      MR. BERKOWITZ:  Thank you, Your Honor.

9        (Proceedings concluded at 4:19 p.m.)

10                        CERTIFICATE

11      I certify that the foregoing is a correct transcript from

12  the record of proceedings in the above-entitled matter.

13  */s/ Elia E. Carrión          21st day of November, 2022*

14  *Elia E. Carrión                       Date*
    *Official Court Reporter*

15

16

17

18

19

20

21

22

23

24

25