1  IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
2  EASTERN DIVISION

3  HANGZHOU CHIC INTELLIGENT          )
   TECHNOLOGY CO. and UNICORN         )
4  GLOBAL, INC.,                      )
                                      )   Docket No. 20 CV 4806
5              Plaintiffs,            )
                                      )   Chicago, Illinois
6       v.                            )   November 17, 2022
                                      )   9:12 a.m.
7  THE PARTNERSHIPS AND               )
   UNINCORPORATED ASSOCIATIONS        )
8  IDENTIFIED ON SCHEDULE "A,"        )
                                      )
9              Defendants.            )

10

     TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Status Hearing
11                      Volume 1A
        BEFORE THE HONORABLE THOMAS M. DURKIN
12

13 APPEARANCES:

14 For the Plaintiffs:    MR. RICHARD J.L. LOMUSCIO
                          Tarter Krinsky & Drogin
15                        1350 Broadway
                          New York, New York  10018
16

17 For the Defendants:    MR. YU-HAO YAO
                          Glacier Law LLP
18                        9660 Flair Drive, Suite 328
                          El Monte, California  91731
19

20

21

22                  ELIA E. CARRIÓN
                 Official Court Reporter
23             United States District Court
           219 South Dearborn Street, Room 1432,
24             Chicago, Illinois 60604
                    (312) 408-7782
25             Elia_Carrion@ilnd.uscourts.gov

1       THE CLERK:  The next case is 20 CV 4806,

2   ABC Corporation v. The Defendants Identified on Schedule "A."

3       Could I please have the attorney present on behalf of

4   the plaintiff state their name.

5       MR. LOMUSCIO:  Yes, it's Richard Lomuscio of Tarter

6   Krinsky & Drogin on behalf of the plaintiffs.

7       THE CLERK:  And on behalf of defendant, please.

8       MR. YAO:  Yeah, this is Attorney Yu-Hao Yao appearing

9   on behalf of defendants.

10      THE COURT:  Okay.  I received a joint status report,

11  which was filed with each side's positions.  We entered an

12  order dismissing some of the now moot motions, but the main

13  reason for meeting today was to find out from defendants

14  whether they intended to sell their products during the

15  pendency of the summary judgment briefing and, if so -- and if

16  plaintiffs were going to seek a preliminary injunction,

17  they're entitled to seek one, but we'd have to have a hearing.

18      If the parties -- if the defendants did not intend to

19  sell their product during the pendency of the summary judgment

20  motion, we would set a briefing schedule for the summary

21  judgment motion.

22      So what do you have to report on that from the

23  defendants?

24      MR. YAO:  Good morning, Your Honor.  This is Attorney

25  Yu-Hao Yao.

1         So we -- I did speak with my client and my client is

2   going to resume selling the products, so -- and also -- we

3   also conferred with plaintiffs yesterday during a phone call

4   and we also notified the plaintiffs that we are -- excuse

5   me -- we are going to continue to sell the products.

6         THE COURT:  Well, by "continue," you mean you started

7   selling it after the Fed Circuit reversed the injunction,

8   correct?

9         MR. YAO:  I believe so, yes.

10        THE COURT:  You didn't sell it while the injunction

11  was in place, I assume.

12        MR. YAO:  No.

13        THE COURT:  No, meaning, you did not sell it,

14  correct?

15        MR. YAO:  No.  Yes, yes, meaning that we did not sell

16  it while the injunction was in place, yes.

17        THE COURT:  All right.  Good.  Because even an

18  injunction that's reversed is still an injunction until it's

19  reversed, and so I hope your client -- well, you've

20  represented that your client was not selling the allegedly

21  infringing products during the pendency of the injunction, the

22  injunction was vacated, the opinion entering it was reversed

23  by the Fed Circuit, and at that time there was no injunction

24  and your client was free to sell the product.

25        So now the question is, from the plaintiffs' side, do

1    you intend to seek a preliminary injunction while we're going

2    through summary judgment briefing if they are going to --

3    apparently their intent is to sell the product.

4          MR. LOMUSCIO:  Yes, Your Honor, we would intend to

5    proceed with our -- our motion for injunction because -- yes.

