## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ABC Corporation I et al, *Plaintiff*, v. THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendants*. | **CASE NO.** 1:20-cv-04806 **Judge:** Honorable Thomas M. Durkin |

### DEFENDANT GYROOR-US' MOTION FOR CLARIFIACTION

Defendant Gyroor-US ("Defendant" or "Gyroor-US"), by and through its counsel, moves this Court for a clarification of its Order on November 15, 2022 [Dkt. 603], regarding "G-11 model" hoverboard and requests as follow:

On or about June 19, 2022, Defendant Gyroor filed a motion to clarify the Preliminary Order [Dkt. 456] with the Court. Even though this Court denied Defendant Gyroor's motion to clarify [Dkt. 560] as moot, it is still unclear whether the "G-11 model" hoverboard (ASIN B08RYMXRWM) is considered an accused products in this case.

"An injunction 'must not be broader than the legal justification for its entry.'" *Common Cause Ind. v. Lawson*, 978 F.3d 1036, 1041 (7th Cir. 2020) (*quoting Henderson v. Box*, 947 F.3d 482, 487 (7th Cir. 2020)). This Court also recognizes that the scope of the preliminary injunction is limited to Plaintiffs' motion paper. [Dkt. 558, p. 2] ("review shows that Yanjin-US was included in the chart in the proposed order even though it was not mentioned in the motion papers. Thus, Yanjin-US should not have been referenced in the preliminary injunction order entered on October 13, 202 1, R. 456.").

1

Plaintiffs made no allegations as to Gyroor-brand products – "G-11 model" hoverboard. The "G-11 model" hoverboard should not be presumably infringing. The injunction should be limited to the products in Plaintiffs' motion paper [Dkt. 384, 385].

*First*, Plaintiffs only alleged infringement against four types of Gyroor-brand products in their motion paper – "Gyroor A," "Gyroor B," "Gyroor C," and "Gyroor D." [Dkt. 384, §I.A.2. , pp. 26-27]. The injunction should be limited to those four accused products.

*Second*, the "G-11 model" has a distinct design from the other four accused products ("Gyroor A (T581 model)," "Gyroor B (G 2 Model)," "Gyroor C (T580 model)," and "Gyroor D (G 5 model)"). "G-11 model" is especially distinguishable because of its LED lit standing pedals and wheel covers. [*See* Dkt. 560,p.3].

*Third*, ASIN for "G-11 model" hoverboard (B08RYMXRWM) was only included in the chart "Exhibit B" of the proposed order [Dkt. 456, p. 15], even though the "G-11 model" hoverboard was never mentioned in Plaintiffs' motion papers. On October 28, 2022, the proposed Order ,[Dkt. 456] which includes the "G-11 model", had been vacated by the Federal Circuit. As a result, the "G-11 model" is no longer an accused products in this litigation. Moreover, Gyroor-US has never sold any of the "G 11 model" hoverboard [Dkt. 473].

On November 9, 2022, Plaintiffs filed another motion for Temporary Restraining Order and Preliminary Injunction, which includes the "G-11 model" in this new motion again [Dkt. 593]. On November 15, 2022, the Court denied Defendant Gyroor's motion to clarify as moot; however, it is still unclear whether "G-11 model" is part of the accused products in this litigation.

Therefore, Defendant respectfully requests this Court for clarification as to whether "G-11 model" hoverboard (ASIN B08RYMXRWM) is the accused products in this litigation.

Date: 12/09/2022 | /s/ Yu Hao Yao

Yu Hao Yao, Esq.
GLACIER LAW LLP
9660 Flair Dr., Ste 328
El Monte, CA 91731
mickey.yao@glacier.law
312-448-7772

Glacier Law LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
Na Zhang, Esq.
queena.zhang@glacier.law
206-397-8633

GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting Men, Esq.
ruoting.men@glacier.law
Tianyu Ju, Esq.
Iris.ju@glacier.law
312-270-0413

GLACIER LAW LLP
41 Madison Avenue, Ste 2529
New York, NY 10010
Tao Liu, Esq.
Wei Wang, Esq.
He Chang, Esq.
Tao.liu@glacier.law
wei.wang@glacier.law
robin.cheng@glacier.law
332-777-7315

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this December 9, 2022, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.


Date: 12/9/2022                                   /s/ Yu Hao Yao