IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>    *Defendants*. | Case No. 1:20-cv-4806<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

**RESPONSE OF PLAINTIFFS HANGZHOU CHIC INTELLIGENT CO., LTD. AND
UNICORN GLOBAL, INC. TO DEFENDANT GYROOR-US'S
MOTION FOR CLARIFICATION (DKT. 625)**

Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc. ("Unicorn", and collectively with Chic, "Plaintiffs"), by and through counsel, hereby submit this memorandum in response to Defendant Gyroor-US's ("Gyroor-US") Motion for Clarification (Dkt. 625; the "Motion" or "Mot.").[1]

Gyroor-US's Motion purports to seek clarification as to whether the G11 Model—identified by its Amazon listing ID: ASIN B08RYMXRWM and referred to as "Gyroor E"

---

[1] The Motion was made only on behalf of Defendant Gyroor-US. Despite prior arguments by Defendants Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes (collectively with Gyroor-US, "Defendants") to the contrary (*see* Dkt. 611 at 1, 6, 13), these inter-related parties remain defendants in this case. The Federal Circuit's decision vacating the order that granted Plaintiff's motion to amend Schedule A (Dkt. 227) extended only to the application of prior preliminary injunctions entered by this Court to the parties. *See ABC Corporation I v. Partnership and Unincorporated Associations*, No. 21-2150, slip op. at 18 (Fed. Cir. Oct. 28, 2022).

products throughout this litigation—remains an accused product in this litigation. (Mot. at 2.) Gyroor-US's arguments ignore the history of this case.

Referring solely to the unrelated preliminary injunction entered by this Court in October 2021 (Dkt. 456; the "2021 PI"), Gyroor-US bases its Motion on the faulty premise that because the G11 Model was not included in Plaintiffs' motion papers in support of the 2021 PI, and since the 2021 PI has since been vacated by the Federal Circuit, the G11 Model is "no longer an accused products in this litigation." (Mot. at 2.)

As an initial matter, and contrary to Gyroor-US's assertion, the G11 Model was identified as an infringing product in Plaintiffs' supporting papers in the "Store and Website" list (*see* Dkt. 383 ¶ 5; *see also e.g.*, Dkt. 383-3 at 44) that this Court referenced as "showing the allegedly infringing products being sold on the websites or electronic storefronts in question, thus providing a sufficient factual basis to freeze funds associated with those websites and electronic storefronts" (Dkt. 558 at 1–2).

Regardless, the inclusion of the G11 Model in the 2021 PI, or any other preliminary injunction papers, has no bearing on whether the G11 Model is an accused product in this case. The issue of infringement of the patents-in-suit by the various models of Gyroor hoverboards (including the G11 Model) continues to be before this Court. The G11 Model has been identified as an accused product ***throughout*** this proceeding. For instance, Plaintiffs' expert reports submitted to Defendants have included infringement analyses relating to the G11 Model (referred to therein as "Gyroor E" products) (*see, e.g.*, Declaration of Paul Hatch, Dkt. 594), and Defendants' expert reports responded to the same (*see, e.g.*, Declaration of Jim Gandy, Dkt. 609-5, 611-5). The Parties' respective experts were deposed on these opinions. At no time during discovery did Defendants voice any objection to the inclusion of the G11 Model as an accused product.

In addition, Gyroor-US fails to address the fact that the G11 Model embodies substantially the same design as the products identified as Gyroor A and Gyroor C in this case. Gyroor-US, instead, now asserts that the G11 Model "has a distinct design" from the other accused products in this case and "is especially distinguishable because of its LED lit standing pedals and wheel covers." Gyroor-US is legally and factually incorrect. Features of the G11 Model that distinguish it from other hoverboard models do not necessarily preclude infringement of the patents at issue in this case. The proper test for design patent infringement involves a comparison between the ***claimed designs and the accused products*** through the eyes of an ordinary observer. *See, e.g.*, *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 682 (Fed. Cir. 2008). Indeed, Gyroor-US's own expert's non-infringement opinions with respect to the Gyroor E wholly mimic his opinions with respect to the A and C products. (Compare Dkt. 609-5, ¶¶ 108-113 *with id.* ¶¶ 30-35). He does not reference the "LED lit standing pedals and wheel covers" of the Gyroor E as supposedly distinguishing features.

Accordingly, the G11 Model properly remains an accused product in this litigation.

## **CONCLUSION**

Based on the foregoing, Gyroor-US's Motion should be denied.

Dated: December 23, 2022

| | |
|---|---|
| PALMERSHEIM & MATHEW LLP | TARTER KRINSKY & DROGIN LLP |
| | By: */s/ Richard J.L. Lomuscio* |
| Robert J. Palmersheim | Richard J.L. Lomuscio |
| Anand C. Mathew | Mark Berkowitz |
| Timothy G. Parilla | Chandler E. Sturm (admitted *pro hac vice*) |
| 401 N. Franklin Street, Suite 4S | 1350 Broadway |
| Chicago, IL 60654 | New York, NY 10018 |
| Tel.: (312) 319-1791 | Tel.: (212) 216-8000 |
| E-mail: acm@thepmlawfirm.com | Fax: (212) 216-8001 |
| E-mail: rjp@thepmlawfirm.com | E-mail: rlomuscio@tarterkrinsky.com |
| E-mail: tgp@thepmlawfirm.com | E-mail: mberkowitz@tarterkrinsky.com |
| | Email: csturm@tarterkrinsky.com |

*Attorneys for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

I certify that a true and correct redacted copy of the foregoing document and corresponding declaration and exhibits have been served on all parties to this action via ECF on December 23, 2022.

Dated: December 23, 2022

| PALMERSHEIM & MATHEW LLP | TARTER KRINSKY & DROGIN LLP |
|---|---|
| | By: */s/ Richard J.L. Lomuscio* |
| Robert J. Palmersheim | Richard J.L. Lomuscio |
| Anand C. Mathew | Mark Berkowitz |
| Timothy G. Parilla | Chandler E. Sturm (admitted *pro hac vice*) |
| 401 N. Franklin Street, Suite 4S | 1350 Broadway |
| Chicago, IL 60654 | New York, NY 10018 |
| Tel.: (312) 319-1791 | Tel.: (212) 216-8000 |
| E-mail: acm@thepmlawfirm.com | Fax: (212) 216-8001 |
| E-mail: rjp@thepmlawfirm.com | E-mail: rlomuscio@tarterkrinsky.com |
| E-mail: tgp@thepmlawfirm.com | E-mail: mberkowitz@tarterkrinsky.com |
| | E-mail: csturm@tarterkrinsky.com |
| | *Attorneys for Plaintiffs* |