**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II, | Case No. 1:20-cv-4806 |
| *Plaintiffs*, | Judge Thomas M. Durkin |
| v. | Magistrate Judge Jeffrey Cole |
| THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A, | |
| *Defendants*. | |

**PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF ADDITIONAL**
**UNDISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANTS'**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to L.R. 56.1(b)(2) and (3), Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc. ("Unicorn", and collectively with Chic, "Plaintiffs") hereby submit the following: (1) Gyroor-US, Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes (collectively, "Defendants") Rule 56.1(a) Statement of Material Facts (Dkt. 630) and (2) Plaintiffs' Statement of Undisputed Material Facts in support of its Opposition to Defendant's Motion for Partial Summary Judgment (Dkt. 628).

**Plaintiffs' Response to Defendant's Rule 56.1(a) Statement of Undisputed Material Facts**

## I.  THE PARTIES

### A.  Plaintiffs

1.      Plaintiff Chic ("Chic") Chic is located in the Liangzhu University Science and Technology Park, Yuhang District, Hangzhou, China. [Am. Compl., Dkt. 101, ¶ 6]. Chic designs

and sells hoverboards, among other technologies, which incorporates the Patents-in-Suit (collectively, "Plaintiffs' Products"). *Id*. at ¶7.

**RESPONSE:** Undisputed.

2.      Plaintiff Unicorn ("Unicorn") is a corporation organized under the laws of the State of California, having its principal place of business in Ontario, California. *Id*. at ¶8. Unicorn is the exclusive U.S. distributor of Plaintiffs' Products. *Id*.

**RESPONSE:** Undisputed that Unicorn is a corporation organized under the laws of the State of California, having its principal place of business in Ontario, California, and is the exclusive U.S. distributor of Plaintiffs' hoverboard products.

### B. Defendant

3.      Gyroor-US is a Chinese company, incorporated in China, with its principal place of business in Gongguan, China. [Dkt. No. 103, Countercl. ¶4].

**RESPONSE:** Undisputed that Gyroor-US is a Chinese company, incorporated in China, with its principal place of business in Dongguan, China.

4.      Defendant distributed hoverboard products ASIN No. B07PHFP8GB ("Accused Product A") [Dkt. No. 54-1].

**RESPONSE:** Undisputed that Defendant has sold accused hoverboard products, including through the Amazon catalog page identified as ASIN No. B07PHFP8GB.

### C. Third-Party Respondents

5.      Gyroor is a Limited Liability Company incorporated in Shenzhen, China. [Dkt. No. 527, ¶2].

**RESPONSE:** Undisputed.

6.      Urbanmax is a Limited Liability Company incorporated in Shenzhen, China. [Dkt. No. 528, ¶2].

**RESPONSE:** Undisputed.

7.      GaodeshangUS is a Limited Liability Company incorporated in Hefei, China. [Dkt. No. 525, ¶2].

**RESPONSE:** Undisputed.

8.      Fengchi-US is a Limited Liability Company incorporated in Shenzhen, China. [Dkt. No. 521, ¶2].

**RESPONSE:** Undisputed.

9.      Gyroshoes is a Limited Liability Company incorporated in Shenzhen, China. [Dkt. No. 524, ¶2].

**RESPONSE:** Undisputed.

10.     HGSM is a Limited Liability Company incorporated in Hefei, China. [Dkt. No. 526, ¶2].

**RESPONSE:** Undisputed.

11.     Third-Party Respondents are no longer defendants in this case as the Federal Circuit vacated the Court's order granting Plaintiffs' motion to amend the Schedule A to include the Third-Party Respondents as defendants on October 28, 2022. [Dkt. 590].

**RESPONSE:** Disputed that Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes are no longer defendants in this case. The Federal Circuit opinion merely vacated "the order entered by the district court on May 24, 2021, that granted ABC's motion to amend Schedule A *insofar as that order extended the 2020 Preliminary Injunction to new defendants*." (Dkt. 590 at 18.)

