**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) Case No. 20-cv-4806 |
| Plaintiffs, | ) ) Judge Thomas M. Durkin ) Magistrate Judge Jeffrey Cole |
| v. | ) ) |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT AND THIRD-PARTY RESPONDENTS' MOTION TO STRIKE PLAINTIFF'S EXPERT REPORT**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................1

ARGUMENT ........................................................................................................................3

    A.   **Plaintiffs' Untimely Newly Submitted Expert Declaration Should Be Excluded** ...3

        1.   The newly submitted expert declaration of Paul Hatch is untimely as directed by the Court. ...............................................................................................................4

        2.   Plaintiffs' failure to timely serve the expert report was not substantially justified or harmless. ...................................................................................................... 6

    B.   **Plaintiffs' Newly Submitted Expert Declaration Is Not the Products of Reliable Principle** ...................................................................................................................8

CONCLUSION ......................................................................................................................11

CERTIFICATE OF SERVICE ...............................................................................................13

# TABLE OF AUTHORITIES

**Case**                                                                                                                                                 **Page**

*ABC Corp. I v. P'ships & Unincorporated Assocs. Id'd on Schedule "A"*,
    52 F.4th 934(Fed. Cir. 2022) ..............................................................................................3

*Bowman v. International Business Mach. Corp*,
    No. 1:11-CV-0593-RLY-TAB, 2012 WL 6596933(S.D. Ind. Dec. 18, 2012) ................7,8

*Callpod, Inc. v. GN Netcom, Inc.*,
    703 F. Supp. 2d 815, 823 (N.D. Ill. 2010) .......................................................................5

*Council 31 v. Ward*,
    No. 87 C 356, 1995 WL 549022, at *1 (N.D. Ill. Sept. 12, 1995) ....................................6

*Council 31, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Doherty*,
    169 F.3d 1068 (7th Cir. 1999) .........................................................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579, 590–91 (1993) .......................................................................................8,9

*David v. Caterpillar, Inc.*,
    324 F.3d 851, 857 (7th Cir. 2003) ...................................................................................7

*Domingo ex rel. Domingo v. T.K.*,
    289 F.3d 600, 605 (9th Cir. 2002) ...................................................................................9

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 678 (Fed. Cir. 2008)......................................................................................9,10

*Finwall v. City of Chicago*,
    239 F.R.D. 494, 499 (N.D. Ill.).........................................................................................5

*FTC v. Bay Area Business Council, Inc.*,
    423 F.3d 627 (7th Cir.2005) .............................................................................................5

*Hammel v. Eau Galle Cheese Factory*,
    407 F.3d 852, 859 (7th Cir.2005) ....................................................................................8

*Karum Holdings LLC v. Lowe's Cos., Inc.*,
    No. 15 C 380, 2017 WL 5593318 (N.D. Ill. Nov. 21, 2017)............................................7

*Keach v. U.S. Trust Co.*,
    419 F.3d 626, 639 (7th Cir.2005) ....................................................................................4

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137, 147 (1999) ...................................................................................8,9

*Mukhtar v. Cal. State Univ.*,
    299 F.3d 1053, 1064 (9th Cir. 2002) ....................................................................9

*Musser v. Gentiva Health Servs.*,
    356 F.3d 751, 759 (7th Cir. 2004) ........................................................................8

*NutraSweet Co. v. X-L Engineering Co.*,
    227 F.3d 776, 785 (7th Cir.2000) .........................................................................4

*Salgado by Salgado v. General Motors Corp.*,
    150 F.3d 735, 742 (7th Cir.1998) .........................................................................4

*Scaggs v. Consolidated Rail Corp.*,
    6 F.3d 1290, 1295-96 (7th Cir. 1993) ..................................................................5

*Steen v. Myers*,
    486 F.3d 1017, 1022 (7th Cir.2007) .....................................................................8

*Summit 6, LLC v. Samsung Elecs. Co., Ltd.*,
    802 F.3d 1283, 1294 (Fed. Cir. 2015) ..................................................................8

*Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*,
    836 F. App'x 895, 898 (Fed. Cir. 2020) ................................................................9

**Rules**

Fed. R. Civ. P. 37(c)(1)..............................................................................................3

Fed. R. Civ. P. 26(a)(2)..............................................................................................4

Fed. R. Civ. P. 26(e) ..................................................................................................4

Fed. R. Civ. P. 37(c)(1)..............................................................................................6

Fed. R. Evid. 702 ....................................................................................................8,9

**INTRODUCTION**

Defendant Gyroor-US ("Defendant" or "Gyroor-US") and third-party respondents Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, and HGSM (collectively, "Third-Party Respondents") hereby submit this memorandum in support of their Motion to Strike the newly submitted expert report by Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc.'s ("Unicorn", and collectively with Chic, "Plaintiffs") expert, Paul Hatch [Dkt. 637].

