**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II,<br><br>        *Plaintiffs*,<br><br>   v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>        *Defendants*. | Case No. 1:20-cv-4806<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO
STRIKE PLAINTIFFS EXPERT REPORT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD............................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

I. THE HATCH DECLARATION OFFERS
   NO NEW OR CONTRADICTORY OPINIONS................................................................ 3

II. THE SUBMISSION OF THE HATCH DECLARATION
    IS SUBSTANTIALLY JUSTIFIED AND HARMLESS. ...................................................... 5

III. THE HATCH DECLARATION IS BASED ON RELIABLE METHODS. ......................... 7

CONCLUSION......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*,
    51 F.4th 1365 (Fed. Cir. 2022) ...................................................................................1

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*,
    52 F.4th 934 (Fed. Cir. 2022) ..................................................................................2, 5

*David v. Caterpillar, Inc.*,
    324 F.3d 851 (7th Cir. 2003) ...................................................................................2, 5

*Egyptian Goddess Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008)......................................................................................7

*Finwall v. City of Chicago*,
    239 F.R.D. 504 (N.D. Ill. 2006)...................................................................................6

*Grady v. Ill. Bell Telephone Co.*,
    No. 94 C 3115, 1996 WL 473657 (N.D. Ill. Aug.13, 1996).......................................3

*NutraSweet Co. v. X-L Engg Co.*,
    227 F.3d 776 (7th Cir. 2000) .......................................................................................2

*Sherrod v. Lingle*,
    223 F.3d 605 (7th Cir. 2000) .......................................................................................6

*Solaia Tech. LLC v. ArvinMeritor, Inc.*,
    361 F. Supp. 2d 797 (N.D. Ill. 2005) ..........................................................................3

*Talbert v. City of Chicago*,
    236 F.R.D. 415 (N.D. Ill. 2006)...................................................................................2

**Rules**

Federal Rule of Civil Procedure 26 ................................................................................1, 2, 5

Federal Rule of Civil Procedure 37 ...................................................................................2, 5

Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc. ("Unicorn", and collectively with Chic, "Plaintiffs") hereby submit this opposition to Defendants' Gyroor-US, Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes (collectively, "Defendants")[1] Motion to Strike the Expert Report of Paul Hatch (Dkt. 646, "Motion").

## PRELIMINARY STATEMENT

The Motion challenges Plaintiffs' submission of the Expert Declaration of Paul Hatch (Dkt. 637; "Hatch Declaration") on the grounds that it is a "brand-new expert report" that presents "new opinions" (Motion at 5, 8), yet Defendants never actually identify anything that Mr. Hatch has not previously testified to in this case. In fact, it is uncontested that Mr. Hatch was previously disclosed as an expert witness and submitted reports setting forth how Defendants' Accused Products[2] infringed the Patents-in-Suit,[3] as required by Federal Rule of Civil Procedure 26(e) ("Rule 26"). Even a cursory comparison of the Hatch Declaration against at least two of his prior submissions reveals that the substance of his infringement opinion has not changed and, to the extent there are

---

[1] The Motion was made on behalf of Defendant Gyroor-US and alleged "Third Party Respondents" Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes. Despite Defendants' suggestion to the contrary, these interrelated parties remain defendants in this case. *See ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 51 F.4th 1365, 1377 (Fed. Cir. 2022) (Dkt. 590) (vacating the order that granted Plaintiff's motion to amend Schedule A *only* "insofar as that order extended the 2020 Preliminary Injunction to new defendants.").

[2] As defined in Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, the "Accused Products" are "Gyroor A" (i.e., Gyroor T581 series and variants), "Gyroor B" (i.e., Gyroor G2 series and variants), "Gyroor C" (i.e., Gyroor T580 series and variants), "Gyroor D" (i.e., Gyroor G5 series and variants), and "Gyroor E" (i.e., Gyroor G11 series and variants).

