IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>THE PARTNERSHIPS AND<br>UNICORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>    *Defendants*. | Case No. 1:20-cv-4806<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RETURN OF BOND**

Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. and Unicorn Global, Inc. (collectively, "Plaintiffs"), by and through counsel, respectfully request an order directing the return of the cash bonds paid in connection with now-lifted injunctions entered by this Court relating to Defendants Gyroor-US, Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes (collectively, "Defendants").[1]

**PRELIMINARY STATEMENT**

Plaintiffs posted a bond totaling $250,000 in connection with injunctive relief granted by this Court pursuant to Rule 65(c) of the Federal Rules of Civil Procedure ("Rule 65(c)") in orders that were subsequently vacated by the Federal Circuit (Dkt. 113, 456; collectively, the "Prior PIs").

---

[1] Despite Defendants' suggestions to the contrary (*see, e.g.*, Dkt. 611 at 1, 6, 13), Defendants Gyroor, Urbanmax, Fengchi-US, HGSM, Gaodeshang-US, and Gyroshoes remain defendants in this case. *See ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 51 F.4th 1365, 1377 (Fed. Cir. 2022) (Dkt. 590) (vacating the order that granted Plaintiff's motion to amend Schedule A ***only*** "insofar as that order extended the 2020 Preliminary Injunction to new defendants.") (emphasis added).

As discussed below, Defendants cannot demonstrate an actual and quantifiable injury given, among other reasons, their undisputed violations of the Prior PIs (*see* Dkt. 444). Accordingly, the bonds have served their purpose and the Court should exercise its discretion and order the return of the escrowed funds to Plaintiffs.

## **PROCEDURAL HISTORY**

In support of temporary restraining orders and the Prior PIs entered by this Court enjoining Defendants from further infringement of Plaintiffs' Patents-in-Suit,[2] Plaintiffs posted a bond in the amount of $94,000 on October 2, 2020,[3] and a second bond in the amount of $156,000 on August 26, 2021.[4] These bonds secured injunctions that remained in effect until October 28, 2022, when the Federal Circuit vacated the Prior PIs and remanded the matter to this Court for further proceedings.[5] The bonds have remained in place both while the Court considered Plaintiffs' renewed motion for a preliminary injunction filed on November 9, 2022 (Dkt. 592), and after the denial of that motion on December 2, 2022 (Dkt. 619, 626). Defendants initially indicated that they would be seeking damages, if any, relating to the injunction, but subsequently changed course. (*See* Dkt. 651, 652.) Notably, during the pendency of the Prior PIs, Defendants were held in contempt for engaging in sales in violation of the Court's order. (Dkt. 444.)

---

[2] The "Patents-in-Suit" are U.S. Design Patent Nos. D737,723, D738,256, D784,195, and D785,112.

[3] *See* Dkt. 42, 50; Receipt No. 4624246936, entered October 2, 2020.

[4] *See* Dkt. No. 360; Receipt No. 4624261079, entered August 26, 2021.

[5] *ABC Corp. I*, 51 F.4th 1365; *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A",* 52 F.4th 934 (Fed. Cir. 2022) (collectively, the "Federal Court Decisions").

## **LEGAL STANDARD**

This Court has discretion to release Rule 65(c) bonds where "there is a good reason for not requiring the plaintiff to pay in the particular case." *Coyne-Delany Co. v. Cap. Dev. Bd. of State of Ill.*, 717 F.2d 385, 391–92 (7th Cir. 1983). "A 'good reason' for not awarding damages on an injunction bond includes a defendant's failure to mitigate damages." *See id.*; *see also Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey*, 939 F.3d 597, 607 (3d Cir. 2019) (courts are afforded discretion to decline to impose damages on a party who "should not suffer the execution of the preliminary injunction bond"). Moreover, the burden is on the enjoined party to prove that damages extended directly from the restrained conduct. *See Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000); *Triumph v. Ward*, No. 11 C 7927, 2011 WL 6754044, at *4 (N.D. Ill. Dec. 22, 2011). Speculative damages, supported only by self-serving assertions, fail to meet this burden. *See Triumph*, 2011 WL 6754044, at *4 (declining to award damages to an enjoined party where claim based solely on unsupported assertions).

## **ARGUMENT**

It is indisputable that the Prior PIs are not in effect and the bonds are no longer necessary to provide the security required by Rule 65(c). By the terms of Rule 65(c), the sole purpose of the bond posted by Plaintiffs was to secure the payment of any damages that Defendants may have suffered as a result of the injunctions if ultimately found that Defendants were "wrongfully enjoined." Fed. R. Civ. P. 65(c). Defendants, however, have made no claim for these funds and, in fact, have deferred any request for damages (Dkt. 651). The funds should therefore be returned to Plaintffs.

