**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABC CORPORATION I, | ) | |
| ABC CORPORATION II, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Case No. 1:20-cv-4806 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate Judge Jeffrey Cole |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

**DEFENDANT AND THIRD-PARTY RESPONDENTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RETURN OF BOND**

Defendant Gyroor-US ("Defendant" or "Gyroor-US") and third-party respondents Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, and HGSM (collectively, "Third-Party Respondents") hereby submit this opposition to Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc.'s ("Unicorn", and collectively with Chic, "Plaintiffs") Motion for Return of Bond. [Dkt. 654].

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

Plaintiffs' Motion for Return of Bond should be denied as it is premature since final determination on the merits has not occurred in this case. Contrary to Plaintiffs' assertions in their motion, Defendant and Third-Party Respondents have suffered significant losses during the period of injunction due to wrongfully issued preliminary injunction orders.

Plaintiffs first filed for a motion for temporary restraining order against Defendant on August 18, 2020, which this Court granted on September 22, 2020. [Dkt. 42]. On November 20, 2020, Plaintiff filed a motion for preliminary injunction against Defendant and Third-Party Respondents. [Dkt. 105]. The Court granted the preliminary injunction in November 2020. [Dkt. 112]. In support of the temporary restraining order and preliminary injunction, Plaintiffs posted a bond in the amount of $94,000 on October 2, 2020, and a second bond in the amount of $156,000 on August 26, 2021.

On August 24, 2021, Plaintiffs filed for a second preliminary injunction against Defendant and Third-Party Respondents. [Dkt. 384]. The Court granted Plaintiffs' second preliminary injunction on October 13, 2021. [Dkt. 456].

Defendant and Third-Party Respondents filed their appeal of the Court's order granting the preliminary injunctions on October 8, 2021. [Dkt. 450]. On October 28, 2022, Federal Circuit

1

issued an opinion and vacated the two preliminary injunction orders issued by this Court and remanded to this Court for further proceedings. [Dkt. 590].

To date, Plaintiffs have deposited bond in the amount of $250,000.00.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(c), a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The purpose of requiring security prior to issuance of an injunction or a temporary restraining order is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 911 (N.D. Ill. 2015). The Seventh Circuit has not squarely addressed the meaning of "wrongfully enjoined or restrained," but has held that there is a presumption in favor of awarding injunction bond damages to a "prevailing party" that is rebutted only by a showing of "good reason" not to award damages. *Coyne–Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 391 (7th Cir.1983).

## ARGUMENT

### I. Plaintiffs' Motion for Return of Bond is Premature.

"Rule 65(c)'s counterpart, Rule 65.1 ... sets forth the procedures for obtaining relief through enforcement of a bond required or permitted by the Federal Rules of Civil Procedure." *Wabash Publ'g Co. v. Flanagan*, 89 C 1923, 1990 WL 19977, at *6 (N.D.Ill. Feb.27, 1990). Pursuant to Rule 65.1, a principal may file a motion in the proceeding in which the injunction was issued to obtain relief. *Id*.

A Rule 65.1 motion may not precede a final determination on the merits. *See Wabash*

*Publ'g*, 1990 WL 19977, at *8, n. 1 (citing 11 Wright & Miller, *Fed. Prac. and Proc*. § 2972 (1986)); *see also* 11A Wright & Miller, *Fed. Prac. and Proc.* § 2972 (2d ed. 2010) ("In the case of an injunction bond, the claim ... does not accrue until it is finally determined that plaintiff was not entitled to the restraining order or injunction, or until something occurs that is the equivalent of a decision on this question."). The Court recognizes that, in the context of a preliminary injunction, courts have held that a final determination on the merits does not occur until after a trial or other adjudication on the merits of the controversy. *See, e.g., Clark v. K–Mart Corp.*, 979 F.2d 965, 969 (3d Cir.1992) ("It is settled that one can recover on an injunction bond only after a trial and final judgment on the merits."); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054–55 (2d Cir.1990).

On December 23, 2022, Defendant and Third-Party Respondents filed a summary judgment motion, which is currently pending before the Court. [Dkt. 628]. As a result, a final determination on the merits has not yet been reached. Therefore, the parties should wait until the final determination on the merits of this case before filing motions to recover on the injunction bond. Releasing the bond to Plaintiffs at this stage would leave the Defendant and Third-Party Respondents with no bond, which would prevent them from being able to recover damages resulting from the wrongfully issued preliminary injunctions.

## II.  The Preliminary Injunction Was Wrongfully Entered Against Defendant And Third-Party Respondents.

The Seventh Circuit has not squarely addressed the meaning of "wrongfully enjoined or restrained," but has held that there is a presumption in favor of awarding injunction bond damages to a "prevailing party" that is rebutted only by a showing of "good reason" not to award damages. *Triumph v. Ward*, No. 11 C 7927, 2011 WL 6754044, at *4 (N.D. Ill. Dec. 22, 2011) (Citing *Coyne–Delany*, 717 F.2d at 391). Other courts have held that a party is wrongfully enjoined when

3

it has been ordered to cease something it had a right to do. *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 559 (2d Cir.2011) (citing cases); *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 22 (1st Cir.2007); *Nintendo of Am., Inc. v. Lewis Galoob Toys*, Inc., 16 F.3d 1032, 1036, n. 4 (9th Cir.1994); *Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1059 (8th Cir.2006).

