**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNICORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>*Defendants*. | Case No. 1:20-cv-4806<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RETURN OF BOND**

Plaintiffs respectfully submit this Reply in support of their motion for return of bond (Dkt. 653, "Motion").[1]

**PRELIMINARY STATEMENT**

Defendants cannot have it both ways—they cannot delay seeking relief and allege that Plaintiff's Motion is "premature," yet continue to conclude that they have been wrongfully restrained and enjoined by the temporary restraining order and Prior PIs entered by this Court. (*See* Dkt. 655, "Opp'n" at 2–5.) There is simply no reason for Plaintiffs' funds to remain in escrow with the Court until Defendants decide to seek relief at their own convenience, especially where Defendants cannot demonstrate an actual and quantifiable injury given, among other reasons, their undisputed violations of the Prior PIs (*see* Dkt. 444).

---

[1] Unless otherwise indicated, all defined terms in this reply have the same meaning as set forth in Plaintiffs' opening memorandum (Dkt. 654, the "Memorandum" or "Mem.").

## ARGUMENT

Contrary to Defendants' assertions (*see* Opp'n at 4–5), the fact that the Prior PIs were overturned by the Federal Circuit Decisions does not render the Prior PIs "wrongful." Nor does it automatically entitle Defendants to damages. *See Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey*, 939 F.3d 597, 607 (3d Cir. 2019) (collecting cases). The burden is squarely on Defendants to prove damages suffered as a result of the entry of the Prior PIs. *See Triumph v. Ward*, No. 11 C 7927, 2011 WL 6754044, at *2 (N.D. Ill. Dec. 22, 2011). Defendants offer nothing more than conclusory assertions and decline—again—to offer any legally sufficient showing of damages. (*See* Dkt. 651.) Defendants' talismanic invocation of statements such as "it is clear that [they] were wrongfully enjoined" (Opp'n at 4) and that "there can be no question that [they were] wrongfully restrained" (Opp'n at 5) simply fail to establish damages.

In fact, Defendants have steadfastly deferred seeking relief (Dkt. 651) and attempt to use this self-imposed delay to frame Plaintiffs' Motion as "premature". (*See* Opp'n at 2–3; *see also* Mot. at 3–4.) But this cannot divert attention from Defendants' failure to put forward any evidence that they were "wrongfully enjoined or restrained." (*See* Opp'n at 2–3; *see also* Mot. at 3–4). Defendants simply fail to address that this Court has discretion to release Rule 65(c) bonds where, as here, "there is a good reason for not requiring the plaintiff to pay." *Coyne-Delany Co. v. Cap. Dev. Bd. of State of Ill.*, 717 F.2d 385, 391–92 (7th Cir. 1983). Speculative and self-serving assertions of lost profits supposedly attributable to the Prior PIs does not entitle Defendants to recover on the bonds (*see* Opp'n at 5–6 (citing Dkt. 576)). *Triumph*, 2011 WL 6754044, at *5 (declining to award damages where claim based solely on unsupported assertions).

Most telling, however, is Defendants' continued silence as to their disregard and violation of the Prior PIs. (*See* Mot. at 4–5.) With multiple opportunities to do so (including here),

2

Defendants have not disputed that they were affiliated with other Amazon storefronts identified by Plaintiffs as selling infringing hoverboards and that they transferred assets from their Amazon accounts—conduct explicitly enjoined by the Prior PIs. (*See, e.g.*, Dkt. 370, 444.) The fact that Defendants continued to sell infringing hoverboards under the guise of affiliated Amazon storefronts undermines any potential claim of a legally cognizable harm compensable by monies set aside by the bonds. *See Coyne-Delany Co.*, 717 F.2d 385 at 391–92.

Accordingly, now that the Prior PIs are no longer in place, and because Defendants cannot demonstrate an actual and quantifiable injury as a result of the Prior PIs, the bonds have served their purpose and the Court should exercise its discretion and order the return of the escrowed funds to Plaintiffs.

## **CONCLUSION**

For the foregoing reasons, and as outlined in Plaintiffs' opening Memorandum, Plaintiffs respectfully request this Court to grant their Motion for Return of Bond.

Dated: April 25, 2023                                                       Respectfully submitted,

| | |
|---|---|
| PALMERSHEIM & MATHEW LLP | TARTER KRINSKY & DROGIN LLP |
| | By: */s/ Richard J.L. Lomuscio* |
| Robert J. Palmersheim | Richard J.L. Lomuscio |
| Anand C. Mathew | Mark Berkowitz |
| Timothy G. Parilla | Chandler E. Sturm (admitted *pro hac vice*) |
| 401 N. Franklin Street, Suite 4S | 1350 Broadway |
| Chicago, IL 60654 | New York, NY 10018 |
| Tel.: (312) 319-1791 | Tel.: (212) 216-8000 |
| E-mail: acm@thepmlawfirm.com | Fax: (212) 216-8001 |
| E-mail: rjp@thepmlawfirm.com | E-mail: rlomuscio@tarterkrinsky.com |
| E-mail: tgp@thepmlawfirm.com | E-mail: mberkowitz@tarterkrinsky.com |
| | E-mail: csturm@tarterkrinsky.com |
| | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Dated: April 25, 2023

Respectfully submitted,

PALMERSHEIM & MATHEW LLP

Robert J. Palmersheim
Anand C. Mathew
Timothy G. Parilla
401 N. Franklin Street, Suite 4S
Chicago, IL 60654
Tel.: (312) 319-1791
E-mail: acm@thepmlawfirm.com
E-mail: rjp@thepmlawfirm.com
E-mail: tgp@thepmlawfirm.com

TARTER KRINSKY & DROGIN LLP
By: */s/ Richard J.L. Lomuscio*
Richard J.L. Lomuscio
Mark Berkowitz
Chandler E. Sturm (admitted *pro hac vice*)
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: rlomuscio@tarterkrinsky.com
E-mail: mberkowitz@tarterkrinsky.com
E-mail: csturm@tarterkrinsky.com

*Attorneys for Plaintiffs*