IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABC CORPORATION I,<br>ABC CORPORATION II,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>    *Defendants*. | Case No. 1:20-cv-4806<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

## NOTICE OF RECENT RELATED DECISION

Defendant Gyroor-US ("Defendant" or "Gyroor-US") and third-party respondents Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, and HGSM (collectively, "Third-Party Respondents") respectfully submit this Notice of Recent Related Decision in reference to Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc.'s ("Unicorn", and collectively with Chic, "Plaintiffs") pending Motion for Return of Bond (the "Motion"). [Dkt. No. 653-656].

Since briefing of the Motion, a third-party petitioner Loeb & Loeb LLP ("Loeb") has brought a Petition in the United States District Southern District of New York to confirm an arbitration award and enter judgment against Plaintiffs for $3,057.294.79 in damages, $330,941.77 in pre-judgment interest, $44,298.97 in arbitral expenses, and $846.38 in post-judgment interest per day until the judgment is fully satisfied. A true and correct copy of this Petition is attached hereto as **Exhibit 1**.

3

Previously, this Court issued a TRO and preliminary injunction orders, which were later reversed and vacated by the Federal Circuit. [Dkt. No. 588-590]. Meanwhile, the case is still pending on the merits. Defendants and Third-Party Respondents might seek damages based on the notion that they were "wrongfully enjoined or restrained," as provided in Rule 65(c). This possibility justifies the continuation of the bond. Now, with another arbitration award sought against Plaintiffs, releasing the bond posted as security would jeopardize the ability of Defendants and Third-Party Respondents to recover their damages. As these issues remain unresolved, the bond needs to remain in place.

Date: 12/22/2023

/s/ Na Zhang
GLACIER LAW LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
queena.zhang@glacier.law
206-397-8633

GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting Men, Esq.
ruoting.men@glacier.law
Tianyu Ju, Esq.
iris.ju@glacier.law
312-270-0413

GLACIER LAW LLP
41 Madison Avenue, Ste 2529
New York, NY 10010
Tao Liu, Esq.
tao.liu@glacier.law
Wei Wang, Esq.
wei.wang@glacier.law
332-777-7315

***Attorneys for Defendant and Third-Party Respondents***

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this December 22, 2023, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 12/22/2023 /s/ Na Zhang