**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al, | |
| *Plaintiffs*, | **CASE NO.** 1:20-cv-04806 |
| v. | **Judge:** Honorable Thomas M. Durkin |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge:** Jeffrey Cole |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AND THIRD-PARTY RESPONDENTS' MOTION FOR DAMAGES**

# TABLE OF CONTENTS

I.   **STATEMENT OF FACTS** ................................................................................................ 2

II.   **LEGAL STANDARD** ................................................................................................... 4

III.   **ARGUMENTS** ............................................................................................................... 5

    **A.**     **Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US are Prevailing Parties and Were Wrongfully Enjoined.** ................................................................. 5

    **B.**     **Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US Suffered Substantial Damages as a Result of the Wrongfully Issued and Enforced Preliminary Injunction Orders.** ................................................................................................... 7

        1.     Lost Profits suffered by Defendant Gyroor-US during the injunction period. ............. 8

        2.     Lost Profits suffered by Third-Party Respondent Gyroor during the injunction period. 8

        3.     Lost Profits suffered by Third-Party Respondent Urbanmax during the injunction period. ................................................................................................................. 9

        4.     Lost Profits suffered by Third-Party Respondent GaodeshangUS during the injunction period. ................................................................................................. 9

        5.     Lost Profits suffered by Third-Party Respondent Fengchi-US during the injunction period. ............................................................................................................... 10

        6.     Lost Profits suffered by Third-Party Respondent Gyroshoes during the injunction period. ............................................................................................................... 10

        7.     Lost Profits suffered by Third-Party Respondent HGSM during the injunction period. 11

        8.     Lost Profits suffered by formerly wrongfully enjoined defendant Jiangyou-US during the injunction period. ........................................................................................... 11

        9.     Lost Profits suffered by formerly wrongfully enjoined third-party respondent Yanjin-US during the injunction period. ............................................................................ 12

        10.     Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US Have Also Suffered Other Damages. ...................................................................................... 12

    **C.**     **Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US Are Entitled To Recover Damages At Least Equal to The Full Amount Of The Bond.** ........................ 13

    **D.**     **Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US Are Entitled to Recover Damages above the Posted Bond Amount.** .............................................. 14

    1.     Defendant timely moved the Court to increase the bond. ................................................. 15

    2.     Plaintiffs obtained the Preliminary Injunctions in bad faith. ........................................... 16

IV.   **CONCLUSION** .......................................................................................................... 20

    **CERTIFICATE OF SERVICE** .................................................................................... 22

## **TABLE OF AUTHORITIES**

**Case**                                                               **Page**

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A",*
51 F.4th 1365, 1370 (Fed. Cir. 2022) ...............................................................................3

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A",*
52 F.4th 934, 937 (Fed. Cir. 2022) ...........................................................................6, 8

*Atomic Oil Co. v. Bardahl Oil Co.,*
419 F.2d 1097, 1100-03 (10th Cir. 1969) .........................................................................13

*Bestway Inflatables & Material Corp. v. Holon Supplier,*
No. 23 C 2286, 2023 WL 7386062, at *1 (N.D. Ill. Nov. 8, 2023) ....................................6

*Coyne–Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois,*
717 F.2d 385, 391 (7th Cir.1983) ...........................................................................4, 5, 7, 13

*Chambers v. NASCO, Inc.,*
501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) .......................................................18

*Eltech Systems Corp. v. PPG Industries, Inc.,*
903 F.2d 805, 810, 14 U.S.P.Q.2d 1965 (Fed. Cir. 1990) ................................................16

*Global NAPs, Inc. v. Verizon New Eng., Inc.,*
489 F.3d 13, 22 (1st Cir. 2007) ...........................................................................4, 5, 7

*Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis,*
35 F.3d 1134, 1141 (7th Cir.1994) ..................................................................................15

*Int'l Ass'n of Machinists and Aerospace Workers v. Eastern Airlines, Inc.,*
925 F.2d 6, 10 (1st Cir. 1991)...........................................................................................5

*Laboratory Corp. of America Holdings v. Kearns,*
84 F. Supp. 3d 447, 2015 WL 413788(M.D.N.C. 2015) ..................................................15

*Milan Exp., Inc. v. Averitt Exp., Inc.,*
254 F.3d 966, 981 (11th Cir. 2001) ..................................................................................7

*Monster Energy Co. v. Wensheng,*
136 F. Supp. 3d 897, 911 (N.D. Ill. 2015) ...................................................................5, 15

*Mead Johnson & Co. v. Abbott Laboratories,*
201 F.3d 883, 888 (7th Cir. 2000) ...................................................................................16

*Nokia Corp. v. InterDigital, Inc*.,
    645 F.3d 553, 559 (2d Cir.2011)................................................................5,7,13

*Nintendo of Am., Inc. v. Lewis Galoob Toys*, Inc.,
    16 F.3d 1032, 1036, n. 4 (9th Cir.1994) ......................................6,7,13

*Porta Stor, Inc. v. PODS, Inc*.,
    2008 WL 785358, *7, n. 34 (M.D. Fla. 2008) ..................................5

*qad. inc. v. ALN Assocs., Inc*.,
    781 F. Supp. 561, 562 (N.D. Ill. 1992) ..................................4,14,18

