**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ABC CORPORATION I,
ABC CORPORATION II,

*Plaintiffs*,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

*Defendants*.

Case No. 1:20-cv-4806

Judge Thomas M. Durkin
Magistrate Judge Jeffrey Cole

**DEFENDANT AND THIRD-PARTY RESPONDENTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENANT AND THIRD-PARTY RESPONDENTS' MOTION FOR DAMAGES**

# TABLE OF CONTENTS

I. FACTUAL AND PROCEDURAL BACKGROUND ....................................1

II. LEGAL STANDARD ....................................2

III. ARGUMENT ....................................2

A. PLAINTIFFS HAVE FAILED TO SHOW ANY GOOD REASON NOT TO AWARD DEFENDANT AND THIRD-PARTY RESPONDENTS DAMAGES. .......................... 3

B. DEFENDANT AND THIRD-PARTY RESPONDENTS HAVE SUFFICIENTLY PROVED THE AMOUNTS OF THEIR DAMAGES. .......................... 5

C. DEFENDANT AND THIRD-PARTY RESPONDENTS ARE ENTITLED TO DAMAGE ABOVE THE POSTED BOND AMOUNT. .......................... 6

1. Plaintiffs initiated this case in bad faith with the sole purpose of eliminating Gyroor brand from hoverboard industry .......................... 6

2. Plaintiffs maintained this case in bad faith by intentionally multiplying and prolonging the proceedings .......................... 8

IV. CONCLUSION ....................................11

# TABLE OF AUTHORITIES

**Case** **Page**

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 944 (Fed. Cir. 2022) ....... 9

*Adolph Coors Co. v. A & S Wholesalers, Inc.*, 561 F.2d 807, 814 (10th Cir.1977) ....... 2

*Atomic Oil Co. v. Bardahl Oil Co.*, 419 F.2d 1097, 1100–03 (10th Cir.1969) ....... 2

*Coyne–Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 391 (7th Cir.1983) ....... 3, 5

*Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011) ....... 9

*ESIP Series 1, LLC v. doTerra Int'l, LLC*, No. 2:15-CV-00779-RJS, 2022 WL 656777, at *10 (D. Utah Mar. 4, 2022), reconsideration denied, No. 2:15-CV-00779-RJS, 2022 WL 17903397 (D. Utah Dec. 23, 2022) ....... 8

*Gabriel Techs. Corp. v. Qualcomm Inc.*, 560 F. App'x 966, 972 (Fed. Cir. 2014) ....... 8

*Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 22 (1st Cir.2007) ....... 5

*Hangzhou Chic Intelligent Technology Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 20-cv-05905 (E.D. Ill) ....... 8

*Hangzhou Chic Intelligent Technology Co., Ltd. v. Swagway LLC*, Case No. 16-cv-04804-HSG (N.D. Cal. 2016) ....... 7

*Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1309 (Fed. Cir. 2012), vacated and remanded, 572 U.S. 559, 134 S. Ct. 1744, 188 L. Ed. 2d 829 (2014) ....... 8

*Latuszewski v. VALIC Fin. Advisors, Inc.*, 393 Fed. Appx. 962, 966–67 (3d Cir.2010) ....... 5

*Middlewest Motor Freight Bureau v. United States*, 433 F.2d 212, 241 n. 4, 243 (8th Cir.1970) ....... 2

*Monster Energy Co. v. Wensheng*,
136 F. Supp. 3d 897, 911 (N.D. Ill. 2015) ....................2

*Nintendo of Am., Inc. v. Lewis Galoob Toys*, Inc.,
16 F.3d 1032, 1036, n. 4 (9th Cir.1994) ....................5

*Nokia Corp. v. InterDigital, Inc*.,
645 F.3d 553, 559 (2d Cir.2011)....................5

*SFA Sys., LLC v. Newegg Inc*.,
793 F.3d 1344, 1350 (Fed. Cir. 2015)....................8

*Slidell, Inc. v. Millennium Inorganic Chems., Inc*.,
460 F.3d 1047, 1059 (8th Cir.2006) ....................5

*Triumph v. Ward*,
No. 11 C 7927, 2011 WL 6754044, at *4 (N.D. Ill. Dec. 22, 2011) ....................5

*Wabash Publ'g Co. v. Flanagan*,
89 C 1923, 1990 WL 19977, at *1 (N.D.Ill. Feb.27, 1990)....................10

