**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABC Corporation I et al, | |
| *Plaintiffs*, | **CASE NO.** 1:20-cv-04806 |
| v. | **Judge:** Honorable Thomas M. Durkin |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge:** Jeffrey Cole |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AND THIRD-PARTY**
**RESPONDENTS' MOTION FOR EXCEPTIONAL**
**CASE FINDING AND ATTORNEY FEES**

## TABLE OF CONTENTS

I.    **INTRODUCTION** ............................................................................................................ 2

II.   **ARGUMENTS** ............................................................................................................... 3

   **A.**    **The Court Should Award Defendant and Third-Party Respondents Attorney's Fees Because the Case is Exceptional.** ........................................................................... 3

      **1.**    **Defendant and Third-Party Respondents Are the Prevailing Parties.** ................. 4

      **2.**    **Plaintiffs' Infringement Claims Are Exceptional Meritless.** .................................. 5

      **3.**    **Plaintiffs Brought This Litigation in Bad Faith.** .................................................... 7

      **4.**    **Plaintiffs' Multiple Misconduct Further Supports a Finding of Exceptionality.** 10

   **B.**    **The Attorney's Fees Are Reasonable** ........................................................................ 16

   **C.**    **The Court Should Award Defendant and Third-Party Respondents Costs.** .......... 18

   **D.**    **The Court Should Hold Plaintiffs' Attorneys Liable for Attorney Fees and Costs Incurred as a Direct Result of Their Frivolous Positions.** ............................................... 19

      **1.**    **The Court Has the Authority to Require Plaintiffs' Attorneys to Pay A Portion of Defendant and Third-Party Respondents' Attorney's Fees and Costs.** .................... 19

      **2.**    **Plaintiffs' Attorneys Should be Liable for Defendant and Third-Party Respondents' Attorney's Fees and Costs Because They Raised Frivolous Arguments and Multiplied the Proceedings and Fees.** ....................................................................... 20

III.   **CONCLUSION** ........................................................................................................... 22

   **CERTIFICATE OF SERVICE** ...................................................................................... 24

## TABLE OF AUTHORITIES

**Case**                                                                    **Page**

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*,
52 F.4th 934, 944 (Fed. Cir. 2022) .................................................................5,12,13,21

*Adamik v. Motyka.*,
2018 WL 3574751, at *4 (N.D. Ill. July 25, 2018).........................................................17

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y.*,
421 U.S. 240, 258-59 (1975) ..........................................................................................19

*Automated Business Companies, Inc. v. NEC America, Inc.*,
53 U.S.P.Q.2d 1601, 1602 (Fed. Cir. 2000)..................................................................5,6

*Beamon v. Marshall & Ilsley Trust Co.*,
411 F.3d 854, 864 (7th Cir. 2005) .................................................................................18

*Blum v. Stenson.*,
465 U.S. 886, 888 (1984)................................................................................................17

*cf. Kindred Studio Illustration & Design, LLC d/b/a True Grit Texture Supply v. Elec.
Commc'n Tech., LLC a/k/a Eclipse IP, LLC.*,
2:18-cv-07661, Dkt. 71 (C.D. Cal. May 23, 2019).........................................................15

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*,
858 F.3d 1371, 1375 (Fed. Cir. 2017).............................................................................7

*Closures, Inc. v. Rome Fastener Corp.*,
607 F.3d 817, 833–34 (Fed.Cir.2010) ...........................................................................20

*Computer Docking Station Corp. v. Dell, Inc.*,
519 F.3d 1366, 1379 (Fed. Cir. 2008)............................................................................10

*Comark Commc'ns, Inc. v. Harris Corp.*,
No. CIV. A. 95-2123, 1998 WL 150946, at *2 (E.D. Pa. Mar. 30, 1998), aff'd, 156
F.3d 1182 (Fed. Cir. 1998)..............................................................................................16

*Deimer v. Cincinnati Sub–Zero Prods., Inc.*,
58 F.3d 341, 345 (7th Cir. 1995) ...................................................................................19

*ESIP Series 1, LLC v. doTerra Int'l, LLC.*,
No. 2:15-CV-00779-RJS, 2022 WL 656777, at *10 (D. Utah Mar. 4, 2022) ....................9

*Finch v. Hughes Aircraft Co.*,
    926 F.2d 1574, 1579–80 (Fed. Cir. 1991) ........................................................16

*Fields v. City of Chicago.*,
    2018 WL 253716, at *3 (N.D. Ill. 2018) ........................................................17

*Grochocinski v. Mayer Brown Rowe & Maw, LLP.*,
    719 F.3d 785, 799 (7th Cir.2013) ..................................................................20

*Hangzhou Chic Intelligent Technology Co., Ltd. v. Swagway LLC.*,
    Case No. 16-cv-04804-HSG (N.D. Cal. 2016) ...............................................8,9

*Hangzhou Chic Intelligent Technology Co., Ltd. v. The Partnerships and Unincorporated
    Associations Identified on Schedule "A".*,
    Case No. 20-cv-05905 (E.D. Ill. 2020) ............................................................9

*Hunter Douglas Inc. v. Great Lake Woods, Inc.*,
    2019 WL 1375675, at *16 (D. Colo. Mar. 27, 2019) .......................................6

*Hensley v. Eckerhart*,
    461 U.S. 424, 433 (1983) ......................................................................4,16,17

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
    876 F.3d 1372, 1377–78 (Fed. Cir. 2017) ......................................................15

*Intellect Wireless, Inc. v. Sharp Corp.*,
    87 F. Supp. 3d 817, 844 (N.D. Ill. 2015) ......................................................20