6          THE COURT:  All right.  Well, get your witnesses

7    ready.

8          MR. LOMUSCIO:  Yeah.

9          THE COURT:  I don't know where they live; I don't

10    know where all the attorneys are.  You can contact my

11    courtroom deputy by a joint email, after this status call, and

12    you need to tell her -- well, you can tell me right now:  How

13    long do you expect the injunction hearing to last?  What --

14    how long will your witnesses be to testify -- take to testify?

15    How many witnesses do you intend to call?  And how long do you

16    expect your arguments to be?

17          First, on the plaintiff.

18          MR. LOMUSCIO:  Your Honor, we would expect one day,

19    Your Honor.  We have two witnesses who would proceed.  We

20    would think they would be about an hour each.  And then,

21    you know, we'd -- we'd also allot time for argument on the --

22    attorney argument on the motions.

23          THE COURT:  All right.  And on behalf of defendants,

24    how many witnesses do you expect to call and how long do you

25    expect arguments to last?

1          MR. YAO:  So, Your Honor, I think we would expect to

2    call, I would say about two -- two witnesses as well.  And in

3    terms of the arguments, I would say at least a day as well, so

4    pretty similar to the plaintiffs as well, but I would have to

5    confer --

6          THE COURT:  All right.  So realistically, we'd need

7    two days reserved for this hearing.

8          Now, you had an objection on the defense side to

9    Mr. Hatch's supplemental report, but I don't think that

10   necessarily is -- relates -- that may relate to the briefing

11   on summary judgment, but for a preliminary injunction, I don't

12   think the discovery schedule that Judge Cole set necessarily

13   controls.

14         If someone wants to seek an injunction and they bring

15   in any evidence they want, I'm not sure they're necessarily

16   precluded from providing that information in an injunction

17   hearing.

18         If you feel differently, you need to file a motion so

19   that we can try and resolve that before any hearing takes

20   place, but I'm not altogether confident that a motion like

21   that would be meritorious, again, on the preliminary

22   injunction hearing.  It may be different on the summary

23   judgment because, you know, you all represented to Judge Cole

24   you completed the discovery, and that has consequences when

25   you say it's over.  But for a preliminary injunction hearing

1   where in effect new evidence may be being brought in, I'm not

2   sure that's the case.

3            So on behalf of the defendants, if you feel

4   differently, file your motion so we can resolve it before the

5   hearing.  Alternatively, I can hear evidence at the injunction

6   hearing on a conditional basis.  I can hear what Mr. Hatch's

7   former opinions were, any new opinions he has, and hear

8   argument on whether I should not consider the new opinions,

9   but we at least do it expeditiously by hearing it all -- or I

10  hear it all, not we, but I hear it all, and then decide if

11  there's a reason not to consider the new opinions.  So those

12  are some thoughts on that.

13           MR. YAO:  Got it.

14           THE COURT:  So --

15           MR. YAO:  Your Honor, I just wanted to double-check

16  the motion for summary judgment timeline.  So I believe -- we

17  plan to file that motion for summary judgment on the 23rd, and

18  we also let the plaintiffs know yesterday as well, and I just

19  wanted to confirm that that is the date -- that last date to

20  file the summary judgment.

21           THE COURT:  Provide an agreed briefing schedule on

22  summary judgment.  I'm -- you know, I'm still puzzled why

23  we're proceeding down two tracks, but that's what you've all

24  chosen to do, and I assume it's done because your clients want

25  you to or you think it's all -- the best way to proceed.

1    But if you're going to proceed on a summary judgment

2   track, along with a hearing on a preliminary injunction,

3   provide the agreed briefing schedule to my courtroom deputy in

4   light of -- I think you need to know when we're going to hear

5   this preliminary injunction so you're not running up against

6   the wall where you're preparing for a hearing and also being

7   required to brief summary judgment.

8    So what I'd suggest you do is first determine,

9   through my courtroom deputy, what days we can have this

10  hearing, and there are a very limited number of days, but

11  we'll make -- we'll do what we can, and then once you have

12  that set, you ought to just meet and confer and agree

13  collaboratively on what a rational briefing schedule would be

14  in light of the hearing we're going to have.