## II. JURISDICTION AND VENUE

12.　　On August 17, 2020, Chic and Unicorn (collectively, "Plaintiffs") filed the Complaint. [Compl., Dkt. No. 1].

**RESPONSE:** Undisputed.

13. On November 19, 2020, Plaintiffs filed the Third Amended Complaint [Am. Compl., Dkt. 101]. The Amended Complaint alleged four counts of design patent infringement against multiple defendants based on alleged infringement of U.S. Design Patent Nos. D737,723 ("the 'D723 patent"), D738,256 ("the 'D256 patent"), D785,112 ("the 'D112 patent"), D784,195 ("the 'D195 patent") (collectively, "Patents-in-Suit"). *Id*. at ¶¶14-56.

**RESPONSE:** Undisputed.

14.　　This Court has original subject matter jurisdiction over the claims in this action under the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. §§ 1331 and 1338(a)-(b). *Id*. at ¶4.

**RESPONSE:** Undisputed.

15.　　Venue is proper in this Court under 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants. *Id*. at ¶5.

**RESPONSE:** Undisputed.

## III. THE ASSERTED DESIGN PATENTS – PATENTS-IN-SUIT

16.　　The 'D723 patent and the 'D256 patent are entitled "Self-Balancing Vehicle," and were issued on September 1, 2015 and September 8, 2015, respectively. *Id*. at ¶16.

**RESPONSE:** Undisputed.

17.    The following table illustrates the figures in the 'D723 patent. *Id*. at ¶17.

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| | FIG.1<br><br>FIG.2 | |



FIG.3

FIG.4



FIG.5

FIG.6



FIG.7

FIG.8

**RESPONSE:** Undisputed.

18.     The following table illustrates the figures in the 'D256 patent. *Id*. at ¶18.

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| | FIG.1<br><br>FIG.2 | |



FIG.3

FIG.4



FIG.5

FIG.6

FIG.7



FIG.8

**RESPONSE:** Undisputed.

19.     Both the 'D195 Patent and the 'D112 Patent are titled "Human-Machine Interaction Vehicle", and were issued on April 17, 2017 and April 25, 2017, respectively. *Id.* at ¶ 19.

**RESPONSE:** Undisputed, except that the 'D195 Patent was issued on April 18, 2017 (*see* Dkt. 101, ¶19).

12

20. The following table illustrates the figures in the 'D112 patent. *Id.* at ¶20.

| Patent Number D785,112 | Claim | Issue Date April 25, 2017 |
|---|---|---|
| |   FIG.1    FIG.2 | |



FIG.3

FIG.4



FIG.5

FIG.6

**RESPONSE:** Undisputed.

21.     The following table illustrates the figures in the 'D195 patent. *Id*. at ¶20.

| Patent Number D784,195 | Claim | Issue Date April 18, 2017 |
|---|---|---|
| | <br>FIG.1<br><br><br>FIG.2 | |



FIG.3

FIG.4



FIG.5

FIG.6

**RESPONSE:** Undisputed.

## IV.    <u>THE ACCUSED PRODUCTS</u>

     22.    Initially, only one product "Gyroor-A" (ASIN B07PHFP8GB "Accused Product A") was identified in the accompany Schedule A to the Third Amended Complaint. [Dkt. No. 101-14].

**RESPONSE:** Disputed to the extent that Defendants suggest that the accused product is directed to the ASIN, and not the product, itself. Defendants sold an accused product labeled as "Gyroor

T581 Hoverboard 6.5" Off Road All Terrain Hoverboards with Bluetooth Speaker & LED Lights Two-Wheel Self Balancing Hoverboard". (Dkt 101-7, at 11; *see also* Dkt. 227-1, Ex. 3 at 19, 25, 40, 56, 72.) The same accused product is also referenced by at least the following ASIN: B07WPK7KY3. (Dkt. 227-1, Ex. 3 at 45.)

      23.    "Gyroor-B" (ASIN B08R23QQT8 "Accused Product B") was later identified in the "Amended Schedule A". [Dkt. No. 227].

**RESPONSE:** Disputed to the extent that Defendants suggest that the accused product is directed to the ASIN, and not the product, itself. Defendants sold an accused product labeled as "Gyroor G2 Hoverboards Bluetooth Speaks & LED Lights Two-Wheel Self Balancing Hoverboard". (Dkt. 227-1, Ex. 3 at 19, 25, 30, 56.) The same accused product is also referenced by at least the following ASIN: B07S4KXRQR. (Dkt. 227-1, Ex. 3 at 32.)