Plaintiffs retained their expert, Paul Hatch, to provide report and expert opinion regarding Defendant and Third-Party Respondents' alleged infringement of the Patents-in-Suit at issue. Mr. Hatch proclaims that he is an expert in the field of design patents, yet his versions of reports submitted prior to the close of expert discovery contain numerous fallacies and fatal errors and were also criticized by Federal Circuit for being conclusory. Regardless, Plaintiffs disregarded the Court's Scheduling Order and continued to have Mr. Hatch revise his reports and submitted new versions of expert report months later, even after discovery has already closed in this litigation. Plaintiffs have submitted two new versions of the expert report since the close of discovery in an attempt to cure the deficiencies ignoring the strict deadlines this Court has set. Given the Courts' strong disfavor of parties violating strict schedule and deadlines in this Circuit, Plaintiffs' expert report should be stricken. This new report is simply frivolous and indicative of Plaintiff's vile tactics as well as their bad faith.

**BACKGROUND**

**Factual Background**

Plaintiffs allege that Defendant and Third-Party Respondents' products ("Accused Products") infringed on their U.S. Design Patent Nos. D737,723 ("the 'D723 patent"), D738,256

1

("the 'D256 patent"), D785,112 ("the 'D112 patent"), D784,195 ("the 'D195 patent") (collectively, "Patents-in-Suit"). [Dkt. 101]. Plaintiffs alleged that Defendants' products infringed on the Patents-in-suit, and the Accused products were grouped and identified as "Gyroor A", "Gyroor B", "Gyroor C", "Gyroor D" [Dkt. 385] and "Gyroor E" [Dkt. 456].

**Procedural Background**

On August 17, 2020, Plaintiffs filed complaint against Defendant alleging that the Accused Products infringe the Patents-in-Suit. [Dkt.1].

On November 19, 2020, Plaintiffs amended their complaint [Dkt. 101].

On November 20, 2020, Plaintiffs filed their first motion for preliminary injunction against Defendant, which was later granted by the Court [Dkt. 105].

On May 6, 2021, Plaintiffs filed a motion to amend their Schedule A to include Third-Party Respondents as defendants [Dkt. 227], which the Court granted on May 24, 2021. [Dkt. 253].

On August 24, 2021, Plaintiffs filed a second preliminary injunction against the Third-Party Respondents [Dkt. 384]. The Court granted Plaintiffs' second preliminary injunction on October 13, 2021. [Dkt. 456].

On October 8, 2021, Third-Party Respondents filed an appeal to challenge the Court's order granting the preliminary injunctions on October 8, 2021. [Dkt. 450].

On July 11, 2022, the Court entered an order adopting the parties' proposed expert discovery schedule. [Dkt. 575]. According to the Order, expert discovery closes by October 23, 2022.

On October 28, 2022, Federal Circuit issued an opinion and vacated the Court's order granting Plaintiffs' motion to amend Schedule A and the two preliminary injunction orders issued by this Court and remanded to this Court for further proceedings. [Dkt. 590]. The Federal Circuit

2

criticized Plaintiffs' expert, Paul Hatch, because his analysis violated legal standard and improperly relied on the hourglass shape "of the accused products to show substantial similarity [to the patents in suit]." *ABC Corp. I v. P'ships & Unincorporated Assocs. Id'd on Schedule "A"*, 52 F.4th 934, 938-39 (Fed. Cir. 2022).

On November 9, 2022, Plaintiffs filed their renewed motion for temporary restraining order and preliminary injunction. [Dkt. 592]. In their motion, Plaintiffs included a revised version of Mr. Hatch's curing the deficiencies in his previous report. Despite of the revised report, this Court denied Plaintiff's Motion for Preliminary Injunction on December 2, 2022. [Dkt. 619]. The Court rejected Hatch's method of analysis and opined that "failed to conduct an analysis of whether these features themselves are substantially similar in the manner of their design, which is where 'the focus' of the analysis must be." [Dkt. 626, p. 12].

On December 23, 2022, Defendant and Third-Party Respondents filed their motion for summary judgement of noninfringement. [Dkt. 628]. On January 25, 2022, Plaintiffs filed their opposition along with Mr. Hatch's new report to Defendant and Third-Party Respondents' motion for summary judgement. [Dkt. 635, 637].