[3] The "Patents-in-Suit" are U.S. Design Patent No. D737,723 ("the D'723 Patent"); U.S. Design Patent No. D738,256 ("the D'256 Patent"); U.S. Design Patent No. D784,195 ("the D'195 Patent"); and U.S. Design Patent No. D785,112 ("the D'112 Patent").

any differences, they are as to form in order to address the Federal Circuit decision, favoring a patent-by-patent and product-by-product analysis of the Patents-in-Suit, issued after the close of expert discovery. *See ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 938 (Fed. Cir. 2022). This is not the type of "information" potentially precluded by Federal Rule of Civil Procedure 37(c)(1) ("Rule 37"). Defendants feigned claims of surprise and prejudice simply fail because they cannot point to anything that is materially different from Mr. Hatch's earlier reports opining on Defendants' infringement. Accordingly, the Motion should be denied.

## **LEGAL STANDARD**

Judges have significant discretion in supervising discovery and in declining to exclude evidence. *See Talbert v. City of Chicago*, 236 F.R.D. 415, 423–24 (N.D. Ill. 2006). Notably, Rule 37 explicitly provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, ***unless the failure was substantially justified or is harmless***" (emphasis added). *See NutraSweet Co. v. X-L Engg Co.*, 227 F.3d 776, 786 (7th Cir. 2000) (cited in Motion at 4). The Court's discretion in determining whether an alleged violation is justified or harmless is guided by the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

**ARGUMENT**

**I. THE HATCH DECLARATION OFFERS NO NEW OR CONTRADICTORY OPINIONS.**

Defendants base their Motion on the broad, misleading assertion that the Hatch Declaration is a "brand-new expert report." (Motion at 4.) It is indisputable, however, that the Hatch Declaration provides no new information, and Mr. Hatch's opinions, methods of analysis, and conclusions have remained the same since the start—in the eyes of the hypothetical ordinary observer familiar with the prior art, the overall visual appearance of the Accused Products is substantially similar to that of the claimed designs of the Patents-in-Suit.

Tellingly, Defendants fail to specify any differences between the Hatch Declaration and his previous submissions, and do not—and cannot—even identify a single new opinion offered by Mr. Hatch (because there are none). *See Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 810 (N.D. Ill. 2005) (declining to strike portions of declaration where defendant "paints with too broad a brush" and fails to specify why it believes the portions constitute new opinions); *Grady v. Ill. Bell Telephone Co.*, No. 94 C 3115, 1996 WL 473657 at *5 n.5 (N.D. Ill. Aug.13, 1996) ("[W]here a motion to strike is 'too general in that it [does] not specify which part of the . . . affidavit should be stricken and why,' the motion need not be granted.").

Contrary to Defendants' baseless assertions, the substance of the Hatch Declaration's infringement conclusion from prior reports is unaffected. In fact, simple comparisons of Mr. Hatch's reports reveal that the Hatch Declaration simply reproduces, verbatim, portions of previous reports into a single standalone report for ease of reference:

- The "Introduction" section of the Hatch Declaration mirrors the introductions from earlier reports. (*Compare* Hatch Decl. ¶¶ 1–3 *with* August 24, 2021 Expert Declaration of Paul Hatch at 2–3 (Dkt. 388; "2021 Hatch Decl.") *and* August 15, 2022 Expert Report of Paul Hatch at 1 (attached as Exhibit A to the Declaration of Chandler E. Sturm ("Sturm Decl.") submitted herewith; "2022 Hatch Report").)

3

- The "Executive Summary" section mirrors the summaries from each of Hatch's prior submissions, including his rebuttal reports to Defendants' expert reports. (*Compare* Hatch Decl. ¶¶ 4–6 *with* 2021 Hatch Decl. at 3, 2022 Hatch Report at 1, September 24, 2021 Paul Hatch Rebuttal to Lance Rake Declaration at 3 (Dkt. 429; "2021 Rake Rebuttal"), September 24, 2021 Paul Hatch Rebuttal to Jim Gandy Declaration at 3 (Dkt. 430; "2021 Gandy Rebuttal"), September 12, 2022 Paul Hatch Rebuttal Report to Jim Gandy Expert Report at 1 (Sturm Decl., Ex. B; "2022 Gandy Rebuttal"), *and* September 12, 2022 Paul Hatch Rebuttal Report to Lance Rake Expert Report at 1 (Sturm Decl., Ex. C; "2022 Rake Rebuttal").)