First, there is no evidence here that Defendants were "wrongfully enjoined or restrained" as required to recover damages on the bond held pursuant to Rule 65(c). The Prior PIs were based

3

on a good faith application of law and a finding of likelihood of success of the merits—Plaintiffs had established, *inter alia*, that Defendants offer for sale and sell products that "an ordinary observed would be deceived into thinking…are the same as the products manufactured and sold by Plaintiffs that utilize the Patents-in-Suit." (Dkt. 113 at 8–9; *see also* Dkt. 456 at 9.) The fact that the Prior PIs were later overturned by the Federal Circuit Decisions does not render the Prior PIs "wrongful" or automatically entitle Defendants to damages. *See Nat'l Collegiate Athletic Ass'n*, 939 F.3d at 607. Moreover, Defendants are required to show that they suffered injury as a result of the entry of the Prior PIs, and they have declined to do so here. *See Mead Johnson & Co.*, 201 F.3d at 888.

Second, even to the extent that Defendants attempt to show the Prior PIs were erroneously issued, Defendants have not made—and cannot make—any showing that they were adversely affected by the Prior PIs to be entitled to recovery on the bonds. The latest submission made by Defendants addressing their supposed damages resulting from the Prior PIs was a motion to increase the bond prior to the Federal Circuit Decisions. (Dkt. 576.) The damages claimed in this submission were, at best, speculative and supported only by self-serving assertions and calculations that are insufficient as a matter of law (Dkt. 583). *See Triumph*, 2011 WL 6754044, at *5 (declining to award damages where claim based solely on unsupported assertions). Coupled with Defendants' decision to defer seeking relief (Dkt. 651), there is no reason for Plaintiffs' funds to remain in escrow with the Court.

Finally, the record in this action demonstrates that Defendants were not affected by the Prior PIs—Defendants simply ignored them. As the Court is aware, the Prior PIs expressly prohibited Defendants from "forming new entities or associations or utilizing any other device for the purposes of avoiding the prohibitions" against infringement (Dkt. 147 ¶ 1(c)) and "transferring

4

or disposing of money or other Defendants' assets" (Dkt. 147 ¶ 3). Despite these prohibitions, and as detailed in an earlier contempt ruling, Defendants did not dispute that they were affiliated with other Amazon storefronts identified by Plaintiffs as selling infringing hoverboards in violation of the Prior PIs and that they transferred assets from their Amazon accounts. (*See* Dkt. 444.) The fact that Defendants continued to sell infringing hoverboards under the guise of affiliated Amazon storefronts undercuts any potential claim of a legally cognizable harm compensable by monies set aside by the bonds. *See Coyne-Delany Co.*, 717 F.2d 385 at 391–92. Accordingly, because Defendants have no viable claim for recovery on the bonds, the funds should be released to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to grant their Motion for Return of Bond.

Dated: March 28, 2023                               Respectfully submitted,

PALMERSHEIM & MATHEW LLP            TARTER KRINSKY & DROGIN LLP
                                                          By: */s/ Richard J.L. Lomuscio*
Robert J. Palmersheim                               Richard J.L. Lomuscio
Anand C. Mathew                                     Mark Berkowitz
Timothy G. Parilla                                    Chandler E. Sturm (admitted *pro hac vice*)
401 N. Franklin Street, Suite 4S                 1350 Broadway
Chicago, IL 60654                                    New York, NY 10018
Tel.: (312) 319-1791                                 Tel.: (212) 216-8000
E-mail: acm@thepmlawfirm.com               Fax: (212) 216-8001
E-mail: rjp@thepmlawfirm.com                E-mail: rlomuscio@tarterkrinsky.com
E-mail: tgp@thepmlawfirm.com                E-mail: mberkowitz@tarterkrinsky.com
                                                          E-mail: csturm@tarterkrinsky.com

                                                          *Attorneys for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this March 28, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Dated: March 28, 2023

| PALMERSHEIM & MATHEW LLP | TARTER KRINSKY & DROGIN LLP |
|---|---|
|  | By: */s/ Richard J.L. Lomuscio* |
| Robert J. Palmersheim | Richard J.L. Lomuscio |
| Anand C. Mathew | Mark Berkowitz |
| Timothy G. Parilla | Chandler E. Sturm (admitted *pro hac vice*) |
| 401 N. Franklin Street, Suite 4S | 1350 Broadway |
| Chicago, IL 60654 | New York, NY 10018 |
| Tel.: (312) 319-1791 | Tel.: (212) 216-8000 |
| E-mail: acm@thepmlawfirm.com | Fax: (212) 216-8001 |
| E-mail: rjp@thepmlawfirm.com | E-mail: rlomuscio@tarterkrinsky.com |
| E-mail: tgp@thepmlawfirm.com | E-mail: mberkowitz@tarterkrinsky.com |
|  | E-mail: csturm@tarterkrinsky.com |

*Attorneys for Plaintiffs*