On October 28, 2022, the Federal Circuit vacated the first and second preliminary injunction orders based on the fact that Plaintiffs failed to show a likelihood of success as to the infringement, the language of the injunction is overbroad, and that Plaintiff failed to give Defendant and the Third-Party Respondents notice under Rule 65(a). *ABC Corp. I,* 52 F.4th 945; *ABC Corp. I,* 51 F.4th 1377. Further, this Court denied Plaintiffs' renewed/third motion for preliminary injunction on December 12, 2022, ruling that reasonable jury could not find that the accused products are substantially similar to the patents in suit, such that an ordinary observer would be deceived into believing that the accused products are the same as the patented design. [Dkt. No. 626]. During the injunction period, Defendant and Third-Party Respondents were wrongfully enjoined from selling of these accused products. Thus, it is clear that Defendant and Third-Party Respondents were wrongfully enjoined, as they had the rights all along to sell the accused products.

## III. Even Though Whether Defendant and the Third-Party Respondents Are Wrongfully Enjoined Has Not Been Determined, Defendant Is Wrongfully Restrained.

"In the context of a temporary restraining order, a court's denial of a preliminary injunction and dissolution of the temporary restraining order, both of which occurred in this case, constitutes a final determination that the plaintiff has been wrongfully enjoined." *Triumph v. Ward*, No. 11 C 7927, 2011 WL 6754044, at *3 (N.D. Ill. Dec. 22, 2011). While one can recover on an injunction

bond only after a trial and final judgment on the merits, the court agrees with the Qualcomm court's

explanation for the distinction:

> A TRO is issued to preserve the status quo before a preliminary injunction hearing may be held. Generally, a TRO only remains in effect until the hearing on the preliminary injunction. In contrast, a preliminary injunction is a provisional remedy issued prior to final disposition of the litigation.... A TRO ... has a purpose different than that of a preliminary injunction. As such, the definition of 'wrongfully restrained' should equate with the proper function of a TRO, rather than a preliminary injunction. When a court denies a preliminary injunction after it has granted a contested TRO, the restrained party has been 'wrongfully restrained,' given that a TRO is only intended to last until a preliminary injunction hearing is held.

> *Triumph,* 2011 WL 6754044, at *3 (citing *Qualcomm, Inc. v. Motorola, Inc.*, 185 F.R.D.

285, 287–88 (S.D.Cal.1999).

Here, the Federal Circuit vacated the first and second preliminary injunction orders on

October 28, 2022. [Dkt. 587, 590]. This Court denied Plaintiffs third/renewed motion for

preliminary injunction on December 12, 2022. [Dkt. 626]. In light of the Courts' order vacating

and denying Plaintiffs' motion for preliminary injunction, there can be no question that Defendant

is wrongfully restrained. *Triumph,* 2011 WL 6754044, at *4. ("In light of the Court's order denying

Triumph's motion for a preliminary injunction and vacating the TRO, there can be no question

that Mr. Ward is the 'prevailing party.'")

IV.  **Defendant And Third-Party Respondents Have Suffered Significant Economic Losses Due to The Impacts of The TRO and Preliminary Injunctions.**

The amount of a bond may be determined by taking into consideration the Defendants'

potential lost profits and other damages stemming from the imposed injunction. *SMC Corp., Ltd.*

*v. Lockjaw, LLC*, 481 F. Supp. 2d 918, 930 (N.D. Ill. 2007); *Manpower Inc. v. Mason*, 405 F.

Supp. 2d 959, 976 (E.D. Wis. 2005).

Defendant and Third-Party Respondents have suffered significant economic losses due to

the impacts of the wrongfully-entered preliminary injunctions. Defendant and Third-Party

Respondents' losses can be reasonably calculated based on their prior sales records and profits before the injunction went into effect. For example, Gyroor-US' account has been restrained for approximately two years: its Amazon account became inaccessible on November 25, 2020 and became accessible again on November 1, 2022. Gyroor-US' average monthly revenue prior to the injunction is approximately $581,752.18. [Dkt.576]. Thus, based on Gyroor-US' average monthly revenue prior to the injunction, its total lost sales revenue in the last two years amount to $13,962,052.30. With a net profit margin of between 6% to 8%, it is reasonable to conclude that if Gyroor-US had been conducting its normal course of business in the last two years, Gyroor-US could have gained a net profit in the amount of approximately $837,723.139. *Id*. Similarly, Third-Party Respondents Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, and HGSM all suffered great economic losses during the injunction period.

Further, it is worth clarifying that Defendant and Third-Party Respondents have never declined to show that they suffered injury as a result of the entry of the preliminary injunctions, as stated in Plaintiffs' motion. In fact, Defendant and Third-Party Respondents' Motion for Damage is stayed pending resolution of this case. [Dkt.652]. Defendant and Third-Party Respondents have already retained an expert to calculate the damages they have suffered. Defendant and Third-Party Respondents will duly file their Motion for Damage once the damage calculation is completed and the final determination on merits is entered by the Court.

### CONCLUSION

For the foregoing reasons, Defendant and Third-Party Respondents respectfully request that the Court deny Plaintiffs' Motion for Return of Bond.

Date: 04/21/2023 /s/ Yu-Hao Yao

6

Yu-Hao Yao, Esq
GLACIER LAW LLP
251 South Lake Ave, Suite 910
Pasadena, CA 91101
mickey.yao@glacier.law
312-448-7772

Glacier Law LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
Na Zhang, Esq.
queena.zhang@glacier.law
206-397-8633

GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting Men, Esq.
ruoting.men@glacier.law
Tianyu Ju, Esq.
Iris.ju@glacier.law
312-270-0413

GLACIER LAW LLP
41 Madison Avenue, Ste 2529
New York, NY 10010
Tao Liu, Esq.
Wei Wang, Esq.
Tao.liu@glacier.law
wei.wang@glacier.law
332-777-7315

***Attorneys for Defendant and Third-Party Respondents***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this April 21, 2023, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.


Date: 04/21/202e                                   /s/ Yu-Hao Yao

8