*Slidell, Inc. v. Millennium Inorganic Chems., Inc*.,
    460 F.3d 1047, 1059 (8th Cir.2006) ..................................6

*Scholle Corp. v. Rapak LLC*,
    No. 13 C 3976, 2014 WL 3687734 (N.D. Ill. July 24, 2014) ..........................15

*Shelco, Inc. v. Dow Chem. Co*.,
    466 F.2d 613, 618 (7th Cir. 1972) ..................................16

*Takeda Pharms., U.S.A., Inc. v. W.-Ward Pharm. Corp*.,
    No. CV 14-1268-RGA, 2018 WL 6529289, at *2 (D. Del. Nov. 12, 2018)...................6

*Triumph v. Ward*,
    No. 11 C 7927, 2011 WL 6754044(N.D. Ill. Dec. 22, 2011) ...........................7

*U.S.D.I.D. Corp. v. Windstream Communications, Inc*.,
    775 F.3d 128, 143 (2d Cir. 2014)..................................7

## Rules

Fed. R. Civ. P. 65(c) ..................................................................4,5,7,13
Fed. R. Civ. P. 65.1..................................................................4

Defendant Gyroor-US ("Defendant" or "Gyroor-US"), Third-Party Respondents Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, and HGSM (collectively, "Third-Party Respondents"), former wrongfully-enjoined Defendant Jiangyou-US ("Jiangyou-US") and third-party respondent Shenzhen Yanjingmaoyi Co., Ltd. ("Yanjin-US") hereby submit this memorandum in support of their Motion for Damages as a result of the wrongfully issued preliminary injunction orders entered against them.

## I. STATEMENT OF FACTS

Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc. ("Unicorn", collectively with "Chic", "Plaintiffs") filed their Complaint against Defendant, Third-Party Respondents and Jiangyou-US alleging that Defendant, Third-Party Respondents and Jiangyou-US's products sold on Amazon infringe Plaintiffs' U.S. Design Patent Nos. D737,723 ("the 'D723 patent"), D738,256 ("the 'D256 patent"), D785,112 ("the 'D112 patent"), and D784,195 ("the 'D195 patent") (collectively, the "Patents-in-Suit").

Third-Party Respondent Gyroor is the owner of its "Gyroor Brand" hoverboards. Defendant, the other Third-Party Respondents, and Jiangyou-US are resellers of Gyroor-branded products on Amazon. On November 20, 2020, Plaintiffs filed a Motion for a Preliminary Injunction under seal, and this Court granted this motion on November 24, 2020, only four days after the motion was filed. [Dkt. 105-113]. Immediately thereafter, Plaintiffs enforced the Preliminary Injunction Order against numerous non-parties not listed in the Plaintiffs' Schedule A, Schedule B and Schedule C attached to their Third Amended Complaint. [Dkt. 101]. As a result, Defendant, all Third-Party Respondents and Jiangyou-US's Amazon store were restrained around January 2021. It is undisputed before us that neither Defendant, Third-Party Respodents, or Jiangyou-US was given any notice of the Preliminary Injunction before it had been entered, and Third-Party

Respondents, or Jiangyou-US were not even included in Plaintiffs' Schedule A, Schedule B, or Schedule C. *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 51 F.4th 1365, 1370 (Fed. Cir. 2022).

On May 6, 2021, in order to cure their deficiencies, Plaintiffs filed a Motion to Amend Schedule A to add Third-Party Respondents and Jiangyou-US to this lawsuit. On August 24, 2021, Plaintiffs filed a second Preliminary Injunction Motion against Third-Party Respondents and Jiangyou-US, which was later granted by the Court on October 13, 2021. [Dkt. 456]. Defendant, Third-Party Respondents, and Jiangyou-US timely appealed the two Preliminary Injunction Orders entered in November 2020 and October 2021 to the Federal Circuit. Ultimately, the Federal Circuit vacated the two Preliminary Injunction Orders on October 28, 2022. [Dkt. 587-590]

On June 21, 2022, Jiangyou-US was dismissed from this proceeding for lack of personal jurisdiction. [Dkt.561]. On November 9, 2022, after receiving the decisions from the Federal Circuit, Plaintiffs filed their renewed Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. 592], but was denied by this Court on December 2, 2022. [Dkt. 619]. On January 12, 2024, the Court granted Defendant and Third-Party Respondents' Motion For Summary Judgment Of Non-Infringement, and all of Plaintiffs' claims were dismissed [Dkt. 686].

Due to the wrongfully issued Preliminary Injunction Orders, Defendant, Third-Party Respondents and Jiangyou-US's Amazon stores were restrained from offering for sale and/or selling any products since January 2021. [Dkt. 113 & Dkt. 456]. Defendant, Third-Party Respondents, and Jiangyou-US's Amazon stores were reactivated around November 2022, nearly two years after their accounts have been wrongfully restrained. Before the injunctions, Defendant, Third-Party Respondents, and Jiangyou-US used to sell hundreds of hoverboard products per day. However, they were unable to sell any hoverboard products during the injunction periods, causing

them to miss the prime opportunity to grow with the hoverboard market. Therefore, despite the substantial loss of profit, Plaintiffs have destroyed Defendant, Third-Party Respondents and Jiangyou-US's online businesses in the hoverboard market.