**Rules**

Fed. R. Civ. P. 65(c) ....................2

**Others**

7 Moore's Federal Practice, supra, ¶ 6.10[2], at p. 65–100; Comment, The Triggering of Liability on Injunction Bonds, 52 N.C.L.Rev. 1252, 1257–63 (1974) ....................2

11A Wright & Miller, Fed. Prac. and Proc. § 2973 (2d ed. 2010)....................5

Defendant Gyroor-US ("Defendant" or "Gyroor-US") and Third-Party Respondents Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, HGSM, Shenzhen Yanjingmaoyi Co., Ltd. ("Yanjin-US") and Jiangyou-US[1] (collectively, "Third-Party Respondents") hereby submit this reply to Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc.'s ("Unicorn", and collectively with "Chic", "Plaintiffs") Opposition to Defendant and Third-Party Respondents' Motion for Damages. [Dkt. 704].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2020, Plaintiffs filed complaint against Defendant alleging that Defendant's accused products infringe on their U.S. Design Patent Nos. D737,723 ("the 'D723 patent"), D738,256 ("the 'D256 patent"), D785,112 ("the 'D112 patent"), and D784,195 ("the 'D195 patent") (collectively, "Patents-in-Suit").

On November 20, 2020, Plaintiffs filed their first motion for preliminary injunction against Defendant, which was later granted by the Court. [Dkt. 105, 113].

On August 24, 2021, Plaintiffs filed a second motion for preliminary injunction against Third-Party Respondents. [Dkt. 384]. The Court granted Plaintiffs' second preliminary injunction on October 6, 2021. [Dkt. 447, 456].

On October 28, 2022, the Federal Circuit issued an opinion and vacated the two preliminary injunction orders issued by this Court. [Dkt. 587-590].

On November 9, 2022, Plaintiffs filed their renewed motion for temporary restraining order and preliminary injunction. [Dkt. 592]. This motion was denied by this Court on December 2, 2022. [Dkt. 619].

[1] Jiangyou-US was a former wrongfully-enjoined defendant who was dismissed from this case for lack of personal jurisdiction on June 21, 2022. [Dkt. 561].

On January 12, 2024, Defendant and Third-Party Respondents' motion for summary judgment of non-infringement was granted by the Court, and all Plaintiffs' claims are dismissed. [Dkt. 686].

On February 8, 2024, Plaintiffs filed a notice of appeal to challenge Court's order granting Defendant and Third-Party Respondents' motion for summary judgment of non-infringement. [Dkt.691].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(c), a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The purpose of requiring security prior to issuance of an injunction or a temporary restraining order is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 911 (N.D. Ill. 2015). Prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case. See, e.g., *Atomic Oil Co. v. Bardahl Oil Co.*, 419 F.2d 1097, 1100–03 (10th Cir.1969); *Middlewest Motor Freight Bureau v. United States*, 433 F.2d 212, 241 n. 4, 243 (8th Cir.1970); *Adolph Coors Co. v. A & S Wholesalers, Inc.*, 561 F.2d 807, 814 (10th Cir.1977); 7 Moore's Federal Practice, supra, ¶ 6.10[2], at p. 65–100; Comment, The Triggering of Liability on Injunction Bonds, 52 N.C.L.Rev. 1252, 1257–63 (1974).

## III. ARGUMENT

### A. Plaintiffs Have Failed To Show Any Good Reason Not To Award Defendant And Third-Party Respondents Damages.

In the Seventh Circuit, "a prevailing defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case." *Coyne–Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 391 (7th Cir.1983). When rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rules were nondirective. *Id*. at 392. The judge must have a good reason for departing from such a principle in a particular case. *Id*. It is not a sufficient reason for denying costs or damages on an injunction bond that the suit had as in this case been brought in good faith. *Id*. The award of damages on the bond is not punitive but compensatory. *Id*.

Here, Plaintiffs have failed to show any good reason not to award Defendant and Third-Parry Respondents damages as whether Defendant and Third-Parry Respondents had complied with the prior preliminary injunctions is not one of the good reasons that allows the district court to deviate from the norm. Plaintiffs also have not cited any case law to support that the district court determines to not award damages to a prevailing defendant because of the violation of preliminary injunction order.

In deciding whether to withhold injunction damages, not only is the district court to be guided by the implicit presumption in Rule 65(c) in favor of awarding them, but the ingredients of a proper decision are objective factors—such as the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit—accessible to the judgment of a reviewing court. *Id*. A good reason for not awarding such damages would be that the defendant had failed to mitigate damages. *Id*.