*Junker v. Eddings.*,
    396 F.3d 1359, 1365 (Fed. Cir. 2005) ...........................................................17

*Lam Inc. v. Johns-Manville Corp.*,
    718 F.2d 1056, 1068-69 (Fed. Cir. 1983) ......................................................17

*Lightspeed Media Corp. v. Smith.*,
    , 761 F.3d 699, 708 (7th Cir.2014) ................................................................21

*Lumen View Tech. LLC v. Findthebest.com, Inc.*,
    811 F.3d 479, 482 (Fed. Cir. 2016) ..............................................................4,5

*Mathis v. Spears.*,
    857 F.2d 749, 753-54 (Fed. Cir. 1988) .........................................................17

*Majeske v. City of Chicago.*,
    218 F.3d 816, 824 (7th Cir. 2000) ................................................................19

iv

*Micromesh Technology Corp. v. American Recreation Products, Inc.*,
    2007 WL 2501783 (N.D. Cal. 2007) ................................................................12

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*,
    726 F.3d 1359, 1366 (Fed. Cir. 2013)..........................................................10

*M.T. Bonk Co. v. Milton Bradley Co.*,
    945 F.2d 1404, 1409 (7th Cir. 1991) ..........................................................18

*Nilssen v. Osram Sylvania, Inc.*,
    No. 01 C 3585, 2007 WL 257711, at *1 (N.D. Ill. Jan. 23, 2007), aff'd, 528 F.3d
    1352 (Fed. Cir. 2008)..................................................................................19

*Octane Fitness, LLC v. ICON Health & Fitness*,
    572 U.S. 545-546 (2014) ..........................................................................4,7

*Oplus Tech, Ltd. v. Vizio, Inc.*,
    782 F.3d 1371, 1374–75 (Fed. Cir. 2015)..................................................12

*PPG Indus., Inc. v. Celanese Polymer Specialties Co.*,
    840 F.2d 1565, 1569 (Fed. Cir. 1988).......................................................17

*Rambus, Inc. v. Infineon Tech. AG.*,
    318 F.3d 1081, 1106 (Fed.Cir.2003).........................................................10

*Raniere v. Microsoft Corp.*,
    887 F.3d 1298, 1304 (Fed. Cir. 2018) .........................................................4

*Reid v. Unilever United States, Inc.*,
    ., No. 12 C 6058, 2015 WL 3653318, at *21 (N.D. Ill. June 10, 2015)............17

*Riddle & Associates, P.C. v. Kelly.*,
    414 F.3d 832, 835 (7th Cir.2005) ...............................................................21

*Roadway Express, Inc. v. Piper.*,
    447 U.S. 752, 766(1980)..............................................................................20

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,
    858 F.3d 1383, 1387 (Fed. Cir. 2017)...........................................................4

*S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*,
    781 F.2d 198, 201 (Fed. Cir. 1986)...............................................................4

*SFA Sys., LLC v. Newegg Inc.*,
    793 F.3d 1344, 1350 (Fed. Cir. 2015).......................................................9,10

*State Indus., Inc. v. Mor–Flo Indus., Inc.*,
    ., 948 F.2d 1573, 1578 (Fed. Cir. 1991) ...........................................................................16

*Takeda Pharms., U.S.A., Inc. v. W.-Ward Pharm. Corp.*,
    No. CV 14-1268-RGA, 2018 WL 6529289, at *2 (D. Del. Nov. 12, 2018).......................4

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
    726 F.3d 1306, 1328 (Fed. Cir. 2013)..............................................................................12

*Upaid Sys., Ltd. v. Card Concepts, Inc.*,
    No. 17 C 8150, 2022 WL 4482762, at *3 (N.D. Ill. Sept. 27, 2022)................................12

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*,
    208 F.3d 981, 987 n.7 (Fed. Cir. 2000) ............................................................................17

*Wabash Publ'g Co. v. Flanagan.*,
    89 C 1923, 1990 WL 19977, at *1 (N.D.Ill. Feb.27, 1990)............................................6,14

*Walter v. Fiorenzo.*,
    840 F.2d 427, 433 (7th Cir.1988) ....................................................................................21

*Weeks v. Samsung Heavy Indus. Co.*,
    126 F.3d 926, 945 (7th Cir.1997) ....................................................................................18

## Rules

35 U.S.C. § 285.................................................................................................................................3

Fed. R. Civ. P. 65(d). ....................................................................................................................13

Fed. R. Civ. P. 54(d)(1).................................................................................................................18

28 U.S.C. § 1920...........................................................................................................................19

28 U.S.C. § 1927...........................................................................................................................20

Defendant Gyroor-US ("Defendant" or "Gyroor-US") and Third-Party Respondents Gyroor, Urbanmax, GaodeshangUS, Fengchi-US, Gyroshoes, Jiangyou-US [1], HGSM and Shenzhen Yanjingmaoyi Co., Ltd. ("Yanjin-US") (collectively, "Third-Party Respondents") hereby submit this memorandum in support of their Motion for Exceptional Case Finding and Attorney Fees.

## I.    <u>INTRODUCTION</u>

Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Unicorn Global, Inc. ("Unicorn", collectively with "Chic", "Plaintiffs") filed their Complaint alleging that Defendant's products sold on Amazon infringe Plaintiffs' U.S. Design Patent Nos. D737,723 ("the 'D723 patent"), D738,256 ("the 'D256 patent"), D785,112 ("the 'D112 patent"), and D784,195 ("the 'D195 patent") (collectively, the "Patents-in-Suit"). [Dkt.1].