15    I think the first step is find out when the hearing

16  is so you're not preparing a brief the same day you're in the

17  middle of a hearing in my courtroom.  Okay?

18    MR. YAO:  Yes.

19    THE COURT:  I mean --

20    MR. YAO:  Sorry, Your Honor.  I just have two more --

21  two more questions.  As we discussed -- as I discussed last

22  time -- in the hearing last time, one of the parties

23  Jiangyou-US, was dismissed from this case.  It was back on

24  June 21, 2022, pursuant to Docket No. 561.  And -- and I

25  checked with the -- the plaintiffs' motion for preliminary

1  injunction and apparently Jiangyou-US was still in this
2  case so -- I'm sorry -- it was still, I guess, like
3  restrained -- going to be restrained by the injunction, so I
4  just wanted to check whether Jiangyou-US is actually
5  dismissed, meaning that, you know, the PI -- if the PI was
6  granted or supplied, that -- that Jiangyou-US won't be
7  restrained, [inaudible] dismissed.
8          THE COURT:  Are they your client?
9          MR. YAO:  Yes.  It was one -- I believe it was one of
10  our previous clients and it was already dismissed from this
11  case, but the name still appear in the plaintiffs' renewed --
12  renewed motion for preliminary injunction.
13          THE COURT:  Well, I had asked you after our last
14  hearing to check with plaintiffs' counsel to see if that was a
15  mistake or intentional.
16          What is it, Mr. Lomuscio?
17          MR. LOMUSCIO:  Yeah, Your Honor, yes, we did speak
18  with them.  And the issue arose because that party was
19  included in the -- in defense most recent round of expert
20  reports.  But as we informed the plaintiff on -- the defense
21  yesterday -- excuse me -- we would -- if there's -- if they --
22  if they are no longer proceeding on behalf of them in this
23  case, then we would, you know, withdraw them from the -- from
24  the -- seeking PI against them.
25          THE COURT:  What do you mean if they're no longer

1    proceeding on behalf of them?

2            MR. LOMUSCIO:  It -- it was unclear whether or not

3    they were continuing to seek any sort of relief or otherwise

4    based upon their inclusion in the expert reports.  If -- if

5    that is not the case, then we're -- then -- then we would not

6    include them in the PI.

7            THE COURT:  All right.  Well -- and is that true from

8    defense counsel, that you're not -- if their name was in the

9    report, that doesn't mean you're asserting they're still in

10   the case, correct?

11           MR. YAO:  Yeah, yes, we're just -- we're just

12   wondering if that was still -- you know, Jiangyou-US was still

13   in the case or not.

14           THE COURT:  If they're dismissed, they're dismissed.

15           MR. YAO:  Okay.

16           THE COURT:  If you incorrectly included their name in

17   an expert report, that doesn't put them back in the case,

18   so --

19       (Indiscernible crosstalk.)

20           THE COURT:  -- short of the plaintiff amending the

21   complaint to add them.

22           You have no -- do you have any desire to do that on

23   the plaintiffs' side -- or any intention to do that on the

24   plaintiffs' side?

25           MR. LOMUSCIO:  No, we do not, Your Honor.

1      THE COURT:  All right.  Well, then I think you're

2   safe in assuming, from the defense, that they're not in the

3   case.

4      Other question.

5      MR. YAO:  Yes, thank you, Your Honor.  So -- and it

6   was also noted in the minute entry that defendants' motion to

7   clarify, Docket 560, was denied as moot, so we just want to, I

8   guess, get a clarification to the denied as moot.  It is -- it

9   is unclear whether the G11 Model Hoverboard that's -- that was

10  referenced in the preliminary injunction was also no longer an

11  accused product in this case that --

12     THE COURT:  I can't answer that off the top of my

13  head.  If you think you need clarification, file a motion for

14  clarification.  I thought the order we entered was clear.  I'm

15  not going to speak off the cuff on something where you're

16  making that kind of a question, so ask -- file a motion for

17  clarification if you feel it needs clarification.