      24.    "Gyroor-C" ("Accused Product C") was identified when Plaintiffs applied for the second preliminary injunction. [Dkt. No. 385].

**RESPONSE:** Disputed to the extent that Defendants suggest that the accused product was only identified when Plaintiffs applied for the second preliminary injunction. In support of Plaintiffs' motion for an order to show cause why Defendants should not be held in contempt of the preliminary injunction entered in November 2020 (Dkt. 326), Plaintiffs' identified that Defendants sold an accused product labeled "Gyroor T580 Hoverboard Self Balancing Scooter with Music Speaker LED Lights, 6.5 inch Two-Wheel Electric Scooter for Kids Adult - UL2272." (Dkt. 328-5, 328-6.) The same accused product is referenced by at least the following ASINs: B07GFK49QR, B07C3C861F, B07GFKZLD3. (Dkt. 328 at ¶¶ 16–18; *see also* Dkt. 328-6 at 3; Dkt. 328-7; Dkt. 328-8.)

25. "Gyroor-D" (ASIN B08NT551P4 "Accused Product D") was identified in the "Amended Schedule A". [Dkt. No. 227].

**RESPONSE:** Disputed to the extent that Defendants suggest that the accused product is directed to the ASIN, and not the product, itself. Defendants sold an accused product labeled as "Gyroor Hoverboard Offroad All Terrain Flash Wheel Self Balancing G5 Hoverboards with Bluetooth Speaker." (Dkt. 227-1, Ex. 3 at 19, 25, 56.) The same accused product is referenced by at least the following ASINs: B08VXGN6TR, B08NSYZMHY. (Dkt. 328 at ¶¶ 37; *see also* Dkt. 328-38.)

26. "Gyroor-E" (ASIN B08RYMXRWM "Accused Product E") was first identified in the "Exhibit B" of the proposed order of the second preliminary injunction order. [Dkt. No. 456].

**RESPONSE:** Disputed to the extent that Defendants suggest that the accused product is directed to the ASIN, and not the product, itself, and that the accused product was only identified in Exhibit B of the proposed order of the second preliminary injunction order. Plaintiffs' identified that Defendants sold "Gyroor Hoverboard Off Road All Terrain 6.5" Two-Wheel G11 Flash LED Light Self Balancing Hoverboards with Bluetooth Music Speak and UL2272 Certified for Kids Adults Gift" in the supporting papers for entry of a preliminary injunction in 2021. (Dkt. 383 at ¶ 5; *see also, e.g.*, Dkt. 383-3 at 44.)

27. The motion to clarify whether Accused Product E is subject to this litigation is currently pending with the Court. [Dkt. No. 625].

**RESPONSE:** Undisputed that Defendants' motion to clarify is currently pending with the Court. Disputed to the extent that Defendants suggest that Accused Product E is no longer an accused product in this case. (Dkt. 627.)

## A. Figures of Accused Product A

28.     The following table illustrate the figures of Accused Product A. [Dkt. No. 626].

| | |
|---|---|
| Group A Product – Top View |  |
| Group A Product – Bottom View |  |
| Group A Product – Front View |  |
| Group A Product – Side View / Side View with lights on |  |
| Group A Product – Perspective View |  |

21

**RESPONSE:** Disputed to the extent that the above representative photographs are not the photographs included in Dkt. 626, as cited. Undisputed that the above table provides representative photographs of an accused product from certain angles.

### B. Figures of Accused Product B

29.     The following table illustrate the figures of Accused Product B. [Dkt. No. 419].



| Group B Product – Top View | |
| --- | --- |
| Group B Product – Bottom View | |
| Group B Product – Front View | |
| Group B Product – Side View | |

| Group B Product – Perspective View |  |

**RESPONSE:** Disputed to the extent that the above representative photographs are not the photographs included in Dkt. 419, as cited. Undisputed that the above table provides representative photographs of an accused product from certain angles.