## **ARGUMENT**

### A. **Plaintiffs' Untimely Newly Submitted Expert Declaration Should Be Excluded**

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The obligation to disclose expert witnesses is governed by Rule 26(a).

Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose

3

information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Thus, where a party does not timely file expert reports, the district court may exclude the party's expert from testifying at trial on the matters the party was required to disclose. *NutraSweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 785 (7th Cir.2000). The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir.2005); *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998).

Under Rule 26(a)(2), a party must disclose by the court-ordered time a written report of a retained expert that includes "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i), (D). Rule 26(a)(2) further requires that parties disclose rebuttal reports—that is, "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another" expert—by the court-ordered time, or if no such time is set, 30 days after the other expert's disclosure. Fed. R. Civ. P. 26(a)(2)(D) (ii). Apart from initial expert reports and rebuttal expert reports, Rule 26 also contemplates supplemental expert filings. Rule 26(e) requires that, if an expert "learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during discovery," he must supplement his disclosure by the time pretrial disclosures are due. Fed. R. Civ. P. 26(e)(1)(A), (2).

1. <u>The newly submitted expert declaration of Paul Hatch is untimely as directed by the Court.</u>

The Court clearly indicated that parties must serve expert reports on all issues for which they bear the burden of proof on August 15, 2022, and expert discovery closes by October 23, 2022. [Dkt. 575]. However, about 3 months and two days after expert discovery closed, in support of their Opposition to Defendant and Third-Party Respondent's Motion for Summary Judgement

4

of Non-infringement, Plaintiffs once again submitted a brand-new expert report of Paul Hatch regarding infringement of the Patents-in-Suit as well as criticizing Defendant and Third-Party Respondent's retained experts. [Dkt. 637].

The Local Rules of the Northern District of Illinois provide with exacting specificity that a deadline for discovery means that discovery must be completed by that date. Local Rule 16.1, Standing Order Establishing Pretrial Procedure; *See also FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627 (7th Cir.2005) (stressing importance of compliance with the Local Rules). Thus, it would be inappropriate and untimely under the local rules to serve a new expert report after the close of discovery that the other side could neither depose the expert nor engage a rebuttal expert of its own. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D.Ill.2005). Recognizing that courts must have the authority to enforce discovery deadlines, numerous cases have approved exclusion orders by district courts where expert reports were not provided until nearly the close of discovery. *Finwall v. City of Chicago*, 239 F.R.D. 494, 499 (N.D. Ill.), objections overruled, 239 F.R.D. 504 (N.D. Ill. 2006). For example, the Seventh Circuit upheld the district court's barring of the testimony of an expert witness identified just two days before the deadline. *Id*; *See also Scaggs v. Consolidated Rail Corp.*, 6 F.3d 1290, 1295-96 (7th Cir. 1993).

Thus, the new expert testimony of Paul Hatch must be barred. The expert discovery closed on October 23, 2022, and this new expert report was not provided until January 25, 2023. It is beyond debate that this left no time for depositions or discovery regarding this report or providing rebuttal reports.

Further, the new expert testimony is not supplemental within the meaning of Rule 26(e). *See Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 823 (N.D. Ill. 2010) ("Supplemental expert reports are permitted if they are based upon information discovered after the initial

5

disclosure or upon the realization that the original disclosure was incorrect or incomplete."). Apparently, the new expert report is not based upon information discovered after the initial disclosure or upon the realization that the original disclosure was incorrect or incomplete. Plaintiffs' purpose of submitting the expert report is to cure the deficiencies of the previous reports submitted by the same expert after the expert's opinions in the previous reports were criticized and reversed by the Federal Circuit.

However, even if the Court finds that Plaintiffs' new expert report is supplemental to their original reports, this report should also be excluded. According to the Rule 26(e) of the Federal Rules of Civil Procedure, a party's obligation to supplement or correct a discovery disclosure (including expert reports) is limited to information thereafter acquired. *Council 31 v. Ward*, No. 87 C 356, 1995 WL 549022, at *1 (N.D. Ill. Sept. 12, 1995), aff'd sub nom. *Council 31, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Doherty*, 169 F.3d 1068 (7th Cir. 1999). By its plain language, the rule refers to information not in the possession of the party when the original disclosure was made, and it does not contemplate the submission of a new expert report re-analyzing information which the party possessed when the original report was filed. *Id*. Here, we know that Plaintiffs' newly submitted expert report only contains information obtained prior to the initial disclosure, and Plaintiffs have not identified any newly acquired information. Hence, Plaintiffs also failed to show that their new expert report falls within the ambit of Rule 26(e).