- The "Scope of Opinions" section is a combination of the "Background and Qualifications," "Compensation and Prior Testimony," and "Materials and Information Considered" sections in previous reports. (*Compare* Hatch Decl. ¶¶ 7–13 *with* 2021 Hatch Decl. at 3–4 *and* 2022 Hatch Report at 1–2.)

- The descriptions of the Patents-in-Suit also remain the same. (*Compare* Hatch Decl. ¶¶ 46–62 *with* 2021 Hatch Decl. at 8–16 *and* 2022 Hatch Report at 6–14.)

- The analyses of Defendants' experts' reports in the Hatch Declaration are taken directly from earlier rebuttal reports of Mr. Hatch. (*Compare* Hatch Decl. ¶¶ 155–190 *with* 2021 Rake Rebuttal at 8–20 *and* 2022 Rake Rebuttal at 6–17; *compare also* Hatch Decl. ¶¶ 191–217 *with* 2021 Gandy Rebuttal at 7–15 *and* 2022 Gandy Rebuttal at 5–13.)

- Mr. Hatch's conclusions, although broken out by patent and product, mirror those from prior reports. (*Compare* Hatch Decl. ¶¶ 218–19 *with* 2021 Hatch Decl. at 26–27 *and* 2022 Hatch Report at 26.)

Most significantly for assessing whether the Hatch Report contains any truly "new" information, Mr. Hatch's analysis and conclusions are based on the same legal standards observed in previous reports, evidenced by the same legal guidelines outlined throughout each report. (*Compare* Hatch Decl. ¶¶ 14–45 *with* 2021 Hatch Decl. at 5–8 *and* 2022 Hatch Report at 3–6.) As a result, with the exception of the addition of a figure of U.S. Patent No. D739,906 (the "D'906 Patent") and minor elaboration of differences between the Patents-in-Suit and the prior art, Mr. Hatch's analysis of the effect the prior art has on the scope of the Patents-in-Suit remains substantively unchanged. (*Compare* Hatch Decl. ¶¶ 63–70 *with* 2021 Hatch Decl. at 16–19 *and* 2022 Hatch Report at 14–17.) In addition, Mr. Hatch details the same infringement analysis he has

4

applied throughout this proceeding and compares each of the Patents-in-Suit with each of the Accused Products and closest prior art to reach the same conclusions—"the claimed design of the [Patents-in-Suit] [are] **substantially the same** as the visual impression presented by [the Accused Products]." (*Compare* Hatch Decl. ¶¶ 90, 94, 98, 102, 106, 110, 114, 118, 122, 126, 130, 134, 138, 142, 146, 150, 154 (emphasis in original) *with* 2021 Hatch Decl. at 21–26 *and* 2022 Hatch Report at 21–26; *compare also* Hatch Decl. ¶¶ 81–154 *with* 2021 Hatch Decl. at 20–26 *and* 2022 Hatch Report at 19–26.)

Accordingly, the Hatch Declaration does not provide any new information, analyses, or opinions, and is not materially different than earlier reports submitted in this proceeding, thereby precluding application of Rule 37(c)(1). The Hatch Declaration was designed to streamline Plaintiffs' opposition to Defendants latest summary judgment motion. It should not be excluded.

## II. THE SUBMISSION OF THE HATCH DECLARATION IS SUBSTANTIALLY JUSTIFIED AND HARMLESS.

To the extent that Federal Rule of Civil Procedure 37 even applies, the submission of the Hatch Declaration is substantially justified and harmless—(1) there is no prejudice to Defendants; (2) neither the determination of Defendants' motion for summary judgment nor trial is at risk of delay; and (3) it is not the result of a "vile tactic[]" or bad faith as Defendants hyperbolically contend (Motion at 1). *See David v. Caterpillar*, 324 F.3d at 857.