Aside from allegations against Gyroor-branded hoverboards, Plaintiffs' attack has spread to non-hoverboard items. Here, Yanjin-US is another victim of Plaintiffs' false accusations and wrongful enforcement. Yanjin-US is an Amazon Seller and sells Electric Roller Skate, also known as "hover shoes". Yanjin-US has never sold any hoverboard products but were wrongfully enjoined by Plaintiffs from October of 2021 to June of 2022. [Dkt. 536].

Therefore, Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US respectfully request the Court grant their motion for damages to recover their damages caused by the wrongfully-issued preliminary injunction orders.

## II.  LEGAL STANDARD

Pursuant to Rule 65(c), "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Fed. R. Civ. P. 65(c). A party is wrongfully enjoined when "it had a right all along to do what it was enjoined from doing." *Global NAPs, Inc. v. Verizon New Eng., Inc*., 489 F.3d 13, 22 (1st Cir. 2007). "The security provider's liability may be enforced on motion without an independent action." Fed. R. Civ. P. 65.1.

In the Seventh Circuit, "a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case." *Coyne–Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 391 (7th Cir.1983).

Although, "[I]t is black letter law that the amount of a preliminary injunction bond normally sets the ceiling for damages obtainable by a party that is later found to have been wrongfully enjoined." *qad. inc. v. ALN Assocs., Inc*., 781 F. Supp. 561, 562 (N.D. Ill. 1992) (citing

Coyne–Delany, 717 F.2d at 394). The *Coyne–Delany*, *id*. at 393 also expressly recognizes that the ceiling is lifted where the other party had acted in bad faith in obtaining the preliminary injunction. *Id. See also Int'l Ass'n of Machinists and Aerospace Workers v. Eastern Airlines, Inc*., 925 F.2d 6, 10 (1st Cir. 1991) (holding that liability is not limited to the amount of the bond when there is "a showing of bad faith"); *Porta Stor, Inc. v. PODS, Inc*., 2008 WL 785358, *7, n. 34 (M.D. Fla. 2008) ("Florida courts find that actual damages can be awarded in cases where a party seeks an injunction in bad faith").

### III. ARGUMENTS

#### A. Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US are Prevailing Parties and Were Wrongfully Enjoined.

Under Federal Rule of Civil Procedure 65(c), a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The purpose of requiring security prior to issuance of an injunction or a temporary restraining order is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 911 (N.D. Ill. 2015). The Seventh Circuit has not squarely addressed the meaning of "wrongfully enjoined or restrained," but has held that there is a presumption in favor of awarding injunction bond damages to a "prevailing party" that is rebutted only by a showing of "good reason" not to award damages. *Coyne–Delany,* 717 F.2d at 391. Other courts have held that a party is wrongfully enjoined when it has been ordered to cease something it had a right to do. *Nokia Corp. v. InterDigital, Inc*., 645 F.3d 553, 559 (2d Cir.2011) (citing cases); *Global Naps,* 489 F.3d at 22; *Nintendo of Am., Inc. v. Lewis Galoob Toys*, Inc., 16 F.3d 1032, 1036, n. 4 (9th Cir.1994); *Slidell, Inc. v. Millennium Inorganic Chems., Inc*., 460 F.3d 1047, 1059 (8th Cir.2006).

5

Here, Defendant, Third-Party Respondents and Jiangyou-US are prevailing parties in this case. The Seventh Circuit's reference to "prevailing party" was made in the context of a defendant that prevails on the merits at the end of the case in which a preliminary injunction had been entered. *Bestway Inflatables & Material Corp. v. Holon Supplier*, No. 23 C 2286, 2023 WL 7386062, at *1 (N.D. Ill. Nov. 8, 2023). On January 12, 2024, the Court granted Defendant and Third-Party Respondents' Motion for Summary Judgment of Non-infringement and dismissed all of Plaintiffs' claims. *See* Dkt. 686, p. 20. Thus, a final judgment in favor of the prevailing party and a determination of liability are not premature. *Takeda Pharms., U.S.A., Inc. v. W.-Ward Pharm. Corp.*, No. CV 14-1268-RGA, 2018 WL 6529289, at *2 (D. Del. Nov. 12, 2018) ("The summary judgment in favor of Defendants on Plaintiff's claims of infringement is final judgment.").

Further, since the Court has entered a Summary Judgment Order in favor of Defendant and Third-Party Respondents finding that Defendant, Third-Party Respondents and Jiangyou-US's products do not infringe the Patents-in-Suit and Plaintiffs' claims were all dismissed, there is no doubt that Defendant, Third-Party Respondents, and Jiangyou-US were wrongfully enjoined by Plaintiffs' Preliminary Injunctions, not to mention that Yanjin-US is only the seller of hover shoes. In addition, the Federal Circuit also vacated the first and second Preliminary Injunction Orders as mentioned above based on that Plaintiffs failed to show a likelihood of success as to the infringement because "even a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents." *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 944 (Fed. Cir. 2022). Therefore, there can be no question that Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US are wrongfully enjoined or

restrained from what they had a right all along to selling the products what they were enjoined from doing. *Nintendo*, 16 F.3d1036.