Here, there is no "good reason" for the Court to deny Defendant and Third-Party Respondents to recover damages. First of all, this lawsuit has already decided in favor of Defendant and Third-Party Respondents since the Court granted Defendant and Third-Party Respondents' motion for summary judgment of non-infringement and all Plaintiffs' claims were dismissed. [Dkt. 686]. In addition, Defendant and Third-Party Respondents were lack of any abilities during their injunction periods to mitigate any damages as their Amazon accounts had been restrained and preliminary injunction orders were entered against them, so they did not have any other channels to sell or dispose the products. Also, compared with Plaintiffs, who are major players in the hoverboard market, Defendant and Third-Party Respondents do not hold the same resources as Plaintiffs do.

Furthermore, as illustrated by Defendant and Third-Party Respondents in their replies, Plaintiffs' alleged violation of the preliminary injunction order was unfounded. This is because Third-Party Respondents were non-parties and did not receive proper notice of the preliminary injunction orders at the time they were issued, which was further confirmed by the Federal Circuit. [Dkt. 370, 590]. It is undisputed that all of Defendant and Third-Party Respondents' Amazon stores were prohibited from selling any products during the injunction period. Furthermore, there is no dispute that all of Defendant and Third-Party Respondents were wrongfully enjoined. On November 15, 2022, the Court mooted its previous find that Defendants and Third-Party Respondents were in contempt of the preliminary injunction. [Dkt. 603]. There are no records or evidence to suggest that Defendant or Third-Party Respondents ever violated the preliminary injunction orders. On the contrary, the records and evidence demonstrate that Defendant and Third-Party Respondents substantially complied with the preliminary injunction orders and, as a result, suffered substantial losses during the injunction period. [Dkt. 543, 697]. On the other side, even if

some non-parties sold the accused products before receiving the proper notice, the revenues generated from these sales are significantly less than the damages suffered by Defendant and Third-Party Respondents.

Thus, Defendant and Third-Party Respondents have suffered substantial losses because of the wrongfully enjoyed by Plaintiffs and Plaintiffs fail to show any good cause to for the Court to deny Defendant and Third-Party Respondents request for damages.

**B. Defendant And Third-Party Respondents Have Sufficiently Proved The Amounts Of Their Damages.**

"Although proof of damages on an injunction bond need not ... be to a mathematical certainty, a damages award cannot be speculative." *Latuszewski v. VALIC Fin. Advisors, Inc.*, 393 Fed. Appx. 962, 966–67 (3d Cir.2010) (internal quotation marks and citations omitted); see also 11A Wright & Miller, Fed. Prac. and Proc. § 2973 (2d ed. 2010) ("A wrongfully enjoined defendant must establish what damages were proximately caused by the erroneously issued injunction in order to recover and the alleged damages cannot be speculative.").

Here, Defendant and Third-Party Respondents have satisfied their burden of proving that they are entitled to damages. First, Defendant and Third-Party Respondents were wrongfully restrained. In light of the Federal Circuit vacating the preliminary injunction orders and the Court's order granting Defendant and Third-Party Respondents' motion for summary judgment, there can be no question that Defendant and Third-Party Respondents are the "prevailing party". *Triumph v. Ward*, No. 11 C 7927, 2011 WL 6754044, at *4 (N.D. Ill. Dec. 22, 2011) (Citing *Coyne–Delany*, 717 F.2d at 391); see also *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 559 (2d Cir.2011) (citing cases); *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 22 (1st Cir.2007); *Nintendo of Am., Inc. v. Lewis Galoob Toys*, Inc., 16 F.3d 1032, 1036, n. 4 (9th Cir.1994); *Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1059 (8th Cir.2006).

Second, Defendant and Third-Party Respondents have met their burden of proving that the losses they suffered as a result of being wrongfully restrained. Due to the wrongfully-issued preliminary injunction orders, Defendant and Third-Party Respondents' (except for Yanjin-US) Amazon stores were restrained from offering for sale and/or selling any products since January 2021. [Dkt. 113 & Dkt. 456]. Their Amazon stores were reactivated around November 2022, nearly two years after their accounts have been wrongfully restrained. Before the injunctions, they used to sell hundreds of hoverboard products per day. However, they were unable to sell any hoverboard products during the injunction periods.