Plaintiffs initiated this case against Defendant and Third-Party Respondents in bad faith with the sole purpose of harassing and burdening their competitors, sellers of Gyroor-branded products. Plaintiffs fraudulently obtained and enforced preliminary injunction orders without giving Defendant and Third-Party Respondents any prior notice. Plaintiffs deceived this Court by deliberately adding new parties and new products that were not mentioned anywhere in their motion paper. Even though Plaintiffs were aware that Yanjin-US never sold any accused products, they still fraudulently include Yanjin-US in their proposed order and refused to release Yanjin-US's account solely because Yanjin-US is related to "Gyroor Brand" hoverboards.

After the Federal Circuit Court reversed the preliminary injunction orders, this case should have been settled. However, Plaintiffs and their attorneys continuously and objectively insisted on their weak claims on merits and multiplied the proceedings by filing multiple frivolous motions.

---

[1] Jiangyou-US was dismissed from this case on June 21, 2022. [Dkt.561].

Plaintiffs filed their frivolous renewed motion for temporary restraining order and preliminary injunction, despite the fact that the Federal Circuit has held that Plaintiffs have failed to show a likelihood of success on the issue of infringement. [Dkt. 587, 598]. After Plaintiffs' renewed motion for preliminary injunction was denied by this Court, Plaintiffs and their attorneys filed their baseless and premature motion for return of bond even though the final determination on the merit has not occurred in this case. [Dkt. 653, 654]. In objecting to Defendant and Third-Party Respondents' motion for summary judgment of non-infringement, Plaintiffs and their attorneys unreasonably relied on their expert's opinions that have been criticized by the Federal Circuit and this Court and attempted to introduce a brand-new expert report. [Dkt. 637]. After Defendant and Third-Party Respondents' motion for summary judgment of non-infringement was granted by this Court, Plaintiffs filed an appeal to challenge the Court's decision, although the Court has clearly ruled that a reasonable jury could find that the accused products are not substantially similar to the Patents-in-Suit. [Dkt. 691].

Therefore, Defendant and Third-Party Respondents respectfully request the Court find this case exceptional and grant their motion to award their attorney fees.

## II.   <u>ARGUMENTS</u>

### A. The Court Should Award Defendant and Third-Party Respondents Attorney's Fees Because the Case is Exceptional.

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness,*

*Inc.*, 572 U.S. 545-546 (2014). The moving party need only show its entitlement to fees by a preponderance of the evidence. *Id*. at 557-58. "In weighing the evidence, the district court may consider, among other factors, 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1387 (Fed. Cir. 2017). In determining whether to award attorneys' fees, the trial judge considers "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986). "The determination whether a case is 'exceptional' is indisputably committed to the discretion of the district court." *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 482 (Fed. Cir. 2016) (*citing Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014)).

This case is exceptional, justifying an award of attorney's fees, for multiple reasons.

### 1. Defendant and Third-Party Respondents Are the Prevailing Parties.

The litigants are "'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304 (Fed. Cir. 2018) ("the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'")

On January 12, 2024, the Court granted Defendant and Third-Party Respondents' motion for summary judgement on the issues of non-infringement and dismissed all of Plaintiffs' claims. [Dkt. 686]. *Takeda Pharms., U.S.A., Inc. v. W.-Ward Pharm. Corp.*, No. CV 14-1268-RGA, 2018 WL 6529289, at *2 (D. Del. Nov. 12, 2018) ("The summary judgment in favor of Defendants on

4

Plaintiff's claims of infringement is final judgment."). On June 16, 2022, the Court vacated the preliminary injunction order against Yanjin-US. [Dkt. 558]. On June 21, 2022, Jiangyou-US was dismissed by the Court for lack of personal jurisdiction. [Dkt. 561]. Jiangyou-US could be also considered as the prevailing party because it sold the same products as Defendant and Third-Party Respondents, and the Patents-in-Suit were declared non-infringed. *Id*.

**2. Plaintiffs' Infringement Claims Are Exceptional Meritless.**

Attorney's fees can be awarded to the accused infringer if the patent holder institutes and/or maintains a baseless lawsuit, i.e. one where the patentee knows that its patent is invalid, unenforceable or not infringed. *Automated Business Companies, Inc. v. NEC America, Inc.,* 53 U.S.P.Q.2d 1601, 1602 (Fed. Cir. 2000); *see also Lumen View Tech*., 811 F.3d at 479 (awarding fees where patentee's claims were "frivolous" and "objectively unreasonable").

Plaintiffs' infringement suit is frivolous. Plaintiffs refuse to dismiss their baseless lawsuit or settle after the Federal Circuit reserved Plaintiffs' preliminary injunctions and finds that "[e]ven a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents." *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 944 (Fed. Cir. 2022). Even worse, Plaintiffs continued to file multiple baseless and frivolous motions and multiplied this proceeding after receiving the Federal Circuit's decision.

The unreasonableness of Plaintiffs' infringement suit is further illustrated by Plaintiffs' third and renewed motion for temporary restraining order and preliminary injunction, in which Plaintiffs voluntarily dropped two asserted patents (the 'D112 patent and the 'D195 patent) and two alleged accused products. [Dkt. 593, p. 1]. The voluntary withdrawals clearly show that even Plaintiffs themselves do not believe that there is any likelihood of winning on the infringement

claim based on these dropped patents and against the two dropped alleged accused products. *Automated Business Companies*., 53 U.S.P.Q.2d at 1602.