18     I would really encourage you to meet and confer with

19  plaintiffs' counsel so that you can likely reach agreement on

20  the scope of the order we entered to the extent you think it's

21  ambiguous.  But file a motion for clarification if you feel

22  it's necessary.

23     MR. YAO:  Okay.  One more -- one more, I guess,

24  comment that defendants -- defendants plan to file a motion to

25  seek the appropriate damages associated with the

1    wrongfully-issued preliminary injunction as well.

2            THE COURT:  Fine.  I mean, nothing is preventing you

3    from filing it.  Obviously -- I think you noted in the status

4    report you had lost net profits in the amount of over

5    $600,000, and prejudgment interest of close to 40,000.  You

6    obviously have to support any request by way of affidavit and,

7    you know, the appropriate -- I'm assuming there's appropriate

8    financial records to support such a request and that's,

9    you know, routine.  That's a motion you need to file, and if

10   you can reach an agreed briefing schedule on that, you should

11   suggest that when you contact my courtroom deputy that -- when

12   you're going to file such a motion, what the agreed briefing

13   schedule is on it, and if there's no agreement, what the

14   disagreement is, and I'll rule on an appropriate schedule

15   based on what you say each side needs.

16           MR. YAO:  Got it.

17           THE COURT:  Okay.  Anything else from defendant?

18           MR. YAO:  No, that's -- that's everything,

19   Your Honor.  Thank you.

20           THE COURT:  Anything else from plaintiff?

21           MR. LOMUSCIO:  Nothing else, Your Honor.  Thank you.

22           THE COURT:  All right.  Contact my courtroom deputy,

23   see if we -- I'm not sure we'll get two consecutive days, but

24   we'll give you two days at some point before I start the very

25   lengthy trial I've got in January.

1      I can't help but note when I looked at Document 602,

2   the joint status report, it's really unnecessary to use

3   adjectives in a simple status report to characterize -- this

4   is on page 3, defendants' position -- to characterize tactics

5   used by plaintiffs as vile tactics, evil-hearted tactics, and

6   then the Court's wrongful and unscrupulous analysis.

7      I've been called many things, but not unscrupulous.

8   So I take no personal offense; I'm just noting that it's

9   unnecessary.  It really is, to put these kind of adjectives in

10  a simple court status report.  Again, I take no offense and

11  I'm -- I can't speak for plaintiffs, but it really is not a

12  good way to proceed if we're going to try and get this

13  resolved in an expeditious manner going forward.

14      So please, you know, work within the spirit of

15  professionalism and the spirit of cooperation to try and get

16  this resolved.  We're all -- you both have clients; that's

17  your role is to represent your clients.  My job is to fairly

18  and within the best of my ability decide this based on the

19  facts.  So let's keep it at a professional level.

20      All right.  I'll look forward to your corresponding

21  with my courtroom deputy so we can get a preliminary

22  injunction hearing set.

23      Thank you, both.

24      MR. YAO:  Thank you, Your Honor.

25      MR. LOMUSCIO:  Thank you.

1           (Proceedings concluded at 9:27 a.m.)

1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3  HANGZHOU CHIC INTELLIGENT      )
    TECHNOLOGY CO. and UNICORN     )
4  GLOBAL, INC.,              )
                       )  Docket No. 20 CV 4806
5             Plaintiffs,  )
                       )  Chicago, Illinois
6     v.                 )  November 17, 2022
                       )  3:31 p.m.
7  THE PARTNERSHIPS AND        )
    UNINCORPORATED ASSOCIATIONS   )
8  IDENTIFIED ON SCHEDULE "A,"   )
                       )
9             Defendants.  )

10

     TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Status Hearing
11                  Volume 1B
       BEFORE THE HONORABLE THOMAS M. DURKIN
12

13  APPEARANCES:

14  For the Plaintiffs:    MR. RICHARD J.L. LOMUSCIO
                      Tarter Krinsky & Drogin
15                    1350 Broadway
                      New York, New York  10018
16
                    MR. ANAND C. MATHEW
17                    Palmersheim & Mathew, LLP
                    401 North Franklin Street, Suite 4S
18                    Chicago, Illinois  60654

19  For the Defendants:    MR. YU-HAO YAO
                      Glacier Law LLP
20                    9660 Flair Drive, Suite 328
                    El Monte, California  91731
21

22                ELIA E. CARRIÓN
              Official Court Reporter
23          United States District Court
       219 South Dearborn Street, Room 1432,
24           Chicago, Illinois 60604
             (312) 408-7782
25        Elia_Carrion@ilnd.uscourts.gov

1    (Proceedings heard telephonically.)