### C. Figures of Accused Product C

30. The following table illustrate the figures of Accused Product C. [Dkt. No. 626].

| Group C Product – Top View |  |
| Group C Product – Bottom View | |
| Group C Product – Front View | |

| | |
|---|---|
| Group C Product – Side View / Side View with lights on |  |
| Group C Product – Perspective View | |

**RESPONSE:** Disputed to the extent that the above representative photographs are not the photographs included in Dkt. 626, as cited. Undisputed that the above table provides representative photographs of an accused product from certain angles.

### D. Figures of Accused Product D

31. The following table illustrate the figures of Accused Product D. [Dkt. No. 385].

| | |
|---|---|
| Group D Product – Top View |  |

| | |
|---|---|
| Group D Product – Bottom View | |
| Group D Product – Front View | |
| Group D Product – Side View / Side View with lights on | |
| Group D Product – Perspective View | |



**RESPONSE:** Disputed to the extent that the above representative photographs are not the photographs included in Dkt. 385, as cited. Undisputed that the above table provides representative photographs of an accused product from certain angles.

### E. Figures of Accused Product E

32.     The following table illustrate the figures of Accused Product E. [Dkt. No. 626].

| Group E Product – Top View |  |
|---|---|
| Group E Product – Bottom View |  |
| Group E Product – Front View |  |
| Group E Product – Side View / Side View with lights on |  |
| Group E Product – Perspective View |  |

26

**RESPONSE:** Disputed to the extent that the above representative photographs are not the photographs included in Dkt. 626, as cited. Undisputed that the above table provides representative photographs of an accused product from certain angles.

## V.   PRIOR ART – U.S. DESIGN PATENT D739,906

33.   The U.S. Design Patent D739,906 (D'906 Patent) was filed on March 12, 2013, earlier than all the asserted Patents-in-Suit. *See* D'906 Patent attached as Exhibit 1.

**RESPONSE:** Undisputed.

34.   The following table illustrates the figures in the 'D906 Patent. *See Id.*



| Top View | |
|---|---|
| Bottom View | |
| Front/Back View | |

| Side View | |
|---|---|
| Perspective View | |



**RESPONSE:** Undisputed.

## VI.    SEPARATE U.S. DESIGN PATENTS ISSUED TO THE ACCUSED PRODUCTS

### A.  U.S. Design Patents D808,857

35.    U.S. Design Patents D808,857 (the "D'857 Patent") was issued to Accused Product A, Accused Product C, and Accused Product E on January 30, 2018. *See* D'857 Patent attached as Exhibit 2.

**RESPONSE:** Undisputed that the D'857 Patent was issued on January 30, 2018 to Shenzen Chitado Technology CO., LTD. (Ex. 2).  The remainder of the Statement is unsupported by citation to evidence. *See* L.R. 56.1(d)(2).

36.    The D'857 Patent was examined against all four Patents-in-suit. *See Id*. at § References Cited.

**RESPONSE:** Undisputed that the D'857 Patent lists each of the Patents-in-suit on its face as "References Cited." The remainder of the Statement is unsupported by citation to evidence. *See* L.R. 56.1(d)(2).

      37.     The following table illustrates the figures in the 'D857 Patent. *See Id*.



| Top View | |
|---|---|
| Bottom View | |
| Front/Back View | |
| Side View | |

| Perspective View |  |

**RESPONSE:** Disputed that the front and back view are identical, as suggested by the chart provided in ¶ 37. "FIG. 1 is a front view of the hoverboard…FIG. 2 is a back view thereof" (Dkt. 630-2):



FIG. 1                                    FIG. 2

### B. U.S. Design Patents D808,856

38.     U.S. Design Patents D808,856 (the "D'856 Patent") was issued to Accused Product B on January 30, 2018. *See* D'856 Patent attached as Exhibit 3.

**RESPONSE:** Undisputed that the D'856 Patent was issued on January 30, 2018 to Shenzen Chitado Technology CO., LTD. (Ex. 3). The remainder of the Statement is unsupported by citation to evidence. *See* L.R. 56.1(d)(2).

39.     The D'856 Patent was examined against all four Patents-in-suit. *See Id*. at § References Cited.

**RESPONSE:** Undisputed that the D'856 Patent lists each of the Patents-in-suit on its face as "References Cited." The remainder of the Statement is unsupported by citation to evidence. *See* L.R. 56.1(d)(2).