2. <u>Plaintiffs' failure to timely serve the expert report was not substantially justified or harmless.</u>

Federal Rule of Civil Procedure 37 governs the consequences of failures to comply with Rule 26. Under Rule 37(c), a party "is not allowed to use" an untimely disclosure "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party seeking to excuse its delay bears the burden of showing justification and harmlessness. See, e.g., *S.E.C. v.*

6

*Nutmeg Grp., LLC*, No. 09 C 1775, 2017 WL 4925503, at *1 (N.D. Ill. Oct. 31, 2017). In deciding whether a party's failure was justified or harmless, courts "consider and weigh the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Karum Holdings LLC v. Lowe's Cos., Inc.*, No. 15 C 380, 2017 WL 5593318, at *3 (N.D. Ill. Nov. 21, 2017) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

      Plaintiffs failed to offer any explanation or show any justification for this new expert declaration. Neither Plaintiffs can establish that their late service of expert report was harmless. Defendant and Third-Party Respondents have been harmed because they missed the opportunity to file rebuttal evidence and conduct any depositions directed at the opinions in Plaintiffs' new expert report. There is no reasonable way to cure the prejudice unless the discovery is reopened or meaningful opportunities, such as allowing Defendant and Third-Party Respondents to file new expert rebuttal declaration or conduct deposition, are offered to Defendant and Third-Party Respondents to challenge Plaintiff's new expert declaration, which would unreasonably delay the whole process and affect the trial scheduling. In addition, it is worth noting that this is not the first time that Plaintiffs offered new evidence after the discover was closed. In order to support Plaintiffs' Motion for Entry of a Temporary Restraining Order and Preliminary Injunction, Plaintiffs submitted a brand-new expert report of Paul Hatch regarding infringement of U.S. Patents D737,723 and D738,256 approximately 20 days after expert discovery closes. [Dkt. 594]. Plaintiffs cannot keep submitting new expert report to the Court after the discovery was closed as it would be prejudicial to Defendant and Third-Party Respondents if the untimely expert report was allowed and caused by significant burdens and undue delay in summary judgment briefing

and the ultimate resolution of this case. *See e.g., Bowman v. International Business Mach. Corp*, 2012 WL 6596933, at 3–4 (concluding that the plaintiffs' untimely expert rebuttal reports were not harmless because "reopening discovery to re depose Plaintiffs' experts would create significant costs and would delay the resolution of the motion"); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 759 (7th Cir. 2004) ("[I]t is not an abuse of discretion to conclude that the additional costs to Gentiva of preparing a new summary judgment motion and further delay in extending the trial date are not harmless.").

In fact, Defendant and Third-Party Respondents would be extremely prejudiced if Plaintiffs' new expert report in its response to motion for summary judgment is considered by the Court. It is impossible for Defendant and Third-Party Respondents' expert to submit a new rebuttal report with limited time and Mr. Hatch's declaration is over 100 pages with new opinions. The litigation process does not include "a dress rehearsal or practice run" for the parties. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir.2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir.2005)). Plaintiffs have no right to repeatedly submit new expert report at any time after the discovery period is closed as their wishes by disregarding the Civil Procedure Rules and the Court's Orders. Therefore, Plaintiffs' new expert report should be excluded.

**B. Plaintiffs' Newly Submitted Expert Declaration Is Not the Products of Reliable Principle**

When reviewing the admissibility of expert testimony in a patent case, the Federal Circuit applies the law of the regional circuit. *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1294 (Fed. Cir. 2015) ("Whether proffered evidence is admissible at trial is a procedural issue not unique to patent law ....").

Expert testimony is admissible if the party offering such evidence shows that the testimony is both reliable and relevant. Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). Federal Rule of

8

Evidence 702 permits expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. An expert can be qualified "by knowledge, skill, experience, training, or education." *Id*.

A trial court has a "gatekeeping" obligation to admit expert testimony only when it is both reliable and relevant. *Daubert*, 509 U.S. at 589; *Kumho Tire Co.*, 526 U.S. at 147–149. "In Daubert, the Supreme Court gave a non-exhaustive list of factors for determining whether scientific testimony is sufficiently reliable to be admitted into evidence, including: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community." *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002). The Supreme Court later held that "a trial court may consider one or more" of the Daubert factors in determining the reliability of nonscientific expert testimony. *Kumho Tire Co.*, 526 U.S. at 141. Further, the court has "broad latitude" to decide how to determine the reliability of the testimony and whether the testimony is in fact reliable. *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1064 (9th Cir. 2002); *see Kumho Tire Co.*, 526 U.S. at 141. The "test of reliability is flexible, and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id*. (internal citations omitted).