First, the Hatch Declaration comes as no surprise to Defendants—it was provided in direct response to the Federal Circuit's preference for a patent-by-patent and product-by-product, only identified after the close of expert discovery. *See ABC Corp. I*, 52 F.4th at 938; (*see also* Dkt. 635 at 9 n.6). While Defendants maintain that the submission of the Hatch Declaration it leaves "no time for depositions" and that it would be "impossible for [Defendants'] expert to submit a new rebuttal report with limited time and Mr. Hatch's declaration is over 100 pages with new opinions"

5

(Motion at 5, 8.), their assertions of prejudice are of no moment. Defendants gloss over the fact that the Hatch Declaration is merely a compilation of earlier reports and rebuttal reports issued by Hatch throughout this proceeding. Despite nuances in the explanation of the comparison of the Patents-in-Suit, Accused Products, and prior art, Mr. Hatch's methods of analysis and conclusions on infringement have not changed. Defendants have already been afforded the opportunity to depose and examine Hatch on the substance of the Hatch Declaration and Defendants' experts have already provided rebuttal reports to the same. *Cf. Finwall v. City of Chicago*, 239 F.R.D. 504 (N.D. Ill. 2006) (reports excluded where experts were not timely disclosed and multiple reports produced for the first time at the close of discovery) (cited in Motion at 5).

Second, Defendants' assertion that the submission of the Hatch Declaration would cause "undue delay in summary judgment briefing and the ultimate resolution of this case" is unavailing. Briefing on Defendants' summary judgment motion was completed on the same day Defendants filed this Motion and no trial date has been set. *See Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (holding that facts did not warrant striking untimely supplemental expert reports where plaintiff timely disclosed the experts' initial reports well before trial).

Finally, the Hatch Declaration is far from a "vile tactic"—not only was it provided in direct response to the Federal Circuit decision after the close of expert discovery, but also for ease of reference in Plaintiffs' opposition to Defendants' pending summary judgment motion. Given the motion practice throughout this proceeding, both Plaintiffs and Defendants have submitted and exchanged multiple iterations of the declarations and reports of their experts. (*See, e.g.*, Hatch Decl.; 2021 Hatch Decl.; 2022 Hatch Report; Expert Declarations of Jim Gandy, Dkts. 377, 413-3, 629-3; Expert Declarations of Lance Rake, Dkts. 376, 413-4.) The Hatch Declaration is simply a synthesis of all relevant points that have already been made in Mr. Hatch's prior reports

6

combined in a single document. This Court should therefore deny Defendants' Motion as the Hatch Declaration is substantially justified and harmless.

**III.     THE HATCH DECLARATION IS BASED ON RELIABLE METHODS.**

In a last-ditch effort to strike Mr. Hatch's testimony, Defendants attack his method of analysis and application of the "ordinary observer" standard. But Defendants wholly mischaracterize Mr. Hatch's analysis and jump to the conclusion that Mr. Hatch's definition of an ordinary observer as a "principal purchaser of hoverboards, i.e., a consumer user or the parent of a user, each having little or no experience purchasing hoverboards" (Hatch Decl. ¶ 42) "only suggests that the purchaser lacks knowledge of hoverboards and prior art." (Motion at 10.) Mr. Hatch's explanation that the ordinary observer is a principal purchaser of hoverboards having "little or no experience in purchasing hoverboards," however, is not to say that the hypothetical ordinary observer is unaware of the prior art, but simply refers to the level of attention that the ordinary observer gives in the determination of substantial similarity. *Egyptian Goddess Inc. v. Swisa, Inc.,* 543 F.3d 665, 670 (Fed. Cir. 2008) (infringement occurs when an ordinary observer "giving such attention as a purchaser usually gives, [deems] two designs are substantially the same"); (*compare* Hatch Decl. ¶¶ 37–42 *with* 2021 Hatch Decl. at 7–8 *and* 2022 Hatch Report at 6). Contrary to Defendants' assertion, it is clear from the Hatch Declaration and his earlier reports that he "considered the appearance of the Accused Products and the claimed designs of each of the Patents-in-Suit…and from the viewpoint of the ordinary observer ***who is familiar with the relevant prior art***" in his analysis. (*Compare* Hatch Decl. ¶ 4 *with* 2021 Hatch Decl. at 3 *and* 2022 Hatch Report at 1; *compare also* Hatch Decl. ¶¶ 18–19, 37–39 *with* 2021 Hatch Decl. at 5, 7–8 *and* 2022 Hatch Report at 4, 6.) Mr. Hatch has applied the correct legal standard his declaration should not be excluded on this basis.