**B. Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US Suffered Substantial Damages as a Result of the Wrongfully Issued and Enforced Preliminary Injunction Orders.**

In *Coyne-Delany*, Judge Posner analyzed the text of Rule 65(c). In determining the amount of damages sustained by a wrongfully enjoined party Judge Posner wrote that the court should consider "objective factors—such as the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit ...." *Coyne-Delany*, 717 F.2d at 392. "A wrongfully enjoined defendant must establish what damages were proximately caused by the erroneously issued injunction in order to recover and the alleged damages cannot be speculative." *Milan Exp., Inc. v. Averitt Exp., Inc*., 254 F.3d 966, 981 (11th Cir. 2001). *See also Triumph v. Ward*, No. 11 C 7927, 2011 WL 6754044, at *5 (N.D. Ill. Dec. 22, 2011). However, injunction damages need not be proven with mathematical certainty. *Nokia Corp*., 645 F. 3d 553, at 559 (a "party's proof of damages d[oes] not need to be to a mathematical certainty"); *Global NAPs*, 489 F.3d13, at 24 ("proof did not need to be to a mathematical certainty"). Damages to the wrongfully enjoined party is based on the losses sustained by the unjustly restrained party (expectancy damages). *U.S.D.I.D. Corp. v. Windstream Communications, Inc*., 775 F.3d 128, 143 (2d Cir. 2014).

Although Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US need not prove damages "with certainty" given "the inherent difficulty of identifying a 'but-for-world,'" it is clearly indicative that the damages Defendants, Third-Party Respondents, Jiangyou-US, and Yanjin-US suffered were certainly caused by the overbroad and wrongfully issued and enforced Preliminary Injunction Orders. *Milan*, 254 F.3d at 981. Because of the overbroad Preliminary Injunction Orders, Defendants, Third-Party Respondents, Jiangyou-US and Yanjin-US were

"preliminarily enjoined and restrained from ... offering for sale, selling, and importing any products ... that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit." *ABC Corp. I,* 52 F.4th 934, at 945. In the but-for world, Defendant, Third-Party Respondents, Jiangyou-US, and Yanjin-US would not have suffered such huge loss of profit but for the two Preliminary Injunction Orders.

    **1.    Lost Profits suffered by Defendant Gyroor-US during the injunction period.**

    As stated above, Gyroor-US's Amazon account became inaccessible on November 25, 2020 and became accessible again on November 1, 2022. *See* Ex. 1, Decl of Wei Wang, ¶¶9. Based on Gyroor-US's historical monthly sales data, Gyroor-US incurred sales from August 2020. *See* Ex. 2, Kinsel Report, p. 9. Gyroor-US's projected monthly sales is $659,623, which is based on Gyroor-US's average sales from August 1, 2020 through November 24, 2020. *Id.* Gyroor-US's total projected sales from during the injunction period from November 25, 2020 through November 1, 2022 equates to $15,303,248. *Id.* After all deductions and additions, the total lost profit for Gyroor-US equates to $2,521,958 during the period from November 25, 2020 through November 1, 2022. *Id.* The prejudgment interest was calculated at 7% from November 1, 2022 through January 31, 2024 totaling $220,550. *Id.* Thus, Gyroor-US's total damage including its prejudgment interest equate to $2,742,508. *Id.*

    **2.    Lost Profits suffered by Third-Party Respondent Gyroor during the injunction period.**

    As stated above, Gyroor's Amazon account became inaccessible on February 11, 2021 and became accessible again on November 1, 2022. *See* Ex. 1, Decl of Wei Wang, ¶¶4. Based on Gyroor's historical monthly sales data, Gyroor started to sell its products dating back to February 2018. *See* Ex. 2, Kinsel Report, p. 5. For purposes of this calculation, the 12-month average sales from February 2020 through January 2021, or $181,546 was used to project sales during the period

of interruption. *Id.* This average is reasonable since sales appear to have dramatically fluctuated during the one-year period. *Id.* The total projected sales from February 11, 2021 through November 1, 2022 equates to $3,753,490. *Id.* After all deductions, total lost profit for Gyroor equates to $758,531 during the period from February 11, 2021 through November 1, 2022. *Id,* at p.6. The prejudgment interest was calculated at 7% from November 1, 2022 through January 31, 2024 totaling $66,335. *Id.* Thus, Gyroor's total damage including its prejudgment interest equate to $824,866. *Id.*

### 3. Lost Profits suffered by Third-Party Respondent Urbanmax during the injunction period.

As stated above, Urbanmax's Amazon account became inaccessible on February 12, 2021 and became accessible again on November 1, 2022. *See* Ex. 1, Decl of Wei Wang, ¶¶4. Based on Urbanmax's historical monthly sales data, Urbanmax reported sales starting from November 2020. *See* Ex. 2, Kinsel Report, at p.8. Urbanmax's projected monthly sales is $28,622, which is based on monthly average sales from November 2020 through January 2021. *Id.* The total projected sales from February 12, 2021 to November 1, 2022 equates to $590,779. *Id.* After all deductions and additions, Urbanmax's total lost profit equates to $74,881 during the period from February 12, 2021 through November 1, 2022. *Id.* at p.9. The prejudgment interest was calculated at 7% from November 1, 2022 through January 31, 2024 totaling $6,548. *Id.* Thus, Urbanmax's total damage including its prejudgment interest equate to $81,429. *Id.*