Finally, Defendant and Third-Party Respondents have sufficiently proved the amount of their damages. As contrary to Plaintiffs' assertions, Defendant and Third-Party Respondents offered a damage report to prove their damages, which damages were calculated by an experienced expert qualified as a Certified Public Accountant based on the expert's education and training, an assessment of the facts and circumstances involved with this matter, expert's experience with situations of similar nature, and accounting principles. [Dkt. 699]. Additionally, all the sales reports offered by Defendant and Third-Party Respondents are directly downloaded from Amazon's platform, which were authenticated and part of the document productions provided to Plaintiffs during the discovery. If requested by the Court, Defendant and Third-Party Respondents are willing to provide their sales reports and other relevant supporting documents to the Court. Thus, the proof of damages Defendant and Third-Party Respondents offered are not speculative.

**C. Defendant And Third-Party Respondents Are Entitled To Damage Above The Posted Bond Amount.**

**1. Plaintiffs initiated this case in bad faith with the sole purpose of eliminating Gyroor brand from hoverboard industry**

Plaintiffs brought this litigation against Defendant and Third-Party Respondents with the sole purpose of eliminating and burdening their competitors, sellers of Gyroor-branded products.

As illustrated in Defendant and Third-Party Respondents' Motion for Damages, Yanjin-US, who is a reseller of Gyroor but solely sells hover shoes instead of hoverboards, was also restrained based on Plaintiffs' preliminary injunction. [Dkt. 697]. Plaintiffs explained that the inclusion of Yanjin-US was inadvertent, but the evidence clearly show otherwise as Plaintiffs refused to release Yanjin-US from the injunction order even after they realized that Yanjin-US was wrongfully restrained and "should not have its assets restrained." *Id*.

Moreover, Plaintiffs have filed multiple litigations against numerous hoverboard sellers with the intention to eliminate competition and force settlements. Beginning in early August 2016, Plaintiffs started to issue Cease & Desist letters to more than a dozen retailers for Swagway LLC, one of their biggest competitors in the hoverboard market, demanding immediate desistance of patent infringement activities. Some retailers complied, yet others continue to sell the alleged infringing products. *See Hangzhou Chic Intelligent Technology Co., Ltd. v. Swagway LLC*, Case No. 16-cv-04804-HSG (N.D. Cal. 2016). On or about August 19, 2016, Chic brought a patent infringement lawsuit in the U.S. District Court Northern District of California against Swagway LLC. Nevertheless, Swagway counterclaimed that Chic made false and defamatory comments regarding its products. In the same year, Chic incorporated with the same strategy filling a patent infringement lawsuit in the U.S. District Court Central District of California against one of its biggest hoverboard competitors, Razor USA LLC. Beginning in 2018 and continuing through February 2019, Plaintiffs began lodging complaints with Amazon, asserting that the hoverboards sold and produced through Golabs, Inc. infringed on Plaintiffs' design patents. On or about March 26, 2019, Unicorn brought another patent infringement lawsuit in the U.S. District Court Northern District of Texas against Golabs. On or about October 2, 2020, Plaintiffs initiated another patent infringement lawsuit against various defendants including some Gyroor's resellers and Tomoloo

Technology Industrial Co., Ltd., one of its biggest hoverboard competitors in the United State District Court for the Northern District of Illinois. *See Hangzhou Chic Intelligent Technology Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 20-cv-05905 (E.D. Ill). On or about March 18, 2021, Plaintiffs again, incorporated with the same strategy, filed another patent infringement lawsuit against its competitor DGL in the U.S. District Courts, New York Eastern District. Most of the defendants were forced to settle with Plaintiffs in this case considering of the litigation lengthy and expenses. *See ESIP Series 1, LLC v. doTerra Int'l, LLC*, No. 2:15-CV-00779-RJS, 2022 WL 656777, at *10 (D. Utah Mar. 4, 2022), reconsideration denied, No. 2:15-CV-00779-RJS, 2022 WL 17903397 (D. Utah Dec. 23, 2022). ("Patent suits should not be used as a fishing expedition for hypothetical infringements or potential settlement payments."). Unexpected to Plaintiffs, Defendant and Third-Party Respondents in this case insisted and successed on the merits. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("A pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims is relevant to a district court's exceptional case determination under § 285.").