Further, after Plaintiffs' renewed motion for preliminary injunction was denied by this Court, Plaintiffs and their attorneys filed their motion for return of bond even though the final determination on the merit has not occurred in this case. [Dkt. 653, 654]. Plaintiffs' motion for return of bond is premature and frivolous since it is well established that a Rule 65.1 motion may not precede a final determination on the merits. *Wabash Publ'g Co. v. Flanagan*, 89 C 1923, 1990 WL 19977, at *1 (N.D.Ill. Feb.27, 1990). Even after the Court granted Defendant and Third-Party Respondents' motion for summary judgment of non-infringement and dismissed all of Plaintiffs' claims, Plaintiffs are still trying to pursue their frivolous motion for return of bond. [Dkt. 688, p. 2].

Moreover, this Court also finds that Plaintiffs' arguments and positions towards the infringements of the Patents-in-Suit are objectively unreasonable. The Court finds that Plaintiffs' argument that an ordinary observer would pay little attention to the small differences identified by the Defendant is "an unreasonable assessment of the similarities and differences." [Dkt. 686, p. 17]. Plaintiffs' positions regarding the prior art lacks footpads and suggests closed fenders is "oddly," and "this characterization cannot be correct" *Id*., at p. 19. In conclusion, the Court finds that a reasonable jury could find that the accused products are not substantially similar to the Patents-in-Suit. *Id*.

Thus, a finding of exceptional is warranted in this case. *Hunter Douglas Inc. v. Great Lake Woods, Inc*., 2019 WL 1375675, at *16 (D. Colo. Mar. 27, 2019) (the Court granted attorney fees under Section 285 where the defendants' conduct was "not just tactical blunders," but rather, they

"advanced baseless claims and positions, and pursued claims and defenses they knew or should have known to be meritless.").

### 3. Plaintiffs Brought This Litigation in Bad Faith.

Even though a finding of bad faith is not required, it is well accepted that a patentee's asserting an infringement claim in bad faith can justify an award of attorney's fees to an accused infringer. *Octane Fitness, LLC*., 572 U.S. at 555. Plaintiffs brought this litigation against Defendant and Third-Party Respondents with the sole purpose of harassing and burdening their competitors, sellers of Gyroor-branded products. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A*., 858 F.3d 1371, 1375 (Fed. Cir. 2017) ("[M]otivation to harass or burden an opponent may be relevant to an exceptional case finding.").

In particular, Plaintiffs clearly knew or based on reasonable investigation should have known that Gyroor-brand Electric Roller Skates, also known as "hover shoes", is not the subject to this action. However, Yanjin-US, who solely sells hover shoes and never sold any hoverboards, was also restrained based on Plaintiffs' preliminary injunction.

| Table 1: Comparison between Patents-in-suit and Yanjin-US's Product ||
|---|---|
| Patents-in-Suit D737,723 Patent | Patents-in-Suit D738,256 Patent |
|  |  |
| Patents-in-Suit D784,195 Patent | Patents-in-Suit D785,112 Patent |



As shown in the Table 1 above, no reasonable person would find that the hover shoes are similar to any of the Patents-in-Suit. Plaintiffs did not make any factual or legal arguments against Yanjin-US prior to submitting a proposed preliminary injunction order to this Court. However, Plaintiffs deliberately included Yanjin-US in the proposed order. Even after finding that Yanjin-US was wrongfully restrained and "should not have its assets restrained," Plaintiffs still refused to report to this Court for an order to release Yanjin-US from the injunction. [Dkt.697].

Moreover, Plaintiffs have filed multiple litigations against numerous hoverboard sellers with the intention to eliminate competition and force settlements. Beginning in early August 2016, Plaintiffs started to issue Cease & Desist letters to more than a dozen retailers for Swagway LLC, one of their biggest competitors in the hoverboard market, demanding immediate desistance of patent infringement activities. Some retailers complied, yet others continue to sell the alleged infringing products. *See Hangzhou Chic Intelligent Technology Co., Ltd. v. Swagway LLC*, Case

No. 16-cv-04804-HSG (N.D. Cal. 2016). On or about August 19, 2016, Chic brought a patent infringement lawsuit in the U.S. District Court Northern District of California against Swagway LLC. Nevertheless, Swagway counterclaimed that Chic made false and defamatory comments regarding its products. In the same year, Chic incorporated with the same strategy filling a patent infringement lawsuit in the U.S. District Court Central District of California against one of its biggest hoverboard competitors, Razor USA LLC. Beginning in 2018 and continuing through February 2019, Plaintiffs began lodging complaints with Amazon, asserting that the hoverboards sold and produced through Golabs, Inc. infringed on Plaintiffs' design patents. On or about March 26, 2019, Unicorn brought another patent infringement lawsuit in the U.S. District Court Northern District of Texas against Golabs. On or about October 2, 2020, Plaintiffs initiated another patent infringement lawsuit against various defendants including some Gyroor's resellers and Tomoloo Technology Industrial Co., Ltd., one of its biggest hoverboard competitors in the United State District Court for the Northern District of Illinois. *See Hangzhou Chic Intelligent Technology Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 20-cv-05905 (E.D. Ill). On or about March 18, 2021, Plaintiffs again, incorporated with the same strategy, filed another patent infringement lawsuit against its competitor DGL in the U.S. District Courts, New York Eastern District. Most of the defendants were forced to settle with Plaintiffs in this case considering of the litigation lengthy and expenses. *See ESIP Series 1, LLC v. doTerra Int'l, LLC*, No. 2:15-CV-00779-RJS, 2022 WL 656777, at *10 (D. Utah Mar. 4, 2022), reconsideration denied, No. 2:15-CV-00779-RJS, 2022 WL 17903397 (D. Utah Dec. 23, 2022). ("Patent suits should not be used as a fishing expedition for hypothetical infringements or potential settlement payments."). Unexpected to Plaintiffs, Defendant and Third-Party Respondents in this case insisted and succussed on the merits. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350

(Fed. Cir. 2015) ("A pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims is relevant to a district court's exceptional case determination under § 285.").