2        THE COURT:  All right.  Emily, please call the case.

3        THE CLERK:  This is Case No. 20 CV 4806,

4    ABC Corporation v. The Defendants Identified on Schedule "A."

5        Could I please have the attorneys present on behalf

6    of the plaintiff state their name.

7        MR. LOMUSCIO:  Richard Lomuscio of Tarter Krinsky &

8    Drogin on behalf of the plaintiffs.

9        THE CLERK:  And --

10       MR. MATHEW:  Anand Mathew for plaintiffs.

11       THE CLERK:  All right.  And on behalf of defendants.

12       MR. YAO:  This is Attorney Yu-Hao Yao appearing on

13   behalf of defendants.

14       THE COURT:  Okay.  We had a hearing this morning, and

15   I had asked the parties to contact my courtroom deputy to

16   arrive at a date, or dates, for the preliminary injunction

17   hearing, recognizing that my schedule is very limited because

18   of other criminal matters often involving incarcerated

19   defendants and trials that have been set for some time.

20       We had suggested dates of December 2nd and

21   December 9th, which apparently the plaintiffs could conduct

22   their hearing and were available for, but defendants said they

23   were not available.  We then gave dates in early January,

24   which defendants said they were not available.

25       This is not really optional.  The plaintiffs -- if

1  you intend to sell your product, the defendants, they're

2  entitled to seek an injunction to prevent it, and we're going

3  to go with the first available dates.

4          It's in the nature of an emergency motion so our

5  hearings will be December 2nd and December 9th.  You're going

6  to have to reschedule things, get your witnesses together if

7  you need to, reschedule things from your own professional and

8  personal calendars, but that is their right to seek an

9  injunction if your desire is to sell your products.

10         Now, I have a couple other comments, and then I'll

11 let you all speak.

12         From the plaintiffs' side, if they sell their

13 products and it turns out they violate your patent -- they're

14 infringing your patent, you get damages and an injunction.  I

15 don't know how long it'll take to -- for that to accomplish,

16 but if you're successful, you'll get damages for all this.

17 Why you need to enjoin it right now, I'm not sure the

18 hoverboard sales are going to create a significant crisis for

19 either company if those sales take place, and you get to

20 measure the damages based on the amount of sales they conduct.

21         From the defendants' side, are you going to sell so

22 many of these things before summary judgment is decided that

23 it's worth it to not forgo selling until you get a ruling on

24 summary judgment if you're successful?

25         You've already made a calculation of what your lost

1  profits will be based on what you -- what was an injunction
2  that was granted improvidently by me, so you've -- that was
3  requested by the plaintiffs -- but you've made a calculation
4  as to what your lost profits were, if, in fact, you could, if
5  the parties were speaking to each other, and I hope you are,
6  one way to protect the defendants and the plaintiff is if
7  defendants, in effect, agreed to not sell the product as if
8  there were an injunction in place, but they did so with the
9  agreement of the plaintiff that if it turns out that there
10 is no infringement, the lost profits that would take place now
11 and during the period of time before the summary judgment
12 motion is decided or before we have trial, would be something
13 that they would be compensated for.
14        That seems like a logical way to protect both
15 parties' positions without speeding through a preliminary
16 injunction hearing.  I'll do it.  That's my job, and I'll be
17 happy to do it, but we're going to do it December 2nd and
18 December 9th.  We're not going to keep delaying this, because
19 it's in the nature of an emergency motion.
20        But I think there are ways for both of you to
21 protect -- you know, plaintiffs to get a -- you know, you get
22 damages if it turns out their sales are improper; easy way to
23 measure that.  And from the defendants, if you forgo selling
24 your products, there ought to be a way to reach an agreement
25 with the plaintiff that if that forbearance was unnecessary

1   because your product does not infringe, then the lost profits

2   for this short period of time between, really, the entire

3   period from when you were originally enjoined until there's a

4   resolution would be something that you can seek damages on.