40.     The following table illustrates the figures in the 'D856 Patent. *See id.*



| D'856 Patent - Top View | |
| --- | --- |
| D'856 Patent - Bottom View | |
| D'856 Patent - Front View | |

| | |
|---|---|
| D'856 Patent - Side View |  |
| D'856 Patent - Perspective View | |

**RESPONSE:** Undisputed.

### C. U.S. Design Patents D891,297

41. U.S. Design Patents D891,297 (the "D'297 Patent") was issued to Accused Product D on July 28, 2020. *See* D'297 Patent attached as Exhibit 4.

**RESPONSE:** Undisputed that the D'297 Patent was issued on July 28, 2020 to Shenzen Chitado Technology CO., LTD. (Ex. 4). The remainder of the Statement is unsupported by citation to evidence. *See* L.R. 56.1(d)(2).

42. The D'297 Patent was examined against all four Patents-in-suit. *See Id*. at § References Cited.

**RESPONSE:** Undisputed that the D'297 Patent lists each of the Patents-in-suit on its face as "References Cited." The remainder of the Statement is unsupported by citation to evidence. *See* L.R. 56.1(d)(2).

43.     The following table illustrates the figures in the 'D297 Patent. *See id.*



| D'297 Patent - Top View | |
| D'297 Patent - Bottom View | |
| D'297 Patent - Front View | |
| D'297 Patent - Side View | |
| D'297 Patent - Perspective View | |

**RESPONSE:** Undisputed.

## VII.    RELEVANT UTILITY PATENT – US 8,738,278

44.    The general design concept of a hoverboard was disclosed as early as in 2013, through the application of the utility patent U.S. 8,738,278 (the "'278 Patent") – "two-wheel, self-balancing personal vehicle with independently movable foot placement sections." *See* '278 Patent attached as Exhibit 5.

**RESPONSE:** Undisputed.

45.    The '278 Patent comprises, among other things,

    a.    a first foot placement section and a second foot placement section that are coupled to one another and are independently movable with respect to one another;

    b.    a first wheel associated with the first foot placement section and a second wheel associated with the second foot placement section, the first and second wheels being spaced apart and substantially parallel to one another;

**RESPONSE:** Disputed that the '278 Patent comprises the above elements. The Statement is unsupported by citation to evidence. *See* L.R. 56.1(d)(2).

46.    The following table illustrates an embodiment of the '278 Patent, comprising two-foot placement sections and two wheels. *See Id.*



**RESPONSE:** Undisputed that the above appears to be a partial reproduction of Figure 1 of the '278 Patent. The remainder of the Statement is unsupported by citation to evidence. *See* L.R. 56.1(d)(2).

34

### Plaintiffs' Rule 56.1(b) Statement of Additional Undisputed Material Facts

47.      Hangzhou Chic Intelligent Technology Co., Ltd, is the assignee and owner of the Patents-in-Suit. (Dkt. 101 at ¶ 6.)

48.      Unicorn Global, Inc. is the exclusive licensee of the Patents-in-Suit in the United States. (Dkt. 101 at ¶ 8.)

49.      Defendants are Chinese companies and individuals that operate online e-commerce stores in the business of selling hoverboards. (*See* Dkt. 309 at ¶ 9; Dkt. 368, Counterclaims, ¶¶ 4–5; Dkt. 463, Counterclaims, ¶¶ 4–5; Dkt. 464, Counterclaims, ¶¶ 4–55; Dkt. 465, Counterclaims, ¶¶ 4–5.)

50.      Plaintiffs originally filed their complaint in August 2020 alleging infringement of the Patents-In-Suit against several online sellers of hoverboards (Dkt. 1), including Defendant Gyroor-US. (Dkt. 4, Schedule "A".)

51.      Plaintiffs later filed the operative Third Amended Complaint on November 19, 2020. (Dkt. 101.)

52.      On November 20, 2020, supported by declarations from a design patent expert (Dkt. 106-1) and a damages expert (Dkt.. 106-2), Plaintiffs moved for preliminary injunction against the defendants. (Dkt. 105.)