It is undisputed that "where there are many examples of similar prior art designs … differences between the claimed and accused designs that might not be noticeable in the abstract

9

can become significant to the hypothetical ordinary observer who is conversant with the prior art." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 678 (Fed. Cir. 2008); *see also Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 836 F. App'x 895, 898 (Fed. Cir. 2020). The Federal Circuit holds that "the ordinary observer is deemed to view the differences between the patented design and the accused product *in the context of the prior art.* When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer *will be drawn to those aspects of the claimed design that differ from the prior art*." *Lanard Toys Ltd.*, 958 F.3d at 1344 (quoting *Egyptian Goddess*, 543 F.3d at 676).

Mr. Hatch aver that an ordinary observer should be "the principal purchaser of hoverboards, i.e., a consumer user or the parent of a user, each having little or no experience purchasing hoverboards." *See* Decl. of Hatch, Ex. 1, ¶¶ 40 Dkt. 637. Mr. Hatch further claims that those "ordinary observer would encounter products like the Claimed Designs via online stores, television and entertainment media, and social media, and purchases them using online stores or from 'brick and mortar' stores like Best Buy or Walmart." *Id*.

A purchaser "having little or no experience purchasing hoverboards" only suggests that the purchaser lacks knowledge of hoverboards and prior art, which is the opposite to someone "who is conversant with the prior art" in *Egyptian Goddess*. Here, it is undisputed that there are many examples of similar prior art designs that are relevant to the Accused Products. Therefore, in light of the many similar prior arts, the hypothetical ordinary observer in this case should be a purchaser who is familiar with hoverboards and the prior art designs. *See* Decl. of Gandy, Ex.2, ¶¶20; Decl. of Rake, Ex.3, ¶¶ 39. Dkt. 629. Defendant's application that "the hypothetical ordinary observer in this case should be a purchaser who is familiar with hoverboards and the prior art" is consistent with the precedents and should be adopted by expert for further infringement analysis. *Id*. Thus,

10

Mr. Hatch's design patent expert testimony should be excluded as he applies incorrect legal standard for the ordinary observer test.

It is also worth noting that Mr. Hatch offered contradicted opinions with regard to the understanding of prior art during his deposition. During the deposition, Mr. Hatch first stated that "a typical, ordinary observer would have knowledge of the prior art, the relevant prior art". *See* Tr. of Hatch, Ex.4, p. 123. Dkt. 611-4. Later, in the same deposition, Mr. Hatch stated "my understanding is that the consumer in real life would not have knowledge of all of the prior art or all of the competing hoverboards, that is correct". *Id*. p.124. When Mr. Hatch was challenged if he were using two different prior art standards, he further illustrated as follow: "The standard for the hypothetical ordinary observer is that we apply the level of acuteness of the purchaser. And so when I say one helps inform the other, it's knowing the level of acuteness of the purchaser. The real life purchaser helps us inform the level of acuteness that an ordinary observer would pay." *Id*. p.125. Apparently, Mr. Hatch not only applied wrong "ordinary observer" standard but also offered confused and contradicted testimonies with regard to the meaning of ordinary observer, which further proves that his newly offered report is not a product of reliable principle.

## CONCLUSION

For the foregoing reasons, Defendant and Third-Party Respondents respectfully request the Court grants Defendant and Third-Party Respondents' Motion to Strike Plaintiffs' expert, Paul Hatch, report.

Date: 02/08/2023

/s/ Yu Hao Yao
Yu-Hao Yao, Esq
GLACIER LAW LLP
251 South Lake Ave, Suite 910
Pasadena, CA 91101

11

mickey.yao@glacier.law
312-448-7772

Glacier Law LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
Na Zhang, Esq.
queena.zhang@glacier.law
206-397-8633

GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting Men, Esq.
ruoting.men@glacier.law
Tianyu Ju, Esq.
Iris.ju@glacier.law
312-270-0413

GLACIER LAW LLP
41 Madison Avenue, Ste 2529
New York, NY 10010
Tao Liu, Esq.
Wei Wang, Esq.
Tao.liu@glacier.law
wei.wang@glacier.law
332-777-7315

***Attorneys for Defendant and Third-Party Respondents***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this February 8, 2023, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 02/08/2022        /s/ Yu Hao Yao