The Motion's contention that the Hatch Declaration should be excluded based on supposedly contradictory deposition testimony similarly fails. (Motion at 11.) Defendants mischaracterize Mr. Hatch's statement that "a typical, ordinary observer would have knowledge of the prior art, the relevant prior art" as distinct from his stated "understanding is that the consumer in real life would not have knowledge of all of the prior art or all of the competing hoverboards." (Motion at 11, citing Dkt. 611-4 ("Tr. of Hatch") at 123.) A complete reading of the transcript, contrary to Defendants' claims, reveals that these statements are taken completely out of context—Mr. Hatch does testify that the hypothetical ordinary observer *is* considered to have knowledge of the relevant prior art. (*See* Tr. of Hatch at 122:24–129:20 ("We look at the purchaser in real life to understand the level of acuity they – the level of attention that they pay to viewing the product, but the hypothetical ordinary observer is actually the operating construct, if you will, that we use for the analysis. But we apply the level of attention from the – the purchaser to the hypothetical ordinary observer. . . . But this hypothetical impression of the ordinary observer that we use is not the purchaser from real life, but one who has that level of attention but is informed by prior art."); *compare* Hatch Decl. ¶¶ 37–42 *with* 2021 Hatch Decl. at 7–8 *and* 2022 Hatch Report at 6.) Nonetheless, Defendants' own experts did not even consider "all of the prior art" in their analyses—Mr. Gandy only considered the D'906 Patent (*see* Dkt. 629-3 at ¶ 29; *see also* Hatch Decl. ¶¶ 192–93; Dkt. 635 at 19 (citing Hearing Tr. at 138:11–16, 140:17–22)), and Mr. Rake only considered an unrelated, later-filed patent (*see* Dkt. 629-4 at ¶¶ 51–76; *see also* Hatch Decl. ¶¶ 155–57).

In the end, Defendants' arguments simply confirm that there is a battle of the experts—both between Defendants' two experts (Messrs. Gandy and Rake) and between Defendants' experts and Mr. Hatch—that precludes summary judgment.

## **CONCLUSION**

In view of the foregoing, the submission of the Hatch Declaration is proper and the Motion should be denied.

Dated: February 22, 2023  Respectfully submitted,

TARTER KRINSKY & DROGIN LLP
By: */s/ Richard J.L. Lomuscio*

PALMERSHEIM & MATHEW LLP  Richard J.L. Lomuscio
Robert J. Palmersheim  Mark Berkowitz
Anand C. Mathew  Chandler E. Sturm (admitted *pro hac vice*)
Timothy G. Parilla  1350 Broadway
401 N. Franklin Street, Suite 4S  New York, NY 10018
Chicago, IL 60654  Tel.: (212) 216-8000
Tel.: (312) 319-1791  Fax: (212) 216-8001
E-mail: acm@thepmlawfirm.com  E-mail: rlomuscio@tarterkrinsky.com
E-mail: rjp@thepmlawfirm.com  E-mail: mberkowitz@tarterkrinsky.com
E-mail: tgp@thepmlawfirm.com  E-mail: csturm@tarterkrinsky.com

*Attorneys for Plaintiffs*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2023, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing(s) to all registered counsel.

By: */s/ Richard J.L. Lomuscio*
Richard J.L. Lomuscio