### 4. Lost Profits suffered by Third-Party Respondent GaodeshangUS during the injunction period.

As stated above, GaodeshangUS's Amazon account became inaccessible on February 11, 2021 and became accessible again on October 31, 2022. *See* Ex. 1, Decl of Wei Wang, ¶¶10. Based on GaodeshangUS's historical monthly sales data, its sales began in January 2021, which is a month before the account became inaccessible. *See* Ex. 2, Kinsel Report, at p.4. GaodeshangUS's

projected monthly sales at $4,848 is based on 1.36-month average sales from January 1, 2021 through February 10, 2021. *Id.* GaodeshangUS's total projected sales from February 11, 2021 through October 31, 2022 equates to $100,085. *Id.* After all deductions and additions, total lost profit for GaodeshangUS equates to $16,615 during the period from February 12, 2021 through October 31, 2022. *Id.* at p.5. The prejudgment interest was calculated at 7% from October 31, 2022 through January 31, 2024 totaling $1,456. *Id.* Thus, GaodeshangUS's total damage including its prejudgment interest equate to $18,071. *Id.*

### 5. Lost Profits suffered by Third-Party Respondent Fengchi-US during the injunction period.

As stated above, Fengchi-US's Amazon account became inaccessible on February 21, 2021 and became accessible again on October 31, 2022. *See* Ex. 1, Decl of Wei Wang, ¶¶3. Based on Fengchi-US's historical monthly sales data, its sales occurred beginning in December 2020, which is two months before the account became inaccessible. Fengchi-US's projected monthly sales is $90,495, which is based on 2.68-month average sales from December 2, 2020 through February 20, 2021. *See* Ex. 2, Kinsel Report, at p.3. The total projected sales from February 21, 2021 through October 31, 2022 equates to $1,835,763. *Id.* After all deductions and additions, total lost profit for Fengchi-US equates to $423,914 during the period from February 12, 2021 through October 31, 2022. *Id.* at p.4. The prejudgment interest was calculated at 7% from October 31, 2022 through January 31, 2024 totaling $37,153. *Id.* Thus, Fengchi-US's total damage including its prejudgment interest equate to $461,068. *Id.*

### 6. Lost Profits suffered by Third-Party Respondent Gyroshoes during the injunction period.

As stated above, Gyroshoes's Amazon account became inaccessible on January 22, 2021 and became accessible again on November 4, 2022. *See* Ex. 1, Decl of Wei Wang, ¶¶8. Based on Gyroshoes's historical monthly sales data, Gyroshoes's reported sales from January 2020. *Id.* *See*

Ex. 2, Kinsel Report, at p.6. Gyroshoes's total projected sales from January 22, 2021 through November 4, 2022 equates to $1,420,607. *Id.* After all deductions and additions, total lost profit for Gyroshoes equates to $ 327,267 during the period from January 22, 2021 to November 4, 2022. *Id*. The prejudgment interest was calculated at 7% from November 4, 2022 through January 31, 2024 totaling $28,432. *Id.* Thus, Gyroshoes's total damage including its prejudgment interest equate to $355,698. *Id.*

### 7. Lost Profits suffered by Third-Party Respondent HGSM during the injunction period.

As stated above, HGSM's Amazon account became inaccessible on February 11, 2021 and became accessible again on October 31, 2022. *See* Ex. 1, Decl of Wei Wang, ¶¶7. Based on HGSM's historical monthly sales data, HGSM reported sales starting from January 2021. *See* Ex.2, Kinsel Report, at p.7. HGSM's projected monthly sales is $49,349, which is based on 1.36-month average sales from January 1, 2021 through February 10, 2021. *Id.* HGSM's projected sales from February 11, 2021 to October 31, 2022 equates to $1,018,710. *Id.* After all deductions and additions, total lost profit for HGSM equates to $84,619 during the period from January 11, 2021 to October 31, 2022. *Id*. The prejudgment interest was calculated at 7% from October 31, 2022 through January 31, 2024 totaling $7,416. *Id.* Thus, HGSM's total damage including its prejudgment interest equate to $92,036. *Id.*

### 8. Lost Profits suffered by formerly wrongfully enjoined defendant Jiangyou-US during the injunction period.

As stated above, Jiangyou-US's Amazon account became inaccessible on February 11, 2021 and became accessible again on June 25, 2022 after it was dismissed from the case. *See* Ex. 1, Decl of Wei Wang, ¶¶2. Based on Jiangyou-US's historical monthly sales data, Jiangyou-US reported sales starting from October 2020. *See* Ex. 2, Kinsel Report, at p.7. Jiangyou-US's projected monthly sales is $218,537, which is based on 4-month average sales from October 2020

11

through January 2021. *Id.* Jiangyou-US's total projected sales from February 11, 2021 to June 25, 2022 equates to $3,600,657. After all deductions and additions, total lost profit for Jiangyou-US equates to $580,851 during the period from February 11, 2021 to June 25, 2022. *Id,* at p. 8. The prejudgment interest was calculated at 7% from June 25, 2022 through January 31, 2024 totaling $65,167. *Id.* Thus, Jiangyou-US's total damage including its prejudgment interest equate to $647,017. *Id.*

### 9. Lost Profits suffered by formerly wrongfully enjoined third-party respondent Yanjin-US during the injunction period.