**2. Plaintiffs maintained this case in bad faith by intentionally multiplying and prolonging the proceedings**

Plaintiffs' refusal to settle or dismiss this lawsuit – even after receiving the Federal Court's determination and this Court's summary judgment decision – strongly supports that they maintained this litigation in bad faith. *Gabriel Techs. Corp. v. Qualcomm Inc.*, 560 F. App'x 966, 972 (Fed. Cir. 2014); see also *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1309 (Fed. Cir. 2012), vacated and remanded, 572 U.S. 559, 134 S. Ct. 1744, 188 L. Ed. 2d 829 (2014) (explaining that subjective bad faith can be established by showing that the "lack of

objective foundation for the claim was either known or so obvious that it should have been known by the party asserting the claim"; *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011) (affirming a trial court's determination that a patentee "acted in bad faith by exploiting the high cost to defend complex litigation to extract a nuisance value settlement" from the accused infringers).

After the Federal Circuit vacated Plaintiffs' preliminary injunction orders and found that Plaintiffs have failed to show a likelihood of success of infringement as "[e]ven a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents," reasonable litigant should consider of dismissing or settling this case. *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 944 (Fed. Cir. 2022).

However, to everyone's surprise, after receiving the Federal Circuit's decisions, Plaintiffs frivolously filed their third and renewed motion for temporary restraining order and preliminary injunction without offering any new evidence or arguments. [Dkt. 592-596]. Instead, they attempted to introduce a brand-new expert report to the Court after the closure of expert discovery. *Id*. Moreover, despite that the Federal Circuit criticized the opinions of Plaintiffs' expert, Paul Hatch, because his analysis violated legal standard, Plaintiff continued to unreasonably rely on Paul Hatch's outdated opinions in seeking the renewed injunction relief. [Dkt. 626, p. 9]. Further, after the Federal Circuit clearly pointed out that the previous preliminary injunctions do not meet the specificity requirement of Rule 65(d), Plaintiffs blindly filed the renewed motion for preliminary injunction against Third-Party Respondents for all of the "accused products" even though some of the Third-Party Respondents did not sell all the alleged "accused products". [Dkt. 588].

Further, after Plaintiffs' renewed motion for preliminary injunction was denied by this Court, Plaintiffs filed a motion for return of bond even though the final determination on the merit has not occurred in this case. [Dkt. 653, 654]. Plaintiffs' motion for return of bond is premature and frivolous since it is well established that a Rule 65.1 motion may not precede a final determination on the merits. *Wabash Publ'g Co. v. Flanagan*, 89 C 1923, 1990 WL 19977, at *1 (N.D.Ill. Feb.27, 1990).

Moreover, this Court granted Defendant and Third-Party Respondents' motion for summary judgment of non-infringement and dismissed all of Plaintiffs' claims as a reasonable jury could find that the accused products are not substantially similar to the Patents-in-Suit. [Dkt.686]. The Court finds that Plaintiffs' argument that an ordinary observer would pay little attention to the small differences identified by the Defendant is "an unreasonable assessment of the similarities and differences." *Id*. at p.17. Plaintiffs' positions regarding the prior art lacks footpads and suggests closed fenders is "oddly," and "this characterization cannot be correct" *Id*. at p. 19.

Any reasonable litigant would believe that this case lacks merits after the Federal Circuit vacated the preliminary injunction orders by stating Plaintiffs have failed to show a likelihood of success of infringement and this Court has already opined that "a reasonable jury could find that the accused products are not substantially similar to the patents in suit, such that an ordinary observer would not be deceived into believing that the accused products are the same as the patented design." [Dkt. 626, p. 34]. However, instead of settling this case in good faith and dismissing all the claims, Plaintiffs chose to appeal the Court's decision on non-infringement to the Federal Circuit with the knowledge that the appeal lacks merit and will likely be unsuccessful. [Dkt. 691].

For the foregoing reasons, the Court should find Plaintiffs initiated and proceeded this proceeding in bad faith. Consequently, Defendant and Third-Party Respondents are entitled to damages above the posted bond amount.

## IV. CONCLUSION

For the foregoing reasons, Defendant and Third-Party Respondents respectfully request the Court grant their Motion for Damages and award them damages including prejudgment interest.

Date: 3/1/2024

/s/ Na Zhang

Na Zhang, Esq.
GLACIER LAW LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
queena.zhang@glacier.law
206-397-8633

GLACIER LAW LLP
41 Madison Avenue, Ste 2529
New York, NY 10010
Wei Wang, Esq.
wei.wang@glacier.law
332-777-7315

GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting Men, Esq.
ruoting.men@glacier.law
Tianyu Ju, Esq.
iris.ju@glacier.law
312-270-0413

***Attorneys for Defendant and Third-Party Respondents***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this March 1, 2024, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: 03/01/2024 /s/ Na Zhang