### 4. Plaintiffs' Multiple Misconduct Further Supports a Finding of Exceptionality.

"[A]s a general matter, many forms of misconduct can support a district court's exceptional case finding." *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013). "[L]itigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285." *Rambus, Inc. v. Infineon Tech. AG*, 318 F.3d 1081, 1106 (Fed.Cir.2003). "When the accused infringer prevails in the underlying action, factors relevant to the inquiry include the closeness of the question, pre-filing investigation and discussions with the defendant, and litigation behavior. If the patentee prolongs litigation in bad faith, an exceptional finding may be warranted." *Computer Docking Station Corp. v. Dell, Inc*., 519 F.3d 1366, 1379 (Fed. Cir. 2008).

### a. Plaintiffs deliberately failed to notify Defendant and Third-Party Respondents in seeking extraordinary injunction relief.

Plaintiffs fraudulently obtained and enforced the preliminary injunction orders without giving Defendant and Third-Party Respondents any advance notice or opportunities to oppose. On November 19, 2020, Plaintiffs amended their Complaint. [Dkt. 101]. On November 24, 2020, a preliminary injunction order was entered against defendants who operate e-commerce stores under one or more seller aliases identified in the ***attached*** Schedule A, Schedule B, and Schedule C. [Dkt. 113]. However, Schedule A, Schedule B, and Schedule C were not attached to the preliminary injunction order as part of the court record. After the preliminary injunction order was entered, Plaintiffs enforced the preliminary injunction order against numerous non-parties who are not listed in the Schedule A, Schedule B, and Schedule C, including Defendant, Third-Party

Respondents, and various resellers of Gyroor-branded products. Ultimately, without receiving any notices, Defendant and Third-Party Respondents' Amazon storefronts were frozen as a result of the preliminary injunction orders, and their relevant assets were restrained.

**b. Plaintiffs fraudulently added new parties and new products in their proposed order.**

Plaintiffs fraudulently added new parties in their proposed order. After the Court granted Plaintiffs' preliminary injunction motion, Plaintiffs submitted a proposed order to the Court by email, which the Court then entered. [Dkt. 536]. The proposed order contained a chart of "seller aliases" that Plaintiffs allege defendants use to sell the allegedly infringing products. However, to everyone's surprise, Yanjin-US, who never sold any of the accused products, was included in the chart in the proposed order. After reviewing supporting exhibits to the "Store and Website", the Court recognizes that "Yanjin-US should not have been referenced in the preliminary injunction order entered on October 13, 2021, R. 456" because "it was not mentioned in the motion paper." [Dkt. 558]. Moreover, there are 14 third-party merchants that were referenced in the "Exhibit A" of the preliminary injunction order but not mentioned in anywhere of Plaintiffs' motion paper. [Dkt. 456]. This unequivocally demonstrates Plaintiffs' bad faith misconduct in deliberately adding new parties to the proposed order, with the intention of misleading the Court and causing harm to Defendant and Third-Party Respondents' hoverboard businesses.

Further, Plaintiffs made no allegations against Gyroor-brand products "G 11 model" hoverboard in their motion paper. [Dkt. 384, 385]. And the "G 11 model" hoverboard has a distinct design from the other four accused products. [Dkt. 560, p. 3]. However, Plaintiffs deliberately included the "G 11 model" hoverboard in the chart "Exhibit B" of the proposed order. [Dkt. 456, p. 15].

### c. Plaintiffs insisted on pursuing their frivolous claims even after the Federal Circuit reversed the preliminary injunction orders and the Court granted Defendant and Third-Party Respondents' Summary Judgment Motion.

After the Federal Circuit found that "[e]ven a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents," no reasonable litigant could have reasonably expected success on the merits' in the instant case. *ABC Corp. I*, 52 F.4th at 944; *See also Oplus Tech, Ltd. v. Vizio, Inc*., 782 F.3d 1371, 1374–75 (Fed. Cir. 2015). However, Plaintiffs still refused to dismiss their frivolous infringement claims or settle this case with Defendant and Third-Party Respondents. *See Taurus IP, LLC v. DaimlerChrysler Corp*., 726 F.3d 1306, 1328 (Fed. Cir. 2013). ("A party must continually assess the soundness of pending infringement claims.").

Moreover, it is incredible that Plaintiffs chose to file a motion for return of bond and demand the Court for an order discharging and releasing, in full, the case bonds posted in this case after the Federal Circuits vacated the preliminary injunction orders, despite of the fact that the two preliminary injunction orders have brought enormous damages to Defendant and Third-Party Respondents. [Dkt. 653, 697].

Even more outrageous is that after the Court issued the summary judgment order finding non-infringement, Plaintiffs are still unwilling to settle this case with Defendant and Third-Party Respondents for any reasonable amount but chose to file an appeal to challenge the Court's decision on non-infringement. [Dkt. 691]. Meanwhile, they persist in demanding that Defendant and Third-Party Respondents compensate them with substantial amounts and are also requesting that the Court release the bond. [Dkt. 688]. Plaintiffs' frivolous demands and positions improperly prolong this litigation and warrant a finding of exceptional of this case. *Upaid Sys., Ltd. v. Card Concepts, Inc*., No. 17 C 8150, 2022 WL 4482762, at *3 (N.D. Ill. Sept. 27, 2022); *Micromesh Technology Corp. v. American Recreation Products, Inc*., 2007 WL 2501783 (N.D. Cal. 2007)

(awarding accused infringer attorney's fees under § 285 and finding that the patentee's aggressive litigation and settlement strategy proved that the case was exceptional.).