5        So I'll hear first from plaintiffs as to any thoughts

6   on what I've just said.

7        MR. LOMUSCIO:  Yeah, Your Honor.  Thank you,

8   Your Honor.

9        First off, you know, as to the -- the need for the

10  injunction, we are entering into the -- the holiday selling

11  season, which is typically the height of the period for sales

12  of these products.  And sales of these, if there are

13  infringing products out there, it's causing irreparable harm

14  to our clients with those sales.

15       Second, the injunction that has -- was in place we

16  believe was only vacated for technical reasons, which we have

17  further supported through our preliminary -- you know, our

18  current motion, and, you know, we think the -- the issue here

19  is the injunction that was in place, there should be -- should

20  have been an injunction in place and the injunction should

21  continue.

22       We are -- we are always, though -- you know, and we

23  will speak with the defendants if there's some other way to do

24  it, but we did make proposals along those lines prior to

25  today, they were rejected, and, you know, we do need to -- our

1    clients need to protect their rights and that's why they will

2    be proceeding with the -- the preliminary injunction motion.

3              THE COURT:  Okay.  And from defendants.

4              MR. YAO:  Thank you, Your Honor.

5              So given -- I'll just go back to the dates.  I know

6    you said that December 2nd, and I -- one of the reasons that

7    defendant is proposing -- sorry -- a later date is to

8    generate -- one of them is to, you know, we have to contact

9    our experts.  Given the upcoming Thanksgiving holiday and

10   upcoming Christmas season, as we all know, that people will be

11   traveling and it's just not -- it was just not reasonable to

12   have the experts, you know, to be ready at December 9th --

13   I'm sorry -- December 2nd for the preliminary injunction

14   hearing.

15             And second, the preliminary injunction -- delaying --

16   not delaying, but postponing the preliminary injunction

17   hearing to January, which is a month after -- which is only a

18   month after will not cause any prejudice or undue burden to

19   the plaintiffs.

20             Second, you know, defendants have already been

21   enjoined these past few years leading to, you know, as we've

22   already calculated -- excuse me -- defendants have already

23   calculated the amount of loss of profits, as well as business

24   reputation.  And, simply, one of the defendants in this case

25   were restrained by the plaintiffs for selling hovershoes

1  which, you know, have no connection whatsoever to the

2  allegedly infringed products in this case and --

3          THE COURT:  Well, that's what we're going to -- that

4  we'll decide at the hearing.  That's the whole point of the

5  hearing.  If you want to sell your product, which is your

6  right, and you want to sell them over the Christmas season,

7  which is your right, then they have alleged you violate

8  their patents, then they're entitled to a preliminary

9  injunction hearing because they're at least alleging there

10  will be irreparable harm because your client wants to sell

11  what they believe to be an infringing product over a busy

12  holiday season.

13          So there's no two ways about it.  If you want to sell

14  your product, that is your right.  But they filed a lawsuit;

15  they have a right to proceed under the Federal Rules of Civil

16  Procedure to seek an injunction to prevent it.  I'm -- I'm not

17  frustrated by any of this, but I see a lot of business ways to

18  resolve this, but the parties aren't going into that, and

19  that's -- that's your business.

20          And as to -- I know I interrupted you; you have

21  another point, but I just want to address that point.  And as

22  to the point of, you know, it's the busy season, it's tough to

23  get witnesses in, and Thanksgiving and Christmas, I -- I,

24  you know, that's -- that's the way it goes.  There's no

25  getting around it.

1   They're alleging irreparable harm.  They do make a

2   point, frankly, that given the holiday season, we can't keep

3   delaying.  And it doesn't make sense logically that many of

4   these boards, both your clients and their clients, are sold

5   over the holiday season, so, you know, I don't even know if

6   you contacted your experts yet, but you can get them in.