53.      On November 24, 2020, the Court granted the preliminary injunction covering the "defendants" then identified in Schedule A, plus "their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them." (Dkt. 113, "the 2020 Preliminary Injunction".)

54.      On May 6, 2021, Plaintiffs moved to amend the list of defendants identified in Schedule A after identifying other storefronts that were associated with the defendants named in

the original Schedule A and to "ensure that any entity against whom relief has been or foreseeably will be sought is listed as a defendant in the schedules of defendants." (Dkt.. 227.)

55.     Plaintiffs' motion sought to add Gyroor, Urbanmax. Fengchi-US, HGSM, Gaodeshang-US and Gyroshoes as defendants. (Dkt. 227-3.)

56.     The Court granted Plaintiffs' motion to amend on May 24, 2021. (Dkt. 253.)

57.     On June 18, 2021, Defendants Fengchi-US and Urbanmax moved to clarify or vacate the 2020 Preliminary Injunction. (Dkt. 297.) The Court denied the motion on August 9, 2021. (Dkt. 359.) On September 2, 2021, Fengchi-US and Urbanmax filed a notice of appeal. (Dkt. 407.)

58.     On August 9, 2021, Defendant Gyroor-US moved to dissolve the 2020 Preliminary Injunction challenging the adequacy of notice before the injunction was issued. (Dkt. 353.) The Court denied the motion on August 24, 2021. (Dkt. 380.) On August 28, 2021, Gyroor-US filed a notice of appeal. (Dkt. 401.)

59.     In the interim, Plaintiffs filed a new motion for preliminary injunction on August 24, 2021 to enjoin the defendants added to Schedule A. (Dkt. 384.) The Court granted and entered the preliminary injunction order on October 14, 2021. (Dkt. 456.)

60.     On appeal, the United States Court of Appeals for the Federal Circuit "vacate[d] for lack of Rule 65(a) notice the preliminary injunction entered by the district court on November 24, 2020, and the order entered by the district court on May 24, 2021, that granted ABC's motion to amend Schedule A insofar as that order extended the 2020 Preliminary Injunction to new defendants." *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 51 F.4th 1365, 1377 (Fed. Cir. 2022) (Dkt. 590).

36

61.     On November 9, 2022, Plaintiffs filed a renewed motion for a preliminary injunction against the Defendants. (Dkt. 592.) On December 2, 2022, the Court denied Plaintiffs' motion on the ground that Defendants' defense had "substantial merit." (Dkt. 619, 626.)

62.     On July 19, 2021, Defendant Gyroor-US filed a motion for summary judgment of non-infringement of the Patents-in-Suit by Accused Product, Gyroor A. (Dkt. 334.) Defendant Gyroor-US's motion was based on only three facts (Dkt. 346) and the assertion that "the Accused Product is based on a valid U.S. Design Patent D808,857, which Defendant is authorized to use." (Dkt. 334 at 1.)

63.     The Court denied the motion for summary judgment on October 6, 2021 on the ground that the "existence of one's own patent does not constitute a defense to infringement of someone else's patent." (Dkt. 443 (quoting *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996)).)

Dated: January 25, 2023                          Respectfully submitted,

                                                 TARTER KRINSKY & DROGIN LLP

                                          By: */s/ Richard J.L. Lomuscio*

PALMERSHEIM & MATHEW LLP              Richard J.L. Lomuscio
Robert J. Palmersheim                 Mark Berkowitz
Anand C. Mathew                       Chandler E. Sturm (admitted *pro hac vice*)
Timothy G. Parilla                    1350 Broadway
401 N. Franklin Street, Suite 4S       New York, NY 10018
Chicago, IL 60654                     Tel.:  (212) 216-8000
Tel.:  (312) 319-1791                 Fax:  (212) 216-8001
E-mail: acm@thepmlawfirm.com          E-mail:  rlomuscio@tarterkrinsky.com
E-mail: rjp@thepmlawfirm.com          E-mail:  mberkowitz@tarterkrinsky.com
E-mail: tgp@thepmlawfirm.com          E-mail:  csturm@tarterkrinsky.com

                                      *Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 25, 2023, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing(s) to all registered counsel.

By: <u>*/s/ Richard J.L. Lomuscio*</u>
Richard J.L. Lomuscio