Yanjin-US's Amazon account became inaccessible on October 21, 2021 and became accessible again on June 21, 2022. *See* Ex. 1, Decl of Wei Wang, ¶¶11. Based on Yanjin-US's historical monthly sales data, Yanjin-US's projected monthly sales is at $15,186, which is based on average sales from March 1, 2021 through September 30, 2021. *See* Ex. 2, Kinsel Report, at p.10. Yanjin-US's total projected sales from October 21, 2021 to June 21, 2022 equates to $122,318. *Id*. After all deduction and additions, total lost profit for Yanjin-US equates to $31,042 during the period from October 21, 2021 through June 21, 2022. *Id*. The prejudgment interest was calculated at 7% from June 21, 2022 through January 31, 2024 totaling $3,506. *Id*. Thus, Yanjin-US's total damage including its prejudgment interest equate to $34,549. *Id*

### 10. Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US Have Also Suffered Other Damages.

Without Plaintiffs' wrongfully preliminary injunctions, Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US would not suffer such huge losses. Despite of the lost profits suffered by Defendant, Third-Party Respondents, Jiangyou-US, and Yanjin-US, Plaintiffs destroyed Defendant, Third-Party Respondents, and Jiangyou-US's reputation and business in hoverboard market. In addition, Defendants, Third-Party Respondents, and Jiangyou-US have missed the prime opportunity to grow with the hoverboard market. During the injunction periods,

Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US have no choice but to keep their products in stock, incurring a substantial amount of storage fees. The irreparable harm to their businesses suffered by Defendant, Third-Party Respondents and Jiangyou-US cannot be even calculated.

### C. Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US Are Entitled To Recover Damages At Least Equal to The Full Amount Of The Bond.

Even if a district court has some discretion to deny bond damages for "good cause," there is, at a minimum, an implicit presumption in Rule 65(c) in favor of awarding injunction damages. *Coyne*., 717 F. 2d at 392. *See also Nokia Corp.,* 645 F.3d at 557. Consequently, "a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case." *Coyne*, 717 F. 2d at 391. *See also Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc*., 16 F.3d 1032, 1037 (9th Cir. 1994) (it is "rare" for a party to lose on merits and not suffer the execution of preliminary injunction bond); *Atomic Oil Co. v. Bardahl Oil Co.*, 419 F.2d 1097, 1100-03 (10th Cir. 1969).

As proved above, Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US have suffered the loss of profits for a total amount of $4,819,677 and total damages for the amount of $5,256,242, which is substantially higher than the bond in an amount of $250,000.00 posted by Plaintiffs. *See* Ex. 2, Kinsel Report. In addition, there is no "good reason" for the Court to deny Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US to recover damages of the full amount of the bond by considering all the objective factors – such as the resources of the parties, the defendant's effort or lack thereof to mitigate the damage, and the outcome of the underlying suit. As stated above, this lawsuit has already decided in favor of Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US since the Summary Judgment of Non-Infringement had

been entered against Plaintiffs. Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US were lack of any abilities during their injunction periods to mitigate any damages as their Amazon accounts had been restrained and Preliminary Injunction Orders were entered against them, so they did not have any other channels to sell the products. Also, compared with Plaintiffs, who are major players in the hoverboard market, Defendant, Third-Party Respondents, and Jiangyou-US do not hold the same resources as Plaintiffs do. Thus, Defendant, Third-Party Respondents, Iiangyou-US and Yanjin-US are entitled to recover damages at least equal to the full amount of the bond.

### D. Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US Are Entitled to Recover Damages above the Posted Bond Amount.

Ordinarily a wrongfully enjoined party will not recover damages in excess of the bond amount, but there is a well-recognized exception to the ordinary rule that a wrongfully enjoined party is entitled to damages that exceed the bond amount where the party who obtained the injunction acted in bad faith. *See qad., Inc*., at 563. The court held that the right to recover damages in excess of the bond was properly within the scope of a Rule 65 motion, "rather than to call for a separately-launched claim." *Id.* "With *qad* having been found by this Court to have abused the system by its bad faith pursuit and obtaining of a preliminary injunction, it seems more than reasonable to treat the enforcement or the consequences of that action – the award of any damages that were suffered by ALN as the injured party – as a remedy that comes within this Court's inherent power." *Id.* The court concluded: "This Court is therefore ready to make ALN whole – to proceed with the damages issues whenever the litigants are. It will await their early input on that score." *Id.* at 564.

If ever there was a case in which the exception to the general rule is present, this is it. Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US are entitled to recover damages

above the posted bond amounts because Defendant has timely moved the Court to increase the bond and Plaintiffs obtained the preliminary injunction orders in bad faith.

### 1.     Defendant timely moved the Court to increase the bond.

Although the amount of a preliminary injunction bond normally sets the ceiling for damages obtainable by a party that is later found to have been wrongfully enjoined, the party may move the court to increase the amount of security so long as the restraint or injunction is in effect." *Monster Energy,* 136 F. Supp. 3d at 911 (citing 13 Moore's Federal Practice—Civil § 65.50; *Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1141 (7th Cir.1994); *Laboratory Corp. of America Holdings v. Kearns*, 84 F. Supp. 3d 447, 2015 WL 413788, at *16 (M.D.N.C. 2015)).