**d. Plaintiffs repeatedly filed baseless motions and raised objectively unreasonable arguments.**

Plaintiffs' litigation conduct is objectively unreasonable after the Federal Circuit vacated the preliminary injunction orders.

**First**, Plaintiffs' third and renewed motion for temporary restraining order and preliminary injunction dated November 9, 2022 is objectively baseless. After the Federal Circuit found that Plaintiffs have failed to show a likelihood of success of infringement, Plaintiffs frivolously filed their third motion for preliminary injunction without offering any new evidence or arguments but trying to introduce a brand-new expert report to the Court after expert discovery closes. *ABC Corp. I*, 52 F.4th at 944. This Court set a two-day in-person preliminary injunction hearing but determined to deny Plaintiffs' renewed motion by the end of the first day hearing. [Dkt. 606]. Moreover, despite the Federal Circuit's criticism of Plaintiff's expert, Paul Hatch, for analysis that violated legal standards, Plaintiffs continued to unreasonably depend on Paul Hatch's outdated opinions when seeking renewed injunctive relief. [Dkt. 626, p. 9]. Additionally, even after the Federal Circuit explicitly stated that the previous preliminary injunctions failed to meet the specificity requirement of Rule 65(d), Plaintiffs still did not satisfy this criterion in their renewed motion for a preliminary injunction. [Dkt. 588]. Plaintiffs simply include all the Third-Party Respondents collectively in their motion and request the Court to issue a new temporary restrain order and a new preliminary injunction enjoining these Third-Party Respondents from the sale of all the accused products and restraining the transfer of assets associated with such sales. [Dkt. 593, p. 8]. Plaintiffs failed to specifically point out that the alleged infringing activities of each Third-Party Respondent. As clearly showed on the record, Gaodeshang-US has never sold the alleged

"Gyroor A", "Gyroor C" and "Gyroor E" products, Fenchi-US has never sold any of the "Gyroor C" and "Gyroor E" products, and Urbanmax, HGSM, and Gyroshoes have never sold any of the "Gyroor E" product. *Id*. However, Plaintiffs still blindly filed the renewed motion for preliminary injunction against Third-Party Respondents for all of the "accused products" seeking injunction relief against them. [Dkt. 593, p. 3].

**Second**, Plaintiffs' motion for return of bond is also objectively baseless. It is well established that a Rule 65.1 motion may not precede a final determination on the merits. *Wabash Publ'g Co.*, 1990 WL 19977, at *1. While Defendant and Third-Party Respondents properly stayed their motion for damages subject to the pending motion for summary judgment, Plaintiffs unreasonably filed their premature motion for return of bond to the Court even though it is clearly from the records that Defendant and Third-Party Respondents are wrongfully restrained and suffered substantial damages due to the wrongfully entered and enforced preliminary injunction orders. [Dkt 652]. Even after the Court granted Defendant and Third-Party Respondents' summary judgment on non-infringement, Plaintiffs still try to relitigate their baseless motion for return of bond. [Dkt. 688, p. 2].

**Third**, Plaintiffs' arguments stated in their opposition to Defendant and Third-Party Respondents' motion for summary judgment on non-infringement are also objectively baseless. In fact, the Court has already opined that " a reasonable jury could find that the accused products are not substantially similar to the patents in suit, such that an ordinary observer would not be deceived into believing that the accused products are the same as the patented design." [Dkt. 626, p. 34]. However, instead of dismissing of their baseless infringement claims or settling this case, Plaintiffs continued to oppose Defendant and Third-Party Respondents' motion for summary judgment, relying on arguments that were objectively baseless. In the end, the Court finds that Plaintiffs'

arguments in their opposition that an ordinary observer would pay little attention to the small differences is "an unreasonable assessment of the similarities and differences" and Plaintiffs' position regarding the prior art lacks footpads and suggests closed fenders is "oddly," and "this characterization cannot be correct." [Dkt. 686].

**Fourth**, Plaintiffs' repeated reliance on their expert Paul Hatch's rejected report is also objectively baseless. The Federal Circuit criticized Paul Hatch's report because his analysis violated the legal standard by improperly "relied on" the hourglass shape "of the accused products to show substantial similarity [to the patents in suit]". [Dkt. 626, p. 9]. However, Plaintiffs still presented Paul Hatch's same analysis to support their frivolous renewed motion for temporary restraining order and preliminary injunction. [Dkt. 594]. This Court, followed the Federal Circuit's rule, once again rejected Paul Hatch's method of analysis. [Dkt. 626, p. 12]. After the Federal Circuit and this Court have expressly rejected Paul Hatch's method of analysis, Plaintiffs, at a third time, still relied on Paul Hatch's rejected report in support of their opposition to Defendant and Third-Party Respondents' motion for summary judgment. *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377–78 (Fed. Cir. 2017) (the Federal Circuit has awarded fees "based on the weakness of [the patentee's] arguments and the need to deter similarly weak arguments in the future."); *see also cf. Kindred Studio Illustration & Design, LLC d/b/a True Grit Texture Supply v. Elec. Commc'n Tech., LLC a/k/a Eclipse IP, LLC*, 2:18-cv-07661, Dkt. 71 (C.D. Cal. May 23, 2019).

**Fifth**, any reasonable parties should choose to dismiss the infringement claims or settle the case after the Federal Circuit reserved the preliminary injunction orders and this Court denied the renewed motion for preliminary injunction and granted the summary judgment motion for non-

infringement. However, Plaintiffs still choose to file an appeal to challenge the Court's decision with the knowledge that their appeal lacks merits and will likely be unsuccessful. [Dkt. 691].