7   You'll have to get them in, or we'll hear them by

8   video, if necessary.  I have no problem with hearing

9   witnesses' testimony if they're remote, in a courtroom.  It'll

10  be in the courtroom.  The attorneys need to be there, but I

11  have no problem at all accommodating a request to have someone

12  testify live but -- you know, by video, which may help with

13  the travel situation or any other scheduling situations.

14  And that's true for both sides.  I prefer live

15  testimony in the courtroom, but given the emergency nature of

16  this and the fact that the travel -- busy holiday travel

17  season, I'm happy to accommodate a reasonable request, as long

18  as both sides agree to allow a witness to testify remotely by

19  video.  Not by audio.  I want to see the person's face, but by

20  video, if necessary.

21  Okay.  Those were the first two points.  I

22  interrupted your third one, and I apologize.  Go ahead.

23  MR. YAO:  No problem, Your Honor.

24  And I guess, you know, the third point is given

25  that -- I've spoken about the holidays travel and you

1  mentioned that.  And then I would say the last -- last few
2  points are there's no -- as, you know, why defendants are
3  alleging that there are no merits to this preliminary
4  injunction, but rather is going to interfere with defendants'
5  business operation and driving defendants out of the
6  competition, the business, and the market.

7          And lastly, you know, the Federal Circuit has already
8  ruled on that plaintiff has no likelihood of success on the
9  merits.  And so given that, you know, just simply delaying the
10 preliminary injunction hearing to January will not prejudice
11 any parties -- or any parties, and it would be the best -- it
12 would also conserve the Court's time and resources as well.

13         THE COURT:  Well, the Court's time and resources is
14 no one's concern but mine, and I'm making -- and I'm moving
15 other cases on December 2nd and December 9th to accommodate
16 the emergency motion.  Your client wants to sell his
17 product -- its products, that's fine.

18         The Fed Circuit did not find that there was no
19 likelihood of success on the merits.  That's not how I read
20 the opinion.  That's inaccurate.  It simply said that I could
21 not have assumed likelihood of success on the merits given the
22 affidavit of -- the competing affidavits, I couldn't just
23 assume likelihood of success on the merits.  I needed to
24 conduct a hearing, at the very least.  And that's what I'm
25 going to allow the parties to have.

1   So, Emily, what time are we starting on December 2nd?

2   THE CLERK:  I'm pulling up the calendar here.

3   We can start at 10 o'clock if we reschedule the noon

4   change of plea.

5   THE COURT:  Okay.  We'll do that before -- before the

6   hearing.  So 10 o'clock, December 2nd.  If there's any papers

7   anyone wants to file beyond what's already on the record, you

8   should do so.  I would like notice of who the -- each side

9   should tell the other side who they intend to call as

10  witnesses, and I'd like some notice of that, and you can give

11  that notice to my courtroom deputy simply by email.

12  Okay.  And then we'll also -- if we're not done on

13  the 2nd, we'll continue it to December 9th.  I think we have

14  the final pretrial conference -- oh, we have a phone call on

15  Shah at 4:00.

16  And can we rearrange things where we can start at

17  10 o'clock again on the 9th if we're not done on the 2nd?

18  THE CLERK:  Yes, I think we could, yeah.

19  THE COURT:  Okay.  All right.  Well, that's the

20  schedule, and I look forward to seeing you all in Chicago on

21  December 2nd at 10 o'clock.

22  If you have any questions, communicate -- not legal

23  arguments, but scheduling questions -- you can email my

24  courtroom deputy and she'll make sure she gets me the message.

25  Anything else from plaintiff?

1    MR. LOMUSCIO:  Nothing else, Your Honor.  Thank you.

2    THE COURT:  Anything else from defendant?

3    MR. YAO:  No, that's it.  Thank you, Your Honor.

4    THE COURT:  Okay.  Thank you all.  Bye-bye.

5    (Proceedings concluded at 3:43 p.m.)

6                          CERTIFICATE

7    I certify that the foregoing is a correct transcript from

8    the record of proceedings in the above-entitled matter.

9    */s/ Elia E. Carrión*          *21st day of November, 2022*

10   *Elia E. Carrión*                    *Date*
     *Official Court Reporter*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25