On August 9, 2021, Defendant's oral motion to increase the bond amount to $250,000.00 was granted. [Dkt. 357]. On August 27, 2021, Defendant orally moved to increase the bond amount to $500,000.00, which this Court denied based on the fact that "Plaintiff is a liquid company and Defendant will not have difficulty collecting on a judgment". [Dkt. 399, pp.9,10]. On July 14, 2022, Defendant again filed a motion to increase bond requesting the Court increase bond to $628,295.60. [Dkt. 576]. The parties fully briefed this motion to increase bond on September 2, 2022. However, this Court did not rule on Defendant's motion to increase bond. Instead, after the Federal Circuit vacated the Preliminary Injunction Orders on October 28, 2022, the Court denied Defendant's motion to increase the bond as moot because the Preliminary Injunction Orders have been vacated. [Dkt. 603]. Defendant, Third-Party Respondents and Jiangyou-US were prejudiced by this Order because they cannot move the Court to increase the bond after the injunction was vacated. *Scholle Corp. v. Rapak LLC*, No. 13 C 3976, 2014 WL 3687734, at *2 (N.D. Ill. July 24, 2014). ("[C]ourts should take care to set the bond amount high enough to cover any losses that an enjoined defendant may suffer because of an erroneously issued preliminary injunction." (citing

15

*Mead Johnson & Co. v. Abbott Laboratories*, 201 F.3d 883, 888 (7th Cir. 2000), amended 209 F.3d 1032 (7th Cir. 2000)). Therefore, the Court should award Defendant, Third-Party Respondents, and Jiangyou-US damages at least in an amount of $628,295.60 that Defendant has timely moved for.

### 2. Plaintiffs obtained the Preliminary Injunctions in bad faith.

### a. This lawsuit is frivolous and motivated by bad faith.

"The filing and maintaining of an infringement suit which the patentee knows, or on reasonable investigation should know, is baseless, constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285 and awarding costs and attorney fees, and expenses to the accused infringer." *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 810, 14 U.S.P.Q.2d 1965 (Fed. Cir. 1990); *Shelco, Inc. v. Dow Chem. Co.*, 466 F.2d 613, 618 (7th Cir. 1972) ("bad faith in asserting the validity and infringement of a patent is ample justification for holding that a patent case is an exceptional one within the intendment of 35 U.S.C. § 285").

This lawsuit is objectively baseless and subjectively motivated by bad faith. Plaintiffs have filed and maintained the lawsuit not because they have a reasonable chance of prevailing on the merits, but because they hope to use the lawsuit as an anticompetitive weapon against Gyroor brand.

For instance, Plaintiffs clearly knew or based on reasonable investigation should have known that Gyroor-brand Electric Roller Skates, also known as "hover shoes", is not the subject to this action. However, Yanjin-US, who solely sells hover shoes and never sold any hoverboards, was also restrained based on Plaintiffs' preliminary injunctions.



**Table 1: Yanjin-US's hover shoes**

As clearly shown in the Table 1, no reasonable person would find that the hover shoes are similar to any of the Patent-in-Suit. Plaintiffs did not make any factual or legal arguments against Yanjin-US prior to submitting a proposed preliminary injunction order to this Court. However, Plaintiffs deliberately included Yanjin-US in the proposed order merely based on Plaintiffs' speculation that Yanjin-US "appear[s] to be acting in active concert and participation with the named defendants." [Dkt. 456, p. 14, n.5]. *See* Ex. 3, Email 1. By injecting their false accusations against Yanjin-US in their proposed preliminary injunction order and by intentionally delaying notifying Yanjin-US regarding the injunctions sought against it, Plaintiffs effectively obtained an *ex parte* preliminary injunction against Yanjin-US. On January 13, 2022, more than 90 days after the Court issued the preliminary injunction order, Plaintiffs notified Yanjin-US about the preliminary injunction against Yanjin-US. *See* Ex. 4, Email 2. On April 4, 2022, after a lengthy investigation, Plaintiffs determined that Yanjin-US was wrongfully restrained and "should not have its assets restrained." *See* Ex. 5, Email 3, p.1. On April 18, 2022, Yanjin-US requested to have its account released based on a formal agreement. *See* Ex. 6, Email 4. On April 25, 2022, Plaintiffs still refused to report to this Court for an order to release Yanjin-US from the injunctions. Even worse, Plaintiffs misled Yanjin-US's prior counsel Mr. Stockman, claiming "[Plaintiffs

have] asserted no claims against [Yanjin-US], we never requested that your client's assets be restrained…," leaving the false impression that this Court. *Id*. p. 3.

Further, after the Federal Circuit vacated the Preliminary Injunction Orders and determined that "even a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents," Plaintiffs again frivolously filed a Renewed Motion for Temporary Restrain Order and Preliminary Injunction on November 9, 2022 and tried to introduce a brand-new expert report to support their motion after the expert discovery closes [Dkt. 592-598]. In their Renewed Motions, Plaintiffs voluntarily removed two Patents-in-Suit (U.S. Patent Nos. D784,195 and D 785,112) and two alleged accused products (Accused Product Gyroor B and Accused Product Gyroor D). There is no other explanation for this action except that Plaintiffs have determined they have no likelihood of success on the infringement claims against the Accused Product Gyroor B and Accused Product Gyroor D.