### e. Plaintiffs' Appeal is Frivolous as Filed.

An appeal is frivolous as filed when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *State Indus., Inc. v. Mor–Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991) (*quoting Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579–80 (Fed. Cir. 1991)). An appeal which is frivolous as filed "unnecessarily wastes the limited resources of the court as well as those of the appellee, and therefore should never have been filed at all." *Id*.

On February 8, 2024, Plaintiffs filed their appeal to the Federal Circuit from the order granting Defendant and Third-Party Respondents' motion for summary judgment dated January 12, 2024. [Dkt. 690]. This Court's order granted Defendant and Third-Party Respondents' motion for summary judgment of non-infringement is so plainly correct. The Court finds that the Accused Products are not similar to any of the Patents-in-Suit, after conducting detailed product-by-product analysis. [Dkt. 686]. Thus, Plaintiffs' appeal is frivolous as filed.

### B. The Attorney's Fees Are Reasonable

To determine the amount of a reasonable attorneys' fee award under § 285, courts apply the lodestar model. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Comark Commc'ns, Inc. v. Harris Corp.*, No. CIV. A. 95-2123, 1998 WL 150946, at *2 (E.D. Pa. Mar. 30, 1998), aff'd, 156 F.3d 1182 (Fed. Cir. 1998). Under this model, the award is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Hensley*, 461 U.S. at 433; *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc*., 208 F.3d 981, 987 n.7 (Fed. Cir. 2000). The amount of fees awarded under § 285 must be "reasonable" in order to safeguard against the injured party from receiving "excessive reimbursement." *Mathis v. Spears*,

857 F.2d 749, 753-54 (Fed. Cir. 1988). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the fee calculation because they were not "reasonably expended." *Hensley*, 461 U.S. at 434. The Court "has broad discretion in calculating the amount of fees," *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (*citing Lam Inc. v. Johns-Manville Corp*., 718 F.2d 1056, 1068-69 (Fed. Cir. 1983)), and must "consider all the relevant circumstances in a particular case." *Junker v. Eddings*, 396 F.3d 1359, 1365 (Fed. Cir. 2005).

Here, Defendant and Third-Party Respondents request an award of attorneys' fees in the amount of $1,101,248.00. A declaration with exhibits is filed herewith. *See* Ex. 1, Decl. of Liu, ¶3.

As reflected in the time records, the staffing on the case was reasonable. Glacier attorneys' hourly rates are reasonable when compared to those of attorneys of similar experience in the community of this district. *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (a reasonable hourly rate is "the prevailing market rate," defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); *Fields v. City of Chicago*, 2018 WL 253716, at *3 (N.D. Ill. 2018) (attorneys with about 8 years of litigation experience awarded $325); *Adamik v. Motyka*, 2018 WL 3574751, at *4 (N.D. Ill. July 25, 2018) (awarding $310 as hourly rate to litigator with five years of experience who did substantial work on case); *Reid v. Unilever United States, Inc*., No. 12 C 6058, 2015 WL 3653318, at *21 (N.D. Ill. June 10, 2015); *Martin v. Reid*, 818 F.3d 302 (7th Cir. 2016) (awarding $ 346.50 as hourly rate to an associate with six years of experience.).

The number of lawyers' hours expended on this case was reasonable. Upon request, Defendant and Third-Party Respondents will present detailed invoices and charts containing a breakdown of total hours worked, a breakdown of the work done, and number of hours worked for

17

each specific task. *See* Ex. 1, Decl. of Liu, ¶3. The hours billed were reasonable, considering the nearly four years of litigation and 700 court documents entries. Glacier attorneys spent the hours reasonably necessary to respond to Plaintiffs' arguments, including many frivolous ones. Thus, the nature and extent of work performed was reasonably necessary to prevail.

The total lodestar of $1,101,248.00 is well within the range normally required to litigate an intellectual property case through various stages, including preliminary injunction motions, discovery, appeals, motions for summary judgment, hearings, and motion for damages. Indeed, it is on the low end of the spectrum. *Id*. ¶4. (AIPLA Report of the Economic Survey (2021)).

### C. The Court Should Award Defendant and Third-Party Respondents Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party may obtain reimbursement for certain litigation costs at the conclusion of a lawsuit. Fed. R. Civ. P. 54(d)(1). The rule establishes a "presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co*., 411 F.3d 854, 864 (7th Cir. 2005) (*citing M.T. Bonk Co. v. Milton Bradley Co*., 945 F.2d 1404, 1409 (7th Cir. 1991). There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co*., 126 F.3d 926, 945 (7th Cir.1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. In evaluating an application for costs, the Court must first determine whether the claimed expenses are recoverable and, second, whether the costs requested are reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (citation omitted). The Court has "wide latitude" in fixing a reasonable award. *Deimer v. Cincinnati Sub–Zero Prods., Inc*., 58 F.3d 341, 345 (7th Cir. 1995).

Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *1 (N.D. Ill. Jan. 23, 2007), aff'd, 528 F.3d 1352 (Fed. Cir. 2008). Defendant and Third-Party Respondents properly request the costs, including those for the appeal, transcripts and interpreters, in an amount of $41,135.53. *See* Ex. 1, Decl. of Liu, ¶5.

Further, federal courts may exercise their inherent authority to sanction actions taken "in bad faith, vexatiously, wantonly, or for oppressive reasons*." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975). "A district court has inherent authority 'to impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute.'" *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012). As detailed described above, Plaintiffs filed this litigation in bad faith and have had multiple vexatiously misconduct before the Court. Thus, Defendant and Third-Party Respondents' excessive expert fees, in an amount of $98,397.25, should be paid by Plaintiffs. *See* Ex. 1, Decl. of Liu, ¶6.