Plaintiffs' repeated violation of Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US's procedural due process and Plaintiffs' willful and intentional misrepresentation of material facts clearly show Plaintiffs' bad faith in initiating this frivolous lawsuit against Defendant, Third-Party Respondents, Jiangyou-US, and Yanjin-US with the sole intention to exclude the Gyroor-brand from the hoverboard global market.

> **b.  Plaintiffs abused the system by their bad faith pursuit and obtaining of preliminary injunctions.**

District court had the inherent power under Rule 65 to award damages in an amount greater than the preliminary injunction bond for a plaintiff's bad faith conduct in obtaining a preliminary injunction. *qad., Inc*., at 563 (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (Supreme Court looked to the inherent-power concept as the source

of judicial power to impose sanctions for a litigant's bad faith conduct.)) Here, multiple facts in the current case indicate that Plaintiffs engaged in gameplaying and abused the system in bad faith.

*First*, Plaintiffs fraudulently obtained and enforced the Preliminary Injunction Orders without giving Defendant, Third-Party Respondents, Jiangyou-US, and Yanjin-US any advance notice or opportunities to oppose. On November 19, 2020, Plaintiffs amended their Complaint [Dkt. 101]. On November 24, 2020, a Preliminary Injunction Order was entered against defendants who operate e-commerce stores under one or more seller aliases identified in the ***attached*** Schedule A, Schedule B, and Schedule C. [Dkt. 113]. However, Schedule A, Schedule B, and Schedule C were not attached to the Preliminary Injunction Order as part of the court record. After the Preliminary Injunction Order was entered, Plaintiffs enforced the Preliminary Injunction Order against numerous non-parties who are not listed in the Schedule A, Schedule B, and Schedule C, including Defendant, Third-Party Respondents, Jiangyou-US, Yanjin-US and various resellers of Gyroor-branded products. Ultimately, with receiving any notices, Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US's Amazon storefronts were frozen as a result of the Preliminary Injunction Order, and their relevant assets were restrained.

*Second*, Plaintiffs fraudulently added new parties in their proposed order. In total, there are 14 third-party merchants that were referenced in the "Exhibit A" of the Preliminary Injunction Order but not mentioned in anywhere of Plaintiffs' motion paper. [Dkt. 383]. After reviewing supporting exhibits to the "Store and Website", the Court recognizes that "Yanjin-US should not have been referenced in the preliminary injunction order entered on October 13, 2021, R. 456" because "it was not mentioned in the motion paper." [Dkt. 558]. This unequivocally demonstrates Plaintiffs' bad faith in adding new parties to the proposed order, with the intention of misleading

the Court and causing harm to the businesses of Defendant, Third-Party Respondents, Jiangyou-US, and Yanjin-US.

*Third*, Plaintiffs fraudulently added new products in their proposed order. Plaintiffs made no allegations against Gyroor-brand products "G 11 model" hoverboard in their motion paper [Dkt. 384, 385]. And the "G 11 model" hoverboard has a distinct design from the other four accused products. [Dkt. 560, p. 3]. However, Plaintiffs deliberately included the "G 11 model" hoverboard in the chart "Exhibit B" of the proposed order [Dkt. 456, p. 15]. There is no plausible explanation for these "mistakes" other than Plaintiffs' bad faith.

Therefore, Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US are entitled to the actual damages above the posted bond due to Plaintiffs' multiple bad faith conducts.

## IV.     CONCLUSION

For the reasons set forth herein, Defendant Gyroor-US respectfully requests the Court award it damage in an amount of $2,742,508 including the prejudgment interest. Third-Party Respondent Gyroor respectfully requests the Court award it damage in an amount of $824,866 including the prejudgment interest. Third-Party Respondent Urbanmax respectfully requests the Court award it damage in an amount of $81,429 including the prejudgment interest. Third-Party Respondent GaodeshangUS respectfully requests the Court award it damage in an amount of $18,071 including the prejudgment interest. Third-Party Respondent Fengchi-US respectfully requests the Court award it damage in an amount of $461,068 including the prejudgment interest. Third-Party Respondent Gyroshoes respectfully requests the Court award it damage in an amount of $355,698 including the prejudgment interest. Third-Party Respondent HGSM respectfully requests the Court award it damage in an amount of $92,036 including the prejudgment interest. The former wrongfully-enjoined defendant Jiangyou-US respectfully request the Court award it damage in an amount of $646,017 including the prejudgment interest. The former wrongfully-

enjoined third-party respondent Yanjin-US respectfully request the Court award it damage in an amount of $34,549 including the prejudgment interest.

Date: 2/9/2024

/s/ *Wei Wang*

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Ste 2529
New York, NY 10010
wei.wang@glacier.law
332-777-7315

GLACIER LAW LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
Na Zhang, Esq.
queena.zhang@glacier.law
206-397-8633

GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting Men, Esq.
ruoting.men@glacier.law
Tianyu Ju, Esq.
iris.ju@glacier.law
312-270-0413

***Attorneys for Defendant, Third-Party Respondents, Jiangyou-US and Yanjin-US***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this February 9, 2024, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 2/9/2024        /s/ *Wei Wang*
                                              Wei Wang