**D. The Court Should Hold Plaintiffs' Attorneys Liable for Attorney Fees and Costs Incurred as a Direct Result of Their Frivolous Positions.**

**1. The Court Has the Authority to Require Plaintiffs' Attorneys to Pay A Portion of Defendant and Third-Party Respondents' Attorney's Fees and Costs.**

The Court has the authority to sanction Plaintiffs' counsel for multiplying the litigation, and briefing frivolous legal positions throughout the case. Notably, the Court can sanction Plaintiffs' counsel under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Even though this case arises under patent law, the court applies

19

Seventh Circuit law in deciding whether an award of fees is appropriate. *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 833–34 (Fed.Cir.2010). Section 1927's purpose "is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Id*.

Moreover, the Court have the inherent power to sanction litigants and their attorneys for "bad-faith conduct or willful disobedience of a court's orders." *Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 844 (N.D. Ill. 2015) (*citing Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir.2013)). "If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766(1980).

### 2. Plaintiffs' Attorneys Should be Liable for Defendant and Third-Party Respondents' Attorney's Fees and Costs Because They Raised Frivolous Arguments and Multiplied the Proceedings and Fees.

An award of sanctions under the Section 1927 is "proper if the attorney 'has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice[,] or where a claim is without a plausible legal or factual basis and lacking in justification.'" *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir.2014) (quoting *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir.1988)). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Riddle & Associates, P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir.2005). Here, the records show that Plaintiffs' counsel repeatedly and frivolously raised unreasonable arguments that multiplied the proceedings.

**First**, this case should have been settled after the Federal Circuit found that "[e]ven a cursory review of the four accused products shows that they are different from each other, display features not found in the asserted patents, and lack features shown in the asserted patents." *ABC*

*Corp.* I, 52 F.4th at 944. Any reasonable careful attorney would have known that there is no likelihood of success for Plaintiffs' infringement claims after receiving the Federal Circuit's decisions. However, Plaintiffs, relying on their attorneys' evaluation of the likelihood of success, have never engaged in settlement discussions with Defendant and Third-Party Respondents in good faith. Even after the Federal Circuit has vacated Plaintiffs' preliminary injunction orders, this Court has denied Plaintiffs' renewed preliminary injunction, and the Court granted Defendant and Third-Party Respondents' summary judgment of non-infringement, Plaintiffs still chose to file an appeal while demanding compensations from Defendant and Third-Party Respondents and requesting the Court to release their bond. As a result, Plaintiffs' attorneys should be jointly liable for all the attorney fees of Defendant and Third-Party Respondents incurred after the Federal Circuit's order on October 28, 2022.

**Second**, Plaintiffs' attorneys' filing of the third motion for temporary restraining order and preliminary injunction made their conducts even more unreasonable and vexatious. Moreover, even the Federal Circuit criticized Plaintiffs' expert Paul Hatch's opinion because his analysis violated legal standard, Plaintiffs' attorneys, who should be more familiar with the legal standard, still unreasonably relied on Paul Hatch's expert report in seeking the injunction relief. [Dkt. 626, p. 9]. In addition, as illustrated before, Plaintiffs' attorneys blindly filed the renewed motion for preliminary injunction against Third-Party Respondents for all of the "accused products" even though some of the Third-Party Respondents did not sell all the alleged "accused products". [Dkt. 611, pp. 22-23].

**Third**, Plaintiffs' attorneys frivolously filed the motion for return of bond. As mentioned above, Plaintiffs filed their premature motion for return of bond before the final determination has incurred in this case. [Dkt. 653, 654]. Even after the Court granted Defendant and Third-Party

Respondents' motion for summary judgment of non-infringement and dismissed all of Plaintiffs' claims, Plaintiffs are still trying to pursue their motion for return of bond. [Dkt. 688, p. 2].

**Fourth**, as illustrated above, any reasonable attorney would believe that this case lacks merits after the Federal Circuit vacated the preliminary injunction orders by stating Plaintiffs have failed to show a likelihood of success of infringement and this Court has already opined that "a reasonable jury could find that the accused products are not substantially similar to the patents in suit, such that an ordinary observer would not be deceived into believing that the accused products are the same as the patented design." [Dkt. 626, p. 34]. However, instead of settling this case in good faith and dismissing all the claims, Plaintiffs' attorneys chose to appeal the Court's decision on non-infringement to the Federal Circuit with the knowledge that the appeal lacks merit and will likely be unsuccessful.

For the foregoing reasons, the Court should hold Plaintiffs' attorneys jointly liable for Defendant and Third-Party Respondents' attorney fees and costs incurred after the Federal Circuit's order on October 28, 2022 as a direct result of their frivolous positions.

### III.   CONCLUSION

For the reasons set forth herein, Defendant and Third-Party Respondents respectfully request the Court find this case exceptional, warranting attorney's fees, award Defendant and Third-Party Respondents reasonable fees and costs, and hold Plaintiffs' attorneys liable for those fees incurred after the Federal Circuit's order on October 28, 2022.

Date: 3/8/2024                                    /s/ *Wei Wang*
                                                  Wei Wang, Esq.
                                                  GLACIER LAW LLP
                                                  41 Madison Avenue, Ste 2529
                                                  New York, NY 10010

wei.wang@glacier.law
332-777-7315

GLACIER LAW LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
Na Zhang, Esq.
queena.zhang@glacier.law
206-397-8633

GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting Men, Esq.
ruoting.men@glacier.law
Tianyu Ju, Esq.
iris.ju@glacier.law
312-270-0413

***Attorneys for Defendant and
Third-Party Respondents***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this March 8, 2024, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.


Date: 3/8/2024                                    /s/ *Na Zhang*
                                                  Na Zhang